# EXHIBIT A



# Richland County
## Fifth Judicial Circuit
## Public Index



Richland County Home Page   Online Payments   Public Index   City of Columbia Municipal Ct   S.C. Judicial Department   Summary Ct Dockets

**Switch View**

## Sarah J Plant , plaintiff, et al vs Avon Products Inc , defendant, et al

| Case Number: | 2022CP4001265 | Court Agency: | Richland County Common Pleas | Filed Date: | 03/10/2022 |
|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Special-Comp/Oth 699 | File Type: | Jury |
| Status: | Assigned To Judge | Assigned Judge: | Toal, Jean Hoefer | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

**Case Parties** | Judgments | Tax Map Information | Associated Cases | **Actions** | **Financials**

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Plant, Sarah J | NEF(02-17-2023 02:08:18 PM) Motion/Exclude | Filing | | 02/17/2023-14:14 | | 📄 |
| Plant, Sarah J | Motion/Exclude | Motion | | 02/17/2023-14:08 | | 📄📄📄📄📄 📄📄📄📄 |
| Imi Fabi Llc | NEF(02-17-2023 09:55:08 AM) Amended/Other | Filing | | 02/17/2023-10:01 | | 📄 |
| Imi Fabi Llc | Amended Exhibit List | Filing | | 02/17/2023-09:55 | | 📄 |
| Plant, Sarah J | NEF(02-16-2023 04:46:42 PM) Motion/Other | Filing | | 02/17/2023-08:28 | | 📄 |
| Plant, Sarah J | NEF(02-16-2023 07:24:21 PM) Order/Pro Hac Vice | Filing | | 02/16/2023-19:24 | | 📄 |
| Plant, Sarah J | Order/Pro Hac Vice/Jooyoung Yeu | Order | | 02/16/2023-19:24 | | 📄 |
| Plant, Sarah J | Second Motion/to Pre-Admit Exhibits | Motion | | 02/16/2023-16:46 | | 📄📄 |
| Plant, Sarah J | NEF(02-16-2023 12:43:05 PM) Motion/Admission Pro Hac Vic... | Filing | | 02/16/2023-14:34 | | 📄 |
| Plant, Sarah J | NEF(02-16-2023 12:47:39 PM) Motion/Other | Filing | | 02/16/2023-14:20 | | 📄 |
| Plant, Sarah J | Motion To Pre Admit 47 Documents | Motion | | 02/16/2023-12:47 | | 📄📄 |
| Plant, Sarah J | Motion/Admission Pro Hac Vice | Motion | | 02/16/2023-12:43 | | 📄📄📄📄 |
| Plant, Sarah J | NEF(02-16-2023 10:51:51 AM) Order/Pro Hac Vice | Filing | | 02/16/2023-11:57 | | 📄 |
| Plant, Sarah J | NEF(02-16-2023 10:53:19 AM) Order/Pro Hac Vice | Filing | | 02/16/2023-10:58 | | 📄 |

| Plant, Sarah J | Order/Pro Hac Vice/Buha | Order | | 02/16/2023-10:53 | |
|---|---|---|---|---|---|
| Plant, Sarah J | Order/Pro Hac Vice/Gross | Order | | 02/16/2023-10:51 | |
| Plant, Sarah J | NEF(02-15-2023 11:57:18 AM) Letter/Letter | Filing | | 02/15/2023-11:57 | |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Jooyoung Yeu | Filing | | 02/15/2023-11:57 | |
| Walmart Inc | NEF(02-14-2023 06:55:41 PM) Notice/Notice of Appearance | Filing | | 02/15/2023-11:15 | |
| Whittaker Clark & Daniels Inc | NEF(02-15-2023 02:02:16 AM) Notice/Other | Filing | | 02/15/2023-09:23 | |
| Whittaker Clark & Daniels Inc | NEF(02-14-2023 09:32:41 PM) Notice/Joinder Of Co-Defenda... | Filing | | 02/15/2023-09:22 | |
| Color Techniques Inc | NEF(02-14-2023 05:10:30 PM) Notice/Joinder Of Co-Defenda... | Filing | | 02/15/2023-09:18 | |
| Imi Fabi Llc | NEF(02-14-2023 06:19:57 PM) Response | Filing | | 02/15/2023-09:18 | |
| Mary Kay Inc | NEF(02-14-2023 06:23:10 PM) Notice/Joinder Of Co-Defenda... | Filing | | 02/15/2023-09:18 | |
| Mary Kay Inc | NEF(02-14-2023 07:04:29 PM) Filing/Other | Filing | | 02/15/2023-09:09 | |
| Whittaker Clark & Daniels Inc | NEF(02-15-2023 12:05:39 AM) Response | Filing | | 02/15/2023-09:07 | |
| Whittaker Clark & Daniels Inc | NEF(02-14-2023 11:57:01 PM) Response | Filing | | 02/15/2023-09:02 | |
| Whittaker Clark & Daniels Inc | NEF(02-14-2023 11:16:47 PM) Response | Filing | | 02/15/2023-09:00 | |
| Whittaker Clark & Daniels Inc | NEF(02-14-2023 08:24:46 PM) Response | Filing | | 02/15/2023-08:52 | |
| Mary Kay Inc | NEF(02-14-2023 05:18:13 PM) Memo/Memo in Opposition | Filing | | 02/15/2023-08:35 | |
| Whittaker Clark & Daniels Inc | NEF(02-14-2023 04:58:46 PM) Response | Filing | | 02/15/2023-08:31 | |
| Whittaker Clark & Daniels Inc | Notice Of Filing Of Remaining Exhibits | Filing | | 02/15/2023-02:02 | |
| Whittaker Clark & Daniels Inc | Response In Opposition To Plaintiffs' Motion In Limine | Filing | | 02/15/2023-00:05 | |
| Whittaker Clark & Daniels Inc | Response In Opposition To Plaintiffs' Motion In Limine | Filing | | 02/14/2023-23:57 | |
| Whittaker Clark & Daniels Inc | Response In Opposition To Plaintiffs' Motion In Limine | Filing | | 02/14/2023-23:16 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Whittaker Clark & Daniels Inc | Notice/Joinder Of Co-Defendants Motions | Filing | | 02/14/2023-21:32 | | |
| Whittaker Clark & Daniels Inc | Response In Opposition To Plaintiffs' Motion In Limine | Filing | | 02/14/2023-20:24 | | |
| Mary Kay Inc | Notice of Filing Additional Exhibits | Filing | | 02/14/2023-19:04 | | |
| Walmart Inc | Notice/Notice of Appearance | Filing | | 02/14/2023-18:55 | | |
| Walmart Inc | Notice of Withdrawal of Motion | Filing | | 02/14/2023-18:55 | | |
| Mary Kay Inc | Notice/Joinder Of Co-Defendants Motions | Filing | | 02/14/2023-18:23 | | |
| Imi Fabi Llc | Notice Of Joinder In Opposition To Plaintiffs' Motions In Li | Filing | | 02/14/2023-18:19 | | |
| Imi Fabi Llc | Response In Opposition To Plaintiffs' Motion In Limine | Filing | | 02/14/2023-18:19 | | |
| Imi Fabi Llc | Response In Opposition To Plaintiffs' Motion In Limine | Filing | | 02/14/2023-18:19 | | |
| Imi Fabi Llc | Response In Opposition To Plaintiffs' Motion In Limine | Filing | | 02/14/2023-18:19 | | |
| Imi Fabi Llc | Response In Opposition To Plaintiffs' Motion In Limine | Filing | | 02/14/2023-18:19 | | |
| Mary Kay Inc | Response In Opposition to Motion in Limine | Filing | | 02/14/2023-17:18 | | |
| Color Techniques Inc | Notice/Joinder Of Co-Defendants Motions | Filing | | 02/14/2023-17:10 | | |
| Whittaker Clark & Daniels Inc | Response In Opposition to Motion in Limine | Filing | | 02/14/2023-16:58 | | |
| Piggly Wiggly | NEF(02-14-2023 02:38:10 PM) Stipulation Of Dismissal | Filing | | 02/14/2023-16:46 | | |
| Whittaker Clark & Daniels Inc | NEF(02-14-2023 01:48:34 PM) Motion/Admission Pro Hac Vic... | Filing | | 02/14/2023-16:40 | | |
| Piggly Wiggly | Stipulation Of Dismissal as to Lowcountry Grocers Llc dba Pi | Filing | | 02/14/2023-14:38 | | |
| Mary Kay Inc | NEF(02-14-2023 02:19:40 PM) Memo/Memo in Opposition | Filing | | 02/14/2023-14:25 | | |

| Mary Kay Inc | Memo/Memo in Opposition To Plaintiff's Motion In Limine No. | Filing | | 02/14/2023-14:19 | |
|---|---|---|---|---|---|
| Whittaker Clark & Daniels Inc | Motion/Admission Pro Hac Vice | Motion | | 02/14/2023-13:48 | |
| Coty Inc | NEF(02-14-2023 12:16:57 PM) Notice/Other | Filing | | 02/14/2023-12:47 | |
| Coty Inc | Notice/Of Withdrawal of Motion for Summary Judgment | Filing | | 02/14/2023-12:16 | |
| Whittaker Clark & Daniels Inc | NEF(02-13-2023 09:27:35 PM) Response | Filing | | 02/14/2023-09:35 | |
| Color Techniques Inc | NEF(02-13-2023 09:34:42 PM) Notice/Joinder Of Co-Defenda... | Filing | | 02/14/2023-09:27 | |
| Imi Fabi Llc | NEF(02-13-2023 09:13:07 PM) Filing/Other | Filing | | 02/14/2023-09:25 | |
| Whittaker Clark & Daniels Inc | NEF(02-13-2023 08:20:16 PM) Notice/Joinder Of Co-Defenda... | Filing | | 02/14/2023-09:20 | |
| Mary Kay Inc | NEF(02-13-2023 08:07:40 PM) Motion/Protection from Disco... | Filing | | 02/14/2023-09:17 | |
| Coty Inc | NEF(02-13-2023 04:49:10 PM) Notice/Other | Filing | | 02/14/2023-08:33 | |
| Color Techniques Inc | Notice/Joinder Of Co-Defendants Motions | Filing | | 02/13/2023-21:34 | |
| Whittaker Clark & Daniels Inc | Response In Opposition | Filing | | 02/13/2023-21:27 | |
| Imi Fabi Llc | Filing/Of Exhibit List | Filing | | 02/13/2023-21:13 | |
| Whittaker Clark & Daniels Inc | Notice/Joinder Of Co-Defendants Motions | Filing | | 02/13/2023-20:20 | |
| Mary Kay Inc | Motion/Protection from Discovery | Motion | | 02/13/2023-20:07 | |
| Mary Kay Inc | Motion/Protection from Discovery | Motion | | 02/13/2023-20:07 | |
| Mary Kay Inc | Motion/Protection from Discovery | Motion | | 02/13/2023-20:07 | |
| Imi Fabi Llc | NEF(02-13-2023 06:35:52 PM) Notice/Notice of Appearance | Filing | | 02/13/2023-18:36 | |
| Imi Fabi Llc | Notice/Notice of Appearance | Filing | | 02/13/2023-18:35 | |
| Imi Fabi Llc | NEF(02-13-2023 06:32:22 PM) Notice/Notice of Appearance | Filing | | 02/13/2023-18:33 | |
| Imi Fabi Llc | Notice/Notice of Appearance | Filing | | 02/13/2023-18:32 | |
| Coty Inc | Notice/Of Joinder of Pre-Trial Motions | Filing | | 02/13/2023-16:49 | |
| Plant, Sarah J | NEF(02-13-2023 02:51:33 PM) Notice/Other | Filing | | 02/13/2023-15:09 | |
| Plant, Sarah J | NEF(02-13-2023 02:46:17 PM) | Filing | | 02/13/2023-14:57 | |

| | Notice/Other | | | | | |
|---|---|---|---|---|---|---|
| Plant, Sarah J | Notice/Of Filing Remaining Exhibits Part 3 | Filing | | 02/13/2023-14:51 | | |
| Plant, Sarah J | NEF(02-13-2023 02:31:39 PM) Notice/Other | Filing | | 02/13/2023-14:50 | | |
| Plant, Sarah J | Notice/Of Opposition to Various MIL's | Filing | | 02/13/2023-14:46 | | |
| Plant, Sarah J | Notice Of Filing Of Remaining Exhibits | Filing | | 02/13/2023-14:31 | | |
| Plant, Sarah J | NEF(02-13-2023 02:12:21 PM) Response | Filing | | 02/13/2023-14:29 | | |
| Plant, Sarah J | Plaintiffs' Consolidated Opposition To Defendants' Various M | Filing | | 02/13/2023-14:12 | | |
| Plant, Sarah J | NEF(02-13-2023 12:46:05 PM) Response | Filing | | 02/13/2023-13:02 | | |
| Plant, Sarah J | NEF(02-13-2023 12:10:01 PM) Notice/Other | Filing | | 02/13/2023-12:58 | | |
| Plant, Sarah J | Response in Opposition to MIL to Exclude the Testimony of | Filing | | 02/13/2023-12:46 | | |
| Plant, Sarah J | NEF(02-13-2023 12:18:22 PM) Response | Filing | | 02/13/2023-12:26 | | |
| Plant, Sarah J | NEF(02-13-2023 11:35:43 AM) Response | Filing | | 02/13/2023-12:19 | | |
| Plant, Sarah J | Response to Various Defendants' Motions In Limine To Preclud | Filing | | 02/13/2023-12:18 | | |
| Plant, Sarah J | Notice/Of Filing of Remaining Exhibits | Filing | | 02/13/2023-12:10 | | |
| Plant, Sarah J | Plaintiff's Opposition To Avon Products Inc's Mil No. 5 To P | Filing | | 02/13/2023-11:35 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| **Walmart Inc** | NEF(02-13-2023 09:10:28 AM) **Stipulation Of Dismissal** | **Filing** | | 02/13/2023-11:24 | | |
| **Plant, Sarah J** | NEF(02-13-2023 10:49:09 AM) **Response** | **Filing** | | 02/13/2023-10:53 | | |
| **Plant, Sarah J** | **Plaintiffs' Opposition To Whittaker Clark & Daniels Inc Moti** | **Filing** | | 02/13/2023-10:49 | | |
| **Vi Jon Llc** | NEF(02-11-2023 02:04:57 PM) **Motion/Admission Pro Hac Vic...** | **Filing** | | 02/13/2023-10:16 | | |
| **Plant, Sarah J** | NEF(02-10-2023 04:44:49 PM) **Response** | **Filing** | | 02/13/2023-09:50 | | |
| **Topco Associates Llc** | NEF(02-10-2023 09:11:43 PM) **Reply/Other** | **Filing** | | 02/13/2023-09:37 | | |
| **Whittaker Clark & Daniels Inc** | NEF(02-10-2023 07:15:51 PM) **Reply/Other** | **Filing** | | 02/13/2023-09:36 | | |
| **Walmart Inc** | NEF(02-10-2023 06:53:18 PM) **Reply/Other** | **Filing** | | 02/13/2023-09:34 | | |
| **Mary Kay Inc** | NEF(02-10-2023 06:01:28 PM) **Memo/Memo in Opposition** | **Filing** | | 02/13/2023-09:22 | | |
| **Mary Kay Inc** | NEF(02-10-2023 05:32:57 PM) **Motion/Bifurcate** | **Filing** | | 02/13/2023-09:17 | | |
| **Walmart Inc** | **Stipulation Of Dismissal as to Walmart Inc** | **Filing** | | 02/13/2023-09:10 | | |
| **Imi Fabi Llc** | NEF(02-10-2023 05:05:18 PM) **Memo/Memo in Opposition** | **Filing** | | 02/13/2023-09:03 | | |
| **Coty Inc** | NEF(02-10-2023 06:22:56 PM) **Reply/Other** | **Filing** | | 02/13/2023-08:58 | | |
| **Walgreen Co** | NEF(02-10-2023 05:07:05 PM) **Reply/Other** | **Filing** | | 02/13/2023-08:56 | | |
| **Winn Dixie Stores Inc** | NEF(02-10-2023 05:00:11 PM) **Reply/Other** | **Filing** | | 02/13/2023-08:55 | | |
| **Southeastern Grocers Inc** | NEF(02-10-2023 04:55:28 PM) **Reply/Other** | **Filing** | | 02/13/2023-08:53 | | |
| **Vi Jon Llc** | **Motion/Admission Pro Hac Vice** | **Motion** | | 02/11/2023-14:04 | | |
| **Vi Jon Llc** | **Motion/Admission Pro Hac Vice** | **Motion** | | 02/11/2023-14:04 | | |
| **Topco Associates Llc** | **Reply Memorandum in Support of Motion for Summary Judgment** | **Filing** | | 02/10/2023-21:11 | | |

| Whittaker Clark & Daniels Inc | Reply In Support of Motion For Summary Judgment | Filing | | 02/10/2023-19:15 | |
| Walmart Inc | Reply In Support of Motion For Summary Judgment | Filing | | 02/10/2023-18:53 | |
| Coty Inc | Reply In Support of Motion For Summary Judgment | Filing | | 02/10/2023-18:22 | |
| Mary Kay Inc | Memo/Memo in Opposition To Plaintiffs' Motion To Consolidate | Filing | | 02/10/2023-18:01 | |
| Mary Kay Inc | Motion/Bifurcate Issue of Punitive Damages | Motion | | 02/10/2023-17:32 | |
| Mary Kay Inc | Motion/Bifurcate Issue of Punitive Damages | Motion | | 02/10/2023-17:32 | |
| Mary Kay Inc | Motion/Bifurcate Issue of Punitive Damages | Motion | | 02/10/2023-17:32 | |
| Walgreen Co | Reply Memorandum In Support of Its Motion For Summary Judgme | Filing | | 02/10/2023-17:07 | |
| Imi Fabi Llc | Memo/Memo in Opposition To Plaintiffs' Motion To Consolidate | Filing | | 02/10/2023-17:05 | |
| Winn Dixie Stores Inc | Reply Memorandum In Support of Its Motion For Summary Judgme | Filing | | 02/10/2023-17:00 | |
| Southeastern Grocers Inc | Reply Memorandum In Support of Its Supplemental Motion For | Filing | | 02/10/2023-16:55 | |
| Plant, Sarah J | Response To Defendants' Motions In Limine Regarding Each And | Filing | | 02/10/2023-16:44 | |
| Walmart Inc | NEF(02-10-2023 03:59:50 PM) Motion/Other | Filing | | 02/10/2023-16:12 | |
| Walmart Inc | Joinder in Motions In Limine/Filed by Other Defendants | Motion | | 02/10/2023-15:59 | |
| Plant, Sarah J | NEF(02-10-2023 03:18:19 PM) Motion/Admission Pro Hac Vic... | Filing | | 02/10/2023-15:24 | |
| Plant, Sarah J | Motion/Admission Pro Hac Vice | Motion | | 02/10/2023-15:18 | |
| Winn Dixie Stores Inc | NEF(02-10-2023 01:22:31 PM) Notice/Notice of Appearance | Filing | | 02/10/2023-13:23 | |
| Winn Dixie Stores Inc | Notice/Notice of Appearance | Filing | | 02/10/2023-13:22 | |
| Vi Jon Llc | NEF(02-10-2023 12:36:29 PM) | Filing | | 02/10/2023-12:48 | |

| | Response | | | | |
|---|---|---|---|---|---|
| Vi Jon Llc | Reply To Plaintiffs' Response To Vi-Jon's Motion For Summary | Filing | | 02/10/2023-12:36 | |
| Plant, Sarah J | NEF(02-10-2023 10:58:04 AM) Letter/Letter | Filing | | 02/10/2023-10:58 | |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Huber | Filing | | 02/10/2023-10:58 | |
| Walmart Inc | NEF(02-10-2023 10:16:59 AM) Motion/Admission Pro Hac Vic... | Filing | | 02/10/2023-10:43 | |
| Walmart Inc | Motion/Admission Pro Hac Vice | Motion | | 02/10/2023-10:16 | |
| Walmart Inc | Order/Order Cover Sheet $25.00 | Filing | | 02/10/2023-10:16 | |
| Walmart Inc | Order/Order Cover Sheet $25.00 | Filing | | 02/10/2023-10:16 | |
| Plant, Sarah J | NEF(02-09-2023 09:33:07 PM) Response | Filing | | 02/10/2023-09:36 | |
| Plant, Sarah J | NEF(02-09-2023 08:21:52 PM) Notice/Other | Filing | | 02/10/2023-09:33 | |
| Plant, Sarah J | NEF(02-09-2023 02:44:37 PM) Response | Filing | | 02/10/2023-09:16 | |
| Plant, Sarah J | NEF(02-09-2023 08:20:23 PM) Response | Filing | | 02/10/2023-08:38 | |
| Plant, Sarah J | NEF(02-09-2023 08:18:28 PM) Response | Filing | | 02/10/2023-08:36 | |
| Plant, Sarah J | NEF(02-09-2023 08:16:31 PM) Response | Filing | | 02/10/2023-08:34 | |
| Plant, Sarah J | NEF(02-09-2023 08:13:40 PM) Response | Filing | | 02/10/2023-08:34 | |
| Plant, Sarah J | Plaintiff's Opposition To Motions In Limine Regarding Ovaria | Filing | | 02/09/2023-21:33 | |
| Plant, Sarah J | Notice of Filing Exhibits | Filing | | 02/09/2023-20:21 | |
| Plant, Sarah J | Response To Motion In Limine | Filing | | 02/09/2023-20:20 | |
| Plant, Sarah J | Response To Defendants' Motions To Exclude Johnson & Johnson | Filing | | 02/09/2023-20:18 | |
| Plant, Sarah J | Response To Defendants' Motions In Limine To Preclude Eviden | Filing | | 02/09/2023-20:16 | |

| | | | | | |
|---|---|---|---|---|---|
| Plant, Sarah J | Response To Defendants' Motions In Limine To Preclude Eviden | Filing | | 02/09/2023-20:13 | |
| Plant, Sarah J | NEF(02-09-2023 02:43:39 PM) Response | Filing | | 02/09/2023-15:12 | |
| Plant, Sarah J | NEF(02-09-2023 02:41:55 PM) Response | Filing | | 02/09/2023-15:04 | |
| Plant, Sarah J | NEF(02-09-2023 02:40:02 PM) Response | Filing | | 02/09/2023-15:01 | |
| Plant, Sarah J | Response To Defendants' Motion In Limine To Preclude Evidenc | Filing | | 02/09/2023-14:44 | |
| Plant, Sarah J | FILED IN ERROR | Filing | | 02/09/2023-14:43 | |
| Plant, Sarah J | FILED IN ERROR | Filing | | 02/09/2023-14:41 | |
| Plant, Sarah J | FILED IN ERROR | Filing | | 02/09/2023-14:40 | |
| Plant, Sarah J | NEF(02-09-2023 12:21:22 PM) Motion/Admission Pro Hac Vic... | Filing | | 02/09/2023-14:26 | |
| Plant, Sarah J | Motion/Admission Pro Hac Vice | Motion | | 02/09/2023-12:21 | |
| Rite Aid Of South Carolina Inc | NEF(02-08-2023 11:26:11 AM) Affidavit/Affidavit of | Filing | | 02/08/2023-12:37 | |
| Rite Aid Of South Carolina Inc | Affidavit/Affidavit In Support of Motion For Summary Judgmen | Filing | | 02/08/2023-11:26 | |
| Topco Associates Llc | NEF(02-07-2023 04:40:44 PM) Notice/Joinder Of Co-Defenda... | Filing | | 02/08/2023-10:32 | |
| Topco Associates Llc | Notice/Joinder Of Co-Defendants Motions | Filing | | 02/07/2023-16:40 | |
| Vi Jon Llc | NEF(02-07-2023 04:14:44 PM) Order/Pro Hac Vice | Filing | | 02/07/2023-16:15 | |
| Vi Jon Llc | Order/Pro Hac Vice/Stephen J. McConnell | Order | | 02/07/2023-16:14 | |
| Coty Inc | NEF(02-07-2023 04:13:14 PM) Order/Pro Hac Vice | Filing | | 02/07/2023-16:14 | |
| Coty Inc | Order/Pro Hac Vice/John D. Cosmich | Order | | 02/07/2023-16:13 | |
| Colgate Palmolive Company | NEF(02-07-2023 04:00:29 PM) Order/Pro Hac Vice | Filing | | 02/07/2023-16:01 | |

| Colgate Palmolive Company | Order/Pro Hac Vice/Brandee J. Kowalzyk | Order | | 02/07/2023-16:00 | |
|---|---|---|---|---|---|
| Vi Jon Llc | NEF(02-07-2023 03:51:39 PM) Order/Pro Hac Vice | Filing | | 02/07/2023-15:52 | |
| Vi Jon Llc | Order/Pro Hac Vice/ Shana E. Russo | Order | | 02/07/2023-15:51 | |
| Mary Kay Inc | NEF(02-07-2023 01:55:34 PM) Motion/Admission Pro Hac Vic... | Filing | | 02/07/2023-15:43 | |
| Plant, Sarah J | NEF(02-07-2023 02:09:16 PM) Notice/Other | Filing | | 02/07/2023-14:18 | |
| Plant, Sarah J | NEF(02-07-2023 01:54:19 PM) Notice/Other | Filing | | 02/07/2023-14:14 | |
| Plant, Sarah J | NEF(02-07-2023 01:24:00 PM) Notice/Other | Filing | | 02/07/2023-14:12 | |
| Rite Aid Of South Carolina Inc | NEF(02-07-2023 01:48:55 PM) Notice/Joinder Of Co-Defenda... | Filing | | 02/07/2023-14:11 | |
| Plant, Sarah J | Notice Of Filing of Remaining Exhibits | Filing | | 02/07/2023-14:09 | |
| Mary Kay Inc | Motion/Admission Pro Hac Vice | Motion | | 02/07/2023-13:55 | |
| Plant, Sarah J | Notice of Filing Exhibits | Filing | | 02/07/2023-13:54 | |
| Rite Aid Of South Carolina Inc | Notice/Joinder Of Co-Defendants Motions | Filing | | 02/07/2023-13:48 | |
| Plant, Sarah J | NEF(02-07-2023 01:06:58 PM) Notice/Other | Filing | | 02/07/2023-13:44 | |
| Plant, Sarah J | Notice Of Filing Exhibits | Filing | | 02/07/2023-13:24 | |
| Plant, Sarah J | Notice Of Filing of Exhibits | Filing | | 02/07/2023-13:06 | |
| Plant, Sarah J | NEF(02-07-2023 12:50:58 PM) Notice/Other | Filing | | 02/07/2023-12:58 | |
| Plant, Sarah J | Notice/Of Adding Exhibits to MIL | Filing | | 02/07/2023-12:50 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Plant, Sarah J | NEF(02-07-2023 12:00:48 PM) Letter/Letter | Filing | | 02/07/2023-12:01 | | |
| Plant, Sarah J | Supreme Court Letter admitting pro hac vice / Binis | Filing | | 02/07/2023-12:00 | | |
| Plant, Sarah J | NEF(02-06-2023 11:48:59 PM) Motion/In Limine | Filing | | 02/07/2023-10:57 | | |
| Plant, Sarah J | NEF(02-06-2023 11:24:15 PM) Motion/In Limine | Filing | | 02/07/2023-10:56 | | |
| Whittaker Clark & Daniels Inc | NEF(02-06-2023 11:23:52 PM) Motion/In Limine | Filing | | 02/07/2023-10:50 | | |
| Winn Dixie Stores Inc | NEF(02-07-2023 10:24:12 AM) Motion/In Limine | Filing | | 02/07/2023-10:37 | | |
| Whittaker Clark & Daniels Inc | NEF(02-06-2023 10:27:14 PM) Motion/In Limine | Filing | | 02/07/2023-10:33 | | |
| Winn Dixie Stores Inc | Motion/In Limine | Motion | | 02/07/2023-10:24 | | |
| Plant, Sarah J | NEF(02-06-2023 10:10:07 PM) Motion/In Limine | Filing | | 02/07/2023-10:23 | | |
| Plant, Sarah J | NEF(02-06-2023 09:45:18 PM) Notice/Other | Filing | | 02/07/2023-10:21 | | |
| Plant, Sarah J | NEF(02-06-2023 09:38:56 PM) Motion/In Limine | Filing | | 02/07/2023-10:20 | | |
| Plant, Sarah J | NEF(02-06-2023 09:02:07 PM) Motion/In Limine | Filing | | 02/07/2023-10:18 | | |
| Walmart Inc | NEF(02-07-2023 09:59:03 AM) Filing/Other | Filing | | 02/07/2023-10:08 | | |
| Vi Jon Llc | NEF(02-06-2023 07:12:23 PM) Motion/In Limine | Filing | | 02/07/2023-10:03 | | |
| Walmart Inc | Filing/Exhibit A To Walmart Inc's Motion In Limine | Filing | | 02/07/2023-09:59 | | |
| Plant, Sarah J | NEF(02-06-2023 08:04:46 PM) Motion/In Limine | Filing | | 02/07/2023-09:51 | | |
| Whittaker Clark & Daniels Inc | NEF(02-06-2023 10:22:19 PM) Motion/In Limine | Filing | | 02/07/2023-09:51 | | |
| Topco Associates Llc | NEF(02-06-2023 10:03:31 PM) Motion/In Limine | Filing | | 02/07/2023-09:51 | | |
| Vi Jon Llc | NEF(02-06-2023 07:09:23 PM) Motion/In Limine | Filing | | 02/07/2023-09:47 | | |
| Plant, Sarah J | NEF(02-07-2023 09:28:16 AM) Motion/In Limine | Filing | | 02/07/2023-09:46 | | |
| Whittaker Clark & Daniels Inc | NEF(02-07-2023 06:54:33 AM) Notice/Other | Filing | | 02/07/2023-09:43 | | |
| Whittaker Clark & Daniels Inc | NEF(02-06-2023 11:14:43 PM) Motion/In Limine | Filing | | 02/07/2023-09:41 | | |
| Topco Associates Llc | NEF(02-06-2023 09:26:03 PM) | Filing | | 02/07/2023-09:40 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Motion/In Limine | | | | | |
| Mary Kay Inc | NEF(02-06-2023 08:17:53 PM) Motion/In Limine | Filing | | 02/07/2023-09:39 | | 📄 |
| Vi Jon Llc | NEF(02-06-2023 08:17:26 PM) Motion/In Limine | Filing | | 02/07/2023-09:39 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 07:36:32 PM) Motion/In Limine | Filing | | 02/07/2023-09:39 | | 📄 |
| Colgate Palmolive Company | NEF(02-07-2023 01:29:19 AM) Motion/In Limine | Filing | | 02/07/2023-09:38 | | 📄 |
| Whittaker Clark & Daniels Inc | NEF(02-06-2023 11:45:55 PM) Motion/In Limine | Filing | | 02/07/2023-09:37 | | 📄 |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/07/2023-09:28 | | 📄📄📄📄 📄📄📄📄 📄📄📄📄 📄📄📄📄 📄📄📄📄 📄 |
| Colgate Palmolive Company | NEF(02-06-2023 05:58:09 PM) Letter/Letter | Filing | | 02/07/2023-09:22 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 07:41:45 PM) Notice/Other | Filing | | 02/07/2023-09:20 | | 📄 |
| Colgate Palmolive Company | NEF(02-07-2023 12:32:15 AM) Motion/In Limine | Filing | | 02/07/2023-09:18 | | 📄 |
| Colgate Palmolive Company | NEF(02-07-2023 12:02:05 AM) Motion/In Limine | Filing | | 02/07/2023-09:14 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 11:37:02 PM) Motion/In Limine | Filing | | 02/07/2023-09:12 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 10:49:22 PM) Motion/In Limine | Filing | | 02/07/2023-09:08 | | 📄 |
| Whittaker Clark & Daniels Inc | NEF(02-06-2023 11:33:49 PM) Motion/In Limine | Filing | | 02/07/2023-09:07 | | 📄 |
| Colgate Palmolive Company | NEF(02-06-2023 11:25:38 PM) Motion/In Limine | Filing | | 02/07/2023-09:06 | | 📄 |
| Whittaker Clark & Daniels Inc | NEF(02-06-2023 10:18:03 PM) Motion/In Limine | Filing | | 02/07/2023-09:06 | | 📄 |
| Walmart Inc | NEF(02-06-2023 10:17:05 PM) Motion/In Limine | Filing | | 02/07/2023-09:02 | | 📄 |
| Lowcountry Grocers Llc | NEF(02-06-2023 10:19:45 PM) Motion/In Limine | Filing | | 02/07/2023-09:02 | | 📄 |
| Colgate Palmolive Company | NEF(02-06-2023 09:42:13 PM) Motion/In Limine | Filing | | 02/07/2023-08:58 | | 📄 |
| Topco Associates Llc | NEF(02-06-2023 09:40:02 PM) Motion/In Limine | Filing | | 02/07/2023-08:58 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 09:52:00 PM) Motion/In Limine | Filing | | 02/07/2023-08:58 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 09:28:48 PM) | Filing | | 02/07/2023-08:58 | | 📄 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Motion/In Limine | | | | | |
| Winn Dixie Stores Inc | NEF(02-06-2023 09:29:55 PM) Motion/In Limine | Filing | | 02/07/2023-08:57 | | 📄 |
| Southeastern Grocers Inc | NEF(02-06-2023 09:33:47 PM) Motion/In Limine | Filing | | 02/07/2023-08:57 | | 📄 |
| Walgreen Co | NEF(02-06-2023 09:37:31 PM) Motion/In Limine | Filing | | 02/07/2023-08:56 | | 📄 |
| Topco Associates Llc | NEF(02-06-2023 09:18:08 PM) Motion/In Limine | Filing | | 02/07/2023-08:56 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 08:49:16 PM) Motion/In Limine | Filing | | 02/07/2023-08:53 | | 📄 |
| Vi Jon Inc | NEF(02-06-2023 07:28:42 PM) Motion/In Limine | Filing | | 02/07/2023-08:53 | | 📄 |
| Mary Kay Inc | NEF(02-06-2023 08:06:53 PM) Motion/In Limine | Filing | | 02/07/2023-08:49 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 08:19:46 PM) Motion/In Limine | Filing | | 02/07/2023-08:49 | | 📄 |
| Colgate Palmolive Company | NEF(02-06-2023 07:41:56 PM) Motion/In Limine | Filing | | 02/07/2023-08:49 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 07:31:33 PM) Motion/In Limine | Filing | | 02/07/2023-08:48 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 07:21:52 PM) Motion/In Limine | Filing | | 02/07/2023-08:45 | | 📄 |
| Vi Jon Llc | NEF(02-06-2023 07:15:14 PM) Motion/In Limine | Filing | | 02/07/2023-08:45 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 07:14:16 PM) Motion/In Limine | Filing | | 02/07/2023-08:44 | | 📄 |
| Vi Jon Llc | NEF(02-06-2023 07:03:46 PM) Motion/In Limine | Filing | | 02/07/2023-08:43 | | 📄 |
| Color Techniques Inc | NEF(02-06-2023 06:31:57 PM) Motion/In Limine | Filing | | 02/07/2023-08:42 | | 📄 |
| Plant, Sarah J | NEF(02-06-2023 07:03:06 PM) Motion/In Limine | Filing | | 02/07/2023-08:42 | | 📄 |
| Colgate Palmolive Company | NEF(02-06-2023 05:47:12 PM) Motion/In Limine | Filing | | 02/07/2023-08:42 | | 📄 |
| Colgate Palmolive Company | NEF(02-06-2023 06:59:27 PM) Motion/In Limine | Filing | | 02/07/2023-08:42 | | 📄 |
| Whittaker Clark & Daniels Inc | Notice Of Filing Of Exhibits | Filing | | 02/07/2023-06:54 | | 📄📄📄📄📄📄📄📄 |
| Colgate Palmolive Company | Motion/In Limine | Motion | | 02/07/2023-01:29 | | 📄📄📄📄📄📄📄📄📄📄📄📄 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Colgate Palmolive Company | Motion/In Limine | Motion | | 02/07/2023-00:32 | | |
| Colgate Palmolive Company | Motion/In Limine | Motion | | 02/07/2023-00:02 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:48 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:48 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:48 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:48 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:48 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:48 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:48 | | |
| Whittaker Clark & Daniels Inc | Motion/In Limine | Motion | | 02/06/2023-23:45 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:37 | | |
| Whittaker Clark & Daniels Inc | Motion/In Limine | Motion | | 02/06/2023-23:33 | | |
| Colgate Palmolive Company | Motion/In Limine | Motion | | 02/06/2023-23:25 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-23:24 | | |
| Whittaker Clark & Daniels Inc | Motion/In Limine | Motion | | 02/06/2023-23:23 | | |
| Whittaker Clark & Daniels Inc | Motion/In Limine | Motion | | 02/06/2023-23:14 | | |
| Whittaker Clark & Daniels Inc | Motion/In Limine | Motion | | 02/06/2023-23:14 | | |
| Whittaker Clark & Daniels Inc | Motion/Bifurcate | Motion | | 02/06/2023-23:14 | | |
| Whittaker Clark & Daniels Inc | Notice/Joinder Of Co-Defendants Motions | Filing | | 02/06/2023-23:14 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-22:49 | | |
| Whittaker Clark & Daniels Inc | Motion/In Limine | Motion | | 02/06/2023-22:27 | | |

| | | | | | |
|---|---|---|---|---|---|
| Whittaker Clark & Daniels Inc | Motion/In Limine | Motion | | 02/06/2023-22:22 | |
| Lowcountry Grocers Llc | Motion/In Limine | Motion | | 02/06/2023-22:19 | |
| Whittaker Clark & Daniels Inc | Motion/In Limine | Motion | | 02/06/2023-22:18 | |
| Walmart Inc | Motion/In Limine | Motion | | 02/06/2023-22:17 | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-22:10 | |
| Whittaker Clark & Daniels Inc | NEF(02-06-2023 10:03:20 PM) Notice/Notice of Appearance | Filing | | 02/06/2023-22:05 | |
| Topco Associates Llc | Motion/In Limine | Motion | | 02/06/2023-22:03 | |
| Whittaker Clark & Daniels Inc | Notice/Notice of Appearance | Filing | | 02/06/2023-22:03 | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-21:52 | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-21:52 | |
| Plant, Sarah J | Notice Of Filing Remainder Exhibits | Filing | | 02/06/2023-21:45 | |
| Colgate Palmolive Company | Motion/In Limine | Motion | | 02/06/2023-21:42 | |
| Topco Associates Llc | Motion/In Limine | Motion | | 02/06/2023-21:40 | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-21:38 | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-21:38 | |
| Walgreen Co | Motion/In Limine | Motion | | 02/06/2023-21:37 | |
| Southeastern Grocers Inc | Motion/In Limine | Motion | | 02/06/2023-21:33 | |
| Winn Dixie Stores Inc | Motion/In Limine | Motion | | 02/06/2023-21:29 | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-21:28 | |
| Topco Associates Llc | Motion/In Limine | Motion | | 02/06/2023-21:26 | |
| Topco Associates Llc | Motion/In Limine | Motion | | 02/06/2023-21:18 | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-21:02 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-20:49 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-20:19 | | |
| Mary Kay Inc | Motion/In Limine | Motion | | 02/06/2023-20:17 | | |
| Vi Jon Llc | Motion/In Limine | Motion | | 02/06/2023-20:17 | | |
| Mary Kay Inc | Motion/In Limine | Motion | | 02/06/2023-20:06 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-20:04 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-20:04 | | |
| Colgate Palmolive Company | Motion/In Limine | Motion | | 02/06/2023-19:41 | | |
| Plant, Sarah J | Notice/Of Filing Remainder Exhibits | Filing | | 02/06/2023-19:41 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-19:36 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-19:31 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-19:31 | | |
| Vi Jon Llc | Motion/In Limine | Motion | | 02/06/2023-19:28 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-19:21 | | |
| Vi Jon Llc | Motion/In Limine | Motion | | 02/06/2023-19:15 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-19:14 | | |
| Vi Jon Llc | Motion/In Limine | Motion | | 02/06/2023-19:12 | | |
| Vi Jon Llc | Motion/In Limine | Motion | | 02/06/2023-19:09 | | |
| Vi Jon Llc | Motion/In Limine | Motion | | 02/06/2023-19:03 | | |
| Plant, Sarah J | Motion/In Limine | Motion | | 02/06/2023-19:03 | | |
| Colgate Palmolive Company | Motion/In Limine | Motion | | 02/06/2023-18:59 | | |
| Color Techniques Inc | Motion/In Limine | Motion | | 02/06/2023-18:31 | | |
| Colgate Palmolive Company | Letter/Adding Exhibits to MIL | Filing | | 02/06/2023-17:58 | | |
| Colgate Palmolive Company | Motion/In Limine | Motion | | 02/06/2023-17:47 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Colgate Palmolive Company | NEF(02-06-2023 02:49:24 PM) Motion/Bifurcate | Filing | | 02/06/2023-15:18 | | |
| Colgate Palmolive Company | Motion/Bifurcate | Motion | | 02/06/2023-14:49 | | |
| Imi Fabi Llc | NEF(02-06-2023 10:43:24 AM) Notice/Other | Filing | | 02/06/2023-11:37 | | |
| Imi Fabi Llc | NOTICE OF PARTIAL WITHDRAWAL OF MOTIONS FOR SUMMARY JUDGMENT | Filing | | 02/06/2023-10:43 | | |
| Plant, Sarah J | NEF(02-03-2023 09:55:05 PM) Memo/Memo in Opposition | Filing | | 02/06/2023-09:50 | | |
| Plant, Sarah J | NEF(02-03-2023 09:50:10 PM) Response | Filing | | 02/06/2023-09:31 | | |
| Plant, Sarah J | NEF(02-03-2023 07:44:11 PM) Response | Filing | | 02/06/2023-09:28 | | |
| Plant, Sarah J | NEF(02-03-2023 07:40:39 PM) Response | Filing | | 02/06/2023-09:26 | | |
| Plant, Sarah J | NEF(02-03-2023 07:38:24 PM) Response | Filing | | 02/06/2023-09:24 | | |
| Vi Jon Llc | NEF(02-04-2023 09:21:38 AM) Notice/Notice of Appearance | Filing | | 02/04/2023-09:22 | | |
| Vi Jon Llc | Notice/Notice of Appearance | Filing | | 02/04/2023-09:21 | | |
| Plant, Sarah J | Memo/Memo in Opposition | Filing | | 02/03/2023-21:55 | | |
| Plant, Sarah J | Memo/Memo in Opposition | Filing | | 02/03/2023-21:55 | | |
| Plant, Sarah J | Memo/Memo in Opposition | Filing | | 02/03/2023-21:55 | | |
| Plant, Sarah J | Memo/Memo in Opposition | Filing | | 02/03/2023-21:55 | | |
| Plant, Sarah J | Memo/Memo in Opposition | Filing | | 02/03/2023-21:55 | | |
| Plant, Sarah J | Memo/Memo in Opposition | Filing | | 02/03/2023-21:55 | | |
| Plant, Sarah J | Response In Opposition To Motion For Summary Judgment | Filing | | 02/03/2023-21:50 | | |
| Plant, Sarah J | Response In Opposition To Motion To Dismiss | Filing | | 02/03/2023-19:44 | | |
| Plant, Sarah J | Response In Opposition To Motion To Dismiss | Filing | | 02/03/2023-19:40 | | |
| Plant, Sarah J | Response In Opposition To Motion To Dismiss | Filing | | 02/03/2023-19:38 | | |
| Plant, Sarah J | NEF(02-03-2023 04:07:52 PM) Letter/Letter | Filing | | 02/03/2023-16:08 | | |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Geist | Filing | | 02/03/2023-16:07 | | |
| Plant, Sarah J | NEF(02-03-2023 11:44:26 AM) | Filing | | 02/03/2023-13:20 | | |

| | Motion/Consolidate | | | | | |
|---|---|---|---|---|---|---|
| Walmart Inc | NEF(02-03-2023 09:44:58 AM) Motion/Admission Pro Hac Vic... | Filing | | 02/03/2023-12:30 | | 📄 |
| Vi Jon Llc | NEF(02-03-2023 12:08:56 PM) Motion/Admission Pro Hac Vic... | Filing | | 02/03/2023-12:26 | | 📄 |
| Vi Jon Inc | Motion/Admission Pro Hac Vice | Motion | | 02/03/2023-12:08 | | 📄📄 |
| Plant, Sarah J | Motion/Consolidate Trials to 2022CP4001281 | Motion | | 02/03/2023-11:44 | | 📄 |
| Plant, Sarah J | NEF(02-03-2023 11:13:49 AM) Notice/Notice of Hearing | Filing | | 02/03/2023-11:14 | | 📄 |
| Plant, Sarah J | Notice/Notice of Hearing | Filing | | 02/03/2023-11:13 | | 📄 |
| Walmart Inc | Order/Order Cover Sheet $25.00 | Filing | | 02/03/2023-09:44 | | |
| Walmart Inc | Motion/Admission Pro Hac Vice | Motion | | 02/03/2023-09:44 | | 📄📄 |
| Pfizer Inc | NEF(02-02-2023 01:38:37 PM) Stipulation Of Dismissal | Filing | | 02/02/2023-16:34 | | 📄 |
| Pfizer Inc | Stipulation Of Dismissal as to Pfizer Inc | Filing | | 02/02/2023-13:38 | | 📄 |
| Plant, Sarah J | NEF(01-31-2023 01:32:08 PM) Letter/Letter | Filing | | 01/31/2023-13:33 | | 📄 |
| Plant, Sarah J | NEF(01-31-2023 01:31:32 PM) Letter/Letter | Filing | | 01/31/2023-13:32 | | 📄 |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / McConnell | Filing | | 01/31/2023-13:32 | | 📄 |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / McConnell | Filing | | 01/31/2023-13:31 | | 📄 |
| Walmart Inc | NEF(01-31-2023 08:44:43 AM) Order/Consent Order | Filing | | 01/31/2023-08:46 | | 📄 |
| Walmart Inc | Consent Confidentiality Order | Order | | 01/31/2023-08:44 | | 📄 |
| Avon Products Inc | NEF(01-30-2023 04:08:53 PM) Order/Pro Hac Vice | Filing | | 01/30/2023-16:26 | | 📄 |
| Colgate Palmolive Company | NEF(01-30-2023 04:07:36 PM) Order/Pro Hac Vice | Filing | | 01/30/2023-16:09 | | 📄 |
| Avon Products Inc | Order/Pro Hac Vice/Madelyn Iulo | Order | | 01/30/2023-16:08 | | 📄 |
| Colgate Palmolive Company | Order/Pro Hac Vice/Morgan W Tovey | Order | | 01/30/2023-16:07 | | 📄 |
| Coty Inc | NEF(01-26-2023 02:56:55 PM) Order/Order Cover Sheet $25.... | Filing | | 01/26/2023-16:24 | | 📄 |
| Noxell Corporation | Order/Order Cover Sheet $25.00 | Filing | | 01/26/2023-14:56 | | |
| Plant, Sarah J | NEF(01-26-2023 11:12:48 AM) Letter/Letter | Filing | | 01/26/2023-11:13 | | 📄 |
| Plant, Sarah J | Supreme Court Letter admitting Pro Hac | Filing | | 01/26/2023-11:12 | | 📄 |

| | Vice / Cosmich | | | | | 📄 |
|---|---|---|---|---|---|---|
| Colgate Palmolive Company | NEF(01-25-2023 04:05:51 PM) Proposed Order/Pro Hac Vice | Filing | | 01/25/2023-16:14 | | 📄 |
| Colgate Palmolive Company | NEF(01-25-2023 03:59:03 PM) Motion/Admission Pro Hac Vic... | Filing | | 01/25/2023-16:13 | | 📄 |
| Colgate Palmolive Company | Order/Order Cover Sheet $25.00 | Filing | | 01/25/2023-16:05 | | |
| Colgate Palmolive Company | Motion/Admission Pro Hac Vice/Jonathan J Huber | Motion | | 01/25/2023-15:59 | | 📄📄 |
| Colgate Palmolive Company | NEF(01-25-2023 03:39:25 PM) Proposed Order/Pro Hac Vice | Filing | | 01/25/2023-15:46 | | 📄 |
| Colgate Palmolive Company | NEF(01-25-2023 03:34:06 PM) Motion/Admission Pro Hac Vic... | Filing | | 01/25/2023-15:45 | | 📄 |
| Colgate Palmolive Company | Order/Order Cover Sheet $25.00 | Filing | | 01/25/2023-15:39 | | |
| Colgate Palmolive Company | Motion/Admission Pro Hac Vice | Motion | | 01/25/2023-15:34 | | 📄📄 |
| Southeastern Grocers Inc | NEF(01-25-2023 12:27:53 PM) Letter/Letter | Filing | | 01/25/2023-14:12 | | 📄 |
| Southeastern Grocers Inc | Letter/Adding Omitted Exh 4 to Motion for Summary Judgment | Filing | | 01/25/2023-12:27 | | 📄📄 |
| Variety Wholesalers Inc | NEF(01-24-2023 01:57:21 PM) Stipulation Of Dismissal | Filing | | 01/25/2023-10:32 | | 📄 |
| Variety Wholesalers Inc | Stipulation Of Dismissal as to Variety Wholesalers Inc | Filing | | 01/24/2023-13:57 | | 📄 |
| Walmart Inc | NEF(01-24-2023 09:58:56 AM) Proposed Order/Consent Order | Filing | | 01/24/2023-11:02 | | 📄 |
| Walmart Inc | Order/Order Cover Sheet $25.00 | Filing | | 01/24/2023-09:58 | | |
| Hamricks Incorporated | NEF(01-22-2023 02:06:59 PM) Stipulation Of Dismissal | Filing | | 01/23/2023-11:31 | | 📄 |
| Vi Jon Llc | NEF(01-23-2023 09:04:59 AM) Motion/Admission Pro Hac Vic... | Filing | | 01/23/2023-10:49 | | 📄 |
| Vi Jon Inc | Motion/Admission Pro Hac Vice/Shana Russo | Motion | | 01/23/2023-09:04 | | 📄📄 |
| Vi Jon Inc | Order/Order Cover Sheet $25.00 | Filing | | 01/23/2023-09:04 | | |
| Hamricks Incorporated | Stipulation Of Dismissal as to Hamricks Incorporated | Filing | | 01/22/2023-14:06 | | 📄 |
| Plant, Sarah J | NEF(01-20-2023 02:58:45 PM) Letter/Letter | Filing | | 01/20/2023-14:59 | | 📄 |
| Plant, Sarah J | Supreme Court letter admitting pro hac | Filing | | 01/20/2023-14:58 | | 📄 |

| | vice / Tovey | | | | | 📄 |
|---|---|---|---|---|---|---|
| **Plant, Sarah J** | NEF(01-19-2023 02:41:35 PM) Letter/Letter | **Filing** | | 01/19/2023-14:41 | | 📄 |
| **Plant, Sarah J** | **Supreme Court letter admitting pro hac vice / Iulo** | **Filing** | | 01/19/2023-14:41 | | 📄 |
| **Avon Products Inc** | NEF(01-18-2023 03:57:14 PM) Order/Pro Hac Vice | **Filing** | | 01/18/2023-15:58 | | 📄 |
| **Avon Products Inc** | **Order/Pro Hac Vice/Michael E. Tuttle** | **Order** | | 01/18/2023-15:57 | | 📄 |
| **Avon Products Inc** | NEF(01-18-2023 02:12:32 PM) Order/Pro Hac Vice | **Filing** | | 01/18/2023-14:12 | | 📄 |
| **Avon Products Inc** | **Order/Pro Hac Vice/James H. Elliott, Jr** | **Order** | | 01/18/2023-14:12 | | 📄 |
| **Plant, Sarah J** | NEF(01-18-2023 11:45:40 AM) Letter/Letter | **Filing** | | 01/18/2023-11:45 | | 📄 |
| **Plant, Sarah J** | **Supreme Court letter admitting Pro Hac Vice / Russo** | **Filing** | | 01/18/2023-11:45 | | 📄 |
| **Whittaker Clark & Daniels Inc** | NEF(01-17-2023 11:55:30 PM) Memo/Memo in Support | **Filing** | | 01/18/2023-09:02 | | 📄 |
| **Noxell Corporation** | NEF(01-17-2023 04:21:20 PM) Motion/Admission Pro Hac Vic... | **Filing** | | 01/18/2023-09:01 | | 📄 |
| **Topco Associates Llc** | NEF(01-17-2023 07:35:04 PM) Motion/Summary Judgment | **Filing** | | 01/18/2023-08:48 | | 📄 |
| **Topco Associates Llc** | NEF(01-17-2023 07:25:11 PM) Motion/Summary Judgment | **Filing** | | 01/18/2023-08:47 | | 📄 |
| **Highwater Clays Inc** | NEF(01-17-2023 06:39:20 PM) Motion/Dismiss & Summary Jud... | **Filing** | | 01/18/2023-08:44 | | 📄 |
| **Conopco Inc** | NEF(01-17-2023 05:08:06 PM) Motion/Summary Judgment | **Filing** | | 01/18/2023-08:38 | | 📄 |
| **Winn Dixie Stores Inc** | NEF(01-17-2023 04:59:29 PM) Motion/Summary Judgment | **Filing** | | 01/18/2023-08:37 | | 📄 |
| **Winn Dixie Stores Inc** | NEF(01-17-2023 04:52:02 PM) Motion/Summary Judgment | **Filing** | | 01/18/2023-08:35 | | 📄 |
| **Whittaker Clark & Daniels Inc** | **Memo/Memo in Support Of Its Motion For Summary Judgment** | **Filing** | | 01/17/2023-23:55 | | 📄📄📄📄 |
| **Topco Associates Llc** | **Motion/Summary Judgment And Memorandum In Support** | **Motion** | | 01/17/2023-19:35 | | 📄 |
| **Topco Associates Llc** | **Motion/Summary Judgment And Memo In Support** | **Motion** | | 01/17/2023-19:25 | | 📄 |
| **Highwater Clays Inc** | **Memo/Memo in Support** | **Filing** | | 01/17/2023-18:39 | | 📄📄 |

| | | | | | |
|---|---|---|---|---|---|
| Highwater Clays Inc | Motion/Dismiss & Summary Judgment | Motion | | 01/17/2023-18:39 | |
| Conopco Inc | Motion/Summary Judgment | Motion | | 01/17/2023-17:08 | |
| Winn Dixie Stores Inc | Motion/Summary Judgment on Behalf of Southeastern Grocers In | Motion | | 01/17/2023-16:59 | |
| Winn Dixie Stores Inc | Memo/Memo in Support | Filing | | 01/17/2023-16:59 | |
| Winn Dixie Stores Inc | Memo/Memo in Support | Filing | | 01/17/2023-16:52 | |
| Winn Dixie Stores Inc | Motion/Summary Judgment on behalf of Walgreens Co | Motion | | 01/17/2023-16:52 | |
| Hamricks Incorporated | NEF(01-17-2023 04:38:00 PM) Motion/Summary Judgment | Filing | | 01/17/2023-16:50 | |
| Hamricks Incorporated | Motion/Summary Judgment | Motion | | 01/17/2023-16:38 | |
| Hamricks Incorporated | Memo/Memo in Support | Filing | | 01/17/2023-16:38 | |
| Noxell Corporation | Filing/Other | Filing | | 01/17/2023-16:21 | |
| Noxell Corporation | Filing/Other | Filing | | 01/17/2023-16:21 | |
| Coty International Inc | Motion/Admission Pro Hac Vice | Motion | | 01/17/2023-16:21 | |
| Winn Dixie Stores Inc | NEF(01-17-2023 03:55:13 PM) Motion/Summary Judgment | Filing | | 01/17/2023-16:05 | |
| Winn Dixie Stores Inc | Motion/Summary Judgment | Motion | | 01/17/2023-15:55 | |
| Winn Dixie Stores Inc | Memo/Memo in Support | Filing | | 01/17/2023-15:55 | |
| Rite Aid Of South Carolina Inc | NEF(01-17-2023 03:10:19 PM) Notice/Other | Filing | | 01/17/2023-15:34 | |
| Rite Aid Of South Carolina Inc | Notice of Withdrawal Of Counsel | Filing | | 01/17/2023-15:10 | |
| Colgate Palmolive Company | NEF(01-17-2023 10:51:58 AM) Letter/Letter | Filing | | 01/17/2023-11:43 | |
| Colgate Palmolive Company | Letter/Letter Adding Exhibit 5 tp Memo in Support of Motion | Filing | | 01/17/2023-10:51 | |
| Vanderbilt Minerals Llc | NEF(01-17-2023 10:40:53 AM) Letter/Letter | Filing | | 01/17/2023-10:49 | |
| Vanderbilt Minerals Llc | Letter/Letter Additional Parts as the Size Limit was Exceede | Filing | | 01/17/2023-10:40 | |
| Rite Aid Of South Carolina Inc | NEF(01-16-2023 03:18:30 PM) Motion/Summary Judgment | Filing | | 01/17/2023-09:38 | |
| Plant, Sarah J | NEF(01-13-2023 07:05:34 PM) Motion/Protection from Disco... | Filing | | 01/17/2023-09:38 | |
| Whittaker Clark & Daniels Inc | NEF(01-17-2023 12:01:22 AM) Notice/Notice of Appearance | Filing | | 01/17/2023-09:07 | |

| Walmart Inc | NEF(01-16-2023 07:50:00 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:58 | | 📄 |
| Piggly Wiggly | NEF(01-16-2023 07:36:00 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:55 | | 📄 |
| Coty Inc | NEF(01-16-2023 07:24:54 PM) Memo/Memo in Support | Filing | | 01/17/2023-08:53 | | 📄 |
| Coty Inc | NEF(01-16-2023 07:18:04 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:52 | | 📄 |
| American Art Clay Co Inc | NEF(01-16-2023 06:52:22 PM) Motion/Dismiss | Filing | | 01/17/2023-08:52 | | 📄 |
| Chattem Inc | NEF(01-16-2023 06:48:17 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:51 | | 📄 |
| Vi Jon Llc | NEF(01-16-2023 06:26:56 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:50 | | 📄 |
| Ingles Market Incorporated | NEF(01-16-2023 05:40:28 PM) Memo/Memo in Support | Filing | | 01/17/2023-08:49 | | 📄 |
| Dollar General Corporation | NEF(01-16-2023 04:28:58 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:49 | | 📄 |
| Vanderbilt Minerals Llc | NEF(01-16-2023 04:09:48 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:47 | | 📄 |
| R T Vanderbilt Holding Company Inc | NEF(01-16-2023 04:06:50 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:46 | | 📄 |
| Dillards Inc | NEF(01-16-2023 02:45:41 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:46 | | 📄 |
| Block Drug Company Inc | NEF(01-16-2023 01:04:11 PM) Memo/Memo in Support | Filing | | 01/17/2023-08:44 | | 📄 |
| Block Drug Company Inc | NEF(01-16-2023 12:56:24 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:41 | | 📄 |
| Colgate Palmolive Company | NEF(01-13-2023 06:44:25 PM) Memo/Memo in Support | Filing | | 01/17/2023-08:38 | | 📄 |
| Colgate Palmolive Company | NEF(01-13-2023 04:47:35 PM) Motion/Summary Judgment | Filing | | 01/17/2023-08:32 | | 📄 |
| Whittaker Clark & Daniels Inc | Motion/Summary Judgment | Motion | | 01/17/2023-00:01 | | 📄 |
| Whittaker Clark & Daniels Inc | Notice/Notice of Appearance | Filing | | 01/17/2023-00:01 | | |
| Walmart Inc | Motion/Summary Judgment | Motion | | 01/16/2023-19:50 | | 📄📄📄📄📄 |

| | | | | | |
|---|---|---|---|---|---|
| Piggly Wiggly | Motion/Summary Judgment | Motion | | 01/16/2023-19:36 | |
| Coty Inc | Memo/Memo in Support | Filing | | 01/16/2023-19:24 | |
| Noxell Corporation | Motion/Summary Judgment | Motion | | 01/16/2023-19:18 | |
| American Art Clay Co Inc | Motion/Dismiss | Motion | | 01/16/2023-18:52 | |
| American Art Clay Co Inc | Motion/Summary Judgment | Motion | | 01/16/2023-18:52 | |
| Chattem Inc | Motion/Summary Judgment | Motion | | 01/16/2023-18:48 | |
| Vi Jon Llc | Motion/Summary Judgment | Motion | | 01/16/2023-18:26 | |
| Ingles Market Incorporated | Memo/Memo in Support | Filing | | 01/16/2023-17:40 | |
| Dollar General Corporation | Memo/Memo in Support | Filing | | 01/16/2023-16:28 | |
| Dollar General Corporation | Motion/Summary Judgment | Motion | | 01/16/2023-16:28 | |
| Vanderbilt Minerals Llc | Motion/Summary Judgment | Motion | | 01/16/2023-16:09 | |
| R T Vanderbilt Holding Company Inc | Motion/Summary Judgment | Motion | | 01/16/2023-16:06 | |
| Rite Aid Of South Carolina Inc | Memo/Memo in Support of Motion for Summary Judgment | Filing | | 01/16/2023-15:18 | |
| Rite Aid Of South Carolina Inc | Motion/Summary Judgment | Motion | | 01/16/2023-15:18 | |
| Dillards Inc | Motion/Summary Judgment | Motion | | 01/16/2023-14:45 | |
| Dillards Inc | Memo/Memo in Support | Filing | | 01/16/2023-14:45 | |
| Block Drug Company Inc | Memo/Memo in Support | Filing | | 01/16/2023-13:04 | |
| Block Drug Company Inc | Motion/Summary Judgment | Motion | | 01/16/2023-12:56 | |
| Plant, Sarah J | Motion/Protection from Discovery | Motion | | 01/13/2023-19:05 | |
| Colgate Palmolive Company | Memo/Memo in Support | Filing | | 01/13/2023-18:44 | |
| Bristol Myers Squibb Company | NEF(01-13-2023 04:29:33 PM) Motion/Summary Judgment | Filing | | 01/13/2023-16:48 | |
| Colgate Palmolive Company | Motion/Summary Judgment | Motion | | 01/13/2023-16:47 | |
| Bristol Myers Squibb Company | Motion/Summary Judgment | Motion | | 01/13/2023-16:29 | |
| Ingles Market Incorporated | NEF(01-13-2023 03:10:19 PM) Motion/Summary Judgment | Filing | | 01/13/2023-15:45 | |
| Ingles Market Incorporated | Motion/Summary Judgment | Motion | | 01/13/2023-15:10 | |
| Imi Fabi Diana Llc | NEF(01-13-2023 02:43:00 PM) | Filing | | 01/13/2023-14:54 | |

| | Motion/Summary Judgment | | | | |
|---|---|---|---|---|---|
| Imi Fabi Usa Inc | NEF(01-13-2023 02:38:00 PM) Motion/Summary Judgment | Filing | | 01/13/2023-14:52 | 📄 |
| Imi Fabi Diana Llc | Motion/Summary Judgment | Motion | | 01/13/2023-14:43 | 📄 |
| Imi Fabi Diana Llc | Memo/Memo in Support | Filing | | 01/13/2023-14:43 | 📄📄 |
| Imi Fabi Llc | NEF(01-13-2023 02:32:10 PM) Motion/Summary Judgment | Filing | | 01/13/2023-14:41 | 📄 |
| Imi Fabi Usa Inc | Memo/Memo in Support Of Motion For Summary Judgment | Filing | | 01/13/2023-14:38 | 📄📄 |
| Imi Fabi Usa Inc | Motion/Summary Judgment | Motion | | 01/13/2023-14:38 | 📄 |
| Imi Fabi Llc | Motion/Summary Judgment | Motion | | 01/13/2023-14:32 | 📄 |
| Imi Fabi Llc | Memo/Memo in Support Of Motion/Summary Judgment | Filing | | 01/13/2023-14:32 | 📄📄 |
| Plant, Sarah J | NEF(01-13-2023 11:35:37 AM) Letter/Letter | Filing | | 01/13/2023-11:39 | 📄 |
| Plant, Sarah J | NEF(01-13-2023 11:35:18 AM) Letter/Letter | Filing | | 01/13/2023-11:38 | 📄 |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Seltzer | Filing | | 01/13/2023-11:35 | 📄 |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Tuttle | Filing | | 01/13/2023-11:35 | 📄 |
| Plant, Sarah J | NEF(01-10-2023 03:58:25 PM) Motion/Default Judgment | Filing | | 01/11/2023-10:52 | 📄 |
| Plant, Sarah J | Affidavit/Attorney | Filing | | 01/10/2023-15:58 | 📄📄📄 |
| Plant, Sarah J | Motion/Default Judgment | Motion | | 01/10/2023-15:58 | 📄 |
| Belk Inc | NEF(01-07-2023 03:59:27 PM) Stipulation Of Dismissal | Filing | | 01/09/2023-14:15 | 📄 |
| Belk Inc | Stipulation Of Dismissal as to Belk Inc | Filing | | 01/07/2023-15:59 | 📄 |
| Color Techniques Inc | NEF(01-05-2023 11:26:06 AM) Order/Pro Hac Vice | Filing | | 01/05/2023-11:39 | 📄 |
| Color Techniques Inc | Order/Pro Hac Vice/Insco | Order | | 01/05/2023-11:26 | 📄 |
| Colgate Palmolive Company | NEF(01-05-2023 10:35:31 AM) Proposed Order/Pro Hac Vice | Filing | | 01/05/2023-11:01 | 📄 |
| Colgate Palmolive Company | NEF(01-05-2023 10:30:42 AM) Motion/Admission Pro Hac Vic... | Filing | | 01/05/2023-11:00 | 📄 |
| Chattem Inc | NEF(01-05-2023 10:58:19 AM) Order/Pro Hac Vice | Filing | | 01/05/2023-10:58 | 📄 |
| Chattem Inc | Order/Pro Hac | Order | | 01/05/2023- | 📄 |

| | Vice/Williams | | | 10:58 | | |
|---|---|---|---|---|---|---|
| Colgate Palmolive Company | Order/Order Cover Sheet $25.00 | Filing | | 01/05/2023-10:35 | | |
| Colgate Palmolive Company | Motion/Admission Pro Hac Vice | Motion | | 01/05/2023-10:30 | | 📄📄 |
| Avon Products Inc | NEF(01-03-2023 04:31:33 PM) Motion/Admission Pro Hac Vic... | Filing | | 01/04/2023-10:40 | | 📄 |
| Avon Products Inc | NEF(01-03-2023 04:36:18 PM) Motion/Admission Pro Hac Vic... | Filing | | 01/04/2023-10:38 | | 📄 |
| Avon Products Inc | Motion/Admission Pro Hac Vice | Motion | | 01/03/2023-16:36 | | 📄📄📄 |
| Avon Products Inc | Motion/Admission Pro Hac Vice | Motion | | 01/03/2023-16:31 | | 📄📄📄 |
| Avon Products Inc | NEF(12-22-2022 04:43:29 PM) Motion/Admission Pro Hac Vic... | Filing | | 12/28/2022-10:03 | | 📄 |
| R T Vanderbilt Holding Company Inc | NEF(12-27-2022 09:30:30 PM) Motion/Summary Judgment | Filing | | 12/28/2022-09:14 | | 📄 |
| Mary Kay Inc | NEF(12-27-2022 03:22:06 PM) Motion/Summary Judgment | Filing | | 12/28/2022-08:51 | | 📄 |
| Mary Kay Inc | NEF(12-27-2022 03:38:25 PM) Filing/Other | Filing | | 12/28/2022-08:48 | | 📄 |
| R T Vanderbilt Company Inc | NEF(12-27-2022 09:23:40 PM) Motion/Summary Judgment | Filing | | 12/28/2022-08:47 | | 📄 |
| R T Vanderbilt Holding Company Inc | Motion/Summary Judgment And Memorandum In Support of Its | Motion | | 12/27/2022-21:30 | | 📄 |
| Vanderbilt Minerals Llc | Motion/Summary Judgment | Motion | | 12/27/2022-21:23 | | 📄 |
| Mary Kay Inc | Exhibit A to the Motion for Summary Judgment | Filing | | 12/27/2022-15:38 | | 📄 |
| Mary Kay Inc | Exhibit B to the Motion for Summary Judgment | Filing | | 12/27/2022-15:38 | | 📄 |
| Mary Kay Inc | Motion/Summary Judgment | Motion | | 12/27/2022-15:22 | | 📄 |
| Avon Products Inc | Motion/Admission Pro Hac Vice/Michael E Tuttle | Motion | | 12/22/2022-16:43 | | 📄📄📄 |
| Plant, Sarah J | NEF(12-22-2022 11:03:26 AM) Letter/Letter | Filing | | 12/22/2022-11:03 | | 📄 |
| Plant, Sarah J | Supreme Court letter approving Pro Hac Vice / Williams | Filing | | 12/22/2022-11:03 | | 📄 |
| Color Techniques Inc | NEF(12-21-2022 01:44:34 PM) Motion/Admission Pro Hac Vic... | Filing | | 12/21/2022-15:22 | | 📄 |
| Color Techniques Inc | Motion/Admission Pro Hac Vice | Motion | | 12/21/2022-13:44 | | 📄📄 |
| Beacon Cmp Corporation | NEF(12-20-2022 06:48:18 PM) Stipulation Of Dismissal | Filing | | 12/21/2022-09:50 | | 📄 |

| | | | | | |
|---|---|---|---|---|---|
| Chattem Inc | NEF(12-20-2022 06:45:25 PM) Motion/Admission Pro Hac Vic... | Filing | | 12/21/2022-09:08 | |
| Beacon Cmp Corporation | Stipulation Of Dismissal as to Beacon Cmp Corporation | Filing | | 12/20/2022-18:48 | |
| Chattem Inc | Motion/Admission Pro Hac Vice | Motion | | 12/20/2022-18:45 | |
| Avon Products Inc | NEF(12-14-2022 02:10:07 PM) Order/Pro Hac Vice | Filing | | 12/14/2022-14:10 | |
| Avon Products Inc | Order/Pro Hac Vice/Stephen R. Novakidis | Order | | 12/14/2022-14:10 | |
| Dillards Inc | NEF(12-14-2022 02:08:41 PM) Order/Pro Hac Vice | Filing | | 12/14/2022-14:09 | |
| Dillards Inc | Order/Pro Hac Vice/James A. Lowery, III | Order | | 12/14/2022-14:08 | |
| Plant, Sarah J | NEF(12-13-2022 03:52:59 PM) Letter/Letter | Filing | | 12/13/2022-15:53 | |
| Plant, Sarah J | Supreme Court letter admitting Pro Hac Vice / Insco | Filing | | 12/13/2022-15:52 | |
| Dillards Inc | NEF(12-07-2022 12:50:21 PM) Order/Order Cover Sheet $25.... | Filing | | 12/11/2022-17:35 | |
| Dillards Inc | Order/Order Cover Sheet $25.00 | Filing | | 12/07/2022-12:50 | |
| Dillards Inc | NEF(12-06-2022 02:06:03 PM) Motion/Admission Pro Hac Vic... | Filing | | 12/07/2022-08:49 | |
| Plant, Sarah J | NEF(12-06-2022 02:54:46 PM) Letter/Letter | Filing | | 12/06/2022-14:56 | |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Novakidis | Filing | | 12/06/2022-14:54 | |
| Dillards Inc | Motion/Admission Pro Hac Vice | Motion | | 12/06/2022-14:06 | |
| Avon Products Inc | NEF(12-01-2022 02:08:48 PM) Order/Pro Hac Vice | Filing | | 12/01/2022-15:24 | |
| Plant, Sarah J | NEF(12-01-2022 02:21:04 PM) Letter/Letter | Filing | | 12/01/2022-14:34 | |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Lowery | Filing | | 12/01/2022-14:21 | |
| Avon Products Inc | Order/Pro Hac Vice/Stephen R. Vedova | Order | | 12/01/2022-14:08 | |
| Dillards Inc | NEF(12-01-2022 09:44:21 AM) Order/Protective Order | Filing | | 12/01/2022-11:01 | |
| Dillards Inc | Consent Protective & Confidentiality Order | Order | | 12/01/2022-09:44 | |
| Avon Products Inc | NEF(11-29-2022 02:25:22 PM) Order/Order Cover Sheet $25.... | Filing | | 11/29/2022-15:44 | |
| Avon Products Inc | NEF(11-29-2022 02:29:02 PM) | Filing | | 11/29/2022-15:44 | |

| | Order/Order Cover Sheet $25.... | | | | | |
|---|---|---|---|---|---|---|
| Avon Products Inc | Order/Order Cover Sheet $25.00 | Filing | | 11/29/2022-14:29 | | |
| Avon Products Inc | Order/Order Cover Sheet $25.00 | Filing | | 11/29/2022-14:25 | | |
| Dillards Inc | NEF(11-29-2022 08:14:28 AM) Order/Order Cover Sheet $25.... | Filing | | 11/29/2022-08:37 | | 📄 |
| Dillards Inc | Order/Order Cover Sheet $25.00 | Filing | | 11/29/2022-08:14 | | |
| Plant, Sarah J | NEF(11-28-2022 01:32:21 PM) Order/Pro Hac Vice | Filing | | 11/28/2022-13:33 | | 📄 |
| Avon Products Inc | NEF(11-28-2022 01:31:40 PM) Order/Pro Hac Vice | Filing | | 11/28/2022-13:32 | | 📄 |
| Plant, Sarah J | Order/Pro Hac Vice/Benjamin D. Braly | Order | | 11/28/2022-13:32 | | 📄 |
| Avon Products Inc | Order/Pro Hac Vice/Stephen R. Vedova | Order | | 11/28/2022-13:31 | | 📄 |
| Colgate Palmolive Company | NEF(11-28-2022 01:28:29 PM) Order/Pro Hac Vice | Filing | | 11/28/2022-13:29 | | 📄 |
| Colgate Palmolive Company | Order/Pro Hac Vice/Ashley A. Wetzel | Order | | 11/28/2022-13:28 | | 📄 |
| Avon Products Inc | NEF(11-17-2022 03:18:27 PM) Motion/Admission Pro Hac Vic... | Filing | | 11/17/2022-15:56 | | 📄 |
| Avon Products Inc | Motion/Admission Pro Hac Vice | Motion | | 11/17/2022-15:18 | | 📄📄📄📄 |
| Plant, Sarah J | NEF(11-16-2022 11:24:37 AM) Letter/Letter | Filing | | 11/16/2022-11:27 | | 📄 |
| Plant, Sarah J | NEF(11-16-2022 11:23:45 AM) Letter/Letter | Filing | | 11/16/2022-11:25 | | 📄 |
| Plant, Sarah J | Supreme Court letter admitting Pro Hac Vice / Wetzel | Filing | | 11/16/2022-11:24 | | 📄 |
| Plant, Sarah J | Supreme Court letter admitting Pro Hac Vice / Vedova | Filing | | 11/16/2022-11:23 | | 📄 |
| Vi Jon Llc | NEF(11-15-2022 04:42:14 PM) Order/Protective Order | Filing | | 11/15/2022-16:43 | | 📄 |
| Vi Jon Llc | Confidentiality Order | Order | | 11/15/2022-16:42 | | 📄 |
| Vi Jon Llc | NEF(11-11-2022 06:25:41 PM) Motion/Other | Filing | | 11/14/2022-08:25 | | 📄 |
| Vi Jon Llc | Consent Motion for Condfidentiality Order | Motion | | 11/11/2022-18:25 | | 📄 |
| Vi Jon Llc | Order/Order Cover Sheet $25.00 | Filing | | 11/11/2022-18:25 | | |
| Plant, Sarah J | NEF(11-09-2022 02:56:11 PM) Letter/Letter | Filing | | 11/09/2022-14:56 | | 📄 |
| Plant, Sarah J | Supreme Court letter / Pro Hac Vice Braly | Filing | | 11/09/2022-14:56 | | 📄 |
| Color Techniques Inc | NEF(11-08-2022 02:16:35 PM) | Filing | | 11/08/2022-15:29 | | 📄 |

| | Motion/Admission Pro Hac Vic... | | | | | |
|---|---|---|---|---|---|---|
| Color Techniques Inc | Motion/Admission Pro Hac Vice | Motion | | 11/08/2022-14:16 | | 📄📄 |
| Avon Products Inc | NEF(11-08-2022 10:26:46 AM) Motion/Admission Pro Hac Vic... | Filing | | 11/08/2022-11:23 | | 📄 |
| Avon Products Inc | Motion/Admission Pro Hac Vice | Motion | | 11/08/2022-10:26 | | 📄📄📄 |
| Colgate Palmolive Company | NEF(11-02-2022 02:34:33 PM) Proposed Order/Pro Hac Vice | Filing | | 11/02/2022-15:58 | | 📄 |
| Colgate Palmolive Company | NEF(11-02-2022 02:08:09 PM) Motion/Admission Pro Hac Vic... | Filing | | 11/02/2022-15:57 | | 📄 |
| Colgate Palmolive Company | Order/Order Cover Sheet $25.00 | Filing | | 11/02/2022-14:34 | | |
| Colgate Palmolive Company | Motion/Admission Pro Hac Vice | Motion | | 11/02/2022-14:08 | | 📄📄📄 |
| Plant, Sarah J | NEF(11-01-2022 02:18:47 PM) Motion/Admission Pro Hac Vic... | Filing | | 11/01/2022-15:18 | | 📄 |
| Plant, Sarah J | Motion for Admission Pro Hac Vice of Benjamin D. Braly | Motion | | 11/01/2022-14:18 | | 📄📄 |
| Avon Products Inc | NEF(10-31-2022 11:59:57 AM) Motion/Admission Pro Hac Vic... | Filing | | 10/31/2022-14:52 | | 📄 |
| Avon Products Inc | Motion/Admission Pro Hac Vice | Motion | | 10/31/2022-11:59 | | 📄📄📄 |
| Plant, Sarah J | NEF(10-31-2022 10:23:58 AM) Notice/Notice of Appearance | Filing | | 10/31/2022-11:03 | | 📄 |
| Plant, Sarah J | NEF(10-31-2022 10:25:26 AM) Notice/Notice of Appearance | Filing | | 10/31/2022-10:26 | | 📄 |
| Plant, Sarah J | Notice/Notice of Appearance | Filing | | 10/31/2022-10:25 | | |
| Plant, Sarah J | Notice/Notice of Appearance | Filing | | 10/31/2022-10:23 | | |
| Plant, Sarah J | NEF(10-31-2022 09:26:31 AM) Order/Other | Filing | | 10/31/2022-09:28 | | 📄 |
| Plant, Sarah J | Order The Court finds that the Motion should be DENIED in al | Order | | 10/31/2022-09:26 | | 📄 |
| Plant, Sarah J | NEF(10-28-2022 04:34:18 PM) Order/Other | Filing | | 10/28/2022-16:35 | | 📄 |
| Plant, Sarah J | Order/Other | Order | | 10/28/2022-16:34 | | 📄 |
| Plant, Sarah J | NEF(10-28-2022 03:02:12 PM) Order/Protective Order | Filing | | 10/28/2022-15:03 | | 📄 |
| Plant, Sarah J | Confidentiality Order | Order | | 10/28/2022-15:02 | | 📄 |
| Plant, Sarah J | NEF(10-27-2022 03:35:20 PM) Proposed Order/Protective Or... | Filing | | 10/27/2022-16:36 | | 📄 |

| Plant, Sarah J | Order/Order Cover Sheet $25.00 | Filing | | 10/27/2022-15:35 | |
|---|---|---|---|---|---|
| Mary Kay Inc | NEF(10-26-2022 05:16:34 PM) Memo/Memo in Opposition | Filing | | 10/27/2022-08:38 | 📄 |
| Mary Kay Inc | Memo/Memo in Opposition To Plaintiffs' Motion For Protective | Filing | | 10/26/2022-17:16 | 📄📄 |
| Mary Kay Inc | NEF(10-26-2022 12:45:47 PM) Motion/Alter and/or Amend | Filing | | 10/26/2022-13:14 | 📄 |
| Mary Kay Inc | Motion To Amend Or Vacate The Docketing Order | Motion | | 10/26/2022-12:45 | 📄📄📄📄 📄📄📄📄 📄📄📄📄 📄📄📄📄 📄📄 |
| Imi Fabi Llc | NEF(10-25-2022 02:15:50 PM) Order/Substitution Of Counse... | Filing | | 10/25/2022-14:16 | 📄 |
| Imi Fabi Llc | Order/Substitution Of Counsel | Order | | 10/25/2022-14:15 | 📄 |
| Mary Kay Inc | NEF(10-25-2022 09:11:52 AM) Order/Pro Hac Vice | Filing | | 10/25/2022-09:12 | 📄 |
| Mary Kay Inc | Order/Pro Hac Vice/Chris Schwegmann | Order | | 10/25/2022-09:11 | 📄 |
| Mary Kay Inc | NEF(10-24-2022 12:53:42 PM) Order/Order Cover Sheet $25.... | Filing | | 10/24/2022-14:04 | 📄 |
| Mary Kay Inc | Order/Order Cover Sheet $25.00 | Filing | | 10/24/2022-12:53 | |
| Imi Fabi Llc | NEF(10-20-2022 12:59:02 PM) Proposed Order/Substitution ... | Filing | | 10/20/2022-14:16 | 📄 |
| Plant, Sarah J | NEF(10-20-2022 01:45:15 PM) Order/Pro Hac Vice | Filing | | 10/20/2022-13:46 | 📄 |
| Plant, Sarah J | Order/Pro Hac Vice/Jordan L. Bollinger | Order | | 10/20/2022-13:45 | 📄 |
| Imi Fabi Llc | Order/Order Cover Sheet $25.00 | Filing | | 10/20/2022-12:59 | |
| Imi Fabi Llc | Notice/Notice of Appearance | Filing | | 10/20/2022-12:59 | |
| Highwater Clays Inc | NEF(10-18-2022 12:18:19 PM) Notice/Notice of Appearance | Filing | | 10/18/2022-12:18 | 📄 |
| Highwater Clays Inc | Notice/Notice of Appearance | Filing | | 10/18/2022-12:18 | |
| Block Drug Company Inc | NEF(10-17-2022 04:38:32 PM) Order/Pro Hac Vice | Filing | | 10/17/2022-16:58 | 📄 |
| Block Drug Company Inc | Order/Pro Hac Vice/Matthew M. Enenbach | Order | | 10/17/2022-16:38 | 📄 |
| Plant, Sarah J | ADR/Alternative Dispute Resolution (Workflow) | Action | | 10/06/2022-15:24 | |

| Mary Kay Inc | NEF(10-05-2022 05:47:34 PM) Memo/Memo in Opposition | Filing | | 10/06/2022-08:30 | | |
| Mary Kay Inc | Memo/Memo in Opposition To Motion To Expedite | Filing | | 10/05/2022-17:47 | | |
| Vi Jon Llc | NEF(10-05-2022 09:52:37 AM) Notice/Notice of Appearance | Filing | | 10/05/2022-10:39 | | |
| Vi Jon Llc | NEF(10-05-2022 09:45:19 AM) Notice/Notice of Appearance | Filing | | 10/05/2022-10:18 | | |
| Vi Jon Llc | Notice/Notice of Appearance | Filing | | 10/05/2022-09:52 | | |
| Vi Jon Llc | Notice/Notice of Appearance | Filing | | 10/05/2022-09:45 | | |
| Avon Products Inc | NEF(10-03-2022 03:56:08 PM) Order/Other | Filing | | 10/03/2022-15:56 | | |
| Avon Products Inc | Docketing Order | Order | | 10/03/2022-15:56 | | |
| Block Drug Company Inc | NEF(10-03-2022 10:06:41 AM) Notice/Other | Filing | | 10/03/2022-10:16 | | |
| Block Drug Company Inc | Notice of Withdrawal As Counsel | Filing | | 10/03/2022-10:06 | | |
| Plant, Sarah J | NEF(09-26-2022 03:45:44 PM) Motion/Admission Pro Hac Vic... | Filing | | 09/26/2022-16:33 | | |
| Plant, Sarah J | NEF(09-26-2022 04:27:47 PM) Letter/Letter | Filing | | 09/26/2022-16:28 | | |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Bollinger | Filing | | 09/26/2022-16:27 | | |
| Plant, Sarah J | Motion/Admission Pro Hac Vice | Motion | | 09/26/2022-15:45 | | |
| Whittaker Clark & Daniels Inc | NEF(09-20-2022 08:46:38 AM) Order/Substitution Of Counse... | Filing | | 09/20/2022-09:25 | | |
| Whittaker Clark & Daniels Inc | Order/Substitution Of Counsel | Order | | 09/20/2022-08:46 | | |
| Whittaker Clark & Daniels Inc | NEF(09-16-2022 10:38:37 AM) Order/Order Cover Sheet $25.... | Filing | | 09/16/2022-12:07 | | |
| Whittaker Clark & Daniels Inc | Order/Order Cover Sheet $25.00 | Filing | | 09/16/2022-10:38 | | |
| Whittaker Clark & Daniels Inc | NEF(09-16-2022 10:05:01 AM) Notice/Notice of Appearance | Filing | | 09/16/2022-10:34 | | |
| Whittaker Clark & Daniels Inc | Notice/Notice of Appearance | Filing | | 09/16/2022-10:05 | | |
| Plant, Sarah J | NEF(09-14-2022 12:09:20 PM) Letter/Letter | Filing | | 09/14/2022-12:09 | | |
| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Gutierrez | Filing | | 09/14/2022-12:09 | | |
| Plant, Sarah J | NEF(09-14-2022 12:07:58 PM) Letter/Letter | Filing | | 09/14/2022-12:08 | | |

| Plant, Sarah J | Supreme Court letter admitting pro hac vice / Enenbach | Filing | | 09/14/2022-12:07 | |  |
|---|---|---|---|---|---|---|
| Mary Kay Inc | NEF(09-01-2022 04:00:12 PM) Memo/Memo in Opposition | Filing | | 09/02/2022-08:48 | |  |
| Mary Kay Inc | Memo/Memo in Opposition to Motion for Protective Order | Filing | | 09/01/2022-16:00 | |  |
| Block Drug Company Inc | NEF(09-01-2022 02:55:56 PM) Motion/Admission Pro Hac Vic... | Filing | | 09/01/2022-15:56 | |  |
| Block Drug Company Inc | NEF(09-01-2022 03:17:01 PM) Motion/Admission Pro Hac Vic... | Filing | | 09/01/2022-15:54 | |  |
| Block Drug Company Inc | Motion/Admission Pro Hac Vice | Motion | | 09/01/2022-15:17 | |  |
| Block Drug Company Inc | Motion/Admission Pro Hac Vice | Motion | | 09/01/2022-14:55 | |  |
| Plant, Sarah J | NEF(08-31-2022 02:18:05 PM) Letter/Letter | Filing | | 08/31/2022-14:18 | |  |
| Plant, Sarah J | Supreme Court Letter admitting pro hac vice / Schwegmann | Filing | | 08/31/2022-14:18 | |  |
| Plant, Sarah J | NEF(08-29-2022 11:34:49 PM) Motion/Relief | Filing | | 08/30/2022-09:13 | |  |
| Plant, Sarah J | Motion For Protective Order From Deposition Discovery Abuses | Motion | | 08/29/2022-23:34 | |  |
| Mary Kay Inc | NEF(08-26-2022 12:29:25 PM) Motion/Admission Pro Hac Vic... | Filing | | 08/29/2022-09:00 | |  |
| Mary Kay Inc | Motion/Admission Pro Hac Vice | Motion | | 08/26/2022-12:29 | |  |
| Mary Kay Inc | NEF(08-23-2022 03:56:43 PM) Motion/Dismiss | Filing | | 08/23/2022-16:09 | |  |
| Mary Kay Inc | Motion/Dismiss Plaintiffs' First Amended Complaint | Motion | | 08/23/2022-15:56 | |  |
| Bristol Myers Squibb Company | NEF(08-23-2022 11:40:06 AM) Answer/Answer To Amended Com... | Filing | | 08/23/2022-11:47 | |  |
| Bristol Myers Squibb Company | Notice/Notice of Appearance | Filing | | 08/23/2022-11:40 | | |
| Bristol Myers Squibb Company | Answer/Answer To Amended Complaint | Filing | | 08/23/2022-11:40 | |  |
| Mary Kay Inc | NEF(07-14-2022 11:25:59 AM) Order/Pro Hac Vice | Filing | | 07/14/2022-11:26 | |  |
| Mary Kay Inc | Order/Pro Hac Vice/Jill Herz | Order | | 07/14/2022-11:25 | |  |
| Imi Fabi Llc | NEF(07-13-2022 02:40:58 PM) Memo/Memo in Support | Filing | | 07/13/2022-15:27 | |  |
| Imi Fabi Usa Inc | NEF(07-13-2022 02:34:18 PM) Memo/Memo in Support | Filing | | 07/13/2022-15:15 | |  |
| Imi Fabi Llc | Memo/Memo in Support of Its Motion | Filing | | 07/13/2022-14:40 | |  |

| | to Dismiss | | | | | |
|---|---|---|---|---|---|---|
| **Imi Fabi Usa Inc** | **Memo/Memo in Support of Its Motion to Dismiss** | **Filing** | | **07/13/2022-14:34** | | 📄📄 |
| **Imi Fabi Diana Llc** | **NEF(07-13-2022 02:25:15 PM) Memo/Memo in Support** | **Filing** | | **07/13/2022-14:33** | | 📄 |
| **Imi Fabi Diana Llc** | **Memo/Memo in Support of Its Motion to Dismiss** | **Filing** | | **07/13/2022-14:25** | | 📄📄 |
| **Plant, Sarah J** | **NEF(07-11-2022 11:57:11 AM) Letter/Letter** | **Filing** | | **07/11/2022-11:57** | | 📄 |
| **Plant, Sarah J** | **Supreme Court Letter approving Pro Hac Vice / Herz** | **Filing** | | **07/11/2022-11:57** | | 📄 |
| **Mary Kay Inc** | **NEF(07-07-2022 10:46:15 AM) Motion/Admission Pro Hac Vic...** | **Filing** | | **07/07/2022-12:29** | | 📄 |
| **Mary Kay Inc** | **Motion/Admission Pro Hac Vice** | **Motion** | | **07/07/2022-10:46** | | 📄📄📄 |
| **Mary Kay Inc** | **NEF(07-05-2022 09:20:57 AM) Motion/Protection Court Appe...** | **Filing** | | **07/05/2022-09:35** | | 📄 |
| **Mary Kay Inc** | **Motion/Protection Court Appearance** | **Motion** | | **07/05/2022-09:20** | | 📄 |
| **Elizabeth Arden Inc** | **NEF(06-29-2022 04:00:20 PM) Notice/Stay due to Bankruptc...** | **Filing** | | **06/30/2022-09:45** | | 📄 |
| **Rite Aid Of South Carolina Inc** | **NEF(06-29-2022 04:09:25 PM) Motion/Protection Court Appe...** | **Filing** | | **06/29/2022-16:42** | | 📄 |
| **Rite Aid Of South Carolina Inc** | **Motion/Protection Court Appearance** | **Motion** | | **06/29/2022-16:09** | | 📄 |
| **Rite Aid Of South Carolina Inc** | **Order/Order Cover Sheet $25.00** | **Filing** | | **06/29/2022-16:09** | | |
| **Elizabeth Arden Inc** | **Notice/Notice of Appearance** | **Filing** | | **06/29/2022-16:00** | | |
| **Revlon Inc** | **Notice/Stay due to Bankruptcy** | **Filing** | | **06/29/2022-16:00** | | 📄📄 |
| **Block Drug Company Inc** | **NEF(06-16-2022 01:09:08 PM) Notice/Notice of Appearance** | **Filing** | | **06/16/2022-13:48** | | 📄 |
| **Block Drug Company Inc** | **Answer/Answer To Amended Complaint** | **Filing** | | **06/16/2022-13:09** | | 📄 |
| **Block Drug Company Inc** | **Notice/Notice of Appearance** | **Filing** | | **06/16/2022-13:09** | | |
| **Topco Associates Llc** | **NEF(06-03-2022 04:16:32 PM) Notice/Notice of Appearance** | **Filing** | | **06/03/2022-16:48** | | 📄 |
| **Topco Associates Llc** | **NEF(06-03-2022 04:03:23 PM) Notice/Notice of Appearance** | **Filing** | | **06/03/2022-16:30** | | 📄 |
| **Topco Associates Llc** | **Answer/Answer To Amended Complaint of Topco Associates Llc** | **Filing** | | **06/03/2022-16:16** | | 📄 |
| **Topco Associates Llc** | **Notice/Notice of Appearance** | **Filing** | | **06/03/2022-16:16** | | |
| **Topco Associates Llc** | **Notice/Notice of Appearance** | **Filing** | | **06/03/2022-16:03** | | |

| | | | | | |
|---|---|---|---|---|---|
| Topco Associates Llc | Memo/Memo in Support Of its Motion To Dismiss For Lack Of Pe | Filing | | 06/03/2022-16:03 | 📄📄 |
| Topco Associates Llc | Motion/Dismiss For Lack Of Personal Jurisdiction And Motion | Motion | | 06/03/2022-16:03 | 📄 |
| Block Drug Company Inc | NEF(06-01-2022 04:48:17 PM) Notice/Notice of Appearance | Filing | | 06/01/2022-16:49 | 📄 |
| Block Drug Company Inc | Notice/Notice of Appearance | Filing | | 06/01/2022-16:48 | |
| Walmart Inc | NEF(05-26-2022 06:14:45 PM) Answer/Amended Answer | Filing | | 05/27/2022-08:36 | 📄 |
| Walmart Inc | Answer/Amended Answer To Plaintiffs' Amended Complaint | Filing | | 05/26/2022-18:14 | 📄 |
| Vi Jon Inc | NEF(05-23-2022 06:28:05 PM) Answer/Answer and Jury Deman... | Filing | | 05/24/2022-08:34 | 📄 |
| Vi Jon Inc | Answer/Answer and Jury Demand of Vi Jon Inc | Filing | | 05/23/2022-18:28 | 📄 |
| Vi Jon Llc | NEF(05-23-2022 06:13:35 PM) Notice/Notice of Appearance | Filing | | 05/23/2022-18:14 | 📄 |
| Vi Jon Llc | Notice/Notice of Appearance | Filing | | 05/23/2022-18:13 | |
| Vi Jon Llc | Notice/Notice of Appearance | Filing | | 05/23/2022-18:13 | |
| Plant, Sarah J | NEF(05-19-2022 06:02:02 PM) Notice/Notice of Appearance | Filing | | 05/19/2022-18:02 | 📄 |
| Plant, Sarah J | Notice/Notice of Appearance | Filing | | 05/19/2022-18:02 | |
| Winn Dixie Stores Inc | NEF(05-19-2022 11:45:43 AM) Answer/Answer To Amended Com... | Filing | | 05/19/2022-12:46 | 📄 |
| Walgreen Co | NEF(05-19-2022 11:44:10 AM) Answer/Answer To Amended Com... | Filing | | 05/19/2022-12:46 | 📄 |
| Southeastern Grocers Inc | NEF(05-19-2022 11:41:42 AM) Answer/Answer To Amended Com... | Filing | | 05/19/2022-12:04 | 📄 |
| Winn Dixie Stores Inc | Answer/Answer To Amended Complaint | Filing | | 05/19/2022-11:45 | 📄 |
| Walgreen Co | Answer/Answer To Amended Complaint | Filing | | 05/19/2022-11:44 | 📄 |
| Southeastern Grocers Inc | Answer/Answer To Amended Complaint of Southeastern Grocers I | Filing | | 05/19/2022-11:41 | 📄 |
| Chattem Inc | NEF(05-17-2022 04:11:47 PM) Answer/Answer To Amended Com... | Filing | | 05/18/2022-11:10 | 📄 |
| Chattem Inc | Answer/Answer To Amended Complaint of Chattem Inc | Filing | | 05/17/2022-16:11 | 📄 |

| | | | | | |
|---|---|---|---|---|---|
| American Art Clay Co Inc | NEF(05-16-2022 05:50:16 PM) Answer/Answer To Amended Com... | Filing | | 05/17/2022-08:26 | 📄 |
| Amaco Llc | NEF(05-16-2022 06:01:10 PM) Motion/Dismiss | Filing | | 05/17/2022-08:26 | 📄 |
| Mary Kay Inc | NEF(05-16-2022 04:46:41 PM) Answer/Answer To Amended Com... | Filing | | 05/17/2022-08:21 | 📄 |
| Amaco Llc | Motion/Dismiss | Motion | | 05/16/2022-18:01 | 📄 |
| Amaco Llc | NEF(05-16-2022 05:57:33 PM) Notice/Notice of Appearance | Filing | | 05/16/2022-17:58 | 📄 |
| Amaco Llc | Notice/Notice of Appearance | Filing | | 05/16/2022-17:57 | |
| American Art Clay Co Inc | Answer/Answer To Amended Complaint of American Art Clay Co I | Filing | | 05/16/2022-17:50 | 📄 |
| Mary Kay Inc | Answer/Answer To Amended Complaint of Mary Kay Inc | Filing | | 05/16/2022-16:46 | 📄 |
| American Art Clay Co Inc | NEF(05-16-2022 03:59:27 PM) Answer/Answer | Filing | | 05/16/2022-16:04 | 📄 |
| American Art Clay Co Inc | Answer/Answer of American Art Clay Co Inc | Filing | | 05/16/2022-15:59 | 📄 |
| American Art Clay Co Inc | NEF(05-16-2022 03:56:59 PM) Notice/Notice of Appearance | Filing | | 05/16/2022-15:57 | 📄 |
| American Art Clay Co Inc | Notice/Notice of Appearance | Filing | | 05/16/2022-15:56 | |
| American Art Clay Co Inc | NEF(05-16-2022 03:53:29 PM) Notice/Notice of Appearance | Filing | | 05/16/2022-15:54 | 📄 |
| American Art Clay Co Inc | Notice/Notice of Appearance | Filing | | 05/16/2022-15:53 | |
| Colgate Palmolive Company | NEF(05-16-2022 03:16:33 PM) Answer/Answer To Amended Com... | Filing | | 05/16/2022-15:21 | 📄 |
| Colgate Palmolive Company | Answer/Answer To Amended Complaint of Colgate Palmolive Comp | Filing | | 05/16/2022-15:16 | 📄 |
| Colgate Palmolive Company | Notice/Notice of Appearance | Filing | | 05/16/2022-15:16 | |
| Imi Fabi Llc | NEF(05-13-2022 04:51:35 PM) Motion/Dismiss | Filing | | 05/16/2022-08:43 | 📄 |
| Imi Fabi Llc | Motion/Dismiss for Lack of Personal Jurisdiction | Motion | | 05/13/2022-16:51 | 📄 |
| Imi Fabi Llc | Notice/Notice of Appearance | Filing | | 05/13/2022-16:51 | |
| Imi Fabi Usa Inc | NEF(05-13-2022 04:45:06 PM) Motion/Dismiss | Filing | | 05/13/2022-16:49 | 📄 |
| Imi Fabi Usa Inc | Motion/Dismiss For Lack Of Personal Jurisdiction | Motion | | 05/13/2022-16:45 | 📄 |
| Imi Fabi Usa Inc | Notice/Notice of Appearance | Filing | | 05/13/2022-16:45 | |

| Imi Fabi Diana Llc | NEF(05-13-2022 04:28:28 PM) Motion/Dismiss | Filing | | 05/13/2022- 16:37 | 📄 |
|---|---|---|---|---|---|
| Imi Fabi Diana Llc | Motion/Dismiss For Lack Of Personal Jurisdiction | Motion | | 05/13/2022- 16:28 | 📄 |
| Imi Fabi Diana Llc | Notice/Notice of Appearance | Filing | | 05/13/2022- 16:28 | |
| Elizabeth Arden Inc | NEF(05-13-2022 02:15:01 PM) Answer/Answer To Amended Com... | Filing | | 05/13/2022- 14:19 | 📄 |
| Elizabeth Arden Inc | Answer/Answer To Amended Complaint of Elizabeth Arden Inc | Filing | | 05/13/2022- 14:15 | 📄 |
| Revlon Consumer Products Corporation | NEF(05-13-2022 01:53:35 PM) Answer/Answer To Amended Com... | Filing | | 05/13/2022- 14:04 | 📄 |
| Maybelline Llc | NEF(05-13-2022 01:48:40 PM) Answer/Answer To Amended Com... | Filing | | 05/13/2022- 14:04 | 📄 |
| Revlon Inc | NEF(05-13-2022 01:50:27 PM) Answer/Answer To Amended Com... | Filing | | 05/13/2022- 13:55 | 📄 |
| Revlon Consumer Products Corporation | Answer/Answer To Amended Complaint of Revlon Consumer Produc | Filing | | 05/13/2022- 13:53 | 📄 |
| L Oreal Usa Inc | NEF(05-13-2022 01:46:19 PM) Answer/Answer To Amended Com... | Filing | | 05/13/2022- 13:53 | 📄 |
| L Oreal Usa Products Inc | NEF(05-13-2022 01:43:43 PM) Answer/Answer To Amended Com... | Filing | | 05/13/2022- 13:50 | 📄 |
| Revlon Inc | Answer/Answer To Amended Complaint of Revlon Inc | Filing | | 05/13/2022- 13:50 | 📄 |
| Maybelline Llc | Answer/Answer To Amended Complaint of Maybelline Llc | Filing | | 05/13/2022- 13:48 | 📄 |
| L Oreal Usa Inc | Answer/Answer To Amended Complaint of L Oreal Usa Inc | Filing | | 05/13/2022- 13:46 | 📄 |
| L Oreal Usa Products Inc | Answer/Answer To Amended Complaint of L Oreal Usa Products I | Filing | | 05/13/2022- 13:43 | 📄 |
| Beacon Cmp Corporation | NEF(05-11-2022 03:09:43 PM) Notice/Notice of Appearance | Filing | | 05/11/2022- 15:20 | 📄 |
| Beacon Cmp Corporation | Answer/Answer of Beacon Cmp Corporation | Filing | | 05/11/2022- 15:09 | 📄 |
| Beacon Cmp Corporation | Notice/Notice of Appearance | Filing | | 05/11/2022- 15:09 | |
| Piggly Wiggly | NEF(05-10-2022 02:40:26 PM) Answer/Answer To Amended Com... | Filing | | 05/10/2022- 14:43 | 📄 |
| Piggly Wiggly | Answer/Answer To Amended Complaint of Lowcountry Grocers Llc | Filing | | 05/10/2022- 14:40 | 📄 |

| | | | | |
|---|---|---|---|---|
| R T Vanderbilt Holding Company Inc | NEF(05-04-2022 05:33:47 PM) Answer/Answer To Amended Com... | Filing | 05/05/2022-08:32 | 🗎 |
| Vanderbilt Minerals Llc | NEF(05-04-2022 05:30:46 PM) Answer/Amended Answer | Filing | 05/05/2022-08:32 | 🗎 |
| Vanderbilt Minerals Llc | NEF(05-04-2022 05:20:43 PM) Answer/Answer To Amended Com... | Filing | 05/05/2022-08:32 | 🗎 |
| R T Vanderbilt Holding Company Inc | Answer/Answer To Amended Complaint | Filing | 05/04/2022-17:33 | 🗎 |
| Vanderbilt Minerals Llc | Answer/Amended Answer | Filing | 05/04/2022-17:30 | 🗎 |
| Vanderbilt Minerals Llc | Answer/Answer To Amended Complaint | Filing | 05/04/2022-17:20 | 🗎 |
| R T Vanderbilt Holding Company Inc | NEF(05-04-2022 12:39:19 PM) Answer/Answer | Filing | 05/04/2022-13:03 | 🗎 |
| R T Vanderbilt Holding Company Inc | Answer/Answer of R T Vanderbilt Holding Company Inc | Filing | 05/04/2022-12:39 | 🗎 |
| Vanderbilt Minerals Llc | NEF(05-04-2022 12:28:01 PM) Answer/Amended Answer | Filing | 05/04/2022-12:33 | 🗎 |
| Vanderbilt Minerals Llc | Answer/Amended Answer | Filing | 05/04/2022-12:28 | 🗎 |
| Variety Wholesalers Inc | NEF(05-03-2022 03:32:32 PM) Answer/Answer To Amended Com... | Filing | 05/03/2022-15:43 | 🗎 |
| Variety Wholesalers Inc | Answer/Answer To Amended Complaint of Variety Wholesalers In | Filing | 05/03/2022-15:32 | 🗎 |
| Vanderbilt Minerals Llc | NEF(05-03-2022 01:02:48 PM) Answer/Answer | Filing | 05/03/2022-13:09 | 🗎 |
| Vanderbilt Minerals Llc | Answer/Answer of Vanderbilt Minerals Llc | Filing | 05/03/2022-13:02 | 🗎 |
| Conopco Inc | NEF(05-03-2022 10:42:27 AM) Answer/Answer | Filing | 05/03/2022-11:00 | 🗎 |
| Conopco Inc | Answer/Answer of Conopco Inc | Filing | 05/03/2022-10:42 | 🗎 |
| Color Techniques Inc | NEF(05-02-2022 05:18:27 PM) Answer/Answer To Amended Com... | Filing | 05/03/2022-08:32 | 🗎 |
| Color Techniques Inc | Answer/Answer To Amended Complaint of Color Techniques Inc | Filing | 05/02/2022-17:18 | 🗎 |
| Color Techniques Inc | Motion/Dismiss | Motion | 05/02/2022-17:18 | 🗎 |
| Mary Kay Inc | NEF(05-02-2022 01:10:10 PM) Notice/Notice of Appearance | Filing | 05/02/2022-13:10 | 🗎 |
| Mary Kay Inc | Notice/Notice of Appearance | Filing | 05/02/2022-13:10 | 🗎 |
| Vanderbilt Minerals Llc | NEF(05-02-2022 12:49:35 PM) Notice/Notice of Appearance | Filing | 05/02/2022-12:50 | 🗎 |

| | | | | | |
|---|---|---|---|---|---|
| Vanderbilt Minerals Llc | Notice/Notice of Appearance | Filing | | 05/02/2022-12:49 | |
| Hamricks Incorporated | NEF(04-29-2022 05:49:27 PM) Notice/Notice of Appearance | Filing | | 05/02/2022-09:03 |  |
| Highwater Clays Inc | NEF(04-30-2022 09:48:19 AM) Notice/Notice of Appearance | Filing | | 04/30/2022-09:49 |  |
| Highwater Clays Inc | Notice/Notice of Appearance | Filing | | 04/30/2022-09:48 | |
| Hamricks Incorporated | Notice/Notice of Appearance | Filing | | 04/29/2022-17:49 | |
| Highwater Clays Inc | Answer/Answer To Amended Complaint of Highwater Clays Inc | Filing | | 04/29/2022-17:49 |  |
| Hamricks Incorporated | Answer/Answer To Amended Complaint of Hamricks Incorporated | Filing | | 04/29/2022-17:49 |  |
| Winn Dixie Stores Inc | NEF(04-29-2022 03:03:16 PM) Notice/Notice of Appearance | Filing | | 04/29/2022-15:15 |  |
| Southeastern Grocers Inc | NEF(04-29-2022 03:00:58 PM) Notice/Notice of Appearance | Filing | | 04/29/2022-15:14 |  |
| Walgreen Co | NEF(04-29-2022 02:58:09 PM) Notice/Notice of Appearance | Filing | | 04/29/2022-15:13 |  |
| Winn Dixie Stores Inc | Answer/Answer of Winn Dixie Stores Inc | Filing | | 04/29/2022-15:03 |  |
| Winn Dixie Stores Inc | Notice/Notice of Appearance | Filing | | 04/29/2022-15:03 | |
| Southeastern Grocers Inc | Notice/Notice of Appearance | Filing | | 04/29/2022-15:00 | |
| Southeastern Grocers Inc | Answer/Answer of Southeastern Grocers Inc | Filing | | 04/29/2022-15:00 |  |
| Walgreen Co | Answer/Answer of Walgreen Co | Filing | | 04/29/2022-14:58 |  |
| Walgreen Co | Notice/Notice of Appearance | Filing | | 04/29/2022-14:58 | |
| Estee Lauder Inc | NEF(04-28-2022 04:22:32 PM) Answer/Answer To Amended Com... | Filing | | 04/28/2022-16:28 |  |
| Estee Lauder Inc | Answer/Answer To Amended Complaint of Estee Lauder Inc | Filing | | 04/28/2022-16:22 |  |
| Estee Lauder Companies Inc | NEF(04-28-2022 04:18:22 PM) Answer/Answer To Amended Com... | Filing | | 04/28/2022-16:22 |  |
| Estee Lauder Companies Inc | Answer/Answer To Amended Complaint of Estee Lauder Companies | Filing | | 04/28/2022-16:18 |  |
| Estee Lauder International Inc | NEF(04-28-2022 04:13:12 PM) Answer/Answer To Amended Com... | Filing | | 04/28/2022-16:17 |  |
| Estee Lauder International Inc | Answer/Answer To Amended Complaint of Estee Lauder Internati | Filing | | 04/28/2022-16:13 |  |

| | | | | | |
|---|---|---|---|---|---|
| **Walmart Inc** | NEF(04-26-2022 05:27:09 PM) Answer/Answer To Amended Com... | **Filing** | | 04/27/2022-08:43 | 📄 |
| **Walmart Inc** | Answer/Answer To Amended Complaint of Walmart Inc | **Filing** | | 04/26/2022-17:27 | 📄 |
| **Belk Inc** | NEF(04-26-2022 04:25:26 PM) Answer/Answer and Jury Deman... | **Filing** | | 04/26/2022-16:42 | 📄 |
| **Belk Inc** | Answer/Answer and Jury Demand of Belk Inc | **Filing** | | 04/26/2022-16:25 | 📄 |
| **Whittaker Clark & Daniels Inc** | NEF(04-26-2022 03:20:50 PM) Answer/Answer To Amended Com... | **Filing** | | 04/26/2022-15:35 | 📄 |
| **Pfizer Inc** | NEF(04-26-2022 03:18:29 PM) Answer/Answer To Amended Com... | **Filing** | | 04/26/2022-15:35 | 📄 |
| **Estee Lauder International Inc** | NEF(04-26-2022 03:16:44 PM) Answer/Answer To Amended Com... | **Filing** | | 04/26/2022-15:34 | 📄 |
| **Estee Lauder Inc** | NEF(04-26-2022 03:14:28 PM) Answer/Answer To Amended Com... | **Filing** | | 04/26/2022-15:26 | 📄 |
| **Whittaker Clark & Daniels Inc** | Answer/Answer To Amended Complaint of Whittaker Clark & Dani | **Filing** | | 04/26/2022-15:20 | 📄 |
| **Estee Lauder Companies Inc** | NEF(04-26-2022 03:12:25 PM) Answer/Answer To Amended Com... | **Filing** | | 04/26/2022-15:19 | 📄 |
| **Pfizer Inc** | Answer/Answer To Amended Complaint of Pfizer Inc | **Filing** | | 04/26/2022-15:18 | 📄 |
| **Estee Lauder International Inc** | Answer/Answer To Amended Complaint of Estee Lauder Internati | **Filing** | | 04/26/2022-15:16 | 📄 |
| **Rite Aid Of South Carolina Inc** | NEF(04-26-2022 03:03:57 PM) Answer/Answer | **Filing** | | 04/26/2022-15:16 | 📄 |
| **Estee Lauder Inc** | Answer/Answer To Amended Complaint of Estee Lauder Inc | **Filing** | | 04/26/2022-15:14 | 📄 |
| **Estee Lauder Companies Inc** | Answer/Answer To Amended Complaint of Estee Lauder Companies | **Filing** | | 04/26/2022-15:12 | 📄 |
| **Rite Aid Of South Carolina Inc** | Answer/Answer of Rite Aid Of South Carolina Inc | **Filing** | | 04/26/2022-15:03 | 📄 |
| **Chattem Inc** | NEF(04-26-2022 01:35:36 PM) Answer/Answer | **Filing** | | 04/26/2022-14:24 | 📄 |
| **Chattem Inc** | Answer/Answer of Chattem Inc | **Filing** | | 04/26/2022-13:35 | 📄 |
| **Coty Inc** | NEF(04-26-2022 11:19:43 AM) Answer/Answer To Amended Com... | **Filing** | | 04/26/2022-11:42 | 📄 |
| **Noxell Corporation** | NEF(04-26-2022 11:21:08 AM) | **Filing** | | 04/26/2022-11:42 | 📄 |

| | Answer/Answer To Amended Com... | | | | | |
|---|---|---|---|---|---|---|
| Noxell Corporation | Answer/Answer To Amended Complaint of Noxell Corporation | Filing | | 04/26/2022-11:21 | | 📄 |
| Coty Inc | Answer/Answer To Amended Complaint of Coty Inc | Filing | | 04/26/2022-11:19 | | 📄 |
| Ingles Market Incorporated | NEF(04-25-2022 01:53:45 PM) Notice/Notice of Appearance | Filing | | 04/25/2022-14:14 | | 📄 |
| Ingles Market Incorporated | Answer/Answer To Amended Complaint of Ingles Market Incorpor | Filing | | 04/25/2022-13:53 | | 📄 |
| Ingles Market Incorporated | Notice/Notice of Appearance | Filing | | 04/25/2022-13:53 | | |
| Dillards Inc | NEF(04-25-2022 08:37:19 AM) Answer/Answer To Amended Com... | Filing | | 04/25/2022-08:47 | | 📄 |
| Dillards Inc | Answer/Answer To Amended Complaint of Dillards Inc | Filing | | 04/25/2022-08:37 | | 📄 |
| Dollar General Corporation | NEF(04-22-2022 01:29:43 PM) Answer/Answer To Amended Com... | Filing | | 04/22/2022-13:39 | | 📄 |
| Dollar General Corporation | Answer/Answer To Amended Complaint of Dollar General Corpora | Filing | | 04/22/2022-13:29 | | 📄 |
| Dollar General Corporation | NEF(04-21-2022 02:25:32 PM) Answer/Amended Answer | Filing | | 04/21/2022-14:35 | | 📄 |
| Dollar General Corporation | Answer/Amended Answer of Dollar General Corporation | Filing | | 04/21/2022-14:25 | | 📄 |
| Avon Products Inc | NEF(04-21-2022 02:06:32 PM) Answer/Answer To Amended Com... | Filing | | 04/21/2022-14:16 | | 📄 |
| Avon Products Inc | Answer/Answer To Amended Complaint of Avon Products Inc | Filing | | 04/21/2022-14:06 | | 📄 |
| Color Techniques Inc | NEF(04-15-2022 02:45:02 PM) Answer/Answer | Filing | | 04/15/2022-14:52 | | 📄 |
| Color Techniques Inc | Answer/Answer of Color Techniques Inc | Filing | | 04/15/2022-14:45 | | 📄 |
| Color Techniques Inc | Motion/Dismiss Plaintiff's Complaint | Motion | | 04/15/2022-14:45 | | 📄 |
| Color Techniques Inc | Notice/Notice of Appearance | Filing | | 04/15/2022-14:45 | | |
| Belk Inc | NEF(04-14-2022 06:22:17 PM) Answer/Answer and Jury Deman... | Filing | | 04/15/2022-09:06 | | 📄 |
| Belk Inc | NEF(04-14-2022 06:08:38 PM) Notice/Notice of Appearance | Filing | | 04/15/2022-09:05 | | 📄 |
| Whittaker Clark & Daniels Inc | NEF(04-14-2022 04:05:38 PM) Answer/Answer and Jury Deman... | Filing | | 04/15/2022-08:41 | | 📄 |
| Variety Wholesalers Inc | NEF(04-15-2022 08:36:16 AM) | Filing | | 04/15/2022-08:36 | | 📄 |

| | Notice/Notice of Appearance | | | | | |
|---|---|---|---|---|---|---|
| Variety Wholesalers Inc | Notice/Notice of Appearance | Filing | | 04/15/2022-08:36 | | |
| Pfizer Inc | NEF(04-14-2022 04:04:04 PM) Answer/Answer and Jury Deman... | Filing | | 04/15/2022-08:35 | | 📄 |
| Belk Inc | Answer/Answer and Jury Demand of Belk Inc | Filing | | 04/14/2022-18:22 | | 📄 |
| Belk Inc | Notice/Notice of Appearance | Filing | | 04/14/2022-18:22 | | |
| Belk Inc | NEF(04-14-2022 06:11:51 PM) Notice/Notice of Appearance | Filing | | 04/14/2022-18:12 | | 📄 |
| Belk Inc | Notice/Notice of Appearance | Filing | | 04/14/2022-18:11 | | |
| Belk Inc | NEF(04-14-2022 06:10:16 PM) Notice/Notice of Appearance | Filing | | 04/14/2022-18:10 | | 📄 |
| Belk Inc | Notice/Notice of Appearance | Filing | | 04/14/2022-18:10 | | |
| Belk Inc | Notice/Notice of Appearance | Filing | | 04/14/2022-18:08 | | |
| Belk Inc | Answer/Answer and Jury Demand of Belk Inc | Filing | | 04/14/2022-18:08 | | 📄 |
| Whittaker Clark & Daniels Inc | Answer/Answer and Jury Demand of Whittaker Clark & Daniels I | Filing | | 04/14/2022-16:05 | | 📄 |
| Pfizer Inc | Answer/Answer and Jury Demand of Pfizer Inc | Filing | | 04/14/2022-16:04 | | 📄 |
| Lowcountry Grocers Llc | NEF(04-14-2022 03:53:39 PM) Notice/Notice of Appearance | Filing | | 04/14/2022-15:54 | | 📄 |
| Lowcountry Grocers Llc | Notice/Notice of Appearance | Filing | | 04/14/2022-15:53 | | |
| Dillards Inc | NEF(04-14-2022 01:02:58 PM) Answer/Answer | Filing | | 04/14/2022-13:15 | | 📄 |
| Dillards Inc | Answer/Answer of Dillards Inc | Filing | | 04/14/2022-13:02 | | 📄 |
| Chattem Inc | NEF(04-13-2022 02:33:46 PM) Answer/Answer | Filing | | 04/13/2022-14:48 | | 📄 |
| Chattem Inc | Answer/Answer of Chattem Inc | Filing | | 04/13/2022-14:33 | | 📄 |
| Chattem Inc | NEF(04-13-2022 02:31:06 PM) Notice/Notice of Appearance | Filing | | 04/13/2022-14:31 | | 📄 |
| Chattem Inc | Notice/Notice of Appearance | Filing | | 04/13/2022-14:31 | | |
| Chattem Inc | NEF(04-13-2022 02:23:16 PM) Notice/Notice of Appearance | Filing | | 04/13/2022-14:23 | | 📄 |
| Chattem Inc | Notice/Notice of Appearance | Filing | | 04/13/2022-14:23 | | |
| Chattem Inc | NEF(04-13-2022 02:17:05 PM) Notice/Notice of Appearance | Filing | | 04/13/2022-14:17 | | 📄 |

| | | | | | |
|---|---|---|---|---|---|
| Chattem Inc | Notice/Notice of Appearance | Filing | | 04/13/2022-14:17 | |
| Plant, Sarah J | NEF(04-11-2022 02:16:55 PM) Amended/Amended Summons And ... | Filing | | 04/11/2022-14:24 | 📄 |
| Plant, Sarah J | Add Party to Case | Filing | | 04/11/2022-14:16 | |
| Plant, Sarah J | Amended/Amended Summons And Complaint | Filing | | 04/11/2022-14:16 | 📄📄 |
| Estee Lauder Companies Inc | NEF(04-07-2022 11:20:01 AM) Notice/Notice of Appearance | Filing | | 04/07/2022-11:43 | 📄 |
| Estee Lauder Companies Inc | Notice/Notice of Appearance | Filing | | 04/07/2022-11:20 | |
| Conopco Inc | NEF(04-04-2022 04:38:56 PM) Notice/Other | Filing | | 04/05/2022-08:36 | 📄 |
| Dollar General Corporation | NEF(04-04-2022 04:29:49 PM) Answer/Answer | Filing | | 04/04/2022-16:56 | 📄 |
| Conopco Inc | Notice/Of Appearance Letter | Filing | | 04/04/2022-16:38 | 📄 |
| Conopco Inc | NEF(04-04-2022 04:05:12 PM) Notice/Notice of Appearance | Filing | | 04/04/2022-16:30 | 📄 |
| Dollar General Corporation | Answer/Answer of Dollar General Corporation | Filing | | 04/04/2022-16:29 | 📄 |
| Conopco Inc | Notice/Notice of Appearance | Filing | | 04/04/2022-16:05 | |
| Avon Products Inc | NEF(04-01-2022 04:30:55 PM) Answer/Amended Answer | Filing | | 04/01/2022-16:56 | 📄 |
| Avon Products Inc | Answer/Amended Answer of Avon Products Inc | Filing | | 04/01/2022-16:30 | 📄 |
| Brenntag North America Inc | NEF(04-01-2022 09:47:49 AM) Notice/Notice of Appearance | Filing | | 04/01/2022-10:38 | 📄 |
| Brenntag North America Inc | Notice/Notice of Appearance | Filing | | 04/01/2022-09:47 | |
| Brenntag Specialties Llc | AGREED STIPULATION TO BIFURCATE PLAINTIFFS' SUCCESSOR LIABIL | Filing | | 04/01/2022-09:47 | 📄 |
| Brenntag North America Inc | Stipulation Of Dismissal as to Brenntag North America Inc | Filing | | 04/01/2022-09:47 | 📄 |
| Avon Products Inc | NEF(03-30-2022 11:26:31 AM) Answer/Answer | Filing | | 03/30/2022-11:33 | 📄 |
| Avon Products Inc | Answer/Answer Of Avon Products Inc | Filing | | 03/30/2022-11:26 | 📄 |
| Rite Aid Of South Carolina Inc | NEF(03-29-2022 11:53:18 AM) Notice/Notice of Appearance | Filing | | 03/29/2022-11:53 | 📄 |
| Rite Aid Of South Carolina Inc | Notice/Notice of Appearance | Filing | | 03/29/2022-11:53 | |
| Dollar General Corporation | NEF(03-28-2022 01:01:58 PM) | Filing | | 03/28/2022-13:02 | 📄 |

| | Notice/Notice of Appearance | | | | | |
|---|---|---|---|---|---|---|
| Dollar General Corporation | Notice/Notice of Appearance | Filing | | 03/28/2022-13:01 | | |
| Dollar General Corporation | NEF(03-28-2022 12:58:11 PM) Notice/Notice of Appearance | Filing | | 03/28/2022-12:58 | | 🗎 |
| Dollar General Corporation | Notice/Notice of Appearance | Filing | | 03/28/2022-12:58 | | |
| Walmart Inc | NEF(03-24-2022 04:45:46 PM) Notice/Notice of Appearance | Filing | | 03/24/2022-16:47 | | 🗎 |
| Walmart Inc | Notice/Notice of Appearance | Filing | | 03/24/2022-16:45 | | |
| Walmart Inc | NEF(03-24-2022 04:42:59 PM) Notice/Notice of Appearance | Filing | | 03/24/2022-16:43 | | 🗎 |
| Walmart Inc | Notice/Notice of Appearance | Filing | | 03/24/2022-16:42 | | |
| Coty Inc | NEF(03-24-2022 04:04:03 PM) Notice/Notice of Appearance | Filing | | 03/24/2022-16:08 | | 🗎 |
| Coty Inc | Notice/Notice of Appearance | Filing | | 03/24/2022-16:04 | | |
| Coty Inc | NEF(03-24-2022 04:00:30 PM) Notice/Notice of Appearance | Filing | | 03/24/2022-16:00 | | 🗎 |
| Coty Inc | Notice/Notice of Appearance | Filing | | 03/24/2022-16:00 | | |
| Dillards Inc | NEF(03-24-2022 09:39:22 AM) Notice/Notice of Appearance | Filing | | 03/24/2022-09:39 | | 🗎 |
| Dillards Inc | Notice/Notice of Appearance | Filing | | 03/24/2022-09:39 | | |
| Avon Products Inc | NEF(03-22-2022 12:53:04 PM) Notice/Notice of Appearance | Filing | | 03/22/2022-12:53 | | 🗎 |
| Avon Products Inc | Notice/Notice of Appearance | Filing | | 03/22/2022-12:53 | | |
| Avon Products Inc | NEF(03-22-2022 12:13:19 PM) Notice/Notice of Appearance | Filing | | 03/22/2022-12:13 | | 🗎 |
| Avon Products Inc | Notice/Notice of Appearance | Filing | | 03/22/2022-12:13 | | |
| Plant, Sarah J | NEF(03-11-2022 10:12:08 AM) Motion/Other | Filing | | 03/11/2022-10:27 | | 🗎 |
| Plant, Sarah J | PLANTIFFS' MOTION TO EXPEDITE | Motion | | 03/11/2022-10:12 | | 🗎 |
| Plant, Sarah J | Summons & Complaint | Filing | | 03/10/2022-15:24 | | 🗎🗎 |

**CMSWeb 6.1 © 2019 South Carolina Judicial Branch ● All rights reserved**

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF RICHLAND ) FOR THE FIFTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| SARAH J. PLANT and<br>PARKER PLANT | ) | C/A NO.  2022-CP-40-_____ |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | In Re: |
| | ) | Asbestos Personal Injury Litigation |
| AVON PRODUCTS, INC. | ) | Coordinated Docket |
| | ) | |
| AMACO, LLC | ) | Living Mesothelioma |
| | ) | |
| AMERICAN ART CLAY CO. INC. | ) | |
| | ) | |
| THE BARGAIN BARN, LLC | ) | **SUMMONS** |
| | ) | |
| BEACON CMP CORPORATION | ) | |
| | ) | |
| BELK, INC. | ) | |
| | ) | |
| BRENNTAG NORTH AMERICA, INC. | ) | |
| | ) | |
| BRENNTAG SPECIALTIES, LLC | ) | |
| | ) | |
| BRISTOL-MYERS SQUIBB COMPANY | ) | |
| | ) | |
| CHATTEM, INC. | ) | |
| | ) | |
| COLGATE-PALMOLIVE COMPANY | ) | |
| | ) | |
| COLOR TECHNIQUES, INC. | ) | |
| | ) | |
| CONOPCO, INC. | ) | |
| | ) | |
| COTY INC. | ) | |
| | ) | |
| DANA CLASSIC FRAGRANCES, INC. | ) | |
| | ) | |
| DILLARD'S, INC. | ) | |
| | ) | |
| DOLLAR GENERAL CORPORATION | ) | |
| | ) | |
| ELIZABETH ARDEN, INC. | ) | |

1

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ESTÉE LAUDER INC.                                    )
                                                     )
ESTÉE LAUDER INTERNATIONAL, INC.                     )
                                                     )
THE ESTÉE LAUDER COMPANIES INC.                      )
                                                     )
HAMRICK'S INCORPORATED                               )
                                                     )
HIGHWATER CLAYS, INC.                                )
                                                     )
IMI FABI (DIANA) LLC                                 )
                                                     )
IMI FABI (USA) INC.                                  )
                                                     )
IMI FABI, LLC                                        )
                                                     )
INGLES MARKETS, INCORPORATED                         )
                                                     )
L'ORÉAL USA, INC.                                    )
                                                     )
L'ORÉAL USA PRODUCTS, INC.                           )
                                                     )
LOWCOUNTRY GROCERS LLC                               )
                                                     )
MARY KAY INC.                                        )
                                                     )
MAYBELLINE LLC                                       )
                                                     )
NOXELL CORPORATION                                   )
                                                     )
PFIZER INC.                                          )
                                                     )
R.T. VANDERBILT HOLDING COMPANY,                     )
INC.                                                 )
                                                     )
REVLON CONSUMER PRODUCTS                             )
CORPORATION                                          )
                                                     )
REVLON, INC.                                         )
                                                     )
RITE AID OF SOUTH CAROLINA, INC.                     )
                                                     )
SOUTHEASTERN GROCERS, INC.                           )
                                                     )
TOPCO ASSOCIATES, LLC                                )
                                                     )

2

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | |
|---|---|
| VANDERBILT MINERALS, LLC | ) |
| | ) |
| VI-JON, LLC | ) |
| | ) |
| WALGREEN CO. | ) |
| | ) |
| WALMART INC. | ) |
| | ) |
| WHITTAKER, CLARK & DANIELS, INC. | ) |
| | ) |
| WINN-DIXIE STORES, INC. | ) |
| | ) |
| YVES SAINT LAURENT AMERICA, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## **SUMMONS**

TO DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the Plaintiffs' counsel, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted,

*/s/ Theile B. McVey*
Theile B. McVey (SC Bar No. 16682)
Jamie D. Rutkoski (SC Bar No. 103270)
**KASSEL MCVEY ATTORNEYS AT LAW**
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
T: 803-256-4242
F: 803-256-1952
tmcvey@kassellaw.com
jrutkoski@kassellaw.com
Other email: emoultrie@kassellaw.com

3

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*and*

Rachel A. Gross (TX Bar 24073608)
(To Be Admitted *Pro Hac Vice*)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300
Dallas, TX 75202
T: 214-722-5990
F: 214-722-5991
rgross@dobslegal.com
Other email: tgilliland@dobslegal.com

**ATTORNEYS FOR PLAINTIFFS**

**March 10, 2022**
**Columbia, South Carolina**

4

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA   )    IN THE COURT OF COMMON PLEAS
                            )
COUNTY OF RICHLAND         )    FOR THE FIFTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| **SARAH J. PLANT** and<br>**PARKER PLANT** | ) | **C/A NO. 2022-CP-40-**_____ |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | In Re: |
| | ) | Asbestos Personal Injury Litigation |
| **AVON PRODUCTS, INC.** | ) | Coordinated Docket |
| | ) | |
| **AMACO, LLC** | ) | Living Mesothelioma |
| | ) | |
| **AMERICAN ART CLAY CO. INC.** | ) | |
| | ) | |
| **THE BARGAIN BARN, LLC** | ) | **COMPLAINT** |
| | ) | |
| **BEACON CMP CORPORATION** | ) | |
| | ) | |
| **BELK, INC.** | ) | (Jury Trial Demanded) |
| | ) | |
| **BRENNTAG NORTH AMERICA, INC.**<br>individually and as successor-in-interest to<br>MINERAL AND PIGMENT SOLUTIONS,<br>INC., as successor-in-interest to WHITTAKER,<br>CLARK & DANIELS, INC. | ) | |
| | ) | |
| **BRENNTAG SPECIALTIES, LLC**<br>f/k/a BRENNTAG SPECIALTIES, INC.<br>f/k/a MINERAL AND PIGMENT<br>SOLUTIONS, INC., as successor-in-interest to<br>WHITTAKER, CLARK & DANIELS, INC. | ) | |
| | ) | |
| **BRISTOL-MYERS SQUIBB COMPANY**<br>individually and as successor-in-interest to<br>CHARLES OF THE RITZ INC., LAVIN-<br>CHARLES OF THE RITZ and JEAN NATÉ | ) | |
| | ) | |
| **CHATTEM, INC.** | ) | |
| | ) | |
| **COLGATE-PALMOLIVE COMPANY** | ) | |
| | ) | |
| **COLOR TECHNIQUES, INC.** | ) | |
| | ) | |

1

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**CONOPCO, INC.**                                     )
                                                      )
**COTY INC.**                                         )
individually and as successor to COVERGIRL            )
COSMETICS, INC., and as successor to the             )
NOXZEMA CHEMICAL COMPANY                              )
                                                      )
**DANA CLASSIC FRAGRANCES, INC.**                     )
                                                      )
**DILLARD'S, INC.**                                   )
                                                      )
**DOLLAR GENERAL CORPORATION**                        )
                                                      )
**ELIZABETH ARDEN, INC.**                             )
                                                      )
**ESTÉE LAUDER INC.**                                 )
individually and as successor to CLINIQUE             )
                                                      )
**ESTÉE LAUDER INTERNATIONAL, INC.**                  )
individually and as successor to CLINIQUE             )
                                                      )
**THE ESTÉE LAUDER COMPANIES INC.**                   )
individually and as successor to CLINIQUE             )
                                                      )
**HAMRICK'S INCORPORATED**                            )
                                                      )
**HIGHWATER CLAYS, INC.**                             )
                                                      )
**IMI FABI (DIANA) LLC**                              )
                                                      )
**IMI FABI (USA) INC.**                               )
                                                      )
**IMI FABI, LLC**                                     )
                                                      )
**INGLES MARKETS, INCORPORATED**                      )
                                                      )
**L'ORÉAL USA, INC.**                                 )
individually and d/b/a LANCÔME and                    )
MAYBELLINE, and as successor to YVES                  )
SAINT LAURENT AMERICA, INC.,                          )
CHARLES OF THE RITZ INC., and JEAN                   )
NATÉ                                                  )
                                                      )
**L'ORÉAL USA PRODUCTS, INC.**                        )
individually and d/b/a LANCÔME and                    )
MAYBELLINE, and as successor to YVES                  )

2

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

SAINT LAURENT AMERICA, INC.,                    )
CHARLES OF THE RITZ INC., and JEAN              )
NATÉ                                             )
                                                 )
**LOWCOUNTRY GROCERS LLC**                       )
d/b/a PIGGLY WIGGLY                              )
                                                 )
**MARY KAY INC.**                                )
                                                 )
**MAYBELLINE LLC**                               )
                                                 )
**NOXELL CORPORATION**                           )
a subsidiary of COTY INC.                        )
                                                 )
**PFIZER INC.**                                  )
individually and as successor to COTY INC. and  )
COTY INTERNATIONAL, INC.                         )
                                                 )
**R.T. VANDERBILT HOLDING COMPANY,**             )
**INC.**, individually and as successor-in-interest )
to R.T. VANDERBILT COMPANY, INC.                 )
                                                 )
**REVLON CONSUMER PRODUCTS**                     )
**CORPORATION**, individually and as             )
successor to REVLON RESEARCH                     )
LABORATORIES, INC., CHARLES OF THE               )
RITZ INC., LAVIN-CHARLES OF THE RITZ,            )
JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP.,           )
and YVES SAINT LAURENT                           )
                                                 )
**REVLON, INC.**                                 )
individually and as successor to ELIZABETH       )
ARDEN, INC., CHARLES OF THE RITZ INC.,           )
LAVIN-CHARLES OF THE RITZ, JEAN                  )
NATÉ, E. R. SQUIBB, SQUIBB CORP., and            )
YVES SAINT LAURENT                               )
                                                 )
**RITE AID OF SOUTH CAROLINA, INC.**             )
                                                 )
**SOUTHEASTERN GROCERS, INC.**                   )
individually and as successor-in-interest to     )
BI-LO                                            )
                                                 )
**TOPCO ASSOCIATES, LLC**                        )
                                                 )
**VANDERBILT MINERALS, LLC**                     )

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

f/k/a R.T. VANDERBILT COMPANY, INC.,                )
individually and as successor-in-interest to        )
INTERNATIONAL TALC CO.                              )
                                                    )
**VI-JON, LLC**                                     )
f/k/a VI-JON, INC.                                  )
                                                    )
**WALGREEN CO.**                                    )
                                                    )
**WALMART INC.**                                    )
                                                    )
**WHITTAKER, CLARK & DANIELS, INC.**                )
                                                    )
**WINN-DIXIE STORES, INC.**                         )
a subsidiary of BI-LO a subsidiary of               )
SOUTHEASTERN GROCERS, INC.                          )
                                                    )
**YVES SAINT LAURENT AMERICA, INC.**                )
                                                    )
        Defendants.                                 )
_____            )
                                                    )
                                                    )
                                                    )
                                                    )

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, SARAH J. PLANT and PARKER PLANT (hereinafter "Plaintiffs"), sue the

named Defendants for compensatory and punitive damages, by and through their attorneys, and

come before this court and allege as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff Sarah. J. Plant has been diagnosed with mesothelioma.

2.      This Court has personal jurisdiction over Defendants because Plaintiffs' claims

arise from Defendants' conduct in:

    (a)    Transacting business in this State, including the sale, supply, purchase,
           and/or use of asbestos and/or asbestos-containing products, within this
           State;

    (b)    Contracting to supply services or things in the State;

4

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

      (c)     Commission of a tortious act in whole or in part in this State;

      (d)     Having an interest in, using, or possessing real property in this State; and/or

      (e)     Entering into a contract to be performed in whole or in part by either party in this State.

1.     Each Defendant, or its predecessors in interest, that manufactured, sold, and/or distributed asbestos-containing products, raw asbestos materials, raw asbestos talc, and/or asbestos-containing talc products for use in South Carolina, and other states, at times relevant to this action are referred to herein as "Product Defendants." At all times relevant to this action, the Product Defendants and the predecessors of the Product Defendants for whose actions the Product Defendants are legally responsible, were engaged in the manufacture, sale and distribution of asbestos-containing products, raw asbestos, raw asbestos talc, and/or asbestos-containing talc materials.

2.     Plaintiffs' claims against the Product Defendants, as defined herein, arise out of Defendants' purposeful efforts to serve directly or indirectly the market for their asbestos and/or asbestos-containing products in this State, either through direct sales or through utilizing an established distribution channel with the expectation that their products would be purchased and/or used within South Carolina.

3.     All of the named Defendants are corporations who purposefully availed themselves of the privilege of doing business in this State, and whose substantial and/or systematic business in South Carolina exposed Plaintiff Sarah J. Plant to asbestos in this State, subjecting them to the jurisdiction of the South Carolina courts pursuant to the South Carolina Long-Arm Statute and the United States Constitution.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

4.      Plaintiff Sarah J. Plant was exposed to asbestos and/or asbestos-containing cosmetic and body talc products from her birth in 1986 to approximately 2021 through her personal use, and her family's use, of asbestos-containing makeup and body talc products throughout her life and her use and her family's use of asbestos-containing body talc products. Plaintiff was also exposed through her use of asbestos-containing art clay used in the 1990s-2000s when taking art classes.  These asbestos-containing talc products were designed, advertised, marketed, and sold as being appropriate for use in the ordinary course by Defendants identified above.  It was foreseeable Defendants' asbestos-containing talc, as well as asbestos-containing products manufactured and distributed with the asbestos talc, such as makeup, body talc, and art clay products would be sold for personal use by individuals like Plaintiff Sarah J. Plant.  Plaintiff Sarah J. Plant was thereby exposed to defendants' asbestos-containing makeup, body talc and art clay products in the State of South Carolina.

5.      Plaintiff Sarah J. Plant has suffered personal injuries as a proximate result of her regular and prolonged use of, inhalation, ingestion, absorption, and exposure to a variety of asbestos-containing products[1] where asbestos-containing talc was a constituent ingredient. Though they will be further described below, collectively, these cosmetic, body and art clay products and the ingredient talc are the "PRODUCTS".

6.      Plaintiff, Sarah J. Plant, was exposed to asbestos through her personal daily use, and her family's use, of a variety of talc based body products including, but not limited to, Avon body powders, Coty body powders, Johnson and Johnson baby powder, Shower to Shower body powder, Cashmere Bouquet Dusting Powder, Chantilly body powders, Elizabeth Arden body

---

[1] As used throughout this complaint, the term "asbestos" shall be interpreted in the broadest sense and included, without limitation, non-regulated and. Non-commercial forms of asbestos (including non-fibrous asbestos), cleavage fragments, and transition/transitional fibers, without limitation as to fiber size, dimension, or ratio.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

powders, Estée Lauder body powders, Gold Bond body powders, Jean Nate body powder, Mary Kay body powders,  Top Care brand baby and body powder, Walgreens body powders, Walmart body powders, and White Shoulders talcum powder, ("POWDER PRODUCTS") throughout her life.  These products were manufactured, marketed, sold and/or distributed by Defendants.

7.      Plaintiff, Sarah J. Plant, also used powdered makeup products, including but not limited to, loose and pressed face powders, eye shadows, blush, bronzers, and foundations by Avon, Clinique, Coty, CoverGirl, Elizabeth Arden, Estée Lauder, Lancôme, L'Oréal, Mary Kay, Maybelline, and Revlon, and Yves Saint Laurent, ("MAKEUP PRODUCTS") multiple times daily throughout her life.  She bought these products directly and through Avon, Belk, The Bargain Barn, Dillard's, Dollar General, Hamrick's, Ingles Markets, J.C. Penny, Macy's, Mary Kay, Piggly-Wiggly, Rite Aid, BI-LO, Walgreens, Walmart, and Winn-Dixie.

8.      Plaintiff used the Makeup Products as part of her daily routine, putting on eye shadow, blush, foundation and face powder in the morning, and at various times to freshen up throughout the day and evening.  The use of these products caused airborne visible dust to be released which Plaintiff could not avoid breathing.  These products were used by Plaintiff in the State of South Carolina and others.

9.      Plaintiff, Sarah J. Plant, used, or had used on her by her parents and grandparents, the Powder Products from 1980s continuously until very recently, but does not know the precise date she stopped.  She frequently and regularly dusted the Powder Products on various parts of her body which at varying times may have included amongst other areas: face, neck, shoulders, arms, armpits, legs, collarbones, décolletage, breasts, vagina, and perineum.  During this time she repeatedly inhaled, ingested, and was regularly exposed to asbestos dust emanating from the asbestos laden talc within the Powder Products permeating her person and clothes and home.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

The use of these products caused airborne visible dust to be released which Plaintiff could not avoid breathing.  These products were used by Plaintiff in the State of South Carolina and others.

10.    Plaintiff also claims exposure from the Defendant talc suppliers, mines, mills, and labs named in her complaint that provided asbestos-containing talc as a constituent ingredient to the Powder Products and Makeup Products she used.

11.    In addition, as a recreational activity, Plaintiff Sarah J. Plant was exposed to asbestos from working with a variety of ceramic art materials that contained asbestos.  She would fashion pottery and greenware out of art clays, fire them in a kiln, and then sand and polish these results, creating visible dust that she breathed.  She would then coat some with underglaze, polishing and scoring these underglazed results before glazing.  This work created visible dust that she breathed. Plaintiff did this multiple times per week while in the art classes at both her school and an art collage. Collectively, the ceramic art materials, art clays and underglazes will be referred to as "CERAMIC PRODUCTS".   These products were manufactured, marketed, sold and/or distributed by AMACO, American Art Clay Co., Inc., and Highwater Clays.

12.    Plaintiff also claims exposure from the Defendant talc suppliers, mines, mills, and labs named in her complaint that provided asbestos-containing talc as a constituent ingredient to the CERAMIC PRODUCTS  she used.

13.    Each use of the Powder Products, Makeup Products and Ceramic Products was an intended and foreseeable use of the products based on the advertising, marketing and labeling of the products.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

14.    Plaintiff Sarah J. Plant's cumulative exposure to asbestos as a result of acts and omissions of Defendants and their defective products, individually and together, was a substantial factor in causing Plaintiff's mesothelioma and other related injuries and therefore under South Carolina law, is the legal cause of Plaintiff's injuries and damages.

15.    Plaintiffs were not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

16.    Each of the named Defendants is liable for damages stemming from its own tortious conduct or the tortious conduct of an "alternate entity" as hereinafter defined. Defendants are liable for the acts of their "alternate entity" and each of them, in that there has been a corporate name change, Defendant is the successor by merger, by successor in interest, or by other acquisition resulting in a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; such "alternate entities" have acquired the assets, product line, or a portion thereof of each such Defendant; Defendants, and each of them, caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity;" and that each such defendant enjoys the goodwill originally attached to each "alternate entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BRENNTAG NORTH AMERICA, INC. | MINERAL AND PIGMENT SOLUTIONS, INC. and WHITTAKER, CLARK & DANIELS, INC. |
| BRENNTAG SPECIALTIES, LLC | BRENNTAG SPECIALTIES, INC., MINERAL AND PIGMENT SOLUTIONS, INC. and WHITTAKER, CLARK & DANIELS, INC |
| BRISTOL-MYERS SQUIBB COMPANY | CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ and JEAN NATÉ |

9

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | |
|---|---|
| COTY INC. | COVERGIRL COSMETICS, INC. and NOXZEMA CHEMICAL COMPANY |
| ESTÉE LAUDER INC. | CLINIQUE |
| ESTÉE LAUDER INTERNATIONAL, INC. | CLINIQUE |
| THE ESTÉE LAUDER COMPANIES INC. | CLINIQUE |
| L'ORÉAL USA, INC. | LANCÔME, MAYBELLINE, YVES SAINT LAURENT AMERICA, INC., CHARLES OF THE RITZ INC., JEAN NATÉ |
| L'ORÉAL USA PRODUCTS, INC. | LANCÔME, MAYBELLINE, YVES SAINT LAURENT AMERICA, INC., CHARLES OF THE RITZ INC., JEAN NATÉ |
| LOWCOUNTRY GROCERS LLC | PIGGLY WIGGLY |
| NOXELL CORPORATION | COTY INC. |
| PFIZER INC. | COTY INC. and COTY INTERNATIONAL, INC. |
| R.T. VANDERBILT HOLDING COMPANY, INC. | R.T. VANDERBILT COMPANY, INC. |
| REVLON CONSUMER PRODUCTS CORPORATION | REVLON RESEARCH LABORATORIES, INC., CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ, JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., and YVES SAINT LAURENT |
| REVLON, INC. | ELIZABETH ARDEN, INC., CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ, JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., and YVES SAINT LAURENT |
| SOUTHEASTERN GROCERS, INC. | BI-LO |
| VANDERBILT MINERALS, LLC | R.T. VANDERBILT COMPANY, INC. and INTERNATIONAL TALC CO. |
| VI-JON, LLC | VI-JON, INC. |

10

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| WINN-DIXIE STORES, INC. | BI-LO and SOUTHEASTERN GROCERS, INC. |
|---|---|

17.    Plaintiffs have been informed and believe, and thereon allege, that at all times herein mentioned, Defendants or their "alternate entities" were or are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of South Carolina, or the laws of some other state or foreign jurisdiction, and that said Defendants were and/or are authorized to do business in the State of South Carolina, and that said Defendants have regularly conducted business in the State of South Carolina.

18.    Plaintiffs have been informed and believe, and thereon allege, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

19.    As a direct and proximate result of the conduct as alleged within, Plaintiff Sarah J. Plant suffered permanent injuries, including, but not limited to, mesothelioma and other lung damage, as well as the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his damage in the sum of the amount as the trier of fact determines is proper.

20.    As a direct and proximate result of the conduct as hereinafter alleged, Plaintiff Sarah J. Plant incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time.  Plaintiffs request leave to supplement this Court and all parties

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

accordingly when the true and exact cost of Plaintiff Sarah J. Plant's medical treatment is ascertained.

21.     As a further direct and proximate result of the conduct as hereinafter alleged, Plaintiff Sarah J. Plant incurred, and will continue to incur, loss of profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs.  Plaintiffs pray leave to supplement this Court and all parties accordingly to conform to proof at the time of trial.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**THE PARTIES**

22.    Plaintiffs, Sarah J. Plant and Parker Plant, are currently residents of the State of Tennessee.  From the time she was a young child to the present, Plaintiff Sarah J. Plant has spent significant periods of time visiting and living in the State of South Carolina.  The Plaintiff's has grandparents, aunts, uncles and cousins that have lived and continue to live in the State of South Carolina.  Each year on multiple occasions, Plaintiff would, and continues to visit and stay with family members who live in South Carolina.  Further, each year, her family vacationed for extended periods of the summer in South Carolina.  Further, after college, from 2013-2017, Plaintiff lived in South Carolina.

23.    Plaintiff Sarah J. Plant was exposed to asbestos from her personal use, and her family's use, of asbestos-containing talc-based Powder Products, Makeup Products, and Ceramic Products throughout her life in her Tennessee, Utah and South Carolina homes beginning in the 1980s.  The dust and fibers from the asbestos-containing talc products permeated her person and clothes.  As a direct and proximate result of Sarah J. Plant's inhalation and ingestion of dust particles and fibers, she was diagnosed with Mesothelioma on or about March 2021.

24.    Defendant, **AVON PRODUCTS, INC.**, was and is a New York corporation with its principal place of business in New York. At all times material hereto, AVON PRODUCTS, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Avon Makeup Products and Powder Products. AVON PRODUCTS, INC. is sued as a Product Defendant. Plaintiffs' claims against AVON PRODUCTS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

13

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

25.     Defendant, **AMACO, LLC**, was and is an Indiana limited liability company with its principal place of business in Indiana. At all times material hereto, AMACO, LLC manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Ceramic Products. AMACO, LLC is sued as a Product Defendant. Plaintiffs' claims against AMACO, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

26.     Defendant, **AMERICAN ART CLAY CO. INC.**, was and is an Indiana corporation with its principal place of business in Indiana. At all times material hereto, AMERICAN ART CLAY CO. INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Ceramic Products. AMERICAN ART CLAY CO. INC. is sued as a Product Defendant. Plaintiffs' claims against AMERICAN ART CLAY CO. INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

27.     Defendant, **THE BARGAIN BARN, LLC**, was and is a South Carolina limited liability company with its principal place of business in South Carolina. At all times material hereto, **THE BARGAIN BARN, LLC** sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. **THE BARGAIN BARN, LLC** is sued as a Product Defendant. Plaintiffs' claims against **THE BARGAIN BARN, LLC** arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

14

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

28.     Defendant, **BEACON CMP CORPORATION**, was and is a New Jersey corporation with its principal place of business in New Jersey. At all times material hereto, BEACON CMP CORPORATION mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. BEACON CMP CORPORATION is sued as a Product Defendant. Plaintiffs' claims against BEACON CMP CORPORATION arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

29.     Defendant, **BELK, INC.**, was and is a Delaware corporation with its principal place of business in North Carolina. At all times material hereto, BELK, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. BELK, INC. is sued as a Product Defendant. Plaintiffs' claims against BELK, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

30.     Defendant, **BRENNTAG NORTH AMERICA, INC.**, individually and as successor-in-interest to MINERAL AND PIGMENT SOLUTIONS, INC., as successor-in-interest to WHITTAKER, CLARK & DANIELS, INC., was and is a Delaware corporation with its principal place of business in Pennsylvania. At all times material hereto, BRENNTAG NORTH AMERICA, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. BRENNTAG NORTH

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

AMERICA, INC. is sued as a Product Defendant. Plaintiffs' claims against BRENNTAG NORTH AMERICA, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

31.    Defendant, **BRENNTAG SPECIALTIES, LLC** f/k/a BRENNTAG SPECIALTIES, INC. f/k/a MINERAL AND PIGMENT SOLUTIONS, INC., as successor-in-interest to WHITTAKER, CLARK & DANIELS, INC., was and is a Delaware limited liability company with its principal place of business in New Jersey. At all times material hereto, BRENNTAG SPECIALTIES, LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. BRENNTAG SPECIALTIES, LLC is sued as a Product Defendant. Plaintiffs' claims against BRENNTAG SPECIALTIES, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

32.    Defendant, **BRISTOL-MYERS SQUIBB COMPANY**, individually and as successor-in-interest to CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ and JEAN NATÉ, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, BRISTOL-MYERS SQUIBB COMPANY manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Jean Naté Powder Products. BRISTOL-MYERS SQUIBB COMPANY is sued as a Product Defendant. Plaintiffs' claims against BRISTOL-MYERS SQUIBB COMPANY arise out of this Defendant's business activities in the State of South

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

33.     Defendant, **CHATTEM, INC.**, was and is a Tennessee corporation with its principal place of business in New Jersey. At all times material hereto, CHATTEM, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Gold Bond Powder Products. CHATTEM, INC. is sued as a Product Defendant. Plaintiffs' claims against CHATTEM, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

34.     Defendant, **COLGATE-PALMOLIVE COMPANY**, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, COLGATE-PALMOLIVE COMPANY manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Cashmere Bouquet Powder Products . COLGATE-PALMOLIVE COMPANY is sued as a Product Defendant. Plaintiffs' claims against COLGATE-PALMOLIVE COMPANY arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

35.     Defendant, **COLOR TECHNIQUES, INC.**, was and is a New Jersey corporation with its principal place of business in New Jersey. At all times material hereto, COLOR TECHNIQUES, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. COLOR TECHNIQUES, INC. is sued as a Product Defendant. Plaintiffs' claims against COLOR TECHNIQUES, INC. arise out

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J.

Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

36.    Defendant, **CONOPCO, INC.**, was and is a New York corporation with its

principal place of business in New Jersey. At all times material hereto, CONOPCO, INC.

manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products,

including, but not limited to, asbestos-containing White Shoulders Powder Products.

CONOPCO, INC. is sued as a Product Defendant. Plaintiffs' claims against CONOPCO, INC.

arise out of this Defendant's business activities in the State of South Carolina.

37.    Defendant, **COTY INC.**, individually and as successor to COVERGIRL

COSMETICS, INC., and as successor to the NOXZEMA CHEMICAL COMPANY, was and is a

Delaware corporation with its principal place of business in New York. At all times material

hereto, COTY INC. manufactured, sold and/or supplied substantial amounts of asbestos-

containing talc products, including, but not limited to, asbestos-containing Makeup Products and

Powder Products. COTY INC. is sued as a Product Defendant. Plaintiffs' claims against COTY

INC. arise out of this Defendant's business activities in the State of South Carolina, as well as

Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as

well as others.

38.    Defendant, **DANA CLASSIC FRAGRANCES, INC.**, was and is a Delaware

corporation with its principal place of business in New York. At all times material hereto, DANA

CLASSIC FRAGRANCES, INC. manufactured, sold and/or supplied substantial amounts of

asbestos-containing talc products, including, but not limited to, asbestos-containing Chantilly

Powder Products. DANA CLASSIC FRAGRANCES, INC. is sued as a Product Defendant.

Plaintiffs' claims against DANA CLASSIC FRAGRANCES, INC. arise out of this Defendant's

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

39.    Defendant, **DILLARD'S, INC.**, was and is a Delaware corporation with its principal place of business in Arkansas. At all times material hereto, DILLARD'S, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. DILLARD'S, INC. is sued as a Product Defendant. Plaintiffs' claims against DILLARD'S, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

40.    Defendant, **DOLLAR GENERAL CORPORATION**, was and is a Tennessee corporation with its principal place of business in Tennessee. At all times material hereto, DOLLAR GENERAL CORPORATION sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. DOLLAR GENERAL CORPORATION is sued as a Product Defendant. Plaintiffs' claims against DOLLAR GENERAL CORPORATION arise out of this Defendant's business activities in the State of South Carolina, as well Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

41.    Defendant, **ELIZABETH ARDEN, INC.**, was and is a Florida corporation with its principal place of business in Florida. At all times material hereto, ELIZABETH ARDEN, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing White Shoulders Powder Products and Makeup Products. ELIZABETH ARDEN, INC. is sued as a Product Defendant. Plaintiffs' claims against ELIZABETH ARDEN, INC. arise out of this Defendant's business activities in the State of

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

42.     Defendant, **ESTÉE LAUDER INC.**, individually and as successor to CLINIQUE, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, ESTÉE LAUDER INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. ESTÉE LAUDER INC. is sued as a Product Defendant. Plaintiffs' claims against ESTÉE LAUDER INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

43.     Defendant, **ESTÉE LAUDER INTERNATIONAL, INC.**, individually and as successor to CLINIQUE, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, ESTÉE LAUDER INTERNATIONAL INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. ESTÉE LAUDER INTERNATIONAL INC. is sued as a Product Defendant. Plaintiffs' claims against ESTÉE LAUDER INTERNATIONAL INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

44.     Defendant, **THE ESTÉE LAUDER COMPANIES INC.**, individually and as successor to CLINIQUE, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, THE ESTÉE LAUDER COMPANIES INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including,

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

but not limited to, asbestos-containing Makeup Products and Powder Products. THE ESTÉE LAUDER COMPANIES INC. is sued as a Product Defendant. Plaintiffs' claims against THE ESTÉE LAUDER COMPANIES INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

45.    Defendant, **HAMRICK'S INCORPORATED**, was and is a South Carolina corporation with its principal place of business in South Carolina. At all times material hereto, HAMRICK'S INCORPORATED sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. HAMRICK'S INCORPORATED is sued as a Product Defendant. Plaintiffs' claims against HAMRICK'S INCORPORATED arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

46.    Defendant, **HIGHWATER CLAYS, INC.**, was and is a North Carolina corporation with its principal place of business in North Carolina. At all times material hereto, HIGHWATER CLAYS, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Ceramic Products. HIGHWATER CLAYS, INC. is sued as a Product Defendant. Plaintiffs' claims against HIGHWATER CLAYS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

47.    Defendant, **IMI FABI (DIANA) LLC**, was and is a North Carolina limited liability company with its principal place of business in West Virginia. At all times material

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

hereto, IMI FABI (DIANA) LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. IMI FABI (DIANA) LLC is sued as a Product Defendant. Plaintiffs' claims against IMI FABI (DIANA) LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

48.    Defendant, **IMI FABI (USA) INC.**, was and is a Delaware corporation with its principal place of business in West Virginia. At all times material hereto, IMI FABI (USA) INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. IMI FABI (USA) INC. is sued as a Product Defendant. Plaintiffs' claims against IMI FABI (USA) INC. arise out of this Defendant's business activities in the State of South Carolina, as well Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

49.    Defendant, **IMI FABI, LLC**, was and is a West Virginia limited liability company with its principal place of business in West Virginia. At all times material hereto, IMI FABI, LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. IMI FABI, LLC is sued as a Product Defendant. Plaintiffs' claims against IMI FABI, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

50.    Defendant, **INGLES MARKETS, INCORPORATED**, was and is a North Carolina corporation with its principal place of business in North Carolina. At all times material hereto, INGLES MARKETS, INCORPORATED sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. INGLES MARKETS, INCORPORATED is sued as a Product Defendant. Plaintiffs' claims against INGLES MARKETS, INCORPORATED arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

51.    Defendant, **L'ORÉAL USA, INC.**, individually and d/b/a LANCÔME and MAYBELLINE, and as successor to YVES SAINT LAURENT AMERICA, INC., CHARLES OF THE RITZ INC., and JEAN NATÉ, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, L'ORÉAL USA, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. L'ORÉAL USA, INC. is sued as a Product Defendant. Plaintiffs' claims against L'ORÉAL USA, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

52.    Defendant, **L'ORÉAL USA PRODUCTS, INC.**, individually and d/b/a LANCÔME and MAYBELLINE, and as successor to YVES SAINT LAURENT AMERICA, INC., CHARLES OF THE RITZ INC., and JEAN NATÉ, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, L'ORÉAL USA PRODUCTS, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Products. L'ORÉAL USA PRODUCTS, INC. is sued as a Product Defendant. Plaintiffs' claims against L'ORÉAL USA PRODUCTS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

53.     Defendant, **LOWCOUNTRY GROCERS LLC** d/b/a PIGGLY WIGGLY, was and is a South Carolina limited liability company with its principal place of business in South Carolina. At all times material hereto, **LOWCOUNTRY GROCERS LLC** sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. **LOWCOUNTRY GROCERS LLC** is sued as a Product Defendant. Plaintiffs' claims against **LOWCOUNTRY GROCERS LLC** arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

54.     Defendant, **MARY KAY INC.,** was and is a Delaware corporation with its principal place of business in Texas. At all times material hereto, MARY KAY INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Mary Kay Makeup Products and Powder Products. MARY KAY INC. is sued as a Product Defendant. Plaintiffs' claims against MARY KAY INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

55.     Defendant, **MAYBELLINE LLC**, was and is a New York limited liability company with its principal place of business in New York. At all times material hereto,

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

MAYBELLINE LLC manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Maybelline Makeup Products and Powder Products. MAYBELLINE LLC is sued as a Product Defendant. Plaintiffs' claims against MAYBELLINE LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

56.    Defendant, **NOXELL CORPORATION** a subsidiary of COTY INC., was and is a Maryland corporation with its principal place of business in Maryland. At all times material hereto, NOXELL CORPORATION manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing CoverGirl Makeup Products and Powder Products. NOXELL CORPORATION is sued as a Product Defendant. Plaintiffs' claims against NOXELL CORPORATION arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

57.    Defendant, **PFIZER INC.**, individually and as successor to COTY INC. and COTY INTERNATIONAL INC., was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, PFIZER INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. PFIZER INC. is sued as a Product Defendant. Plaintiffs' claims against PFIZER INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

58.    Defendant, **R.T. VANDERBILT HOLDING COMPANY, INC.**, individually and as successor-in-interest to R.T. VANDERBILT COMPANY, INC., was and is a Delaware corporation with its principal place of business in Connecticut. At all times material hereto, R.T. VANDERBILT HOLDING COMPANY, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. R.T. VANDERBILT HOLDING COMPANY, INC. is sued as a Product Defendant. Plaintiffs' claims against R.T. VANDERBILT HOLDING COMPANY, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

59.    Defendant, **REVLON CONSUMER PRODUCTS CORPORATION**, individually and as successor to REVLON RESEARCH LABORATORIES, INC., CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ, JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., and YVES SAINT LAURENT, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, REVLON CONSUMER PRODUCTS manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. REVLON CONSUMER PRODUCTS CORPORATION is sued as a Product Defendant. Plaintiffs' claims against REVLON CONSUMER PRODUCTS CORPORATION arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

26

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

60.     Defendant, **REVLON, INC.**, individually and as successor to ELIZABETH ARDEN, INC., CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ, JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., and YVES SAINT LAURENT, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, REVLON, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. REVLON, INC. is sued as a Product Defendant. Plaintiffs' claims against REVLON, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

61.     Defendant, **RITE AID OF SOUTH CAROLINA, INC.**, was and is a South Carolina corporation with its principal place of business in Pennsylvania. At all times material hereto, RITE AID OF SOUTH CAROLINA, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. RITE AID OF SOUTH CAROLINA, INC. is sued as a Product Defendant. Plaintiffs' claims against RITE AID OF SOUTH CAROLINA, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

62.     Defendant, **SOUTHEASTERN GROCERS, INC.**, individually and as successor-in-interest to BI-LO, was and is a Delaware corporation with its principal place of business in Florida. At all times material hereto, SOUTHEASTERN GROCERS, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not

27

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

limited to, asbestos-containing Makeup Products and Powder Products. SOUTHEASTERN GROCERS, INC. is sued as a Product Defendant. Plaintiffs' claims against SOUTHEASTERN GROCERS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

63.     Defendant, **TOPCO ASSOCIATES, LLC**, was and is a Delaware corporation with its principal place of business in Illinois. At all times material hereto, TOPCO ASSOCIATES, LLC manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Top Care Powder Products. TOPCO ASSOCIATES, LLC is sued as a Product Defendant. Plaintiffs' claims against TOPCO ASSOCIATES, LLC arise out of this Defendant's business activities in the State of South Carolina, as well Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

64.     Defendant, **VANDERBILT MINERALS, LLC** f/k/a R.T. VANDERBILT COMPANY, INC., individually and as successor-in-interest to INTERNATIONAL TALC CO., was and is a Delaware limited liability company with its principal place of business in Connecticut. At all times material hereto, VANDERBILT MINERALS, LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. VANDERBILT MINERALS, LLC is sued as a Product Defendant. Plaintiffs' claims against VANDERBILT MINERALS, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

28

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

65.     Defendant, **VI-JON, LLC** f/k/a VI-JON, INC., was and is a Delaware limited liability company with its principal place of business in Missouri. At all times material hereto, VI-JON, LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. VI-JON, LLC is sued as a Product Defendant. Plaintiffs' claims against VI-JON, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

66.     Defendant, **WALGREEN CO.**, was and is an Illinois corporation with its principal place of business in Illinois. At all times material hereto, WALGREEN CO. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. WALGREEN CO. is sued as a Product Defendant. Plaintiffs' claims against WALGREEN CO. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

67.     Defendant, **WALMART INC.**, was and is a Delaware corporation with its principal place of business in Arkansas. At all times material hereto, WALMART INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. WALMART INC. is sued as a Product Defendant. Plaintiffs' claims against WALMART INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

68.     Defendant, **WHITTAKER, CLARK & DANIELS, INC.**, was and is a New Jersey corporation with its principal place of business in Connecticut. At all times material hereto, WHITTAKER, CLARK & DANIELS, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. WHITTAKER, CLARK & DANIELS, INC is sued as a Product Defendant. Plaintiffs' claims against WHITTAKER, CLARK & DANIELS, INC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

69.     Defendant, **WINN-DIXIE STORES, INC.** a subsidiary of BI-LO a subsidiary of SOUTHEASTERN GROCERS, INC., was and is a Florida corporation with its principal place of business in Florida. At all times material hereto, WINN-DIXIE STORES, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. WINN-DIXIE STORES, INC.is sued as a Product Defendant. Plaintiffs' claims against WINN-DIXIE STORES, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

70.     Defendant, **YVES SAINT LAURENT AMERICA, INC.**, was and is a New York corporation with its principal place of business in New York. At all times material hereto, YVES SAINT LAURENT AMERICA, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Jean Naté Powder Products. YVES SAINT LAURENT AMERICA, INC. is

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

sued as a Product Defendant. Plaintiffs' claims against YVES SAINT LAURENT AMERICA, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

## BACKGROUND FACTS

71.     Plaintiff Sarah J. Plant brings this action for monetary damages as a result of contracting an asbestos-related disease.

72.     Plaintiff Sarah J. Plant was diagnosed with Mesothelioma on or about March 24, 2021 as a result of her exposure to makeup and talcum powder where asbestos-containing talc was a constituent ingredient.

73.     Plaintiff Sarah J. Plant's mesothelioma was caused by her exposure to asbestos through her personal use, and her family's use, of asbestos-containing talc Makeup Products and Powder Products throughout her life, her use of asbestos-containing talc Powder Products, and from the Ceramic Products (art clay) she used in the ceramic work that contained asbestos talc.

74.     Plaintiff, Sarah J. Plant, used, or had used on her by her parents and grandparents, the Powder Products from 1986 continuously until very recently, but does not know the precise date she stopped.  She frequently and regularly dusted the Powder Products on various parts of her body which at varying times may have included amongst other areas: face, neck, shoulders, arms, armpits, legs, collarbones, décolletage, breasts, vagina, and perineum.  During this time she repeatedly inhaled, ingested, and was regularly exposed to asbestos dust emanating from the asbestos laden talc within the Powder Products permeating her person and clothes in her Tennessee, Utah and South Carolina homes.  All of these activities exposed Plaintiff to asbestos and asbestos-dust.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

75.    Plaintiff also claims exposure from the Defendant talc suppliers, mines, mills, and labs named in her complaint that provided asbestos-containing talc as a constituent ingredient to the Powder Products and Makeup Products that she used.

76.    In addition, Plaintiff Sarah J. Plant was exposed to asbestos from working with a variety of ceramic art materials that contained asbestos.  She would fashion clay pottery and greenware out of art clays, fire them in a kiln, and then sand and polish these results, creating visible dust that she breathed.  She would then coat some with underglaze, polishing and scoring these underglazed results before glazing.  This work also created visible dust that she breathed. She did this multiple times per week while in art classes in school and at the art college. All of these activities exposed Plaintiff to asbestos and asbestos-dust.

77.    Each use of the Powder Products, Makeup Products and Ceramic Products was an intended and foreseeable use of the products based on the advertising, marketing and labeling of the product.  It was foreseeable Defendants' asbestos-containing talc products would be sold for personal use by individuals like Plaintiff Sarah J. Plant on herself. Plaintiff Sarah J. Plant was thereby exposed to defendants' asbestos-containing Powder Products, Makeup Products and Ceramic Products in the State of South Carolina and other states at times relevant to this action.

78.    Plaintiff Sarah J. Plant's cumulative exposure to asbestos as a result of acts and omissions of Defendants and their defective products, individually and together, was a substantial factor in causing Plaintiff Sarah J. Plant's mesothelioma and other related injuries and therefore under South Carolina law, is the legal cause of Plaintiff's injuries and damages.

79.    Plaintiff Sarah J. Plant was not aware at the time of exposure that asbestos or asbestos-containing talc products presented any risk of injury and/or disease.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

80.    Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

81.    As a direct and proximate result of the conduct as alleged within, Plaintiff Sarah J. Plant suffered permanent injuries, including, but not limited to, mesothelioma and other lung damage, as well as the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his damage in the sum of the amount as the trier of fact determines is proper.

82.    As a direct and proximate result of the conduct as hereinafter alleged, Plaintiff Sarah J. Plant incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time.   Plaintiffs request leave to supplement this Court and all parties accordingly when the true and exact cost of Plaintiff Sarah J. Plant's medical treatment is ascertained.

83.    As a further direct and proximate result of the conduct as hereinafter alleged, Plaintiffs incurred loss of profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs. Plaintiffs request leave to supplement this Court and all parties accordingly to conform to proof at the time of trial.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**FOR A FIRST CAUSE OF ACTION**
**(Product Liability: Negligence)**

**Plaintiffs Complain of Defendants for a Cause of Action for Negligence Alleging as Follows:**

84.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each and every paragraph of the General Allegations above.

85.    At all times herein mentioned, each of the named Defendants was an entity and/or the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, or division of an entity, hereinafter referred to collectively as "alternate entities," engaged in the business of researching, studying, manufacturing, fabricating, designing, modifying, labeling, instructing, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos-containing talc products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant on herself. Plaintiff was thereby exposed to Defendants' asbestos-containing talc products in the State of South Carolina.

86.    At all times herein mentioned, Defendants, and/or their "alternate entities" singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, inadequately warned or failed to warn of the health hazards, failed to provide adequate use instructions for eliminating the health risks inherent in the use of the products, labeled, distributed, bought, offered for sale, supplied, sold, inspected, marketed, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos-containing talc products manufactured for foreseeable personal use by

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

individuals like Plaintiff Sarah J. Plant, in that said products caused personal injuries to Plaintiff Sarah J. Plant and others similarly situated, (hereinafter collectively called "exposed persons"), while being used for their intended purpose and in a manner that was reasonably foreseeable.

87.    The asbestos and asbestos-containing talc products were defective and unsafe for their intended purpose in that there was an alternative for asbestos that could have been used as the product or as a component instead of asbestos within a normally asbestos-containing/utilizing product.  Said alternatives would have prevented Defendants' asbestos and asbestos-containing talc products from causing Plaintiff Sarah J. Plant's mesothelioma, due to an inability of any asbestos-alternative to penetrate the pleural lining of Plaintiff's lung, even if inhaled.  Said alternatives came at a comparable cost to each of the Defendants and/or their "alternate entities." Said alternatives were of comparable utility to the asbestos or asbestos-containing products of Defendants and/or their "alternate entities."  The gravity of the potential harm resulting from the use of Defendants' asbestos or asbestos-containing talc products, and the likelihood such harm would occur to users of its products, far outweighed any additional cost or marginal loss of functionality in creating and/or utilizing an alternative design, providing adequate warning of such potential harm, and/or providing adequate use instructions for eliminating the health risks inherent in the use of their products, thereby rendering the same defective, unsafe and dangerous for use by Plaintiff Sarah J. Plant.  Defendants and/or their "alternate entities" had a duty to exercise due care in the pursuance of the activities mentioned above and Defendants, each of them, breached said duty of due care.

88.    Defendants, and/or their "alternate entities" knew or should have known, and intended that the aforementioned asbestos and asbestos-containing talc products would be transported by truck, rail, ship and other common carriers, that in the shipping process the

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

products would break, crumble or be otherwise damaged; and/or that such products would be used for personal use by individuals like Plaintiff Sarah J. Plant on herself, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling by exposed persons, including Plaintiff Sarah J. Plant, would use or be in proximity to and exposed to said asbestos fibers.

89.    At all times relevant, Defendants and/or their "alternate entities" were aware of their asbestos and asbestos-containing talc products' defect but failed to adequately warn Plaintiff Sarah J. Plant, Plaintiff's family members or others in their vicinity, as well as failed to adequately warn others of the known hazards associated with their products and/or failed to recall or retrofit their products.  A reasonable manufacturer, distributor, or seller of Defendants' products would have, under the same or similar circumstances, adequately warned of the hazards associated with their products.

90.    Plaintiff Sarah J. Plant, Plaintiff's family members and others in their vicinity used, handled or were otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing talc products occurred at various locations as set forth in this Complaint.

91.    Plaintiff Sarah J. Plant suffers from mesothelioma, a cancer related to exposure to asbestos and asbestos-containing products. Plaintiff Sarah J. Plant was not aware at the time of exposure that asbestos or asbestos-containing talc products presented any risk of injury or disease.

92.    Defendants' conduct and defective products as described in this cause of action were a direct cause of Plaintiff Sarah J. Plant's injuries, and all damages thereby sustained by

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Plaintiff Sarah J. Plant. Plaintiffs therefore seek all compensatory damages in order to make them whole, according to proof.

93.    Furthermore, the conduct of Defendants and/or their "alternate entities" in continuing to market and sell products which they knew were dangerous to Plaintiff Sarah J. Plant and the public without adequate warnings or proper use instructions was done in a conscious disregard and indifference to the safety and health of Plaintiff and others similarly situated.

94.    In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, failing to recall or retrofit, labeling, instructing, distributing, buying, offering for sale, supplying, selling, inspecting, servicing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos-containing talc products or products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant, Defendants and/or their "alternate entities" did so with conscious disregard for the safety of "exposed persons" who came in contact with asbestos and asbestos-containing talc products, in that Defendants and/or their "alternate entities" had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos, asbestos-containing talc products or products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant, including, but not limited to, asbestosis, mesothelioma, lung cancer, and other lung damages. This knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of Defendants and/or their "alternate entities."

95.    Defendants and their "alternate entities" were aware that members of the general public and other "exposed persons," who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos,

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

asbestos-containing talc products, or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant, could cause injury, and Defendants, and their "alternate entities," each of them, knew that members of the general public and other "exposed persons," who came in contact with asbestos-containing talc products or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant, would assume, and in fact did assume, that exposure to asbestos-containing talc products was safe, when in fact said exposure was extremely hazardous to health and human life.

96.     The above-referenced conduct of Defendants, and their "alternate entities," was motivated by the financial interest of Defendants, their "alternate entities," and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, instructing, distribution, purchase, offer for sale, supply, sale, inspection, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos-containing talc products and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant. Defendants, their "alternate entities," and each of them consciously disregarded the safety of "exposed persons" in pursuit of profit. Defendants were consciously willing and intended to permit asbestos-containing talc products to cause injury to "exposed persons" without warning them of the potential hazards and further induced persons to use and be exposed thereto, including Plaintiff Sarah J. Plant.

97.     Plaintiff Sarah J. Plant and other exposed persons did not know of the substantial danger of using Defendants' asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff. The dangers inherent in the use of these products were not readily recognizable by Plaintiff Sarah J. Plant or other

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

exposed persons. Defendants and/or their "alternate entities" further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

98.    Defendants and/or their "alternate entities" are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities," and each Defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

99.    The herein-described conduct of Defendants and their "alternate entities," was and is willful, malicious, fraudulent, and outrageous and in conscious disregard and indifference to the safety and health of persons foreseeably exposed.  Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof against all defendants.

### FOR A SECOND CAUSE OF ACTION
**(Product Liability: Strict Liability - S.C. Code Ann. § 15-73-10, et seq.)**

**As a Second and Distinct Cause of Action for Strict Liability, Plaintiffs Complain of Defendants, and Allege as Follows:**

100.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each of the preceding paragraphs.

101.    Plaintiff Sarah J. Plant suffered from mesothelioma, a cancer related to exposure to asbestos, asbestos-containing talc products and products manufactured for foreseeable personal use by individuals like Plaintiff. Plaintiff Sarah J. Plant was not aware at the time of exposure that asbestos or asbestos-containing talc products presented any risk of injury and/or disease.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

102.    The Products Defendants' conduct and defective products as described above were a direct cause of Plaintiff Sarah J. Plant's injuries, and the injuries and damages thereby sustained by Plaintiffs.

103.    Furthermore, the Defendants' conduct and that of their "alternate entities" in continuing to market and sell products which they knew were dangerous to Plaintiff Sarah J. Plant and the public without adequate warnings or proper use instructions, was done in a conscious disregard and indifference to the safety and health of Plaintiff Sarah J. Plant and others similarly situated.

104.    Defendants and/or their "alternate entities" knew or should have known, and intended that the aforementioned asbestos and products containing asbestos would be transported by truck, rail, ship and other common carriers, that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for personal use by individuals like Plaintiff Sarah J. Plant, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling, "exposed persons," including Plaintiff, would use or be in proximity to and exposed to said asbestos fibers.

105.    Plaintiff Sarah J. Plant, Plaintiff's family members, and others in their vicinity used, handled or were otherwise exposed to asbestos, asbestos-containing products, and products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant, referred to herein in a manner that was reasonably foreseeable. Plaintiff Sarah J. Plant's exposure to asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant occurred at various locations as set forth in this Complaint.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

106.    Defendants and/or their "alternate entities" knew and intended that the above-referenced asbestos and asbestos-containing talc products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

107.    The asbestos and asbestos-containing talc products were defective and unsafe for their intended purpose in that there was an alternative for asbestos that could have been used as the product or as a component instead of asbestos within a normally asbestos-containing/utilizing product. Said alternatives would have prevented Defendants' asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals from causing Plaintiff Sarah J. Plant's mesothelioma, due to an inability of any asbestos-alternative to penetrate the pleural lining of Plaintiff's lung, even if inhaled. Said alternatives came at a comparable cost to each of the Defendants and/or their "alternate entities." Said alternatives were of comparable utility to the asbestos or asbestos-containing talc products of Defendants and/or their "alternate entities." The gravity of the potential harm resulting from the use of Defendants' asbestos or asbestos-containing talc products, and the likelihood such harm would occur, far outweighed any additional cost or marginal loss of functionality in creating and/or utilizing an alternative design, providing adequate warning of such potential harm, and/or providing adequate use instructions for eliminating the health risks inherent in the use of their products, thereby rendering the same defective, unsafe and dangerous for use.

108.    The defect existed in the said products at the time they left the possession of defendants and/or their "alternate entities," and each of them. Said products were intended to reach the ultimate consumer in the same condition as it left defendants. Said products did, in fact, cause personal injuries, including mesothelioma, asbestosis, other lung damage, and cancer

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to "exposed persons," including Plaintiff Sarah J. Plant herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

109.     Plaintiff Sarah J. Plant and other exposed persons did not know of the substantial danger of using Defendants' asbestos, asbestos-containing talc products, or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant. The dangers inherent in the use of these products were not readily recognizable by Plaintiff or other exposed persons. Said Defendants and/or their "alternate entities" further failed to adequately warn of the risks to which Plaintiff Sarah J. Plant and others similarly situated were exposed.

110.     Defendants' defective products as described above were a direct cause of Plaintiff Sarah J. Plant's injuries, and the damages thereby sustained.

111.     In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, instructing, distributing, buying, offering for sale, supplying, selling, inspecting, servicing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos, asbestos-containing talc products, and products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant, Defendants and/or their "alternate entities," and each of them, did so with conscious disregard for the safety of Plaintiff and other exposed persons who came in contact with the asbestos, asbestos-containing talc products, and products manufactured for foreseeable  personal use by individuals, in that Defendants and/or their "alternate entities" had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing talc products or products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant, including, but not limited to, mesothelioma, asbestosis, other lung

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

damages and cancers. This knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of Defendants and/or their "alternate entities."

112.    Defendants and/or their "alternate entities" were aware that members of the general public and other exposed persons, who would come in contact with their asbestos and asbestos-containing talc products, had no knowledge or information indicating that asbestos or asbestos-containing talc products or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant could cause injury. Defendants and/or their "alternate entities" further knew that members of the general public and other exposed persons, who came in contact with asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant would assume, and in fact did assume, that exposure to asbestos and asbestos- containing products was safe, when in fact exposure was extremely hazardous to health and human life.

113.    The above-referenced conduct of Defendants and/or their "alternate entities" motivated by the financial interest of Defendants, their "alternate entities," and each of them, in the continuing and uninterrupted research, design, modification, manufacture, fabrication, labeling, instructing, distribution, purchase, offer for sale, supply, sale, inspection, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos, asbestos-containing talc products, and products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant. Defendants and/or their "alternate entities" consciously disregarded the safety of "exposed persons" in their pursuit of profit and in fact consciously intended to cause injury to Plaintiff Sarah J. Plant and other exposed persons and induced persons to use, be exposed to, and thereby injured by asbestos, asbestos-containing talc products,

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant.

114.    Defendants are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities," and each Defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and knew, or should have known of, the acts of each of their "alternate entities" as set forth herein.

115.    The conduct of said defendants, their "alternate entities," and each of them as set forth in this Complaint, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of exposed persons. Plaintiffs, for the sake of example and by way of punishing said Defendants, seeks punitive damages according to proof against all defendants.

116.    At all times herein mentioned, each of the named Defendants, and/or their "alternate entities," was an entity and/or the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, or division of an entity, hereinafter referred to collectively as "alternate entities," engaged in the business of researching, studying, manufacturing, fabricating, designing, modifying, labeling, instructing, distributing, buying, offering for sale, supplying, selling, inspecting, servicing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely products containing asbestos and talc products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A THIRD CAUSE OF ACTION
### (Negligence Per Se)

**As a Third Distinct Cause of Action for Negligence Per Se, Plaintiffs Complain of Defendants, and Allege as Follows:**

117.   Plaintiffs incorporate herein by reference, as though fully set forth herein, each of the preceding paragraphs.

118.   The actions of Defendants also constituted negligence per se.

119.   Defendants violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence per se or negligence as a matter of law. Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff Sarah J. Plant. Plaintiffs are not making any claims under federal law; instead, Plaintiffs are simply using the violation of federal standards as proof of liability on their state-law theories. Further, the reference to Federal regulations does not create a federal question. *See* Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804 (1986). Any removal on this basis will be met with an immediate motion for remand and for sanctions.

120.   The negligence per se of Defendants was a proximate cause of Plaintiff Sarah J. Plant's injuries.

## FOR A FOURTH CAUSE OF ACTION
### (Product Liability: Breach of Implied Warranties - S.C. Code Ann. § 36-2-314)

**As a Fourth Distinct Cause Of Action for Breach of Implied Warranties, Plaintiffs Complain of Defendants and Allege as Follows:**

121.   Plaintiffs incorporate herein by reference, as though fully set forth herein, each of the preceding paragraphs.

122.    Each of the Defendants and/or their "alternate entities" impliedly warranted that their asbestos materials or asbestos-containing talc products were of good and merchantable quality and fit for their intended use.

123.    The implied warranty made by the Defendants and/or their "alternate entities" that the asbestos and asbestos-containing talc products were of good and merchantable quality and fit for the particular intended use, was breached.  As a result of that breach, asbestos was given off into the atmosphere where Plaintiff Sarah J. Plant used the talc products and was inhaled by Plaintiff Sarah J. Plant.

124.    As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff Sarah J. Plant was exposed to Defendants' asbestos, asbestos-containing talc products, and/or products manufactured for personal use by individuals like Plaintiff Sarah J. Plant and consequently developed mesothelioma, causing Plaintiffs to suffer all damages attendant thereto.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A FIFTH CAUSE OF ACTION
### (Fraudulent Misrepresentation)

**For a Fifth Distinct Cause of Action for Fraudulent Misrepresentation, Plaintiffs Complain of Defendants, and Allege as Follows:**

125.    Plaintiffs repeat and re-allege the portions of the above paragraphs where relevant.

126.    That during, before and after Plaintiff Sarah J. Plant's exposure to asbestos products manufactured by Defendants and/or their "alternate entities", the Defendants and/or their "alternate entities" falsely represented facts, including the dangers of asbestos exposure to Plaintiff Sarah J. Plant in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff Sarah J. Plant. At the same time of these misrepresentations, Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

127.    The foregoing representations were material conditions precedent to Plaintiff Sarah J. Plant's continued exposure to asbestos-containing talc products.  Defendants and/or their "alternate entities" each intended that Plaintiff Sarah J. Plant act upon the representations by continuing her personal use of, and thereby exposure to, the asbestos-containing talc products.  Plaintiff Sarah J. Plant was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

128.    As a direct and proximate result, Plaintiff Sarah J. Plant's reliance upon Defendants' false representations, Plaintiff has suffered injury and damages as described herein.

## FOR A SIXTH CAUSE OF ACTION
### (Fraudulent Misrepresentation and Conspiracy/Concert Action)

**For a Sixth Distinct Cause of Action for Fraudulent Misrepresentation and Conspiracy/Concert Action, Plaintiffs Complain of Defendants, and Allege as Follows:**

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

129.    Plaintiffs repeat and re-allege the portions of the above paragraphs where relevant.

130.    For decades, defendants manufactured products composed of talc that were sold and marketed as safe for daily use by consumers on their person to give off a pleasant smell, mask odors, prevent chaffing and/or absorb moisture. Defendants' products were advertised as healthful for babies, children and adults and to be applied regularly to maintain freshness, keep skin soft, mask odors with a floral fragrance, prevent chaffing and/or absorb moisture.

131.    Defendants and the Cosmetic, Toiletry & Fragrance Association (n/k/a Personal Care Products Council) ("CTFA") made false statements to plaintiff, the general public, news media and government agencies that exercise regulatory authority over the cosmetic industry, including, but not limited to, the U.S. Food & Drug Administration ("FDA"), the National Institute of Occupational Health and Safety ("OSHA"), the National Institute for Occupational Safety and Health ("NIOSH"), the Mine Health and Safety Administration ("MHS"), and the National Toxicology Program ("NTP"), which, in turn, proximately caused plaintiff's harm through intentional efforts to deceive the general public as to the safety of and presence of carcinogens, including asbestos, in talc-containing products.

132.    Defendants and CTFA, for decades before SARAH J. PLANT was born, possessed medical and scientific data that raised concerns regarding the presence of carcinogens, including asbestos, in talc and that demonstrated the existence of health hazards to those exposed to asbestos-containing talcum powder products.

133.    Talc is a hydrous magnesium silicate, inorganic material that is mined from the earth. It is used in the manufacture of goods, such as paper, plastic, paint and coatings, rubber,

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

food, electric cable, ceramics, and cosmetics. In its loose form and as used in defendants' products, talc is known as "talcum powder."

134.    Geologists, Defendants and CTFA—and their suppliers, experts, agents and advisors—have long known that the deposits in the earth that are associated with talc are also associated with the formation of asbestos. "Asbestos" is a commercial and legal term, rather than a geologic or scientific term, referring to six now-regulated magnesium silicate minerals that occur in fibrous form, including the serpentine mineral chrysotile, and amphibole minerals such as actinolite, anthophyllite, tremolite, amosite and crocidolite. The United States Geological Survey on Commercial Talc production in 1965, as well as those dating back to the 1800s, note the presence of tremolite, anthophyllite and chrysotile commonly among those minerals found within talc deposits.

135.    Defendants, some of which have been and still are the largest talc producers and/or talc-containing product manufactures in the world, admit that they have long employed and/or consulted with doctors, scientists, geologists, mineralogists and toxicologists, and that they have long maintained extensive medical and scientific libraries and archives containing materials relating to the health hazards of talc and the presence of carcinogens, including asbestos, in talc and talc deposits.

136.    Beginning in the 1930s, medical and scientific literature emerged indicating talc was commonly, if not invariably, contaminated with substances known or suspected of being carcinogenic, such as asbestos, silica, quartz, nickel and arsenic. Within the next several decades, an ever-growing body of medical and scientific literature demonstrated that direct and secondary exposure to talc, including asbestos-containing talc, was hazardous to exposed persons' health in that it could cause lung disease, cancer and death.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

137.    Defendants and their affiliates, employees, agents and/or suppliers were members of the National Safety Council. In March of 1933, Waldemar C. Dreesen of the United States Public Health Service reported to the National Safety Council the results of a study conducted among tremolite, talc and slate workers. The study indicated that the talc was a hydrous calcium magnesium silicate, being 45% talc and 45% tremolite, and the National Safety Council stated, "The results of the study seemed to indicate a relationship between the amount of dust inhaled and the effect of this dust on the lungs of the workers." As early as 1934, the National Safety Council was publishing that "a cause of severe pulmonary injury is asbestos, a silicate of magnesium." In the September 1935 issue of National Safety News, an article entitled "No Halfway Measures in Dust Control" by Arthur S. Johnson reported lowered lung capacity resulting from "asbestosis" and "similar conditions" that developed "from exposure to excess of many mineral dusts relatively low in free silica content." The article further noted that claims for disabilities from workers who alleged exposure to "clay, talc, emery, and carborundum dusts" had "claims prosecuted successfully." The article concluded that "[i]n the absence of adequate diagnoses, occupational histories and a more satisfactory method of adjudicating claims than prosecution at common law, we must conclude that it is necessary to find a practical method for controlling all mineral dusts."

138.    In 1936, the National Safety Council published an article entitled "Lesser Known Facts About Occupational Diseases" that found "exposure to asbestos fibers, present in the weaving and grinding of dry asbestos material, offers another type of dust which may cause fatalities among workers." In 1958, The New York Department of Labor published Industrial Code Rule No. 12 establishing regulations applying to all employees and employers relating to dangerous air contaminants and listing both asbestos and talc as such substances.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

139.    In 1968, a study presented at the American Industrial Hygiene Conference & Exposition and published in the American Industrial Hygiene Association Journal concluded that "[a]ll of the 22 talcum products analyzed have a…fiber content…averaging 19%. The fibrous material was predominantly talc but contained minor amounts of tremolite, anthophyllite, and chrysotile as these are often present in fibrous talc mineral deposits…Unknown significant amounts of such materials in products that may be used without precautions may create an unsuspected problem." L. J. Cralley, et al., Fibrous and Mineral Content of Cosmetic Talcum Products, 29 Am. Ind. Hyg. Assoc. J. 350-354 (1968). Defendants were aware of these findings.

140.    In 1968, a scientific study of store-bought, commercially available talcum powders conducted by the Occupational Health Program, National Center for Urban Industrial Health, was published and presented by the American Industrial Hygiene Association. Defendants were aware of this study. The study revealed that, contrary to popular belief, talcum powders were not entirely pure, but rather contained various fibrous minerals, including tremolite, anthophyllite and chrysotile. The study explained that such fibrous content was not unexpected because these types of fibers are often present in fibrous talc mineral deposits. Available documents indicate that during the same year and in the years following, at least one company began testing store-bought talcum powders for asbestos content. Despite tests showing some talcum powders contained asbestos, there is no evidence that positive results or the brand names of contaminated products were communicated to any governmental agency, the media or the public.

141.    A 1976 follow-up study conducted by researchers at Mount Sinai Hospital in New York concluded that "[t]he presence in these products of asbestiform anthophyllite and tremolite, chrysotile, and quartz indicates the need for a regulatory standard for cosmetic talc…We also

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

recommend that evaluation be made to determine the possible health hazards associated with the use of these products." Rohl A.N., et al., Consumer Talcums and Powders: Mineral and Chemical Characterization, 2 J. Toxicol. Environ. Health 255-284 (1976). The Mount Sinai study results were published by various newspapers, including the New York Times and the Washington Post, and Defendants were aware of same.

142.    In the early 1970s, the FDA began an inquiry into whether to regulate and require warnings on talc-containing products. Defendants and CTFA, an exclusive lobbying and advocacy group representing companies engaged in the cosmetic products industry, repeatedly conspired and worked in concert to block efforts to label and warn consumers regarding the dangers (including asbestos hazards) associated with cosmetic talcum powder products, such as Defendants' products.

143.    In 1971, the New York City of Environmental Protection Administration Air Resources Board conducted a study of two "leading" brands of talcum powder using transmission electron microscopy ("TEM") and X-ray diffraction ("XRD") analysis, and found them to contain 5-25% tremolite and anthophyllite asbestos.

144.    Soon thereafter, a symposium was held in August of 1971 at the FDA to discuss the issue of asbestos content of talcum powders with the talc industry, government officials, and doctors and scientists from Mt. Sinai Hospital, which was then the epicenter of the medical and scientific study of asbestos. Among other statements, participants and attendees heard: that asbestos should be banned in talcum powders; models should be set up to measure the levels exposure to asbestos experienced by persons using talcum powder containing asbestos at the lowest level of microscopic detection; and that finding asbestos in talc and talcum powder is extremely difficult, and the only truly reliable way to determine the asbestos content of talc and

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

talcum powder is through TEM and electron diffraction. Defendants and CTFA, aware of the foregoing and citing costs as well as their fear of the public learning talc was contaminated with asbestos, ignored and completely rejected any measures to meaningfully test talc products to make sure they were free from asbestos and other carcinogens.

145.    After this 1971 symposium, Dr. Weissler of the FDA hired Dr. Seymour Z. Lewin to test commercially available talcum powders for asbestos. Dr. Lewin tested 195 samples and found asbestos of varying amounts in 43. Many of Dr. Lewin's positive results were eventually corroborated by Pfizer Inc. The results, however, were uncorroborated by two other laboratories, leading the FDA to the conclusion that XRD, optical and electron microscopy, and electron diffraction must be used to detect asbestos in talc and talcum powders.

146.    Dr. Lewin of New York University disclosed twice in 1972 that asbestos had been found in cosmetic talc. In a report to the FDA on August 3, 1972, Dr. Lewin reported that of 195 talc products, 20 had tremolite, 7 had chrysotile, 9 had both tremolite and chrysotile, and 7 had substantial percentages of one of both. XRD had been used as the first step in analysis and the presence of asbestos and was verified by the use of optical microscopy to disclose the presence of significant numbers of fibers. Shortly thereafter, Dr. Lewin reported to Whittaker, Clark & Daniels Inc. on September 30, 1972, that Italian talc 1615 contained about 2% tremolite and 0.5% chrysotile as determined with XRD and detailed microscopic exam. In a July 31, 1973, review of Dr. Lewin's testing of 195 talc samples, the FDA found "good semi-quantitative agreement" for tremolite on selected samples re-analyzed using optical microscope analysis by FDA and XRD by Pfizer. Agreement was not as good for chrysotile, but the review did warn that optical microscopy could "completely miss the presence of chrysotile if the fibers are submicroscopic, which may well be the case in finely-milled talc." In 1972, ES Laboratories

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

reported that "1615" talc contained 1% chrysotile and that "4615" talc contained 3% chrysotile and 3% anthophyllite. An August 23, 1973, report by Johns-Manville on TEM analysis of commercial talcs reported that nine of fourteen samples contained chrysotile. Only five samples did not have detectable levels of chrysotile. Pages from the laboratory notebook of Colgate-Palmolive Co. scientist Paul Briscese from March 7, 1976, show that Old Regal (North Carolina) talc tested positive for tremolite, New Montana talc tested positive for anthophyllite and tremolite, and Italian talc tested positive for tremolite.

147.    A December 10, 1973, report of the CTFA's Talc Subcommittee disclosed that optical microscope analyses of talcs from the Italian, Montana I & II, Alabama, Vermont, and North Carolina mines had failed the proposed FDA's method because of elevated chrysotile concentrations. This December 10, 1973, CTFA report also showed that several laboratories had reported chrysotile in many of the talc samples sent by the CTFA for evaluation of analytical methods as well as the several identifications of asbestos in talc mentioned.

148.    In the early 1970s, the FDA began an inquiry into whether to regulate and require warnings on consumer talcum powder products. CTFA, an exclusive lobbying and advocacy group representing companies engaged in the cosmetic products industry, including many of the Defendants herein, repeatedly conspired and worked in concert to block efforts to label and warn consumers regarding the dangers associated with cosmetic talcum powder products, such as Defendants' products. On September 3, 1973, the FDA sent CTFA a letter regarding various means of measuring asbestos in talc, stating that "conventional methods employing X-ray diffraction or differential thermal analysis are not sufficiently reliable to produce quantitative results of the desired precision." The FDA further advised CTFA that it "has been exploring refractory optical microscopy as a means of measuring asbestos in talc." CTFA responded to the

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

FDA's public notice on its proposed optical microscopy method on December 26, 1973. CTFA contended that the proposed method was not "reliable" for the detection of asbestos in talc, recommended a "collaborative effort between FDA and industry to develop such a method," and urged deferment of the proposed rule. Minutes of CTFA's Talc Subcommittee meeting on March 15, 1976, indicate that the FDA's "Dr. Shaffner suggested the possibility of having industry report periodically on the results of its analysis to the FDA." Dr. Estrin of CTFA responded that "the subcommittee would give serious consideration to this suggestion."

149.    Contemporaneously, evidence began to emerge from testing conducted by various regulatory agencies revealing that asbestos was being found in food, beer and drugs, including intravenously injected medicines. In 1972, and later in 1973, the FDA filed notices of proposed rulemaking requiring talc used in food, food packing and drugs to be completely free of asbestos. These were some of the same "grades" of talc used by Defendants.

150.    The talc industry's response, including that of the defendants, was swift and well-coordinated through CTFA, with which the defendants conspired and worked in concert to purposely create a flawed, voluntary testing and surveillance methodology for detecting asbestos in talc and block efforts to label and warn consumers regarding the dangers associated with the talc products, including defendants' products.

151.    Regarding the FDA's proposed 1972 rule-making, the FDA Director of Product Development and Cosmetics, Dr. Schaffner, invited representatives of the talc industry to a meeting in August of 1972 to discuss the results of Dr. Lewin's study and inform them that the FDA was preparing to release a "Proposed Statement of Policy On Asbestos in Cosmetics Containing Talc." Dr. Schaffner explained that he was duty-bound and must publicize the brand names of the talcum powders that contained asbestos. CTFA's president, Dr. Merritt, strongly

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

objected to the FDA alerting the general public and publishing the brand names of the talcum

powders, as it would cause the manufactures "economic hardship." Dr. Merritt also threatened to

sue the FDA to prevent the disclosure of the brand names. As a result, the FDA, defendants and

CTFA never revealed or publicized the brand names of the talcum powders that contained

asbestos, much to the detriment of the plaintiff and the general public.

152.    In 1973, CTFA created a talc subcommittee and the Scientific Advisory

Committee to develop a testing methodology for detecting asbestos in talc. Initially, CTFA

designated a group of its members to tests talc grades used in talcum powder utilizing the

methodology proposed by the FDA in its notice of rulemaking. Six samples of talc used in

commercially available talcum powders, plus one talc sample purposely spiked with tremolite

and chrysotile, were circulated among the members, including representatives of defendants. Of

the eight participating members, four found asbestos in every sample, three did not find asbestos

in any sample (including the spiked sample), and one found asbestos only in the spiked sample.

In conclusion, all members agreed that the best and most reliable method of detecting asbestos in

talc is not optical microscopy, but rather TEM and electron diffraction. The same members,

however, dispensed with this analytical method, claiming TEM and electron diffraction

equipment was too expensive, despite defendants then owning or having unfettered access to

same.

153.    From there, the difference between what defendants and CTFA knew diverged

from what they were representing to the FDA. Defendants, CTFA and others in the industry

knew that there was no such thing as asbestos-free talc—only talc in which asbestos could not be

detected using the prevailing, most economic analytical methodology, XRD, which at the time

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

could not accurately identify chrysotile asbestos in talc, nor detect tremolite asbestos contamination levels below 2-5%.

154.    Defendants and the CTFA also did not disclose to the FDA that the overwhelming majority of talcum powder manufacturers and sellers were not testing their products for asbestos, and even if they were testing, it was done so superficially: only four or so grams per 20 tons of pre-shipment and pre-processed talc, as an example. Defendants and CTFA also failed to the inform the FDA that they were not testing off-the-shelf talc powder products, but rather old samples that were never from the end products themselves. They also failed to inform the FDA that they were limiting their testing of talc to only one type of asbestos fiber to the exclusion of all other fiber types that are commonly found in talc deposits. What is more, to the extent defendants found asbestos in their samples, these positive results were not reported to the FDA. Instead, on their behalf, CTFA sent letters to the FDA in March of 1976 fraudulently claiming that industry testing had shown all talcum powder products to be completely free of asbestos.

155.    Beginning in 1975 and 1976, researchers at New York Air Resources Board, Mt. Sinai School of Medicine, and the FDA became increasingly concerned that CTFA, defendants and the cosmetic industries were slow to address the issue of asbestos in talc and talcum powders. Defendants had not issued any recalls, provided consumer warnings, informed the FDA of any effort to ensure that talcum powders on the market did not contain asbestos, or developed a reliable methodology or protocol for ensuring that talc and talcum powder did not contain asbestos.

156.    Taking matters into their own hands, Mt. Sinai Hospital researchers published a follow-up article to Dr. Lewin's 1971 study that demonstrated that some of defendants' talcum powders contained over 20% asbestos. The researchers concluded that "[t]he presence in these

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

products of asbestiform anthophyllite and tremolite, chrysotile, and quartz indicates the need for a regulatory standard for cosmetic talc…We also recommend that evaluation be made to determine the possible health hazards associated with the use of these products." The results of the Mount Sinai study were known to the defendants and published the same year by the New York Times and the Washington Post.

157.    Defendants and CTFA responded to these developments by falsely claiming that the industry was doing "everything" it could to solve the problem; issuing press releases falsely claiming that chrysotile had never been found in talcum powders; and intentionally suppressing data that showed tremolite was commonly found in talc and talcum powder.

158.    CTFA subsequently began in earnest to produce a voluntary protocol and methodology that would provide defendants cover from both lawsuits and regulation. Egregiously, as concerned media members, citizens and regulators began asking more questions about which other brands of talcum powder contained asbestos, defendants and CTFA falsely represented that talcum powders have never contained asbestos.

159.    Defendants and third parties collectively met with and corresponded with CTFA, as well as collectively met with the FDA and other government agencies, to individually and collectively advocate for the use of "voluntary" XRD testing of miniscule portions of the tons of talc to be used in consumer products. Defendants' "voluntary" method—that was developed collectively by defendants and CTFA and advocated to the FDA in lieu of regulations requiring asbestos labeling or warnings on talcum powder products—was inadequate because levels of asbestos contamination in talc commonly fell below the detection limit of the testing methods. Defendants and CTFA also knew that asbestos contamination was not uniformly distributed,

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

such that the miniscule amounts tested would not reveal the true level of contamination in talc products, such as those to which SARAH J. PLANT was exposed.

160.    In support of its voluntary XRD methodology, which was finally published in 1977, CTFA produced letters to the FDA written by its members, including defendants, identifying tests conducted showing talcum powder products did not contain asbestos. CTFA, defendants and other talc product producers, however, never informed the FDA of the hundreds of positive tests showing talc and talcum powders contained asbestos and other carcinogens.

161.    CTFA "Method J4-1," published on October 7, 1976, states that TEM-SAED "offers greater sensitivity, but is not presented since it is unsuitable for normal quality control applications." The published method, rather, relies on XRD with "the level of detection of amphibole by this method [being] 0.5% and above." CTFA met with and corresponded with defendants and third parties, to individually and collectively advocate to the FDA for the use of inadequate XRD testing on miniscule portions of the tons of talc obtained from the mining sources to be used in the consumer products, followed by fewer "periodic" tests by TEM. This voluntary method was developed by CTFA and defendants, and was advocated to the FDA by CTFA and defendants in lieu of regulations requiring labeling and warnings on talcum powder products, even though CTFA and defendants knew that the J4-1 method would not reveal the true level of asbestos in the talc that reached consumers. In fact, the first "round robin" tests, which analyzed a "CTFA Tremolite-Spiked Talc," resulted in 6 of 7 participating laboratories failing to detect the tremolite. In other words, 84% of the industry's laboratories failed to detect asbestos in a sample known to contain tremolite asbestos while using the CTFA's own J4-1 method. There is no evidence that CTFA or defendants ever shared this remarkable failure with the FDA or the public.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

162.    Minutes of CTFA's Talc Subcommittee from February 24, 1975, stated "It was agreed, however, that chrysotile is never found in cosmetic talcs, based on numerous analyses by several investigators…" When referring to the challenge of chrysotile detection, an article entitled "Talc" in the January/March 1976 CTFA Cosmetic Journal, states that "The only known backup method for a positive identification in this event, is [TEM] with selected area diffraction." However, "despite many efforts, the committee had been unable to find a sample of cosmetic talc containing naturally occurring asbestos…it was asked, 'Why should we test for chrysotile if there isn't any?'" CTFA's Specification for Cosmetic Talc, revised on October 7, 1976, falsely represented that no fibrous asbestos was detected in cosmetic talc. Even after 1976, CTFA and defendants continued to obtain and/or receive results of testing performed internally and externally indicating the presence of asbestos and other carcinogens in the talc being used to manufacture cosmetic products. However, CFTA and defendants continued to represent that no asbestos was detected in cosmetic talc. These material representations adversely and directly impacted the FDA's attempt to adequately test consumer talc for asbestos and regulate cosmetics. The most sensitive method of identifying or detecting asbestos in cosmetic talc, TEM-SAED, was not used because CTFA represented that its "ultra-sensitivity could be a problem" and that it was too expensive to use. Instead, its J4-1 method relied on XRD alone for detection of asbestos at greater concentrations than 0.5%, a concentration that could allow more than a billion asbestos fibers per gram of talc to be passed off as "asbestos-free."

163.    Defendants and CTFA made and published such representations, claiming that their testing method was adequate, that they were ensuring that talcum powder products were safe, and that the talc reaching consumers was "safe," despite having substantial knowledge and evidence to the contrary. Defendants intentionally and knowingly did so to avoid FDA

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

regulations that may have required them to place warnings regarding the asbestos content of their products, and thereby inform the public, including plaintiff, that talc-containing products contained asbestos.

164.    CTFA then published an article in 1979 stating it conducted over three thousand tests of talcum powders and none of them found chrysotile. The article and report failed to disclose whether the talcum powders tested contained tremolite, anthophyllite or any other form of asbestos. This publication of half-truths was conveyed to the FDA and the public with the purpose of preventing regulations of cosmetic products. Thereafter CTFA's methodology became the standard by which nearly all talc was analyzed by the entire industry, including talc used in cosmetic and hygiene products today.

165.    CTFA and defendants have represented to various news media outlets and the public at large that their products are "asbestos-free," when, in fact, their products did test positive for asbestos and those that did not were merely the result of inadequate and imprecise testing methods. "No asbestos detected" does not mean the product does not contain asbestos, but due to defendants' repeated conflation of the terms, the public has been led to erroneously believe talc products are safe. Furthermore, since defendants and CTFA did not have sufficient testing protocols in place to support the claims that talc products were safe or asbestos-free, such statements were recklessly made, as they had no reason to believe them.

166.    Between 1970 and the 1990s, tests conducted by and on behalf of defendants and the talc industry continued to show that talc and talcum powder products contained asbestos. None of these positive tests have ever been produced or made known to any regulatory agency, and knowledge of their existence is only because of civil litigation.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

167.     Defendants and CTFA's failure to disclose these positive results and the inadequacies of their testing protocols continued through the 1980s, 1990s and 2000s, even when various government agencies raised concerns about the safety of talc, including the issue of asbestos content.

168.     To this day, many talc-containing products presently on the market contain asbestos. Instead of publicizing this fact, defendants and CTFA continue to deny all the above to protect their pecuniary interests, to the severe detriment of the public, including plaintiff.

169.     Since at least 1979, defendants have conducted a campaign to convince the public that their products are regulated by the FDA, that their tests are conducted pursuant to FDA regulations, and that talcum powder products are, therefore, safe. Nothing could be further from the truth: the FDA has never been assigned a budget by Congress to regulate cosmetics, including asbestos and other carcinogens in talcum powders. Defendants' concerns for the safety of their products have always been voluntary and under the auspices of CTFA, a private industry group, that in its 40 years has only banned the use of 11 ingredients in all cosmetics ever sold in the United States. Indeed, as of today, asbestos-containing talc in cosmetics has not been banned or otherwise regulated by CTFA or the FDA.

170.     Defendants (and other entities in the talc industry and cosmetic industries, including the CTFA), individually and collectively, failed to report to the FDA tests performed both internally and by outside laboratories confirming the presence of asbestos in both their finished products as well as talc shipments from Talc Supplier Defendants and other sources that were used to produce finished products.

171.     Defendants, and even the outside laboratories, including McCrone Associates, sent letters to CTFA, to be and which were forwarded to the FDA, stating that results of testing

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of talc used by them after 1972 had not revealed the presence of amphibole or chrysotile asbestos, when in fact all of these entities had received or performed tests indicating the contrary when such false representations were made.

172.    After 1976, defendants and CTFA continued to obtain and/or receive results of testing performed internally and externally indicating the presence of asbestos in talc.

173.    Defendants failed to place any warning on their talc and talcum powder products or ever disclose the fact that these products contained carcinogens, including asbestos, at any point, up to and including the present, despite the clear hazard and direct information that their products did and continue to contain such carcinogens.

174.    Defendants and CTFA, collectively and through explicit agreement and consciously parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of talcum powder products, and controlled the level of knowledge and information available to the public, including plaintiff, regarding the hazards of exposure to carcinogens, including asbestos, from talc and talc-containing products.

175.    Defendants, through agreement and consciously parallel behavior, intentionally failed to warn potential users, including plaintiff, of the serious bodily harm and/or death which may result from the inhalation and/or ingestion of asbestos in their talc and talc-containing products.

176.    Defendants and CTFA, through agreement and consciously parallel behavior, knowingly and intentionally released, published and disseminated invalid, inaccurate, outdated and misleading scientific data, literature and test reports containing misinformation and false statements regarding the health risks associated with the use of talc and talcum powder products, including those to which SARAH J. PLANT was exposed.

63

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

177.     Defendants and CTFA, while cognizant of the aforementioned data, deliberately chose to ignore the health and safety issues raised in said data and embarked upon a plan of deception intended to deprive the public at large, including plaintiff, of alarming medical and scientific findings, many of which remained in their exclusive possession and under their exclusive control.

178.     Defendants and CTFA conspired and/or acted in concert with each other and/or with other entities through agreement and consciously parallel behavior:

(a)     to withhold from users of their products—and from persons who they knew and should have known would be exposed thereto—information regarding the health risks of inhaling and/or ingesting asbestos and other carcinogens contained in talc and talcum powder products;

(b)     to eliminate, suppress or prevent investigation into the health hazards of exposure to asbestos and other carcinogens in talc and talcum powder products;

(c)     to ensure that asbestos-containing talc and talcum powder products became widely used in commerce, irrespective of the potential and actual risk of harm to the users and consumers from the asbestos and other carcinogens therein; and

(d)     to falsely represent that talc and talcum powder products, including those of defendants, were safe and healthful for use by consumers.

1.     Plaintiff reasonably and in good faith relied upon the false and fraudulent representations made by defendants and CTFA regarding the hazards of talc and talcum powder products that contained asbestos and other carcinogens, and she was, therefore, deprived of an opportunity to make informed decisions concerning use of, exposure to and contact with said products.

2.     CTFA, as well as defendants and other entities in the talc industry and cosmetic industries, individually and collectively, failed to report to the FDA tests performed both internally and by outside laboratories confirming the presence of asbestos in defendants' and other CTFA members' finished products as well as talc shipments from talc suppliers and other

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

sources that were used to produce finished products. Instead, CTFA sent letters to the FDA stating that results of testing of talc used by the industry after 1972 had not revealed the presence of amphiboles or chrysotile, when in fact all of these entities had received or performed tests indicating the contrary by 1976, when such intentionally false misrepresentations were made. CTFA and defendants made and published such representations claiming that their collective testing method was adequate, they were ensuring that talcum powder products were safe, and that their testing of talc reaching consumers was "safe," despite knowing the contrary.

3. The FDA, and ultimately plaintiff, directly and/or indirectly relied upon CTFA's and defendants' false representations regarding the safety of cosmetic talc. In fact, an FDA letter dated January 11, 1979, states: "In cooperation with scientists from industry, our scientists have been making progress in the development of such regulatory methods." The continuing lack of FDA awareness regarding CTFA's and defendants' misrepresentations was obvious seven years later. In a response to a citizen petition to require an asbestos warning label on cosmetic talc, on July 11, 1986, the FDA states that an "analytical methodology was sufficiently developed" to ensure that "such talc [is] free of fibrous amphibole…" CTFA's J4-1 method has continued for the past four decades to be the cosmetic talc industry's method for "ensuring" "asbestos-free" talc. The use of TEM, recognized by the CTFA as offering "greater sensitivity" for asbestos, continued to increase over the following decades as its advantages were applied to more matrices. In 1990, Kremer and Millette published a TEM method for analysis of asbestos in talc with a theoretical detection limit of about 0.00005%. Despite such improvements in analytical techniques, the cosmetic talc industry, including defendants, continues, four decades later, to use and promote its antiquated and wholly inadequate J4-1 method.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

4.       CTFA and defendants, collectively and through explicit agreement and consciously parallel behavior, controlled industry standards regarding the testing, manufacture, sale, marketing, distribution and use of asbestos-containing talcum powder products, and controlled the level of knowledge and information available to the public regarding the hazards of exposure to asbestos and other carcinogens from talc and talc-containing products.

5.       CTFA and defendants, through agreement and consciously parallel behavior, intentionally failed to warn potential users, including plaintiff and their family members, of the serious bodily harm and/or death which may result from the inhalation and/or ingestion of asbestos from their talc and talc-containing products.

6.       CTFA and defendants, through agreement and consciously parallel behavior, knowingly and intentionally released, published and disseminated invalid, inaccurate, outdated and misleading scientific data, literature and test reports containing misinformation and false statements regarding the health risks associated with the use of talc and talcum powder, and specifically talc and talcum powder used in the production of products to which SARAH J. PLANT was exposed.

7.       CTFA and defendants, through agreement and consciously parallel behavior, suppressed, altered, changed, destroyed and/or revised reports, data, tests, studies and other documents regarding the potential presence of asbestos and other carcinogens in talc and talc-containing products, including defendants' products to which SARAH J. PLANT was exposed.

8.       As recently as 2016, Defendants made material misrepresentations to the FDA regarding asbestos in its talcum powder products.

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

9.      For additional details regarding and supporting plaintiff's claim, see Bird T., et al., "A Review of the Talc Industry's Influence on Federal Regulation and Scientific Standards for Asbestos In Talc," New Solut., 2021 Aug; 31(2): 152-169.

10.     Defendants, both acting individually and in concert with others, including the CTFA, violated the common law duty of care owed to plaintiff or otherwise engaged in intentionally culpable activity that caused plaintiff to suffer severe injuries and damages.

11.     Revlon has known of the risk for asbestos in talc since at least the 1960s.

12.     Revlon purchased hundreds of tons of Italian talc throughout the 1970s, 1980s, and 1990s, despite receiving test results in the early 1970s that its products containing said Italian talc tested positive for asbestos.

13.     Revlon had access to information regarding the natural occurrence of asbestos in talc mines during the 1960s and access to reports finding that 22 cosmetic talcum products purchased off the shelf had asbestos fiber contents ranging from 8 to 30% by count of the total talcum particulates, with an average of 19%.

14.     Revlon knew that in the early 1970s testing at New York University showed asbestos in its talc-containing products, such as Touch and Glow Face Powder, Revlon Intimate Perfumed Bath Powder, and Jean Naté Bath Powder.

15.     Revlon did not itself test any of its talcum powder products to determine whether they contained asbestos, nor did it place a warning on any of its talcum powder products. Revlon chose not to conduct any independent testing of the talc used to make its talc-containing products. Instead, in an effort to further conceal the asbestos content of its products, Revlon purported to shift this responsibility to its talc suppliers, who Revlon directed to utilize intentionally-inadequate, intentionally-dishonest testing methods and protocols and provided

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

only sporadic "certificates of analysis" claiming, falsely, that the talc did not contain asbestos, and Revlon knew that said "certificates of analysis" were erroneous and that, in fact, the talc contained asbestos.

16.    What is more, Revlon did not start requiring the aforementioned "certificates of analysis" for talc until the early 1980s. Revlon dictated the limited information it wanted from its suppliers for these certificates and chose not to ask for the geographic location of the talc source mine even though mines in certain areas were known by Revlon to have asbestos.

17.    Revlon also elected not to ask its talc suppliers about the sensitivity of the testing methods they used and asked only the dishonest statement that the talc was "asbestos free," a phrase that Revlon used as a euphemism for allowing up to 0.49% asbestos.

18.    Revlon has been a member of the CTFA since the 1970s. The FDA proposed a detection limit of 0.1%, while the Committee proposed a detection limit of 0.5%. In 1977, a Revlon representative supported and voiced no objection to CTFA's proposal to oppose all testing of cosmetic talc. In 1978, Revlon expressed concern about contamination of asbestos in talc and requested information regarding the epidemiology of cosmetic talc.

19.    Revlon's directive for certificates of analysis for its talc required the CTFA's J4-1 testing method, despite Revlon knowing that the method could not detect the presence of asbestos less than 0.5% and not designed detect chrysotile (asbestos) at all. Nevertheless, Revlon continued to claim that its talc was "asbestos free," although it knew that asbestos was present in the talc below the 0.5% detection limit.

20.    Revlon represented to the consumers, including plaintiff, that its talc-containing products were safe and healthful to use despite knowing that they were contaminated with asbestos. When making these statements, Revlon intended to deceive the public and consumers,

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

including, specifically, the plaintiff herein. Plaintiff relied on Revlon's representations that its talc-containing products were safe and healthful. As a result, plaintiff used Revlon's talc-containing products which resulted in exposure to asbestos.

21.     As a direct and proximate consequence of the foregoing acts and omissions, SARAH J. PLANT  (i) relied on defendants' false assurances that their talc-containing products were free from asbestos and safe, (ii) used or was otherwise exposed to defendants' talc-containing products; (iii) and inhaled and/or ingested asbestos resulting from the ordinary and foreseeable use thereof.

22.     The actions and omissions of defendants, independently and collectively, constitute a pattern or practice of intentionally wrongful conduct and/or malice resulting in injuries to plaintiff as described in this complaint.

23.     As a direct and proximate consequence of the foregoing acts and omissions by the defendants, SARAH J. PLANT used or was otherwise exposed to defendants' products and inhaled and/or ingested asbestos resulting from the ordinary and foreseeable use thereof

### FOR A SEVENTH CAUSE OF ACTION
**(Loss of Consortium)**

**For a Seventh Distinct Cause of Action for Loss of Consortium, Plaintiff Parker Plant Complains of Defendants, and Alleges as Follows:**

24.     Plaintiff incorporates by reference, the preceding paragraphs, where relevant.

25.     Plaintiffs Sarah J. Plant and Parker Plant were married in 2001and at all times relevant to their action were husband and wife.

26.     Prior to his injuries as alleged, Plaintiff Sarah J. Plant was able and did perform her spousal duties. As a proximate result thereof, subsequent to the injuries, Plaintiff Sarah J. Plant has been unable to perform her spousal duties and the work and service usually performed

69

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

in the care, maintenance and management of the family home. As a proximate result thereof, Plaintiff Parker Plant was deprived of the consortium of his spouse, including the performance of duties, all to Plaintiffs' damages, in an amount presently unknown to Plaintiffs but which will be proven at time of trial.

27.     As a direct and proximate result of the acts of Defendants and/or their "alternate entities" and the severe injuries caused to Plaintiff Sarah J. Plant as set forth herein, Plaintiff's spouse and co-Plaintiff Parker Plant suffered loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of his spouse, and has suffered severe mental and emotional distress and general nervousness. Plaintiffs pray judgment against Defendants, their "alternate entities" and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment, joint and several, against Defendants and/or their "alternate entities" in an amount to be proved at trial, as follows:

1.     For Plaintiffs' actual damages according to proof, including pain and suffering, mental distress, as well as medical, surgical and hospital bills;

2.     For loss of income or earnings according to proof;

3.     For loss of care, comfort and society;

4.     For punitive damages according to proof;

5.     For Plaintiffs' cost of suit herein;

6.     For damages for breach of implied warranty according to proof;

7.     For damages for fraudulent misrepresentation according to proof; and

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

8.     For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided by South Carolina law.

A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES.

Respectfully submitted,

*/s/ Theile B. McVey*
Theile B. McVey (SC Bar No. 16682)
Jamie D. Rutkoski (SC Bar No. 103270)
**KASSEL MCVEY ATTORNEYS AT LAW**
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
T: 803-256-4242
F: 803-256-1952
tmcvey@kassellaw.com
jrutkoski@kassellaw.com
Other email:  emoultrie@kassellaw.com

*and*

Rachel A. Gross (TX Bar 24073608)
(To Be Admitted *Pro Hac Vice*)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300
Dallas, TX 75202
T: 214-722-5990
F: 214-722-5991
rgross@dobslegal.com
Other email: tgilliland@dobslegal.com

**ATTORNEYS FOR PLAINTIFFS**

**March 10, 2022**
**Columbia, South Carolina**

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

# SURGICAL SPECIMEN

Ordered by Bryan M Denham, MD

Collected on 3/22/21 (Pathology)

Resulted on 3/24/21

## NARRATIVE

Patient Name: PLANT, SARAH
Date of Birth: ███████
MRN: EP02454048
Accession#: S21-9959
Collected: 3/22/2021
Received: 3/22/2021

NORTON AUDUBON HOSPITAL
One Audubon Plaza Drive
Louisville, Kentucky  40217

PROCEDURES:
Outside Expert Consultation    Date Ordered:
4/1/2021    Status: Signed
Out
    Date Complete:    4/1/2021
    Date Reported:    4/2/2021

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## NARRATIVE

Interpretation
BAYLOR COLLEGE OF MEDICINE
DEPARTMENT OF PATHOLOGY
2525 W. BELLFORT, SUITE 130
HOUSTON, TX 77054

Consultation was requested by Dr. Robert Ripley

SPECIMEN: THORAX, LEFT PLEURAL BASE
MASS (BAYLOR # SB-21-01988)

DIAGNOSIS:
THORAX, LEFT PLEURAL BASE MASS, CORE
NEEDLE BIOPSIES:
    MALIGNANT MESOTHELIOMA,
EPITHELIOID TYPE

HISTORY:
The patient is a 34-year-old female with extensive
pleural masses with left
pleural effusion.

MICROSCOPIC DESCRIPTION:
The sections consist of two needle cores of tissue
that measure approximately 1
cm each on the slide. Both cores are completely
replaced by a tubulopapillary
mesothelioma. The tumor is growing in a fibrous

ELECTRONICALLY FILED - 2022 Mar 10 3:24 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## NARRATIVE

pleural masses with left
pleural effusion.

MICROSCOPIC DESCRIPTION:
The sections consist of two needle cores of tissue
that measure approximately 1
cm each on the slide.  Both cores are completely
replaced by a tubulopapillary
mesothelioma.  The tumor is growing in a fibrous
background and fat or skeletal
muscle of the chest wall is not seen.  The
immunohistochemical profile performed
at the referring laboratory is typical for malignant
mesothelioma, epithelioid
type:  (positive staining for calretinin, D2-40, WT1,
CK5/6, CK7 and negative
staining for CK20, TTF-1, Pax-8, p40, CDX2,
GATA-3, CD15, B72.3, monoclonal CEA,
ER and Ber-EP4.

Final Diagnosis performed by
Thomas M. Wheeler, MD
Electronically signed 3/31/2021 at 1:07 PM

**Electronically Signed Out  on 4/2/2021 **

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |

| | | |
|---|---|---|
| SARAH J. PLANT and | ) | C/A NO.  2022-CP-40-01265 |
| PARKER PLANT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | In Re: |
| | ) | Asbestos Personal Injury Litigation |
| AVON PRODUCTS, INC. | ) | Coordinated Docket |
| | ) | |
| AMACO, LLC | ) | Living Mesothelioma |
| | ) | |
| AMERICAN ART CLAY CO. INC. | ) | |
| | ) | |
| THE BARGAIN BARN, LLC | ) | **FIRST AMENDED SUMMONS** |
| | ) | |
| BEACON CMP CORPORATION | ) | |
| | ) | |
| BELK, INC. | ) | |
| | ) | |
| BLOCK DRUG COMPANY, INC. | ) | |
| | ) | |
| BRENNTAG NORTH AMERICA, INC. | ) | |
| | ) | |
| BRENNTAG SPECIALTIES, LLC | ) | |
| | ) | |
| BRISTOL-MYERS SQUIBB COMPANY | ) | |
| | ) | |
| CHATTEM, INC. | ) | |
| | ) | |
| COLGATE-PALMOLIVE COMPANY | ) | |
| | ) | |
| COLOR TECHNIQUES, INC. | ) | |
| | ) | |
| CONOPCO, INC. | ) | |
| | ) | |
| COTY INC. | ) | |
| | ) | |
| DANA CLASSIC FRAGRANCES, INC. | ) | |
| | ) | |
| DILLARD'S, INC. | ) | |
| | ) | |
| DOLLAR GENERAL CORPORATION | ) | |
| | ) | |

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | |
|---|---|
| ELIZABETH ARDEN, INC. | ) |
| | ) |
| ESTÉE LAUDER INC. | ) |
| | ) |
| ESTÉE LAUDER INTERNATIONAL, INC. | ) |
| | ) |
| THE ESTÉE LAUDER COMPANIES INC. | ) |
| | ) |
| HAMRICK'S INCORPORATED | ) |
| | ) |
| HIGHWATER CLAYS, INC. | ) |
| | ) |
| HOUBIGANT, INC. | ) |
| | ) |
| IMI FABI (DIANA) LLC | ) |
| | ) |
| IMI FABI (USA) INC. | ) |
| | ) |
| IMI FABI, LLC | ) |
| | ) |
| INGLES MARKETS, INCORPORATED | ) |
| | ) |
| L'ORÉAL USA, INC. | ) |
| | ) |
| L'ORÉAL USA PRODUCTS, INC. | ) |
| | ) |
| LOWCOUNTRY GROCERS LLC | ) |
| | ) |
| MARTIN HIMMEL INC. | ) |
| | ) |
| MARY KAY INC. | ) |
| | ) |
| MAYBELLINE LLC | ) |
| | ) |
| NOXELL CORPORATION | ) |
| | ) |
| PFIZER INC. | ) |
| | ) |
| R.T. VANDERBILT HOLDING COMPANY, INC. | ) |
| | ) |
| | ) |
| REVLON CONSUMER PRODUCTS CORPORATION | ) |
| | ) |
| | ) |
| REVLON, INC. | ) |
| | ) |
| RITE AID OF SOUTH CAROLINA, INC. | ) |

2

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

|  |  |
|---|---|
| SOUTHEASTERN GROCERS, INC. | ) |
| TOPCO ASSOCIATES, LLC | ) |
| VANDERBILT MINERALS, LLC | ) |
| VARIETY WHOLESALERS, INC. | ) |
| VI-JON, LLC | ) |
| WALGREEN CO. | ) |
| WALMART INC. | ) |
| WHITTAKER, CLARK & DANIELS, INC. | ) |
| WINN-DIXIE STORES, INC. | ) |
| YVES SAINT LAURENT AMERICA, INC. | ) |
| Defendants. | ) |
| _____ | ) |

## FIRST AMENDED SUMMONS

TO DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the First Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the Plaintiffs' counsel, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service.  If you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Respectfully submitted,

*s//Theile B. McVey*

Theile B. McVey (SC Bar No. 16682)
tmcvey@kassellaw.com
John D. Kassel (SC Bar 3286)
jkassel@kassellaw.com
Jamie D. Rutkoski (SC Bar No. 103270)
jrutkoski@kassellaw.com
**KASSEL MCVEY ATTORNEYS AT LAW**
1330 Laurel Street
Post Office Box 1476
Columbia, SC 29202-1476
T: 803-256-4242
F: 803-256-1952
Other email:  emoultrie@kassellaw.com

*and*

Rachel A. Gross (TX Bar 24073608)
(To Be Admitted *Pro Hac Vice*)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300
Dallas, TX 75202
T: 214-722-5990
F: 214-722-5991
rgross@dobslegal.com
Other email: tgilliland@dobslegal.com

**ATTORNEYS FOR PLAINTIFFS**

April 11, 2022

Columbia, South Carolina

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** ) | | **IN THE COURT OF COMMON PLEAS** |
| ) | | |
| **COUNTY OF RICHLAND** ) | | **FOR THE FIFTH JUDICIAL CIRCUIT** |

| | | |
|---|---|---|
| **SARAH J. PLANT** and | ) | **C/A NO.  2022-CP-40-01265** |
| **PARKER PLANT** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | In Re: |
| | ) | Asbestos Personal Injury Litigation |
| **AVON PRODUCTS, INC.** | ) | Coordinated Docket |
| | ) | |
| **AMACO, LLC** | ) | Living Mesothelioma |
| | ) | |
| **AMERICAN ART CLAY CO. INC.** | ) | |
| | ) | |
| **THE BARGAIN BARN, LLC** | ) | **FIRST AMENDED** |
| | ) | **COMPLAINT** |
| **BEACON CMP CORPORATION** | ) | |
| | ) | |
| **BELK, INC.** | ) | |
| | ) | (Jury Trial Demanded) |
| **BLOCK DRUG COMPANY, INC.** | ) | |
| | ) | |
| **BRENNTAG NORTH AMERICA, INC.** | ) | |
| individually and as successor-in-interest to | ) | |
| MINERAL AND PIGMENT SOLUTIONS, | ) | |
| INC., as successor-in-interest to WHITTAKER, | ) | |
| CLARK & DANIELS, INC. | ) | |
| | ) | |
| **BRENNTAG SPECIALTIES, LLC** | ) | |
| f/k/a BRENNTAG SPECIALTIES, INC. | ) | |
| f/k/a MINERAL AND PIGMENT | ) | |
| SOLUTIONS, INC., as successor-in-interest to | ) | |
| WHITTAKER, CLARK & DANIELS, INC. | ) | |
| | ) | |
| **BRISTOL-MYERS SQUIBB COMPANY** | ) | |
| individually and as successor-in-interest to | ) | |
| CHARLES OF THE RITZ INC., LAVIN- | ) | |
| CHARLES OF THE RITZ and JEAN NATÉ | ) | |
| | ) | |
| **CHATTEM, INC.** | ) | |
| | ) | |
| **COLGATE-PALMOLIVE COMPANY** | ) | |
| | ) | |
| **COLOR TECHNIQUES, INC.** | ) | |

1

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**CONOPCO, INC.**                                          )
                                                           )
**COTY INC.**                                              )
individually and as successor to COVERGIRL                 )
COSMETICS, INC., and as successor to the                   )
NOXZEMA CHEMICAL COMPANY                                    )
                                                           )
**DANA CLASSIC FRAGRANCES, INC.**                          )
                                                           )
**DILLARD'S, INC.**                                        )
                                                           )
**DOLLAR GENERAL CORPORATION**                             )
                                                           )
**ELIZABETH ARDEN, INC.**                                  )
                                                           )
**ESTÉE LAUDER INC.**                                      )
individually and as successor to CLINIQUE                  )
                                                           )
**ESTÉE LAUDER INTERNATIONAL, INC.**                       )
individually and as successor to CLINIQUE                  )
                                                           )
**THE ESTÉE LAUDER COMPANIES INC.**                        )
individually and as successor to CLINIQUE                  )
                                                           )
**HAMRICK'S INCORPORATED**                                 )
                                                           )
**HIGHWATER CLAYS, INC.**                                  )
                                                           )
**HOUBIGANT, INC.**                                        )
                                                           )
**IMI FABI (DIANA) LLC**                                   )
                                                           )
**IMI FABI (USA) INC.**                                    )
                                                           )
**IMI FABI, LLC**                                          )
                                                           )
**INGLES MARKETS, INCORPORATED**                           )
                                                           )
**L'ORÉAL USA, INC.**                                      )
individually and d/b/a LANCÔME and                         )
MAYBELLINE, and as successor to YVES                       )
SAINT LAURENT AMERICA, INC.,                               )
CHARLES OF THE RITZ INC., and JEAN                         )
NATÉ                                                       )
                                                           )
**L'ORÉAL USA PRODUCTS, INC.**                             )

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

individually and d/b/a LANCÔME and ) 
MAYBELLINE, and as successor to YVES )
SAINT LAURENT AMERICA, INC., )
CHARLES OF THE RITZ INC., and JEAN )
NATÉ )
 )
**LOWCOUNTRY GROCERS LLC** )
d/b/a PIGGLY WIGGLY )
 )
**MARTIN HIMMEL INC.** )
 )
**MARY KAY INC.** )
 )
**MAYBELLINE LLC** )
 )
**NOXELL CORPORATION** )
a subsidiary of COTY INC. )
 )
**PFIZER INC.** )
individually and as successor to COTY INC. and )
COTY INTERNATIONAL, INC. )
 )
**R.T. VANDERBILT HOLDING COMPANY,** )
**INC.**, individually and as successor-in-interest )
to R.T. VANDERBILT COMPANY, INC. )
 )
**REVLON CONSUMER PRODUCTS** )
**CORPORATION**, individually and as )
successor to REVLON RESEARCH )
LABORATORIES, INC., CHARLES OF THE )
RITZ INC., LAVIN-CHARLES OF THE RITZ, )
JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., )
and YVES SAINT LAURENT )
 )
**REVLON, INC.** )
individually and as successor to ELIZABETH )
ARDEN, INC., CHARLES OF THE RITZ INC., )
LAVIN-CHARLES OF THE RITZ, JEAN )
NATÉ, E. R. SQUIBB, SQUIBB CORP., and )
YVES SAINT LAURENT )
 )
**RITE AID OF SOUTH CAROLINA, INC.** )
 )
**SOUTHEASTERN GROCERS, INC.** )
individually and as successor-in-interest to )
BI-LO )
 )

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

TOPCO ASSOCIATES, LLC                           )
                                                )
VANDERBILT MINERALS, LLC                        )
f/k/a R.T. VANDERBILT COMPANY, INC.,            )
individually and as successor-in-interest to    )
INTERNATIONAL TALC CO.                          )
                                                )
VARIETY WHOLESALERS, INC.                       )
d/b/a ROSES                                     )
                                                )
VI-JON, LLC                                     )
f/k/a VI-JON, INC.                              )
                                                )
WALGREEN CO.                                    )
                                                )
WALMART INC.                                    )
                                                )
WHITTAKER, CLARK & DANIELS, INC.                )
                                                )
WINN-DIXIE STORES, INC.                         )
a subsidiary of BI-LO a subsidiary of           )
SOUTHEASTERN GROCERS, INC.                      )
                                                )
YVES SAINT LAURENT AMERICA, INC.                )
                                                )
        Defendants.                             )
_____         )

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, SARAH J. PLANT and PARKER PLANT (hereinafter "Plaintiffs"), sue the named Defendants for compensatory and punitive damages, by and through their attorneys, and come before this court and allege as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff Sarah. J. Plant has been diagnosed with mesothelioma.

2.    This Court has personal jurisdiction over Defendants because Plaintiffs' claims arise from Defendants' conduct in:

4

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(a)    Transacting business in this State, including the sale, supply, purchase, and/or use of asbestos and/or asbestos-containing products, within this State;

(b)    Contracting to supply services or things in the State;

(c)    Commission of a tortious act in whole or in part in this State;

(d)    Having an interest in, using, or possessing real property in this State; and/or

(e)    Entering into a contract to be performed in whole or in part by either party in this State.

3.    Each Defendant, or its predecessors in interest, that manufactured, sold, and/or distributed asbestos-containing products, raw asbestos materials, raw asbestos talc, and/or asbestos-containing talc products for use in South Carolina, and other states, at times relevant to this action are referred to herein as "Product Defendants." At all times relevant to this action, the Product Defendants and the predecessors of the Product Defendants for whose actions the Product Defendants are legally responsible, were engaged in the manufacture, sale and distribution of asbestos-containing products, raw asbestos, raw asbestos talc, and/or asbestos-containing talc materials.

4.    Plaintiffs' claims against the Product Defendants, as defined herein, arise out of Defendants' purposeful efforts to serve directly or indirectly the market for their asbestos and/or asbestos-containing products in this State, either through direct sales or through utilizing an established distribution channel with the expectation that their products would be purchased and/or used within South Carolina.

5.    All of the named Defendants are corporations who purposefully availed themselves of the privilege of doing business in this State, and whose substantial and/or systematic business in South Carolina exposed Plaintiff Sarah J. Plant to asbestos in this State, subjecting them to the

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

jurisdiction of the South Carolina courts pursuant to the South Carolina Long-Arm Statute and the United States Constitution.

6.      Plaintiff Sarah J. Plant was exposed to asbestos and/or asbestos-containing cosmetic and body talc products from her birth in 1986 to approximately 2021 through her personal use, and her family's use, of asbestos-containing makeup and body talc products throughout her life and her use and her family's use of asbestos-containing body talc products. Plaintiff was also exposed through her use of asbestos-containing art clay used in the 1990s-2000s when taking art classes.  These asbestos-containing talc products were designed, advertised, marketed, and sold as being appropriate for use in the ordinary course by Defendants identified above.  It was foreseeable Defendants' asbestos-containing talc, as well as asbestos-containing products manufactured and distributed with the asbestos talc, such as makeup, body talc, and art clay products would be sold for personal use by individuals like Plaintiff Sarah J. Plant.  Plaintiff Sarah J. Plant was thereby exposed to defendants' asbestos-containing makeup, body talc and art clay products in the State of South Carolina.

7.      Plaintiff Sarah J. Plant has suffered personal injuries as a proximate result of her regular and prolonged use of, inhalation, ingestion, absorption, and exposure to a variety of asbestos-containing products[1] where asbestos-containing talc was a constituent ingredient. Though they will be further described below, collectively, these cosmetic, body and art clay products and the ingredient talc are the "PRODUCTS".

8.      Plaintiff, Sarah J. Plant, was exposed to asbestos through her personal daily use, and her family's use, of a variety of talc based body products including, but not limited to, Avon

---

[1] As used throughout this complaint, the term "asbestos" shall be interpreted in the broadest sense and included, without limitation, non-regulated and. Non-commercial forms of asbestos (including non-fibrous asbestos), cleavage fragments, and transition/transitional fibers, without limitation as to fiber size, dimension, or ratio.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

body powders, Coty body powders, Johnson and Johnson baby powder, Shower to Shower body powder, Cashmere Bouquet Dusting Powder, Chantilly body powders, Elizabeth Arden body powders, Estée Lauder body powders, Gold Bond body powders, Jean Nate body powder, Mary Kay body powders,  Top Care brand baby and body powder, Walgreens body powders, Walmart body powders, and White Shoulders talcum powder, ("POWDER PRODUCTS") throughout her life.  These products were manufactured, marketed, sold and/or distributed by Defendants.

9.      Plaintiff, Sarah J. Plant, also used powdered makeup products, including but not limited to, loose and pressed face powders, eye shadows, blush, bronzers, and foundations by Avon, Clinique, Coty, CoverGirl, Elizabeth Arden, Estée Lauder, Lancôme, L'Oréal, Mary Kay, Maybelline, and Revlon, and Yves Saint Laurent, ("MAKEUP PRODUCTS") multiple times daily throughout her life.  She bought these products directly and through Avon, Belk, The Bargain Barn, Dillard's, Dollar General, Hamrick's, Ingles Markets, J.C. Penny, Macy's, Mary Kay, Piggly-Wiggly, Rite Aid, BI-LO, Roses, Walgreens, Walmart, and Winn-Dixie.

10.      Plaintiff used the Makeup Products as part of her daily routine, putting on eye shadow, blush, foundation and face powder in the morning, and at various times to freshen up throughout the day and evening.  The use of these products caused airborne visible dust to be released which Plaintiff could not avoid breathing.  These products were used by Plaintiff in the State of South Carolina and others.

11.      Plaintiff, Sarah J. Plant, used, or had used on her by her parents and grandparents, the Powder Products from 1980s continuously until very recently, but does not know the precise date she stopped.  She frequently and regularly dusted the Powder Products on various parts of her body which at varying times may have included amongst other areas: face, neck, shoulders, arms, armpits, legs, collarbones, décolletage, breasts, vagina, and perineum.  During this time she repeatedly inhaled, ingested, and was regularly exposed to asbestos dust emanating from the

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

asbestos laden talc within the Powder Products permeating her person and clothes and home. The use of these products caused airborne visible dust to be released which Plaintiff could not avoid breathing. These products were used by Plaintiff in the State of South Carolina and others.

12.     Plaintiff also claims exposure from the Defendant talc suppliers, mines, mills, and labs named in her complaint that provided asbestos-containing talc as a constituent ingredient to the Powder Products and Makeup Products she used.

13.     In addition, as a recreational activity, Plaintiff Sarah J. Plant was exposed to asbestos from working with a variety of ceramic art materials that contained asbestos. She would fashion pottery and greenware out of art clays, fire them in a kiln, and then sand and polish these results, creating visible dust that she breathed. She would then coat some with underglaze, polishing and scoring these underglazed results before glazing. This work created visible dust that she breathed. Plaintiff did this multiple times per week while in the art classes at both her school and an art collage. Collectively, the ceramic art materials, art clays and underglazes will be referred to as "CERAMIC PRODUCTS". These products were manufactured, marketed, sold and/or distributed by AMACO, American Art Clay Co., Inc., and Highwater Clays.

14.     Plaintiff also claims exposure from the Defendant talc suppliers, mines, mills, and labs named in her complaint that provided asbestos-containing talc as a constituent ingredient to the CERAMIC PRODUCTS she used.

15.     Each use of the Powder Products, Makeup Products and Ceramic Products was an intended and foreseeable use of the products based on the advertising, marketing and labeling of the products.

16.     Plaintiff Sarah J. Plant's cumulative exposure to asbestos as a result of acts and omissions of Defendants and their defective products, individually and together, was a substantial

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

factor in causing Plaintiff's mesothelioma and other related injuries and therefore under South Carolina law, is the legal cause of Plaintiff's injuries and damages.

17.     Plaintiffs were not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

18.     Each of the named Defendants is liable for damages stemming from its own tortious conduct or the tortious conduct of an "alternate entity" as hereinafter defined.  Defendants are liable for the acts of their "alternate entity" and each of them, in that there has been a corporate name change, Defendant is the successor by merger, by successor in interest, or by other acquisition resulting in a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; such "alternate entities" have acquired the assets, product line, or a portion thereof of each such Defendant; Defendants, and each of them, caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity;" and that each such defendant enjoys the goodwill originally attached to each "alternate entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BRENNTAG NORTH AMERICA, INC. | MINERAL AND PIGMENT SOLUTIONS, INC. and WHITTAKER, CLARK & DANIELS, INC. |
| BRENNTAG SPECIALTIES, LLC | BRENNTAG SPECIALTIES, INC., MINERAL AND PIGMENT SOLUTIONS, INC. and WHITTAKER, CLARK & DANIELS, INC |
| BRISTOL-MYERS SQUIBB COMPANY | CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ and JEAN NATÉ |
| COTY INC. | COVERGIRL COSMETICS, INC. and NOXZEMA CHEMICAL COMPANY |

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| ESTÉE LAUDER INC. | CLINIQUE |
| ESTÉE LAUDER INTERNATIONAL, INC. | CLINIQUE |
| THE ESTÉE LAUDER COMPANIES INC. | CLINIQUE |
| L'ORÉAL USA, INC. | LANCÔME, MAYBELLINE, YVES SAINT LAURENT AMERICA, INC., CHARLES OF THE RITZ INC., JEAN NATÉ |
| L'ORÉAL USA PRODUCTS, INC. | LANCÔME, MAYBELLINE, YVES SAINT LAURENT AMERICA, INC., CHARLES OF THE RITZ INC., JEAN NATÉ |
| LOWCOUNTRY GROCERS LLC | PIGGLY WIGGLY |
| NOXELL CORPORATION | COTY INC. |
| PFIZER INC. | COTY INC. and COTY INTERNATIONAL, INC. |
| R.T. VANDERBILT HOLDING COMPANY, INC. | R.T. VANDERBILT COMPANY, INC. |
| REVLON CONSUMER PRODUCTS CORPORATION | REVLON RESEARCH LABORATORIES, INC., CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ, JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., and YVES SAINT LAURENT |
| REVLON, INC. | ELIZABETH ARDEN, INC., CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ, JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., and YVES SAINT LAURENT |
| SOUTHEASTERN GROCERS, INC. | BI-LO |
| VANDERBILT MINERALS, LLC | R.T. VANDERBILT COMPANY, INC. and INTERNATIONAL TALC CO. |
| VARIETY WHOLESALERS, INC. | ROSES |
| VI-JON, LLC | VI-JON, INC. |

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| WINN-DIXIE STORES, INC. | BI-LO and SOUTHEASTERN GROCERS, INC. |

19.     Plaintiffs have been informed and believe, and thereon allege, that at all times herein mentioned, Defendants or their "alternate entities" were or are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of South Carolina, or the laws of some other state or foreign jurisdiction, and that said Defendants were and/or are authorized to do business in the State of South Carolina, and that said Defendants have regularly conducted business in the State of South Carolina.

20.     Plaintiffs have been informed and believe, and thereon allege, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

21.     As a direct and proximate result of the conduct as alleged within, Plaintiff Sarah J. Plant suffered permanent injuries, including, but not limited to, mesothelioma and other lung damage, as well as the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his damage in the sum of the amount as the trier of fact determines is proper.

22.     As a direct and proximate result of the conduct as hereinafter alleged, Plaintiff Sarah J. Plant incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time.  Plaintiffs request leave to supplement this Court and all parties accordingly when the true and exact cost of Plaintiff Sarah J. Plant's medical treatment is ascertained.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

23.     As a further direct and proximate result of the conduct as hereinafter alleged, Plaintiff Sarah J. Plant incurred, and will continue to incur, loss of profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs.  Plaintiffs pray leave to supplement this Court and all parties accordingly to conform to proof at the time of trial.

## THE PARTIES

24.     Plaintiffs, Sarah J. Plant and Parker Plant, are currently residents of the State of Tennessee.  From the time she was a young child to the present, Plaintiff Sarah J. Plant has spent significant periods of time visiting and living in the State of South Carolina.  The Plaintiff's has grandparents, aunts, uncles and cousins that have lived and continue to live in the State of South Carolina.  Each year on multiple occasions, Plaintiff would, and continues to visit and stay with family members who live in South Carolina.  Further, each year, her family vacationed for extended periods of the summer in South Carolina.  Further, after college, from 2013-2017, Plaintiff lived in South Carolina.

25.     Plaintiff Sarah J. Plant was exposed to asbestos from her personal use, and her family's use, of asbestos-containing talc-based Powder Products, Makeup Products, and Ceramic Products throughout her life in her Tennessee, Utah and South Carolina homes beginning in the 1980s.  The dust and fibers from the asbestos-containing talc products permeated her person and clothes.  As a direct and proximate result of Sarah J. Plant's inhalation and ingestion of dust particles and fibers, she was diagnosed with Mesothelioma on or about March 2021.

26.     Defendant, **AVON PRODUCTS, INC.**, was and is a New York corporation with its principal place of business in New York. At all times material hereto, AVON PRODUCTS, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Avon Makeup Products and Powder Products.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

AVON PRODUCTS, INC. is sued as a Product Defendant. Plaintiffs' claims against AVON PRODUCTS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

27.    Defendant, **AMACO, LLC**, was and is an Indiana limited liability company with its principal place of business in Indiana. At all times material hereto, AMACO, LLC manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Ceramic Products. AMACO, LLC is sued as a Product Defendant. Plaintiffs' claims against AMACO, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

28.    Defendant, **AMERICAN ART CLAY CO. INC.**, was and is an Indiana corporation with its principal place of business in Indiana. At all times material hereto, AMERICAN ART CLAY CO. INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Ceramic Products. AMERICAN ART CLAY CO. INC. is sued as a Product Defendant. Plaintiffs' claims against AMERICAN ART CLAY CO. INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

29.    Defendant, **THE BARGAIN BARN, LLC**, was and is a South Carolina limited liability company with its principal place of business in South Carolina. At all times material hereto, **THE BARGAIN BARN, LLC** sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. **THE BARGAIN BARN, LLC** is sued as a Product Defendant. Plaintiffs'

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

claims against **THE BARGAIN BARN, LLC** arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

30.    Defendant, **BEACON CMP CORPORATION**, was and is a New Jersey corporation with its principal place of business in New Jersey. At all times material hereto, BEACON CMP CORPORATION mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. BEACON CMP CORPORATION is sued as a Product Defendant. Plaintiffs' claims against BEACON CMP CORPORATION arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

31.    Defendant, **BELK, INC.**, was and is a Delaware corporation with its principal place of business in North Carolina. At all times material hereto, BELK, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. BELK, INC. is sued as a Product Defendant. Plaintiffs' claims against BELK, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

32.    Defendant, **BLOCK DRUG COMPANY, INC.**, was and is a New Jersey corporation with its principal place of business in Pennsylvania. At all times material hereto, BLOCK DRUG COMPANY, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products including Gold Bond Powder Products. BLOCK DRUG

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

COMPANY, INC. is sued as a Product Defendant. Plaintiffs' claims against BLOCK DRUG COMPANY, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

33.    Defendant, **BRENNTAG NORTH AMERICA, INC.**, individually and as successor-in-interest to MINERAL AND PIGMENT SOLUTIONS, INC., as successor-in-interest to WHITTAKER, CLARK & DANIELS, INC., was and is a Delaware corporation with its principal place of business in Pennsylvania. At all times material hereto, BRENNTAG NORTH AMERICA, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. BRENNTAG NORTH AMERICA, INC. is sued as a Product Defendant. Plaintiffs' claims against BRENNTAG NORTH AMERICA, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

34.    Defendant, **BRENNTAG SPECIALTIES, LLC** f/k/a BRENNTAG SPECIALTIES, INC. f/k/a MINERAL AND PIGMENT SOLUTIONS, INC., as successor-in-interest to WHITTAKER, CLARK & DANIELS, INC., was and is a Delaware limited liability company with its principal place of business in New Jersey. At all times material hereto, BRENNTAG SPECIALTIES, LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. BRENNTAG SPECIALTIES, LLC is sued as a Product Defendant. Plaintiffs' claims against BRENNTAG SPECIALTIES, LLC arise out of this Defendant's business activities in the State of South

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

35.    Defendant, **BRISTOL-MYERS SQUIBB COMPANY**, individually and as successor-in-interest to CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ and JEAN NATÉ, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, BRISTOL-MYERS SQUIBB COMPANY manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Jean Naté Powder Products. BRISTOL-MYERS SQUIBB COMPANY is sued as a Product Defendant. Plaintiffs' claims against BRISTOL-MYERS SQUIBB COMPANY arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

36.    Defendant, **CHATTEM, INC.**, was and is a Tennessee corporation with its principal place of business in New Jersey. At all times material hereto, CHATTEM, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Gold Bond Powder Products. CHATTEM, INC. is sued as a Product Defendant. Plaintiffs' claims against CHATTEM, INC. arise out of this Defendant's business activities in the State of South Carolina, as well Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

37.    Defendant, **COLGATE-PALMOLIVE COMPANY**, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, COLGATE-PALMOLIVE COMPANY manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Cashmere Bouquet Powder Products . COLGATE-PALMOLIVE COMPANY is sued as a Product Defendant.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Plaintiffs' claims against COLGATE-PALMOLIVE COMPANY arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

38.    Defendant, **COLOR TECHNIQUES, INC.**, was and is a New Jersey corporation with its principal place of business in New Jersey. At all times material hereto, COLOR TECHNIQUES, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. COLOR TECHNIQUES, INC. is sued as a Product Defendant. Plaintiffs' claims against COLOR TECHNIQUES, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

39.    Defendant, **CONOPCO, INC.**, was and is a New York corporation with its principal place of business in New Jersey. At all times material hereto, CONOPCO, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing White Shoulders Powder Products. CONOPCO, INC. is sued as a Product Defendant. Plaintiffs' claims against CONOPCO, INC. arise out of this Defendant's business activities in the State of South Carolina.

40.    Defendant, **COTY INC.**, individually and as successor to COVERGIRL COSMETICS, INC., and as successor to the NOXZEMA CHEMICAL COMPANY, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, COTY INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. COTY INC. is sued as a Product Defendant. Plaintiffs' claims against COTY INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

41.     Defendant, **DANA CLASSIC FRAGRANCES, INC.**, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, DANA CLASSIC FRAGRANCES, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Chantilly Powder Products. DANA CLASSIC FRAGRANCES, INC. is sued as a Product Defendant. Plaintiffs' claims against DANA CLASSIC FRAGRANCES, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

42.     Defendant, **DILLARD'S, INC.**, was and is a Delaware corporation with its principal place of business in Arkansas. At all times material hereto, DILLARD'S, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. DILLARD'S, INC. is sued as a Product Defendant. Plaintiffs' claims against DILLARD'S, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

43.     Defendant, **DOLLAR GENERAL CORPORATION**, was and is a Tennessee corporation with its principal place of business in Tennessee. At all times material hereto, DOLLAR GENERAL CORPORATION sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. DOLLAR GENERAL CORPORATION is sued as a Product Defendant. Plaintiffs' claims against DOLLAR GENERAL CORPORATION arise out of this Defendant's

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

44.     Defendant, **ELIZABETH ARDEN, INC.**, was and is a Florida corporation with its principal place of business in Florida. At all times material hereto, ELIZABETH ARDEN, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing White Shoulders Powder Products and Makeup Products. ELIZABETH ARDEN, INC. is sued as a Product Defendant. Plaintiffs' claims against ELIZABETH ARDEN, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

45.     Defendant, **ESTÉE LAUDER INC.**, individually and as successor to CLINIQUE, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, ESTÉE LAUDER INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. ESTÉE LAUDER INC. is sued as a Product Defendant. Plaintiffs' claims against ESTÉE LAUDER INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

46.     Defendant, **ESTÉE LAUDER INTERNATIONAL, INC.**, individually and as successor to CLINIQUE, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, ESTÉE LAUDER INTERNATIONAL INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. ESTÉE LAUDER INTERNATIONAL INC. is sued as a Product Defendant. Plaintiffs' claims against ESTÉE

19

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

LAUDER INTERNATIONAL INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

47.     Defendant, **THE ESTÉE LAUDER COMPANIES INC.**, individually and as successor to CLINIQUE, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, THE ESTÉE LAUDER COMPANIES INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. THE ESTÉE LAUDER COMPANIES INC. is sued as a Product Defendant. Plaintiffs' claims against THE ESTÉE LAUDER COMPANIES INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

48.     Defendant, **HAMRICK'S INCORPORATED**, was and is a South Carolina corporation with its principal place of business in South Carolina. At all times material hereto, HAMRICK'S INCORPORATED sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. HAMRICK'S INCORPORATED is sued as a Product Defendant. Plaintiffs' claims against HAMRICK'S INCORPORATED arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

49.     Defendant, **HIGHWATER CLAYS, INC.**, was and is a North Carolina corporation with its principal place of business in North Carolina. At all times material hereto, HIGHWATER CLAYS, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Ceramic Products.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

HIGHWATER CLAYS, INC. is sued as a Product Defendant. Plaintiffs' claims against HIGHWATER CLAYS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

50.    Defendant, **HOUBIGANT, INC.**, was and is a Delaware corporation with its principal place of business in Connecticut. At all times material hereto, HOUBIGANT, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Chantilly Makeup Products and Powder Products. HOUBIGANT, INC. is sued as a Product Defendant. Plaintiffs' claims against HOUBIGANT, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

51.    Defendant, **IMI FABI (DIANA) LLC**, was and is a North Carolina limited liability company with its principal place of business in West Virginia. At all times material hereto, IMI FABI (DIANA) LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. IMI FABI (DIANA) LLC is sued as a Product Defendant. Plaintiffs' claims against IMI FABI (DIANA) LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

52.    Defendant, **IMI FABI (USA) INC.**, was and is a Delaware corporation with its principal place of business in West Virginia. At all times material hereto, IMI FABI (USA) INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not

21

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

limited to, asbestos-containing talc. IMI FABI (USA) INC. is sued as a Product Defendant. Plaintiffs' claims against IMI FABI (USA) INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

53.     Defendant, **IMI FABI, LLC**, was and is a West Virginia limited liability company with its principal place of business in West Virginia. At all times material hereto, IMI FABI, LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. IMI FABI, LLC is sued as a Product Defendant. Plaintiffs' claims against IMI FABI, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

54.     Defendant, **INGLES MARKETS, INCORPORATED**, was and is a North Carolina corporation with its principal place of business in North Carolina. At all times material hereto, INGLES MARKETS, INCORPORATED sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. INGLES MARKETS, INCORPORATED is sued as a Product Defendant. Plaintiffs' claims against INGLES MARKETS, INCORPORATED arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

55.     Defendant, **L'ORÉAL USA, INC.**, individually and d/b/a LANCÔME and MAYBELLINE, and as successor to YVES SAINT LAURENT AMERICA, INC., CHARLES OF THE RITZ INC., and JEAN NATÉ, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, L'ORÉAL USA, INC. sold, distributed and/or

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. L'ORÉAL USA, INC. is sued as a Product Defendant. Plaintiffs' claims against L'ORÉAL USA, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

56.     Defendant, **L'ORÉAL USA PRODUCTS, INC.**, individually and d/b/a LANCÔME and MAYBELLINE, and as successor to YVES SAINT LAURENT AMERICA, INC., CHARLES OF THE RITZ INC., and JEAN NATÉ, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, L'ORÉAL USA PRODUCTS, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. L'ORÉAL USA PRODUCTS, INC. is sued as a Product Defendant. Plaintiffs' claims against L'ORÉAL USA PRODUCTS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

57.     Defendant, **LOWCOUNTRY GROCERS LLC** d/b/a PIGGLY WIGGLY, was and is a South Carolina limited liability company with its principal place of business in South Carolina. At all times material hereto, **LOWCOUNTRY GROCERS LLC** sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. **LOWCOUNTRY GROCERS LLC** is sued as a Product Defendant. Plaintiffs' claims against **LOWCOUNTRY GROCERS LLC** arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

58.     Defendant, **MARTIN HIMMEL INC.,** was a Delaware corporation with its principal place of business in Florida and New York. At all times material hereto, MARTIN HIMMEL INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Gold Bond Powder Products. MARTIN HIMMEL INC. is sued as a Product Defendant. Plaintiffs' claims against MARTIN HIMMEL INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

59.     Defendant, **MARY KAY INC.,** was and is a Delaware corporation with its principal place of business in Texas. At all times material hereto, MARY KAY INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Mary Kay Makeup Products and Powder Products. MARY KAY INC. is sued as a Product Defendant. Plaintiffs' claims against MARY KAY INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

60.     Defendant, **MAYBELLINE LLC**, was and is a New York limited liability company with its principal place of business in New York. At all times material hereto, MAYBELLINE LLC manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Maybelline Makeup Products and Powder Products. MAYBELLINE LLC is sued as a Product Defendant. Plaintiffs' claims against MAYBELLINE LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

24

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

61.     Defendant, **NOXELL CORPORATION** a subsidiary of COTY INC., was and is a Maryland corporation with its principal place of business in Maryland. At all times material hereto, NOXELL CORPORATION manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing CoverGirl Makeup Products and Powder Products. NOXELL CORPORATION is sued as a Product Defendant. Plaintiffs' claims against NOXELL CORPORATION arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

62.     Defendant, **PFIZER INC.**, individually and as successor to COTY INC. and COTY INTERNATIONAL INC., was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, PFIZER INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. PFIZER INC. is sued as a Product Defendant. Plaintiffs' claims against PFIZER INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

63.     Defendant, **R.T. VANDERBILT HOLDING COMPANY, INC.**, individually and as successor-in-interest to R.T. VANDERBILT COMPANY, INC., was and is a Delaware corporation with its principal place of business in Connecticut. At all times material hereto, R.T. VANDERBILT HOLDING COMPANY, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. R.T. VANDERBILT HOLDING COMPANY, INC. is sued as a Product Defendant. Plaintiffs' claims against R.T. VANDERBILT HOLDING COMPANY, INC. arise out of this Defendant's business activities in

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

64.     Defendant, **REVLON CONSUMER PRODUCTS CORPORATION**, individually and as successor to REVLON RESEARCH LABORATORIES, INC., CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ, JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., and YVES SAINT LAURENT, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, REVLON CONSUMER PRODUCTS manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. REVLON CONSUMER PRODUCTS CORPORATION is sued as a Product Defendant. Plaintiffs' claims against REVLON CONSUMER PRODUCTS CORPORATION arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

65.     Defendant, **REVLON, INC.**, individually and as successor to ELIZABETH ARDEN, INC., CHARLES OF THE RITZ INC., LAVIN-CHARLES OF THE RITZ, JEAN NATÉ, E. R. SQUIBB, SQUIBB CORP., and YVES SAINT LAURENT, was and is a Delaware corporation with its principal place of business in New York. At all times material hereto, REVLON, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. REVLON, INC. is sued as a Product Defendant. Plaintiffs' claims against REVLON, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

66.    Defendant, **RITE AID OF SOUTH CAROLINA, INC.**, was and is a South Carolina corporation with its principal place of business in Pennsylvania. At all times material hereto, RITE AID OF SOUTH CAROLINA, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. RITE AID OF SOUTH CAROLINA, INC. is sued as a Product Defendant. Plaintiffs' claims against RITE AID OF SOUTH CAROLINA, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

67.    Defendant, **SOUTHEASTERN GROCERS, INC.**, individually and as successor-in-interest to BI-LO, was and is a Delaware corporation with its principal place of business in Florida. At all times material hereto, SOUTHEASTERN GROCERS, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. SOUTHEASTERN GROCERS, INC. is sued as a Product Defendant. Plaintiffs' claims against SOUTHEASTERN GROCERS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

68.    Defendant, **TOPCO ASSOCIATES, LLC**, was and is a Delaware corporation with its principal place of business in Illinois. At all times material hereto, TOPCO ASSOCIATES, LLC manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Top Care Powder Products. TOPCO ASSOCIATES, LLC is sued as a Product Defendant. Plaintiffs' claims against TOPCO ASSOCIATES, LLC arise out of this Defendant's business activities in the State of South

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

69.    Defendant, **VANDERBILT MINERALS, LLC** f/k/a R.T. VANDERBILT COMPANY, INC., individually and as successor-in-interest to INTERNATIONAL TALC CO., was and is a Delaware limited liability company with its principal place of business in Connecticut. At all times material hereto, VANDERBILT MINERALS, LLC mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. VANDERBILT MINERALS, LLC is sued as a Product Defendant. Plaintiffs' claims against VANDERBILT MINERALS, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

70.    Defendant, **VARIETY WHOLESALERS, INC.** d/b/a ROSES, was and is a North Carolina corporation with its principal place of business in North Carolina. At all times material hereto, VARIETY WHOLESALERS, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing Makeup Products and Powder Products. VARIETY WHOLESALERS, INC. is sued as a Product Defendant. Plaintiffs' claims against VARIETY WHOLESALERS, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

71.    Defendant, **VI-JON, LLC** f/k/a VI-JON, INC., was and is a Delaware limited liability company with its principal place of business in Missouri. At all times material hereto, VI-JON, LLC mined, manufactured, processed, imported, converted, compounded, supplied, used,

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc. VI-JON, LLC is sued as a Product Defendant. Plaintiffs' claims against VI-JON, LLC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

72.     Defendant, **WALGREEN CO.**, was and is an Illinois corporation with its principal place of business in Illinois. At all times material hereto, WALGREEN CO. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. WALGREEN CO. is sued as a Product Defendant. Plaintiffs' claims against WALGREEN CO. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

73.     Defendant, **WALMART INC.**, was and is a Delaware corporation with its principal place of business in Arkansas. At all times material hereto, WALMART INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. WALMART INC. is sued as a Product Defendant. Plaintiffs' claims against WALMART INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

74.     Defendant, **WHITTAKER, CLARK & DANIELS, INC**., was and is a New Jersey corporation with its principal place of business in Connecticut. At all times material hereto, WHITTAKER, CLARK & DANIELS, INC. mined, manufactured, processed, imported, converted, compounded, supplied, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products including, but not limited to, asbestos-containing talc.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

WHITTAKER, CLARK & DANIELS, INC is sued as a Product Defendant. Plaintiffs' claims against WHITTAKER, CLARK & DANIELS, INC arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

75.    Defendant, **WINN-DIXIE STORES, INC.** a subsidiary of BI-LO a subsidiary of SOUTHEASTERN GROCERS, INC., was and is a Florida corporation with its principal place of business in Florida. At all times material hereto, WINN-DIXIE STORES, INC. sold, distributed and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Powder Products. WINN-DIXIE STORES, INC.is sued as a Product Defendant. Plaintiffs' claims against WINN-DIXIE STORES, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

76.    Defendant, **YVES SAINT LAURENT AMERICA, INC.**, was and is a New York corporation with its principal place of business in New York. At all times material hereto, YVES SAINT LAURENT AMERICA, INC. manufactured, sold and/or supplied substantial amounts of asbestos-containing talc products, including, but not limited to, asbestos-containing Makeup Products and Jean Naté Powder Products. YVES SAINT LAURENT AMERICA, INC. is sued as a Product Defendant. Plaintiffs' claims against YVES SAINT LAURENT AMERICA, INC. arise out of this Defendant's business activities in the State of South Carolina, as well as Plaintiff Sarah J. Plant's exposure to said Defendant's products in the State of South Carolina, as well as others.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## BACKGROUND FACTS

77.     Plaintiff Sarah J. Plant brings this action for monetary damages as a result of contracting an asbestos-related disease.

78.     Plaintiff Sarah J. Plant was diagnosed with Mesothelioma on or about March 24, 2021 as a result of her exposure to makeup and talcum powder where asbestos-containing talc was a constituent ingredient.

79.     Plaintiff Sarah J. Plant's mesothelioma was caused by her exposure to asbestos through her personal use, and her family's use, of asbestos-containing talc Makeup Products and Powder Products throughout her life, her use of asbestos-containing talc Powder Products, and from the Ceramic Products (art clay) she used in the ceramic work that contained asbestos talc.

80.     Plaintiff, Sarah J. Plant, used, or had used on her by her parents and grandparents, the Powder Products from 1986 continuously until very recently, but does not know the precise date she stopped.  She frequently and regularly dusted the Powder Products on various parts of her body which at varying times may have included amongst other areas: face, neck, shoulders, arms, armpits, legs, collarbones, décolletage, breasts, vagina, and perineum.  During this time she repeatedly inhaled, ingested, and was regularly exposed to asbestos dust emanating from the asbestos laden talc within the Powder Products permeating her person and clothes in her Tennessee, Utah and South Carolina homes.  All of these activities exposed Plaintiff to asbestos and asbestos-dust.

81.     Plaintiff also claims exposure from the Defendant talc suppliers, mines, mills, and labs named in her complaint that provided asbestos-containing talc as a constituent ingredient to the Powder Products and Makeup Products that she used.

82.     In addition, Plaintiff Sarah J. Plant was exposed to asbestos from working with a variety of ceramic art materials that contained asbestos.  She would fashion clay pottery and

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

greenware out of art clays, fire them in a kiln, and then sand and polish these results, creating visible dust that she breathed. She would then coat some with underglaze, polishing and scoring these underglazed results before glazing. This work also created visible dust that she breathed. She did this multiple times per week while in art classes in school and at the art college. All of these activities exposed Plaintiff to asbestos and asbestos-dust.

83.     Each use of the Powder Products, Makeup Products and Ceramic Products was an intended and foreseeable use of the products based on the advertising, marketing and labeling of the product. It was foreseeable Defendants' asbestos-containing talc products would be sold for personal use by individuals like Plaintiff Sarah J. Plant on herself. Plaintiff Sarah J. Plant was thereby exposed to defendants' asbestos-containing Powder Products, Makeup Products and Ceramic Products in the State of South Carolina and other states at times relevant to this action.

84.     Plaintiff Sarah J. Plant's cumulative exposure to asbestos as a result of acts and omissions of Defendants and their defective products, individually and together, was a substantial factor in causing Plaintiff Sarah J. Plant's mesothelioma and other related injuries and therefore under South Carolina law, is the legal cause of Plaintiff's injuries and damages.

85.     Plaintiff Sarah J. Plant was not aware at the time of exposure that asbestos or asbestos-containing talc products presented any risk of injury and/or disease.

86.     Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

87.     As a direct and proximate result of the conduct as alleged within, Plaintiff Sarah J. Plant suffered permanent injuries, including, but not limited to, mesothelioma and other lung damage, as well as the mental and emotional distress attendant thereto, from the effect of exposure

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to asbestos fibers, all to his damage in the sum of the amount as the trier of fact determines is proper.

88.     As a direct and proximate result of the conduct as hereinafter alleged, Plaintiff Sarah J. Plant incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time.  Plaintiffs request leave to supplement this Court and all parties accordingly when the true and exact cost of Plaintiff Sarah J. Plant's medical treatment is ascertained.

89.     As a further direct and proximate result of the conduct as hereinafter alleged, Plaintiffs incurred loss of profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs. Plaintiffs request leave to supplement this Court and all parties accordingly to conform to proof at the time of trial.

## FOR A FIRST CAUSE OF ACTION
### (Product Liability: Negligence)

**Plaintiffs Complain of Defendants for a Cause of Action for Negligence Alleging as Follows:**

90.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each and every paragraph of the General Allegations above.

91.     At all times herein mentioned, each of the named Defendants was an entity and/or the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, or division of an entity, hereinafter referred to collectively as "alternate entities," engaged in the business of researching, studying, manufacturing, fabricating, designing, modifying, labeling, instructing, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos-containing talc products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant on herself. Plaintiff was thereby exposed to Defendants' asbestos-containing talc products in the State of South Carolina.

92.    At all times herein mentioned, Defendants, and/or their "alternate entities" singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, inadequately warned or failed to warn of the health hazards, failed to provide adequate use instructions for eliminating the health risks inherent in the use of the products, labeled, distributed, bought, offered for sale, supplied, sold, inspected, marketed, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos-containing talc products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant, in that said products caused personal injuries to Plaintiff Sarah J. Plant and others similarly situated, (hereinafter collectively called "exposed persons"), while being used for their intended purpose and in a manner that was reasonably foreseeable.

93.    The asbestos and asbestos-containing talc products were defective and unsafe for their intended purpose in that there was an alternative for asbestos that could have been used as the product or as a component instead of asbestos within a normally asbestos-containing/utilizing product.  Said alternatives would have prevented Defendants' asbestos and asbestos-containing talc products from causing Plaintiff Sarah J. Plant's mesothelioma, due to an inability of any asbestos-alternative to penetrate the pleural lining of Plaintiff's lung, even if inhaled.  Said alternatives came at a comparable cost to each of the Defendants and/or their "alternate entities." Said alternatives were of comparable utility to the asbestos or asbestos-containing products of Defendants and/or their "alternate entities."  The gravity of the potential harm resulting from the use of Defendants' asbestos or asbestos-containing talc products, and the likelihood such harm

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

would occur to users of its products, far outweighed any additional cost or marginal loss of functionality in creating and/or utilizing an alternative design, providing adequate warning of such potential harm, and/or providing adequate use instructions for eliminating the health risks inherent in the use of their products, thereby rendering the same defective, unsafe and dangerous for use by Plaintiff Sarah J. Plant.  Defendants and/or their "alternate entities" had a duty to exercise due care in the pursuance of the activities mentioned above and Defendants, each of them, breached said duty of due care.

94.    Defendants, and/or their "alternate entities" knew or should have known, and intended that the aforementioned asbestos and asbestos-containing talc products would be transported by truck, rail, ship and other common carriers, that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for personal use by individuals like Plaintiff Sarah J. Plant on herself, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling by exposed persons, including Plaintiff Sarah J. Plant, would use or be in proximity to and exposed to said asbestos fibers.

95.    At all times relevant, Defendants and/or their "alternate entities" were aware of their asbestos and asbestos-containing talc products' defect but failed to adequately warn Plaintiff Sarah J. Plant, Plaintiff's family members or others in their vicinity, as well as failed to adequately warn others of the known hazards associated with their products and/or failed to recall or retrofit their products.  A reasonable manufacturer, distributor, or seller of Defendants' products would have, under the same or similar circumstances, adequately warned of the hazards associated with their products.

96.    Plaintiff Sarah J. Plant, Plaintiff's family members and others in their vicinity used, handled or were otherwise exposed to asbestos and asbestos-containing products referred to herein

35

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing talc products occurred at various locations as set forth in this Complaint.

97.     Plaintiff Sarah J. Plant suffers from mesothelioma, a cancer related to exposure to asbestos and asbestos-containing products. Plaintiff Sarah J. Plant was not aware at the time of exposure that asbestos or asbestos-containing talc products presented any risk of injury or disease.

98.     Defendants' conduct and defective products as described in this cause of action were a direct cause of Plaintiff Sarah J. Plant's injuries, and all damages thereby sustained by Plaintiff Sarah J. Plant. Plaintiffs therefore seek all compensatory damages in order to make them whole, according to proof.

99.     Furthermore, the conduct of Defendants and/or their "alternate entities" in continuing to market and sell products which they knew were dangerous to Plaintiff Sarah J. Plant and the public without adequate warnings or proper use instructions was done in a conscious disregard and indifference to the safety and health of Plaintiff and others similarly situated.

100.     In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, failing to recall or retrofit, labeling, instructing, distributing, buying, offering for sale, supplying, selling, inspecting, servicing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos-containing talc products or products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant, Defendants and/or their "alternate entities" did so with conscious disregard for the safety of "exposed persons" who came in contact with asbestos and asbestos-containing talc products, in that Defendants and/or their "alternate entities" had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos, asbestos-containing talc products or products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant, including, but not limited to, asbestosis, mesothelioma, lung cancer, and other lung damages. This

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of Defendants and/or their "alternate entities."

101.    Defendants and their "alternate entities" were aware that members of the general public and other "exposed persons," who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos, asbestos-containing talc products, or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant, could cause injury, and Defendants, and their "alternate entities," each of them, knew that members of the general public and other "exposed persons," who came in contact with asbestos-containing talc products or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant, would assume, and in fact did assume, that exposure to asbestos-containing talc products was safe, when in fact said exposure was extremely hazardous to health and human life.

102.    The above-referenced conduct of Defendants, and their "alternate entities," was motivated by the financial interest of Defendants, their "alternate entities," and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, instructing, distribution, purchase, offer for sale, supply, sale, inspection, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos-containing talc products and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant. Defendants, their "alternate entities," and each of them consciously disregarded the safety of "exposed persons" in pursuit of profit. Defendants were consciously willing and intended to permit asbestos-containing talc products to cause injury to "exposed persons" without warning them of the potential hazards and further induced persons to use and be exposed thereto, including Plaintiff Sarah J. Plant.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

103.    Plaintiff Sarah J. Plant and other exposed persons did not know of the substantial danger of using Defendants' asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff. The dangers inherent in the use of these products were not readily recognizable by Plaintiff Sarah J. Plant or other exposed persons. Defendants and/or their "alternate entities" further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

104.    Defendants and/or their "alternate entities" are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities," and each Defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

105.    The herein-described conduct of Defendants and their "alternate entities," was and is willful, malicious, fraudulent, and outrageous and in conscious disregard and indifference to the safety and health of persons foreseeably exposed.  Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof against all defendants.

### FOR A SECOND CAUSE OF ACTION
**(Product Liability: Strict Liability - S.C. Code Ann. § 15-73-10, et seq.)**

**As a Second and Distinct Cause of Action for Strict Liability, Plaintiffs Complain of Defendants, and Allege as Follows:**

106.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each of the preceding paragraphs.

107.    Plaintiff Sarah J. Plant suffered from mesothelioma, a cancer related to exposure to asbestos, asbestos-containing talc products and products manufactured for foreseeable personal use by individuals like Plaintiff. Plaintiff Sarah J. Plant was not aware at the time of exposure that asbestos or asbestos-containing talc products presented any risk of injury and/or disease.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

108.     The Products Defendants' conduct and defective products as described above were a direct cause of Plaintiff Sarah J. Plant's injuries, and the injuries and damages thereby sustained by Plaintiffs.

109.     Furthermore, the Defendants' conduct and that of their "alternate entities" in continuing to market and sell products which they knew were dangerous to Plaintiff Sarah J. Plant and the public without adequate warnings or proper use instructions, was done in a conscious disregard and indifference to the safety and health of Plaintiff Sarah J. Plant and others similarly situated.

110.     Defendants and/or their "alternate entities" knew or should have known, and intended that the aforementioned asbestos and products containing asbestos would be transported by truck, rail, ship and other common carriers, that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for personal use by individuals like Plaintiff Sarah J. Plant, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling, "exposed persons," including Plaintiff, would use or be in proximity to and exposed to said asbestos fibers.

111.     Plaintiff Sarah J. Plant, Plaintiff's family members, and others in their vicinity used, handled or were otherwise exposed to asbestos, asbestos-containing products, and products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant, referred to herein in a manner that was reasonably foreseeable. Plaintiff Sarah J. Plant's exposure to asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant occurred at various locations as set forth in this Complaint.

112.     Defendants and/or their "alternate entities" knew and intended that the above-referenced asbestos and asbestos-containing talc products would be used by the purchaser or user

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

113.    The asbestos and asbestos-containing talc products were defective and unsafe for their intended purpose in that there was an alternative for asbestos that could have been used as the product or as a component instead of asbestos within a normally asbestos-containing/utilizing product. Said alternatives would have prevented Defendants' asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals from causing Plaintiff Sarah J. Plant's mesothelioma, due to an inability of any asbestos-alternative to penetrate the pleural lining of Plaintiff's lung, even if inhaled. Said alternatives came at a comparable cost to each of the Defendants and/or their "alternate entities." Said alternatives were of comparable utility to the asbestos or asbestos-containing talc products of Defendants and/or their "alternate entities." The gravity of the potential harm resulting from the use of Defendants' asbestos or asbestos-containing talc products, and the likelihood such harm would occur, far outweighed any additional cost or marginal loss of functionality in creating and/or utilizing an alternative design, providing adequate warning of such potential harm, and/or providing adequate use instructions for eliminating the health risks inherent in the use of their products, thereby rendering the same defective, unsafe and dangerous for use.

114.    The defect existed in the said products at the time they left the possession of defendants and/or their "alternate entities," and each of them. Said products were intended to reach the ultimate consumer in the same condition as it left defendants. Said products did, in fact, cause personal injuries, including mesothelioma, asbestosis, other lung damage, and cancer to "exposed persons," including Plaintiff Sarah J. Plant herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

115.    Plaintiff Sarah J. Plant and other exposed persons did not know of the substantial danger of using Defendants' asbestos, asbestos-containing talc products, or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant. The dangers inherent in the use of these products were not readily recognizable by Plaintiff or other exposed persons. Said Defendants and/or their "alternate entities" further failed to adequately warn of the risks to which Plaintiff Sarah J. Plant and others similarly situated were exposed.

116.    Defendants' defective products as described above were a direct cause of Plaintiff Sarah J. Plant's injuries, and the damages thereby sustained.

117.    In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, instructing, distributing, buying, offering for sale, supplying, selling, inspecting, servicing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant, Defendants and/or their "alternate entities," and each of them, did so with conscious disregard for the safety of Plaintiff and other exposed persons who came in contact with the asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals, in that Defendants and/or their "alternate entities" had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing talc products or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant, including, but not limited to, mesothelioma, asbestosis, other lung damages and cancers. This knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of Defendants and/or their "alternate entities."

118.    Defendants and/or their "alternate entities" were aware that members of the general public and other exposed persons, who would come in contact with their asbestos and asbestos-

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

containing talc products, had no knowledge or information indicating that asbestos or asbestos-containing talc products or products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant could cause injury. Defendants and/or their "alternate entities" further knew that members of the general public and other exposed persons, who came in contact with asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant would assume, and in fact did assume, that exposure to asbestos and asbestos- containing products was safe, when in fact exposure was extremely hazardous to health and human life.

119.    The above-referenced conduct of Defendants and/or their "alternate entities" motivated by the financial interest of Defendants, their "alternate entities," and each of them, in the continuing and uninterrupted research, design, modification, manufacture, fabrication, labeling, instructing, distribution, purchase, offer for sale, supply, sale, inspection, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant. Defendants and/or their "alternate entities" consciously disregarded the safety of "exposed persons" in their pursuit of profit and in fact consciously intended to cause injury to Plaintiff Sarah J. Plant and other exposed persons and induced persons to use, be exposed to, and thereby injured by asbestos, asbestos-containing talc products, and products manufactured for foreseeable personal use by individuals like Plaintiff Sarah J. Plant.

120.    Defendants are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities," and each Defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and knew, or should have known of, the acts of each of their "alternate entities" as set forth herein.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

121.     The conduct of said defendants, their "alternate entities," and each of them as set forth in this Complaint, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of exposed persons. Plaintiffs, for the sake of example and by way of punishing said Defendants, seeks punitive damages according to proof against all defendants.

122.     At all times herein mentioned, each of the named Defendants, and/or their "alternate entities," was an entity and/or the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, or division of an entity, hereinafter referred to collectively as "alternate entities," engaged in the business of researching, studying, manufacturing, fabricating, designing, modifying, labeling, instructing, distributing, buying, offering for sale, supplying, selling, inspecting, servicing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely products containing asbestos and talc products manufactured for foreseeable  personal use by individuals like Plaintiff Sarah J. Plant.

### FOR A THIRD CAUSE OF ACTION
#### (Negligence Per Se)

**As a Third Distinct Cause of Action for Negligence Per Se, Plaintiffs Complain of Defendants, and Allege as Follows:**

123.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each of the preceding paragraphs.

124.     The actions of Defendants also constituted negligence per se.

125.     Defendants violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence per se or negligence as a matter of law. Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff Sarah J. Plant. Plaintiffs are not making any claims under federal law; instead, Plaintiffs are simply using the

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

violation of federal standards as proof of liability on their state-law theories. Further, the reference to Federal regulations does not create a federal question. *See* Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804 (1986). Any removal on this basis will be met with an immediate motion for remand and for sanctions.

126.    The negligence per se of Defendants was a proximate cause of Plaintiff Sarah J. Plant's injuries.

**FOR A FOURTH CAUSE OF ACTION**
**(Product Liability: Breach of Implied Warranties - S.C. Code Ann. § 36-2-314)**

**As a Fourth Distinct Cause Of Action for Breach of Implied Warranties, Plaintiffs Complain of Defendants and Allege as Follows:**

127.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each of the preceding paragraphs.

128.    Each of the Defendants and/or their "alternate entities" impliedly warranted that their asbestos materials or asbestos-containing talc products were of good and merchantable quality and fit for their intended use.

129.    The implied warranty made by the Defendants and/or their "alternate entities" that the asbestos and asbestos-containing talc products were of good and merchantable quality and fit for the particular intended use, was breached.  As a result of that breach, asbestos was given off into the atmosphere where Plaintiff Sarah J. Plant used the talc products and was inhaled by Plaintiff Sarah J. Plant.

130.    As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff Sarah J. Plant was exposed to Defendants' asbestos, asbestos-containing talc products, and/or products manufactured for personal use by individuals like Plaintiff Sarah J. Plant and consequently developed mesothelioma, causing Plaintiffs to suffer all damages attendant thereto.

44

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A FIFTH CAUSE OF ACTION
### (Fraudulent Misrepresentation)

**For a Fifth Distinct Cause of Action for Fraudulent Misrepresentation, Plaintiffs Complain of Defendants, and Allege as Follows:**

131.    Plaintiffs repeat and re-allege the portions of the above paragraphs where relevant.

132.    That during, before and after Plaintiff Sarah J. Plant's exposure to asbestos products manufactured by Defendants and/or their "alternate entities", the Defendants and/or their "alternate entities" falsely represented facts, including the dangers of asbestos exposure to Plaintiff Sarah J. Plant in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff Sarah J. Plant. At the same time of these misrepresentations, Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

133.    The foregoing representations were material conditions precedent to Plaintiff Sarah J. Plant's continued exposure to asbestos-containing talc products.  Defendants and/or their "alternate entities" each intended that Plaintiff Sarah J. Plant act upon the representations by continuing her personal use of, and thereby exposure to, the asbestos-containing talc products. Plaintiff Sarah J. Plant was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

134.    As a direct and proximate result, Plaintiff Sarah J. Plant's reliance upon Defendants' false representations, Plaintiff has suffered injury and damages as described herein.

## FOR A SIXTH CAUSE OF ACTION
### (Fraudulent Misrepresentation and Conspiracy/Concert Action)

**For a Sixth Distinct Cause of Action for Fraudulent Misrepresentation and Conspiracy/Concert Action, Plaintiffs Complain of Defendants, and Allege as Follows:**

135.    Plaintiffs repeat and re-allege the portions of the above paragraphs where relevant.

136.    For decades, defendants manufactured products composed of talc that were sold and marketed as safe for daily use by consumers on their person to give off a pleasant smell, mask odors, prevent chaffing and/or absorb moisture. Defendants' products were advertised as healthful for babies, children and adults and to be applied regularly to maintain freshness, keep skin soft, mask odors with a floral fragrance, prevent chaffing and/or absorb moisture.

137.    Defendants and the Cosmetic, Toiletry & Fragrance Association (n/k/a Personal Care Products Council) ("CTFA") made false statements to plaintiff, the general public, news media and government agencies that exercise regulatory authority over the cosmetic industry, including, but not limited to, the U.S. Food & Drug Administration ("FDA"), the National Institute of Occupational Health and Safety ("OSHA"), the National Institute for Occupational Safety and Health ("NIOSH"), the Mine Health and Safety Administration ("MHS"), and the National Toxicology Program ("NTP"), which, in turn, proximately caused plaintiff's harm through intentional efforts to deceive the general public as to the safety of and presence of carcinogens, including asbestos, in talc-containing products.

138.    Defendants and CTFA, for decades before SARAH J. PLANT was born, possessed medical and scientific data that raised concerns regarding the presence of carcinogens, including asbestos, in talc and that demonstrated the existence of health hazards to those exposed to asbestos-containing talcum powder products.

139.    Talc is a hydrous magnesium silicate, inorganic material that is mined from the earth. It is used in the manufacture of goods, such as paper, plastic, paint and coatings, rubber, food, electric cable, ceramics, and cosmetics. In its loose form and as used in defendants' products, talc is known as "talcum powder."

140.    Geologists, Defendants and CTFA—and their suppliers, experts, agents and advisors—have long known that the deposits in the earth that are associated with talc are also

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

associated with the formation of asbestos. "Asbestos" is a commercial and legal term, rather than a geologic or scientific term, referring to six now-regulated magnesium silicate minerals that occur in fibrous form, including the serpentine mineral chrysotile, and amphibole minerals such as actinolite, anthophyllite, tremolite, amosite and crocidolite. The United States Geological Survey on Commercial Talc production in 1965, as well as those dating back to the 1800s, note the presence of tremolite, anthophyllite and chrysotile commonly among those minerals found within talc deposits.

141.    Defendants, some of which have been and still are the largest talc producers and/or talc-containing product manufactures in the world, admit that they have long employed and/or consulted with doctors, scientists, geologists, mineralogists and toxicologists, and that they have long maintained extensive medical and scientific libraries and archives containing materials relating to the health hazards of talc and the presence of carcinogens, including asbestos, in talc and talc deposits.

142.    Beginning in the 1930s, medical and scientific literature emerged indicating talc was commonly, if not invariably, contaminated with substances known or suspected of being carcinogenic, such as asbestos, silica, quartz, nickel and arsenic. Within the next several decades, an ever-growing body of medical and scientific literature demonstrated that direct and secondary exposure to talc, including asbestos-containing talc, was hazardous to exposed persons' health in that it could cause lung disease, cancer and death.

143.    Defendants and their affiliates, employees, agents and/or suppliers were members of the National Safety Council. In March of 1933, Waldemar C. Dreesen of the United States Public Health Service reported to the National Safety Council the results of a study conducted among tremolite, talc and slate workers. The study indicated that the talc was a hydrous calcium magnesium silicate, being 45% talc and 45% tremolite, and the National Safety Council stated,

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

"The results of the study seemed to indicate a relationship between the amount of dust inhaled and the effect of this dust on the lungs of the workers." As early as 1934, the National Safety Council was publishing that "a cause of severe pulmonary injury is asbestos, a silicate of magnesium." In the September 1935 issue of National Safety News, an article entitled "No Halfway Measures in Dust Control" by Arthur S. Johnson reported lowered lung capacity resulting from "asbestosis" and "similar conditions" that developed "from exposure to excess of many mineral dusts relatively low in free silica content." The article further noted that claims for disabilities from workers who alleged exposure to "clay, talc, emery, and carborundum dusts" had "claims prosecuted successfully." The article concluded that "[i]n the absence of adequate diagnoses, occupational histories and a more satisfactory method of adjudicating claims than prosecution at common law, we must conclude that it is necessary to find a practical method for controlling all mineral dusts."

144.    In 1936, the National Safety Council published an article entitled "Lesser Known Facts About Occupational Diseases" that found "exposure to asbestos fibers, present in the weaving and grinding of dry asbestos material, offers another type of dust which may cause fatalities among workers." In 1958, The New York Department of Labor published Industrial Code Rule No. 12 establishing regulations applying to all employees and employers relating to dangerous air contaminants and listing both asbestos and talc as such substances.

145.    In 1968, a study presented at the American Industrial Hygiene Conference & Exposition and published in the American Industrial Hygiene Association Journal concluded that "[a]ll of the 22 talcum products analyzed have a…fiber content…averaging 19%. The fibrous material was predominantly talc but contained minor amounts of tremolite, anthophyllite, and chrysotile as these are often present in fibrous talc mineral deposits…Unknown significant amounts of such materials in products that may be used without precautions may create an

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

unsuspected problem." L. J. Cralley, et al., Fibrous and Mineral Content of Cosmetic Talcum Products, 29 Am. Ind. Hyg. Assoc. J. 350-354 (1968). Defendants were aware of these findings.

146.    In 1968, a scientific study of store-bought, commercially available talcum powders conducted by the Occupational Health Program, National Center for Urban Industrial Health, was published and presented by the American Industrial Hygiene Association. Defendants were aware of this study. The study revealed that, contrary to popular belief, talcum powders were not entirely pure, but rather contained various fibrous minerals, including tremolite, anthophyllite and chrysotile. The study explained that such fibrous content was not unexpected because these types of fibers are often present in fibrous talc mineral deposits. Available documents indicate that during the same year and in the years following, at least one company began testing store-bought talcum powders for asbestos content. Despite tests showing some talcum powders contained asbestos, there is no evidence that positive results or the brand names of contaminated products were communicated to any governmental agency, the media or the public.

147.    A 1976 follow-up study conducted by researchers at Mount Sinai Hospital in New York concluded that "[t]he presence in these products of asbestiform anthophyllite and tremolite, chrysotile, and quartz indicates the need for a regulatory standard for cosmetic talc…We also recommend that evaluation be made to determine the possible health hazards associated with the use of these products." Rohl A.N., et al., Consumer Talcums and Powders: Mineral and Chemical Characterization, 2 J. Toxicol. Environ. Health 255-284 (1976). The Mount Sinai study results were published by various newspapers, including the New York Times and the Washington Post, and Defendants were aware of same.

148.    In the early 1970s, the FDA began an inquiry into whether to regulate and require warnings on talc-containing products. Defendants and CTFA, an exclusive lobbying and advocacy group representing companies engaged in the cosmetic products industry, repeatedly conspired

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and worked in concert to block efforts to label and warn consumers regarding the dangers (including asbestos hazards) associated with cosmetic talcum powder products, such as Defendants' products.

149.    In 1971, the New York City of Environmental Protection Administration Air Resources Board conducted a study of two "leading" brands of talcum powder using transmission electron microscopy ("TEM") and X-ray diffraction ("XRD") analysis, and found them to contain 5-25% tremolite and anthophyllite asbestos.

150.    Soon thereafter, a symposium was held in August of 1971 at the FDA to discuss the issue of asbestos content of talcum powders with the talc industry, government officials, and doctors and scientists from Mt. Sinai Hospital, which was then the epicenter of the medical and scientific study of asbestos. Among other statements, participants and attendees heard: that asbestos should be banned in talcum powders; models should be set up to measure the levels exposure to asbestos experienced by persons using talcum powder containing asbestos at the lowest level of microscopic detection; and that finding asbestos in talc and talcum powder is extremely difficult, and the only truly reliable way to determine the asbestos content of talc and talcum powder is through TEM and electron diffraction. Defendants and CTFA, aware of the foregoing and citing costs as well as their fear of the public learning talc was contaminated with asbestos, ignored and completely rejected any measures to meaningfully test talc products to make sure they were free from asbestos and other carcinogens.

151.    After this 1971 symposium, Dr. Weissler of the FDA hired Dr. Seymour Z. Lewin to test commercially available talcum powders for asbestos. Dr. Lewin tested 195 samples and found asbestos of varying amounts in 43. Many of Dr. Lewin's positive results were eventually corroborated by Pfizer Inc. The results, however, were uncorroborated by two other laboratories,

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

leading the FDA to the conclusion that XRD, optical and electron microscopy, and electron diffraction must be used to detect asbestos in talc and talcum powders.

152.    Dr. Lewin of New York University disclosed twice in 1972 that asbestos had been found in cosmetic talc. In a report to the FDA on August 3, 1972, Dr. Lewin reported that of 195 talc products, 20 had tremolite, 7 had chrysotile, 9 had both tremolite and chrysotile, and 7 had substantial percentages of one of both. XRD had been used as the first step in analysis and the presence of asbestos and was verified by the use of optical microscopy to disclose the presence of significant numbers of fibers. Shortly thereafter, Dr. Lewin reported to Whittaker, Clark & Daniels Inc. on September 30, 1972, that Italian talc 1615 contained about 2% tremolite and 0.5% chrysotile as determined with XRD and detailed microscopic exam. In a July 31, 1973, review of Dr. Lewin's testing of 195 talc samples, the FDA found "good semi-quantitative agreement" for tremolite on selected samples re-analyzed using optical microscope analysis by FDA and XRD by Pfizer. Agreement was not as good for chrysotile, but the review did warn that optical microscopy could "completely miss the presence of chrysotile if the fibers are submicroscopic, which may well be the case in finely-milled talc." In 1972, ES Laboratories reported that "1615" talc contained 1% chrysotile and that "4615" talc contained 3% chrysotile and 3% anthophyllite. An August 23, 1973, report by Johns-Manville on TEM analysis of commercial talcs reported that nine of fourteen samples contained chrysotile. Only five samples did not have detectable levels of chrysotile. Pages from the laboratory notebook of Colgate-Palmolive Co. scientist Paul Briscese from March 7, 1976, show that Old Regal (North Carolina) talc tested positive for tremolite, New Montana talc tested positive for anthophyllite and tremolite, and Italian talc tested positive for tremolite.

153.    A December 10, 1973, report of the CTFA's Talc Subcommittee disclosed that optical microscope analyses of talcs from the Italian, Montana I & II, Alabama, Vermont, and North Carolina mines had failed the proposed FDA's method because of elevated chrysotile

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

concentrations. This December 10, 1973, CTFA report also showed that several laboratories had reported chrysotile in many of the talc samples sent by the CTFA for evaluation of analytical methods as well as the several identifications of asbestos in talc mentioned.

154.    In the early 1970s, the FDA began an inquiry into whether to regulate and require warnings on consumer talcum powder products. CTFA, an exclusive lobbying and advocacy group representing companies engaged in the cosmetic products industry, including many of the Defendants herein, repeatedly conspired and worked in concert to block efforts to label and warn consumers regarding the dangers associated with cosmetic talcum powder products, such as Defendants' products. On September 3, 1973, the FDA sent CTFA a letter regarding various means of measuring asbestos in talc, stating that "conventional methods employing X-ray diffraction or differential thermal analysis are not sufficiently reliable to produce quantitative results of the desired precision." The FDA further advised CTFA that it "has been exploring refractory optical microscopy as a means of measuring asbestos in talc." CTFA responded to the FDA's public notice on its proposed optical microscopy method on December 26, 1973. CTFA contended that the proposed method was not "reliable" for the detection of asbestos in talc, recommended a "collaborative effort between FDA and industry to develop such a method," and urged deferment of the proposed rule. Minutes of CTFA's Talc Subcommittee meeting on March 15, 1976, indicate that the FDA's "Dr. Shaffner suggested the possibility of having industry report periodically on the results of its analysis to the FDA." Dr. Estrin of CTFA responded that "the subcommittee would give serious consideration to this suggestion."

155.    Contemporaneously, evidence began to emerge from testing conducted by various regulatory agencies revealing that asbestos was being found in food, beer and drugs, including intravenously injected medicines. In 1972, and later in 1973, the FDA filed notices of proposed

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

rulemaking requiring talc used in food, food packing and drugs to be completely free of asbestos. These were some of the same "grades" of talc used by Defendants.

156.    The talc industry's response, including that of the defendants, was swift and well-coordinated through CTFA, with which the defendants conspired and worked in concert to purposely create a flawed, voluntary testing and surveillance methodology for detecting asbestos in talc and block efforts to label and warn consumers regarding the dangers associated with the talc products, including defendants' products.

157.    Regarding the FDA's proposed 1972 rule-making, the FDA Director of Product Development and Cosmetics, Dr. Schaffner, invited representatives of the talc industry to a meeting in August of 1972 to discuss the results of Dr. Lewin's study and inform them that the FDA was preparing to release a "Proposed Statement of Policy On Asbestos in Cosmetics Containing Talc." Dr. Schaffner explained that he was duty-bound and must publicize the brand names of the talcum powders that contained asbestos. CTFA's president, Dr. Merritt, strongly objected to the FDA alerting the general public and publishing the brand names of the talcum powders, as it would cause the manufactures "economic hardship." Dr. Merritt also threatened to sue the FDA to prevent the disclosure of the brand names. As a result, the FDA, defendants and CTFA never revealed or publicized the brand names of the talcum powders that contained asbestos, much to the detriment of the plaintiff and the general public.

158.    In 1973, CTFA created a talc subcommittee and the Scientific Advisory Committee to develop a testing methodology for detecting asbestos in talc. Initially, CTFA designated a group of its members to tests talc grades used in talcum powder utilizing the methodology proposed by the FDA in its notice of rulemaking. Six samples of talc used in commercially available talcum powders, plus one talc sample purposely spiked with tremolite and chrysotile, were circulated among the members, including representatives of defendants. Of the eight participating members,

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

four found asbestos in every sample, three did not find asbestos in any sample (including the spiked sample), and one found asbestos only in the spiked sample. In conclusion, all members agreed that the best and most reliable method of detecting asbestos in talc is not optical microscopy, but rather TEM and electron diffraction. The same members, however, dispensed with this analytical method, claiming TEM and electron diffraction equipment was too expensive, despite defendants then owning or having unfettered access to same.

159.    From there, the difference between what defendants and CTFA knew diverged from what they were representing to the FDA. Defendants, CTFA and others in the industry knew that there was no such thing as asbestos-free talc—only talc in which asbestos could not be detected using the prevailing, most economic analytical methodology, XRD, which at the time could not accurately identify chrysotile asbestos in talc, nor detect tremolite asbestos contamination levels below 2-5%.

160.    Defendants and the CTFA also did not disclose to the FDA that the overwhelming majority of talcum powder manufacturers and sellers were not testing their products for asbestos, and even if they were testing, it was done so superficially: only four or so grams per 20 tons of pre-shipment and pre-processed talc, as an example. Defendants and CTFA also failed to the inform the FDA that they were not testing off-the-shelf talc powder products, but rather old samples that were never from the end products themselves. They also failed to inform the FDA that they were limiting their testing of talc to only one type of asbestos fiber to the exclusion of all other fiber types that are commonly found in talc deposits. What is more, to the extent defendants found asbestos in their samples, these positive results were not reported to the FDA. Instead, on their behalf, CTFA sent letters to the FDA in March of 1976 fraudulently claiming that industry testing had shown all talcum powder products to be completely free of asbestos.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

161.    Beginning in 1975 and 1976, researchers at New York Air Resources Board, Mt. Sinai School of Medicine, and the FDA became increasingly concerned that CTFA, defendants and the cosmetic industries were slow to address the issue of asbestos in talc and talcum powders. Defendants had not issued any recalls, provided consumer warnings, informed the FDA of any effort to ensure that talcum powders on the market did not contain asbestos, or developed a reliable methodology or protocol for ensuring that talc and talcum powder did not contain asbestos.

162.    Taking matters into their own hands, Mt. Sinai Hospital researchers published a follow-up article to Dr. Lewin's 1971 study that demonstrated that some of defendants' talcum powders contained over 20% asbestos. The researchers concluded that "[t]he presence in these products of asbestiform anthophyllite and tremolite, chrysotile, and quartz indicates the need for a regulatory standard for cosmetic talc…We also recommend that evaluation be made to determine the possible health hazards associated with the use of these products." The results of the Mount Sinai study were known to the defendants and published the same year by the New York Times and the Washington Post.

163.    Defendants and CTFA responded to these developments by falsely claiming that the industry was doing "everything" it could to solve the problem; issuing press releases falsely claiming that chrysotile had never been found in talcum powders; and intentionally suppressing data that showed tremolite was commonly found in talc and talcum powder.

164.    CTFA subsequently began in earnest to produce a voluntary protocol and methodology that would provide defendants cover from both lawsuits and regulation. Egregiously, as concerned media members, citizens and regulators began asking more questions about which other brands of talcum powder contained asbestos, defendants and CTFA falsely represented that talcum powders have never contained asbestos.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

165.    Defendants and third parties collectively met with and corresponded with CTFA, as well as collectively met with the FDA and other government agencies, to individually and collectively advocate for the use of "voluntary" XRD testing of miniscule portions of the tons of talc to be used in consumer products. Defendants' "voluntary" method—that was developed collectively by defendants and CTFA and advocated to the FDA in lieu of regulations requiring asbestos labeling or warnings on talcum powder products—was inadequate because levels of asbestos contamination in talc commonly fell below the detection limit of the testing methods. Defendants and CTFA also knew that asbestos contamination was not uniformly distributed, such that the miniscule amounts tested would not reveal the true level of contamination in talc products, such as those to which SARAH J. PLANT was exposed.

166.    In support of its voluntary XRD methodology, which was finally published in 1977, CTFA produced letters to the FDA written by its members, including defendants, identifying tests conducted showing talcum powder products did not contain asbestos. CTFA, defendants and other talc product producers, however, never informed the FDA of the hundreds of positive tests showing talc and talcum powders contained asbestos and other carcinogens.

167.    CTFA "Method J4-1," published on October 7, 1976, states that TEM-SAED "offers greater sensitivity, but is not presented since it is unsuitable for normal quality control applications." The published method, rather, relies on XRD with "the level of detection of amphibole by this method [being] 0.5% and above." CTFA met with and corresponded with defendants and third parties, to individually and collectively advocate to the FDA for the use of inadequate XRD testing on miniscule portions of the tons of talc obtained from the mining sources to be used in the consumer products, followed by fewer "periodic" tests by TEM. This voluntary method was developed by CTFA and defendants, and was advocated to the FDA by CTFA and defendants in lieu of regulations requiring labeling and warnings on talcum powder products, even

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

though CTFA and defendants knew that the J4-1 method would not reveal the true level of asbestos in the talc that reached consumers. In fact, the first "round robin" tests, which analyzed a "CTFA Tremolite-Spiked Talc," resulted in 6 of 7 participating laboratories failing to detect the tremolite. In other words, 84% of the industry's laboratories failed to detect asbestos in a sample known to contain tremolite asbestos while using the CTFA's own J4-1 method. There is no evidence that CTFA or defendants ever shared this remarkable failure with the FDA or the public.

168.     Minutes of CTFA's Talc Subcommittee from February 24, 1975, stated "It was agreed, however, that chrysotile is never found in cosmetic talcs, based on numerous analyses by several investigators…" When referring to the challenge of chrysotile detection, an article entitled "Talc" in the January/March 1976 CTFA Cosmetic Journal, states that "The only known backup method for a positive identification in this event, is [TEM] with selected area diffraction." However, "despite many efforts, the committee had been unable to find a sample of cosmetic talc containing naturally occurring asbestos…it was asked, 'Why should we test for chrysotile if there isn't any?'" CTFA's Specification for Cosmetic Talc, revised on October 7, 1976, falsely represented that no fibrous asbestos was detected in cosmetic talc. Even after 1976, CTFA and defendants continued to obtain and/or receive results of testing performed internally and externally indicating the presence of asbestos and other carcinogens in the talc being used to manufacture cosmetic products. However, CFTA and defendants continued to represent that no asbestos was detected in cosmetic talc. These material representations adversely and directly impacted the FDA's attempt to adequately test consumer talc for asbestos and regulate cosmetics. The most sensitive method of identifying or detecting asbestos in cosmetic talc, TEM-SAED, was not used because CTFA represented that its "ultra-sensitivity could be a problem" and that it was too expensive to use. Instead, its J4-1 method relied on XRD alone for detection of asbestos at greater

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

concentrations than 0.5%, a concentration that could allow more than a billion asbestos fibers per gram of talc to be passed off as "asbestos-free."

169.    Defendants and CTFA made and published such representations, claiming that their testing method was adequate, that they were ensuring that talcum powder products were safe, and that the talc reaching consumers was "safe," despite having substantial knowledge and evidence to the contrary. Defendants intentionally and knowingly did so to avoid FDA regulations that may have required them to place warnings regarding the asbestos content of their products, and thereby inform the public, including plaintiff, that talc-containing products contained asbestos.

170.    CTFA then published an article in 1979 stating it conducted over three thousand tests of talcum powders and none of them found chrysotile. The article and report failed to disclose whether the talcum powders tested contained tremolite, anthophyllite or any other form of asbestos. This publication of half-truths was conveyed to the FDA and the public with the purpose of preventing regulations of cosmetic products. Thereafter CTFA's methodology became the standard by which nearly all talc was analyzed by the entire industry, including talc used in cosmetic and hygiene products today.

171.    CTFA and defendants have represented to various news media outlets and the public at large that their products are "asbestos-free," when, in fact, their products did test positive for asbestos and those that did not were merely the result of inadequate and imprecise testing methods. "No asbestos detected" does not mean the product does not contain asbestos, but due to defendants' repeated conflation of the terms, the public has been led to erroneously believe talc products are safe. Furthermore, since defendants and CTFA did not have sufficient testing protocols in place to support the claims that talc products were safe or asbestos-free, such statements were recklessly made, as they had no reason to believe them.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

172.     Between 1970 and the 1990s, tests conducted by and on behalf of defendants and the talc industry continued to show that talc and talcum powder products contained asbestos. None of these positive tests have ever been produced or made known to any regulatory agency, and knowledge of their existence is only because of civil litigation.

173.     Defendants and CTFA's failure to disclose these positive results and the inadequacies of their testing protocols continued through the 1980s, 1990s and 2000s, even when various government agencies raised concerns about the safety of talc, including the issue of asbestos content.

174.     To this day, many talc-containing products presently on the market contain asbestos. Instead of publicizing this fact, defendants and CTFA continue to deny all the above to protect their pecuniary interests, to the severe detriment of the public, including plaintiff.

175.     Since at least 1979, defendants have conducted a campaign to convince the public that their products are regulated by the FDA, that their tests are conducted pursuant to FDA regulations, and that talcum powder products are, therefore, safe. Nothing could be further from the truth: the FDA has never been assigned a budget by Congress to regulate cosmetics, including asbestos and other carcinogens in talcum powders. Defendants' concerns for the safety of their products have always been voluntary and under the auspices of CTFA, a private industry group, that in its 40 years has only banned the use of 11 ingredients in all cosmetics ever sold in the United States. Indeed, as of today, asbestos-containing talc in cosmetics has not been banned or otherwise regulated by CTFA or the FDA.

176.     Defendants (and other entities in the talc industry and cosmetic industries, including the CTFA), individually and collectively, failed to report to the FDA tests performed both internally and by outside laboratories confirming the presence of asbestos in both their finished

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

products as well as talc shipments from Talc Supplier Defendants and other sources that were used to produce finished products.

177.     Defendants, and even the outside laboratories, including McCrone Associates, sent letters to CTFA, to be and which were forwarded to the FDA, stating that results of testing of talc used by them after 1972 had not revealed the presence of amphibole or chrysotile asbestos, when in fact all of these entities had received or performed tests indicating the contrary when such false representations were made.

178.     After 1976, defendants and CTFA continued to obtain and/or receive results of testing performed internally and externally indicating the presence of asbestos in talc.

179.     Defendants failed to place any warning on their talc and talcum powder products or ever disclose the fact that these products contained carcinogens, including asbestos, at any point, up to and including the present, despite the clear hazard and direct information that their products did and continue to contain such carcinogens.

180.     Defendants and CTFA, collectively and through explicit agreement and consciously parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of talcum powder products, and controlled the level of knowledge and information available to the public, including plaintiff, regarding the hazards of exposure to carcinogens, including asbestos, from talc and talc-containing products.

181.     Defendants, through agreement and consciously parallel behavior, intentionally failed to warn potential users, including plaintiff, of the serious bodily harm and/or death which may result from the inhalation and/or ingestion of asbestos in their talc and talc-containing products.

182.     Defendants and CTFA, through agreement and consciously parallel behavior, knowingly and intentionally released, published and disseminated invalid, inaccurate, outdated

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and misleading scientific data, literature and test reports containing misinformation and false statements regarding the health risks associated with the use of talc and talcum powder products, including those to which SARAH J. PLANT was exposed.

183.    Defendants and CTFA, while cognizant of the aforementioned data, deliberately chose to ignore the health and safety issues raised in said data and embarked upon a plan of deception intended to deprive the public at large, including plaintiff, of alarming medical and scientific findings, many of which remained in their exclusive possession and under their exclusive control.

184.    Defendants and CTFA conspired and/or acted in concert with each other and/or with other entities through agreement and consciously parallel behavior:

  (a)    to withhold from users of their products—and from persons who they knew and should have known would be exposed thereto—information regarding the health risks of inhaling and/or ingesting asbestos and other carcinogens contained in talc and talcum powder products;

  (b)    to eliminate, suppress or prevent investigation into the health hazards of exposure to asbestos and other carcinogens in talc and talcum powder products;

  (c)    to ensure that asbestos-containing talc and talcum powder products became widely used in commerce, irrespective of the potential and actual risk of harm to the users and consumers from the asbestos and other carcinogens therein; and

  (d)    to falsely represent that talc and talcum powder products, including those of defendants, were safe and healthful for use by consumers.

185.    Plaintiff reasonably and in good faith relied upon the false and fraudulent representations made by defendants and CTFA regarding the hazards of talc and talcum powder products that contained asbestos and other carcinogens, and she was, therefore, deprived of an opportunity to make informed decisions concerning use of, exposure to and contact with said products.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

186.    CTFA, as well as defendants and other entities in the talc industry and cosmetic industries, individually and collectively, failed to report to the FDA tests performed both internally and by outside laboratories confirming the presence of asbestos in defendants' and other CTFA members' finished products as well as talc shipments from talc suppliers and other sources that were used to produce finished products. Instead, CTFA sent letters to the FDA stating that results of testing of talc used by the industry after 1972 had not revealed the presence of amphiboles or chrysotile, when in fact all of these entities had received or performed tests indicating the contrary by 1976, when such intentionally false misrepresentations were made. CTFA and defendants made and published such representations claiming that their collective testing method was adequate, they were ensuring that talcum powder products were safe, and that their testing of talc reaching consumers was "safe," despite knowing the contrary.

187.    The FDA, and ultimately plaintiff, directly and/or indirectly relied upon CTFA's and defendants' false representations regarding the safety of cosmetic talc. In fact, an FDA letter dated January 11, 1979, states: "In cooperation with scientists from industry, our scientists have been making progress in the development of such regulatory methods." The continuing lack of FDA awareness regarding CTFA's and defendants' misrepresentations was obvious seven years later. In a response to a citizen petition to require an asbestos warning label on cosmetic talc, on July 11, 1986, the FDA states that an "analytical methodology was sufficiently developed" to ensure that "such talc [is] free of fibrous amphibole…" CTFA's J4-1 method has continued for the past four decades to be the cosmetic talc industry's method for "ensuring" "asbestos-free" talc. The use of TEM, recognized by the CTFA as offering "greater sensitivity" for asbestos, continued to increase over the following decades as its advantages were applied to more matrices. In 1990, Kremer and Millette published a TEM method for analysis of asbestos in talc with a theoretical detection limit of about 0.00005%. Despite such improvements in analytical techniques, the

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

cosmetic talc industry, including defendants, continues, four decades later, to use and promote its antiquated and wholly inadequate J4-1 method.

188.     CTFA and defendants, collectively and through explicit agreement and consciously parallel behavior, controlled industry standards regarding the testing, manufacture, sale, marketing, distribution and use of asbestos-containing talcum powder products, and controlled the level of knowledge and information available to the public regarding the hazards of exposure to asbestos and other carcinogens from talc and talc-containing products.

189.     CTFA and defendants, through agreement and consciously parallel behavior, intentionally failed to warn potential users, including plaintiff and their family members, of the serious bodily harm and/or death which may result from the inhalation and/or ingestion of asbestos from their talc and talc-containing products.

190.     CTFA and defendants, through agreement and consciously parallel behavior, knowingly and intentionally released, published and disseminated invalid, inaccurate, outdated and misleading scientific data, literature and test reports containing misinformation and false statements regarding the health risks associated with the use of talc and talcum powder, and specifically talc and talcum powder used in the production of products to which SARAH J. PLANT was exposed.

191.     CTFA and defendants, through agreement and consciously parallel behavior, suppressed, altered, changed, destroyed and/or revised reports, data, tests, studies and other documents regarding the potential presence of asbestos and other carcinogens in talc and talc-containing products, including defendants' products to which SARAH J. PLANT was exposed.

192.     As recently as 2016, Defendants made material misrepresentations to the FDA regarding asbestos in its talcum powder products.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

193.    For additional details regarding and supporting plaintiff's claim, see Bird T., et al., "A Review of the Talc Industry's Influence on Federal Regulation and Scientific Standards for Asbestos In Talc," New Solut., 2021 Aug; 31(2): 152-169.

194.    Defendants, both acting individually and in concert with others, including the CTFA, violated the common law duty of care owed to plaintiff or otherwise engaged in intentionally culpable activity that caused plaintiff to suffer severe injuries and damages.

195.    Revlon has known of the risk for asbestos in talc since at least the 1960s.

196.    Revlon purchased hundreds of tons of Italian talc throughout the 1970s, 1980s, and 1990s, despite receiving test results in the early 1970s that its products containing said Italian talc tested positive for asbestos.

197.    Revlon had access to information regarding the natural occurrence of asbestos in talc mines during the 1960s and access to reports finding that 22 cosmetic talcum products purchased off the shelf had asbestos fiber contents ranging from 8 to 30% by count of the total talcum particulates, with an average of 19%.

198.    Revlon knew that in the early 1970s testing at New York University showed asbestos in its talc-containing products, such as Touch and Glow Face Powder, Revlon Intimate Perfumed Bath Powder, and Jean Naté Bath Powder.

199.    Revlon did not itself test any of its talcum powder products to determine whether they contained asbestos, nor did it place a warning on any of its talcum powder products. Revlon chose not to conduct any independent testing of the talc used to make its talc-containing products. Instead, in an effort to further conceal the asbestos content of its products, Revlon purported to shift this responsibility to its talc suppliers, who Revlon directed to utilize intentionally-inadequate, intentionally-dishonest testing methods and protocols and provided only sporadic

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

"certificates of analysis" claiming, falsely, that the talc did not contain asbestos, and Revlon knew that said "certificates of analysis" were erroneous and that, in fact, the talc contained asbestos.

200.    What is more, Revlon did not start requiring the aforementioned "certificates of analysis" for talc until the early 1980s. Revlon dictated the limited information it wanted from its suppliers for these certificates and chose not to ask for the geographic location of the talc source mine even though mines in certain areas were known by Revlon to have asbestos.

201.    Revlon also elected not to ask its talc suppliers about the sensitivity of the testing methods they used and asked only the dishonest statement that the talc was "asbestos free," a phrase that Revlon used as a euphemism for allowing up to 0.49% asbestos.

202.    Revlon has been a member of the CTFA since the 1970s. The FDA proposed a detection limit of 0.1%, while the Committee proposed a detection limit of 0.5%. In 1977, a Revlon representative supported and voiced no objection to CTFA's proposal to oppose all testing of cosmetic talc. In 1978, Revlon expressed concern about contamination of asbestos in talc and requested information regarding the epidemiology of cosmetic talc.

203.    Revlon's directive for certificates of analysis for its talc required the CTFA's J4-1 testing method, despite Revlon knowing that the method could not detect the presence of asbestos less than 0.5% and not designed detect chrysotile (asbestos) at all. Nevertheless, Revlon continued to claim that its talc was "asbestos free," although it knew that asbestos was present in the talc below the 0.5% detection limit.

204.    Revlon represented to the consumers, including plaintiff, that its talc-containing products were safe and healthful to use despite knowing that they were contaminated with asbestos. When making these statements, Revlon intended to deceive the public and consumers, including, specifically, the plaintiff herein. Plaintiff relied on Revlon's representations that its talc-containing

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

products were safe and healthful. As a result, plaintiff used Revlon's talc-containing products which resulted in exposure to asbestos.

205.    As a direct and proximate consequence of the foregoing acts and omissions, SARAH J. PLANT  (i) relied on defendants' false assurances that their talc-containing products were free from asbestos and safe, (ii) used or was otherwise exposed to defendants' talc-containing products; (iii) and inhaled and/or ingested asbestos resulting from the ordinary and foreseeable use thereof.

206.    The actions and omissions of defendants, independently and collectively, constitute a pattern or practice of intentionally wrongful conduct and/or malice resulting in injuries to plaintiff as described in this complaint.

207.    As a direct and proximate consequence of the foregoing acts and omissions by the defendants, SARAH J. PLANT used or was otherwise exposed to defendants' products and inhaled and/or ingested asbestos resulting from the ordinary and foreseeable use thereof

## FOR A SEVENTH CAUSE OF ACTION
### (Loss of Consortium)

**For a Seventh Distinct Cause of Action for Loss of Consortium, Plaintiff Parker Plant Complains of Defendants, and Alleges as Follows:**

208.    Plaintiff incorporates by reference, the preceding paragraphs, where relevant.

209.    Plaintiffs Sarah J. Plant and Parker Plant were married in 2001and at all times relevant to their action were husband and wife.

210.    Prior to his injuries as alleged, Plaintiff Sarah J. Plant was able and did perform her spousal duties. As a proximate result thereof, subsequent to the injuries, Plaintiff Sarah J. Plant has been unable to perform her spousal duties and the work and service usually performed in the care, maintenance and management of the family home. As a proximate result thereof, Plaintiff Parker Plant was deprived of the consortium of his spouse, including the performance of duties,

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

all to Plaintiffs' damages, in an amount presently unknown to Plaintiffs but which will be proven at time of trial.

211.    As a direct and proximate result of the acts of Defendants and/or their "alternate entities" and the severe injuries caused to Plaintiff Sarah J. Plant as set forth herein, Plaintiff's spouse and co-Plaintiff Parker Plant suffered loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of his spouse, and has suffered severe mental and emotional distress and general nervousness. Plaintiffs pray judgment against Defendants, their "alternate entities" and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment, joint and several, against Defendants and/or their "alternate entities" in an amount to be proved at trial, as follows:

1.    For Plaintiffs' actual damages according to proof, including pain and suffering, mental distress, as well as medical, surgical and hospital bills;

2.    For loss of income or earnings according to proof;

3.    For loss of care, comfort and society;

4.    For punitive damages according to proof;

5.    For Plaintiffs' cost of suit herein;

6.    For damages for breach of implied warranty according to proof;

7.    For damages for fraudulent misrepresentation according to proof; and

8.    For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided by South Carolina law.

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES.**

Respectfully submitted,

*s/Theile B. McVey*
Theile B. McVey (SC Bar No. 16682)
tmcvey@kassellaw.com
John D. Kassel (SC Bar 3286)
jkassel@kassellaw.com
Jamie D. Rutkoski (SC Bar No. 103270)
jrutkoski@kassellaw.com
**KASSEL MCVEY ATTORNEYS AT LAW**
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
T: 803-256-4242
F: 803-256-1952
Other email:  emoultrie@kassellaw.com

*and*

Rachel A. Gross (TX Bar 24073608)
(To Be Admitted *Pro Hac Vice*)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300
Dallas, TX 75202
T: 214-722-5990
F: 214-722-5991
rgross@dobslegal.com
Other email: tgilliland@dobslegal.com

**ATTORNEYS FOR PLAINTIFFS**

April 11, 2022

Columbia, South Carolina

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

# SURGICAL SPECIMEN

Ordered by Bryan M Denham, MD

Collected on 3/22/21 (Pathology)

Resulted on 3/24/21

## NARRATIVE

Patient Name: PLANT, SARAH
Date of Birth: ███████
MRN: EP02454048
Accession#: S21-9959
Collected: 3/22/2021
Received: 3/22/2021

NORTON AUDUBON HOSPITAL

One Audubon Plaza Drive

Louisville, Kentucky  40217

PROCEDURES:
Outside Expert Consultation    Date Ordered:
4/1/2021    Status: Signed
Out
    Date Complete:    4/1/2021
    Date Reported:    4/2/2021

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## NARRATIVE

Interpretation
BAYLOR COLLEGE OF MEDICINE
DEPARTMENT OF PATHOLOGY
2525 W. BELLFORT, SUITE 130
HOUSTON, TX  77054

Consultation was requested by Dr. Robert Ripley

SPECIMEN:  THORAX, LEFT PLEURAL BASE
MASS (BAYLOR # SB-21-01988)

DIAGNOSIS:
THORAX, LEFT PLEURAL BASE MASS, CORE
NEEDLE BIOPSIES:
   MALIGNANT MESOTHELIOMA,
EPITHELIOID TYPE

HISTORY:
The patient is a 34-year-old female with extensive
pleural masses with left
pleural effusion.

MICROSCOPIC DESCRIPTION:
The sections consist of two needle cores of tissue
that measure approximately 1
cm each on the slide.  Both cores are completely
replaced by a tubulopapillary
mesothelioma.  The tumor is growing in a fibrous

ELECTRONICALLY FILED - 2022 Apr 11 2:16 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## NARRATIVE

pleural masses with left
pleural effusion.

MICROSCOPIC DESCRIPTION:
The sections consist of two needle cores of tissue
that measure approximately 1
cm each on the slide.  Both cores are completely
replaced by a tubulopapillary
mesothelioma.  The tumor is growing in a fibrous
background and fat or skeletal
muscle of the chest wall is not seen.  The
immunohistochemical profile performed
at the referring laboratory is typical for malignant
mesothelioma, epithelioid
type:  (positive staining for calretinin, D2-40, WT1,
CK5/6, CK7 and negative
staining for CK20, TTF-1, Pax-8, p40, CDX2,
GATA-3, CD15, B72.3, monoclonal CEA,
ER and Ber-EP4.

Final Diagnosis performed by
Thomas M. Wheeler, MD
Electronically signed 3/31/2021 at 1:07 PM

**Electronically Signed Out  on 4/2/2021 **

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | Civil Action No. 2022-CP-40-01265 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ANSWER OF** |
| | ) | **DEFENDANT CHATTEM, INC.** |
| Avon Products, Inc., et al., | ) | |
| | ) | (Jury Trial Demanded) |
| Defendants. | ) | |
| | ) | |

Defendant Chattem, Inc.("Chattem"), answers the Plaintiffs' Complaint as follows:

**FOR A FIRST DEFENSE TO ALL CAUSES OF ACTION**

1.      This Court lacks jurisdiction over Chattem and the Plaintiffs' Complaint should, therefore, be dismissed pursuant to Rule 12(b)(2), SCRCP.

**FOR A SECOND DEFENSE TO ALL CAUSES OF ACTION**

2.      Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Chattem and should, therefore, be dismissed pursuant to Rule 12(b)(6), SCRCP.

**FOR A THIRD DEFENSE TO ALL CAUSES OF ACTION**

3.      Chattem denies each and every allegation of the Plaintiffs' Complaint which is not hereinafter specifically admitted, modified, or explained.

**ANSWERING "PLAINTIFFS' ORIGINAL COMPLAINT"**

4.      The introductory, unnumbered paragraph of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in the introductory, unnumbered paragraph of the Plaintiffs'

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Complaint.

## ANSWERING "GENERAL ALLEGATIONS"

5.    The first-appearing Paragraph 1 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in the first-appearing Paragraph 1 of the Plaintiffs' Complaint.

6.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in the first-appearing Paragraph 2 of the Plaintiffs' Complaint, including all subparagraphs, and specifically objects to Plaintiffs' attempt to provide conclusions of law in an effort to dictate the jurisdiction of this matter. To the extent that they relate to other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

7.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in the second-appearing Paragraphs 1 and 2 and Paragraphs 3 through and including 14, including all subparagraphs, of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

8.    Paragraph 15 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 15 of the Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

9.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 16 through and including 21 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING "THE PARTIES"

10.     Paragraph 22 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

11.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

12.     Paragraphs 24 through and including 32 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 24 through and including 32 of the Plaintiffs' Complaint.

13.     In response to Paragraph 33 of the Plaintiffs' Complaint, Chattem admits only that it is incorporated under the laws of the State of Tennessee and that is maintains its principal place of business in New Jersey.  Chattem denies the remaining allegations of Paragraph 33 of the Plaintiffs' Complaint and specifically denies that its

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

products ever contained asbestos.

14.     Paragraphs 34 through and including 70 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 34 through and including 70 of the Plaintiffs' Complaint.

## ANSWERING "BACKGROUND FACTS"

15.     Paragraphs 71 and 72 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 71 and 72 of the Plaintiffs' Complaint.

16.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 73 through and including 78 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  Chattem also denies that it manufactures any materials used in ceramic arts. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

17.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 79 through and including 83 of the Plaintiffs' Complaint and specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## ANSWERING THE "FIRST CAUSE OF ACTION"

18.   In response to Paragraph 84, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph (Paragraphs 1-2 and 1-83) of the Plaintiffs' Complaint.

19.   To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 85 through and including 90 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous and that it was a successor to any entity.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

20.   Paragraph 91 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 91 of the Plaintiffs' Complaint.

21.   To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 92 through and including 99 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "SECOND CAUSE OF ACTION"

22.   In response to Paragraph 100, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(Paragraphs 1-2 and 1-99) of the Plaintiffs' Complaint.

23.    Paragraph 101 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 101 of the Plaintiffs' Complaint.

24.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 102 through and including 116 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING THE "THIRD CAUSE OF ACTION"

25.    In response to Paragraph 117, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph (Paragraphs 1-2 and 1-116) of the Plaintiffs' Complaint.

26.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 118, 119, and 120 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING THE "FOURTH CAUSE OF ACTION"

27.    In response Paragraph 121, Chattem repeats, realleges, and incorporates by reference its response to all paragraphs preceding this Paragraph (Paragraphs 1-2

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and 1-120) of the Plaintiffs' Complaint.

28.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 122, 123, and 124 of the Plaintiffs' Complaint and specifically denies that any implied warranty was made, breached or that any alleged breach of implied warranty resulted in any damage to the Plaintiffs.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING THE "FIFTH CAUSE OF ACTION"

29.     In response Paragraph 125, Chattem repeats, realleges, and incorporates by reference its response to all paragraphs preceding this Paragraph (Paragraphs 1-2 and 1-124) of the Plaintiffs' Complaint.

30.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 126, 127, and 128 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING THE "SIXTH CAUSE OF ACTION"

31.     In response to Paragraph 129, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph (Paragraphs 1-2 and 1-128) of the Plaintiffs' Complaint.

32.     To the extent they relate to Chattem or its products, Chattem denies the

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

allegations contained in Paragraphs 130 through and including 135 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

33.     Paragraph 136 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 136 of the Plaintiffs' Complaint.

34.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 137 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

35.     Paragraph 138 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 138 of the Plaintiffs' Complaint.

36.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 139, 140, 141, and 142 of the Plaintiffs' Complaint, as written. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the truth or falsity of the allegations contained therein and therefore denies the allegations.

37.     Paragraph 143 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.   To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 143 of the Plaintiffs' Complaint.

38.     Chattem denies the allegations contained in Paragraph 144 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.

39.     Paragraphs 145, 146 and 147 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 145 of the Plaintiffs' Complaint.

40.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 148 through and including 163 of the Plaintiffs' Complaint, as written.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

41.     Paragraph 164 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.   To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 164 of the Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

42.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 165 through and including 170, including all subparagraphs, of the Plaintiffs' Complaint, as written.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

43.    Paragraph 171 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 171 of the Plaintiffs' Complaint.

44.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 172 through and including 178, the third-appearing Paragraphs 1 and 2, and the second-appearing Paragraphs 3, 4, 5, 6, 7, and 8, including all subparagraphs, of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff, third-parties, or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

45.    The second-appearing Paragraph 9 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in second-appearing Paragraph 9 of the Plaintiffs' Complaint.

46.    To the extent they relate to Chattem or its products, Chattem denies the

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

allegations contained in the second-appearing Paragraph 10 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.   To the extent that they relate to Plaintiff, third-parties, or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

47.    The second-appearing Paragraphs 11 through and including 20 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in the second-appearing Paragraphs 11 through and including 20 of the Plaintiffs' Complaint.

48.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in the second-appearing Paragraphs 21, 22 and 23 of the Plaintiffs' Complaint.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "SEVENTH CAUSE OF ACTION"

49.    In response to the second-appearing Paragraph 24, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph (Paragraphs 1-2, 1-178, and 1-23) of the Plaintiffs' Complaint.

50.    The second-appearing Paragraphs 25 and 26 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.   To the extent a response from Chattem is required, Chattem denies the allegations contained in the second-appearing Paragraphs 25 and 26 of the Plaintiffs'

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Complaint.

51.    To the extent they relate to Chattem, Chattem denies the allegations contained in the second-appearing Paragraph 27 of the Plaintiffs' Complaint.  To the extent that they relate to Plaintiff or other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "PRAYER FOR RELIEF"

52.    Chattem denies the Plaintiffs' prayer for relief.

## FOR A FIRST AFFIRMATIVE DEFENSE[1]

53.    Plaintiffs' Complaint fails to state a cause of action against Chattem upon which relief may be granted and should, therefore, be dismissed.

## FOR A SECOND AFFIRMATIVE DEFENSE

54.    This Court lacks jurisdiction over the subject matter of this action.

## FOR A THIRD AFFIRMATIVE DEFENSE

55.    This Court lacks personal jurisdiction over Chattem with respect to each and every claim asserted in the Complaint.

## FOR A FOURTH AFFIRMATIVE DEFENSE

56.    This Court is an improper venue with respect to Chattem.

## FOR A FIFTH AFFIRMATIVE DEFENSE

57.    This Court is considered a *forum non conveniens* for Chattem with respect to the claims asserted in the Complaint.

## FOR A SIXTH AFFIRMATIVE DEFENSE

58.    There is no justiciable issue or controversy.

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

59.    The damages allegedly sustained by the Plaintiffs was caused, in whole or in part, by the negligence or other culpable conduct of the Plaintiffs, their family members, and/or other Defendants and/or other persons or instrumentalities over which Chattem had no control and with whom it had no legal relationship. Such conduct constituted a supervening cause of Plaintiffs' alleged injuries.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**

60.    Plaintiffs' causes of action are barred or limited by reason of the culpable conduct attributable to the Plaintiffs, including contributory negligence and assumption of the risk.

**FOR A NINTH AFFIRMATIVE DEFENSE**

61.    The damages allegedly sustained by Plaintiffs are wholly or partially caused by other and independent means, including, *inter alia*, the operation of nature, conduct and habits of Plaintiffs, Plaintiffs' exposure to other particulates in the environment, and/or a pre-existing medical, genetic, or environmental condition, disease, or illness of Plaintiffs'.

**FOR A TENTH AFFIRMATIVE DEFENSE**

62.    Plaintiffs caused and/or contributed to Plaintiffs' alleged injuries and damages, in whole or in part, by exposure to, or the use of, tobacco products and/or other substances, products, medications, or drugs.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

63.    Any damages allegedly sustained by the Plaintiffs were the actual and proximate result of the unforeseen and/or unforeseeable negligent, grossly negligent,

---

[1] Chattem asserts the following defenses without admitting or conceding that it bears the burden of proof

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

wanton or reckless omission or conduct of third parties or superseding parties.

**FOR A TWELFTH AFFIRMATIVE DEFENSE**

64.     At all times and places mentioned in the Complaint, if Chattem's products were used, they were used by the Plaintiffs and/or other persons in an unreasonable manner, not reasonably foreseeable to Chattem, and for a purpose for which the products were not intended, manufactured, labeled, or designed. Plaintiffs' injuries and damages, if any, were directly and proximately caused by said misuse and abuse, rather than any defect in the design, manufacture, production, installation, testing, labeling, marketing, distribution, sale, or inspection of the product by Chattem. Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the Plaintiffs and/or such other parties and persons.

**FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

65.     The damages allegedly sustained by the Plaintiffs, which allegedly arose from a product attributable to Chattem, were caused by the alteration, redesign, modification, misuse, and/or improper maintenance or handling of the product by Plaintiffs or other persons or instrumentality other than Chattem, rather than any defect in the design, manufacture, production, installation, testing, labeling, marketing, distribution, sale, or inspection of the product by Chattem or any of its agents or other persons or entities acting at its direction or on its behalf.

**FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

66.     To the extent that Plaintiffs were exposed to any product containing asbestos as a result of conduct by Chattem, which is expressly denied, said exposure was *de minimis* and not a proximate or substantial contributing cause of Plaintiffs'

---

with respect to any defense.

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

alleged injuries or damages and, therefore, not actionable at law or in equity.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE

67.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations or repose.

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE

68.    Plaintiffs' claims are barred, in whole or in part, and/or preempted by applicable federal law, with which Chattem complied.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

69.    Chattem states that any products sold by Chattem which allegedly gave rise in whole or in part to Plaintiffs' claims or causes of action herein, were designed, manufactured, marketed, and labeled pursuant to, and in accordance with, specifications mandated by the United States Government or its agencies.    The knowledge of the United States Government and its agencies of any possible health hazards from use of such products were equal or superior to that of Chattem, and, by reason thereof, Chattem is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

70.    Chattem denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery, and/or sale, in any Chattem talc product referred to in the Plaintiffs' Complaint, but if there was any defect or negligence as alleged, then Chattem is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE

71.    Chattem is not liable for any damages allegedly sustained by Plaintiffs

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

because Plaintiffs were not in privity of contract with Chattem at any time and Chattem's product was not inherently dangerous.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE

72.    The product was not defective or dangerous at any time when Chattem had possession or control of it.

## FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

73.    Any and all implied warranties, including the warranties of merchantability and fitness for a particular purpose, were excluded at the time of the sale of the product.

## FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

74.    No implied warranties, including the warranties of merchantability and fitness for a particular purpose, were a part of the basis of the bargain in the sale of the product.

## FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

75.    The purchaser of the product and any or all third-party beneficiaries of any warranties, expressed or implied, relating to the product failed to provide notice of the alleged breaches of warranty to Chattem pursuant to the applicable provision of the Uniform Commercial Code.

## FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

76.    Oral warranties, if any, upon which Plaintiffs allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

## FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

77.    To the extent that Plaintiffs sustained injuries from the use of a product alleged to contain asbestos, which is denied, Plaintiffs, other Defendants or other parties not under the control of Chattem, misused, abused, misapplied and otherwise

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

mishandled the product alleged to be asbestos material. Therefore, damages are barred and/or the amount of damages which may be recoverable must be diminished by the proportion which said misuse, abuse, misapplication and mishandling bears to the conduct which caused the alleged damage or injury.

### FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

78.     In the event it should be established at the time of trial that all the Defendants are subject to market share liability, which it should not be, Chattem's share of such liability would be of such a *de minimis* amount as to make its responsibility and contribution for damages negligible, and Chattem would be entitled to judgment as against Plaintiffs and/or contribution, either in whole or in part, from Co-Defendants.

### FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

79.     In the event Plaintiffs recover a verdict or judgment against Chattem, then said verdict or judgment must be reduced by those amounts which have been or will replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefit programs.

### FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

80.     Chattem denies that the asbestos products alleged in Plaintiffs' Complaint are products within the meaning and scope of the Restatement of Torts Section 402A and, as such, the Complaint fails to state a cause of action in strict liability.

### FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

81.     Chattem alleges that any sales of talc products made by it were made to sophisticated users of such products, and that sale to a sophisticated user of the products bars any claim of liability against Chattem.

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A THIRTIETH AFFIRMATIVE DEFENSE

82.    Chattem had no knowledge or reason to know of any alleged risks associated with asbestos and/or asbestos-containing products at any time during the periods complained of by Plaintiffs.

## FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

83.    The Plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from Chattem, nor did the Plaintiffs receive or rely upon any representation or warranty allegedly made by Chattem.

## FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

84.    Exposure to asbestos fibers allegedly attributable to Chattem, if any, is so minimal as to be insufficient to establish to a reasonable degree of probability that the products are capable of causing Plaintiffs' injuries or damages and must be considered speculative as a matter of law.

## FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

85.    Some or all of the causes of action may not be maintained because of res judicata and/or collateral estoppel.

## FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

86.    If Chattem was on notice of any hazard or defect for which Plaintiffs seek relief, which Chattem denies, Plaintiffs also had such notice and are thereby barred from recovery.

## FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

87.    To the extent Plaintiffs are awarded damages, such damages must be reduced by the value of the benefit received by Plaintiffs from the use of Chattem's products.

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

88.    The claims for damages have not accrued, are purely speculative, uncertain and/or contingent, and, therefore, are not recoverable as a matter of law.

## FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

89.    Plaintiffs' claims are barred or reduced under the principles of assumption of the risk.

## FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

90.    There has been no concert of action between Chattem and any of the other named Defendants.  The Defendants are not joint tortfeasors and, therefore, Chattem may not be held jointly and severally liable with the other named Defendants.

## FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

91.    At all relevant times, the state of medical and scientific knowledge and the state of the art for the design, manufacture, marketing, and labeling of talc-containing products was such that Chattem neither knew nor should have known that any of its products presented a risk of harm to Plaintiffs.  Public policy holds that liability should not be imposed on Chattem for untold risks not known at the time of the design, manufacturing, marketing, and labeling of the product at issue.

## FOR A FORTIETH AFFIRMATIVE DEFENSE

92.    Plaintiffs' claims are barred or diminished because of Plaintiffs' failure to join necessary and indispensable parties.

## FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

93.    Chattem denies that there was any defect in the product(s) at issue or negligence or culpable conduct in the mining, processing, manufacture, design, testing, investigation, fashioning, packaging, labeling, marketing, distributing, delivery, and/or

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

sale of the product(s) at issue, but if there was any defect, negligence, or culpable conduct, as alleged, then Chattem is not liable as it reasonably and justifiably relied upon the expertise, conduct, and/or inspection by others in the regular course of trade and business.

## FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

94.    Plaintiffs failed to mitigate or otherwise act to lessen or reduce their injuries alleged in the Complaint.

## FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

95.    Plaintiffs' claims for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

## FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

96.    Plaintiffs' claims in the Complaint, and each count thereof, that seek exemplary or punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the Constitution of the United States, and such damages would further violate Chattem's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 and other applicable provisions of the Constitution of the State of South Carolina, and any other state's law which may be applicable.  The Fifth and Sixth Amendments of the United States Constitution and the applicable provisions of the South Carolina Constitution are violated because Chattem cannot exercise all of the constitutional and statutory rights which must be accorded to a party who is subject to the imposition of a criminal penalty in the form of punitive damages.

The imposition of punitive or aggravated damages in this case based upon evidence of Chattem's wealth or financial status would violate the Due Process Clauses

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of the Fifth and Fourteenth Amendments to the United State Constitution. The Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the applicable provisions of the South Carolina Constitution are violated because the imposition of punitive damages discriminates against Chattem on the basis of wealth in that greater amounts of punitive damages for the identical conduct may be awarded against some Defendants who have more economic wealth than other Defendants.

The imposition of punitive or aggravated damages in this case based on conduct that did not harm Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution. The imposition of punitive or aggravated damages in this case based on conduct different from the conduct that allegedly harm Plaintiffs would also violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution. The Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the applicable provisions of the South Carolina Constitution are violated because no protection is afforded to Chattem against multiple punitive damages awards to different Plaintiffs seeking to impose punitive damages for the same conduct.

Plaintiffs' claims for punitive damages violate Chattem's right of access to the Courts guaranteed by the Seventh and Fourteenth Amendments in that the threat of an award of unlimited punitive damages chills Chattem exercise of that right.

The imposition of punitive or aggravated damages in this case would violate the Ex Post Facto Clause of the South Carolina Constitution and would impair Chattem's right to contract, of access to the Courts, and would constitute an uncertain remedy, all

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

in contravention of rights secured for Chattem by the Constitution of the State of South Carolina, Article 1, Section 4.

South Carolina's procedural and substantive law on punitive damages conflicts with the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306 (1991); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003).

The procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip,* 499 U.S. 1306 (1991); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), the Commerce Clause of the United States Constitution, and the applicable provisions of the South Carolina Constitution are violated in the following ways:

a) punitive damages can be awarded against Chattem that are disproportionate and have no reasonable relationship to the actual or compensatory damages award, the injury and expenses in connection with which they are awarded, Chattem's conduct, mental state or the degree of reprehensibility of Chattem's conduct also permits an award of punitive damages that are disproportionate to the civil penalties, if any, authorized or imposed in similar cases;

b) there are no adequate and objective procedures and standards or instructions that guide trial and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages and no adequate standards and procedures to guide the rial and appellate courts in reviewing

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

an excessive award of punitive damages;

c)  the jury or fact finder is permitted to consider the net worth and "ability to pay" of Chattem in determining the amount of an award of punitive damages;

d)  the jury or fact finder is permitted to consider Chattem's conduct outside the State of South Carolina and earnings received from conduct outside the State of South Carolina in determining the amount of an award of punitive damages; and the conduct, acts, omissions or standards that a jury or fact finder is permitted to consider in determining the amount of an award of punitive damages is not defined with sufficient precision to reasonably notify Chattem in advance of that conduct which will give rise to the imposition of punishment in the form of punitive damages.

## FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

97.    Under the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. §15-38-15 (2005), the damages for which Plaintiffs seek recovery against Chattem are limited to the percentage of fault, if any, attributable to the conduct of Chattem.

## FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

98.    Multiple awards of punitive damages against Chattem would violate Article 1, Section 19 of the Constitution of the State of South Carolina, the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution, the common law of the State of South Carolina, and any other state's law which may be applicable.

## FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

99.    At all times relevant to this litigation, Chattem complied with all applicable law, regulations and standards.

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

100.  Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and laches.

## FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

101.  At all times relevant to this litigation, Chattem and its agents, servants, employees, representatives, and/or others acting on its behalf or at its request – including miners, millers, manufacturers, suppliers, or other persons – utilized proper methods in the conduct of operations, in conformity with the available knowledge and research of the scientific, medical, and industrial communities and existing state of the art.

## FOR A FIFTIETH AFFIRMATIVE DEFENSE

102.  Plaintiffs' recoverable damages, if any, should be reduced, offset, or barred by the contributory or comparative negligence, fault, responsibility, or causation attributable to Plaintiffs or to some third party and/or non-party other than Chattem.

## FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

103.  In the event Plaintiffs have already entered, or enters in the future, into any settlement or compromise with, or execute any release of, any present or future Defendant, Third-Party Defendant or any non-party, for any of the Plaintiffs' alleged injuries and damages, Chattem is entitled to a credit or set-off of:  (a) the amount of consideration to be received by Plaintiffs in such settlement or for such release; and (b) the proportionate or pro rata share of liability of the settling or released party or non-party.

## FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE

104.  Some or all of the causes of action may not be maintained because of

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

arbitration and award.

## FOR A FIFTY-THIRD AFFIRMATIVE DEFENSE

105.    Some or all of the causes of action may not be maintained because of discharge in bankruptcy.

## FOR A FIFTY-FOURTH AFFIRMATIVE DEFENSE

106.    Some or all of the causes of action may not be maintained because of release, payment, settlement, accord and satisfaction, or another compromise of the claims.

## FOR A FIFTY-FIFTH AFFIRMATIVE DEFENSE

107.    Plaintiffs' claims are preempted, expressly and/or impliedly, by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*.

## FOR A FIFTY-SIXTH AFFIRMATIVE DEFENSE

108.    Plaintiffs' claims are preempted to the extent they are premised upon an alleged violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq*., because there is no private right of action under the FDCA.

## FOR A FIFTY-SEVENTH AFFIRMATIVE DEFENSE

109.    Plaintiffs' claims are preempted under Article VI of the U.S. Constitution to the extent they propose to impose any obligation on Defendants that is different from, or in addition to, any requirement applicable under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*., or conflict with and/or serve as an obstacle to the enforcement of the laws, regulations, and policies promulgated by the FDA or other federal agencies, as authorized by Acts of Congress.

## FOR A FIFTY-EIGHTH AFFIRMATIVE DEFENSE

110.    Plaintiffs' claims are barred by the doctrine of primary jurisdiction and the

ELECTRONICALLY FILED - 2022 Apr 13 2:33 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

primary jurisdiction of the FDA over the issues raised in the Complaint.

## FOR A FIFTY-NINTH AFFIRMATIVE DEFENSE

111.   Chattem reserves the right to assert all other defenses available to it under law at the time of trial and reserve the right to amend this Answer to include additional defenses that discovery may reveal to appropriate.

## FOR A SIXTIETH AFFIRMATIVE DEFENSE

112.   All defenses which have been or will be asserted by other Defendants and/or any Third-Party Defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to Plaintiffs' Complaint. In addition, Chattem will rely upon any and all other additional defenses which become available or appear during discovery and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

Defendant Chattem, Inc. prays that Plaintiffs take nothing in this cause and that it recover its costs incurred herein.  This Defendant prays for such other and further relief, both general and special, legal or equitable, to which it may be justly entitled.

RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400


*s/ R. Wilder Harte*
Steven J. Pugh (SC Bar #14341)
spugh@richardsonplowden.com
R. Wilder Harte (SC Bar #101228)
wharte@richardsonplowden.com
Megan C. White (SC Bar #101895)
mwhite@richardsonplowden.com

ATTORNEYS FOR DEFENDANT CHATTEM, INC.

April 13, 2022

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.  2022-CP-40-01265 |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | |
| | ) | **ANSWER AND DEFENSES** |
| Plaintiffs, | ) | **ON BEHALF OF DEFENDANT** |
| | ) | **WHITTAKER, CLARK &** |
| vs. | ) | **DANIELS, INC. TO** |
| | ) | **PLAINTIFFS' COMPLAINT** |
| Avon Products, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Requested |
| | ) | |

Defendant Whittaker, Clark & Daniels, Inc., sued herein as Whittaker, Clark & Daniels, Inc. ("Whittaker, Clark & Daniels, Inc." or "Defendant") by and through its undersigned counsel, respectfully submits this Answer and Affirmative Defenses to the Complaint ("Complaint") of Sarah J. Plant and Parker Plant ("Plaintiffs") as follows:

## RESPONSE TO "GENERAL ALLEGATIONS"

1.     Whittaker, Clark & Daniels, Inc. is without sufficient information to admit or deny the allegations contained at paragraph 1 of the Complaint, and it therefore denies them, insofar as the allegations therein are directed against it.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

2.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 2 of the Complaint, including all subparagraphs, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

1.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in second paragraph numbered 1 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

2.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in the second paragraph numbered 2 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

3.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 3 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

4.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 4 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

5.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 5 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

6.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 6 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

7.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 7 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

8.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 8 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

9.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 9 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

10.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 10 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

11.     The allegations contained in paragraph 11 do not appear to relate to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.  In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denied as to Whittaker, Clark & Daniels, Inc. To the extent that this paragraph of the Complaint

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

12.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 12 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

13.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 13 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

14.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 14 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

15.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 15 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

16.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 16 of the Complaint, including all subparts, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

17.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 17 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

18.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 18 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

19.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 19 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

20.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 20 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

21.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 21 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

### RESPONSE TO "THE PARTIES"

22.     Whittaker, Clark & Daniels, Inc. is without sufficient information to admit or deny the allegations contained at paragraph 22 of the Complaint, and it therefore denies them, insofar

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

23.     The allegations contained in paragraph 23 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

24.     The allegations contained in paragraph 24 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

25.     The allegations contained in paragraph 25 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

26.     The allegations contained in paragraph 26 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

27.     The allegations contained in paragraph 27 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

28.    The allegations contained in paragraph 28 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

29.    The allegations contained in paragraph 29 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

30.    The allegations contained in paragraph 30 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

31.    The allegations contained in paragraph 31 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

32.    The allegations contained in paragraph 32 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

33.    The allegations contained in paragraph 33 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

34.     The allegations contained in paragraph 34 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

35.     The allegations contained in paragraph 35 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

36.     The allegations contained in paragraph 36 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

37.     The allegations contained in paragraph 37 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

38.     The allegations contained in paragraph 38 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

39.    The allegations contained in paragraph 39 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

40.    The allegations contained in paragraph 40 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

41.    The allegations contained in paragraph 41 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

42.    The allegations contained in paragraph 42 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

43.    The allegations contained in paragraph 43 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

44.    The allegations contained in paragraph 44 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

45.    The allegations contained in paragraph 45 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

46.    The allegations contained in paragraph 46 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

47.    The allegations contained in paragraph 47 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

48.    The allegations contained in paragraph 48 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

49.    The allegations contained in paragraph 49 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

50.     The allegations contained in paragraph 50 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

51.     The allegations contained in paragraph 51 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

52.     The allegations contained in paragraph 52 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

53.     The allegations contained in paragraph 53 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

54.     The allegations contained in paragraph 54 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

55.     The allegations contained in paragraph 55 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

56.     The allegations contained in paragraph 56 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

57.     The allegations contained in paragraph 57 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

58.     The allegations contained in paragraph 58 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

59.     The allegations contained in paragraph 59 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

60.     The allegations contained in paragraph 60 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

61.     The allegations contained in paragraph 61 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

62.     The allegations contained in paragraph 62 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

63.     The allegations contained in paragraph 63 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

64.     The allegations contained in paragraph 64 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

65.     The allegations contained in paragraph 65 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

66.     The allegations contained in paragraph 66 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

67.     The allegations contained in paragraph 67 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

68.     Whittaker, Clark & Daniels, Inc. admits that is it a New Jersey corporation with its principal place of business in Connecticut.  Whittaker, Clark & Daniels, Inc. denies the remaining allegations contained in paragraph 68 of the Complaint, insofar as the allegations therein are directed against it.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusion, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

69.     The allegations contained in paragraph 69 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

70.     The allegations contained in paragraph 70 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## RESPONSE TO "BACKGROUND FACTS"

71.    Paragraph 71 of the Complaint appears to be a statement to which no response is required.  To the extent that a response is required, this Defendant denies paragraph 71 of the Complaint, insofar as the allegations therein are directed against it.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

72.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 72 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same..

73.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 73 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

74.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 74 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

75.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 75 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

76.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 76 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

77.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 77 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

78.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 78 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

79.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 79 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

80.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 80 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

81.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 81 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

82.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 82 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

83.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in paragraph 83 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

### RESPONSE TO "FIRST CAUSE OF ACTION"
**(Product Liability:  Negligence)**

84.     Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 85 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies those allegations.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

86.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 86 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

87.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 87 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

88.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 88 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

89.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 89 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

90.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 90 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

91.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 91 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

92.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 92 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies those allegations. To

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

93.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 93 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

94.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 94 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

95.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 95 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

96.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 96 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

97.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 97 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

98.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 98 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

99.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 99 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

### RESPONSE TO "SECOND CAUSE OF ACTION"
**(Product Liability:  Strict Liability-S.C. Code Ann. Sec. 15-73-10, et seq.)**

100.     Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 99 of this Answer with the same force and effect as though set forth here in full.

101.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 101 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

102.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 102 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

103.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 103 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

104.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 104 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

105.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 105 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

106.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 106 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

107.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 107 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

108.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 108 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

109.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 109 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

110.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 110 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

111.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 111 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

112.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 112 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

113.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 113 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

114.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 114 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

115.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 115 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

116.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 116 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

### RESPONSE TO "THIRD CAUSE OF ACTION"
#### (Negligence Per Se)

117.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 116 of this Answer with the same force and effect as though set forth here in full.

118.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 118 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

119.    Paragraph 119 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 119 of the Complaint as to itself. To the extent the allegations of this

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies those allegations.

120.    Paragraph 120 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 120 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies those allegations.

<u>**RESPONSE TO "FOURTH CAUSE OF ACTION"**</u>
**(Product Liability:  Breach of Implied Warranties – S.C. Code Ann. § 36-2-314)**

121.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 120 of this Answer with the same force and effect as though set forth here in full.

122.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 122 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

123.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 123 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

a belief as to the truth of the allegations in Paragraph 123 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

124.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 124 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

## RESPONSE TO "FIFTH CAUSE OF ACTION"
### (Fraudulent Misrepresentation)

125.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 124 of this Answer with the same force and effect as though set forth here in full.

126.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 126 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

127.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 127 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

128.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 128 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore denies those allegations. To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

### RESPONSE TO "SIXTH CAUSE OF ACTION"
**(Fraudulent Misrepresentation and Conspiracy/Concert Action)**

129.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 128 of this Answer with the same force and effect as though set forth here in full.

130.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 130 of the Complaint as to itself and states further that Plaintiffs have not adequately identified Whittaker, Clark & Daniels, Inc.'s products, and admits only that it has sold a variety of cosmetic products, including within the United States. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

form a belief as to the truth of the allegations in Paragraph 130 and therefore denies those allegations.

131.    Paragraph 131 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 131 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 related to the actions of other Defendants and therefore denies those allegations.

132.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 132 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore denies those allegations.

133.    Paragraph 133 of the Complaint purports to make statements of fact to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 133 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 related to the actions of other Defendants and therefore denies those allegations.

134.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to United States Geological Surveys on Commercial Talc, which speak for themselves, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

135.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 135 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore denies those allegations.

136.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to medical and scientific literature and respectfully refers the Court to the medical and scientific literature for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 136.

137.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain studies and articles and respectfully refers the Court to those studies and articles for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 137 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore denies those allegations.

138.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint and therefore

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain articles regulations and respectfully refers the Court to those articles and regulations for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 138 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore denies those allegations.

139.    The final sentence of Paragraph 139 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in the final sentence of Paragraph 139 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the actions of other Defendants and therefore denies those allegations. Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by L. J. Cralley, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 139 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

140.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by the Occupational Health Program, National Center for Urban Industrial Health, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 140.

141.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by A.N. Rohl, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 141.

142.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 142 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore denies those allegations.

143.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by the New York City of Environmental Protection

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Administration Air Resources Board, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 143.

144.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a symposium, and respectfully refers the Court to that symposium for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 144 as to itself. To the extent the remaining allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore denies those allegations.

145.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain studies, and respectfully refers the Court to those studies for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 145.

146.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint and therefore

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to various studies and reports, and respectfully refers the Court to those studies and reports for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 146 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies those allegations.

147.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a CTFA report, and respectfully refers the Court to that CTFA report for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 147 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and therefore denies those allegations.

148.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain statements by the FDA and the CTFA, and respectfully refers the Court to those statements for the content and context thereof, but Whittaker, Clark &

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 148. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies those allegations.

149.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to testing done by regulatory agencies, and respectfully refers the Court to that testing for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 149.

150.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 150 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies those allegations.

151.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 151 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore denies those allegations.

152.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of this Paragraph purport to refer to certain test results, and respectfully refers the Court to those test results for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 152 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore denies those allegations.

153.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 153 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and therefore denies those allegations.

154.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 154 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore denies those allegations.

155.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 155 of the Complaint and therefore denies those allegations. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 155 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

156.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by Mt. Sinai Hospital researchers, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 156 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore denies those allegations.

157.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 157 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore denies those allegations.

158.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 158 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies those allegations.

159.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 159 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

160.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 160 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore denies those allegations.

161.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to the CTFA Method J4-1, and respectfully refers the Court to the CTFA Method J4-1 for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 161.

162.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to various CTFA materials, and respectfully refers the Court to those materials for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 162 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore denies those allegations.

163.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 163 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore denies those allegations.

164.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 164 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies those allegations.

165.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 165 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies those allegations.

166.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 166 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies those allegations.

167.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 167 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 167 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore denies those allegations.

168.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 168 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies those allegations.

169.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 169 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies those allegations.

170.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 170 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies those allegations.

171.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 171 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint and therefore denies those allegations.

172.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 172 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies those allegations.

173.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 173 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

174.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 174 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies those allegations.

175.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 175 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore denies those allegations.

176.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 176 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies those allegations.

177.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 177 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and therefore denies those allegations.

178.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 178 of the Complaint and its subparts (a)-(d) as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and its subparts (a)-(d) and therefore denies those allegations.

1.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third Paragraph numbered 1 of the Complaint

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

regarding Plaintiff's beliefs and/or conduct, and therefore denies those allegations. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in the third Paragraph numbered 1 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third Paragraph numbered 1 and therefore denies those allegations.

2.    Whittaker, Clark & Daniels, Inc. denies the allegations in the third Paragraph numbered 2 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third Paragraph numbered 2 and therefore denies those allegations.

3.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 3 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to various FDA statements and a publication by Kremer and Millette, and respectfully refers the Court to those materials for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in the second Paragraph numbered 3 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 3 and therefore denies those allegations.

4.    Whittaker, Clark & Daniels, Inc. denies the allegations in the second Paragraph numbered 4 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 4 and therefore denies those allegations.

5.     Whittaker, Clark & Daniels, Inc. denies the allegations in the second Paragraph numbered 5 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 5 and therefore denies those allegations.

6.     Whittaker, Clark & Daniels, Inc. denies the allegations in the second Paragraph numbered 6 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in second Paragraph numbered 6 and therefore denies those allegations.

7.     Whittaker, Clark & Daniels, Inc. denies the allegations in the second Paragraph numbered 7 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 7  and therefore denies those allegations.

8.     Whittaker, Clark & Daniels, Inc. denies the allegations in the second Paragraph numbered 8 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 8 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

9.      Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 9 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to an article by T. Bird et al., and respectfully refers the Court to this article for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material.

10.      The second Paragraph numbered 10 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in the second Paragraph numbered 10 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 10 regarding the conduct of other Defendants and therefore denies those allegations.

11.      Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 11 of the Complaint and therefore denies those allegations.

12.      Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 12 of the Complaint and therefore denies those allegations.

13.      Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 13 of the Complaint and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

14.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 14 of the Complaint and therefore denies those allegations.

15.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 15 of the Complaint and therefore denies those allegations.

16.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 16 of the Complaint and therefore denies those allegations.

17.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 17 of the Complaint and therefore denies those allegations.

18.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 18 of the Complaint and therefore denies those allegations.

19.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 19 of the Complaint and therefore denies those allegations.

20.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 20 of the Complaint and therefore denies those allegations.

21.    The second Paragraph numbered 21 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

& Daniels, Inc. denies the allegations in the second Paragraph numbered 21 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 21 regarding the conduct of other Defendants and therefore denies those allegations.

22.     The second Paragraph numbered 22 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in the second Paragraph numbered 22 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 22 regarding the conduct of other Defendants and/or Plaintiff Judith Peltz and therefore denies those allegations.

23.     The second Paragraph numbered 23 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in the second Paragraph numbered 23 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph numbered 23 regarding the conduct of other Defendants and/or Plaintiff and therefore denies those allegations.

<u>**RESPONSE TO "SEVENTH CAUSE OF ACTION"**</u>
**(Loss of Consortium)**

24.     Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through the second paragraph numbered 23 of this Answer with the same force and effect as though set forth here in full.

25.     Whittaker, Clark & Daniels, Inc. has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in the second Paragraph numbered 25 of the Complaint and therefore denies the same, insofar as the allegations therein are directed against it.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Insofar as the allegations are directed against others, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

26.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in the second Paragraph numbered 26 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

27.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in the second paragraph numbered 27 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

## <u>RESPONSE TO "PRAYER FOR RELIEF"</u>

Whittaker, Clark & Daniels, Inc. denies the allegations contained in the paragraph beginning with "Wherefore" and following underneath the "PRAYER FOR RELIEF" immediately following the second Paragraph numbered 27 of the Complaint, as well as those subparagraphs following that "Wherefore" paragraph of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that these paragraphs of the Complaint state legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A FIRST DEFENSE

This Court lacks both general and specific personal jurisdiction over the Defendant.  Plaintiff cannot meet the requirements of the South Carolina Long Arm Statute or the traditional due process requirements to assert personal jurisdiction over this Defendant in South Carolina.

## FOR A SECOND DEFENSE

There is an insufficiency of service of process upon the person of the Defendant.

## FOR A THIRD DEFENSE

There is a lack of service of process upon the person of the Defendant.

## FOR A FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## FOR A FIFTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations and/or repose.

## FOR A SIXTH DEFENSE

Plaintiff's Complaint is barred by laches.

## FOR A SEVENTH DEFENSE

This Defendant denies that the Plaintiff has incurred any injuries or damages.  However, as to any injuries or damages the Plaintiff alleges were incurred, the Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in Plaintiff's Complaint and, therefore, the Plaintiff is not entitled to recover from this Defendant.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

### FOR AN EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the comparative negligence of the Plaintiff; in the alternative, any award to the Plaintiff should be reduced by the percentage that the Plaintiff's conduct caused Plaintiff's damages.

### FOR A NINTH DEFENSE

This Defendant specifically denies that it mined, manufactured, processed, imported and/or sold any asbestos or asbestos-containing material which allegedly caused or contributed to the alleged injuries or damages of the Plaintiff.  This Defendant further denies that, for those periods of time alleged by the Plaintiff, any product or action or inaction on its part caused any damage to the Plaintiff.

### FOR A TENTH DEFENSE

Plaintiff was not exposed to any asbestos materials through any act or omission of this Defendant or, if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of Plaintiff's damages, if any, as a matter of law.  Therefore, this Defendant denies that any of its products or any alleged action or inaction on its part has damaged or injured the Plaintiff in any manner or at any time.

### FOR AN ELEVENTH DEFENSE

Plaintiff misused or improperly used the products manufactured and/or sold by this Defendant and such misuse or improper use proximately caused or contributed to, in whole or in part, the alleged conditions described in the Complaint and the alleged damages Plaintiff claims were sustained, and, therefore, this Defendant is not liable for any injuries or damages claimed by the Plaintiff.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A TWELFTH DEFENSE

If Plaintiff suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant, but such damages, if any, resulted from the acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is in no way liable, and the Plaintiff, therefore, is not entitled to recover from this Defendant.

## FOR A THIRTEENTH DEFENSE

This Defendant is not liable to Plaintiff with respect to the injuries alleged in the Plaintiff's Complaint because such injuries, if any, were caused by pure accident in terms of law.

## FOR A FOURTEENTH DEFENSE

There is a lack of joinder of one or more parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

## FOR A FIFTEENTH DEFENSE

To the extent that the Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, the Plaintiff's Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

## FOR A SIXTEENTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

## FOR A SEVENTEENTH DEFENSE

If the Plaintiff has heretofore or should hereafter settle for any of the alleged injuries and damages with any parties, then this Defendant is entitled to a credit in the amount of said settlements.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR AN EIGHTEENTH DEFENSE

Plaintiff's Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

## FOR A NINETEENTH DEFENSE

To the extent Plaintiff's Complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## FOR A TWENTIETH DEFENSE

To the extent that Plaintiff's Complaint seeks punitive damages, this Defendant affirmatively pleads the following in regard to punitive damages:

(a)  An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(b)  An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(c)  The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(d)  An award of punitive damages in this civil action would amount to an excessive

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the South Carolina Constitution; and

(e) Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## FOR A TWENTY-FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

## FOR A TWENTY-SECOND DEFENSE

In the manufacture, distribution and sale of its products, this Defendant at all times used reasonable care, skill and diligence and complied with generally established and accepted standards in the industry, and this Defendant's products, when used properly, are, were, and have been safe and fit for their intended use and purpose at all relevant times.

## FOR A TWENTY-THIRD DEFENSE

This Defendant had no duty to warn Plaintiff of the risks and dangers, if any, associated with asbestos or asbestos-related products.

## FOR A TWENTY-FOURTH DEFENSE

There has been no concert of action between this Defendant and any of the other named Defendants. The Defendants are not joint tortfeasors and, therefore, this Defendant may not be held jointly and severally liable with the other named Defendants.

## FOR A TWENTY-FIFTH DEFENSE

Defendant denies that there existed any warranties, either express or implied, between it and the Plaintiff. Even if such warranties existed, the Plaintiff's claim for breach of warranty is barred by

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the Plaintiff's failure to comply with the notice provisions required by South Carolina law and because there is no privity of contract.

## FOR A TWENTY-SIXTH DEFENSE

This Defendant cannot be liable to the Plaintiff under the doctrine of strict liability, to the extent the Plaintiff was not exposed to or injured by a product sold as new property after the effective date of the statute.

## FOR A TWENTY-SEVENTH DEFENSE

If Plaintiff sustained the injuries and/or damages alleged, which is specifically denied, then such injuries and/or damages were proximately caused by the acts and/or omissions of the Plaintiff's employers with respect to the maintenance of a healthy and safe work site and environment, which were under the employers' exclusive control and possession.

## FOR A TWENTY-EIGHTH DEFENSE

Plaintiff neither used nor was exposed to any product manufactured, sold and/or supplied by this Defendant.

## FOR A TWENTY-NINTH DEFENSE

This Defendant asserts that the state of medical and scientific knowledge and all materials relating thereto at all times material herein were such that this Defendant neither knew, nor could have reasonably known, that products of the type it manufactured presented any risk of harm, which risk of harm is denied, to the Plaintiff if properly used.

## FOR A THIRTIETH DEFENSE

Venue is improper in this action. This Defendant reserves its rights to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and further reserves its

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

rights to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

### FOR A THIRTY-FIRST DEFENSE

Plaintiff's Complaint should be dismissed for its failure to comply with the requirements of Section 44-135-10 et seq., of the South Carolina Code, also known as the "Asbestos and Silica Claims Procedure Act of 2006" as the Plaintiff has failed to make the prima facie showing required by the Act. In the alternative, the case should not be placed on any active trial docket and should not be the subject of any discovery until Plaintiff complies with the provisions of the Act.

### FOR A THIRTY-SECOND DEFENSE

To the extent that any and all of the foregoing affirmative defenses preclude recovery by the Plaintiff, such defenses are also dispositive of the claims stated against this Defendant by or on behalf of the spouse as her claims are solely derivative of the claims asserted by Plaintiff.

### FOR A THIRTY-THIRD DEFENSE

This Defendant would show that the spouse's claim for alleged loss of consortium is an improperly-joined cause of action and this cause of action and/or the Complaint should be dismissed.

### FOR A THIRTY-FOURTH DEFENSE

Plaintiff does not have standing to bring this claim pursuant to Section 15-5-150 S.C. Code Ann., also referred to as South Carolina's Door Closing Statute.

### FOR A THIRTY-FIFTH DEFENSE

This Defendant incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by all other Defendants.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A THIRTY-SIXTH DEFENSE

This Defendant's asbestos-containing products, if any, were or may have been supplied to the United States Government or its agencies pursuant to contract, and such products conformed in every material respect to specifications established by the United States Government or its agencies. The knowledge of the United States Government or its agencies pertaining to the possible hazards to the Plaintiff associated with the use of such products was equal to or superior to that of this Defendant and, by reason thereof, this Defendant is not liable to Plaintiff under any theory of law asserted in this civil action.

## FOR A THIRTY-SEVENTH DEFENSE

Defendant is not liable to Plaintiff because Plaintiff's employer(s), his union, or entities other than this Defendant, were learned intermediaries and/or sophisticated users of the products in question who were warned of, or were otherwise aware of, or should have been aware of the alleged potential risks and dangers inherent in the product(s), were in a position to understand and inform Plaintiff of the alleged risks, and had an independent duty to protect Plaintiff from, and/or warn Plaintiff of, any alleged potential risks or dangers, thereby relieving the Defendant of any alleged duty, which duty is denied.

## FOR A THIRTY-EIGHTH DEFENSE

The Plaintiff's damages, if any, are the result of acts, errors, or omissions of others, not under the direct or control of this Defendant. These acts, errors, or omissions of others are the superseding intervening cause of the Plaintiff's injuries.

## FOR A THIRTY-NINTH DEFENSE

Defendant hereby notifies the Court and all parties that under traditional South Carolina choice of law principles, the substantive law governing this action is determined by the laws of

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

another state or by a body of law not associated with a state, e.g. Maritime Law. Defendant asserts that the injury complained of occurred outside of the State of South Carolina and therefore, under the doctrine of lex loci delicti, or its analogues, the law of the state, or the non-state jurisdiction, in which the injury occurred, applies.

## FOR A FORTIETH DEFENSE

This Defendant's first notice of the claims set forth in Plaintiff's Complaint was service of said Complaint upon it, and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

## FOR A FORTY-FIRST DEFENSE

The claims raised in Plaintiff's Complaint are barred by the applicable workers' compensation laws.

## FOR A FORTY-SECOND DEFENSE

Plaintiff's claim for household exposure, if any, is not, or should not be recognized under South Carolina law, because this Defendant, to the extent such a claim is made against it, owed no duty to Plaintiff under South Carolina law.

## FOR A FORTY-THIRD DEFENSE

All of Plaintiff's claims and issues contained therein are barred by the doctrines of collateral estoppel and *res judicata*.

## FOR A FORTY-FOURTH DEFENSE

This Defendant is not legally responsible for products that it did not manufacture, sell, supply, or otherwise place in the stream of commerce; and this Defendant is not legally responsible for products manufactured, sold or supplied by third parties, such as replacement parts or "after affixed" parts.

ELECTRONICALLY FILED - 2022 Apr 14 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## **FOR A FORTY-FIFTH DEFENSE**

Pursuant to S.C. Code Ann. § 15-32-520, Defendant hereby requests trial bifurcation on the issues of actual damages and punitive damages. To the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations on damages, and other privileges contained in S.C. Code Ann. §§ 15-32-520 and 15-32-530 as if fully stated herein verbatim.

## **JURY DEMAND**

Whittaker, Clark & Daniels, Inc. requests a trial by jury on all issues so triable.

WHEREFORE, having fully answered the Complaint herein, the Defendant prays that the same be dismissed with costs and such further relief as the Court deems just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:  *s/ Robert O. Meriwether*
      Robert O. Meriwether
      SC Bar No. 009828
      E-Mail: robert.meriwether@nelsonmullins.com
      G. Mark Phillips
      SC Bar No. 007945
      E-Mail:  mark.phillips@nelsonmullins.com
      James B. Glenn
      SC Bar No. 077731
      E-Mail: jase.glenn@nelsonmullins.com
      1320 Main Street / 17th Floor
      Post Office Box 11070 (29211-1070)
      Columbia, SC  29201
      (803) 799-2000

Attorneys for Defendant Whittaker, Clark & Daniels, Inc.

Columbia, South Carolina

April 14, 2022

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**STATE OF SOUTH CAROLINA**

**COUNTY OF RICHLAND**

SARAH J. PLANT and
PARKER PLANT,

        Plaintiffs,

v.

AVON PRODUCTS INC.

AMACO, LLC

AMERICAN ART CLAY CO. INC.

THE BARGAIN BARN, LLC

BEACON CMP CORPORATION

BELK, INC.

BRENNTAG NORTH AMERICA, INC.
individually and as successor-in-interest to
MINERAL AND PIGMENT SOLUTIONS, INC.,
as successor-in-interest to WHITTAKER, CLARK
& DANIELS, INC.

BRENNTAG SPECIALTIES, LLC f/k/a
BRENNTAG SPECIALTIES, INC. f/k/a
MINERAL AND PIGMENT SOLUTIONS, INC.,
as successor-in-interest to WHITTAKER, CLARK
& DANIELS, INC.

BRISTOL-MYERS SQUIBB COMPANY
individually and as successor-in-interest to
CHARLES OF THE RITZ INC., LAVIN-
CHARLES OF THE RITZ and JEAN NATÉ

CHATTEM, INC.

COLGATE-PALMOLIVE COMPANY

COLOR TECHNIQUES, INC.

CONOPCO, INC.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**IN THE COURT OF COMMON PLEAS
FOR THE FIFTH JUDICIAL CIRCUIT
CASE NO. 2022-CP-40-01265**

In Re:
Asbestos Personal Injury Litigation
Coordinated Docket

Living Mesothelioma

**DEFENDANT COLOR
TECHNIQUES, INC.'S MOTION
TO DISMISS PLAINTIFF'S
COMPLAINT**

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

COTY INC.                                              )
individually and as successor to COVERGIRL             )
COSMETICS INC, and as successor to the                 )
NOXZEMA CHEMICAL COMPANY                               )
                                                       )
DANA CLASSIC FRAGRANCES, INC.                          )
                                                       )
DILLARD'S, INC.                                        )
                                                       )
DOLLAR GENERAL CORPORATION                             )
                                                       )
ELIZABETH ARDEN, INC.                                  )
                                                       )
ESTÉE LAUDER INC.                                      )
individually and as successor to CLINIQUE              )
                                                       )
THE ESTÉE LAUDER COMPANIES INC.                        )
individually and as successor to CLINIQUE              )
                                                       )
HAMRICK'S INCORPORATED                                 )
                                                       )
HIGHWATER CLAYS, INC.                                  )
                                                       )
IMI FABI (DIANA) LLC                                   )
                                                       )
IMI FABI (USA) INC.                                    )
                                                       )
IMI FABI, LLC                                          )
                                                       )
INGLES MARKETS, INCORPORATED                           )
                                                       )
L'ORÉAL USA, INC.                                      )
individually and d/b/a LANCOME and                     )
MAYBELLINE,  and as successor to YVES                  )
SAINT LAURENT AMERICA, INC., CHARLES                   )
OF THE RITZ INC., and JEAN NATÉ                        )
                                                       )
L'ORÉAL USA PRODUCTS, INC.                             )
individually and d/b/a LANCOME and                     )
MAYBELLINE,  and as successor to YVES                  )
SAINT LAURENT AMERICA, INC., CHARLES                   )
OF THE RITZ INC., and JEAN NATÉ                        )
                                                       )
LOWCOUNTRY GROCERS LLC                                 )
d/b/a PIGGLY WIGGLY                                    )
                                                       )
MARY KAY INC.

2

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

MAYBELLINE LLC                                        )
                                                     )
NOXELL CORPORATION                                   )
a subsidiary of COTY INC.                            )
                                                     )
PFIZER INC.                                          )
individually and as successor to COTY INC. and       )
COTY INTERNATIONAL, INC.                             )
                                                     )
R.T. VANDERBILT HOLDING COMPANY,                     )
INC., individually and as successor-in-interest to   )
R.T. VANDERBILT COMPANY, INC.                        )
                                                     )
REVLON CONSUMER PRODUCTS                             )
CORPORATION, individually and as successor to        )
REVLON RESEARCH LABORATORIES INC.,                   )
CHARLES OF THE RITZ INC., LAVIN-                     )
CHARLES OF THE RITZ, JEAN NATÉ, E.R.                 )
SQUIBB CORP., and YVES SAINT LAURENT                 )
                                                     )
REVLON, INC.                                         )
individually and as successor to ELIZABETH           )
ARDEN, INC., CHARLES OF THE RITZ INC.,               )
LAVIN-CHARLES OF THE RITZ, JEAN NATÉ,                )
E.R. SQUIBB, SQUIBB CORP., and YVES                  )
SAINT LAURENT                                        )
                                                     )
RITE AID OF SOUTH CAROLINA, INC.                     )
                                                     )
SOUTHEASTERN GROCERS INC.                            )
individually and as successor-in-interest to BI-LO   )
                                                     )
TOPCO ASSOCIATES, LLC                                )
                                                     )
VANDERBILT MINERALS, LLC                             )
f/k/a R.T. VANDERBILT COMPANY, INC.,                 )
individually and as successor-in-interest to         )
INTERNATIONAL TALC CO.                               )
                                                     )
VI-JON, LLC                                          )
f/k/a VI-JON, INC.                                   )
                                                     )
WALGREEN CO.                                         )
                                                     )
WALMART INC.                                         )
                                                     )

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | |
|---|---|
| WITTAKER, CLARK & DANIELS, INC. | ) |
| | ) |
| WINN-DIXIE STORES, INC. | ) |
| a subsidiary BI-LO a subsidiary of | ) |
| SOUTHEASTERN GROCERS, INC. | ) |
| | ) |
| YVES SAINT LAURENT AMERICA, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

COMES NOW, Defendant Color Techniques, Inc. ("Defendant" OR "CTI") pursuant to Rules 9(b), 12(b)(2), 12(b)(6), 12(e) and 26(c) of the South Carolina Rules of Civil Procedure, and moves this Court for an order dismissing Plaintiffs' Complaint for lack of personal jurisdiction and staying any discovery as to CTI pending a decision as to personal jurisdiction, or, in the alternative, requiring a more definite statement and/or dismissing Plaintiffs' Complaint for failure to state a claim. This Motion is based on the following grounds:

1.    Plaintiffs' Complaint alleges that CTI is incorporated under the laws of New Jersey and has its principal place of business in New Jersey. (Compl., ¶ 35). CTI is not "at home" in South Carolina and is not subject to general personal jurisdiction in this Court. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011); *Daimler AG v. Bauman,* 134 S. Ct. 746, 769-62 (2014).

2.    Plaintiffs' Complaint does not allege facts that connect CTI's activities in South Carolina, if any, with Plaintiffs' claims. Therefore, Plaintiffs' claims cannot be said to arise out of or relate to CTI's contacts with South Carolina, and CTI is not subject to specific personal jurisdiction in this Court. *Walden v. Fiore,* 134 S. Ct. 1115, 1121 (2014); *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,* 137 S. Ct. 1773, 1778 (2017)

3.    As stated in Plaintiffs' Complaint, Plaintiffs are residents of Tennessee. As noted above, CTI is a foreign corporation. (Compl., ¶ 35). The Complaint does not allege facts that connect CTI's activities in South Carolina, if any, with Sara J. Plant's alleged exposure to asbestos in South Carolina. Therefore, Plaintiffs may lack capacity to sue CTI pursuant to the South Carolina Door Closing Statute, S.C. Code Ann. § 15-5-150.

3.    Any discovery involving CTI should be stayed pending resolution of this Motion. Rule 26(c), SCRCP; *Hamm v. South Carolina Pub. Serv. Comm'n,* 312

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

S.C. 238, 241, 439 S.E.2d 852, 854 (1994); *Cannon v. United Ins. Co. of Am.,* 352 F. Supp. 1212, 1214-15 (D.S.C. 1973).

4.    In the alternative, and to the extent CTI is not dismissed for lack of personal jurisdiction, Plaintiffs' Complaint fails to clearly plead where any alleged exposure to CTI's products occurred, and the factual allegations against CTI are so vague and ambiguous that CTI cannot meaningfully respond. Therefore, CTI moves for a more definite statement pursuant to Rule 12(e).

5.    CTI also moves for a more definite statement as to Plaintiffs' fraud claim, which is not pled with particularity as required by Rule 9(b). (Compl. ¶¶ 125-178, 1-23).

6.    If Plaintiffs are unable to plead sufficient facts to state a claim against CTI and are unable to plead fraud with particularity, Plaintiffs' Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

This Motion is based on the pleadings of record and those grounds, arguments and authorities that will be further set forth in a Memorandum of Law filed by CTI prior to any hearing on this Motion. CTI's participation in discovery in this matter prior to this Motion being heard shall not be construed as a waiver by CTI of any rights, defenses or objections, including lack of personal jurisdiction, all of which are expressly reserved.

Dated: April 15, 2022                  GORDON REES SCULLY MANSUKHANI

                                       By      *s/A. Victor Rawl, Jr.*
                                               A. Victor Rawl, Jr. (SC 9261)
                                               E-mail: vrawl@grsm.com
                                               William H. Kleindienst (SC 101278)
                                               E-mail: wkleindienst@grsm.com
                                               40 Calhoun Street, Suite 350
                                               Charleston, SC  29401
                                               Telephone: (843) 278-5900
                                               *Attorneys for Defendant Color Techniques, Inc.*

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**STATE OF SOUTH CAROLINA**

**COUNTY OF RICHLAND**

SARAH J. PLANT and
PARKER PLANT,

          Plaintiffs,

v.

AVON PRODUCTS INC.

AMACO, LLC

AMERICAN ART CLAY CO. INC.

THE BARGAIN BARN, LLC

BEACON CMP CORPORATION

BELK, INC.

BRENNTAG NORTH AMERICA, INC.
individually and as successor-in-interest to
MINERAL AND PIGMENT SOLUTIONS, INC.,
as successor-in-interest to WHITTAKER, CLARK
& DANIELS, INC.

BRENNTAG SPECIALTIES, LLC f/k/a
BRENNTAG SPECIALTIES, INC. f/k/a
MINERAL AND PIGMENT SOLUTIONS, INC.,
as successor-in-interest to WHITTAKER, CLARK
& DANIELS, INC.

BRISTOL-MYERS SQUIBB COMPANY
individually and as successor-in-interest to
CHARLES OF THE RITZ INC., LAVIN-
CHARLES OF THE RITZ and JEAN NATÉ

CHATTEM, INC.

COLGATE-PALMOLIVE COMPANY

COLOR TECHNIQUES, INC.

CONOPCO, INC.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**IN THE COURT OF COMMON PLEAS
FOR THE FIFTH JUDICIAL CIRCUIT
CASE NO. 2022-CP-40-01265**

In Re:
Asbestos Personal Injury Litigation
Coordinated Docket

Living Mesothelioma

**DEFENDANT COLOR
TECHNIQUES, INC.'S MOTION
TO DISMISS PLAINTIFF'S
COMPLAINT**

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

COTY INC.                                              )
individually and as successor to COVERGIRL             )
COSMETICS INC, and as successor to the                 )
NOXZEMA CHEMICAL COMPANY                               )
                                                       )
DANA CLASSIC FRAGRANCES, INC.                          )
                                                       )
DILLARD'S, INC.                                        )
                                                       )
DOLLAR GENERAL CORPORATION                             )
                                                       )
ELIZABETH ARDEN, INC.                                  )
                                                       )
ESTÉE LAUDER INC.                                      )
individually and as successor to CLINIQUE              )
                                                       )
THE ESTÉE LAUDER COMPANIES INC.                        )
individually and as successor to CLINIQUE              )
                                                       )
HAMRICK'S INCORPORATED                                 )
                                                       )
HIGHWATER CLAYS, INC.                                  )
                                                       )
IMI FABI (DIANA) LLC                                   )
                                                       )
IMI FABI (USA) INC.                                    )
                                                       )
IMI FABI, LLC                                          )
                                                       )
INGLES MARKETS, INCORPORATED                           )
                                                       )
L'ORÉAL USA, INC.                                      )
individually and d/b/a LANCOME and                     )
MAYBELLINE, and as successor to YVES                   )
SAINT LAURENT AMERICA, INC., CHARLES                   )
OF THE RITZ INC., and JEAN NATÉ                        )
                                                       )
L'ORÉAL USA PRODUCTS, INC.                             )
individually and d/b/a LANCOME and                     )
MAYBELLINE, and as successor to YVES                   )
SAINT LAURENT AMERICA, INC., CHARLES                   )
OF THE RITZ INC., and JEAN NATÉ                        )
                                                       )
LOWCOUNTRY GROCERS LLC                                 )
d/b/a PIGGLY WIGGLY                                    )
                                                       )
MARY KAY INC.

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

MAYBELLINE LLC                                          )
                                                       )
NOXELL CORPORATION                                     )
a subsidiary of COTY INC.                              )
                                                       )
PFIZER INC.                                            )
individually and as successor to COTY INC. and         )
COTY INTERNATIONAL, INC.                               )
                                                       )
R.T. VANDERBILT HOLDING COMPANY,                       )
INC., individually and as successor-in-interest to     )
R.T. VANDERBILT COMPANY, INC.                          )
                                                       )
REVLON CONSUMER PRODUCTS                               )
CORPORATION, individually and as successor to          )
REVLON RESEARCH LABORATORIES INC.,                     )
CHARLES OF THE RITZ INC., LAVIN-                        )
CHARLES OF THE RITZ, JEAN NATÉ, E.R.                   )
SQUIBB CORP., and YVES SAINT LAURENT                   )
                                                       )
REVLON, INC.                                           )
individually and as successor to ELIZABETH             )
ARDEN, INC., CHARLES OF THE RITZ INC.,                 )
LAVIN-CHARLES OF THE RITZ, JEAN NATÉ,                  )
E.R. SQUIBB, SQUIBB CORP., and YVES                    )
SAINT LAURENT                                          )
                                                       )
RITE AID OF SOUTH CAROLINA, INC.                       )
                                                       )
SOUTHEASTERN GROCERS INC.                              )
individually and as successor-in-interest to BI-LO     )
                                                       )
TOPCO ASSOCIATES, LLC                                  )
                                                       )
VANDERBILT MINERALS, LLC                               )
f/k/a R.T. VANDERBILT COMPANY, INC.,                   )
individually and as successor-in-interest to           )
INTERNATIONAL TALC CO.                                 )
                                                       )
VI-JON, LLC                                            )
f/k/a VI-JON, INC.                                     )
                                                       )
WALGREEN CO.                                           )
                                                       )
WALMART INC.                                           )
                                                       )

3

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

WITTAKER, CLARK & DANIELS, INC.                          )
                                                         )
WINN-DIXIE STORES, INC.                                  )
a subsidiary BI-LO a subsidiary of                       )
SOUTHEASTERN GROCERS, INC.                               )
                                                         )
YVES SAINT LAURENT AMERICA, INC.                         )
                                                         )
                    Defendants.                          )
_____               )

COMES NOW, Defendant Color Techniques, Inc. ("Defendant" OR "CTI") pursuant to Rules 9(b), 12(b)(2), 12(b)(6), 12(e) and 26(c) of the South Carolina Rules of Civil Procedure, and moves this Court for an order dismissing Plaintiffs' Complaint for lack of personal jurisdiction and staying any discovery as to CTI pending a decision as to personal jurisdiction, or, in the alternative, requiring a more definite statement and/or dismissing Plaintiffs' Complaint for failure to state a claim. This Motion is based on the following grounds:

1.  Plaintiffs' Complaint alleges that CTI is incorporated under the laws of New Jersey and has its principal place of business in New Jersey. (Compl., ¶ 35). CTI is not "at home" in South Carolina and is not subject to general personal jurisdiction in this Court. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011); *Daimler AG v. Bauman,* 134 S. Ct. 746, 769-62 (2014).

2.  Plaintiffs' Complaint does not allege facts that connect CTI's activities in South Carolina, if any, with Plaintiffs' claims. Therefore, Plaintiffs' claims cannot be said to arise out of or relate to CTI's contacts with South Carolina, and CTI is not subject to specific personal jurisdiction in this Court. *Walden v. Fiore,* 134 S. Ct. 1115, 1121 (2014); *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,* 137 S. Ct. 1773, 1778 (2017)

3.  As stated in Plaintiffs' Complaint, Plaintiffs are residents of Tennessee. As noted above, CTI is a foreign corporation. (Compl., ¶ 35). The Complaint does not allege facts that connect CTI's activities in South Carolina, if any, with Sara J. Plant's alleged exposure to asbestos in South Carolina. Therefore, Plaintiffs may lack capacity to sue CTI pursuant to the South Carolina Door Closing Statute, S.C. Code Ann. § 15-5-150.

3.  Any discovery involving CTI should be stayed pending resolution of this Motion. Rule 26(c), SCRCP; *Hamm v. South Carolina Pub. Serv. Comm'n,* 312

ELECTRONICALLY FILED - 2022 Apr 15 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

S.C. 238, 241, 439 S.E.2d 852, 854 (1994); *Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1214-15 (D.S.C. 1973).

4.     In the alternative, and to the extent CTI is not dismissed for lack of personal jurisdiction, Plaintiffs' Complaint fails to clearly plead where any alleged exposure to CTI's products occurred, and the factual allegations against CTI are so vague and ambiguous that CTI cannot meaningfully respond. Therefore, CTI moves for a more definite statement pursuant to Rule 12(e).

5.     CTI also moves for a more definite statement as to Plaintiffs' fraud claim, which is not pled with particularity as required by Rule 9(b). (Compl. ¶¶ 125-178, 1-23).

6.     If Plaintiffs are unable to plead sufficient facts to state a claim against CTI and are unable to plead fraud with particularity, Plaintiffs' Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

This Motion is based on the pleadings of record and those grounds, arguments and authorities that will be further set forth in a Memorandum of Law filed by CTI prior to any hearing on this Motion. CTI's participation in discovery in this matter prior to this Motion being heard shall not be construed as a waiver by CTI of any rights, defenses or objections, including lack of personal jurisdiction, all of which are expressly reserved.

Dated: April 15, 2022                    GORDON REES SCULLY MANSUKHANI


                                         By     *s/A. Victor Rawl, Jr.*
                                                _____
                                                A. Victor Rawl, Jr. (SC 9261)
                                                E-mail: vrawl@grsm.com
                                                William H. Kleindienst (SC 101278)
                                                E-mail: wkleindienst@grsm.com
                                                40 Calhoun Street, Suite 350
                                                Charleston, SC  29401
                                                Telephone: (843) 278-5900
                                                *Attorneys for Defendant Color Techniques, Inc.*

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

SARAH J. PLANT and PARKER PLANT,

Plaintiffs,

Vs.

AVON PRODUCTS, INC., *et. al.,*

Defendants.

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT
CIVIL CASE NO.: 2022-CP-40-01265

**DOLLAR GENERAL
CORPORATION'S AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT**

*(Jury Trial Demanded)*

**TO:    PLAINTIFFS AND THEIR COUNSEL:**

Reserving all rights to amend this pleading within thirty (30) days pursuant to Rule 15(a) of the South Carolina Rules of Civil Procedure, and reserving all rights to include in the Pleading any defenses and/or objections under Rule 12 of the South Carolina Rules of Civil Procedure, and reserving all rights to make any Motions Under Rule 12 of the South Carolina Rules of Civil Procedure, Dollar General Corporation, (hereinafter "this Defendant") by and through their undersigned counsel, Amends the Answer to the Plaintiff's Complaint as follows:

1.      This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 1 of the pleading.

2.      This Defendant denies the allegations in Paragraph 2 of the pleading.

3.      This Defendant denies the allegations in the Second Paragraph 1 and 2 of the pleading.

4.      This Defendant denies the allegations in Paragraph 3 of the pleading.

5.      This Defendant lacks knowledge and information sufficient to either admit or deny the allegations about Plaintiff's product use in Paragraph 4 of the pleading. This Defendant denies the remaining allegations of the paragraph.

6.      This Defendant denies the allegations in Paragraphs 5 and 6 of the pleading.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

7.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 7 and 8 of the pleading.

8.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 9 of the pleading regarding Plaintiff's use of products.  This Defendant denies the remaining allegations of the paragraph.

9.     This Defendant denies the allegations in Paragraph 10 of the pleading.

10.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 11 through 13 of the pleading.

11.     This Defendant denies the allegations in Paragraph 14 of the pleading.

12.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 15 of the pleading.

13.     This Defendant denies the allegations in Paragraph 16 of the pleading.

14.     In answering the allegations in Paragraph 17 of the pleading, this Defendant admits that it is a corporation organized and existing under the laws of a State other than the State of South Carolina.

15.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 18 of the pleading.

16.     This Defendant denies the allegations in Paragraphs 19 through 21 of the pleading.

17.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 22 of the pleading.

18.     This Defendant denies the allegations in Paragraph 23 of the pleading.

19.     The allegations in Paragraphs 24 through 39 of the pleading are not directed at this Defendant therefore a response is not required.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

20.     In answering the allegations in Paragraph 40 of the pleading, this Defendant admits that it is a Tennessee corporation with its principal place of business in Tennessee.  This Defendant denies the remaining allegations of the paragraph.

21.     The allegations in Paragraphs 41 through 70 of the pleading are not directed at this Defendant, therefore a response is not required.

22.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 71 and 72 of the pleading.

23.     This Defendant denies the allegations in Paragraph 73 of the pleading.

24.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 74 about Plaintiff's product use.  This Defendant denies the remaining allegations of the paragraph.

25.     This Defendant denies the allegations in Paragraph 75 of the pleading.

26.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 76 and 77 of the pleading.

27.     This Defendant denies the allegations in Paragraph 78 of the pleading.

28.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 79 and 80 of the pleading.

29.     To the extent the allegations in Paragraph 81 through 83 of the pleading are directed at this Defendant, they are hereby denied.

30.     In answering the allegations in Paragraph 84 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

31.     This Defendant denies the allegations in Paragraphs 85 through 90 of the pleading.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

32.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 91 of the pleading.

33.     This Defendant denies the allegations in Paragraphs 92 through 99 of the pleading.

34.     In answering the allegations in Paragraph 100 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

35.     This Defendant denies the allegations in Paragraphs 101 through 116 of the pleading.

36.     In answering the allegations in Paragraph 117 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

37.     This Defendant denies the allegations in Paragraphs 118 and 119 of the pleading.

38.     In answering the allegations in Paragraph 120 and 121 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

39.     This Defendant denies the allegations in Paragraphs 122 through 124 of the pleading.

40.     In answering the allegations in Paragraph 125 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

41.     This Defendant denies the allegations in Paragraphs 126 through 128 of the pleading.

42.     In answering the allegations in Paragraph 129 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

43.     In answering the allegations in Paragraph 130 of the pleading, this Defendant craves reference to the advertising of its products and denies the allegations to the extent they are inconsistent therewith.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

44.     The allegations in Paragraphs 131 through 135 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

45.     The allegations in Paragraphs 136 through 141 of the pleading violate the requirements of Rule 8 of the South Carolina Rules of Civil Procedure, which requires a pleading only contain a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph should be stricken.  To the extent the allegations reference statements contained in articles, reports and literature, this Defendant would crave reference to those materials and denies the allegations to the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

46.     This Defendant denies the allegations in Paragraph 142 of the pleading.

47.     The allegations in Paragraphs 143 through 149 of the pleading violate the requirements of Rule 8 of the South Carolina Rules of Civil Procedure, which requires a pleading only contain a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph should be stricken.  To the extent the allegations reference statements contained in articles, reports and literature, this Defendant would crave reference to those materials and denies the allegations to the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

48.     This Defendant denies the allegations in Paragraphs 150 of the pleading.

49.     The allegations in Paragraphs 151 and 152 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

statement of the grounds for relief. Therefore, the allegations in the paragraph must be stricken. To the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied. This Defendant lacks knowledge and information to admit or deny the hearsay assertions in the paragraph.

50.     The allegations in Paragraphs 153 and 154 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief. Therefore, the allegations in the paragraph must be stricken. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

51.     The allegations in Paragraph 155 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief. Therefore, the allegations in the paragraph must be stricken. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

52.     The allegations in Paragraphs 156 through 160 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief. Therefore, the allegations in the paragraph must be stricken. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

53.     The allegations in Paragraphs 161 through 162 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief. Therefore, the allegations in the paragraph must be stricken. As to the allegations in the paragraph concerning statements in articles, studies and materials, this Defendant craves reference to those materials and denies the allegations to the extent they are

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

54.     The allegations in Paragraph 163 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

55.     The allegations in Paragraph 164 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  As to the allegations in the paragraph concerning statements in articles, studies and materials, this Defendant craves reference to those materials and denies the allegations the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

56.     The allegations in Paragraph 165 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  The Defendant denies the allegations to the extent they are directed at this Defendant.

57.     The allegations in Paragraph 166 through 170 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

58.     The allegations in Paragraphs 171 through 172 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  To the extent the allegations in the paragraph reference statements in reports, tests, and articles, this Defendant craves reference to the statements in the materials and denies the allegations to the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

59.     The allegations in Paragraphs 173 through 177 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for the claim.  Therefore, the allegations in the paragraph must be stricken.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

60.     This Defendant denies the allegations in Paragraphs 178 and *Third* Paragraph 1.

61.     The allegations in *Third* Paragraph 2 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

62.     The allegations in the *Second* Paragraph 3 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  To the extent the allegations in the paragraph reference statements in reports, tests, and articles, this Defendant craves reference to the statements in the materials and denies the allegations to the

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

extent they are inconsistent therewith. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

63.     This Defendant denies the allegations in the *Second* Paragraph 4 of the pleading.

64.     This Defendant denies the allegations in the *Second* Paragraph 5 of the pleading.

65.     This Defendant denies the allegations in the *Second* Paragraph 6 of the pleading.

66.     This Defendant denies the allegations in the *Second* Paragraph 7 of the pleading.

67.     This Defendant denies the allegations in the *Second* Paragraph 8 of the pleading.

68.     The allegations in the *Second* Paragraph 9 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief. Therefore, the allegations in the paragraph must be stricken. To the extent the allegations in the paragraph reference statements in reports, tests, and articles, this Defendant craves reference to the statements in the materials and denies the allegations to the extent they are inconsistent therewith. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

69.     This Defendant denies the allegations in the *Second* Paragraph 10 of the pleading.

70.     The allegations in the *Second* Paragraph 11 through the *Second* Paragraph 20 of the pleading are not directed at this Defendant, therefore a response is not required.

71.     This Defendant denies the allegations in the *Second* Paragraph 21 of the pleading.

72.     This Defendant denies the allegations in the *Second* Paragraph 22 of the pleading.

73.     This Defendant denies the allegations in the *Second* Paragraph 23 of the pleading.

74.     In answering the allegations in the *Second* Paragraph 24 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

75.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in the *Second* Paragraph 25 of the pleading.

76.     This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in the *Second* Paragraph 26 of the pleading.

77.     This Defendant denies the allegations in the *Second* Paragraph 27 of the pleading.

78.     This Defendant denies each and every allegation of the pleading not hereinabove specifically admitted.

79.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that Plaintiffs' prayer for punitive damages is improper and is in violation of the Constitution of the United States of America and the Constitution of the State of South Carolina.

80.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action.

81.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any injuries and damages sustained by the Plaintiffs were due to and caused by, and were a direct and proximate result of the negligence, carelessness, recklessness, willfulness, and wantonness of the Plaintiff himself, which negligence, carelessness, recklessness, willfulness, and wantonness was greater than the negligence, carelessness, recklessness, willfulness, and wantonness of the Defendant, if any, which is specifically denied, contributing thereto as a proximate cause thereof, without which such would not have occurred or been sustained.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

82.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, the injuries and damages, if any, sustained by the Plaintiffs were due to and caused by and were a direct and proximate result of the Plaintiffs' own negligence, carelessness, recklessness, willfulness, and wantonness and the recovery, if any, should be reduced in proportion to the amount of his negligence, carelessness, recklessness, willfulness, and wantonness.

83.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any risk or danger connected with the use of this Defendant's product was known or should have been known to the Plaintiffs, and that if the Plaintiff used any product or products of Defendants, the Plaintiffs assumed the risk of being injured thereby by reason of which this Defendant would not be liable to the Plaintiffs in any sum whatsoever.

84.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs sustained any injuries or damages as alleged in the Complaint, which is denied, then the same were due to and caused solely by the negligence of the Plaintiff and his negligence was the sole and proximate cause of any injuries or damages the Plaintiff may have sustained.

85.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiff used any product of this Defendant, the Plaintiff failed to properly use the product in question and abused the product or products in question, thereby subjecting the same to abnormal use at time or times alleged in the Complaint, thereby rendering their conduct or misconduct in the use of said products, the sole and proximate cause or intervening or superseding cause of the Plaintiffs' alleged injuries or damages.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

86.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs sustained any injuries or damages as set forth in this Complaint, which is emphatically denied, the same were due to and caused solely by the acts or omissions of recklessness, willfulness and negligence of the Employer(s) of Plaintiff and the acts or omissions of recklessness, negligence, willfulness or wantonness on the part of the Employer(s) of the Plaintiff were the sole and proximate cause of the injuries and damages of the Plaintiffs.

87.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs' cause of action for implied warranty is barred by Plaintiffs' failure to give this Defendant notice of the events alleged and the cause of action, of which this Defendant had no knowledge, and additionally fails to state a claim upon which relief can be granted.

88.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if any implied warranties were made by it, said warranties were effectively excluded in situations which its products were used and applied improperly and contrary to instructions, and that any hazard resulting there from was caused by such improper use and applications so as to exclude any recovery for such damages under any implied warranty.

89.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs were not in privity with this Defendant and, therefore, may not recover upon any alleged breach of alleged implied warranty.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

90.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs did not notify this Defendant within a reasonable period of time after they discovered or should have discovered the alleged defect in its products, and, therefore, Plaintiffs are barred from recovery.

91.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the claims set forth in the Complaint are barred by the applicable statutes of limitation.

92.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that in the event it is determined any product developed, manufactured, distributed or sold by this Defendant was dangerous, which danger is specifically denied, this Defendant was unaware of such danger as it would apply in any conceivable use of its product by Plaintiff; furthermore, the discovery of such danger was beyond the state of the art at the time such product or products were manufactured, distributed or sold. Further, such products were manufactured, distributed and sold in conformity with the state of the art and/or prevailing industry's standards at that time.

93.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiff was exposed to any of its products, said products at the time were manufactured in conformity with Federal and State regulations, standards, specifications and laws. Consequently, recovery by the Plaintiffs is herein barred.

94.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any asbestos-containing products manufactured and sold by this Defendant which give rise to Plaintiffs' claim herein were designed

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and manufactured pursuant to and in accordance with specifications mandated by the United States Government and/or its agencies. This knowledge of the United States Government and its agencies of any possible health hazard from use of such products was equal or superior to that of this Defendant, and by reason therefore, this Defendant is entitled to such immunity from liability as it exists in favor of the United States Government or its agencies.

95.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs' claims in this lawsuit are barred because of Plaintiffs' failure to join necessary and indispensable parties.

96.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that its alleged negligent conduct, which is denied, was not such conduct as would entitle the Plaintiffs to an award of exemplary or punitive damages against this Defendant.

97.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs prove injury, which Defendant specifically denies, any causal connection between this Defendant and such injury is too remote, indefinite and speculative to serve as the basis of recovery against this Defendant.

98.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that Plaintiff's exposure to the product of this Defendant, if any, was minimal, *de minimis* and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiffs.

99.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that although this Defendant denies all allegations of the Complaint with regard to culpability on its part, this Defendant asserts that if any

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of its products were unsafe for the use for which they were intended, which is also strenuously denied, that condition was unavoidable and was apparent to Plaintiff and his Employer and Plaintiff and Employer had been given adequate warning of said condition, or should have been aware of said condition owing to their knowledge and experience in their field of endeavor. Accordingly, Plaintiffs are precluded from recovery from this Defendant by South Carolina Code of Laws, §15-73-20 (1976), as amended.

100.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the absence of warnings on any product of this Defendant did not lead to reasonable reliance by Plaintiffs on the safety of any such product.

101.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any injury to the Plaintiffs was attributable to an unavoidable accident, as that term is known in the law or, in the alternative, was caused by the acts or omissions of third parties, firms or corporations, who by instrumentalities which are in no way connected with this Defendant and for which this Defendant should not be held legally responsible.

102.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs have failed to mitigate their damages.

103.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that there was no consort of action between this Defendant and any of the other Defendants, therefore, the Defendants are not joint tortfeasors and this Defendant may not be held jointly and severally liable with the other Defendants.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

104.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs' exclusive remedy and right to recover is under the applicable State or Federal workers' compensation laws because the alleged injuries of the Plaintiff occurred during the course and scope of his employment.  The Plaintiffs have no right to prosecute or maintain this action.

105.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that this Defendant did not participate in any of the activities for which Plaintiffs assert that punitive damages may be assessed.

106.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that this Defendant would show that some or all of the Plaintiffs' alleged injuries and damages were proximately caused or contributed to by persons or entities other than this Defendant and over whom this Defendant had no control or duty to control.

107.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, this Defendant would show that if Plaintiffs sustained any injury or damage as set forth in the Complaint, which is denied, the same were due and proximately caused on occasions solely by the acts, and/or omissions of recklessness, willfulness and negligence of the Plaintiff's labor union, and that the facts and/or omissions of recklessness, negligence, willfulness and wantonness upon the part of the Plaintiff's labor union where the sole proximate cause of the Plaintiff's injury and damage, and, therefore, he may not recover herein.

108.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that it would show that this Defendant was under no legal duty to warn the Plaintiff of any alleged hazards from use of any of the products

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

containing asbestos. This Defendant further asserts the actual purchaser, the government, Plaintiff's Employer (a sophisticated Employer), and/or Plaintiff's union were in a far better position to warn Plaintiff and, if any such warning was legally required, which is denied, its failure to warn was an intervening, superseding or insulating proximate cause of Plaintiff's injuries, if any.

109.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if it acted or failed to act as alleged in the Complaint, which is denied, there were separate or intervening acts or failure to act on the part of persons or entities other than this Defendant, which were the sole proximate cause of Plaintiff's alleged injuries; therefore, Plaintiff cannot recover from this Defendant.

110.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that it would show that if the Plaintiff was exposed to any asbestos-containing products for which this Defendant may legally be responsible, which is denied, such products were provided by Defendant pursuant to specifications prepared by parties other than this Defendant.

111.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any injuries or damages sustained by the Plaintiff were due to and caused by the suppliers of the raw materials to this Defendant, since all portions of this Defendant's products containing asbestos were supplied by others, and these suppliers never advised this Defendant that warnings should go on the products of this Defendant, therefore, the negligence, carelessness, recklessness, and breach of implied warranties, if any, by such asbestos suppliers was a direct and proximate cause of any damages the Plaintiffs may have sustained and, therefore, this Defendant is not liable in any sum whatsoever.

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

112.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiff in fact used this Defendant's products, and if these products caused a hazard, which is expressly denied, these products were installed improperly, either by improper mixing or use in an inappropriate place or manner contrary to express instructions of this Defendant which is the sole, direct and proximate cause of any injuries or damages, and, therefore, the intervening actions or inactions of others relieve this Defendant of any liability, by reason for which the Defendant is not liable to the Plaintiff.

113.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that subsequent to the manufacturer delivering to the job site a product which may have been used by the Plaintiff, if any, such product was altered or modified in physical characteristics or physical changes, some of which were directly related to the activity being conducted by the Plaintiffs, in it by reason of the alterations, modifications and physical changes after the product left this Defendants hands, this Defendant is relieved from any liability, by reason of which this Defendant is not liable to the Plaintiff in any sum whatsoever.

114.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that to the extent that the Plaintiffs seek double recovery under the various causes of actions for any alleged single wrong, they must elect their remedy.

115.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the spouse's claim for alleged loss of

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

consortium is an improperly joined cause of action and this cause of action and/or the Complaint should be dismissed.

116.     **FURTHER ANSWERING THE PLEADING AND AS AN ADDITIONAL DEFENSE THERETO**, Defendant alleges and says that this action is precluded by the South Carolina Door Closing Statute and, therefore, must be dismissed.

117.     **FURTHER ANSWERING THE PLEADING AND AS AN ADDITIONAL DEFENSE THERETO**, Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(2) based on lack of personal jurisdiction.

118.     **FURTHER ANSWERING THE PLEADING AND AS AN ADDITIONAL DEFENSE THERETO**, Defendant asserts that some or all of the claims against it are barred by applicable statute of limitations.

119.     **FURTHER ANSWERING THE PLEADING AND AS AN ADDITIONAL DEFENSE THERETO**, pursuant to S.C. Code Ann. § 15-32-520, Defendant hereby requests trial bifurcation on the issues of actual damages and punitive damages.  To the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations on damages, and other privileges contained in S.C. Code Ann. §§ 15-32-520 and 15-32-530 as if fully stated herein verbatim

**WHEREFORE** having fully answered Plaintiffs' Pleading, this Defendant prays that the same be dismissed and the Plaintiffs assessed with the costs and fees related to defending this matter and such other and further relief as this Honorable Court may deem just and proper.

**Signature page to follow**

19

ELECTRONICALLY FILED - 2022 Apr 21 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

_s/James H. Elliott, Jr._
James H. Elliott, Jr. (SC Bar 13620)
Cameron D. Berthelsen (SC Bar 104849)
235 Magrath Darby Blvd., Ste. 100
Mt. Pleasant, SC 29464
Tele: 843-805-6550
Fax: 843-805-6599
jelliott@richardsonplowden.com
cberthelsen@richardsonplowden.com

***Attorneys for Dollar General Corporation***

April 21, 2022
Mount Pleasant, South Carolina

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

SARAH J. PLANT and PARKER PLANT,

Plaintiffs,

Vs.

AVON PRODUCTS, INC., *et. al.*

Defendants.

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT
CIVIL CASE NO.: 2022-CP-40-01265

**DOLLAR GENERAL
CORPORATION'S ANSWER
TO PLAINTIFFS' FIRST
AMENDED COMPLAINT**

*(Jury Trial Demanded)*

**TO:    PLAINTIFFS AND THEIR COUNSEL:**

Reserving all rights to amend this pleading within thirty (30) days pursuant to Rule 15(a) of the South Carolina Rules of Civil Procedure, and reserving all rights to include in the Pleading any defenses and/or objections under Rule 12 of the South Carolina Rules of Civil Procedure, and reserving all rights to make any Motions Under Rule 12 of the South Carolina Rules of Civil Procedure, Dollar General Corporation, (hereinafter "this Defendant") by and through their undersigned counsel, Answer the Plaintiffs' First Amended Complaint as follows:

1.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 1 of the pleading.

2.    This Defendant denies the allegations in Paragraphs 2 through 5 of the pleading.

3.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations about Plaintiff's product use in Paragraph 6 of the pleading.  This Defendant denies the remaining allegations of the paragraph.

4.    This Defendant denies the allegations in Paragraphs 7 and 8 of the pleading.

5.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 9 and 10 of the pleading.

6.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 11 of the pleading regarding Plaintiff's use of products.  This Defendant denies the remaining allegations of the paragraph.

7.    This Defendant denies the allegations in Paragraph 12 of the pleading.

8.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 13 through 15 of the pleading.

9.    This Defendant denies the allegations in Paragraph 16 of the pleading.

10.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 17 of the pleading.

11.    This Defendant denies the allegations in Paragraph 18 of the pleading.

12.    In answering the allegations in Paragraph 19 of the pleading, this Defendant admits that it is a corporation organized and existing under the laws of a State other than the State of South Carolina.

13.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 20 of the pleading.

14.    This Defendant denies the allegations in Paragraphs 21 through 23 of the pleading.

15.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 24 of the pleading.

16.    This Defendant denies the allegations in Paragraph 25 of the pleading.

17.    The allegations in Paragraphs 26 through 42 of the pleading are not directed at this Defendant therefore a response is not required.

18.    In answering the allegations in Paragraph 43 of the pleading, this Defendant admits that it is a Tennessee corporation with its principal place of business in Tennessee.  This Defendant denies the remaining allegations of the paragraph.

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

19.    The allegations in Paragraphs 44 through 76 of the pleading are not directed at this Defendant, therefore a response is not required.

20.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 77 and 78 of the pleading.

21.    This Defendant denies the allegations in Paragraph 79 of the pleading.

22.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 80 about Plaintiff's product use.  This Defendant denies the remaining allegations of the paragraph.

23.    This Defendant denies the allegations in Paragraph 81 of the pleading.

24.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 82 and 83 of the pleading.

25.    This Defendant denies the allegations in Paragraph 84 of the pleading.

26.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraphs 85 and 86 of the pleading.

27.    To the extent the allegations in Paragraph 87 through 89 of the pleading are directed at this Defendant, they are hereby denied.

28.    In answering the allegations in Paragraph 90 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

29.    This Defendant denies the allegations in Paragraphs 91 through 96 of the pleading.

30.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in Paragraph 97 of the pleading.

31.    This Defendant denies the allegations in Paragraphs 98 through 105 of the pleading.

32.    In answering the allegations in Paragraph 106 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

33.     This Defendant denies the allegations in Paragraphs 107 through 122 of the pleading.

34.     In answering the allegations in Paragraph 123 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

35.     This Defendant denies the allegations in Paragraphs 124 and 125 of the pleading.

36.     In answering the allegations in Paragraph 126 and 127 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

37.     This Defendant denies the allegations in Paragraphs 128 through 130 of the pleading.

38.     In answering the allegations in Paragraph 131 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

39.     This Defendant denies the allegations in Paragraphs 132 through 134 of the pleading.

40.     In answering the allegations in Paragraph 135 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

41.     In answering the allegations in Paragraph 136 of the pleading, this Defendant craves reference to the advertising of its products and denies the allegations to the extent they are inconsistent therewith.

42.     The allegations in Paragraphs 137 through 141 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

43.     The allegations in Paragraphs 142 through 147 of the pleading violate the requirements of Rule 8 of the South Carolina Rules of Civil Procedure, which requires a pleading only contain a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph should be stricken.  To the extent the allegations reference statements contained in articles, reports and literature, this Defendant would crave reference to those materials and denies the allegations to the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

44.     This Defendant denies the allegations in Paragraph 148 of the pleading.

45.     The allegations in Paragraphs 149 through 155 of the pleading violate the requirements of Rule 8 of the South Carolina Rules of Civil Procedure, which requires a pleading only contain a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph should be stricken.  To the extent the allegations reference statements contained in articles, reports and literature, this Defendant would crave reference to those materials and denies the allegations to the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

46.     This Defendant denies the allegations in Paragraphs 156 of the pleading.

47.     The allegations in Paragraphs 157 and 158 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken. To the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.  This Defendant lacks knowledge and information to admit or deny the hearsay assertions in the paragraph.

48.     The allegations in Paragraphs 159 and 160 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

49.    The allegations in Paragraph 161 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

50.    The allegations in Paragraphs 162 through 166 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

51.    The allegations in Paragraphs 167 and 168 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken. As to the allegations in the paragraph concerning statements in articles, studies and materials, this Defendant craves reference to those materials and denies the allegations to the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

52.    The allegations in Paragraph 169 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

53.     The allegations in Paragraph 170 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  As to the allegations in the paragraph concerning statements in articles, studies and materials, this Defendant craves reference to those materials and denies the allegations the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

54.     The allegations in Paragraph 171 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  The Defendant denies the allegations to the extent they are directed at this Defendant.

55.     The allegations in Paragraph 172 through 176 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

56.     The allegations in Paragraphs 177 and 178 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  To the extent the allegations in the paragraph reference statements in reports, tests, and articles, this Defendant craves reference to the statements in the materials and denies the allegations to the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

57.     The allegations in Paragraphs 179 through 183 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statemen of the grounds for the claim.  Therefore, the allegations in the paragraph must be stricken.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

58.     This Defendant denies the allegations in Paragraphs 184 and 185.

59.     The allegations in Paragraph 186 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

60.     The allegations in the Paragraph 187 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  To the extent the allegations in the paragraph reference statements in reports, tests, and articles, this Defendant craves reference to the statements in the materials and denies the allegations to the extent they are inconsistent therewith.  Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

61.     This Defendant denies the allegations in the Paragraph 188 through 192 of the pleading.

62      The allegations in the Paragraph 193 of the pleading violate South Carolina Rules of Civil Procedure Rule 8, which requires a pleading only set forth a short and plain statement of the grounds for relief.  Therefore, the allegations in the paragraph must be stricken.  To the extent the allegations in the paragraph reference statements in reports, tests, and articles, this Defendant craves reference to the statements in the materials and denies the allegations to the extent they are

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

inconsistent therewith. Further, to the extent the allegations assert wrongdoing as to this Defendant, they are hereby denied.

63.    This Defendant denies the allegations in the Paragraph 194 of the pleading.

64.    The allegations in the Paragraph 195 through the 204 of the pleading are not directed at this Defendant, therefore a response is not required.

65.    This Defendant denies the allegations in the Paragraph 205 through 207of the pleading.

66    In answering the allegations in the Paragraph 208 of the pleading, this Defendant repeats and re-alleges its responses in the above paragraphs.

67.    This Defendant lacks knowledge and information sufficient to either admit or deny the allegations in the Paragraph 209 and 210 of the pleading.

68.    This Defendant denies the allegations in the Paragraph 211 of the pleading.

69.    This Defendant denies each and every allegation of the pleading not hereinabove specifically admitted.

70.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that Plaintiffs' prayer for punitive damages is improper and is in violation of the Constitution of the United States of America and the Constitution of the State of South Carolina.

71.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a cause of action.

72.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any injuries and damages sustained by the Plaintiffs were due to and caused by, and were a direct and proximate result of the negligence,

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

carelessness, recklessness, willfulness, and wantonness of the Plaintiff herself, which negligence, carelessness, recklessness, willfulness, and wantonness was greater than the negligence, carelessness, recklessness, willfulness, and wantonness of the Defendant, if any, which is specifically denied, contributing thereto as a proximate cause thereof, without which such would not have occurred or been sustained.

73.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, the injuries and damages, if any, sustained by the Plaintiffs were due to and caused by and were a direct and proximate result of the Plaintiffs' own negligence, carelessness, recklessness, willfulness, and wantonness and the recovery, if any, should be reduced in proportion to the amount of his negligence, carelessness, recklessness, willfulness, and wantonness.

74.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any risk or danger connected with the use of this Defendant's product was known or should have been known to the Plaintiffs, and that if the Plaintiff used any product or products of Defendants, the Plaintiffs assumed the risk of being injured thereby by reason of which this Defendant would not be liable to the Plaintiffs in any sum whatsoever.

75.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs sustained any injuries or damages as alleged in the First Amended Complaint, which is denied, then the same were due to and caused solely by the negligence of the Plaintiff and her negligence was the sole and proximate cause of any injuries or damages the Plaintiff may have sustained.

76.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs used any product of this

10

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendant, the Plaintiffs failed to properly use the product in question and abused the product or products in question, thereby subjecting the same to abnormal use at time or times alleged in the First Amended Complaint, thereby rendering their conduct or misconduct in the use of said products, the sole and proximate cause or intervening or superseding cause of the Plaintiffs' alleged injuries or damages.

77.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs sustained any injuries or damages as set forth in this First Amended Complaint, which is emphatically denied, the same were due to and caused solely by the acts or omissions of recklessness, willfulness and negligence of the Employer(s) of Plaintiffs and the acts or omissions of recklessness, negligence, willfulness or wantonness on the part of the Employer(s) of the Plaintiffs were the sole and proximate cause of the injuries and damages of the Plaintiffs.

78.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs' cause of action for implied warranty is barred by Plaintiffs' failure to give this Defendant notice of the events alleged and the cause of action, of which this Defendant had no knowledge, and additionally fails to state a claim upon which relief can be granted.

79.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if any implied warranties were made by it, said warranties were effectively excluded in situations which its products were used and applied improperly and contrary to instructions, and that any hazard resulting there from was caused by such improper use and applications so as to exclude any recovery for such damages under any implied warranty.

11

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

80.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs were not in privity with this Defendant and, therefore, may not recover upon any alleged breach of alleged implied warranty.

81.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs did not notify this Defendant within a reasonable period of time after they discovered or should have discovered the alleged defect in its products, and, therefore, Plaintiffs are barred from recovery.

82.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the claims set forth in the First Amended Complaint are barred by the applicable statutes of limitation.

83.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that in the event it is determined any product developed, manufactured, distributed or sold by this Defendant was dangerous, which danger is specifically denied, this Defendant was unaware of such danger as it would apply in any conceivable use of its product by Plaintiffs; furthermore, the discovery of such danger was beyond the state of the art at the time such product or products were manufactured, distributed or sold. Further, such products were manufactured, distributed and sold in conformity with the state of the art and/or prevailing industry's standards at that time.

84.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs were exposed to any of its products, said products at the time were manufactured in conformity with Federal and State regulations, standards, specifications and laws.  Consequently, recovery by the Plaintiffs is herein barred.

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

85.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any asbestos-containing products manufactured and sold by this Defendant which give rise to Plaintiffs' claim herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government and/or its agencies.  This knowledge of the United States Government and its agencies of any possible health hazard from use of such products was equal or superior to that of this Defendant, and by reason therefore, this Defendant is entitled to such immunity from liability as it exists in favor of the United States Government or its agencies.

86.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs' claims in this lawsuit are barred because of Plaintiffs' failure to join necessary and indispensable parties.

87.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that its alleged negligent conduct, which is denied, was not such conduct as would entitle the Plaintiffs to an award of exemplary or punitive damages against this Defendant.

88.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs prove injury, which Defendant specifically denies, any causal connection between this Defendant and such injury is too remote, indefinite and speculative to serve as the basis of recovery against this Defendant.

89.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that Plaintiffs' exposure to the product of this Defendant, if any, was minimal, *de minimis* and insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage or loss to Plaintiffs.

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

90.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that although this Defendant denies all allegations of the First Amended Complaint with regard to culpability on its part, this Defendant asserts that if any of its products were unsafe for the use for which they were intended, which is also strenuously denied, that condition was unavoidable and was apparent to Plaintiffs and her Employer and Plaintiffs and Employer had been given adequate warning of said condition, or should have been aware of said condition owing to their knowledge and experience in their field of endeavor.  Accordingly, Plaintiffs are precluded from recovery from this Defendant by South Carolina Code of Laws, §15-73-20 (1976), as amended.

91.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the absence of warnings on any product of this Defendant did not lead to reasonable reliance by Plaintiffs on the safety of any such product.

92.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any injury to the Plaintiffs was attributable to an unavoidable accident, as that term is known in the law or, in the alternative, was caused by the acts or omissions of third parties, firms or corporations, who by instrumentalities which are in no way connected with this Defendant and for which this Defendant should not be held legally responsible.

93.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs have failed to mitigate their damages.

94.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that there was no consort of action between

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

this Defendant and any of the other Defendants, therefore, the Defendants are not joint tortfeasors and this Defendant may not be held jointly and severally liable with the other Defendants.

95.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the Plaintiffs' exclusive remedy and right to recover is under the applicable State or Federal workers' compensation laws because the alleged injuries of the Plaintiffs occurred during the course and scope of his employment.  The Plaintiffs have no right to prosecute or maintain this action.

96.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that this Defendant did not participate in any of the activities for which Plaintiffs assert that punitive damages may be assessed.

97.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that this Defendant would show that some or all of the Plaintiffs' alleged injuries and damages were proximately caused or contributed to by persons or entities other than this Defendant and over whom this Defendant had no control or duty to control.

98.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, this Defendant would show that if Plaintiffs sustained any injury or damage as set forth in the First Amended Complaint, which is denied, the same were due and proximately caused on occasions solely by the acts, and/or omissions of recklessness, willfulness and negligence of the Plaintiff's labor union, and that the facts and/or omissions of recklessness, negligence, willfulness and wantonness upon the part of the Plaintiff's labor union where the sole proximate cause of the Plaintiff's injury and damage, and, therefore, he may not recover herein.

99.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that it would show that this Defendant was

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

under no legal duty to warn the Plaintiffs of any alleged hazards from use of any of the products containing asbestos.  This Defendant further asserts the actual purchaser, the government, Plaintiffs' Employer (a sophisticated Employer), and/or Plaintiffs' union were in a far better position to warn Plaintiffs and, if any such warning was legally required, which is denied, its failure to warn was an intervening, superseding or insulating proximate cause of Plaintiffs' injuries, if any.

100.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if it acted or failed to act as alleged in the First Amended Complaint, which is denied, there were separate or intervening acts or failure to act on the part of persons or entities other than this Defendant, which were the sole proximate cause of Plaintiffs' alleged injuries; therefore, Plaintiffs cannot recover from this Defendant.

101.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that it would show that if the Plaintiffs were exposed to any asbestos-containing products for which this Defendant may legally be responsible, which is denied, such products were provided by Defendant pursuant to specifications prepared by parties other than this Defendant.

102.    **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that any injuries or damages sustained by the Plaintiffs were due to and caused by the suppliers of the raw materials to this Defendant, since all portions of this Defendant's products containing asbestos were supplied by others, and these suppliers never advised this Defendant that warnings should go on the products of this Defendant, therefore, the negligence, carelessness, recklessness, and breach of implied warranties, if any, by such asbestos suppliers was a direct and proximate cause of any damages the Plaintiffs may have sustained and, therefore, this Defendant is not liable in any sum whatsoever.

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

103.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that if the Plaintiffs in fact used this Defendant's products, and if these products caused a hazard, which is expressly denied, these products were installed improperly, either by improper mixing or use in an inappropriate place or manner contrary to express instructions of this Defendant which is the sole, direct and proximate cause of any injuries or damages, and, therefore, the intervening actions or inactions of others relieve this Defendant of any liability, by reason for which the Defendant is not liable to the Plaintiffs.

104.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that subsequent to the manufacturer delivering to the job site a product which may have been used by the Plaintiffs, if any, such product was altered or modified in physical characteristics or physical changes, some of which were directly related to the activity being conducted by the Plaintiffs, in it by reason of the alterations, modifications and physical changes after the product left this Defendants hands, this Defendant is relieved from any liability, by reason of which this Defendant is not liable to the Plaintiffs in any sum whatsoever.

105.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that to the extent that the Plaintiffs seek double recovery under the various causes of actions for any alleged single wrong, they must elect their remedy.

106.     **FURTHER ANSWERING SAID PLEADING AND AS AN AFFIRMATIVE DEFENSE THERETO**, Defendant alleges and says that the spouse's claim for alleged loss of consortium is an improperly joined cause of action and this cause of action and/or the First Amended Complaint should be dismissed.

107.     **FURTHER ANSWERING THE PLEADING AND AS AN ADDITIONAL DEFENSE THERETO**, Defendant alleges and says that this action is precluded by the South Carolina Door Closing Statute and, therefore, must be dismissed.

108.     **FURTHER ANSWERING THE PLEADING AND AS AN ADDITIONAL DEFENSE THERETO**, Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(2) based on lack of personal jurisdiction.

109.     **FURTHER ANSWERING THE PLEADING AND AS AN ADDITIONAL DEFENSE THERETO**, Defendant asserts that some or all of the claims against it are barred by applicable statute of limitations.

110.     **FURTHER ANSWERING THE PLEADING AND AS AN ADDITIONAL DEFENSE THERETO**, pursuant to S.C. Code Ann. § 15-32-520, Defendant hereby requests trial bifurcation on the issues of actual damages and punitive damages.  To the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations on damages, and other privileges contained in S.C. Code Ann. §§ 15-32-520 and 15-32-530 as if fully stated herein verbatim

**WHEREFORE** having fully answered Plaintiffs' First Amended Pleading, this Defendant prays that the same be dismissed and the Plaintiffs assessed with the costs and fees related to defending this matter and such other and further relief as this Honorable Court may deem just and proper.

*Signature Page Following*

18

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 22 1:29 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

    _s/James H. Elliott, Jr._
James H. Elliott, Jr. (SC Bar 13620)
Cameron D. Berthelsen (SC Bar 104849)
235 Magrath Darby Blvd., Ste. 100
Mt. Pleasant, SC 29464
Tele: 843-805-6550
Fax: 843-805-6599
jelliott@richardsonplowden.com
cberthelsen@richardsonplowden.com

***Attorneys for Dollar General Corporation***

April 22, 2022
Mount Pleasant, South Carolina

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | Civil Action No. 2022-CP-40-01265 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ANSWER OF** |
| | ) | **DEFENDANT CHATTEM, INC.** |
| Avon Products, Inc., et al., | ) | |
| | ) | (Jury Trial Demanded) |
| Defendants. | ) | |
| | ) | |

Defendant Chattem, Inc.("Chattem"), answers the Plaintiffs' Complaint as follows:

### FOR A FIRST DEFENSE TO ALL CAUSES OF ACTION

1.      This Court lacks jurisdiction over Chattem and the Plaintiffs' Complaint should, therefore, be dismissed pursuant to Rule 12(b)(2), SCRCP.

### FOR A SECOND DEFENSE TO ALL CAUSES OF ACTION

2.      Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Chattem and should, therefore, be dismissed pursuant to Rule 12(b)(6), SCRCP.

### FOR A THIRD DEFENSE TO ALL CAUSES OF ACTION

3.      Chattem denies each and every allegation of the Plaintiffs' Complaint which is not hereinafter specifically admitted, modified, or explained.

### ANSWERING "PLAINTIFFS' ORIGINAL COMPLAINT"

4.      The introductory, unnumbered paragraph of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in the introductory, unnumbered paragraph of the Plaintiffs'

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Complaint.

## ANSWERING "GENERAL ALLEGATIONS"

5.    The first-appearing Paragraph 1 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in the first-appearing Paragraph 1 of the Plaintiffs' Complaint.

6.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in the first-appearing Paragraph 2 of the Plaintiffs' Complaint, including all subparagraphs, and specifically objects to Plaintiffs' attempt to provide conclusions of law in an effort to dictate the jurisdiction of this matter. To the extent that they relate to other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

7.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in the second-appearing Paragraphs 1 and 2 and Paragraphs 3 through and including 14, including all subparagraphs, of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

8.    Paragraph 15 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 15 of the Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

9.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 16 through and including 21 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING "THE PARTIES"

10.     Paragraph 22 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.   To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

11.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

12.     Paragraphs 24 through and including 32 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 24 through and including 32 of the Plaintiffs' Complaint.

13.     In response to Paragraph 33 of the Plaintiffs' Complaint, Chattem admits only that it is incorporated under the laws of the State of Tennessee and that is maintains its principal place of business in New Jersey.  Chattem denies the remaining allegations of Paragraph 33 of the Plaintiffs' Complaint and specifically denies that its

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

products ever contained asbestos.

14.     Paragraphs 34 through and including 70 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 34 through and including 70 of the Plaintiffs' Complaint.

## ANSWERING "BACKGROUND FACTS"

15.     Paragraphs 71 and 72 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 71 and 72 of the Plaintiffs' Complaint.

16.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 73 through and including 78 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  Chattem also denies that it manufactures any materials used in ceramic arts. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

17.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 79 through and including 83 of the Plaintiffs' Complaint and specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## ANSWERING THE "FIRST CAUSE OF ACTION"

18.     In response to Paragraph 84, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph (Paragraphs 1-2 and 1-83) of the Plaintiffs' Complaint.

19.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 85 through and including 90 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous and that it was a successor to any entity.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

20.     Paragraph 91 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 91 of the Plaintiffs' Complaint.

21.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 92 through and including 99 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "SECOND CAUSE OF ACTION"

22.     In response to Paragraph 100, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(Paragraphs 1-2 and 1-99) of the Plaintiffs' Complaint.

23.    Paragraph 101 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.   To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 101 of the Plaintiffs' Complaint.

24.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 102 through and including 116 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING THE "THIRD CAUSE OF ACTION"

25.    In response to Paragraph 117, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph (Paragraphs 1-2 and 1-116) of the Plaintiffs' Complaint.

26.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 118, 119, and 120 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING THE "FOURTH CAUSE OF ACTION"

27.    In response Paragraph 121, Chattem repeats, realleges, and incorporates by reference its response to all paragraphs preceding this Paragraph (Paragraphs 1-2

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and 1-120) of the Plaintiffs' Complaint.

28.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 122, 123, and 124 of the Plaintiffs' Complaint and specifically denies that any implied warranty was made, breached or that any alleged breach of implied warranty resulted in any damage to the Plaintiffs.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "FIFTH CAUSE OF ACTION"

29.     In response Paragraph 125, Chattem repeats, realleges, and incorporates by reference its response to all paragraphs preceding this Paragraph (Paragraphs 1-2 and 1-124) of the Plaintiffs' Complaint.

30.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 126, 127, and 128 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "SIXTH CAUSE OF ACTION"

31.     In response to Paragraph 129, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph (Paragraphs 1-2 and 1-128) of the Plaintiffs' Complaint.

32.     To the extent they relate to Chattem or its products, Chattem denies the

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

allegations contained in Paragraphs 130 through and including 135 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

33.    Paragraph 136 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 136 of the Plaintiffs' Complaint.

34.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 137 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

35.    Paragraph 138 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 138 of the Plaintiffs' Complaint.

36.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 139, 140, 141, and 142 of the Plaintiffs' Complaint, as written. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to

8

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the truth or falsity of the allegations contained therein and therefore denies the allegations.

37.     Paragraph 143 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 143 of the Plaintiffs' Complaint.

38.     Chattem denies the allegations contained in Paragraph 144 of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.

39.     Paragraphs 145, 146 and 147 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 145 of the Plaintiffs' Complaint.

40.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 148 through and including 163 of the Plaintiffs' Complaint, as written.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

41.     Paragraph 164 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 164 of the Plaintiffs' Complaint.

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

42.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 165 through and including 170, including all subparagraphs, of the Plaintiffs' Complaint, as written.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

43.     Paragraph 171 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 171 of the Plaintiffs' Complaint.

44.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 172 through and including 178, the third-appearing Paragraphs 1 and 2, and the second-appearing Paragraphs 3, 4, 5, 6, 7, and 8, including all subparagraphs, of the Plaintiffs' Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff, third-parties, or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

45.     The second-appearing Paragraph 9 of the Plaintiffs' Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in second-appearing Paragraph 9 of the Plaintiffs' Complaint.

46.     To the extent they relate to Chattem or its products, Chattem denies the

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

allegations contained in the second-appearing Paragraph 10 of the Plaintiffs' Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.    To the extent that they relate to Plaintiff, third-parties, or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

47.    The second-appearing Paragraphs 11 through and including 20 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in the second-appearing Paragraphs 11 through and including 20 of the Plaintiffs' Complaint.

48.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in the second-appearing Paragraphs 21, 22 and 23 of the Plaintiffs' Complaint.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "SEVENTH CAUSE OF ACTION"

49.    In response to the second-appearing Paragraph 24, Chattem repeats, realleges, and incorporates by reference its responses to all paragraphs preceding this Paragraph (Paragraphs 1-2, 1-178, and 1-23) of the Plaintiffs' Complaint.

50.    The second-appearing Paragraphs 25 and 26 of the Plaintiffs' Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.    To the extent a response from Chattem is required, Chattem denies the allegations contained in the second-appearing Paragraphs 25 and 26 of the Plaintiffs'

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Complaint.

51.     To the extent they relate to Chattem, Chattem denies the allegations contained in the second-appearing Paragraph 27 of the Plaintiffs' Complaint.  To the extent that they relate to Plaintiff or other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING THE "PRAYER FOR RELIEF"

52.     Chattem denies the Plaintiffs' prayer for relief.

### FOR A FIRST AFFIRMATIVE DEFENSE[1]

53.     Plaintiffs' Complaint fails to state a cause of action against Chattem upon which relief may be granted and should, therefore, be dismissed.

### FOR A SECOND AFFIRMATIVE DEFENSE

54.     This Court lacks jurisdiction over the subject matter of this action.

### FOR A THIRD AFFIRMATIVE DEFENSE

55.     This Court lacks personal jurisdiction over Chattem with respect to each and every claim asserted in the Complaint.

### FOR A FOURTH AFFIRMATIVE DEFENSE

56.     This Court is an improper venue with respect to Chattem.

### FOR A FIFTH AFFIRMATIVE DEFENSE

57.     This Court is considered a *forum non conveniens* for Chattem with respect to the claims asserted in the Complaint.

### FOR A SIXTH AFFIRMATIVE DEFENSE

58.     There is no justiciable issue or controversy.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

59.    The damages allegedly sustained by the Plaintiffs was caused, in whole or in part, by the negligence or other culpable conduct of the Plaintiffs, their family members, and/or other Defendants and/or other persons or instrumentalities over which Chattem had no control and with whom it had no legal relationship. Such conduct constituted a supervening cause of Plaintiffs' alleged injuries.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**

60.    Plaintiffs' causes of action are barred or limited by reason of the culpable conduct attributable to the Plaintiffs, including contributory negligence and assumption of the risk.

**FOR A NINTH AFFIRMATIVE DEFENSE**

61.    The damages allegedly sustained by Plaintiffs are wholly or partially caused by other and independent means, including, *inter alia*, the operation of nature, conduct and habits of Plaintiffs, Plaintiffs' exposure to other particulates in the environment, and/or a pre-existing medical, genetic, or environmental condition, disease, or illness of Plaintiffs'.

**FOR A TENTH AFFIRMATIVE DEFENSE**

62.    Plaintiffs caused and/or contributed to Plaintiffs' alleged injuries and damages, in whole or in part, by exposure to, or the use of, tobacco products and/or other substances, products, medications, or drugs.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

63.    Any damages allegedly sustained by the Plaintiffs were the actual and proximate result of the unforeseen and/or unforeseeable negligent, grossly negligent,

---

[1] Chattem asserts the following defenses without admitting or conceding that it bears the burden of proof

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

wanton or reckless omission or conduct of third parties or superseding parties.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

64.    At all times and places mentioned in the Complaint, if Chattem's products were used, they were used by the Plaintiffs and/or other persons in an unreasonable manner, not reasonably foreseeable to Chattem, and for a purpose for which the products were not intended, manufactured, labeled, or designed. Plaintiffs' injuries and damages, if any, were directly and proximately caused by said misuse and abuse, rather than any defect in the design, manufacture, production, installation, testing, labeling, marketing, distribution, sale, or inspection of the product by Chattem. Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the Plaintiffs and/or such other parties and persons.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

65.    The damages allegedly sustained by the Plaintiffs, which allegedly arose from a product attributable to Chattem, were caused by the alteration, redesign, modification, misuse, and/or improper maintenance or handling of the product by Plaintiffs or other persons or instrumentality other than Chattem, rather than any defect in the design, manufacture, production, installation, testing, labeling, marketing, distribution, sale, or inspection of the product by Chattem or any of its agents or other persons or entities acting at its direction or on its behalf.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE

66.    To the extent that Plaintiffs were exposed to any product containing asbestos as a result of conduct by Chattem, which is expressly denied, said exposure was *de minimis* and not a proximate or substantial contributing cause of Plaintiffs'

---

with respect to any defense.

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

alleged injuries or damages and, therefore, not actionable at law or in equity.

### FOR A FIFTEENTH AFFIRMATIVE DEFENSE

67.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations or repose.

### FOR A SIXTEENTH AFFIRMATIVE DEFENSE

68.     Plaintiffs' claims are barred, in whole or in part, and/or preempted by applicable federal law, with which Chattem complied.

### FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

69.     Chattem states that any products sold by Chattem which allegedly gave rise in whole or in part to Plaintiffs' claims or causes of action herein, were designed, manufactured, marketed, and labeled pursuant to, and in accordance with, specifications mandated by the United States Government or its agencies.   The knowledge of the United States Government and its agencies of any possible health hazards from use of such products were equal or superior to that of Chattem, and, by reason thereof, Chattem is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

70.     Chattem denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery, and/or sale, in any Chattem talc product referred to in the Plaintiffs' Complaint, but if there was any defect or negligence as alleged, then Chattem is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

### FOR A NINETEENTH AFFIRMATIVE DEFENSE

71.     Chattem is not liable for any damages allegedly sustained by Plaintiffs

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

because Plaintiffs were not in privity of contract with Chattem at any time and Chattem's product was not inherently dangerous.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE

72.    The product was not defective or dangerous at any time when Chattem had possession or control of it.

## FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

73.    Any and all implied warranties, including the warranties of merchantability and fitness for a particular purpose, were excluded at the time of the sale of the product.

## FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

74.    No implied warranties, including the warranties of merchantability and fitness for a particular purpose, were a part of the basis of the bargain in the sale of the product.

## FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

75.    The purchaser of the product and any or all third-party beneficiaries of any warranties, expressed or implied, relating to the product failed to provide notice of the alleged breaches of warranty to Chattem pursuant to the applicable provision of the Uniform Commercial Code.

## FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

76.    Oral warranties, if any, upon which Plaintiffs allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

## FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

77.    To the extent that Plaintiffs sustained injuries from the use of a product alleged to contain asbestos, which is denied, Plaintiffs, other Defendants or other parties not under the control of Chattem, misused, abused, misapplied and otherwise

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

mishandled the product alleged to be asbestos material. Therefore, damages are barred and/or the amount of damages which may be recoverable must be diminished by the proportion which said misuse, abuse, misapplication and mishandling bears to the conduct which caused the alleged damage or injury.

<strong>FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE</strong>

78.    In the event it should be established at the time of trial that all the Defendants are subject to market share liability, which it should not be, Chattem's share of such liability would be of such a *de minimis* amount as to make its responsibility and contribution for damages negligible, and Chattem would be entitled to judgment as against Plaintiffs and/or contribution, either in whole or in part, from Co-Defendants.

<strong>FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE</strong>

79.    In the event Plaintiffs recover a verdict or judgment against Chattem, then said verdict or judgment must be reduced by those amounts which have been or will replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefit programs.

<strong>FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE</strong>

80.    Chattem denies that the asbestos products alleged in Plaintiffs' Complaint are products within the meaning and scope of the Restatement of Torts Section 402A and, as such, the Complaint fails to state a cause of action in strict liability.

<strong>FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE</strong>

81.    Chattem alleges that any sales of talc products made by it were made to sophisticated users of such products, and that sale to a sophisticated user of the products bars any claim of liability against Chattem.

17

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A THIRTIETH AFFIRMATIVE DEFENSE

82.    Chattem had no knowledge or reason to know of any alleged risks associated with asbestos and/or asbestos-containing products at any time during the periods complained of by Plaintiffs.

## FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

83.    The Plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from Chattem, nor did the Plaintiffs receive or rely upon any representation or warranty allegedly made by Chattem.

## FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

84.    Exposure to asbestos fibers allegedly attributable to Chattem, if any, is so minimal as to be insufficient to establish to a reasonable degree of probability that the products are capable of causing Plaintiffs' injuries or damages and must be considered speculative as a matter of law.

## FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

85.    Some or all of the causes of action may not be maintained because of res judicata and/or collateral estoppel.

## FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

86.    If Chattem was on notice of any hazard or defect for which Plaintiffs seek relief, which Chattem denies, Plaintiffs also had such notice and are thereby barred from recovery.

## FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

87.    To the extent Plaintiffs are awarded damages, such damages must be reduced by the value of the benefit received by Plaintiffs from the use of Chattem's products.

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

88.    The claims for damages have not accrued, are purely speculative, uncertain and/or contingent, and, therefore, are not recoverable as a matter of law.

## FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

89.    Plaintiffs' claims are barred or reduced under the principles of assumption of the risk.

## FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

90.    There has been no concert of action between Chattem and any of the other named Defendants.  The Defendants are not joint tortfeasors and, therefore, Chattem may not be held jointly and severally liable with the other named Defendants.

## FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

91.    At all relevant times, the state of medical and scientific knowledge and the state of the art for the design, manufacture, marketing, and labeling of talc-containing products was such that Chattem neither knew nor should have known that any of its products presented a risk of harm to Plaintiffs.  Public policy holds that liability should not be imposed on Chattem for untold risks not known at the time of the design, manufacturing, marketing, and labeling of the product at issue.

## FOR A FORTIETH AFFIRMATIVE DEFENSE

92.    Plaintiffs' claims are barred or diminished because of Plaintiffs' failure to join necessary and indispensable parties.

## FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

93.    Chattem denies that there was any defect in the product(s) at issue or negligence or culpable conduct in the mining, processing, manufacture, design, testing, investigation, fashioning, packaging, labeling, marketing, distributing, delivery, and/or

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

sale of the product(s) at issue, but if there was any defect, negligence, or culpable conduct, as alleged, then Chattem is not liable as it reasonably and justifiably relied upon the expertise, conduct, and/or inspection by others in the regular course of trade and business.

## FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

94.    Plaintiffs failed to mitigate or otherwise act to lessen or reduce their injuries alleged in the Complaint.

## FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

95.    Plaintiffs' claims for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

## FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

96.    Plaintiffs' claims in the Complaint, and each count thereof, that seek exemplary or punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the Constitution of the United States, and such damages would further violate Chattem's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 and other applicable provisions of the Constitution of the State of South Carolina, and any other state's law which may be applicable.  The Fifth and Sixth Amendments of the United States Constitution and the applicable provisions of the South Carolina Constitution are violated because Chattem cannot exercise all of the constitutional and statutory rights which must be accorded to a party who is subject to the imposition of a criminal penalty in the form of punitive damages.

The imposition of punitive or aggravated damages in this case based upon evidence of Chattem's wealth or financial status would violate the Due Process Clauses

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of the Fifth and Fourteenth Amendments to the United State Constitution. The Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the applicable provisions of the South Carolina Constitution are violated because the imposition of punitive damages discriminates against Chattem on the basis of wealth in that greater amounts of punitive damages for the identical conduct may be awarded against some Defendants who have more economic wealth than other Defendants.

The imposition of punitive or aggravated damages in this case based on conduct that did not harm Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution. The imposition of punitive or aggravated damages in this case based on conduct different from the conduct that allegedly harm Plaintiffs would also violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution. The Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the applicable provisions of the South Carolina Constitution are violated because no protection is afforded to Chattem against multiple punitive damages awards to different Plaintiffs seeking to impose punitive damages for the same conduct.

Plaintiffs' claims for punitive damages violate Chattem's right of access to the Courts guaranteed by the Seventh and Fourteenth Amendments in that the threat of an award of unlimited punitive damages chills Chattem exercise of that right.

The imposition of punitive or aggravated damages in this case would violate the Ex Post Facto Clause of the South Carolina Constitution and would impair Chattem's right to contract, of access to the Courts, and would constitute an uncertain remedy, all

in contravention of rights secured for Chattem by the Constitution of the State of South Carolina, Article 1, Section 4.

South Carolina's procedural and substantive law on punitive damages conflicts with the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306 (1991); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003).

The procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip,* 499 U.S. 1306 (1991); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), the Commerce Clause of the United States Constitution, and the applicable provisions of the South Carolina Constitution are violated in the following ways:

a) punitive damages can be awarded against Chattem that are disproportionate and have no reasonable relationship to the actual or compensatory damages award, the injury and expenses in connection with which they are awarded, Chattem's conduct, mental state or the degree of reprehensibility of Chattem's conduct also permits an award of punitive damages that are disproportionate to the civil penalties, if any, authorized or imposed in similar cases;

b) there are no adequate and objective procedures and standards or instructions that guide trial and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages and no adequate standards and procedures to guide the rial and appellate courts in reviewing

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

an excessive award of punitive damages;

c)  the jury or fact finder is permitted to consider the net worth and "ability to pay" of Chattem in determining the amount of an award of punitive damages;

d)  the jury or fact finder is permitted to consider Chattem's conduct outside the State of South Carolina and earnings received from conduct outside the State of South Carolina in determining the amount of an award of punitive damages; and the conduct, acts, omissions or standards that a jury or fact finder is permitted to consider in determining the amount of an award of punitive damages is not defined with sufficient precision to reasonably notify Chattem in advance of that conduct which will give rise to the imposition of punishment in the form of punitive damages.

### FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

97.     Under the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. §15-38-15 (2005), the damages for which Plaintiffs seek recovery against Chattem are limited to the percentage of fault, if any, attributable to the conduct of Chattem.

### FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

98.     Multiple awards of punitive damages against Chattem would violate Article 1, Section 19 of the Constitution of the State of South Carolina, the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution, the common law of the State of South Carolina, and any other state's law which may be applicable.

### FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

99.     At all times relevant to this litigation, Chattem complied with all applicable law, regulations and standards.

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

100.   Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and laches.

## FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

101.   At all times relevant to this litigation, Chattem and its agents, servants, employees, representatives, and/or others acting on its behalf or at its request – including miners, millers, manufacturers, suppliers, or other persons – utilized proper methods in the conduct of operations, in conformity with the available knowledge and research of the scientific, medical, and industrial communities and existing state of the art.

## FOR A FIFTIETH AFFIRMATIVE DEFENSE

102.   Plaintiffs' recoverable damages, if any, should be reduced, offset, or barred by the contributory or comparative negligence, fault, responsibility, or causation attributable to Plaintiffs or to some third party and/or non-party other than Chattem.

## FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

103.   In the event Plaintiffs have already entered, or enters in the future, into any settlement or compromise with, or execute any release of, any present or future Defendant, Third-Party Defendant or any non-party, for any of the Plaintiffs' alleged injuries and damages, Chattem is entitled to a credit or set-off of:  (a) the amount of consideration to be received by Plaintiffs in such settlement or for such release; and (b) the proportionate or pro rata share of liability of the settling or released party or non-party.

## FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE

104.   Some or all of the causes of action may not be maintained because of

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

arbitration and award.

## FOR A FIFTY-THIRD AFFIRMATIVE DEFENSE

105.    Some or all of the causes of action may not be maintained because of discharge in bankruptcy.

## FOR A FIFTY-FOURTH AFFIRMATIVE DEFENSE

106.    Some or all of the causes of action may not be maintained because of release, payment, settlement, accord and satisfaction, or another compromise of the claims.

## FOR A FIFTY-FIFTH AFFIRMATIVE DEFENSE

107.    Plaintiffs' claims are preempted, expressly and/or impliedly, by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*.

## FOR A FIFTY-SIXTH AFFIRMATIVE DEFENSE

108.    Plaintiffs' claims are preempted to the extent they are premised upon an alleged violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq*., because there is no private right of action under the FDCA.

## FOR A FIFTY-SEVENTH AFFIRMATIVE DEFENSE

109.    Plaintiffs' claims are preempted under Article VI of the U.S. Constitution to the extent they propose to impose any obligation on Defendants that is different from, or in addition to, any requirement applicable under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*., or conflict with and/or serve as an obstacle to the enforcement of the laws, regulations, and policies promulgated by the FDA or other federal agencies, as authorized by Acts of Congress.

## FOR A FIFTY-EIGHTH AFFIRMATIVE DEFENSE

110.    Plaintiffs' claims are barred by the doctrine of primary jurisdiction and the

ELECTRONICALLY FILED - 2022 Apr 26 1:35 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

primary jurisdiction of the FDA over the issues raised in the Complaint.

## FOR A FIFTY-NINTH AFFIRMATIVE DEFENSE

111.    Chattem reserves the right to assert all other defenses available to it under law at the time of trial and reserve the right to amend this Answer to include additional defenses that discovery may reveal to appropriate.

## FOR A SIXTIETH AFFIRMATIVE DEFENSE

112.    All defenses which have been or will be asserted by other Defendants and/or any Third-Party Defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to Plaintiffs' Complaint. In addition, Chattem will rely upon any and all other additional defenses which become available or appear during discovery and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

Defendant Chattem, Inc. prays that Plaintiffs take nothing in this cause and that it recover its costs incurred herein.  This Defendant prays for such other and further relief, both general and special, legal or equitable, to which it may be justly entitled.

RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400


*s/ R. Wilder Harte*
Steven J. Pugh (SC Bar #14341)
spugh@richardsonplowden.com
R. Wilder Harte (SC Bar #101228)
wharte@richardsonplowden.com
Megan C. White (SC Bar #101895)
mwhite@richardsonplowden.com

ATTORNEYS FOR DEFENDANT CHATTEM, INC.

April 26, 2022

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| SARAH J. PLANT and PARKER PLANT | ) | CASE NO. 2022CP4001265 |
| | ) | |
| Plaintiffs, | ) | **ANSWER OF RITE AID OF SOUTH** |
| | ) | **CAROLINA, INC.** |
| v. | ) | |
| | ) | |
| AVON PRODUCTS, INC., ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Defendant Rite Aid of South Carolina, Inc. (hereinafter "Defendant"), by and through its undersigned counsel, answers Plaintiffs' Amended Complaint as follows:

## FOR A FIRST DEFENSE BY WAY OF ANSWER

1.      Except as expressly admitted herein, each and every allegation contained in Plaintiffs' Amended Complaint is denied.

2.      Defendant denies the first un-numbered paragraph of Plaintiffs' Amended Complaint.

3.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint and therefore denies the same.

4.      Paragraph 2 of the Amended Complaint contains only legal conclusions requiring no response of Defendant.  To the extent a response is required, they are denied as stated.

5.      Defendant denies the allegations to the extent directed to or against Defendant in Paragraphs 3, 4, and 5 of the Amended Complaint. Regarding the allegations directed to or against parties other than Defendant, Defendant lacks knowledge and information sufficient to form a

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof.

6.    Defendant denies the allegations to the extent directed to or against Defendant in Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 of the Amended Complaint. Regarding the allegations directed to or against parties other than Defendant, Defendant lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof.

7.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 19, 20, 21, 22, and 23 of the Amended Complaint and therefore denies the same and demands strict proof thereof.

8.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, and 65 of the Amended Complaint and therefore denies the same and demands strict proof thereof.

9.    In response to Paragraph 66 of the Amended Complaint, Defendant admits only so much as can be construed to allege that Defendant is incorporated under the laws of the State of South Carolina, has its principal place of business in Pennsylvania, and has at certain times conducted business in the State of South Carolina.  The remaining allegations of said paragraph are denied.

10.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 67, 68, 69, 70, 71, 72, 73, 74, 75, and 76 of the Amended Complaint and therefore denies the same and demands strict proof thereof.

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

11.     Defendant denies the allegations contained in Paragraph 77 of the Amended Complaint.

12.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 78, 79, 80, 81, 82, and 83 of the Amended Complaint and therefore denies the same and demands strict proof thereof.

13.     Defendant denies the allegations contained in Paragraph 84 to the extent directed to Defendant.  To the extent they are directed to other defendants, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

14.     Defendant denies the allegations contained in Paragraphs 85, 86, 87, 88, and 89 of the Amended Complaint and demands strict proof thereof

15.     In response to Paragraph 90 of the Amended Complaint, Defendant reasserts its responses hereinabove as if fully set forth here verbatim.

16.     Defendant denies the allegations contained in Paragraphs 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, and 105 of the Amended Complaint to the extent directed to Defendant.  To the extent they are directed to other defendants, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

17.     In response to Paragraph 106 of the Amended Complaint, Defendant reasserts its responses hereinabove as if fully set forth here verbatim.

18.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Amended Complaint and therefore denies the same and demands strict proof thereof.

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

19.     Defendant denies the allegations contained in Paragraphs 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, and 122 of the Amended Complaint to the extent they are directed to Defendant.  To the extent such allegations are directed to other defendants, Defendant lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof.

20.     In response to Paragraph 123 of the Amended Complaint, Defendant reasserts its responses hereinabove as if fully set forth here verbatim.

21.     Defendant denies the allegations contained in Paragraphs 124, 125, and 126 of the Amended Complaint to the extent they are directed to Defendant.  To the extent such allegations are directed to other defendants, Defendant lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof.

22.     In response to Paragraph 127 of the Amended Complaint, Defendant reasserts its responses hereinabove as if fully set forth here verbatim.

23.     Defendant denies the allegations contained in Paragraphs 128, 129, and 130 of the Amended Complaint to the extent they are directed to Defendant.  To the extent such allegations are directed to other defendants, Defendant lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof.

24.     In response to Paragraph 131 of the Amended Complaint, Defendant reasserts its responses hereinabove as if fully set forth here verbatim.

25.     Defendant denies the allegations contained in Paragraphs 132, 133, and 134 of the Amended Complaint to the extent they are directed to Defendant.  To the extent such allegations

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

are directed to other defendants, Defendant lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof.

26.     In response to Paragraph 135 of the Amended Complaint, Defendant reasserts its responses hereinabove as if fully set forth here verbatim.

27.     Defendant denies the allegations contained in Paragraphs 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, and 207 of the Amended Complaint to the extent they are directed to Defendant.  To the extent such allegations are directed to other defendants, Defendant lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof.

28.     In response to Paragraph 208 of the Amended Complaint, Defendant reasserts its responses hereinabove as if fully set forth here verbatim.

29.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 209 and 210 of the Amended Complaint and therefore denies the same.

30.     Defendant denies the allegations contained in Paragraph 211 of the Amended Complaint to the extent they are directed to Defendant.  To the extent such allegations are directed to other defendants, Defendant lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore denies the same and demands strict proof thereof.

31.     Further answering the Amended Complaint, and by way of affirmative defenses,

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendant would allege and show unto the Court, as follows:

## FOR A SECOND DEFENSE

32.    The Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant and, therefore, should be dismissed, in whole or in part, pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE

33.    Defendant denies that it designed, manufactured, delivered, sold, or otherwise placed into the stream of commerce any talc products or materials which could have caused Plaintiffs to be exposed to asbestos. Nonetheless, insofar as the Amended Complaint may be construed to allege product liability claims against Defendant on any theory, Defendant avers that any such talc products or materials, and any conduct of this Defendant were in conformity with the state of the art in science, medicine, and technology, and prevailing regulations, industry standards, customs, and practices at all times material to Plaintiffs' claims.  Defendant further avers that the state of medical, scientific, and technological knowledge at all times material to Plaintiffs' claims was such that Defendant neither knew, nor could reasonably have known of the risks alleged in the Amended Complaint, which are denied. Therefore, Defendant is not liable to Plaintiffs.

## FOR A FOURTH DEFENSE

34.    Plaintiffs' Amended Complaint should be dismissed for its failure to comply with the requirements of Section 44-135-10 et seq., of the South Carolina Code, also known as the "Asbestos and Silica Claims Procedure Act of 2006", as Plaintiffs have failed to make the *prima facie* showing required by the Act.

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**FOR A FIFTH DEFENSE**

35.     Plaintiffs may not have standing to bring this claim pursuant to Section 15-5-150 of the South Carolina Code, also referred to as South Carolina's Door Closing Statute.

**FOR A SIXTH DEFENSE**

36.     There are no allegations against Defendant stated with sufficient particularity to constitute a cause of action for fraud, fraudulent concealment, concert of action, conspiracy or the like which would meet the requirement of Rule 9(b) of the South Carolina Rules of Civil Procedure.

**FOR A SEVENTH DEFENSE**

37.     Under the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. §15-38-15 (2005), the damages for which Plaintiffs seek recovery against Defendant are limited to the percentage of fault, which is denied, attributable to the conduct of Defendant.

**FOR AN EIGHTH DEFENSE**

38.     Defendant is entitled to a set-off from any and all sums recovered by or on behalf of Plaintiffs by way of any settlement, judgment, claim, or otherwise which were or are entered into or received by Plaintiffs from any party or non-party to this action.

**FOR A NINTH DEFENSE**

39.     Plaintiffs failed to exercise ordinary care for Plaintiffs' own protection, or were otherwise contributorily and/or comparatively negligent, and such failure occasioned some or all of the alleged injury and damage to Plaintiffs, if any, and therefore Plaintiffs' claims are barred or are reduced by such comparative fault (or by contributory negligence if such conduct occurred before South Carolina adopted the doctrine of modified comparative fault).

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A TENTH DEFENSE

40.     Defendant pleads any and all applicable rights and protections afforded to it under the South Carolina Fairness in Civil Justice Act of 2011, codified at South Carolina Code Annotated Sections 15-32-510 to 15-32-540, as a defense to Plaintiffs' claims and/or request for an award of punitive damages, including, but not limited to, any and all limitations and/or reductions to punitive damages (which are expressly denied).

## FOR AN ELEVENTH DEFENSE

41.     To the extent Plaintiffs are seeking punitive damages, which Defendant denies, Defendant asserts the full protections afforded by the United States Constitution and South Carolina Constitution, as well as the holding of State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408 (2003), to limit or bar any such damages claimed.

## FOR A TWELFTH DEFENSE

42.     Plaintiffs' claims for punitive damages is barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and comparable provisions of the South Carolina Constitution.

## FOR A THIRTEENTH DEFENSE

43.     That any claim by Plaintiffs for punitive damages under strict liability or breach of warranty causes of actions are precluded by South Carolina law.

## FOR A FOURTEENTH DEFENSE

44.     Defendant denies that it designed, manufactured, sold, or otherwise placed into the stream of commerce any talc products or materials which could have caused Plaintiffs to be exposed to asbestos. Nonetheless, insofar as the Amended Complaint may be construed to allege product liability claims against Defendant on a theory of strict liability, Defendant avers all

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

defenses that are, or may become available to it under Restatement (Third) of Torts, §402A and the comments thereto, as codified by S.C. Code Ann. § 15-73-30.

## FOR A FIFTEENTH DEFENSE

45.    Any exposure of Plaintiffs to talc products or materials for which this Defendant is alleged to be liable (which is denied) was so minimal as to be insufficient to establish a reasonable degree of certainty or probability that the injuries and damages complained of resulted from any exposure to, or defects from, said talc products or materials.

## FOR A SIXTEENTH DEFENSE

46.    Defendant gave no express warrantees and breached no express or implied or other alleged warranties.

## FOR A SEVENTEENTH DEFENSE

47.    Any oral warranties upon which Plaintiffs allegedly relied are unavailable as violative of the provisions of the applicable Status of Frauds.

## FOR AN EIGHTEENTH DEFENSE

48.    No alleged implied warranties, including the warranties of merchantability and fitness for a particular purpose, became a part of the basis of the bargain in any alleged sale by Defendant.

## FOR A NINETEENTH DEFENSE

49.    The damages alleged in the Amended Complaint are not recoverable under an express warranty theory.

## FOR A TWENTIETH DEFENSE

50.    Defendant denies that it gave, made, or otherwise extended any warranties, whether express or implied, upon which Plaintiffs have a right to rely.

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A TWENTY-FIRST DEFENSE

51.     If Plaintiffs used the products or materials allegedly supplied or sold by Defendant (which is denied), the same was used for a purpose not intended by Defendant and contrary to any instructions or normal method using the same in which such a way as to constitute Plaintiffs' conduct by omission and commission as the sole proximate cause or intervening or superseding cause of Plaintiffs' alleged damages.

## FOR A TWENTY-SECOND DEFENSE

52.     Plaintiffs failed to properly use the talc products or materials in question and/or abuse the product or materials and/or subjected them to abnormal use at the time or times and places alleged in the Amended Complaint, thereby rendering Plaintiffs' conduct or misconduct the sole proximate cause of an interviewing or superseding cause of Plaintiffs' alleged damages.

## FOR A TWENTY-THIRD DEFENSE

53.     If Plaintiffs were injured by any talc products or materials supplied or sold by Defendant, which is denied, Plaintiffs discovered any defect in the talc products or materials and were aware of the dangers thereof, but nevertheless proceeded unreasonably to make use of the same, and is therefore barred from recovery by South Carolina Code of Laws Section 15-73-20 (1976).

## FOR A TWENTY-FOURTH DEFENSE

54.     Defendant denies any and all liability to the extent that Plaintiffs assert Defendant's alleged liability as a successor, successor in business, successor in product line, assignee, predecessor, predecessor in business, predecessor in product line, parent, alter ego, subsidiary, or other derivative status as a theory of liability.

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

### FOR A TWENTY-FIFTH DEFENSE

55.    There was no concert of action between Defendant and any other defendants herein, therefore, Defendant is not a joint tort-feasor and Defendant may not be held jointly and severally liable with other the defendants.

### FOR A TWENTY-SIXTH DEFENSE

56.    If Plaintiffs suffered any injuries or damages (which is denied), the proximate cause of said injuries and damages was the negligence, recklessness, willfulness, and wantonness of persons or entities other than Defendant, over whom Defendant had no control, and therefore, Defendant is not liable for any such injuries or damages.

### FOR A TWENTY-SEVENTH DEFENSE

57.    Defendant would show that no conduct by or attributable to it was the cause in fact, the proximate cause, or a substantial factor in bringing about the damages, if any, allegedly suffered by Plaintiffs.

### FOR A TWENTY-EIGHTH DEFENSE

58.    At all times alleged in the Amended Complaint, the products alleged to have caused Plaintiffs' injuries were manufactured, supplied and/or installed in compliance with and conformed to  government regulatory specifications, standards, and laws.

### FOR A TWENTY-NINTH DEFENSE

59.    Plaintiffs' claims are barred to the extent the alleged products or materials were sold to a "learned intermediary" and/or "sophisticated user" or other similar purchaser(s) and/or Defendant was a "bulk supplier."

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A THIRTIETH DEFENSE

60.     Plaintiffs may have failed to mitigate or otherwise act to lessen or reduce the damages alleged.

## FOR A THIRTY-FIRST DEFENSE

61.     Plaintiffs' claims are reduced or eliminated by the "Limitation of Cumulative Successor Asbestos-Related Liabilities of Corporation" appearing at South Carolina Code § 15-81-140 et seq. and similar or related provisions of the common law, statutes, and regulations of South Carolina law or the law of any other state that may be applicable.

## FOR A THIRTY-SECOND DEFENSE

62.     Each and every count of Plaintiffs' Amended Complaint, to the extent the count pertains to the manufacture and sale of asbestos-containing cosmetic products, is pre-empted by the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015), in that the FDA has primary and exclusive jurisdiction over the safety of cosmetic asbestos-containing products and primary and exclusive jurisdiction to determine whether any warning must accompany cosmetic asbestos-containing products. The FDA has ruled, on multiple occasions, that cosmetic grade asbestos is a safe substance when used as intended and further ruled that manufacturers need not provide any warnings on, or in connection with the sale of, cosmetic grade asbestos-containing products.  Each and every Count of Plaintiffs' Amended Complaint, to the extent that Count pertains to cosmetic asbestos-containing products, is also pre-empted, in whole or in part, by other applicable state and/or federal statutes, rules, standards, and/or regulations.

## FOR A THIRTY-THIRD DEFENSE

63.     Each and every Count of Plaintiffs' Amended Complaint, to the extent the Count pertains to the manufacture and/or sale of asbestos-containing cosmetic products, is subject to the

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

FDA's primary jurisdiction. Consequently, each and every Count of Plaintiffs' Amended Complaint, to the extent that it pertains to asbestos-containing cosmetic products, should be dismissed or stayed pending further FDA review of whether any warning must accompany, or other restrictions be placed upon the manufacture and sale of, asbestos-containing cosmetic products. Each and every Count of Plaintiffs' Amended Complaint, to the extent the Count pertains to the manufacture and/or sale of cosmetic grade asbestos-containing products, is an unauthorized and improper attempt to enforce privately a claim under the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015).

## FOR A THIRTY-FOURTH DEFENSE

64.     Plaintiffs were not in privity with Defendant, and Plaintiffs may not rely upon any warranties which may have been implied or imposed by law upon Defendant.

## FOR A THIRTY-FIFTH DEFENSE

65.     Any injury or damages sustained by Plaintiffs were due to the intervening and superseding acts of negligence or conduct of another party or parties, as the direct and proximate cause of Plaintiffs' alleged injury or damages, and therefore Defendant is not liable to Plaintiffs.

## FOR A THIRTY-SIXTH DEFENSE

66.     Plaintiffs' claims are barred by the applicable statutes of limitations.

## FOR A THIRTY-SEVENTH DEFENSE

67.     Plaintiffs' claims are barred by the applicable statutes of repose.

## FOR A THIRTY-EIGHTH DEFENSE

68.     Plaintiffs' claims are governed by the statutes, common law, and other applicable law in force as of the time of the alleged conduct of any Defendant and of the time of the alleged exposure of Plaintiffs, if any, to any substance causing any alleged injury and damages, and as

provided by the state or states in which such matters allegedly occurred.

### FOR A THIRTY-NINTH DEFENSE

69.     Plaintiffs have failed to name and join indispensable, necessary parties, including but not limited to the actual designers, manufacturers, distributors, and retail sellers of the product or products which Plaintiffs allege were acquired, used, and caused injury and damages, and therefore this action should be dismissed pursuant to Rules 12(b)(7) and 19 of the South Carolina Rules of Civil Procedure.

### FOR A FORTIETH DEFENSE

70.     Defendant incorporates by reference any and all affirmative defenses not adverse to Defendant as have been or will be asserted by other defendants in this action as though the same were set forth full herein.

### FOR A FORTY-FIRST DEFENSE

71.     Defendant reserves the right to seek contribution and/or indemnity from any party or non-party.

### FOR A FORTY-SECOND DEFENSE

72.     Defendant reserves the right to amend this Answer as discovery proceeds.

### FOR A FORTY-THIRD DEFENSE

73.     Defendant reserves the right to move to strike from the Amended Complaint every allegation that is improperly pleaded in violation of Rule 8(a) of the South Carolina Rules of Civil Procedure.

### FOR A FORTY-FOURTH DEFENSE

74.     Venue may be improper in the Court of Common Pleas for Richland County. Defendant reserves the right to seek a change venue to a jurisdiction that is proper and/or for the

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

convenience of witnesses and the ends of justice.

### FOR A FORTY-FIFTH DEFENSE

75.    Defendant reserves the right to seek a severance of trial upon the causes action against Defendant, from any trial upon the causes of action asserted against any other defendant named, pursuant to Rule 42(b) of the South Carolina Rules of Civil Procedure.

### FOR A FORTY-SIXTH DEFENSE

76.    Plaintiff's claims are barred by the doctrine of assumption of risk.

### ANSWER TO CROSSCLAIMS

77.    Defendant, answering any and all Crossclaims which may already have been asserted or which may be asserted in the future against it by any Co-Defendants and/or Third-Party Defendants, says:

78.    In defense of any and all Crossclaims, Defendant reasserts its responses and defenses hereinabove as if fully set forth here verbatim.

79.    The allegations against Defendant in any and all Crossclaims are denied.

80.    Defendant denies liability with respect to any and all Crossclaims.

81.    Defendant denies that it has any indemnity or contribution liability to any other Co-Defendant or Third-Party Defendant.

### RESERVATION OF CROSSCLAIMS

82.    All Crossclaims for contribution and for indemnity by Defendant against all Co-Defendants and Third-Party Defendants are hereby reserved and implied.

WHEREFORE, having fully answered the Amended Complaint, Defendant prays for an Order of this Court as follows:

(a)    That the relief sought by Plaintiffs against Defendant be denied in each and every

ELECTRONICALLY FILED - 2022 Apr 26 3:03 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

respect;

(b)    That the claims asserted by Plaintiffs against Defendant be dismissed in their entirety with prejudice;

(c)    That all Crossclaims against Defendant be dismissed with prejudice;

(d)    That Plaintiffs and other Co-Defendants and/or Third-Party Defendants recover nothing from Defendant;

(e)    That Defendant be awarded its costs and attorney's fees; and

(f)    For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BARNWELL WHALEY PATTERSON & HELMS, LLC

By: *s/ R. Scott Wallinger, Jr.*
    R. Scott Wallinger, Jr., Esq. (Bar No.: 64851)
    Barbara J. Wagner, Esq. (Bar No.: 76307)
    Connor J. Hoy, Esq. (Bar No.: 104670)
    P.O. Drawer H (29402)
    211 King Street, Suite 300
    Charleston, SC 29401
    O: (843) 577-7700
    F: (843) 577-7708
    E: swallinger@barnwell-whaley.com
    E: bwagner@barnwell-whaley.com
    E: choy@barnwell-whaley.com

**COUNSEL FOR RITE AID**
**OF SOUTH CAROLINA, INC.**

April 26, 2022

Charleston, South Carolina

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.  2022-CP-40-01265 |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | |
| | ) | **ANSWER AND DEFENSES** |
| Plaintiffs, | ) | **ON BEHALF OF DEFENDANT** |
| | ) | **WHITTAKER, CLARK &** |
| vs. | ) | **DANIELS, INC. TO** |
| | ) | **PLAINTIFFS' FIRST** |
| Avon Products, Inc., et al., | ) | **AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | Jury Trial Requested |
| | ) | |

Defendant Whittaker, Clark & Daniels, Inc. ("Whittaker, Clark & Daniels, Inc." or "Defendant") by and through its undersigned counsel, respectfully submits this Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") of Sarah J. Plant and Parker Plant ("Plaintiffs") as follows:

## RESPONSE TO "GENERAL ALLEGATIONS"

1.      Whittaker, Clark & Daniels, Inc. is without sufficient information to admit or deny the allegations contained at Paragraph 1 of the Complaint, and it therefore denies them, insofar as the allegations therein are directed against it.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

2.      Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 2 of the Complaint, including all subparagraphs, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

3.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 3 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

4.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in the Paragraph 4 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

5.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 5 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

6.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 6 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

7.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 7 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

8.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 8 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

9.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 9 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

10.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 10 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

11.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 11 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

12.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 12 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

13.     The allegations contained in Paragraph 13 do not appear to relate to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.  In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denied as to Whittaker, Clark & Daniels, Inc. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

14.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 14 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

15.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 15 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

16.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 16 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

17.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 17 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

18.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 18 of the Complaint, including all subparts, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

19.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 19 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

20.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 20 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

21.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 21 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

22.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 22 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

23.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 23 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

## RESPONSE TO "THE PARTIES"

24.     Whittaker, Clark & Daniels, Inc. is without sufficient information to admit or deny the allegations contained at Paragraph 24 of the Complaint, and it therefore denies them, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

apply to this Defendant, and therefore, this Defendant does not respond to same. Defendant specifically denies that this Court has jurisdiction over it in this case.

25.     The allegations contained in Paragraph 25 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

26.     The allegations contained in Paragraph 26 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

27.     The allegations contained in Paragraph 27 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

28.     The allegations contained in Paragraph 28 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

29.     The allegations contained in Paragraph 29 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

30.     The allegations contained in Paragraph 30 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

31.     The allegations contained in Paragraph 31 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

32.     The allegations contained in Paragraph 32 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

33.     The allegations contained in Paragraph 33 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

34.     The allegations contained in Paragraph 34 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

35.     The allegations contained in Paragraph 35 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

36.     The allegations contained in Paragraph 36 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

37.     The allegations contained in Paragraph 37 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

38.     The allegations contained in Paragraph 38 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

39.     The allegations contained in Paragraph 39 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

40.     The allegations contained in Paragraph 40 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

41.     The allegations contained in Paragraph 41 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

42.     The allegations contained in Paragraph 42 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

43.     The allegations contained in Paragraph 43 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

44.     The allegations contained in Paragraph 44 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

45.     The allegations contained in Paragraph 45 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

46.     The allegations contained in Paragraph 46 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

47.    The allegations contained in Paragraph 47 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

48.    The allegations contained in Paragraph 48 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

49.    The allegations contained in Paragraph 49 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

50.    The allegations contained in Paragraph 50 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

51.    The allegations contained in Paragraph 51 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

52.     The allegations contained in Paragraph 52 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

53.     The allegations contained in Paragraph 53 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

54.     The allegations contained in Paragraph 54 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

55.     The allegations contained in Paragraph 55 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

56.     The allegations contained in Paragraph 56 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

57.     The allegations contained in Paragraph 57 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

58.     The allegations contained in Paragraph 58 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

59.     The allegations contained in Paragraph 59 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

60.     The allegations contained in Paragraph 60 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

61.     The allegations contained in Paragraph 61 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

62.     The allegations contained in Paragraph 62 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

63.     The allegations contained in Paragraph 63 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

64.     The allegations contained in Paragraph 64 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

65.     The allegations contained in Paragraph 65 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

66.     The allegations contained in Paragraph 66 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

67.     The allegations contained in Paragraph 67 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

68.     The allegations contained in Paragraph 68 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

69.    The allegations contained in Paragraph 69 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

70.    The allegations contained in Paragraph 70 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

71.    The allegations contained in Paragraph 71 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

72.    The allegations contained in Paragraph 72 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

73.    The allegations contained in Paragraph 73 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

74.    Whittaker, Clark & Daniels, Inc. admits that it is New Jersey corporation with its principal place of business in Connecticut.  Whittaker, Clark & Daniels, Inc. denies the remaining allegations contained in Paragraph 74 of the Complaint, insofar as the allegations therein are directed against it.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusion, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

75.    The allegations contained in Paragraph 75 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

76.    The allegations contained in Paragraph 76 do not appear to related to this Defendant; therefore, Whittaker, Clark & Daniels, Inc. neither admits nor denies the allegations. In the event they are construed to be directed against Whittaker, Clark & Daniels, Inc., the allegations are denies as to Whittaker, Clark & Daniels, Inc.

## RESPONSE TO "BACKGROUND FACTS"

77.    Paragraph 77 of the Complaint appears to be a statement to which no response is required.  To the extent that a response is required, this Defendant denies Paragraph 77 of the Complaint, insofar as the allegations therein are directed against it.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

78.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 78 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same..

79.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 79 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

80.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 80 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same. Defendant specifically denies that this Court has jurisdiction over it in this case.

81.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 81 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

82.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 82 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

83.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 83 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

84.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 84 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.  Defendant specifically denies that this Court has jurisdiction over it in this case.

85.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 85 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

86.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 86 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

87.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 87 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

88.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 88 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

89.     Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 89 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to same. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

### RESPONSE TO "FIRST CAUSE OF ACTION"
**(Product Liability: Negligence)**

90.     Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in Paragraphs 1 through 89 of this Answer with the same force and effect as though set forth here in full.

91.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 91 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

92.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 92 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

93.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 93 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

94.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 94 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

95.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 95 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

96.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 96 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies those allegations. To

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

97.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 97 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

98.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 98 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

99.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 99 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

100.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 100 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

101.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 101 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

102.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 102 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

103.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 103 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

104.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 104 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

105.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 105 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**RESPONSE TO "SECOND CAUSE OF ACTION"**
**(Product Liability:  Strict Liability-S.C. Code Ann. Sec. 15-73-10, et seq.)**

106.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in Paragraphs 1 through 105 of this Answer with the same force and effect as though set forth here in full.

107.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 107 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

108.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 108 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

109.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 109 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

110.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 110 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

111.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 111 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

112.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 112 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

113.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 113 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

114.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 114 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

115.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 115 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

116.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 116 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

117.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 117 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

118.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 118 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

119.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 119 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

120.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 120 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

121.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 121 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

122.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 122 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

## RESPONSE TO "THIRD CAUSE OF ACTION"
### (Negligence Per Se)

123.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in Paragraphs 1 through 122 of this Answer with the same force and effect as though set forth here in full.

124.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 124 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

125.    Paragraph 125 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 125 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore denies those allegations.

126.    Paragraph 126 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 126 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore denies those allegations.

**RESPONSE TO "FOURTH CAUSE OF ACTION"**
**(Product Liability:  Breach of Implied Warranties – S.C. Code Ann. § 36-2-314)**

127.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in Paragraphs 1 through 126 of this Answer with the same force and effect as though set forth here in full.

128.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 128 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

129.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 129 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

130.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 130 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

a belief as to the truth of the allegations in Paragraph 130 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

**RESPONSE TO "FIFTH CAUSE OF ACTION"**
**(Fraudulent Misrepresentation)**

131.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in Paragraphs 1 through 130 of this Answer with the same force and effect as though set forth here in full.

132.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 132 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

133.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 133 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

134.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 134 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore denies those allegations. To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

### RESPONSE TO "SIXTH CAUSE OF ACTION"
**(Fraudulent Misrepresentation and Conspiracy/Concert Action)**

135.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in Paragraphs 1 through 134 of this Answer with the same force and effect as though set forth here in full.

136.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 136 of the Complaint as to itself and states further that Plaintiffs have not adequately identified Whittaker, Clark & Daniels, Inc.'s products, and admits only that it has sold a variety of cosmetic products, including within the United States. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore denies those allegations.

137.    Paragraph 137 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 137 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 related to the actions of other Defendants and therefore denies those allegations.

34

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

138.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 138 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore denies those allegations.

139.    Paragraph 139 of the Complaint purports to make statements of fact to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 139 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 related to the actions of other Defendants and therefore denies those allegations.

140.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to United States Geological Surveys on Commercial Talc, which speak for themselves, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material.

141.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 141 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore denies those allegations.

142.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to medical and scientific literature and respectfully refers the

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Court to the medical and scientific literature for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 142.

143.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain studies and articles and respectfully refers the Court to those studies and articles for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 143 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore denies those allegations.

144.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain articles regulations and respectfully refers the Court to those articles and regulations for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 144 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

145.    The final sentence of Paragraph 145 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in the final sentence of Paragraph 145 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the actions of other Defendants and therefore denies those allegations. Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by L. J. Cralley, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 145 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and therefore denies those allegations.

146.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by the Occupational Health Program, National Center for Urban Industrial Health, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 146.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

147.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by A.N. Rohl, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 147.

148.     Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 148 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies those allegations.

149.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by the New York City of Environmental Protection Administration Air Resources Board, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 149.

150.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a symposium, and respectfully refers the Court to that

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

symposium for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 150 as to itself. To the extent the remaining allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies those allegations.

151.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain studies, and respectfully refers the Court to those studies for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 151.

152.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to various studies and reports, and respectfully refers the Court to those studies and reports for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 152 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore denies those allegations.

153.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a CTFA report, and respectfully refers the Court to that CTFA report for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 153 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and therefore denies those allegations.

154.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain statements by the FDA and the CTFA, and respectfully refers the Court to those statements for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 154. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore denies those allegations.

155.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of this Paragraph purport to refer to testing done by regulatory agencies, and respectfully refers the Court to that testing for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 155.

156.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 156 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore denies those allegations.

157.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 157 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore denies those allegations.

158.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to certain test results, and respectfully refers the Court to those test results for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 158 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies those allegations.

159.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 159 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore denies those allegations.

160.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 160 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore denies those allegations.

161.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 161 of the Complaint and therefore denies those allegations. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 161 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore denies those allegations.

162.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to a study by Mt. Sinai Hospital researchers, and respectfully refers the Court to that study for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 162 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore denies those allegations.

163.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 163 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore denies those allegations.

164.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 164 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies those allegations.

165.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 165 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies those allegations.

166.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 166 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies those allegations.

167.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to the CTFA Method J4-1, and respectfully refers the Court to the CTFA Method J4-1 for the content and context thereof, but Whittaker, Clark & Daniels, Inc.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 167.

168.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to various CTFA materials, and respectfully refers the Court to those materials for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 168  as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies those allegations.

169.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 169 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies those allegations.

170.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 170 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies those allegations.

171.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 171 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore denies those allegations.

172.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 172 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies those allegations.

173.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 173 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 173 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore denies those allegations.

174.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 174 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies those allegations.

175.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 175 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore denies those allegations.

176.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 176 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies those allegations.

177.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 177 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint and therefore denies those allegations.

178.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 178 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and therefore denies those allegations.

179.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 179 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and therefore denies those allegations.

180.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 180 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and therefore denies those allegations.

181.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 181 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

182.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 182 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and therefore denies those allegations.

183.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 183 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and therefore denies those allegations.

184.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 184 of the Complaint and its subparts (a)-(d) as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and its subparts (a)-(d) and therefore denies those allegations.

185.     Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 185 of the Complaint regarding Plaintiff's beliefs and/or conduct, and therefore denies those allegations. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in the Paragraph 185 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and therefore denies those allegations.

186.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 186 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and therefore denies those allegations.

187.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to various FDA statements and a publication by Kremer and Millette, and respectfully refers the Court to those materials for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material. Whittaker, Clark & Daniels, Inc. denies the remaining allegations in Paragraph 187 as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and therefore denies those allegations.

188.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 188 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and therefore denies those allegations.

189.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 189 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and therefore denies those allegations.

190.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 190 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and therefore denies those allegations.

191.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 191 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and therefore denies those allegations.

192.    Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 192 of the Complaint as to itself. To the extent the allegations of this Paragraph are directed at other Defendants, Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and therefore denies those allegations.

193.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint and therefore denies those allegations, except that Whittaker, Clark & Daniels, Inc. admits that the allegations of this Paragraph purport to refer to an article by T. Bird et al., and respectfully refers the Court to this article for the content and context thereof, but Whittaker, Clark & Daniels, Inc. denies any attempt by Plaintiffs to paraphrase or characterize this material.

194.    Paragraph 194 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 194 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 regarding the conduct of other Defendants and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

195.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the Complaint and therefore denies those allegations.

196.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint and therefore denies those allegations.

197.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Complaint and therefore denies those allegations.

198.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Complaint and therefore denies those allegations.

199.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Complaint and therefore denies those allegations.

200.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Complaint and therefore denies those allegations.

201.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Complaint and therefore denies those allegations.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

202.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Complaint and therefore denies those allegations.

203.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 of the Complaint and therefore denies those allegations.

204.    Whittaker, Clark & Daniels, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Complaint and therefore denies those allegations.

205.    Paragraph 205 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 205 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 regarding the conduct of other Defendants and therefore denies those allegations.

206.    Paragraph 206 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 206 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 regarding the conduct of other Defendants and/or Plaintiff Sarah Plant and therefore denies those allegations.

207.    Paragraph 207 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent a response is required, Whittaker, Clark & Daniels, Inc. denies the allegations in Paragraph 207 as to itself, and denies knowledge or information sufficient to

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

form a belief as to the truth of the allegations in Paragraph 207 regarding the conduct of other Defendants and/or Plaintiff and therefore denies those allegations.

**RESPONSE TO "SEVENTH CAUSE OF ACTION"**
**(Loss of Consortium)**

208.    Whittaker, Clark & Daniels, Inc. repeats and realleges each and every admission, denial, averment, and statement contained in Paragraphs 1 through 207 of this Answer with the same force and effect as though set forth here in full.

209.    Whittaker, Clark & Daniels, Inc. has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 209 of the Complaint and therefore denies the same, insofar as the allegations therein are directed against it.  Insofar as the allegations are directed against others, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

210.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 210 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

211.    Whittaker, Clark & Daniels, Inc. denies the allegations contained in Paragraph 211 of the Complaint, insofar as the allegations therein are directed against it.  As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.  To the extent that this Paragraph of the Complaint states legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## RESPONSE TO "PRAYER FOR RELIEF"

Whittaker, Clark & Daniels, Inc. denies the allegations contained in the Paragraph beginning with "Wherefore" and following underneath the "PRAYER FOR RELIEF" immediately following Paragraph 211 of the Complaint, as well as those subparagraphs following that "Wherefore" Paragraph of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same. To the extent that these Paragraphs of the Complaint state legal conclusions, no response is required to those legal conclusions, but to the extent that one is required at this time, this Defendant denies the same.

## FOR A FIRST DEFENSE

This Court lacks both general and specific personal jurisdiction over the Defendant. Plaintiff cannot meet the requirements of the South Carolina Long Arm Statute or the traditional due process requirements to assert personal jurisdiction over this Defendant in South Carolina.

## FOR A SECOND DEFENSE

There is an insufficiency of service of process upon the person of the Defendant.

## FOR A THIRD DEFENSE

There is a lack of service of process upon the person of the Defendant.

## FOR A FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## FOR A FIFTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations and/or repose.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A SIXTH DEFENSE

Plaintiff's Complaint is barred by laches.

## FOR A SEVENTH DEFENSE

This Defendant denies that the Plaintiff has incurred any injuries or damages.  However, as to any injuries or damages the Plaintiff alleges were incurred, the Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in Plaintiff's Complaint and, therefore, the Plaintiff is not entitled to recover from this Defendant.

## FOR AN EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the comparative negligence of the Plaintiff; in the alternative, any award to the Plaintiff should be reduced by the percentage that the Plaintiff's conduct caused Plaintiff's damages.

## FOR A NINTH DEFENSE

This Defendant specifically denies that it mined, manufactured, processed, imported and/or sold any asbestos or asbestos-containing material which allegedly caused or contributed to the alleged injuries or damages of the Plaintiff.  This Defendant further denies that, for those periods of time alleged by the Plaintiff, any product or action or inaction on its part caused any damage to the Plaintiff.

## FOR A TENTH DEFENSE

Plaintiff was not exposed to any asbestos materials through any act or omission of this Defendant or, if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of Plaintiff's damages, if any, as a matter of law.  Therefore, this

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendant denies that any of its products or any alleged action or inaction on its part has damaged or injured the Plaintiff in any manner or at any time.

### FOR AN ELEVENTH DEFENSE

Plaintiff misused or improperly used the products manufactured and/or sold by this Defendant and such misuse or improper use proximately caused or contributed to, in whole or in part, the alleged conditions described in the Complaint and the alleged damages Plaintiff claims were sustained, and, therefore, this Defendant is not liable for any injuries or damages claimed by the Plaintiff.

### FOR A TWELFTH DEFENSE

If Plaintiff suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant, but such damages, if any, resulted from the acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is in no way liable, and the Plaintiff, therefore, is not entitled to recover from this Defendant.

### FOR A THIRTEENTH DEFENSE

This Defendant is not liable to Plaintiff with respect to the injuries alleged in the Plaintiff's Complaint because such injuries, if any, were caused by pure accident in terms of law.

### FOR A FOURTEENTH DEFENSE

There is a lack of joinder of one or more parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

### FOR A FIFTEENTH DEFENSE

To the extent that the Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, the Plaintiff's Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

### FOR A SIXTEENTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

### FOR A SEVENTEENTH DEFENSE

If the Plaintiff has heretofore or should hereafter settle for any of the alleged injuries and damages with any parties, then this Defendant is entitled to a credit in the amount of said settlements.

### FOR AN EIGHTEENTH DEFENSE

Plaintiff's Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

### FOR A NINETEENTH DEFENSE

To the extent Plaintiff's Complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

### FOR A TWENTIETH DEFENSE

To the extent that Plaintiff's Complaint seeks punitive damages, this Defendant affirmatively pleads the following in regard to punitive damages:

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(a)  An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(b)  An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(c)  The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(d)  An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the South Carolina Constitution; and

(e)  Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## FOR A TWENTY-FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

## FOR A TWENTY-SECOND DEFENSE

In the manufacture, distribution and sale of its products, this Defendant at all times used reasonable care, skill and diligence and complied with generally established and accepted standards in the industry, and this Defendant's products, when used properly, are, were, and have been safe and fit for their intended use and purpose at all relevant times.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

### FOR A TWENTY-THIRD DEFENSE

This Defendant had no duty to warn Plaintiff of the risks and dangers, if any, associated with asbestos or asbestos-related products.

### FOR A TWENTY-FOURTH DEFENSE

There has been no concert of action between this Defendant and any of the other named Defendants. The Defendants are not joint tortfeasors and, therefore, this Defendant may not be held jointly and severally liable with the other named Defendants.

### FOR A TWENTY-FIFTH DEFENSE

Defendant denies that there existed any warranties, either express or implied, between it and the Plaintiff. Even if such warranties existed, the Plaintiff's claim for breach of warranty is barred by the Plaintiff's failure to comply with the notice provisions required by South Carolina law and because there is no privity of contract.

### FOR A TWENTY-SIXTH DEFENSE

This Defendant cannot be liable to the Plaintiff under the doctrine of strict liability, to the extent the Plaintiff was not exposed to or injured by a product sold as new property after the effective date of the statute.

### FOR A TWENTY-SEVENTH DEFENSE

If Plaintiff sustained the injuries and/or damages alleged, which is specifically denied, then such injuries and/or damages were proximately caused by the acts and/or omissions of the Plaintiff's employers with respect to the maintenance of a healthy and safe work site and environment, which were under the employers' exclusive control and possession.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A TWENTY-EIGHTH DEFENSE

Plaintiff neither used nor was exposed to any product manufactured, sold and/or supplied by this Defendant.

## FOR A TWENTY-NINTH DEFENSE

This Defendant asserts that the state of medical and scientific knowledge and all materials relating thereto at all times material herein were such that this Defendant neither knew, nor could have reasonably known, that products of the type it manufactured presented any risk of harm, which risk of harm is denied, to the Plaintiff if properly used.

## FOR A THIRTIETH DEFENSE

Venue is improper in this action. This Defendant reserves its rights to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and further reserves its rights to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

## FOR A THIRTY-FIRST DEFENSE

Plaintiff's Complaint should be dismissed for its failure to comply with the requirements of Section 44-135-10 et seq., of the South Carolina Code, also known as the "Asbestos and Silica Claims Procedure Act of 2006" as the Plaintiff has failed to make the prima facie showing required by the Act. In the alternative, the case should not be placed on any active trial docket and should not be the subject of any discovery until Plaintiff complies with the provisions of the Act.

## FOR A THIRTY-SECOND DEFENSE

To the extent that any and all of the foregoing affirmative defenses preclude recovery by the Plaintiff, such defenses are also dispositive of the claims stated against this Defendant by or on behalf of the spouse as her claims are solely derivative of the claims asserted by Plaintiff.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

### FOR A THIRTY-THIRD DEFENSE

This Defendant would show that the spouse's claim for alleged loss of consortium is an improperly-joined cause of action and this cause of action and/or the Complaint should be dismissed.

### FOR A THIRTY-FOURTH DEFENSE

Plaintiff does not have standing to bring this claim pursuant to Section 15-5-150 S.C. Code Ann., also referred to as South Carolina's Door Closing Statute.

### FOR A THIRTY-FIFTH DEFENSE

This Defendant incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by all other Defendants.

### FOR A THIRTY-SIXTH DEFENSE

This Defendant's asbestos-containing products, if any, were or may have been supplied to the United States Government or its agencies pursuant to contract, and such products conformed in every material respect to specifications established by the United States Government or its agencies. The knowledge of the United States Government or its agencies pertaining to the possible hazards to the Plaintiff associated with the use of such products was equal to or superior to that of this Defendant and, by reason thereof, this Defendant is not liable to Plaintiff under any theory of law asserted in this civil action.

### FOR A THIRTY-SEVENTH DEFENSE

Defendant is not liable to Plaintiff because Plaintiff's employer(s), his union, or entities other than this Defendant, were learned intermediaries and/or sophisticated users of the products in question who were warned of, or were otherwise aware of, or should have been aware of the alleged potential risks and dangers inherent in the product(s), were in a position to understand and inform Plaintiff of the alleged risks, and had an independent duty to protect Plaintiff from, and/or warn Plaintiff of, any

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

alleged potential risks or dangers, thereby relieving the Defendant of any alleged duty, which duty is denied.

### FOR A THIRTY-EIGHTH DEFENSE

The Plaintiff's damages, if any, are the result of acts, errors, or omissions of others, not under the direct or control of this Defendant. These acts, errors, or omissions of others are the superseding intervening cause of the Plaintiff's injuries.

### FOR A THIRTY-NINTH DEFENSE

Defendant hereby notifies the Court and all parties that under traditional South Carolina choice of law principles, the substantive law governing this action is determined by the laws of another state or by a body of law not associated with a state, e.g. Maritime Law. Defendant asserts that the injury complained of occurred outside of the State of South Carolina and therefore, under the doctrine of lex loci delicti, or its analogues, the law of the state, or the non-state jurisdiction, in which the injury occurred, applies.

### FOR A FORTIETH DEFENSE

This Defendant's first notice of the claims set forth in Plaintiff's Complaint was service of said Complaint upon it, and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

### FOR A FORTY-FIRST DEFENSE

The claims raised in Plaintiff's Complaint are barred by the applicable workers' compensation laws.

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

### FOR A FORTY-SECOND DEFENSE

Plaintiff's claim for household exposure, if any, is not, or should not be recognized under South Carolina law, because this Defendant, to the extent such a claim is made against it, owed no duty to Plaintiff under South Carolina law.

### FOR A FORTY-THIRD DEFENSE

All of Plaintiff's claims and issues contained therein are barred by the doctrines of collateral estoppel and *res judicata*.

### FOR A FORTY-FOURTH DEFENSE

This Defendant is not legally responsible for products that it did not manufacture, sell, supply, or otherwise place in the stream of commerce; and this Defendant is not legally responsible for products manufactured, sold or supplied by third parties, such as replacement parts or "after affixed" parts.

### FOR A FORTY-FIFTH DEFENSE

Pursuant to S.C. Code Ann. § 15-32-520, Defendant hereby requests trial bifurcation on the issues of actual damages and punitive damages. To the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to the caps and limitations set forth in S.C. Code Ann. § 15-32-530, and Defendant pleads and incorporates all defenses, limitations on damages, and other privileges contained in S.C. Code Ann. §§ 15-32-520 and 15-32-530 as if fully stated herein verbatim.

### JURY DEMAND

Whittaker, Clark & Daniels, Inc. requests a trial by jury on all issues so triable.

WHEREFORE, having fully answered the Complaint herein, the Defendant prays that the same be dismissed with costs and such further relief as the Court deems just and proper.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _s/ Robert O. Meriwether_
       Robert O. Meriwether
       SC Bar No. 009828
       E-Mail: robert.meriwether@nelsonmullins.com
       G. Mark Phillips
       SC Bar No. 007945
       E-Mail: mark.phillips@nelsonmullins.com
       James B. Glenn
       SC Bar No. 077731
       E-Mail: jase.glenn@nelsonmullins.com
       1320 Main Street / 17th Floor
       Post Office Box 11070 (29211-1070)
       Columbia, SC  29201
       (803) 799-2000

Attorneys for Defendant Whittaker, Clark & Daniels, Inc.

Columbia, South Carolina

April 26, 2022

ELECTRONICALLY FILED - 2022 Apr 26 3:20 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**STATE OF SOUTH CAROLINA**

**COUNTY OF RICHLAND**

SARAH J. PLANT and
PARKER PLANT,

   Plaintiffs,

v.

AVON PRODUCTS INC.

AMACO, LLC

AMERICAN ART CLAY CO. INC.

THE BARGAIN BARN, LLC

BEACON CMP CORPORATION

BELK, INC.

BRENNTAG NORTH AMERICA, INC.
individually and as successor-in-interest to
MINERAL AND PIGMENT SOLUTIONS, INC.,
as successor-in-interest to WHITTAKER, CLARK
& DANIELS, INC.

BRENNTAG SPECIALTIES, LLC f/k/a
BRENNTAG SPECIALTIES, INC. f/k/a
MINERAL AND PIGMENT SOLUTIONS, INC.,
as successor-in-interest to WHITTAKER, CLARK
& DANIELS, INC.

BRISTOL-MYERS SQUIBB COMPANY
individually and as successor-in-interest to
CHARLES OF THE RITZ INC., LAVIN-
CHARLES OF THE RITZ and JEAN NATÉ

CHATTEM, INC.

COLGATE-PALMOLIVE COMPANY

COLOR TECHNIQUES, INC.

CONOPCO, INC.

**IN THE COURT OF COMMON PLEAS
FOR THE FIFTH JUDICIAL CIRCUIT
CASE NO. 2022-CP-40-01265**

In Re:
Asbestos Personal Injury Litigation
Coordinated Docket

Living Mesothelioma

**DEFENDANT COLOR
TECHNIQUES, INC.'S MOTION
TO DISMISS PLAINTIFFS'
AMENDED COMPLAINT**

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

COTY INC.                                              )
individually and as successor to COVERGIRL             )
COSMETICS INC, and as successor to the                 )
NOXZEMA CHEMICAL COMPANY                               )
                                                       )
DANA CLASSIC FRAGRANCES, INC.                          )
                                                       )
DILLARD'S, INC.                                        )
                                                       )
DOLLAR GENERAL CORPORATION                             )
                                                       )
ELIZABETH ARDEN, INC.                                  )
                                                       )
ESTÉE LAUDER INC.                                      )
individually and as successor to CLINIQUE              )
                                                       )
THE ESTÉE LAUDER COMPANIES INC.                        )
individually and as successor to CLINIQUE              )
                                                       )
HAMRICK'S INCORPORATED                                 )
                                                       )
HIGHWATER CLAYS, INC.                                  )
                                                       )
IMI FABI (DIANA) LLC                                   )
                                                       )
IMI FABI (USA) INC.                                    )
                                                       )
IMI FABI, LLC                                          )
                                                       )
INGLES MARKETS, INCORPORATED                           )
                                                       )
L'ORÉAL USA, INC.                                      )
individually and d/b/a LANCOME and                     )
MAYBELLINE, and as successor to YVES                   )
SAINT LAURENT AMERICA, INC., CHARLES                   )
OF THE RITZ INC., and JEAN NATÉ                        )
                                                       )
L'ORÉAL USA PRODUCTS, INC.                             )
individually and d/b/a LANCOME and                     )
MAYBELLINE, and as successor to YVES                   )
SAINT LAURENT AMERICA, INC., CHARLES                   )
OF THE RITZ INC., and JEAN NATÉ                        )
                                                       )
LOWCOUNTRY GROCERS LLC                                 )
d/b/a PIGGLY WIGGLY                                    )
                                                       )
MARY KAY INC.

2

MAYBELLINE LLC                                        )
                                                     )
NOXELL CORPORATION                                   )
a subsidiary of COTY INC.                            )
                                                     )
PFIZER INC.                                          )
individually and as successor to COTY INC. and       )
COTY INTERNATIONAL, INC.                             )
                                                     )
R.T. VANDERBILT HOLDING COMPANY,                     )
INC., individually and as successor-in-interest to   )
R.T. VANDERBILT COMPANY, INC.                        )
                                                     )
REVLON CONSUMER PRODUCTS                             )
CORPORATION, individually and as successor to        )
REVLON RESEARCH LABORATORIES INC.,                   )
CHARLES OF THE RITZ INC., LAVIN-                     )
CHARLES OF THE RITZ, JEAN NATÉ, E.R.                 )
SQUIBB CORP., and YVES SAINT LAURENT                )
                                                     )
REVLON, INC.                                         )
individually and as successor to ELIZABETH           )
ARDEN, INC., CHARLES OF THE RITZ INC.,               )
LAVIN-CHARLES OF THE RITZ, JEAN NATÉ,                )
E.R. SQUIBB, SQUIBB CORP., and YVES                  )
SAINT LAURENT                                        )
                                                     )
RITE AID OF SOUTH CAROLINA, INC.                     )
                                                     )
SOUTHEASTERN GROCERS INC.                            )
individually and as successor-in-interest to BI-LO   )
                                                     )
TOPCO ASSOCIATES, LLC                                )
                                                     )
VANDERBILT MINERALS, LLC                             )
f/k/a R.T. VANDERBILT COMPANY, INC.,                 )
individually and as successor-in-interest to         )
INTERNATIONAL TALC CO.                               )
                                                     )
VI-JON, LLC                                          )
f/k/a VI-JON, INC.                                   )
                                                     )
WALGREEN CO.                                         )
                                                     )
WALMART INC.                                         )
                                                     )

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

WITTAKER, CLARK & DANIELS, INC.          )
                                         )
WINN-DIXIE STORES, INC.                  )
a subsidiary BI-LO a subsidiary of       )
SOUTHEASTERN GROCERS, INC.               )
                                         )
YVES SAINT LAURENT AMERICA, INC.         )
                                         )
              Defendants.                )
_____)

COMES NOW, Defendant Color Techniques, Inc. ("Defendant" OR "CTI") pursuant to Rules 9(b), 12(b)(2), 12(b)(6), 12(e) and 26(c) of the South Carolina Rules of Civil Procedure, and moves this Court for an order dismissing Plaintiffs' Amended Complaint for lack of personal jurisdiction and staying any discovery as to CTI pending a decision as to personal jurisdiction, or, in the alternative, requiring a more definite statement and/or dismissing Plaintiffs' Amended Complaint for failure to state a claim. This Motion is based on the following grounds:

1.  Plaintiffs' Amended Complaint alleges that CTI is incorporated under the laws of New Jersey and has its principal place of business in New Jersey. (Am. Compl, ¶ 38). CTI is not "at home" in South Carolina and is not subject to general personal jurisdiction in this Court. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011); *Daimler AG v. Bauman,* 134 S. Ct. 746, 769-62 (2014).

2.  Plaintiffs' Amended Complaint does not allege facts that connect CTI's activities in South Carolina, if any, with Plaintiffs' claims. Therefore, Plaintiffs' claims cannot be said to arise out of or relate to CTI's contacts with South Carolina, and CTI is not subject to specific personal jurisdiction in this Court. *Walden v. Fiore,* 134 S. Ct. 1115, 1121 (2014); *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,* 137 S. Ct. 1773, 1778 (2017)

3.  As stated in Plaintiffs' Amended Complaint, Plaintiffs are residents of Tennessee. As noted above, CTI is a foreign corporation. (Am. Compl, ¶ 24). The Amended Complaint does not allege facts that connect CTI's activities in South Carolina, if any, with Sara J. Plant's alleged exposure to asbestos in South Carolina. Therefore, Plaintiffs may lack capacity to sue CTI pursuant to the South Carolina Door Closing Statute, S.C. Code Ann. § 15-5-150.

4.  Any discovery involving CTI should be stayed pending resolution of this Motion. Rule 26(c), SCRCP; *Hamm v. South Carolina Pub. Serv. Comm'n,* 312 S.C. 238,

241, 439 S.E.2d 852, 854 (1994); *Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1214-15 (D.S.C. 1973).

5.      In the alternative, and to the extent CTI is not dismissed for lack of personal jurisdiction, Plaintiffs' Amended Complaint fails to clearly plead where any alleged exposure to CTI's products occurred, and the factual allegations against CTI are so vague and ambiguous that CTI cannot meaningfully respond. Therefore, CTI moves for a more definite statement pursuant to Rule 12(e).

6.      CTI also moves for a more definite statement as to Plaintiffs' fraud claim, which is not pled with particularity as required by Rule 9(b). (Am. Compl. ¶¶ 131-134, 135-207).

7.      If Plaintiffs are unable to plead sufficient facts to state a claim against CTI and are unable to plead fraud with particularity, Plaintiffs' Amended Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

This Motion is based on the pleadings of record and those grounds, arguments and authorities that will be further set forth in a Memorandum of Law filed by CTI prior to any hearing on this Motion. CTI's participation in discovery in this matter prior to this Motion being heard shall not be construed as a waiver by CTI of any rights, defenses or objections, including lack of personal jurisdiction, all of which are expressly reserved.

Dated: May 2, 2022            GORDON REES SCULLY MANSUKHANI

                By     *s/A. Victor Rawl, Jr.*
                         A. Victor Rawl, Jr. (SC 9261)
                         E-mail: vrawl@grsm.com
                         William H. Kleindienst (SC 101278)
                         E-mail: wkleindienst@grsm.com
                         40 Calhoun Street, Suite 350
                         Charleston, SC  29401
                         Telephone: (843) 278-5900
                         *Attorneys for Defendant Color Techniques, Inc.*

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

5

**STATE OF SOUTH CAROLINA**

**COUNTY OF RICHLAND**

SARAH J. PLANT and
PARKER PLANT,

          Plaintiffs,

v.

AVON PRODUCTS INC.

AMACO, LLC

AMERICAN ART CLAY CO. INC.

THE BARGAIN BARN, LLC

BEACON CMP CORPORATION

BELK, INC.

BRENNTAG NORTH AMERICA, INC.
individually and as successor-in-interest to
MINERAL AND PIGMENT SOLUTIONS, INC.,
as successor-in-interest to WHITTAKER, CLARK
& DANIELS, INC.

BRENNTAG SPECIALTIES, LLC f/k/a
BRENNTAG SPECIALTIES, INC. f/k/a
MINERAL AND PIGMENT SOLUTIONS, INC.,
as successor-in-interest to WHITTAKER, CLARK
& DANIELS, INC.

BRISTOL-MYERS SQUIBB COMPANY
individually and as successor-in-interest to
CHARLES OF THE RITZ INC., LAVIN-
CHARLES OF THE RITZ and JEAN NATÉ

CHATTEM, INC.

COLGATE-PALMOLIVE COMPANY

COLOR TECHNIQUES, INC.

CONOPCO, INC.

**IN THE COURT OF COMMON PLEAS
FOR THE FIFTH JUDICIAL CIRCUIT
CASE NO. 2022-CP-40-01265**

In Re:
Asbestos Personal Injury Litigation
Coordinated Docket

Living Mesothelioma

**DEFENDANT COLOR
TECHNIQUES, INC.'S ANSWER
TO PLAINTIFF'S AMENDED
COMPLAINT**

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

COTY INC.                                                    )
individually and as successor to COVERGIRL                   )
COSMETICS INC, and as successor to the                       )
NOXZEMA CHEMICAL COMPANY                                      )
                                                             )
DANA CLASSIC FRAGRANCES, INC.                                )
                                                             )
DILLARD'S, INC.                                              )
                                                             )
DOLLAR GENERAL CORPORATION                                   )
                                                             )
ELIZABETH ARDEN, INC.                                        )
                                                             )
ESTÉE LAUDER INC.                                            )
individually and as successor to CLINIQUE                    )
                                                             )
THE ESTÉE LAUDER COMPANIES INC.                              )
individually and as successor to CLINIQUE                    )
                                                             )
HAMRICK'S INCORPORATED                                       )
                                                             )
HIGHWATER CLAYS, INC.                                        )
                                                             )
IMI FABI (DIANA) LLC                                         )
                                                             )
IMI FABI (USA) INC.                                          )
                                                             )
IMI FABI, LLC                                                )
                                                             )
INGLES MARKETS, INCORPORATED                                 )
                                                             )
L'ORÉAL USA, INC.                                            )
individually and d/b/a LANCOME and                           )
MAYBELLINE,  and as successor to YVES                        )
SAINT LAURENT AMERICA, INC., CHARLES                         )
OF THE RITZ INC., and JEAN NATÉ                              )
                                                             )
L'ORÉAL USA PRODUCTS, INC.                                   )
individually and d/b/a LANCOME and                           )
MAYBELLINE,  and as successor to YVES                        )
SAINT LAURENT AMERICA, INC., CHARLES                         )
OF THE RITZ INC., and JEAN NATÉ                              )
                                                             )
LOWCOUNTRY GROCERS LLC                                       )
d/b/a PIGGLY WIGGLY                                          )
                                                             )
MARY KAY INC.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

MAYBELLINE LLC                                          )
                                                       )
NOXELL CORPORATION                                     )
a subsidiary of COTY INC.                              )
                                                       )
PFIZER INC.                                            )
individually and as successor to COTY INC. and         )
COTY INTERNATIONAL, INC.                               )
                                                       )
R.T. VANDERBILT HOLDING COMPANY,                       )
INC., individually and as successor-in-interest to     )
R.T. VANDERBILT COMPANY, INC.                          )
                                                       )
REVLON CONSUMER PRODUCTS                               )
CORPORATION, individually and as successor to          )
REVLON RESEARCH LABORATORIES INC.,                     )
CHARLES OF THE RITZ INC., LAVIN-                        )
CHARLES OF THE RITZ, JEAN NATÉ, E.R.                   )
SQUIBB CORP., and YVES SAINT LAURENT                   )
                                                       )
REVLON, INC.                                           )
individually and as successor to ELIZABETH             )
ARDEN, INC., CHARLES OF THE RITZ INC.,                 )
LAVIN-CHARLES OF THE RITZ, JEAN NATÉ,                  )
E.R. SQUIBB, SQUIBB CORP., and YVES                    )
SAINT LAURENT                                          )
                                                       )
RITE AID OF SOUTH CAROLINA, INC.                       )
                                                       )
SOUTHEASTERN GROCERS INC.                              )
individually and as successor-in-interest to BI-LO     )
                                                       )
TOPCO ASSOCIATES, LLC                                  )
                                                       )
VANDERBILT MINERALS, LLC                               )
f/k/a R.T. VANDERBILT COMPANY, INC.,                   )
individually and as successor-in-interest to           )
INTERNATIONAL TALC CO.                                 )
                                                       )
VI-JON, LLC                                            )
f/k/a VI-JON, INC.                                     )
                                                       )
WALGREEN CO.                                           )
                                                       )
WALMART INC.                                           )
                                                       )

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

WITTAKER, CLARK & DANIELS, INC.        )
                                        )
WINN-DIXIE STORES, INC.                 )
a subsidiary BI-LO a subsidiary of      )
SOUTHEASTERN GROCERS, INC.              )
                                        )
YVES SAINT LAURENT AMERICA, INC.        )
                                        )
                    Defendants.         )
_____)

Defendant Color Techniques, Inc. ("Defendant"), answering the Amended Complaint in the above-captioned action, denies all allegations in the Amended Complaint not specifically admitted below. In doing so, Defendant reserves all rights to include in the Answer any defenses and/or objections and make any Motions under Rule 12 of the South Carolina Rules of Civil Procedure and reserves all rights to amend this Answer pursuant to Rule 15(a) of the South Carolina Rules of Civil Procedure. Defendant responds to each numbered paragraph in the Amended Complaint as follows:

**FOR A FIRST DEFENSE AND MOTION TO DISMISS UNDER THE SOUTH CAROLINA DOOR CLOSING STATUTE**

Plaintiffs, alleged residents of Tennessee, do not have the capacity to bring these claims against Defendant, a corporation created under the laws of another state, pursuant to Section 15-5-150 of the South Carolina Code of Laws, also referred to as the South Carolina Door Closing Statute, and Plaintiffs' Amended Complaint must therefore be dismissed.

**FOR A SECOND DEFENSE**

Defendant, answering the correspondingly numbered paragraphs of Plaintiffs' Amended Complaint, alleges and says:

4

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## RESPONSE TO GENERAL ALLEGATIONS

1.    Defendant denies the allegations in Paragraph 1 that are directed at Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 1 and therefore denies the same.

2.    Paragraph 2 (including all-subparagraphs) states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 insofar as they relate to Defendant.

3.    Defendant denies the allegations of Paragraph 3 of the Amended Complaint that are directed at this Defendant. To the extent the allegations of Paragraph 3 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 3 of the Amended Complaint.

4.    Defendant denies the allegations in Paragraph 4 that are directed at Defendant.  To the extent the allegations of Paragraph4 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 4 and therefore denies the same.

5.    Defendant denies the allegations in Paragraph 5 that are directed at Defendant.  To the extent the allegations of Paragraph 5 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 5 and therefore denies the same.

6.    Defendant denies the allegations in Paragraph 6 that are directed at Defendant.  To the extent the allegations of Paragraph 6 of the Amended Complaint are directed against or pertain

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 6 and therefore denies the same.

7.     Defendant denies the allegations in Paragraph 7 that are directed at Defendant.  To the extent the allegations of Paragraph7 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 7 and therefore denies the same.

8.     Defendant denies the allegations in Paragraph 8 that are directed at Defendant.  To the extent the allegations of Paragraph 8 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 8 and therefore denies the same.

9.     Defendant denies the allegations in Paragraph 9 that are directed at Defendant.  To the extent the allegations of Paragraph 9 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 9 and therefore denies the same.

10.     Defendant denies the allegations in Paragraph 10 that are directed at Defendant.  To the extent the allegations of Paragraph 10 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 10 and therefore denies the same.

11.     Defendant denies the allegations in Paragraph 11 that are directed at Defendant.  To the extent the allegations of Paragraph 11 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 11 and therefore denies the same.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

12.     Defendant denies the allegations in Paragraph 12 that are directed at Defendant.  To the extent the allegations of Paragraph 12 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 12 and therefore denies the same.

13.     Defendant is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 13 of the Amended Complaint and therefore denies the same. To the extent the allegations of Paragraph 13 of the Amended Complaint could be construed as to allege liability as to Defendant, those allegations are denied.

14.     The allegations of Paragraph 14 of the Amended Complaint are not directed at this Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint insofar as they relate to Defendant.

15.     Defendant denies the allegations in Paragraph 15 that are directed at Defendant.  To the extent the allegations of Paragraph 15 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 15 and therefore denies the same.

16.     Defendant denies the allegations in Paragraph 16 that are directed at Defendant.  To the extent the allegations of Paragraph 16 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 16 and therefore denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 17 and therefore denies the same.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

18.     Defendant denies the allegations in Paragraph 18 that are directed at Defendant. To the extent the allegations of Paragraph 18 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 18 and therefore denies the same.

19.     Defendant admits so much of the allegations of Paragraph 19 of the Amended Complaint as allege that it is a company organized under the laws of a state other than South Carolina. Defendant denies the remaining allegations of Paragraph 19 of the Amended Complaint insofar as they relate to Defendant.

20.     Defendant admits so much of the allegations of Paragraph 20 of the Amended Complaint as allege that certain diseases have been linked with exposure to asbestos; however, Defendant denies Sarah J. Plant ("Mrs. Plant") was exposed to asbestos from any product attributable to Defendant and/or that any act or omission on the part of Defendant caused or contributed to Mrs. Plant's alleged disease. Defendant denies the remaining allegations of Paragraph 20 of the Amended Complaint insofar as they relate to Defendant.

21.     Defendant denies the allegations of Paragraph 21 of the Amended Complaint that are directed at this Defendant. To the extent the allegations of Paragraph 21 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 21 of the Amended Complaint.

22.     Defendant denies the allegations of Paragraph 22 of the Amended Complaint that are directed at Defendant. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 22 of the Amended Complaint and therefore denies the same.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

23.     Defendant denies the allegations of Paragraph 23 of the Amended Complaint that are directed at Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 23 of the Amended Complaint and therefore denies the same.

## RESPONSE TO THE PARTIES

24.     Defendant is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 24 of the Amended Complaint and therefore denies the same.  To the extent the allegations of Paragraph 24 of the Amended Complaint could be construed as to allege liability as to Defendant, those allegations are denied.

25.     Defendant is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 25 of the Amended Complaint and therefore denies the same.  To the extent the allegations of Paragraph 25 of the Amended Complaint could be construed as to allege liability as to Defendant, those allegations are denied.

26.     The allegations of Paragraph 26 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint insofar as they relate to Defendant.

27.     The allegations of Paragraph 27 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint insofar as they relate to Defendant.

28.     The allegations of Paragraph 28 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the allegations contained in Paragraph 28 of the Amended Complaint insofar as they relate to Defendant.

29.    The allegations of Paragraph 29 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint insofar as they relate to Defendant.

30.    The allegations of Paragraph 30 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint insofar as they relate to Defendant.

31.    The allegations of Paragraph 31 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint insofar as they relate to Defendant.

32.    The allegations of Paragraph 32 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint insofar as they relate to Defendant.

33.    The allegations of Paragraph 32 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint insofar as they relate to Defendant.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

34.     The allegations of Paragraph 33 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint insofar as they relate to Defendant.

35.     The allegations of Paragraph 34 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint insofar as they relate to Defendant.

36.     The allegations of Paragraph 35 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint insofar as they relate to Defendant.

37.     The allegations of Paragraph 36 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint insofar as they relate to Defendant.

38.     Defendant admits so much of the allegations of Paragraph 38 of the Amended Complaint as they allege that Defendant is incorporated in the State of New Jersey and has its principal place of business in New Jersey.  Defendant denies the remaining allegations of Paragraph 38 of the Amended Complaint.

39.     The allegations of Paragraph 39 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the allegations contained in Paragraph 39 of the Amended Complaint insofar as they relate to Defendant.

40.    The allegations of Paragraph 40 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint insofar as they relate to Defendant.

41.    The allegations of Paragraph 41 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint insofar as they relate to Defendant.

42.    The allegations of Paragraph 42 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint insofar as they relate to Defendant.

43.    The allegations of Paragraph 43 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint insofar as they relate to Defendant.

44.    The allegations of Paragraph 44 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint insofar as they relate to Defendant.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

45.     The allegations of Paragraph 45 of the Amended Complaint are not directed at this Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint insofar as they relate to Defendant.

46.     The allegations of Paragraph 46 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint insofar as they relate to Defendant.

47.     The allegations of Paragraph 47 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint insofar as they relate to Defendant.

48.     The allegations of Paragraph 48 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint insofar as they relate to Defendant.

49.     The allegations of Paragraph 49 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint insofar as they relate to Defendant.

50.     The allegations of Paragraph 50 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the allegations contained in Paragraph 50 of the Amended Complaint insofar as they relate to Defendant.

51.     The allegations of Paragraph 51 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint insofar as they relate to Defendant.

52.     The allegations of Paragraph 52 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint insofar as they relate to Defendant.

53.     The allegations of Paragraph 53 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint insofar as they relate to Defendant.

54.     The allegations of Paragraph 54 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint insofar as they relate to Defendant.

55.     The allegations of Paragraph 55 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint insofar as they relate to Defendant.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

56.     The allegations of Paragraph 56 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint insofar as they relate to Defendant.

57.     The allegations of Paragraph 57 of the Amended Complaint are not directed at this Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 57 of the Amended Complaint insofar as they relate to Defendant.

58.     The allegations of Paragraph 58 of the Amended Complaint are not directed at this Defendant and do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 58 of the Amended Complaint insofar as they relate to Defendant.

59.     The allegations of Paragraph 59 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint insofar as they relate to Defendant.

60.     The allegations of Paragraph 60 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 60 of the Amended Complaint insofar as they relate to Defendant.

61.     The allegations of Paragraph 61 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the allegations contained in Paragraph 61 of the Amended Complaint insofar as they relate to Defendant.

62.    The allegations of Paragraph 62 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 62 of the Amended Complaint insofar as they relate to Defendant.

63.    The allegations of Paragraph 63 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 63 of the Amended Complaint insofar as they relate to Defendant.

64.    The allegations of Paragraph 64 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 64 of the Amended Complaint insofar as they relate to Defendant.

65.    The allegations of Paragraph 65 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 65 of the Amended Complaint insofar as they relate to Defendant.

66.    The allegations of Paragraph 66 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 66 of the Amended Complaint insofar as they relate to Defendant.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

67.     The allegations of Paragraph 67 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 67 of the Amended Complaint insofar as they relate to Defendant.

68.     The allegations of Paragraph 68 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 68 of the Amended Complaint insofar as they relate to Defendant.

69.     The allegations of Paragraph 69 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 69 of the Amended Complaint insofar as they relate to Defendant.

70.     The allegations of Paragraph 70 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 70 of the Amended Complaint insofar as they relate to Defendant.

71.     The allegations of Paragraph 71 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 71 of the Amended Complaint insofar as they relate to Defendant.

72.     The allegations of Paragraph 72 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the allegations contained in Paragraph 72 of the Amended Complaint insofar as they relate to Defendant.

73.     The allegations of Paragraph 73 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 73 of the Amended Complaint insofar as they relate to Defendant.

74.     The allegations of Paragraph 74 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 74 of the Amended Complaint insofar as they relate to Defendant.

75.     The allegations of Paragraph 75 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 75 of the Amended Complaint insofar as they relate to Defendant.

76.     The allegations of Paragraph 76 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 76 of the Amended Complaint insofar as they relate to Defendant.

## RESPONSE TO ALLEGATIONS OF BACKGROUND FACTS

77.     Defendant admits so much of the allegations of Paragraph 77 of the Amended Complaint as allege that Plaintiffs purport to bring this action for monetary damages as a result of Mrs. Plant contracting an asbestos-related disease, but Defendant denies it is liable to Plaintiffs for monetary damages, that any act or omission on the part of Defendant caused or contributed to Mrs.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Plant's alleged disease, that it is liable for any of the causes of action set forth in the Amended Complaint, or that it is liable to Plaintiffs on any other basis.

78.     Defendant is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 78 of the Amended Complaint and therefore denies the same.

79.     Defendant denies the allegations of Paragraph 79 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 79 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 79 of the Amended Complaint.

80.     Defendant denies the allegations of Paragraph 80 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 80 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 80 of the Amended Complaint.

81.     Defendant denies the allegations of Paragraph 81 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 81 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 81 of the Amended Complaint.

82.     Defendant denies the allegations of Paragraph 82 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 82 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 82 of the Amended Complaint.

83.     Defendant denies the allegations of Paragraph 83 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 83 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 83 of the Amended Complaint.

84.     Defendant denies the allegations of Paragraph 84 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 84 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 84 of the Amended Complaint.

85.     Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 85 of the Amended Complaint.

86.     Defendant denies the allegations of Paragraph 86 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 86 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 86 of the Amended Complaint.

87.     Defendant denies the allegations of Paragraph 87 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 87 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 87 of the Amended Complaint.

88.    Defendant denies the allegations of Paragraph 88 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 88 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 88 of the Amended Complaint.

89.     Defendant denies the allegations of Paragraph 89 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 89 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 89 of the Amended Complaint.

### RESPONSE TO THE FIRST CAUSE OF ACTION
**(Alleged Product Liability: Negligence)**

90.    In response to Paragraph 90 of the Amended Complaint, Defendant repeats and re-alleges each and every responses contained in this Answer.

91.    Defendant denies the allegations of Paragraph 91 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 91 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 91 of the Amended Complaint.

92.    Defendant denies the allegations of Paragraph 92 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 92 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 92 of the Amended Complaint.

93.     Defendant denies the allegations of Paragraph 93 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 93 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 93 of the Amended Complaint.

94.     Defendant denies the allegations of Paragraph 94 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 94 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 94 of the Amended Complaint.

95.     Defendant denies the allegations of Paragraph 95 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 95 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 95 of the Amended Complaint.

96.     Defendant is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 96 of the Amended Complaint and therefore denies the same.  To the extent the allegations of Paragraph 96 of the Amended Complaint could be construed as to allege liability as to Defendant, those allegations are denied.

97.     Defendant is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 97 of the Amended Complaint and therefore denies the same.  To the

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

extent the allegations of Paragraph 97 of the Amended Complaint could be construed as to allege liability as to Defendant, those allegations are denied.

98.    Defendant denies the allegations contained in Paragraph 98 of the Amended Complaint insofar as they relate to Defendant and denies that Plaintiff is entitled to the relief sought or to any relief from Defendant.  To the extent the allegations of Paragraph 98 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 98 of the Amended Complaint.

99.    Defendant denies the allegations of Paragraph 99 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 99 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 99 of the Amended Complaint.

100.    Defendant denies the allegations of Paragraph 100 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 100 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 100 of the Amended Complaint.

101.    Defendant denies the allegations of Paragraph 101 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 101 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 101 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

102.     Defendant denies the allegations of Paragraph 102 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 102 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 102 of the Amended Complaint.

103.     Defendant denies the allegations of Paragraph 103 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 103 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 103 of the Amended Complaint.

104.     Defendant denies the allegations of Paragraph 104 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 104 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 104 of the Amended Complaint.

105.     Defendant denies the allegations contained in Paragraph 105 of the Amended Complaint insofar as they relate to Defendant and denies that Plaintiff is entitled to the relief sought or to any relief from Defendant.   To the extent the allegations of Paragraph 105 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 105 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## RESPONSE TO THE SECOND CAUSE OF ACTION
**(Alleged Product Liability: Strict Liability – S.C. Code Ann. § 15-73-10, et seq.)**

106.    In response to Paragraph 106 of the Amended Complaint, Defendant repeats and re-alleges each and every responses contained in this Answer.

107.    Defendant is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 107 of the Amended Complaint and therefore denies the same.  To the extent the allegations of Paragraph 107 of the Amended Complaint could be construed as to allege liability as to Defendant, those allegations are denied.

108.    Defendant denies the allegations of Paragraph 108 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 108 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 108 of the Amended Complaint.

109.    Defendant denies the allegations of Paragraph 109 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 109 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 109 of the Amended Complaint.

110.    Defendant denies the allegations of Paragraph 110 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 110 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 110 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

111.    Defendant denies the allegations of Paragraph 111 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 111 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 111 of the Amended Complaint.

112.    Defendant denies the allegations of Paragraph 112 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 112 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 112 of the Amended Complaint.

113.    Defendant denies the allegations of Paragraph 113 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 113 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 113 of the Amended Complaint.

114.    Defendant denies the allegations of Paragraph 114 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 114 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 114 of the Amended Complaint.

115.    Defendant denies the allegations of Paragraph 115 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 115 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 115 of the Amended Complaint.

116.     Defendant denies the allegations of Paragraph 116 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 116 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 116 of the Amended Complaint.

117.     Defendant denies the allegations of Paragraph 117 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 117 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 117 of the Amended Complaint.

118.     Defendant denies the allegations of Paragraph 118 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 118 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 118 of the Amended Complaint.

119.     Defendant denies the allegations of Paragraph 119 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 119 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 119 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

120.    Defendant denies the allegations of Paragraph 120 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 120 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 120 of the Amended Complaint.

121.    Defendant denies the allegations of Paragraph 121 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 121 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 121 of the Amended Complaint.

122.    Defendant denies the allegations of Paragraph 122 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 122 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 122 of the Amended Complaint.

### RESPONSE TO THE THIRD CAUSE OF ACTION
**(Alleged Negligence *Per Se*)**

123.    In response to Paragraph 123 of the Amended Complaint, Defendant repeats and re-alleges each and every responses contained in this Answer.

124.    Defendant denies the allegations of Paragraph 124 of the Amended Complaint that are directed at this Defendant. To the extent the allegations of Paragraph 124 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 124 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

125.    Defendant denies the allegations of Paragraph 125 of the Amended Complaint that are directed at this Defendant. To the extent the allegations of Paragraph 125 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 125 of the Amended Complaint.

126.    Defendant denies the allegations of Paragraph 126 of the Amended Complaint that are directed at this Defendant. To the extent the allegations of Paragraph 126 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 126 of the Amended Complaint.

**RESPONSE TO THE FOURTH CAUSE OF ACTION**
**(Alleged Product Liability: Breach of Implied Warranties – S.C. Code Ann. § 36-2-314)**

127.    In response to Paragraph 127 of the Amended Complaint, Defendant repeats and re-alleges each and every responses contained in this Answer.

128.    Defendant denies the allegations of Paragraph 128 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 128 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 128 of the Amended Complaint.

129.    Defendant denies the allegations of Paragraph 129 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 129 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 129 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

130.     Defendant denies the allegations of Paragraph 130 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 130 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 130 of the Amended Complaint.

## RESPONSE TO THE FIFTH CAUSE OF ACTION
### (Alleged Fraudulent Misrepresentation)

131.     In response to Paragraph 131 of the Amended Complaint, Defendant repeats and re-alleges each and every responses contained in this Answer.

132.     Defendant denies the allegations of Paragraph 132 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 132 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 132 of the Amended Complaint.

133.     Defendant denies the allegations of Paragraph 133 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 133 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 133 of the Amended Complaint.

134.     Defendant denies the allegations of Paragraph 134 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 134 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 134 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## RESPONSE TO THE SIXTH CAUSE OF ACTION
### (Alleged Fraudulent Misrepresentation and Conspiracy/Concert Action)

135.    In response to Paragraph 135 of the Amended Complaint, Defendant repeats and re-alleges each and every responses contained in this Answer.

136.    Defendant denies the allegations of Paragraph 136 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 136 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 136 of the Amended Complaint.

137.    Defendant denies the allegations of Paragraph 137 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 137 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 137 of the Amended Complaint.

138.    Defendant denies the allegations of Paragraph 138 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 138 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 138 of the Amended Complaint.

139.    Defendant denies the allegations of Paragraph 139 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 139 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 139 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

140.    Defendant denies the allegations of Paragraph 140 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 140 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 140 of the Amended Complaint.

141.    Defendant denies the allegations of Paragraph 141 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 141 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 141 of the Amended Complaint.

142.    Defendant denies the allegations of Paragraph 142 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 142 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 142 of the Amended Complaint.

143.    Defendant denies the allegations of Paragraph 143 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 143 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 143 of the Amended Complaint.

144.    Defendant denies the allegations of Paragraph 144 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 144 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 144 of the Amended Complaint.

145.    Defendant denies the allegations of Paragraph 145 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 145 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 145 of the Amended Complaint.

146.    Defendant denies the allegations of Paragraph 146 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 146 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 146 of the Amended Complaint.

147.    Defendant denies the allegations of Paragraph 147 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 147 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 147 of the Amended Complaint.

148.    Defendant denies the allegations of Paragraph 148 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 148 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 148 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

149.    Defendant denies the allegations of Paragraph 149 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 149 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 149 of the Amended Complaint.

150.    Defendant denies the allegations of Paragraph 150 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 150 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 150 of the Amended Complaint.

151.    Defendant denies the allegations of Paragraph 151 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 151 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 151 of the Amended Complaint.

152.    Defendant denies the allegations of Paragraph 152 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 152 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 152 of the Amended Complaint.

153.    Defendant denies the allegations of Paragraph 153 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 153 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 153 of the Amended Complaint.

154.    Defendant denies the allegations of Paragraph 154 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 154 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 154 of the Amended Complaint.

155.    Defendant denies the allegations of Paragraph 155 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 155 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 155 of the Amended Complaint.

156.    Defendant denies the allegations of Paragraph 156 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 156 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 156 of the Amended Complaint.

157.    Defendant denies the allegations of Paragraph 157 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 157 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 157 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

158.    Defendant denies the allegations of Paragraph 158 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 158 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 158 of the Amended Complaint.

159.    Defendant denies the allegations of Paragraph 159 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 159 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 159 of the Amended Complaint.

160.    Defendant denies the allegations of Paragraph 160 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 160 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 160 of the Amended Complaint.

161.    Defendant denies the allegations of Paragraph 161 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 161 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 161 of the Amended Complaint.

162.    Defendant denies the allegations of Paragraph 162 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 16 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 162 of the Amended Complaint.

163.    Defendant denies the allegations of Paragraph 163 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 163 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 163 of the Amended Complaint.

164.    Defendant denies the allegations of Paragraph 164 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 164 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 164 of the Amended Complaint.

165.    Defendant denies the allegations of Paragraph 165 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 165 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 165 of the Amended Complaint.

166.    Defendant denies the allegations of Paragraph 166 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 166 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 166 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

167.     Defendant denies the allegations of Paragraph 167 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 167 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 167 of the Amended Complaint.

168.     Defendant denies the allegations of Paragraph 168 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 168 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 168 of the Amended Complaint.

169.     Defendant denies the allegations of Paragraph 169 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 169 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 169 of the Amended Complaint.

170.     Defendant denies the allegations of Paragraph 170 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 170 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 170 of the Amended Complaint.

171.     Defendant denies the allegations of Paragraph 171 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 171 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 171 of the Amended Complaint.

172.     Defendant denies the allegations of Paragraph 172 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 172 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 172 of the Amended Complaint.

173.      Defendant denies the allegations of Paragraph 173 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 173 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 173 of the Amended Complaint.

174.     Defendant denies the allegations of Paragraph 174 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 174 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 174 of the Amended Complaint.

175.     Defendant denies the allegations of Paragraph 175 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 175 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 175 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

176.    Defendant denies the allegations of Paragraph 176 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 176 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 176 of the Amended Complaint.

177.    Defendant denies the allegations of Paragraph 177 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 177 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 177 of the Amended Complaint.

178.    Defendant denies the allegations of Paragraph 178 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 178 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 178 of the Amended Complaint.

179.    Defendant denies the allegations of Paragraph 179 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 179 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 179 of the Amended Complaint.

180.    Defendant denies the allegations of Paragraph 180 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 180 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 180 of the Amended Complaint.

181.     Defendant denies the allegations of Paragraph 181 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 181 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 181 of the Amended Complaint.

182.      Defendant denies the allegations of Paragraph 182 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 182 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 182 of the Amended Complaint.

183.     Defendant denies the allegations of Paragraph 183 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 183 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 183 of the Amended Complaint.

184.     Defendant denies the allegations of Paragraph 184 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 184 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 184 of the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

185.    Defendant denies the allegations of Paragraph 185 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 185 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 185 of the Amended Complaint.

186.    Defendant denies the allegations of Paragraph 186 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 186 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 186 of the Amended Complaint.

187.    Defendant denies the allegations of Paragraph 187 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 187 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 187 of the Amended Complaint.

188.    Defendant denies the allegations of Paragraph 188 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 188 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 188 of the Amended Complaint.

189.    Defendant denies the allegations of Paragraph 189 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 189 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 189 of the Amended Complaint.

190.     Defendant denies the allegations of Paragraph 190 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 190 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 190 of the Amended Complaint.

191.     Defendant denies the allegations of Paragraph 191 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 191 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 191 of the Amended Complaint.

192.     Defendant denies the allegations of Paragraph 192 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 192 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 192 of the Amended Complaint.

193.     Paragraph 193 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 193 insofar as they relate to Defendant.

194.     Defendant denies the allegations of Paragraph 194 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 194 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 194 of the Amended Complaint.

195.    The allegations of Paragraph 195 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 195 of the Amended Complaint insofar as they relate to Defendant.

196.    The allegations of Paragraph 196 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 196 of the Amended Complaint insofar as they relate to Defendant.

197.    The allegations of Paragraph 197 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 197 of the Amended Complaint insofar as they relate to Defendant.

198.    The allegations of Paragraph 198 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 198 of the Amended Complaint insofar as they relate to Defendant.

199.    The allegations of Paragraph 199 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 199 of the Amended Complaint insofar as they relate to Defendant.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

200.    The allegations of Paragraph 200 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 200 of the Amended Complaint insofar as they relate to Defendant.

201.    The allegations of Paragraph 201 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 2017 of the Amended Complaint insofar as they relate to Defendant.

202.    The allegations of Paragraph 202 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 202 of the Amended Complaint insofar as they relate to Defendant.

203.    The allegations of Paragraph 203 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 203 of the Amended Complaint insofar as they relate to Defendant.

204.    The allegations of Paragraph 204 of the Amended Complaint are not directed at this Defendant and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 204 of the Amended Complaint insofar as they relate to Defendant.

205.    Defendant denies the allegations of Paragraph 205 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 205 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 205 of the Amended Complaint.

206.     Defendant denies the allegations of Paragraph 206 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 206 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 206 of the Amended Complaint.

207.     Defendant denies the allegations of Paragraph 207 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 207 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 207 of the Amended Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION
### (Alleged Loss of Consortium)

208.     In response to Paragraph 208 of the Amended Complaint, Defendant repeats and re-alleges each and every responses contained in this Answer.

209.     Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 209 and therefore denies the same.

210.     Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 210 and therefore denies the same.

211.     Defendant denies the allegations of Paragraph 211 of the Amended Complaint that are directed at this Defendant.  To the extent the allegations of Paragraph 211 of the Amended Complaint are directed against or pertain to parties other than Defendant, Defendant is without

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 211 of the Amended Complaint.

In response to the "WHEREFORE" clause (including all sub-paragraphs) contained in the final, unnumbered Paragraph of Plaintiff's Amended Complaint, Defendant denies the allegations made therein which are directed at Defendant.  Defendant is without knowledge or information sufficient form a belief as to the remaining allegations in that clause and therefore denies the same.

## FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to state a cause of action for which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent precluded by the doctrine of election of remedies.

## FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek punitive damages because such claims violate Defendant's right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina.

## FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of comparative negligence.

## FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, and/or by the doctrines of laches, waiver, and/or estoppel.

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

### FOR A SIXTH AFFIRMATIVE DEFENSE

Any claim for punitive damages under state law must comply with the requirements of S.C. Code Ann. § 15-32-310 *et seq.*

### FOR A SEVENTH AFFIRMATIVE DEFENSE

Any injuries and / or damages suffered by Plaintiffs, if any, were due to and caused by, and were a direct a proximate result of negligence, carelessness, recklessness, willfulness, and wantonness of parties other than Defendant, over whom Defendant had no control or duty to control.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any danger or risk associated with the use of any of Defendant's products or on the premises of Defendant, if any, was known or should have been known to Plaintiffs, and that if the Plaintiffs used any product or products of Defendant or worked on Defendant's premises, the Plaintiffs assumed the risk of being injured thereby by reason of which this Defendant would not be liable to Plaintiffs in any sum whatsoever.

### FOR A NINTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any injuries or damages as set forth in this Amended Complaint, which Defendant denies, the same were due to and caused solely by the acts or omissions of recklessness, willfulness and negligence of the Employer(s) of Plaintiffs and the acts or omissions of recklessness, negligence, willfulness or wantonness on the part of the Employer(s) of Plaintiffs were the sole and proximate cause of the injuries and damages of Plaintiffs, if any.

### FOR A TENTH AFFIRMATIVE DEFENSE

If any implied warranties were made by Defendant, and Defendant denies that any were, said warranties were effectively excluded in situations which its products were used and applied

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

improperly and contrary to instructions, and that any hazard resulting there from was caused by such improper use and applications to as to exclude any recover for such damages under any implied warranty.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs were not in privity with Defendant and, therefore, cannot recover upon any alleged breach of an alleged implied warranty.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because he failed to notify Defendant within a reasonable period of time after he discovered or should have discovered the alleged defect in its products, and, therefore, Plaintiffs are barred from recovery.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

In the event it is determined that any product developed, manufactured, distributed, or sold by Defendant was dangerous, which danger is specifically denied, Defendant was unaware of such danger as it would apply in any conceivable use of its product by Plaintiffs; furthermore, the discovery of such danger was beyond the state of the art of the time such product or products were manufactured, distributed or sold.  Further, such products were manufactured, distributed and sold in conformity with the state of the art and/or prevailing industry standards at that time.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any asbestos containing products manufactured and sold by Defendant, if any, which give rise to Plaintiffs' claims herein and manufactured pursuant to and in accordance with specifications mandated by the United States Government and/or its agencies.  This knowledge of the United States Government and its agencies of any possible health hazard from use of such products was equal or superior to that of Defendant, and by reason therefore, Defendant is entitled to such

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

immunity from liability as it exists in favor of the United States Government or its agencies.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because even if Plaintiffs were exposed to any of Defendant's products, Defendant's products at the time were manufactured in conformity with Federal and State regulations, standards, specifications, and laws.

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to join necessary and indispensable parties.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs prove injury, which Defendant denies, any causal connection between Defendant and such injury is too remote, indefinite and speculative to serve as the basis of recover against Defendant.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' exposure to the product or premises of this Defendant, if any, was minimal, *de minimis* and insufficient to establish a reasonable degree of probability that any such product or premises caused any alleged injury, damage or loss to Plaintiffs.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE

Although Defendant denies all allegations of the Amended Complaint with regard to culpability on its part, Defendant assert that if any of its products were unsafe for the use for which they were intended, which is also strenuously denied, that condition was unavoidable and was apparent to Plaintiffs and her Employer and Plaintiffs and Employer had been given adequate warning of said condition, or should have been aware of said condition owing to their knowledge and experience in their field of endeavor.  Accordingly, Plaintiffs are precluded from recovery

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

from Defendant by South Carolina Code of Laws, § 15-73-20 (1976), as Amended.

### FOR A TWENTIETH AFFIRMATIVE DEFENSE

The absence of warnings on any product of this Defendant, if any, did not lead to reasonable reliance by Plaintiffs on the safety of any such product.

### FOR A TWENTY-FIRST AFFIMATIVE DEFENSE

Any injury to Plaintiffs was attributable to an unavoidable accident, as that term is known in the law, or, in the alternative, was caused by the acts or omissions of third parties, firms, or corporations, or by instrumentalities which are in no way connected with Defendant and for which Defendant should not be held legally responsible.

### FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

### FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

There was no consort of action between Defendant and any of the other Defendants, and, therefore, Defendants are not join tortfeasors and Defendant may not be held jointly and severally liable with the other Defendants.

### FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' exclusive remedy and right to recover is under applicable State or Federal workers' compensation laws because the alleged injuries of the Plaintiffs occurred during the course and scope of her employment and therefore Plaintiffs' recovery is barred.

### FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any injury or damages, which is denied, the same were due and proximately caused solely by the acts, and/or omissions of recklessness, willfulness, and

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

negligence of the Plaintiffs' labor union, and that the facts and/or omissions of recklessness, negligence, willfulness and wantonness upon the part of Plaintiffs' labor union were the sole proximate cause of Plaintiffs' injury and damage, and therefore, they may not recover herein.

**FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant was under no legal duty to warn Plaintiffs of any alleged hazards from use of any of the products containing asbestos, if any.  Defendant further asserts that the actual purchaser, Plaintiffs' Employer (a sophisticated Employer), and/or Plaintiffs' union were in a far better position to warn Plaintiffs and, if any such warnings was legally required, which is denied, its failure to warn was an intervening, superseding, or insulating proximate cause of Plaintiffs' injuries, if any.

**FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendant are barred, in whole or in part, because separate and/or intervening acts or failure to act on the part of persons or entities other than Defendant were the sole proximate cause of Plaintiffs' alleged injuries, if any.

**FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

If Plaintiff was exposed to any asbestos-containing products for which this Defendant may be legally responsible, which is denied, such products were provided or installed by Defendant pursuant to specifications prepared by parties other than Defendant.

**FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, as a result of Plaintiffs abuse, mishandling, and/or misapplication of any subject product.

**FOR A THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, as a result of Plaintiffs' failure to follow

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the requirements of S.C. Code § 44-135-10, *et seq*.

### FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because venue is improper.

### FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Door Closing Statute, S.C. Code Ann. § 15-5-150.

### FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against any recovery herein, in the amount of all sums paid to Plaintiffs pursuant to the Workers Compensation act, Social Security Administration, and/or in settlement from any person or entity other than Defendant.

### FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by the Occupational Safety and Health Administration's regulations and/or other applicable federal statutes, laws, and/or regulations.

### FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

The court lacks personal jurisdiction over Defendant pursuant to Rule 12(b)(2) of the South Carolina Rules of Civil Procedure and the United States Constitution.

### FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised her claims herein, and accordingly, said claims are barred by operation of law; alternatively, Plaintiffs have accepted compensation as partial settlement of those claims for which this Defendant is entitled to a set-off.

### FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise ordinary care for her own safety and well-being, and that failure

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to exercise ordinary care proximately and directly caused and/or contributed to the alleged illness and injury pled in the Amended Complaint.  Consequently, this Defendant is entitled to the full protection afforded by law.

## FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim of any successor liability and/or association with other entities is not factually or legally supported, and, as such, Plaintiffs have no claim against this Defendant as asserted.

## FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges it is not responsible for the product line or items which Plaintiffs claim that it manufactured, distributed, or sold.  Rather, this Defendant asserts that another entity manufactured, distributed, and sold this product line and is legally responsible therefor.

## FOR A FORTIETH AFFIRMATIVE DEFENSE

Defendant alleges that to the extent any claim for relief in the Amended Complaint, or Amended Complaint, seeks to recover damages against this Defendant for alleged acts or omissions of predecessors or successors-in-interest to this Defendant of any kind or description, said Defendant asserts that it is not legally responsible and cannot legally be held liable for any such acts or omissions.  This Defendant further asserts that it cannot be held liable for punitive damages and/or exemplary damages which are or may be attributable to the conduct of any predecessor or successor-in-interest.  Further, this Defendant asserts that the conduct of any predecessor or successor-in-interest cannot, as a matter of law, provide a legal basis for liability or the imposition of damages against this Defendant.

## FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against this Defendant are barred, diminished or reduced in that the

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

product(s) or equipment, if any, utilized by Plaintiffs were altered or changed from the original condition of said product(s) or equipment at the time it left the possession and control of this Defendant.

### FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

If it should be proven that the Plaintiffs, while working for or otherwise associated with the United States Government, worked in the vicinity of asbestos-containing products being installed or manipulated by this Defendant, such materials, upon information and belief, were manufactured or handled in compliance with military specifications and contract requirements for a specific intended use by the United States Government. Without in any way limiting this defense, the government contractor defense may also bar Plaintiffs' claim.

### FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

Any claim for punitive damages must comply with the requirements of S.C. Code Ann. §§ 15-32-510, 15-32-520, and 15-32-530, and Defendant expressly pleads those statutory sections as a defense, including but not limited to the defenses that Plaintiffs must specifically allege a claim for punitive damages as set forth in § 15-32-510, trial must be bifurcated as set forth in § 15-32-520, and any punitive damage award is subject to the limitations and caps set forth in § 15-32-530.

### FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses as this matter progresses.

### ANSWER TO CROSS-CLAIMS

This Defendant, answering any and all Cross-Claims which may have already been asserted or which may be asserted in the future against this Defendant by and Co-Defendants and/or Third-Party Defendants, says:

1.     In defense of any and all cross-claims, this Defendant incorporates herein as if

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

restated fully all responses and defenses that is has asserted above or may assert in response to the allegations contained in Plaintiffs' Amended Complaint.

2.    The allegations against this Defendant in any and all cross-claims are denied.

3.    This Defendant denies liability with respect to any and all cross-claims.

4.    This Defendant denies that it has any indemnity or contribution liability to any other defendant or Third-Party Defendant.

## RESERVATION OF CROSS-CLAIMS

All cross-claims for contribution and for indemnity by this Defendant against all Co-Defendants and Third-Party Defendants are hereby reserved and implied.

## JURY DEMAND

This Defendant requests trial by jury on all issues so triable.

**WHEREFORE**, this Defendant prays the Court for the following relief:

1.    That Plaintiffs' Amended Complaint be dismissed with prejudice as to this Defendant;

2.    That any and all Cross-Claims against this Defendant be dismissed with prejudice;

3.    That Plaintiffs and other Defendants and/or Third-Party Defendants have and recover nothing from this Defendant;

4.    That the costs of this action be taxed against Plaintiffs and/or other Defendants and/or Third Party Defendants;

Dated: May 2, 2022                     GORDON REES SCULLY MANSUKHANI

                                       By    _s/A. Victor Rawl, Jr._

ELECTRONICALLY FILED - 2022 May 02 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

A. Victor Rawl, Jr. (SC 9261)
E-mail: vrawl@grsm.com
William H. Kleindienst (SC 101278)
E-mail: wkleindienst@grsm.com
40 Calhoun Street, Suite 350
Charleston, SC  29401
Telephone: (843) 278-5900
*Attorneys for Defendant Color
Techniques, Inc.*

ELECTRONICALLY FILED - 2022 May 13 4:28 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.  2022-CP-40-01265 |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT IMI FABI (DIANA)** |
| vs. | ) | **LLC'S MOTION TO DISMISS FOR** |
| | ) | **LACK OF PERSONAL** |
| Avon Products, Inc., et al., | ) | **JURISDICTION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant IMI FABI (Diana) LLC ("Fabi Diana") respectfully submits this Motion to Dismiss[1] Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(2) of the South Carolina Rules of Civil Procedure on the ground that this Court lacks personal jurisdiction over it. Fabi Diana also moves this Court, pursuant to Rule 26(c) of the South Carolina Rules of Civil Procedure, for an Order staying discovery as to Fabi Diana pending resolution of this Motion.

1.     Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of Tennessee and that Sarah J. Plant ("Ms. Plant") developed mesothelioma as the result of exposure to various asbestos-containing talc products.[2]

2.     Plaintiffs' First Amended Complaint lists Fabi Diana "as a Product Defendant" and alleges Ms. Plant was exposed to asbestos-containing talc "mined… processed… imported… supplied… and/or retailed…" by Fabi Diana.[3]

---

[1] Fabi Diana files this Motion in lieu of filing an Answer.  *See* Rule 12(b)(2), SCRCP; *see also id.* at Note ("The motion should be made before answer for early disposition of cases.").  To the extent that the Court determines that an Answer is required, Fabi Diana denies the allegations in the Complaint and Amended Complaint and reserves its right to file a full and complete Answer, with all applicable affirmative defenses, at the appropriate time, after its jurisdictional objections are heard and ruled upon.

[2] Pl.'s First Am. Compl. at ¶¶ 1, 6, 24.

[3] Pl.'s First Am. Compl. at ¶ 51.

ELECTRONICALLY FILED - 2022 May 13 4:28 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

3.      Plaintiffs have failed to make a *prima facie* showing that Fabi Diana is subject to either general or specific personal jurisdiction in South Carolina. Whether an out of state defendant, such as Fabi Diana, is subject to this Court's personal jurisdiction is an individualized analysis that is dependent on the facts of each case. *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005).   At the pretrial stage Plaintiffs bear the burden of establishing personal jurisdiction either by factual allegations in the complaint or in affidavits. *Id.* Where a defendant moves to dismiss for lack of jurisdiction, the court may look to affidavits and other evidence to determine whether jurisdiction exists. *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012).   Here, Plaintiffs' generic and conclusory jurisdictional allegations are just that: bare boilerplate statements, unsupported by fact, which are insufficient to establish this Court's jurisdiction over Fabi Diana. *Id.* at 150-51, 723 S.E.2d at 839 ("The repeating of the statute is insufficient to support a finding of personal jurisdiction… [a] prima facie showing of personal jurisdiction can be made through *factual* allegations in the complaint or through affidavits").

4.      First, the Court does not have general personal jurisdiction over Fabi Diana because it does not have continuous and systematic contacts with South Carolina such that it is essentially "at home" in this state. *See Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007); *see also* S.C. Code Ann. § 36-2-802.   Fabi Diana is not a South Carolina Limited Liability Company and does not have its principal place of business in South Carolina and, therefore, it is not subject to general jurisdiction in South Carolina.[4]   *See e.g.,*

---

[4] Plaintiffs correctly state that Fabi Diana "was and is" a North Carolina limited liability company. Pl.'s First Am. Compl. at ¶ 51.  However, they incorrectly state that its principal place of business is West Virginia when in fact its principal place of business was always in New York.  Supporting Affidavit to be provided.

ELECTRONICALLY FILED - 2022 May 13 4:28 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'").

5.     Second, Plaintiffs have not shown that this Court has specific personal jurisdiction over Fabi Diana.  Specific personal jurisdiction is granted pursuant to South Carolina's long arm statute, S.C. Code Ann. § 36-2-803, which has been construed to extend to the outer limits of the due process clause. *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508.  Due process requires (1) that minimum contacts exist between Fabi Diana and South Carolina such that maintaining the suit does not offend "traditional notions of fair play and substantial justice" and (2) that the exercise of jurisdiction be reasonable and fair. *Id.* at 491-92, 611 S.E.2d at 508.  When examining whether exercise of jurisdiction would be reasonable and fair, the Court must examine (1) the duration of Fabi Diana's activities in South Carolina, (2) the character and circumstances of Fabi Diana's acts, (3) the inconvenience resulting to Fabi Diana by either conferring or refusing jurisdiction, and (4) South Carolina's interest in exercising jurisdiction. *Id.* at 492, 611 S.E.2d at 508.

6.     Plaintiffs have not shown, and cannot show, Fabi Diana has sufficient minimum contacts with South Carolina.  "A minimum contacts analysis requires a court to find the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992).  *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296-297 (1980); *Hanson v. Denckla*, 357 U.S. 235, 251, 253 (1958).  Fabi Diana has not purposefully directed *any* activities at South Carolina and, therefore, there are not sufficient minimum contacts with South Carolina to render this Court's exercise of personal jurisdiction permissible under the Due Process Clause. *See Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478

3

ELECTRONICALLY FILED - 2022 May 13 4:28 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

("Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state.")

7.     Because the Court lacks both general personal jurisdiction and specific personal jurisdiction over Fabi Diana, Plaintiffs' First Amended Complaint must be dismissed with respect to Fabi Diana.

8.     Discovery involving Fabi Diana should be stayed pending resolution of this Motion. *Sullivan* at 151–52, 723 S.E.2d at 839–40 ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition.") ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery"). *See also* Rule 26(c) SCRCP; *Hamm v. South Carolina Pub. Serv. Comm'n*, 312 S.C. 238, 241, 439 S.E.2d. 852, 854 (1994); *Cannon v. United Ins. Co. of Am.*, 352 F.Supp. 1212, 1214-15 (D.S.C. 1973.)

This Motion is based upon, and may be further supplemented with, applicable pleadings, discovery, affidavits, exhibits, deposition transcripts, controlling law, a supporting memorandum of law which will be filed subsequent to this Motion, and such other and further material as the Court may deem appropriate. Fabi Diana's participation in discovery prior to a hearing on this Motion shall not be construed as a waiver by Fabi Diana of any rights, defenses, or objections, including lack of personal jurisdiction, all of which are expressly reserved.

ELECTRONICALLY FILED - 2022 May 13 4:28 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:   s/ David G. Traylor, Jr.
        David G. Traylor, Jr.
        SC Bar No. 05628
        E-Mail: david.traylor@nelsonmullins.com
        Robert O. Meriwether
        SC Bar No. 09828
        E-Mail:  robert.meriwether@nelsonmullins.com
        Michael P. Stover
        SC Bar No. 104757
        E-Mail: michael.stover@nelsonmullins.com
        1320 Main Street / 17th Floor
        Post Office Box 11070 (29211-1070)
        Columbia, SC  29201
        (803) 799-2000

        Attorneys for Defendant IMI Fabi (Diana), LLC

Columbia, South Carolina

May 13, 2022

ELECTRONICALLY FILED - 2022 May 13 4:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.  2022-CP-40-01265 |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT IMI FABI (USA)** |
| vs. | ) | **INC.'s MOTION TO DISMISS FOR** |
| | ) | **LACK OF PERSONAL** |
| Avon Products, Inc., et al., | ) | **JURISDICTION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant IMI FABI (USA) Inc. ("Fabi USA") respectfully submits this Motion to Dismiss[1] Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(2) of the South Carolina Rules of Civil Procedure on the ground that this Court lacks personal jurisdiction over it. Fabi USA also moves this Court, pursuant to Rule 26(c) of the South Carolina Rules of Civil Procedure, for an Order staying discovery as to Fabi USA pending resolution of this Motion.

1.      Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of Tennessee and that Sarah J. Plant ("Ms. Plant") developed mesothelioma as the result of exposure to various asbestos-containing talc products.[2]

2.      Plaintiffs' First Amended Complaint lists Fabi USA "as a Product Defendant" and alleges Ms. Plant was exposed to asbestos-containing talc "mined… processed… imported… supplied… and/or retailed…" by Fabi USA.[3]

---

[1] Fabi USA files this Motion in lieu of filing an Answer.  *See* Rule 12(b)(2), SCRCP; *see also id.* at Note ("The motion should be made before answer for early disposition of cases.").  To the extent that the Court determines that an Answer is required, Fabi USA denies the allegations in the Complaint and Amended Complaint and reserves its right to file a full and complete Answer, with all applicable affirmative defenses, at the appropriate time, after its jurisdictional objections are heard and ruled upon.

[2] Pl.'s First Am. Compl. at ¶¶ 1, 6, 24.

[3] Pl.'s First Am. Compl. at ¶ 52.

1

ELECTRONICALLY FILED - 2022 May 13 4:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

3.     Plaintiffs have failed to make a *prima facie* showing that Fabi USA is subject to either general or specific personal jurisdiction in South Carolina. Whether an out of state defendant, such as Fabi USA, is subject to this Court's personal jurisdiction is an individualized analysis that is dependent on the facts of each case. *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005).   At the pretrial stage Plaintiffs bear the burden of establishing personal jurisdiction either by factual allegations in the complaint or in affidavits. *Id.* Where a defendant moves to dismiss for lack of jurisdiction, the court may look to affidavits and other evidence to determine whether jurisdiction exists. *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012).   Here, Plaintiffs' generic and conclusory jurisdictional allegations are just that: bare boilerplate statements, unsupported by fact, which are insufficient to establish this Court's jurisdiction over Fabi USA. *Id.* at 150-51, 723 S.E.2d at 839 ("The repeating of the statute is insufficient to support a finding of personal jurisdiction... [a] prima facie showing of personal jurisdiction can be made through *factual* allegations in the complaint or through affidavits").

4.     First, the Court does not have general personal jurisdiction over Fabi USA because it does not have continuous and systematic contacts with South Carolina such that it is essentially "at home" in this state. *See Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007); *see also* S.C. Code Ann. § 36-2-802.   Fabi USA is not a South Carolina Limited Liability Company and does not have its principal place of business in South Carolina and, therefore, it is not subject to general jurisdiction in South Carolina.[4]   *See e.g.,*

---

[4] Plaintiffs state that Fabi USA "was and is" a Delaware corporation with its principal place of business in West Virginia.  Pl.'s First Am. Compl. at ¶ 52.  Fabi USA is a Delaware corporation. However, its principal place of business is in Delaware, not West Virginia.  Supporting Affidavit to be provided.

ELECTRONICALLY FILED - 2022 May 13 4:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'").

5.     Second, Plaintiffs have not shown that this Court has specific personal jurisdiction over Fabi USA.  Specific personal jurisdiction is granted pursuant to South Carolina's long arm statute, S.C. Code Ann. § 36-2-803, which has been construed to extend to the outer limits of the due process clause. *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508.  Due process requires (1) that minimum contacts exist between Fabi USA and South Carolina such that maintaining the suit does not offend "traditional notions of fair play and substantial justice" and (2) that the exercise of jurisdiction be reasonable and fair. *Id.* at 491-92, 611 S.E.2d at 508.  When examining whether exercise of jurisdiction would be reasonable and fair, the Court must examine (1) the duration of Fabi USA's activities in South Carolina, (2) the character and circumstances of Fabi USA's acts, (3) the inconvenience resulting to Fabi USA by either conferring or refusing jurisdiction, and (4) South Carolina's interest in exercising jurisdiction. *Id.* at 492, 611 S.E.2d at 508.

6.     Plaintiffs have not shown, and cannot show, Fabi USA has sufficient minimum contacts with South Carolina.  "A minimum contacts analysis requires a court to find the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992).  *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296-297 (1980); *Hanson v. Denckla*, 357 U.S. 235, 251, 253 (1958).  Fabi USA has not purposefully directed *any* activities at South Carolina and, therefore, there are not sufficient minimum contacts with South Carolina to render this Court's exercise of personal jurisdiction permissible under the Due Process Clause. *See Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478

ELECTRONICALLY FILED - 2022 May 13 4:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

("Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state.")

7.     Because the Court lacks both general personal jurisdiction and specific personal jurisdiction over Fabi USA, Plaintiffs' First Amended Complaint must be dismissed with respect to Fabi USA.

8.     Discovery involving Fabi USA should be stayed pending resolution of this Motion. *Sullivan* at 151–52, 723 S.E.2d at 839–40 ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition.") ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery"). *See also* Rule 26(c) SCRCP; *Hamm v. South Carolina Pub. Serv. Comm'n*, 312 S.C. 238, 241, 439 S.E.2d 852, 854 (1994); *Cannon v. United Ins. Co. of Am.*, 352 F.Supp. 1212, 1214-15 (D.S.C. 1973.)

This Motion is based upon, and may be further supplemented with, applicable pleadings, discovery, affidavits, exhibits, deposition transcripts, controlling law, a supporting memorandum of law which will be filed subsequent to this Motion, and such other and further material as the Court may deem appropriate.  Fabi USA's participation in discovery prior to a hearing on this Motion shall not be construed as a waiver by Fabi USA of any rights, defenses, or objections, including lack of personal jurisdiction, all of which are expressly reserved.

4

ELECTRONICALLY FILED - 2022 May 13 4:45 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:  s/ David G. Traylor, Jr.
       David G. Traylor, Jr.
       SC Bar No. 05628
       E-Mail: david.traylor@nelsonmullins.com
       Robert O. Meriwether
       SC Bar No. 09828
       E-Mail:  robert.meriwether@nelsonmullins.com
       Michael P. Stover
       SC Bar No. 104757
       E-Mail: michael.stover@nelsonmullins.com
       1320 Main Street / 17th Floor
       Post Office Box 11070 (29211-1070)
       Columbia, SC  29201
       (803) 799-2000

Attorneys for Defendant IMI Fabi (USA) Inc.

Columbia, South Carolina

May 13, 2022

5

ELECTRONICALLY FILED - 2022 May 13 4:51 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.  2022-CP-40-01265 |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT IMI FABI, LLC'S** |
| vs. | ) | **MOTION TO DISMISS FOR LACK** |
| | ) | **OF PERSONAL JURISDICTION** |
| Avon Products, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant IMI FABI, LLC ("Fabi, LLC") respectfully submits this Motion to Dismiss[1] Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(2) of the South Carolina Rules of Civil Procedure on the ground that this Court lacks personal jurisdiction over it. Fabi, LLC also moves this Court, pursuant to Rule 26(c) of the South Carolina Rules of Civil Procedure, for an Order staying discovery as to Fabi, LLC pending resolution of this Motion.

1.     Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of Tennessee and that Sarah J. Plant ("Ms. Plant") developed mesothelioma as the result of exposure to various asbestos-containing talc products.[2]

2.     Plaintiffs' First Amended Complaint lists Fabi, LLC "as a Product Defendant" and alleges Ms. Plant was exposed to asbestos-containing talc "mined… processed… imported… supplied… and/or retailed…" by Fabi, LLC.[3]

---

[1] Fabi, LLC files this Motion in lieu of filing an Answer.  *See* Rule 12(b)(2), SCRCP; *see also id.* at Note ("The motion should be made before answer for early disposition of cases.").  To the extent that the Court determines that an Answer is required, Fabi, LLC denies the allegations in the Complaint and Amended Complaint and reserves its right to file a full and complete Answer, with all applicable affirmative defenses, at the appropriate time, after its jurisdictional objections are heard and ruled upon.

[2] Pl.'s First Am. Compl. at ¶¶ 1, 6, 24.

[3] Pl.'s First Am. Compl. at ¶ 53.

ELECTRONICALLY FILED - 2022 May 13 4:51 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

3.      Plaintiffs have failed to make a *prima facie* showing that Fabi, LLC is subject to either general or specific personal jurisdiction in South Carolina. Whether an out of state defendant, such as Fabi, LLC, is subject to this Court's personal jurisdiction is an individualized analysis that is dependent on the facts of each case. *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005).   At the pretrial stage Plaintiffs bear the burden of establishing personal jurisdiction either by factual allegations in the complaint or in affidavits. *Id.* Where a defendant moves to dismiss for lack of jurisdiction, the court may look to affidavits and other evidence to determine whether jurisdiction exists. *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012).   Here, Plaintiffs' generic and conclusory jurisdictional allegations are just that: bare boilerplate statements, unsupported by fact, which are insufficient to establish this Court's jurisdiction over Fabi, LLC. *Id.* at 150-51, 723 S.E.2d at 839 ("The repeating of the statute is insufficient to support a finding of personal jurisdiction… [a] prima facie showing of personal jurisdiction can be made through *factual* allegations in the complaint or through affidavits").

4.      First, the Court does not have general personal jurisdiction over Fabi, LLC because it does not have continuous and systematic contacts with South Carolina such that it is essentially "at home" in this state. *See Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007); *see also* S.C. Code Ann. § 36-2-802.  Fabi, LLC is not a South Carolina Limited Liability Company and does not have its principal place of business in South Carolina and, therefore, it is not subject to general jurisdiction in South Carolina.[4]  *See e.g.,*

---

[4] Plaintiffs state that Fabi, LLC "was and is" a West Virginia limited liability company with its principal place of business in West Virginia.  Pl.'s First Am. Compl. at ¶ 53.  Fabi, LLC was a North Carolina limited liability company that was merged with a West Virginia limited liability company as of January 1, 2020.  Its principal place of business is in West Virginia.  Supporting Affidavit to be provided.

ELECTRONICALLY FILED - 2022 May 13 4:51 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'").

5.     Second, Plaintiffs have not shown that this Court has specific personal jurisdiction over Fabi, LLC.  Specific personal jurisdiction is granted pursuant to South Carolina's long arm statute, S.C. Code Ann. § 36-2-803, which has been construed to extend to the outer limits of the due process clause. *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508.  Due process requires (1) that minimum contacts exist between Fabi, LLC and South Carolina such that maintaining the suit does not offend "traditional notions of fair play and substantial justice" and (2) that the exercise of jurisdiction be reasonable and fair. *Id.* at 491-92, 611 S.E.2d at 508.  When examining whether exercise of jurisdiction would be reasonable and fair, the Court must examine (1) the duration of Fabi, LLC's activities in South Carolina, (2) the character and circumstances of Fabi, LLC's acts, (3) the inconvenience resulting to Fabi, LLC by either conferring or refusing jurisdiction, and (4) South Carolina's interest in exercising jurisdiction. *Id.* at 492, 611 S.E.2d at 508.

6.     Plaintiffs have not shown, and cannot show, Fabi, LLC has sufficient minimum contacts with South Carolina.  "A minimum contacts analysis requires a court to find the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992). *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296-297 (1980); *Hanson v. Denckla*, 357 U.S. 235, 251, 253 (1958).  Fabi, LLC has not purposefully directed *any* activities at South Carolina and, therefore, there are not sufficient minimum contacts with South Carolina to render this Court's exercise of personal jurisdiction permissible under the Due Process Clause. *See Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478

3

ELECTRONICALLY FILED - 2022 May 13 4:51 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

("Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state.")

7.      Because the Court lacks both general personal jurisdiction and specific personal jurisdiction over Fabi, LLC, Plaintiffs' First Amended Complaint must be dismissed with respect to Fabi, LLC.

8.      Discovery involving Fabi, LLC should be stayed pending resolution of this Motion. *Sullivan* at 151–52, 723 S.E.2d at 839–40 ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition.") ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery").  *See also* Rule 26(c) SCRCP; *Hamm v. South Carolina Pub. Serv. Comm'n*, 312 S.C. 238, 241, 439 S.E.2d 852, 854 (1994); *Cannon v. United Ins. Co. of Am.*, 352 F.Supp. 1212, 1214-15 (D.S.C. 1973.)

This Motion is based upon, and may be further supplemented with, applicable pleadings, discovery, affidavits, exhibits, deposition transcripts, controlling law, a supporting memorandum of law which will be filed subsequent to this Motion, and such other and further material as the Court may deem appropriate.  Fabi, LLC's participation in discovery prior to a hearing on this Motion shall not be construed as a waiver by Fabi, LLC of any rights, defenses, or objections, including lack of personal jurisdiction, all of which are expressly reserved.

ELECTRONICALLY FILED - 2022 May 13 4:51 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:   s/ David G. Traylor, Jr.
        David G. Traylor, Jr.
        SC Bar No. 05628
        E-Mail: david.traylor@nelsonmullins.com
        Robert O. Meriwether
        SC Bar No. 09828
        E-Mail:  robert.meriwether@nelsonmullins.com
        Michael P. Stover
        SC Bar No. 104757
        E-Mail: michael.stover@nelsonmullins.com
        1320 Main Street / 17th Floor
        Post Office Box 11070 (29211-1070)
        Columbia, SC  29201
         (803) 799-2000

Attorneys for Defendant IMI Fabi, LLC

Columbia, South Carolina

May 13, 2022

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

Sarah J. Plant and Parker Plant,

                         Plaintiffs,

vs.

Avon Products, Inc., et al.,

                         Defendants.

IN THE COURT OF COMMON PLEAS

CASE NO. 2022-CP-40-01265

**ANSWER OF MARY KAY INC. TO FIRST AMENDED COMPLAINT**

**Jury Trial Requested**

Defendant Mary Kay Inc. ("Mary Kay" or "Defendant") hereby answers the First Amended Complaint ("Amended Complaint") of Sarah J. Plant and Parker Plant ("Plaintiffs") as follows. Mary Kay denies each and every allegation of Plaintiffs' Complaint or portion thereof except as specifically and expressly admitted herein.

## AS TO THE GENERAL ALLEGATIONS

1.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint, which has the effect of a denial.

2.    Mary Kay denies the allegations of Paragraph 2 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

3.    Mary Kay denies the allegations of Paragraph 3 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

4.    Mary Kay denies the allegations of Paragraph 4 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

5.     Mary Kay denies the allegations of Paragraph 5 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

6.     Mary Kay denies the allegations of Paragraph 6 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

7.     Mary Kay denies the allegations of Paragraph 7 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

8.     In response to the allegations of Paragraph 8 of the Amended Complaint,  Mary Kay denies the allegations of Paragraph 8 as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

9.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint, which has the effect of a denial.

10.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint, which has the effect of a denial.

11.     Mary Kay denies the allegations of Paragraph 11 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

12.     Mary Kay denies the allegations of Paragraph 12 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

13.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of the allegations of Paragraph 13 of the Amended Complaint, which has the effect of a denial.

14.     Mary Kay denies the allegations of Paragraph 14 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

15.     In response to the allegations of Paragraph 15 of the Amended Complaint, Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

16.     Mary Kay denies the allegations of Paragraph 16 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

17.     Mary Kay denies the allegations of Paragraph 17 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

18.     Mary Kay denies the allegations of Paragraph 18 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

19.     In response to the allegations of Paragraph 19 of the Amended Complaint, Mary Kay admits only that it is a Delaware corporation that is authorized to transact business in South Carolina. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

20.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Amended Complaint, which has the effect of a denial.

21.     Mary Kay denies the allegations of Paragraph 21 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of the remaining allegations of this paragraph, which has the effect of a denial.

22.    Mary Kay denies the allegations of Paragraph 22 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

23.    Mary Kay denies the allegations of Paragraph 23 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

## AS TO THE PARTIES

24.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Amended Complaint, which has the effect of a denial.

25.    Mary Kay denies the allegations of Paragraph 25 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

26.    Mary Kay denies the allegations of Paragraph 26 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

27.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint, which has the effect of a denial.

28.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint, which has the effect of a denial.

29.    Mary Kay denies the allegations of Paragraph 29 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

30.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of the allegations of Paragraph 30 of the Amended Complaint, which has the effect of a denial.

31.     Mary Kay denies the allegations of Paragraph 31 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

32.     Mary Kay denies the allegations of Paragraph 32 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

33.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Amended Complaint, which has the effect of a denial.

34.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Amended Complaint, which has the effect of a denial.

35.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Amended Complaint, which has the effect of a denial.

36.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Amended Complaint, which has the effect of a denial.

37.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Amended Complaint, which has the effect of a denial.

38.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Amended Complaint, which has the effect of a denial.

39.     Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Amended Complaint, which has the effect of a denial.

40.     Mary Kay denies the allegations of Paragraph 40 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

41.   Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Amended Complaint, which has the effect of a denial.

42.   Mary Kay denies the allegations of Paragraph 42 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the Amended Complaint, which has the effect of a denial.

43.   Mary Kay denies the allegations of Paragraph 43 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

44.   Mary Kay denies the allegations of Paragraph 44 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

45.   Mary Kay denies the allegations of Paragraph 45 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

46.   Mary Kay denies the allegations of Paragraph 46 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

47.   Mary Kay denies the allegations of Paragraph 47 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

48.   Mary Kay denies the allegations of Paragraph 48 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

49.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Amended Complaint, which has the effect of a denial.

50.    Mary Kay denies the allegations of Paragraph 50 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

51.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Amended Complaint, which has the effect of a denial.

52.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Amended Complaint, which has the effect of a denial.

53.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Amended Complaint, which has the effect of a denial.

54.    Mary Kay denies the allegations of Paragraph 54 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

55.    Mary Kay denies the allegations of Paragraph 55 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

56.    Mary Kay denies the allegations of Paragraph 56 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

57.    Mary Kay denies the allegations of Paragraph 57 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

58.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of the allegations of Paragraph 58 of the Amended Complaint, which has the effect of a denial.

59.   In response to the allegations of Paragraph 59 of the Amended Complaint, Mary Kay admits only that it is a Delaware corporation with its principal place of business in Texas.  Mary Kay denies the remaining allegations of this paragraph.

60.   Mary Kay denies the allegations of Paragraph 60 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

61.   Mary Kay denies the allegations of Paragraph 61 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

62.   Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Amended Complaint, which has the effect of a denial.

63.   Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Amended Complaint, which has the effect of a denial.

64.   Mary Kay denies the allegations of Paragraph 64 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

65.   Mary Kay denies the allegations of Paragraph 65 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

66.   Mary Kay denies the allegations of Paragraph 66 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 66 of the Amended Complaint, which has the effect of a denial.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

67.    Mary Kay denies the allegations of Paragraph 67 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

68.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Amended Complaint, which has the effect of a denial.

69.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Amended Complaint, which has the effect of a denial.

70.    Mary Kay denies the allegations of Paragraph 70 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

71.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Amended Complaint, which has the effect of a denial.

72.    Mary Kay denies the allegations of Paragraph 72 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

73.    Mary Kay denies the allegations of Paragraph 73 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

74.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Amended Complaint, which has the effect of a denial.

75.    Mary Kay denies the allegations of Paragraph 75 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

76.    Mary Kay denies the allegations of Paragraph 76 of the Amended Complaint as they relate

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

### AS TO THE BACKGROUND FACTS

77.    Mary Kay denies the allegations of Paragraph 77 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

78.    Mary Kay denies the allegations of Paragraph 78 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

79.    Mary Kay denies the allegations of Paragraph 79 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

80.    Mary Kay denies the allegations of Paragraph 80 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

81.    Mary Kay denies the allegations of Paragraph 81 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

82.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Amended Complaint, which has the effect of a denial.

83.    Mary Kay denies the allegations of Paragraph 83 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

84.    Mary Kay denies the allegations of Paragraph 84 of the Amended Complaint as they relate

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

85.    Mary Kay denies the allegations of Paragraph 85 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

86.    Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Amended Complaint, which has the effect of a denial.

87.    Mary Kay denies the allegations of Paragraph 87 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

88.    Mary Kay denies the allegations of Paragraph 88 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

89.    Mary Kay denies the allegations of Paragraph 89 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

## AS TO THE FIRST CAUSE OF ACTION
### (Product Liability: Negligence)

90.    In response to the allegations of Paragraph 90 of the Amended Complaint, Mary Kay reiterates and realleges the above responses.

91.    Mary Kay denies the allegations of Paragraph 91 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

92.    Mary Kay denies the allegations of Paragraph 92 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of the remaining allegations of this paragraph, which has the effect of a denial.

93.     Mary Kay denies the allegations of Paragraph 93 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial

94.     Mary Kay denies the allegations of Paragraph 94 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

95.     Mary Kay denies the allegations of Paragraph 95 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

96.     Mary Kay denies the allegations of Paragraph 96 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

97.     Mary Kay denies the allegations of Paragraph 97 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

98.     Mary Kay denies the allegations of Paragraph 98 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

99.     Mary Kay denies the allegations of Paragraph 99 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

100.    Mary Kay denies the allegations of Paragraph 100 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the truth of the remaining allegations of this paragraph, which has the effect of a denial.

101.   Mary Kay denies the allegations of Paragraph 101 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

102.   Mary Kay denies the allegations of Paragraph 102 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

103.   Mary Kay denies the allegations of Paragraph 103 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

104.   Mary Kay denies the allegations of Paragraph 104 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

105.   Mary Kay denies the allegations of Paragraph 105 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

### AS TO THE SECOND CAUSE OF ACTION
**(Product Liability: Strict Liability – S.C. Code Ann. § 15-73-10, et seq.)**

106.   In response to the allegations of Paragraph 106 of the Amended Complaint, Mary Kay reiterates and realleges the above responses.

107.   Mary Kay denies the allegations of Paragraph 107 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

108.   Mary Kay denies the allegations of Paragraph 108 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph, which has the effect of a denial.

109.   Mary Kay denies the allegations of Paragraph 109 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

110.   Mary Kay denies the allegations of Paragraph 110 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

111.   Mary Kay denies the allegations of Paragraph 111 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

112.   Mary Kay denies the allegations of Paragraph 112 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

113.   Mary Kay denies the allegations of Paragraph 113 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

114.   Mary Kay denies the allegations of Paragraph 114 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

115.   Mary Kay denies the allegations of Paragraph 115 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

116.   Mary Kay denies the allegations of Paragraph 116 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the truth of the remaining allegations of this paragraph, which has the effect of a denial.

117.   Mary Kay denies the allegations of Paragraph 117 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

118.   Mary Kay denies the allegations of Paragraph 118 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

119.   Mary Kay denies the allegations of Paragraph 119 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

120.   Mary Kay denies the allegations of Paragraph 120 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

121.   Mary Kay denies the allegations of Paragraph 121 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

122.   Mary Kay denies the allegations of Paragraph 122 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

### AS TO THE THIRD CAUSE OF ACTION
**(Negligence Per Se)**

123.   In response to the allegations of Paragraph 123 of the Amended Complaint, Mary Kay reiterates and realleges the above responses.

124.   Mary Kay denies the allegations of Paragraph 124 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the truth of the remaining allegations of this paragraph, which has the effect of a denial.

125.  Mary Kay denies the allegations of Paragraph 125 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

126.  Mary Kay denies the allegations of Paragraph 126 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

### AS TO THE FOURTH CAUSE OF ACTION
**(Product Liability: Breach of Implied Warranties – S.C. Code Ann. § 36-2-314)**

127.  In response to the allegations of Paragraph 127 of the Amended Complaint, Mary Kay reiterates and realleges the above responses.

128.  Mary Kay denies the allegations of Paragraph 128 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

129.  Mary Kay denies the allegations of Paragraph 129 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

130.  Mary Kay denies the allegations of Paragraph 130 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

### AS TO THE FIFTH CAUSE OF ACTION
**(Fraudulent Misrepresentation)**

131.  In response to the allegations of Paragraph 131 of the Amended Complaint, Mary Kay reiterates and realleges the above responses.

132.  Mary Kay denies the allegations of Paragraph 132 of the Amended Complaint as they

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

133.  Mary Kay denies the allegations of Paragraph 133 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

134.  Mary Kay denies the allegations of Paragraph 134 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

### AS TO THE SIXTH CAUSE OF ACTION
**(Fraudulent Misrepresentation and Conspiracy/Concert Action)**

135.  In response to the allegations of Paragraph 135 of the Amended Complaint, Mary Kay reiterates and realleges the above responses.

136.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 136 of the Amended Complaint, which has the effect of a denial.

137.  The allegations in Paragraph 137 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay further denies the allegations of Paragraph 137 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

138.  Mary Kay denies the allegations of Paragraph 138 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

139.  In response to the allegations of Paragraph 139 of the Amended Complaint, Mary Kay

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

admits only that talc is a hydrous magnesium silicate, is mined from the earth, and is used in certain cosmetic products.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

140.  The allegations in Paragraph 140 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay further denies the allegations of Paragraph 140 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

141.  Mary Kay denies the allegations of Paragraph 141 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial. [

142.  The allegations in Paragraph 142 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the Amended Complaint, which has the effect of a denial.

143.  The allegations in Paragraph 143 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay further denies the allegations of Paragraph 143 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

144.   The allegations in Paragraph 144 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 of the Amended Complaint, which has the effect of a denial.

145.   The allegations in Paragraph 145 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 145 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

146.   The allegations in Paragraph 146 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 146 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

147.   The allegations in Paragraph 147 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief". Mary Kay denies the allegations of Paragraph 147 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

148. The allegations in Paragraph 148 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief". Mary Kay denies the allegations of Paragraph 148 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

149. The allegations in Paragraph 149 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief". Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 of the Amended Complaint, which has the effect of a denial.

150. The allegations in Paragraph 150 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief". Mary Kay denies the allegations of Paragraph 150 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

effect of a denial.

151.   The allegations in Paragraph 151 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the Amended Complaint, which has the effect of a denial.

152.   The allegations in Paragraph 152 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the Amended Complaint, which has the effect of a denial.

153.   The allegations in Paragraph 153 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 of the Amended Complaint, which has the effect of a denial.

154.   The allegations in Paragraph 154 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 154 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

155.  The allegations in Paragraph 155 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 155 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

156.  Mary Kay denies the allegations of Paragraph 156 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

157.  The allegations in Paragraph 157 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 157 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

158.  The allegations in Paragraph 158 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 158 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

159.    Mary Kay denies the allegations of Paragraph 159 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of this paragraph, which has the effect of a denial.

160.    The allegations in Paragraph 160 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 160 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

161.    The allegations in Paragraph 161 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 161 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

162.    The allegations in Paragraph 162 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 162 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

163.  Mary Kay denies the allegations of Paragraph 163 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

164.  Mary Kay denies the allegations of Paragraph 164 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

165.  The allegations in Paragraph 165 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 165 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

166.  Mary Kay denies the allegations of Paragraph 166 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

167.  The allegations in Paragraph 167 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 167 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

effect of a denial.

168.  The allegations in Paragraph 168 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 168 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

169.  Mary Kay denies the allegations of Paragraph 169 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

170.  The allegations in Paragraph 170 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170 of the Amended Complaint, which has the effect of a denial.

171.  The allegations in Paragraph 171 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 171 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

172.   Mary Kay denies the allegations of Paragraph 172 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

173.   Mary Kay denies the allegations of Paragraph 173 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

174.   Mary Kay denies the allegations of Paragraph 174 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

175.   The allegations in Paragraph 175 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief".  Mary Kay denies the allegations of Paragraph 175 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

176.   Mary Kay denies the allegations of Paragraph 176 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

177.   Mary Kay denies the allegations of Paragraph 177 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

178.   Mary Kay denies the allegations of Paragraph 178 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the truth of the remaining allegations of this paragraph, which has the effect of a denial.

179.   Mary Kay denies the allegations of Paragraph 179 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

180.   Mary Kay denies the allegations of Paragraph 180 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

181.   Mary Kay denies the allegations of Paragraph 181 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

182.   Mary Kay denies the allegations of Paragraph 182 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

183.   Mary Kay denies the allegations of Paragraph 183 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

184.   Mary Kay denies the allegations of Paragraph 184 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

185.   Mary Kay denies the allegations of Paragraph 185 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

186.   The allegations in Paragraph 186 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief". Mary Kay denies the allegations of Paragraph 186 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

187. The allegations in Paragraph 187 of the Amended Complaint should be stricken because they violate South Carolina Rules of Civil Procedure Rule 8, which requires the averments of a pleading to "be simple, concise, and direct" and to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief". Mary Kay denies the allegations of Paragraph 187 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

188. Mary Kay denies the allegations of Paragraph 188 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

189. Mary Kay denies the allegations of Paragraph 189 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

190. Mary Kay denies the allegations of Paragraph 190 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

191. Mary Kay denies the allegations of Paragraph 191 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

192. Mary Kay denies the allegations of Paragraph 192 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

193. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193 of the Amended Complaint, which has the effect of a denial.

194. Mary Kay denies the allegations of Paragraph 194 of the Amended Complaint as they relate to Mary Kay. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

195. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195 of the Amended Complaint, which has the effect of a denial.

196. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196 of the Amended Complaint, which has the effect of a denial.

197. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 of the Amended Complaint, which has the effect of a denial.

198. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198 of the Amended Complaint, which has the effect of a denial.

199. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199 of the Amended Complaint, which has the effect of a denial.

200. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200 of the Amended Complaint, which has the effect of a denial.

201. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 of the Amended Complaint, which has the effect of a denial.

202. Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202 of the Amended Complaint, which has the effect of a denial.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

203.   Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203 of the Amended Complaint, which has the effect of a denial.

204.   Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 204 of the Amended Complaint, which has the effect of a denial.

205.   Mary Kay denies the allegations of Paragraph 205 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

206.   Mary Kay denies the allegations of Paragraph 206 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

207.   Mary Kay denies the allegations of Paragraph 207 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

## AS TO THE SEVENTH CAUSE OF ACTION
### (Loss of Consortium)

208.   In response to the allegations of Paragraph 208 of the Amended Complaint, Mary Kay reiterates and realleges the above responses.

209.   Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 209 of the Amended Complaint, which has the effect of a denial.

210.   Mary Kay denies the allegations of Paragraph 210 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

211.   Mary Kay denies the allegations of Paragraph 211 of the Amended Complaint as they relate to Mary Kay.  Mary Kay is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which has the effect of a denial.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

212.   Mary Kay denies that Plaintiffs are entitled to any of the relief requested in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Mary Kay pleads the following affirmative defenses:

213.   Plaintiffs' claims are barred, in whole or in part, by the lack of jurisdiction over the subject matter and must be dismissed pursuant to Rule 12(b)(1).

214.   Plaintiffs' claims are barred, in whole or in part, by the lack of jurisdiction over the person of Mary Kay and must be dismissed pursuant to Rule 12(b)(2).

215.   Plaintiffs' claims are barred, in whole or in part, by improper venue and must be dismissed pursuant to Rule 12(b)(3).

216.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of forum non conveniens.

217.   Plaintiffs' claims are barred, in whole or in part,  because the Amended Complaint fails to state facts sufficient to constitute a cause of action and must be dismissed pursuant to Rule 12(b)(6).

218.   Plaintiffs' claims are barred, in whole or in part,  because the Amended Complaint fails to join an indispensable party under Rule 19, including but not limited to any parties that have taken advantage of the protections of the bankruptcy provisions of the United States Code.

219.   Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and/or repose and/or the doctrine of laches.

220.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

221.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

222.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

223.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification or consent.

224.   Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

225.   Plaintiffs' claims are barred, in whole or in part, by an intervening and/or superseding

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

cause or causes.

226.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of comparative and/or contributory negligence.

227.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of the risk.

228.  Plaintiffs' claims are barred, in whole or in part, by apportionment as set forth in Section 15-38-15 of the South Carolina Code of Laws, which further bars joint and several liability with respect to Mary Kay.

229.  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to provide timely notice of claims.

230.  Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and comparable provisions of the South Carolina Constitution or that of any other state whose laws may apply.

231.  Plaintiffs' claims for punitive damages are barred, in whole or in part, by the standards for awarding punitive damages in South Carolina.

232.  Plaintiffs' claims are barred, in whole or in part, by the terms, conditions, procedures, standards, and limitations of Sections 15-32-510 through 15-32- 540 of the South Carolina Code of Laws in response to any claim for punitive damages, including the provisions established in Section 15-32-530 limiting awards for punitive damages.

233.  Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

234.  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of privity with Defendant.

235.  Plaintiffs' claims are barred, in whole or in part, by the learned/sophisticated intermediary doctrine and/or sophisticated user doctrine.

236.  Plaintiffs' claims are barred, in whole or in part, by the raw materials supplier defense, bulk

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

supplier defense, and/or Section 5 of the Restatement (Third) of Torts.

237.  Plaintiffs' claims are barred, in whole or in part, by the state-of-the-art doctrine.

238.  Plaintiffs' claims are barred, in whole or in part, by any alteration, modification, misuse, unforeseeable use, and/or misapplication of Mary Kay products.

239.  Plaintiffs' claims are barred to the extent Plaintiff discovered any defect and was aware of the danger and nevertheless unreasonably proceeded to make use of the product, per Section 15-73-20 of the South Carolina Code of Laws.

240.  Plaintiffs' claims are barred, in whole or in part, by any exclusion or disclaimer of warranties and/or consequential damages.

241.  Plaintiffs' claims are barred, in whole or in part, because the U.S. Food and Drug Administration (FDA) has exclusive or primary jurisdiction over the matters asserted therein.

242.  Plaintiffs' claims are barred, in whole or in part, because they are preempted by federal law and the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015).

243.  Plaintiffs' claims are barred, in whole or in part, because they assert claims of "fraud on the FDA" and should be dismissed under the holding of *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

244.  Plaintiffs' claims are barred, in whole or in part, because Mary Kay conformed with all state and federal statutes, regulations, and industry standards, including the FDA and the FFDCA, based upon the state of knowledge existing at the relevant time(s) alleged in the Amended Complaint.

245.  Plaintiffs' claims are barred, in whole or in part, by the United States Constitution and/or the Constitution of the State of South Carolina, including but not limited to substantive and procedural due process of law, equal protection of the laws, and protection from the taking of private property for public use without just compensation.

246.  Plaintiffs' claims are barred, in whole or in part, by a set-off for past and/or future

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

settlements, for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries, and for any recovery to the extent Plaintiffs have received any benefits paid or payable to or on their behalf from any collateral sources.

247. Plaintiffs' claims are barred, in whole or in part, because the risks, if any, associated with the use of products at issue are outweighed by their utility.

248. Plaintiffs' claims are barred, in whole or in part, by applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

249. Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States or by the Constitution of the State of South Carolina or that of any other state whose laws may apply, to the extent that Plaintiffs' claims relate to advertising, public statements, lobbying, or other protected activities.

250. Plaintiffs' claims are barred, in whole or in part, by pre-existing medical conditions and/or idiosyncratic reaction to any product at issue.

251. Plaintiffs' claims are barred, in whole or in part, by the doctrine described in Section 4 of the Restatement (Third) of Torts: Products Liability because the product(s) at issue complied with applicable product safety statutes and administrative regulations.

252. Plaintiffs' claims are barred, in whole or in part, by Section 15-5-150. of the South Carolina Code of Laws, known as the South Carolina Door Closing Statute.

253. Plaintiffs' claims are barred, in whole or in part, by the failure to plead the circumstances constituting fraud or mistake with particularity as required by Rule 9(b), SCRCP.

254. Plaintiffs' claims are barred, in whole or in part, by the failure to plead items of special damage with specificity as required by Rule 9(g), SCRCP

255. Plaintiffs' claims are barred, in whole or in part, by the requirement to elect between its causes of action.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

256.  Plaintiffs' claims are barred, in whole or in part, by the failure to show that the allegations concerning Mary Kay constitute a substantial factor in bringing about any damages suffered by Plaintiff.

257.  Plaintiffs' claims are barred, in whole or in part, by justifiable reliance upon inspection by others in the regular course of trade and business.

258.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment, accord and satisfaction, arbitration and award, merger, bar, collateral estoppel, res judicata, release, and/or discharge.

259.  Plaintiffs' claims are barred, in whole or in part, by the "Limitation of Cumulative Successor Asbestos-Related Liabilities of Corporation" appearing at Section 15-81-140 et seq. of the South Carolina Code.

260.  Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time that it occurred.

261.  Plaintiffs' claims are barred, in whole or in part, by the exclusive remedy provisions of the applicable federal and state workers' compensation laws, including but not limited to the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901 et. seq., to the extent that the claims arise from the course of Plaintiffs' employment.

262.  Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs possessed or should have possessed knowledge that negated any alleged need for warnings and Plaintiffs did not rely to their detriment upon any statement by Mary Kay in determining to use the products at issue.

263.  Plaintiffs' claims are barred, in whole or in part, because Mary Kay's products were not defective.

264.  Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' negligently or intentionally failed to preserve, and permitted the spoliation of, material evidence, including but not

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

limited to the products at issue.

265.    Plaintiffs' claims are barred, in whole or in part, by Section 44-135-10 et seq., of the South Carolina Code, also known as the "Asbestos and Silica Claims Procedure Act of 2006," including but not limited to the failure to make the prima facie showing required by the Act.

266.    Plaintiffs' claims are barred, in whole or in part, because the alleged injuries and damages asserted by Plaintiff are too speculative, uncertain, hypothetical and/or remote from the alleged conduct of Mary Kay to be a basis for liability as a matter of law and due process.

267.    Plaintiffs' claims are barred, in whole or in part, because certain of Plaintiffs' allegations are directed to "Defendants," without specifying to which defendant they are referring.

268.    Mary Kay hereby incorporates by reference all defenses to the Plaintiffs' claims asserted by or relied upon by any other party to the extent they may be applicable.

269.    Mary Kay reserves the right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under applicable substantive law.

270.    Mary Kay reserves the right to have claims for punitive damages bifurcated from the remaining issues, pursuant to S.C. Code Ann § 15-32-520.

271.    Mary Kay requests a trial by jury on all issues so triable.

ELECTRONICALLY FILED - 2022 May 16 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**WHEREFORE**, having fully answered the Amended Complaint, Mary Kay prays that the same be dismissed with prejudice; for an award of costs and attorneys' fees; for a jury trial; and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/ William M. Wilson III

William M. Wilson III (S.C. Bar No. 15808)
Rachael L. Anna (S.C. Bar No. 100486)
Wyche, P.A.
200 East Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone:  864-242-8200
Facsimile:  864-235-8900
bwilson@wyche.com
ranna@wyche.com

Alice W. Parham Casey (S.C. Bar No. 13459)
Wyche, P.A.
807 Gervais St., Suite 301
Columbia, South Carolina 29201
Telephone: (803) 254-6542
Facsimile:  (803) 254-6544
tcasey@wyche.com

Date:  May 16 2022                     Attorneys for Defendant Mary Kay Inc.
Greenville, South Carolina

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br><br>COUNTY OF RICHLAND )<br><br>Sarah J. Plant and Parker Plant, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Avon Products, Inc., et al., )<br><br>Defendants. )<br>_____ ) | IN THE COURT OF COMMON PLEAS<br>FOR THE FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No. 2022-CP-40-01265<br><br>**ANSWER OF DEFENDANT CHATTEM,<br>INC. TO PLAINTIFFS' AMENDED<br>COMPLAINT**<br><br>(Jury Trial Demanded) |

Defendant Chattem, Inc.("Chattem"), answers the Plaintiffs' Amended Complaint as follows:

### FOR A FIRST DEFENSE TO ALL CAUSES OF ACTION

1.      This Court lacks jurisdiction over Chattem and the Plaintiffs' Amended Complaint should, therefore, be dismissed pursuant to Rule 12(b)(2), SCRCP.

### FOR A SECOND DEFENSE TO ALL CAUSES OF ACTION

2.      Plaintiffs' Amended Complaint fails to state facts sufficient to constitute a cause of action against Chattem and should, therefore, be dismissed pursuant to Rule 12(b)(6), SCRCP.

### FOR A THIRD DEFENSE TO ALL CAUSES OF ACTION

3.      Chattem denies each and every allegation of the Plaintiffs' Amended Complaint which is not hereinafter specifically admitted, modified, or explained.

### ANSWERING "PLAINTIFFS' ORIGINAL AMENDED COMPLAINT"

4.      The introductory, unnumbered paragraph of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

denies the allegations contained in the introductory, unnumbered paragraph of the Plaintiffs' Amended Complaint.

## ANSWERING "GENERAL ALLEGATIONS"

5.    Paragraph 1 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 1 of the Plaintiffs' Amended Complaint.

6.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 2 of the Plaintiffs' Amended Complaint, including all subparagraphs, and specifically objects to Plaintiffs' attempt to provide conclusions of law in an effort to dictate the jurisdiction of this matter. To the extent that they relate to other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

7.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 3 through and including 16, including all subparagraphs, of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

8.    Paragraph 17 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 17 of the Plaintiffs' Amended Complaint.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

9.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 18 through and including 23 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING "THE PARTIES"

10.    Paragraph 24 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 24 of the Plaintiffs' Amended Complaint.

11.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

12.    Paragraphs 26 through and including 35 of the Plaintiffs' Amended Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 26 through and including 35 of the Plaintiffs' Amended Complaint.

13.    In response to Paragraph 36 of the Plaintiffs' Amended Complaint, Chattem admits only that it is incorporated under the laws of the State of Tennessee

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and that is maintains its principal place of business in New Jersey. Chattem denies the remaining allegations of Paragraph 36 of the Plaintiffs' Amended Complaint and specifically denies that its products ever contained asbestos.

14.    Paragraphs 37 through and including 76 of the Plaintiffs' Amended Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 37 through and including 76 of the Plaintiffs' Amended Complaint.

## ANSWERING "BACKGROUND FACTS"

15.    Paragraphs 77 and 78 of the Plaintiffs' Amended Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 77 and 78 of the Plaintiffs' Amended Complaint.

16.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 79 through and including 84 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  Chattem also denies that it manufactures any materials used in ceramic arts. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

17.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 85 through and including 89 of the Plaintiffs' Amended Complaint and specifically denies that its products contain asbestos and that

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

### ANSWERING THE "FIRST CAUSE OF ACTION"

18.    In response to Paragraph 90, Chattem repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through and including 89 of the Plaintiffs' Amended Complaint.

19.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 91 through and including 96 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous and that it was a successor to any entity.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

20.    Paragraph 97 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 97 of the Plaintiffs' Amended Complaint.

21.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 98 through and including 105 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "SECOND CAUSE OF ACTION"

22.    In response to Paragraph 106, Chattem repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through and including 105 of the Plaintiffs' Amended Complaint.

23.    Paragraph 107 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 107 of the Plaintiffs' Amended Complaint.

24.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 108 through and including 122 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "THIRD CAUSE OF ACTION"

25.    In response to Paragraph 123, Chattem repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through and including 122 of the Plaintiffs' Amended Complaint.

26.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 124, 125, and 126 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "FOURTH CAUSE OF ACTION"

27.    In response Paragraph 127, Chattem repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through and including 126 of the Plaintiffs' Amended Complaint.

28.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 128, 129, and 130 of the Plaintiffs' Amended Complaint and specifically denies that any implied warranty was made, breached or that any alleged breach of implied warranty resulted in any damage to the Plaintiffs. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "FIFTH CAUSE OF ACTION"

29.    In response Paragraph 131, Chattem repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through and including 130 of the Plaintiffs' Amended Complaint.

30.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 132, 133, and 134 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "SIXTH CAUSE OF ACTION"

31.     In response to Paragraph 135, Chattem repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through and including 134 of the Plaintiffs' Amended Complaint.

32.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 136 through and including 141 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

33.     Paragraph 142 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 142 of the Plaintiffs' Amended Complaint.

34.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 143 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

35.     Paragraph 144 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

response from Chattem is required, Chattem denies the allegations contained in Paragraph 144 of the Plaintiffs' Amended Complaint.

36.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 145, 146, 147, and 148 of the Plaintiffs' Amended Complaint, as written. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

37.     Paragraph 149 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 149 of the Plaintiffs' Amended Complaint.

38.     Chattem denies the allegations contained in Paragraph 150 of the Plaintiffs' Amended Complaint. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.

39.     Paragraphs 151, 152 and 153 of the Plaintiffs' Amended Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required. To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 151, 152, and 153 of the Plaintiffs' Amended Complaint.

40.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 154 through and including 169 of the Plaintiffs' Amended Complaint, as written. Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

41.    Paragraph 170 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 170 of the Plaintiffs' Amended Complaint.

42.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 171 through and including 192, including all subparagraphs, of the Plaintiffs' Amended Complaint, as written.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous. To the extent that they relate to third-parties or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

43.    Paragraph 193 of the Plaintiffs' Amended Complaint asserts no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraph 193 of the Plaintiffs' Amended Complaint.

44.    To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraph 194 of the Plaintiffs' Amended Complaint.  Chattem specifically denies that its products contain asbestos and that they are harmful or dangerous.  To the extent that they relate to Plaintiff, third-parties, or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

45.     Paragraphs 195 through and including 204 of the Plaintiffs' Amended Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in Paragraphs 195 through and including 204 of the Plaintiffs' Amended Complaint.

46.     To the extent they relate to Chattem or its products, Chattem denies the allegations contained in Paragraphs 205, 206 and 207 of the Plaintiffs' Amended Complaint.  To the extent that they relate to Plaintiff or other defendants or their products, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

## ANSWERING THE "SEVENTH CAUSE OF ACTION"

47.     In response to Paragraph 208, Chattem repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through and including 207 of the Plaintiffs' Amended Complaint.

48.     Paragraphs 209 and 210 of the Plaintiffs' Amended Complaint assert no allegations against Chattem and, therefore, no response from Chattem is required.  To the extent a response from Chattem is required, Chattem denies the allegations contained in the second-appearing Paragraphs 209 and 210 of the Plaintiffs' Amended Complaint.

49.     To the extent they relate to Chattem, Chattem denies the allegations contained in Paragraph 211 of the Plaintiffs' Amended Complaint.  To the extent that they relate to Plaintiff or other defendants, Chattem lacks sufficient information to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the allegations.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## ANSWERING THE "PRAYER FOR RELIEF"

50.     Chattem denies the Plaintiffs' prayer for relief.

## FOR A FIRST AFFIRMATIVE DEFENSE[1]

51.     Plaintiffs' Amended Complaint fails to state a cause of action against Chattem upon which relief may be granted and should, therefore, be dismissed.

## FOR A SECOND AFFIRMATIVE DEFENSE

52.     This Court lacks jurisdiction over the subject matter of this action.

## FOR A THIRD AFFIRMATIVE DEFENSE

53.     This Court lacks personal jurisdiction over Chattem with respect to each and every claim asserted in the Amended Complaint.

## FOR A FOURTH AFFIRMATIVE DEFENSE

54.     This Court is an improper venue with respect to Chattem.

## FOR A FIFTH AFFIRMATIVE DEFENSE

55.     This Court is considered a *forum non conveniens* for Chattem with respect to the claims asserted in the Amended Complaint.

## FOR A SIXTH AFFIRMATIVE DEFENSE

56.     There is no justiciable issue or controversy.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

57.     The damages allegedly sustained by the Plaintiffs was caused, in whole or in part, by the negligence or other culpable conduct of the Plaintiffs, their family members, and/or other Defendants and/or other persons or instrumentalities over which Chattem had no control and with whom it had no legal relationship. Such conduct constituted a supervening cause of Plaintiffs' alleged injuries.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

58.     Plaintiffs' causes of action are barred or limited by reason of the culpable conduct attributable to the Plaintiffs, including contributory negligence and assumption of the risk.

## FOR A NINTH AFFIRMATIVE DEFENSE

59.     The damages allegedly sustained by Plaintiffs are wholly or partially caused by other and independent means, including, *inter alia*, the operation of nature, conduct and habits of Plaintiffs, Plaintiffs' exposure to other particulates in the environment, and/or a pre-existing medical, genetic, or environmental condition, disease, or illness of Plaintiffs'.

## FOR A TENTH AFFIRMATIVE DEFENSE

60.     Plaintiffs caused and/or contributed to Plaintiffs' alleged injuries and damages, in whole or in part, by exposure to, or the use of, tobacco products and/or other substances, products, medications, or drugs.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

61.     Any damages allegedly sustained by the Plaintiffs were the actual and proximate result of the unforeseen and/or unforeseeable negligent, grossly negligent, wanton or reckless omission or conduct of third parties or superseding parties.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

62.     At all times and places mentioned in the Amended Complaint, if Chattem's products were used, they were used by the Plaintiffs and/or other persons in an unreasonable manner, not reasonably foreseeable to Chattem, and for a purpose for which the products were not intended, manufactured, labeled, or designed. Plaintiffs'

---

[1] Chattem asserts the following defenses without admitting or conceding that it bears the burden of proof

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

injuries and damages, if any, were directly and proximately caused by said misuse and abuse, rather than any defect in the design, manufacture, production, installation, testing, labeling, marketing, distribution, sale, or inspection of the product by Chattem. Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the Plaintiffs and/or such other parties and persons.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

63.    The damages allegedly sustained by the Plaintiffs, which allegedly arose from a product attributable to Chattem, were caused by the alteration, redesign, modification, misuse, and/or improper maintenance or handling of the product by Plaintiffs or other persons or instrumentality other than Chattem, rather than any defect in the design, manufacture, production, installation, testing, labeling, marketing, distribution, sale, or inspection of the product by Chattem or any of its agents or other persons or entities acting at its direction or on its behalf.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE

64.    To the extent that Plaintiffs were exposed to any product containing asbestos as a result of conduct by Chattem, which is expressly denied, said exposure was *de minimis* and not a proximate or substantial contributing cause of Plaintiffs' alleged injuries or damages and, therefore, not actionable at law or in equity.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE

65.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations or repose.

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE

66.    Plaintiffs' claims are barred, in whole or in part, and/or preempted by

with respect to any defense.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

applicable federal law, with which Chattem complied.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

67.     Chattem states that any products sold by Chattem which allegedly gave rise in whole or in part to Plaintiffs' claims or causes of action herein, were designed, manufactured, marketed, and labeled pursuant to, and in accordance with, specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products were equal or superior to that of Chattem, and, by reason thereof, Chattem is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

68.     Chattem denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery, and/or sale, in any Chattem talc product referred to in the Plaintiffs' Amended Complaint, but if there was any defect or negligence as alleged, then Chattem is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

## FOR A NINETEENTH AFFIRMATIVE DEFENSE

69.     Chattem is not liable for any damages allegedly sustained by Plaintiffs because Plaintiffs were not in privity of contract with Chattem at any time and Chattem's product was not inherently dangerous.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE

70.     The product was not defective or dangerous at any time when Chattem had possession or control of it.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

71.     Any and all implied warranties, including the warranties of merchantability and fitness for a particular purpose, were excluded at the time of the sale of the product.

## FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

72.     No implied warranties, including the warranties of merchantability and fitness for a particular purpose, were a part of the basis of the bargain in the sale of the product.

## FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

73.     The purchaser of the product and any or all third-party beneficiaries of any warranties, expressed or implied, relating to the product failed to provide notice of the alleged breaches of warranty to Chattem pursuant to the applicable provision of the Uniform Commercial Code.

## FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

74.     Oral warranties, if any, upon which Plaintiffs allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

## FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

75.     To the extent that Plaintiffs sustained injuries from the use of a product alleged to contain asbestos, which is denied, Plaintiffs, other Defendants or other parties not under the control of Chattem, misused, abused, misapplied and otherwise mishandled the product alleged to be asbestos material. Therefore, damages are barred and/or the amount of damages which may be recoverable must be diminished by the proportion which said misuse, abuse, misapplication and mishandling bears to the conduct which caused the alleged damage or injury.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

76.     In the event it should be established at the time of trial that all the Defendants are subject to market share liability, which it should not be, Chattem's share of such liability would be of such a *de minimis* amount as to make its responsibility and contribution for damages negligible, and Chattem would be entitled to judgment as against Plaintiffs and/or contribution, either in whole or in part, from Co-Defendants.

## FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

77.     In the event Plaintiffs recover a verdict or judgment against Chattem, then said verdict or judgment must be reduced by those amounts which have been or will replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefit programs.

## FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

78.     Chattem denies that the asbestos products alleged in Plaintiffs' Amended Complaint are products within the meaning and scope of the Restatement of Torts Section 402A and, as such, the Amended Complaint fails to state a cause of action in strict liability.

## FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

79.     Chattem alleges that any sales of talc products made by it were made to sophisticated users of such products, and that sale to a sophisticated user of the products bars any claim of liability against Chattem.

## FOR A THIRTIETH AFFIRMATIVE DEFENSE

80.     Chattem had no knowledge or reason to know of any alleged risks associated with asbestos and/or asbestos-containing products at any time during the

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

periods complained of by Plaintiffs.

### FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

81.    The Plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from Chattem, nor did the Plaintiffs receive or rely upon any representation or warranty allegedly made by Chattem.

### FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

82.    Exposure to asbestos fibers allegedly attributable to Chattem, if any, is so minimal as to be insufficient to establish to a reasonable degree of probability that the products are capable of causing Plaintiffs' injuries or damages and must be considered speculative as a matter of law.

### FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

83.    Some or all of the causes of action may not be maintained because of res judicata and/or collateral estoppel.

### FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

84.    If Chattem was on notice of any hazard or defect for which Plaintiffs seek relief, which Chattem denies, Plaintiffs also had such notice and are thereby barred from recovery.

### FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

85.    To the extent Plaintiffs are awarded damages, such damages must be reduced by the value of the benefit received by Plaintiffs from the use of Chattem's products.

### FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

86.    The claims for damages have not accrued, are purely speculative, uncertain and/or contingent, and, therefore, are not recoverable as a matter of law.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

87.    Plaintiffs' claims are barred or reduced under the principles of assumption of the risk.

**FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

88.    There has been no concert of action between Chattem and any of the other named Defendants.  The Defendants are not joint tortfeasors and, therefore, Chattem may not be held jointly and severally liable with the other named Defendants.

**FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE**

89.    At all relevant times, the state of medical and scientific knowledge and the state of the art for the design, manufacture, marketing, and labeling of talc-containing products was such that Chattem neither knew nor should have known that any of its products presented a risk of harm to Plaintiffs.  Public policy holds that liability should not be imposed on Chattem for untold risks not known at the time of the design, manufacturing, marketing, and labeling of the product at issue.

**FOR A FORTIETH AFFIRMATIVE DEFENSE**

90.    Plaintiffs' claims are barred or diminished because of Plaintiffs' failure to join necessary and indispensable parties.

**FOR A FORTY-FIRST AFFIRMATIVE DEFENSE**

91.    Chattem denies that there was any defect in the product(s) at issue or negligence or culpable conduct in the mining, processing, manufacture, design, testing, investigation, fashioning, packaging, labeling, marketing, distributing, delivery, and/or sale of the product(s) at issue, but if there was any defect, negligence, or culpable conduct, as alleged, then Chattem is not liable as it reasonably and justifiably relied upon the expertise, conduct, and/or inspection by others in the regular course of trade

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

and business.

### FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

92.    Plaintiffs failed to mitigate or otherwise act to lessen or reduce their injuries alleged in the Amended Complaint.

### FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

93.    Plaintiffs' claims for exemplary or punitive damages are barred because such damages are not recoverable or warranted in this action.

### FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

94.    Plaintiffs' claims in the Amended Complaint, and each count thereof, that seek exemplary or punitive damages would constitute an impermissible and excessive fine under the Eighth Amendment of the Constitution of the United States, and such damages would further violate Chattem's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 and other applicable provisions of the Constitution of the State of South Carolina, and any other state's law which may be applicable.  The Fifth and Sixth Amendments of the United States Constitution and the applicable provisions of the South Carolina Constitution are violated because Chattem cannot exercise all of the constitutional and statutory rights which must be accorded to a party who is subject to the imposition of a criminal penalty in the form of punitive damages.

The imposition of punitive or aggravated damages in this case based upon evidence of Chattem's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United State Constitution.  The Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the applicable provisions of the South Carolina Constitution are

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

violated because the imposition of punitive damages discriminates against Chattem on the basis of wealth in that greater amounts of punitive damages for the identical conduct may be awarded against some Defendants who have more economic wealth than other Defendants.

The imposition of punitive or aggravated damages in this case based on conduct that did not harm Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.  The imposition of punitive or aggravated damages in this case based on conduct different from the conduct that allegedly harm Plaintiffs would also violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.  The Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the applicable provisions of the South Carolina Constitution are violated because no protection is afforded to Chattem against multiple punitive damages awards to different Plaintiffs seeking to impose punitive damages for the same conduct.

Plaintiffs' claims for punitive damages violate Chattem's right of access to the Courts guaranteed by the Seventh and Fourteenth Amendments in that the threat of an award of unlimited punitive damages chills Chattem exercise of that right.

The imposition of punitive or aggravated damages in this case would violate the Ex Post Facto Clause of the South Carolina Constitution and would impair Chattem's right to contract, of access to the Courts, and would constitute an uncertain remedy, all in contravention of rights secured for Chattem by the Constitution of the State of South Carolina, Article 1, Section 4.

South Carolina's procedural and substantive law on punitive damages conflicts

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

with the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306 (1991); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003).

The procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip,* 499 U.S. 1306 (1991); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), the Commerce Clause of the United States Constitution, and the applicable provisions of the South Carolina Constitution are violated in the following ways:

a) punitive damages can be awarded against Chattem that are disproportionate and have no reasonable relationship to the actual or compensatory damages award, the injury and expenses in connection with which they are awarded, Chattem's conduct, mental state or the degree of reprehensibility of Chattem's conduct also permits an award of punitive damages that are disproportionate to the civil penalties, if any, authorized or imposed in similar cases;

b) there are no adequate and objective procedures and standards or instructions that guide trial and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages and no adequate standards and procedures to guide the rial and appellate courts in reviewing an excessive award of punitive damages;

c) the jury or fact finder is permitted to consider the net worth and "ability to pay" of Chattem in determining the amount of an award of punitive damages;

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

d) the jury or fact finder is permitted to consider Chattem's conduct outside the State of South Carolina and earnings received from conduct outside the State of South Carolina in determining the amount of an award of punitive damages; and the conduct, acts, omissions or standards that a jury or fact finder is permitted to consider in determining the amount of an award of punitive damages is not defined with sufficient precision to reasonably notify Chattem in advance of that conduct which will give rise to the imposition of punishment in the form of punitive damages.

## FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

95.     Under the South Carolina Contribution Among Tortfeasors Act, S.C. Code Ann. §15-38-15 (2005), the damages for which Plaintiffs seek recovery against Chattem are limited to the percentage of fault, if any, attributable to the conduct of Chattem.

## FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

96.     Multiple awards of punitive damages against Chattem would violate Article 1, Section 19 of the Constitution of the State of South Carolina, the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution, the common law of the State of South Carolina, and any other state's law which may be applicable.

## FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

97.     At all times relevant to this litigation, Chattem complied with all applicable law, regulations and standards.

## FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

98.     Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and laches.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

99.     At all times relevant to this litigation, Chattem and its agents, servants, employees, representatives, and/or others acting on its behalf or at its request – including miners, millers, manufacturers, suppliers, or other persons – utilized proper methods in the conduct of operations, in conformity with the available knowledge and research of the scientific, medical, and industrial communities and existing state of the art.

## FOR A FIFTIETH AFFIRMATIVE DEFENSE

100.    Plaintiffs' recoverable damages, if any, should be reduced, offset, or barred by the contributory or comparative negligence, fault, responsibility, or causation attributable to Plaintiffs or to some third party and/or non-party other than Chattem.

## FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

101.    In the event Plaintiffs have already entered, or enters in the future, into any settlement or compromise with, or execute any release of, any present or future Defendant, Third-Party Defendant or any non-party, for any of the Plaintiffs' alleged injuries and damages, Chattem is entitled to a credit or set-off of:  (a) the amount of consideration to be received by Plaintiffs in such settlement or for such release; and (b) the proportionate or pro rata share of liability of the settling or released party or non-party.

## FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE

102.    Some or all of the causes of action may not be maintained because of arbitration and award.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A FIFTY-THIRD AFFIRMATIVE DEFENSE

103.    Some or all of the causes of action may not be maintained because of discharge in bankruptcy.

## FOR A FIFTY-FOURTH AFFIRMATIVE DEFENSE

104.    Some or all of the causes of action may not be maintained because of release, payment, settlement, accord and satisfaction, or another compromise of the claims.

## FOR A FIFTY-FIFTH AFFIRMATIVE DEFENSE

105.    Plaintiffs' claims are preempted, expressly and/or impliedly, by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*.

## FOR A FIFTY-SIXTH AFFIRMATIVE DEFENSE

106.    Plaintiffs' claims are preempted to the extent they are premised upon an alleged violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq*., because there is no private right of action under the FDCA.

## FOR A FIFTY-SEVENTH AFFIRMATIVE DEFENSE

107.    Plaintiffs' claims are preempted under Article VI of the U.S. Constitution to the extent they propose to impose any obligation on Defendants that is different from, or in addition to, any requirement applicable under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*., or conflict with and/or serve as an obstacle to the enforcement of the laws, regulations, and policies promulgated by the FDA or other federal agencies, as authorized by Acts of Congress.

## FOR A FIFTY-EIGHTH AFFIRMATIVE DEFENSE

108.    Plaintiffs' claims are barred by the doctrine of primary jurisdiction and the primary jurisdiction of the FDA over the issues raised in the Amended Complaint.

ELECTRONICALLY FILED - 2022 May 17 4:11 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## FOR A FIFTY-NINTH AFFIRMATIVE DEFENSE

109.   Chattem reserves the right to assert all other defenses available to it under law at the time of trial and reserve the right to amend this Answer to include additional defenses that discovery may reveal to appropriate.

## FOR A SIXTIETH AFFIRMATIVE DEFENSE

110.   All defenses which have been or will be asserted by other Defendants and/or any Third-Party Defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to Plaintiffs' Amended Complaint. In addition, Chattem will rely upon any and all other additional defenses which become available or appear during discovery and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

Defendant Chattem, Inc. prays that Plaintiffs take nothing in this cause and that it recover its costs incurred herein.  This Defendant prays for such other and further relief, both general and special, legal or equitable, to which it may be justly entitled.

RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400


*s/ R. Wilder Harte*
Steven J. Pugh (SC Bar #14341)
spugh@richardsonplowden.com
R. Wilder Harte (SC Bar #101228)
wharte@richardsonplowden.com
Megan C. White (SC Bar #101895)
mwhite@richardsonplowden.com

ATTORNEYS FOR DEFENDANT CHATTEM, INC.

May 17, 2022

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.  2022-CP-40-01265 |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT IMI FABI (DIANA)** |
| vs. | ) | **LLC'S MEMORANDUM IN** |
| | ) | **SUPPORT OF ITS MOTION TO** |
| Avon Products, Inc., et al., | ) | **DISMISS FOR LACK OF** |
| | ) | **PERSONAL JURISDICTION AND** |
| Defendants. | ) | **MOTION FOR PROTECTIVE** |
| | ) | **ORDER TO STAY DISCOVERY AS** |
| | ) | **TO IMI FABI (DIANA) LLC** |

This Memorandum and accompanying affidavit are submitted in support of Defendant IMI FABI (Diana) LLC's ("Fabi Diana") Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(2), SCRCP and Motion for Protective order staying discovery as to Fabi Diana pursuant to Rule 26(c) SCRCP.

## **FACTS**

Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of Tennessee and that Sarah Plant ("Ms. Plant") developed mesothelioma as the result of exposure to various asbestos-containing talc products in several states, including South Carolina.[1]

Plaintiffs do not assert that Fabi Diana is a South Carolina limited liability company or that its principal place of business was ever in South Carolina.[2]  Rather, Plaintiffs assert generally that this Court has personal jurisdiction over all Defendants because Plaintiffs' claims arise from Defendants' conduct in (a) transacting business in the State, . . . (b) contracting to supply services or things in the State; (c) commission of a tortious act in whole or in part in this State; (d) having

---

[1] Pl. First Am. Compl. at ¶¶ 1, 6, 24, 25.
[2] See Pl. First Am. Compl. at ¶ 51.

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

an interest in, using, or possessing real property in this State; and/or (e) entering into a contract to be performed in whole or in part by either party in this State.[3]  Further, Plaintiffs allege generally that "all" defendants "purposefully availed themselves of the privilege of doing business in this State" and engaged in "substantial and/or systematic business in South Carolina."[4]

Specifically as to Fabi Diana, Plaintiffs list it as a "Product Defendant" and allege Ms. Plant was exposed to asbestos-containing talc "mined . . . processed . . . imported . . . supplied . . . and or retailed" by Fabi Diana. Plaintiffs further allege that their claim against Fabi Diana arises out of Fabi Diana's "business activities" and Ms. Plant's exposure to Fabi Diana products in the State of South Carolina as well as other states.[5]

However, as attested to in the Affidavit of Michael Brown ("Mr. Brown"), attached hereto as Exhibit A, these jurisdictional allegations as to Fabi Diana are unsupported by fact.  Mr. Brown's Affidavit sets forth the following relevant facts on the issue of personal jurisdiction:

- Mr. Brown is the former general manager and current caretaker of Fabi Diana. Exhibit A at ¶ 2.

- Fabi Diana is not a South Carolina limited liability company and never had its principal place of business in South Carolina.  *See* Exhibit A at ¶¶ 3, 5; *See also* Pl.'s First Am. Compl. at ¶ 51.

- Fabi Diana began operations in 2001 and ceased operations on December 31, 2004. Exhibit A at ¶¶ 3, 4.

---

[3] Pl.'s First Am. Compl. at ¶ 2.
[4] Pl.'s First Am. Compl. at ¶ 5.
[5] Pl.'s First Am. Compl. at ¶ 51.

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

- Fabi Diana sold refined talc to the cosmetic, personal care, pharmaceutical, and food industries and sold industrial talc for the manufacture of various products. Exhibit A at ¶ 6.

- Fabi Diana has never been licensed to do business in South Carolina and has never had a registered agent in South Carolina.  Exhibit A at ¶¶ 7, 8.

- Fabi Diana has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina; transacted business in South Carolina; contracted to supply goods or services in South Carolina; or marketed or advertised products in South Carolina.  Exhibit A at ¶¶ 9, 17, 18, 19.

- Until Fabi Diana closed its facility in Diana Township, New York, all products sold by Fabi Diana were delivered F.O.B. Origin, Freight Collect, Diana Township, New York.  In every instance, the Buyer made all arrangements for shipment of the products off of Fabi Diana's premises.  In every instance, possession of the product and risk of loss in transit transferred from Fabi Diana to the Buyer at the Fabi Diana loading dock.  In every instance, the Buyer paid for and bore the freight charges. In every instance, the Buyer, not Fabi Diana, filed claims (if any) if the product was damaged, destroyed, or lost in transit.  Consequently, Fabi Diana has never delivered any products to South Carolina.  Exhibit A at ¶ 22, 23.

- Fabi Diana has never had an interest in, used, or possessed real property in South Carolina. Exhibit A at ¶ 25.

- Fabi Diana has never committed a tortious act in whole or in part in South Carolina. Exhibit A at ¶ 41.

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

- Fabi Diana has never manufactured, sold, or distributed any products to South Carolina and has never shipped any products to South Carolina. Exhibit A at ¶¶ 37, 38.

- Fabi Diana has never produced, manufactured, or distributed goods with the reasonable expectation that those goods are to be used or consumed in the State of South Carolina and were so used and consumed. Exhibit A at ¶ 46.

## ARGUMENT

**I.    Motion to Dismiss for Lack of Personal Jurisdiction**

### i.    Legal Standard

"The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005). "The party seeking to invoke personal jurisdiction over a non-resident defendant . . . bears the burden of establishing jurisdiction." *Power Prods. & Servs. Co., Inc. v. Kozma*, 379 S.C. 423, 430, 665 S.E.2d 660, 664 (Ct. App. 2008). At the pretrial stage, plaintiffs may meet their burden of proving personal jurisdiction over a nonresident defendant by a *prima facie* showing of jurisdiction either (1) in the complaint or (2) in affidavits. *See Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508; *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012). However, a plaintiff must allege *specific facts* to establish the contacts necessary to invoke either general or specific jurisdiction. *See Power Prods. & Servs. Co., Inc.*, 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Conclusory allegations will not suffice. *Id.* at 433–35, 665

4

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

S.E.2d at 665–66.  Moreover, "[w]hen a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction." *Sullivan*, 397 S.C. at 150, 723 S.E.2d at 839 (quoting *Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007)).

"Personal jurisdiction is exercised as either 'general jurisdiction' or 'specific jurisdiction.'" *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478.  "General jurisdiction is the State's right to exercise personal jurisdiction over a defendant even though the suit does not arise out of or relate to the defendant's contacts with the forum . . . ;  general jurisdiction is determined under S.C. Code Ann. §36-2-802…." *Id.* "Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum . . . ; specific jurisdiction is determined under S.C. Code Ann. § 36-2-803…." *Id.*  The exercise of personal jurisdiction under either statute must comport with due process requirements and must not offend traditional notions of fair play and substantial justice. *Id*.  Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state. *Id*.

Further, due process mandates that the defendant possess sufficient minimum contacts with the forum state, so that it could reasonably anticipate being haled into court there.  *Cockrell*, 363, S.C. at 491-492, 611 S.E.2d at 508 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)).  Without minimum contacts, the Court does not have the "power" to adjudicate the action.  *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508.  Finally, the Court must also find that the exercise of jurisdiction is "reasonable" or "fair."  *Id.*

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

The Court must assess individually each defendant's contacts with South Carolina. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508 (citing *Rush v. Savchuk*, 444 U.S. 320 (1980)). The focus of the Court's analysis must center on the contacts generated by the defendant, not on the unilateral actions of some other entity. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-509 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (holding "unilateral activity of another party or a third person is not an appropriate consideration")). The foreseeability that is critical to due process analysis is not the mere likelihood that a product could find its way into the forum state. Rather, it is that the defendant's own conduct and connections with the forum state are such that he should reasonably anticipate being haled into court there. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 509 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 297).

Here, the Court has neither general nor specific jurisdiction over Fabi Diana and, therefore, Plaintiffs' claims against Fabi Diana must be dismissed.

### ii.     Fabi Diana is Not Subject to General Jurisdiction in South Carolina.

Fabi Diana is not a South Carolina limited liability company, its principal place of business was never in South Carolina, and it does not have such substantial contacts that it is "at home" in South Carolina; therefore, it is not subject to general personal jurisdiction in this state.

A court may assert general jurisdiction over foreign corporations when their affiliations with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011)); *see also Coggeshall*, 376 S.C. 12, 16, 655 S.E.2d 476, 478; S.C. Code Ann. §36-2-802. Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its

6

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). An example of the "exceptional case" where general jurisdiction may be exercised over a corporation that is neither incorporated in nor has its principal place of business in a state is the United States Supreme Court holding in *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 347. In *Perkins* the defendant, a foreign mining company forced to flee the Philippines during World War II, operated entirely from Ohio for several years. The company's president and principal stockholder relocated to Ohio and set up an office, where he maintained corporate files, carried on the company's correspondence, issued checks on behalf of the company, employed two corporate secretaries, maintained bank accounts, purchased company equipment, and held director's meetings for the duration of the company's exile. Under these circumstances, where Ohio became the business' *de facto* operating headquarters, the Court found general jurisdiction proper. None of these facts are present here.

Fabi Diana is not "at home" in South Carolina. It is undisputed that Fabi Diana is not a South Carolina limited liability company and its principal place of business has never been in South Carolina. It has no "enduring" relationship with South Carolina. *See Cockrell*, 363 S.C. at 495, 611 S.E.2d at 510. Furthermore, no "exceptional" circumstances, such as those present in *Perkins*, exist that would render Fabi Diana "at home" in South Carolina, nor do Plaintiffs allege any such exceptional circumstances. Accordingly, Fabi Diana is not subject to general personal jurisdiction in this State.

### iii.   Fabi Diana is not Subject to Specific Personal Jurisdiction in South Carolina.

Fabi Diana has never conducted business activities within South Carolina or purposefully directed business activities towards South Carolina and, therefore, does not meet the requirements of South Carolina's long-arm statute or have sufficient minimum contacts with the State for the exercise of jurisdiction to satisfy due process. Moreover, because Fabi Diana has never conducted

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

business in South Carolina or purposefully directed business activities towards South Carolina, it is impossible for Plaintiffs' claims to arise out of Fabi Diana's conduct within the State. Consequently, Fabi Diana is not subject to the exercise of specific personal jurisdiction in this case.

The determination of whether a court may exercise personal jurisdiction over a non-resident defendant has traditionally involved a two-step analysis; first, the court must determine if the long-arm statute applies, and second, the court must determine whether the nonresident's contacts with this State are sufficient to satisfy due process requirements. *Power Prods. & Servs. Co., Inc.*, 379 S.C. at 431, 665 S.E.2d at 664. "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508 (citing *Moosally v. W.W. Norton & Co.*, 358 S.C. 320, 329, 594 S.E.2d 878, 883 (Ct. App. 2004)); *See also Power Prods. & Servs. Co., Inc.*, 379 S.C. at 431, 665 S.E.2d at 664; *State v. NV Sumatra Tobacco Trading, Co.*, 379 S.C. 81, 89, 666 S.E.2d 218, 222 (2008).

### 1. *Plaintiffs Have Not Alleged Specific Facts Necessary to Establish Personal Jurisdiction Under South Carolina's Long-Arm Statute.*

In this case, Plaintiffs have failed to allege specific facts that subject Fabi Diana to jurisdiction under S.C. Code Ann. § 36-2-803(A)(1)-(8). Plaintiffs' generic, conclusory allegations are insufficient to show <u>specific actions</u> taken by Fabi Diana which would subject it to personal jurisdiction under the long-arm statute. *See* Sullivan, 397 S.C. at 150–51, 723 S.E.2d at 839 (affirming dismissal for lack of personal jurisdiction where the plaintiff merely recited the elements of the long-arm statute and failed to allege facts showing the defendant's conduct subjected it to jurisdiction). *See also Power Prods. & Servs. Co., Inc.*, 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Here, the allegations in Plaintiffs' First Amended Complaint are pled in the same way that the *Sullivan* Court found to be insufficient to meet a prima facie showing of personal jurisdiction; merely alleging legal conclusions in the First Amended Complaint does not meet the fact-pleading standard required by South Carolina courts.

The facts, as attested in Mr. Brown's affidavit, are that Fabi Diana has never (1) transacted business in this State; (2) contracted to supply services or things in this State; (3) committed a tortious act in whole or in part in this State; (4) regularly done or solicited business or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in this State; (5) had an interest in and has never used or possessed real property in this State; (6) contracted to insure any person, property or risk located within this State at the time of contracting; (7) entered into a contract to be performed in whole or in part by either party in this State; or (8) produced, manufactured, or distributed goods with the reasonable expectation that those goods were to be used or consumed in this State and were so used or consumed. *See* Exhibit A.

Plaintiffs' conclusory allegations, in the face of specific facts to the contrary, are insufficient to establish a *prima facie* showing of jurisdiction and, therefore, Plaintiffs have not met their burden and their claims must be dismissed.

> 2. ***Plaintiffs Have Not Shown Sufficient Minimum Contacts Between Fabi Diana and South Carolina Necessary to Satisfy Due Process.***

Assuming for the sake of argument that Plaintiffs' allegations meet the requirements of S.C. Code Ann. § 36-2-803, the exercise of personal jurisdiction over Fabi Diana is improper because Plaintiffs cannot show that the exercise of personal jurisdiction in this matter satisfies the requirements of due process.

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Due process requires that there exist sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice" and that the defendant can "reasonably anticipate being haled into court in the forum." *E.g.*, *Cockrell*, 363 S.C. at 491-492, 611 S.E.2d at 508 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Atlantic Soft Drink Co. v. South Carolina Nat'l Bank*, 287 S.C. 228, 336 S.E.2d 876 (1985)). The Court must further determine whether the exercise of jurisdiction is "reasonable" or "fair by considering  (1) the duration of the activity of the nonresident within the state; (2) the character and circumstances of the commission of the nonresident's acts; (3) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the nonresident; and (4) the State's interest in exercising jurisdiction." *Id.* at 492, 611 S.E.2d at 508.

Plaintiffs have not shown, and cannot show, that Fabi Diana has sufficient minimum contacts with South Carolina. "A minimum contacts analysis requires a court to find the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992). *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp.*, 444 U.S. at 296-297; *Hanson v. Denckla*, 257 U.S. 235, 251, 253 (1958). Fabi Diana has not purposefully directed *any* activities at South Carolina and, therefore, there are not sufficient minimum contacts with South Carolina to render this Court's exercise of personal jurisdiction permissible under the Due Process Clause. *See Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478 ("Due process requires

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state.")

The Supreme Court of South Carolina has consistently held the focus of the minimum contacts analysis must be on each defendant's own actions, not the "unilateral actions of some other entity." *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508–09 ("The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there"); *S. Plastics Co.*, 310 S.C. at 261, 423 S.E.2d at 131 ("[T]he defendant's activities directed to a resident of this State must be its own and not the unilateral activities of some other entity."). Likewise, the United States Supreme Court has held the defendant's actions, not those of downstream manufacturers, are determinative in a minimum contacts analysis. *E.g.*, *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L. Ed. 2d 92 (1987) ("The substantial connection… for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.") (internal quotations and citations omitted) (emphasis in original).

While Fabi Diana did sell refined and industrial talc, none of its sales were to South Carolina and it neither marketed nor advertised its products for sale in South Carolina. Exhibit A at ¶ 6, 17, 18, 19. Fabi Diana has also never shipped any products to South Carolina. As attested in Mr. Brown's affidavit, all products sold by Fabi Diana were delivered F.O.B. Origin, Freight Collect, Diana Township, New York. Exhibit A at ¶ 22. The buyer made all shipping arrangements, bore all shipping costs, took possession of the product, and assumed all risk of

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

loss at Fabi Diana's loading dock in Diana Township, New York. *Id.* Even assuming, *arguendo*, that Fabi Diana's talc was later used by another unrelated entity as an ingredient in a final product that allegedly was later sold in South Carolina, specific jurisdiction does not exist where the independent, unilateral actions of a third party, rather than those of Fabi Diana, caused the talc to be incorporated into a final product that may have ended up in South Carolina. *See Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-09.

The Supreme Court of South Carolina examined the "stream of commerce" theory of personal jurisdiction in *State v. NV Sumatra Tobacco Trading, Co.*, 379 S.C. 81, 666 S.E.2d 218 (2008). The Court held that Sumatra, a foreign tobacco company who sold its products in the United States through a distributor, had sufficient minimum contacts and was, therefore, subject to personal jurisdiction in South Carolina because it: (1) admitted to manufacturing United brand cigarettes; (2) admitted it owned the United States trademark for that brand; (3) sold 6,868,000 United brand cigarettes in South Carolina in 2001; (4) filed an ingredient report for the United brand cigarettes; (5) admitted it packaged its cigarettes in packs and cartons bearing the United States-required health warnings; and (6) the United brand packaging identified the cigarettes as an "American blend," had a Surgeon General's warning, and showed an eagle and striped packaging. *NV Sumatra Tobacco Trading, Co.*, 379 S.C. at 90, 666 S.E.2d at 223. Based on these facts, the Court held that even though Sumatra used an independent distributor it had "purposely availed itself of conducting business in all 50 states, including South Carolina" and that minimum contacts with South Carolina existed regardless of how the products arrived in the State. *Id.* The facts presented in the instant case are readily distinguished. Unlike the facts presented in *Sumatra*, Fabi Diana did not manufacture or sell a final product that was allegedly sold in South Carolina, and Fabi Diana had no control over the manufacture or distribution of the

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

final product.  The final product did not allegedly arrive in South Carolina through any efforts of Fabi Diana.  *See Cockrell*, 363 S.C. at 494, 611 S.E.2d at 510. In addition, the concern present in *Sumatra* that a company located outside the United States could avoid suit in every state is not applicable here because Fabi Diana would be subject to jurisdiction in both North Carolina and New York.

Subsequent to the *Sumatra* holding, the United States Supreme Court examined the stream of commerce theory and, in a plurality opinion authored by Justice Kennedy, held that "[a] defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State."  *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882, 131 S. Ct. 2780, 2788, 180 L. Ed. 2d 765 (2011).  Justice Bryer, in his concurring opinion, found jurisdiction lacking where there was no "regular flow or regular course of business in [the forum state]; and there is no "something more," such as a special state-related design, advertising, advice, marketing, or anything else" and the defendant had not "purposefully avail[ed] itself of the privilege of conducting activities within [the forum state], or that it delivered its goods in the stream of commerce with the expectation that they will be purchased by [forum state] users." *Id.* at 889 (Bryer, J. concurring) (internal citations and quotations omitted).  The concurrence further stated disagreement with the concept that a party could be subject to jurisdiction in a products liability case "so long as it knows or reasonably should know that its products are distributed through a nationwide distribution system that *might* lead to those products being sold in any of the fifty states." *Id.* at 891 (Bryer, J. concurring) (internal citations and quotations omitted) (emphasis in original).

13

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Applying the *J. McIntyre* Court's analysis to the facts here, it is readily apparent Fabi Diana lacks sufficient minimum contacts with South Carolina. Fabi Diana never marketed, sold, or shipped any products to South Carolina and did not engage a distributor to do so on its behalf and, therefore, cannot be said to have "targeted" the State. Fabi Diana did not sell any products with any intention or expectation that they would eventually be purchased by residents of South Carolina. Moreover, whether some other entity may have used Fabi Diana talc as an ingredient in a product that may have eventually been sold in South Carolina is irrelevant in determining whether Fabi Diana has minimum contacts with the State; the proper inquiry must focus solely on whether Fabi Diana directed its activities to residents of South Carolina. The facts here unequivocally show it did not. Absent a specific connection between Plaintiffs' claims, Fabi Diana's alleged conduct, and the State of South Carolina, there can be no specific jurisdiction over Fabi Diana.

Because Plaintiffs have not, and cannot, show that Fabi Diana has minimum contacts with South Carolina necessary for the exercise of personal jurisdiction to meet the requirements of due process, their claims against Fabi Diana must be dismissed.

## II.     **Motion for Protective Order Staying Discovery**

Fabi Diana has also moved the Court for a Protective Order staying discovery in this matter as to Fabi Diana pursuant to Rule 26(c) of the South Carolina Rules of Civil Procedure. Because Plaintiffs' First Amended Complaint is entirely conclusory and lacks factual support for its jurisdictional claims, the Court should grant Fabi Diana's motion and stay discovery pending adjudication of Fabi Diana's motion to dismiss.

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Rule 26 of the South Carolina Rules of Civil Procedure provides that, upon motion by the party from whom discovery is sought, the Court may limit discovery or order that discovery not be had to protect the party from "annoyance, embarrassment, oppression, or undue burden by expense." Rule 26(c), SCRCP.  "A stay of discovery until the determination of a dispositive motion is appropriate when (1) the issue raised is strictly one of law, (2) the motion, if successful, would be dispositive of the entire action, (3) the issue is one that cannot be cured by amending the pleadings, and (4) there is no showing of any prejudice if the Court were to stay discovery." *Allen v. South Carolina Budget and Control Bd. Employee Ins. Program*, No. 2009CP1007404, 2010 WL 11579841, at *5 (S.C.Com.Pl. Oct. 12, 2010).  An order under Rule 26(c) staying discovery pending a dispositive motion is an appropriate exercise of the Court's discretion. *Id.*  Further, "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition." *Sullivan,* 397 S.C. at 151–52, 723 S.E 2d at 839–40.  When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.  *Id.*

In this case, as discussed above in Fabi Diana's memorandum supporting its motion to dismiss, Plaintiffs' jurisdictional claims are conclusory and lack any factual support.  Permitting Plaintiffs to conduct discovery where it is readily apparent Fabi Diana is not subject to this Court's jurisdiction in this matter would cause undue expense and serve only as a fishing expedition intended to annoy, oppress, and harass Fabi Diana.  *See Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1215 (D.S.C. 1973) ("[C]ourt[s] should not order extended discovery when jurisdiction is doubtful").

 Applying the factors set forth in *Allen*, an order staying discovery is appropriate in this case because the issue of this Court's jurisdiction over Fabi Diana is purely a question of law and, if

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

successful, Fabi Diana's motion would be dispositive of Plaintiffs' entire case against it. Further, because Plaintiffs have not and cannot show any facts that would establish Fabi Diana had minimum contacts with South Carolina, the issue of personal jurisdiction is one that cannot be cured by amending the pleadings. Finally, there is no showing of any prejudice if the Court were to stay discovery; the requested stay would only apply to Fabi Diana, permitting Plaintiffs to conduct discovery against other parties, and would only be in effect for a brief time while the Court addresses the threshold issue of jurisdiction.

Because Plaintiffs' jurisdictional claims are conclusory allegations without any factual support which have been directly rebutted by Mr. Brown's affidavit, the Court should grant Fabi Diana's motion and stay discovery pending a decision on its motion to dismiss.

## CONCLUSION

Fabi Diana is not subject to general jurisdiction because it cannot fairly be said to be "at home" in South Carolina at any time. Fabi Diana is not subject to specific jurisdiction because Plaintiffs' claims do not satisfy § 36-2-803 and because Fabi Diana has no minimum contacts with South Carolina that gave rise to Plaintiffs' claims. Plaintiffs have presented the Court with nothing but conclusory, speculative allegations with no supporting facts to support personal jurisdiction. Accordingly, Defendant Fabi Diana is entitled to an order dismissing Plaintiffs' claims against it, and in the interim, an order staying discovery as to it until the Court enters an Order on Fabi Diana's Motion to Dismiss for lack of personal jurisdiction.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:    s/ David G. Traylor, Jr.
      David G. Traylor, Jr.
      SC Bar No. 05628
      E-Mail: david.traylor@nelsonmullins.com
      Robert O. Meriwether
      SC Bar No. 09828
      E-Mail:  robert.meriwether@nelsonmullins.com
      Michael P. Stover
      SC Bar No. 104757
      E-Mail: michael.stover@nelsonmullins.com
      1320 Main Street / 17th Floor
      Post Office Box 11070 (29211-1070)
      Columbia, SC  29201
      (803) 799-2000

      Attorneys for Defendant IMI Fabi (Diana), LLC

Columbia, South Carolina

July 13, 2022

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE #2022CP4001265

# EXHIBIT A

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | | |
| SARAH J. PLANT and | ) | C/A NO. 2022-CP-40-01265 |
| PARKER PLANT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| AVON PRODUCTS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF MICHAEL BROWN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT IMI FABI (DIANA), LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, MICHAEL BROWN, declare as follows:

1. My name is Michael Brown. I am over the age of eighteen years old (18) and I am competent to give this Affidavit.

2. I am the Former General Manager of IMI Fabi (Diana) LLC and current caretaker (hereinafter referred to as "Fabi Diana"). I make the following statements based upon my own personal knowledge, and, if called as a witness, could and would testify competently to such facts under oath.

3. On November 20, 2001, IMI Fabi (Diana) LLC was organized under the laws of North Carolina as a limited liability company.

4. IMI Fabi (Diana) LLC operated until December 31, 2004, when it closed its operations.

5. Fabi Diana's principal and only place of business was located in Diana Township, New York.

6. Fabi Diana sold refined talc to the cosmetic, personal care, pharmaceutical, food industries, and industrial talc used for the manufacture of various products.

7. Fabi Diana has never been licensed to do business in South Carolina.

8. Fabi Diana has never had a registered agent in South Carolina.

9. Fabi Diana has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina.

10. Fabi Diana has never had any employees working or residing in South Carolina.

11. Fabi Diana has never recruited any South Carolina residents, directly or through an intermediary located in the State of South Carolina, for employment inside or outside of the State of South Carolina.

12. Fabi Diana has never had a mailing address, post office box, or bank account in South Carolina.

13. Fabi Diana has never owed or paid corporate taxes in South Carolina.

14. Fabi Diana has never had insurance policies, which afford coverage of any kind for specific entities located in South Carolina.

15. Fabi Diana has never paid sales tax to South Carolina.

16. Fabi Diana has never invested any dollars in business operations in South Carolina because it has never had business operations in any state other than New York.

17. Fabi Diana has never transacted any business in the State of South Carolina.

18. Fabi Diana has never contracted to supply services or goods in the State of South Carolina.

19. Fabi Diana has never marketed or advertised its products in the State of South

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Carolina.

20. Fabi Diana has not received tax deductions as a result of contributions made to any organizations in the State of South Carolina.

21. Fabi Diana has never received any business incentives or tax credit from the State of South Carolina to conduct business in South Carolina.

22. Until Fabi Diana closed its facility in Diana Township, New York, all products sold by Fabi Diana were delivered F.O.B. Origin, Freight Collect, Diana Township, New York. In every instance, the Buyer made all of the arrangements for the shipment of the products off of Fabi Diana's premises. In every instance, possession of the product bought from Fabi Diana and the risk of loss in transit transferred from Fabi Diana to the Buyer at the Fabi Diana loading dock in Diana Township, New York. In every instance, the Buyer paid for and bore the freight charges. In every instance, the Buyer, not Fabi Diana, filed claims (if any) if the product was damaged, destroyed, or lost in transit.

23. Consequently, Fabi Diana has never delivered any products in the State of South Carolina.

24. Fabi Diana has never appeared in a case in South Carolina, including but not limited to, any matrimonial actions or family court proceedings.

25. Fabi Diana has never had an interest in, using or possessing real property in the State of South Carolina.

26. Fabi Diana has never owned, used, possessed, or held a mortgage or other lien on any real property in the State of South Carolina.

27. Fabi Diana has never owned, leased, or operated any real property or any offices in South Carolina.

28. Fabi Diana has never paid real estate tax to any municipality or town in South Carolina.

29. Fabi Diana has never owned a motorized vehicle registered in South Carolina and has never paid any automobile excise tax to any municipality or town located in South Carolina.

30. Fabi Diana has never owned a water vessel (boat) registered in South Carolina and has never paid any boat excise tax to any municipality or town located in South Carolina.

31. Fabi Diana has never acquired ownership, possession or control of any asset or thing of value present within the State of South Carolina.

32. Fabi Diana has had no contracts, by mail or otherwise, with a South Carolina resident to be performed in the State of South Carolina.

33. Fabi Diana has never had any affiliates, subsidiaries or corporately related companies in the State of South Carolina, or elsewhere.

34. Fabi Diana has never entered into any franchise agreements between it and any entities licensed to do business in South Carolina.

35. Fabi Diana has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold or distributed in South Carolina.

36. Fabi Diana has never mined, milled, processed, tested, screened, analyzed, blended, supplied and/or distributed talc in South Carolina.

37. Fabi Diana has never manufactured, sold, or distributed any products in the State of South Carolina.

38. Fabi Diana has never shipped any products to the State of South Carolina.

39. Fabi Diana has never operated, conducted, engaged in, or carried on a business or business venture in the State of South Carolina.

40. Fabi Diana has never had an office or agency in the State of South Carolina.

41. Fabi Diana has never committed a tortious act in whole or in part in the State of South Carolina.

42. Fabi Diana has never caused tortious injury or death to persons or property within the State of South Carolina arising out of an act or omission committed outside the State of South Carolina.

43. Fabi Diana has never engaged in solicitation or service activities within the State of South Carolina.

44. Fabi Diana has never entered into a contract or breached a contract in the State of South Carolina or that is to be performed in whole or in part in the State of South Carolina.

45. Fabi Diana has never contracted to insure any person, property or risk located within the State of South Carolina at the time of contracting.

46. Fabi Diana has never produced, manufactured, or distributed goods with the reasonable expectation that those goods are to be used or consumed in the State of Carolina, and are so used or consumed.

I declare under penalty of perjury under the laws of the State of South Carolina that the foregoing is true and correct and that this declaration was executed on June ±2, 2022 at Diana Township, New York.

Michael Brown

SWORN TO AND SUBSCRIBED BEFORE ME,
ON THIS THE 1ᵗʰ DAY OF JUNE, 2022.

NOTARY PUBLIC

PRINT NAME: Megan Brotherton

BAR/NOTARY NUMBER: 01BR6392543

```
Megan Brotherton
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BR6392543
Qualified in Jefferson County
Commission Expires 05/28/2023
```

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.  2022-CP-40-01265 |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT IMI FABI (USA)** |
| vs. | ) | **INC.'S MEMORANDUM IN** |
| | ) | **SUPPORT OF ITS MOTION TO** |
| Avon Products, Inc., et al., | ) | **DISMISS FOR LACK OF** |
| | ) | **PERSONAL JURISDICTION AND** |
| Defendants. | ) | **MOTION FOR PROTECTIVE** |
| | ) | **ORDER TO STAY DISCOVERY AS** |
| | ) | **TO IMI FABI (USA) INC.** |
| | ) | |

This Memorandum and accompanying affidavit are submitted in support of Defendant IMI

FABI (USA) Inc.'s ("Fabi USA") Motion to Dismiss Plaintiffs' First Amended Complaint

pursuant to Rule 12(b)(2), SCRCP and Motion for Protective order staying discovery as to Fabi

USA pursuant to Rule 26(c) SCRCP.

## **FACTS**

Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of

Tennessee and that Sarah Plant ("Ms. Plant") developed mesothelioma as the result of exposure to

various asbestos-containing talc products in several states, including South Carolina.[1]

Plaintiffs do not assert that Fabi USA is incorporated in South Carolina or that its principal

place of business is in South Carolina.[2]  Rather, Plaintiffs assert generally that this Court has

personal jurisdiction over all Defendants because Plaintiffs' claims arise from Defendants' conduct

in (a) transacting business in the State, . . . (b) contracting to supply services or things in the State;

(c) commission of a tortious act in whole or in part in this State; (d) having an interest in, using,

---

[1] Pl. First Am. Compl. at ¶¶ 1, 6, 24, 25.
[2] See Pl. First Am. Compl. at ¶ 52.

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

or possessing real property in this State; and/or (e) entering into a contract to be performed in whole or in part by either party in this State.[3]  Further, Plaintiffs allege generally that "all" defendants "purposefully availed themselves of the privilege of doing business in this State" and engaged in "substantial and/or systematic business in South Carolina."[4]

Specifically as to Fabi USA, Plaintiffs list it as a "Product Defendant" and allege Ms. Plant was exposed to asbestos-containing talc "mined . . . processed . . . imported . . . supplied . . . and or retailed" by Fabi USA. Plaintiffs further allege that their claim against Fabi USA arises out of Fabi USA's "business activities" and Ms. Plant's exposure to Fabi USA products in the State of South Carolina as well as other states. [5]

However, as attested to in the Affidavit of Patrizia Zuppini ("Ms. Zuppini"), attached hereto as Exhibit A, these allegations, including jurisdictional allegations, as to Fabi USA are wholly unsupported by fact.  Ms. Zuppini's Affidavit sets forth the following relevant facts on the issue of personal jurisdiction:

- Ms. Zuppini is the Vice President of IMI Fabi (USA), Inc. Exhibit A at ¶ 2.

- Fabi USA is a Delaware corporation.  It is not qualified to transact business in any other jurisdiction.  *See* Exhibit A at ¶ 3.[6]

- Fabi USA's sole business is to hold all membership interest in IMI Fabi, LLC.  Fabi USA has no business or operations, and it holds no other property or assets. Fabi

---

[3] Pl.'s First Am. Compl. at ¶ 2.
[4] Pl.'s First Am. Compl. at ¶ 5.
[5] Pl.'s First Am. Compl. at ¶ 52.
[6] Fabi USA's motion to dismiss asserted that it was and is a Delaware corporation with its principal place of business in Delaware.  *See* Motion to Dismiss at n.4.  It should have stated that Fabi USA was and is a Delaware corporation and "it is not qualified to transact business in any other jurisdiction." However, for purposes of this motion and memorandum the discrepancy is immaterial as Fabi USA's principal place of business is not South Carolina.

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

USA has never owned or operated any manufacturing, sales, or distribution facilities in any state. It has never had a registered agent in any state other than Delaware. It has never sold any product. Exhibit A at ¶¶ 3, 4, 5, 17.

- Fabi USA has never had a mailing address, post office box, or bank account in South Carolina; transacted business in South Carolina; contracted to supply services or goods in South Carolina; marketed or advertised products in South Carolina; or delivered any products in South Carolina. Exhibit A at ¶¶ 8, 12, 13, 14, 18.

- Fabi USA has never had an interest in, used, or possessed real property in South Carolina; owned, used, possessed, or held a mortgage or other lien on any real property in South Carolina; or owned, leased, or operated any real property or any offices in South Carolina. Exhibit A at ¶¶ 20, 21, 22.

- Fabi USA has never had any contracts with a South Carolina resident to be performed in South Carolina; entered into a contract or breached a contract in South Carolina or that is to be performed in whole or in part in South Carolina; or contracted to insure a person, property, or risk located in South Carolina. Exhibit A at ¶¶ 27, 38, 39.

- Fabi USA has never mined, milled, processed, tested, screened, analyzed, blended, supplied, and/or distributed talc in South Carolina; manufactured, sold, or distributed any products in South Carolina; shipped any products to South Carolina; engaged in solicitation or service activities in South Carolina; produced, manufactured, or distributed goods with the reasonable expectation that those goods were to be used in South Carolina. Exhibit A at ¶¶ 30, 31, 32, 37, 40.

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

- Fabi USA has never committed a tortious act in whole or in part in South Carolina and has never caused tortious injury or death to persons or property within South Carolina arising out of an act or omission committed outside of South Carolina. Exhibit A at ¶¶ 35, 36.

## **ARGUMENT**

**I.**   **Motion to Dismiss for Lack of Personal Jurisdiction**

    **i.**   **Legal Standard**

"The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005). "The party seeking to invoke personal jurisdiction over a non-resident defendant . . . bears the burden of establishing jurisdiction." *Power Prods. & Servs. Co., Inc. v. Kozma*, 379 S.C. 423, 430, 665 S.E.2d 660, 664 (Ct. App. 2008). At the pretrial stage, plaintiffs may meet their burden of proving personal jurisdiction over a nonresident defendant by a *prima facie* showing of jurisdiction either (1) in the complaint or (2) in affidavits. *See Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508; *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012). However, a plaintiff must allege *specific facts* to establish the contacts necessary to invoke either general or specific jurisdiction. *See Power Prods. & Servs. Co., Inc.*, 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Conclusory allegations will not suffice. *Id.* at 433–35, 665 S.E.2d at 665–66. Moreover, "[w]hen a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction." *Sullivan*, 397 S.C. at 150, 723

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

S.E.2d at 839 (quoting *Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007)).

      "Personal jurisdiction is exercised as either 'general jurisdiction' or 'specific jurisdiction.'" *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478. "General jurisdiction is the State's right to exercise personal jurisdiction over a defendant even though the suit does not arise out of or relate to the defendant's contacts with the forum . . . ; general jurisdiction is determined under S.C. Code Ann. §36-2-802…." *Id.* "Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum . . . ; specific jurisdiction is determined under S.C. Code Ann. § 36-2-803…." *Id.* The exercise of personal jurisdiction under either statute must comport with due process requirements and must not offend traditional notions of fair play and substantial justice. *Id.* Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state. *Id.*

      Further, due process mandates that the defendant possess sufficient minimum contacts with the forum state, so that it could reasonably anticipate being haled into court there. *Cockrell*, 363, S.C. at 491-492, 611 S.E.2d at 508 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). Without minimum contacts, the Court does not have the "power" to adjudicate the action. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508. Finally, the Court must also find that the exercise of jurisdiction is "reasonable" or "fair." *Id.*

      The Court must assess individually each defendant's contacts with South Carolina. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508 (citing *Rush v. Savchuk*, 444 U.S. 320 (1980)). The focus of the Court's analysis must center on the contacts generated by the defendant, not on the unilateral actions of some other entity. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-509 (citing

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (holding "unilateral activity of another party or a third person is not an appropriate consideration")). The foreseeability that is critical to due process analysis is not the mere likelihood that a product could find its way into the forum state. Rather, it is that the defendant's own conduct and connections with the forum state are such that he should reasonably anticipate being haled into court there. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 509 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 297).

Here, the Court has neither general nor specific jurisdiction over Fabi USA and, therefore, Plaintiffs' claims against Fabi USA must be dismissed.

### ii.    Fabi USA is Not Subject to General Jurisdiction in South Carolina.

Fabi USA is not incorporated in South Carolina, does not maintain its principal place of business in South Carolina, and does not have such substantial contacts that it is "at home" in South Carolina; therefore, it is not subject to general personal jurisdiction in this State.

A court may assert general jurisdiction over foreign corporations when their affiliations with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011)); *see also Coggeshall*, 376 S.C. 12, 16, 655 S.E.2d 476, 478; S.C. Code Ann. §36-2-802. Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). An example of the "exceptional case" where general jurisdiction may be exercised over a corporation that is neither incorporated in nor has its principal place of business in a state is the United States Supreme Court holding in *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 347. In *Perkins* the defendant, a foreign mining company forced to flee the Philippines during World War II, operated entirely from

Ohio for several years.  The company's president and principal stockholder relocated to Ohio and set up an office, where he maintained corporate files, carried on the company's correspondence, issued checks on behalf of the company, employed two corporate secretaries, maintained bank accounts, purchased company equipment, and held director's meetings for the duration of the company's exile.  Under these circumstances, where Ohio became the business' *de facto* operating headquarters, the Court found general jurisdiction proper.  None of these facts are present here.

Fabi USA is not "at home" in South Carolina. It is undisputed that Fabi USA is not incorporated in South Carolina and its principal place of business is not in South Carolina. Further, it has no "enduring" relationship with South Carolina.  *See Cockrell*, 363 S.C. at 495, 611 S.E.2d at 510. Moreover, no "exceptional" circumstances, such as those present in *Perkins*, exist that would render Fabi USA "at home" in South Carolina, nor do Plaintiffs allege any such exceptional circumstances.  Accordingly, Fabi USA is not subject to general personal jurisdiction in this State.

### iii.    Fabi USA is not Subject to Specific Personal Jurisdiction in South Carolina.

Fabi USA has never conducted business activities within South Carolina or purposefully directed business activities towards South Carolina and, therefore, it does not meet the requirements of South Carolina's long-arm statute or have sufficient minimum contacts with the State for the exercise of jurisdiction to satisfy due process.  Moreover, because Fabi USA has never conducted business in South Carolina or purposefully directed business activities towards South Carolina, it is impossible for Plaintiffs' claims to arise out of Fabi USA's conduct within the State. Consequently, Fabi USA is not subject to the exercise of specific personal jurisdiction in this case.

The determination of whether a court may exercise personal jurisdiction over a non-resident defendant has traditionally involved a two-step analysis; first, the court must determine if the long-arm statute applies, and second, the court must determine whether the nonresident's

7

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

contacts with this State are sufficient to satisfy due process requirements. *Power Prods. & Servs. Co., Inc.*, 379 S.C. at 431, 665 S.E.2d at 664. However, "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508 (citing *Moosally v. W.W. Norton & Co.*, 358 S.C. 320, 329, 594 S.E.2d 878, 883 (Ct. App. 2004)); *See also Power Prods. & Servs. Co., Inc.*, 379 S.C. at 431, 665 S.E.2d at 664.

### 1. *Plaintiffs Have Not Alleged Specific Facts Necessary to Establish Personal Jurisdiction Under South Carolina's Long-Arm Statute.*

In this case, Plaintiffs have failed to allege specific facts that subject Fabi USA to jurisdiction under S.C. Code Ann. § 36-2-803(A)(1)-(8). Plaintiffs' First Amended Complaint makes generic, conclusory allegations as to jurisdiction which are insufficient to show <u>specific actions</u> taken by Fabi USA which would subject it to personal jurisdiction under South Carolina's long-arm statute. *See* Sullivan, 397 S.C. at 150–51, 723 S.E.2d at 839 (affirming dismissal for lack of personal jurisdiction where the plaintiff merely recited the elements of the long-arm statute and failed to allege facts showing the defendant's conduct subjected it to jurisdiction). *See also Power Prods. & Servs. Co., Inc.*, 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Here, the allegations in Plaintiffs' First Amended Complaint are pled in the same way that the *Sullivan* Court found to be insufficient to meet a *prima facie* showing of personal jurisdiction; merely making conclusory allegations couched as "fact" does not meet the fact-pleading standard required by South Carolina courts.

The facts, as attested in Ms. Zuppini's affidavit, are that the sole business of Fabi USA is to hold all membership interest in IMI Fabi, LLC. It has never (1) transacted business in this

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

State; (2) contracted to supply services or things in this State; (3) committed a tortious act in whole or in part in this State; (4) regularly done or solicited business or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in this State; (5) had an interest in and has never used or possessed real property in this State; (6) contracted to insure any person, property or risk located within this State at the time of contracting; (7) entered into a contract to be performed in whole or in part by either party in this State; (8) and has never produced, manufactured, or distributed goods with the reasonable expectation that those goods were to be used or consumed in this State.  *See* Exhibit A.

Plaintiffs' conclusory allegations, in the face of specific facts to the contrary, are insufficient to establish a *prima facie* showing of jurisdiction and, therefore, Plaintiffs have not met their burden and their claims must be dismissed.

### 2.  *Plaintiffs Have Not Shown Sufficient Minimum Contacts Between Fabi USA and South Carolina Necessary to Satisfy Due Process.*

Assuming for the sake of argument that Plaintiffs' allegations could meet the requirements of S.C. Code Ann. § 36-2-803, the exercise of personal jurisdiction over Fabi USA is nonetheless improper because Plaintiffs cannot show that the exercise of personal jurisdiction in this matter satisfies the requirements of due process.

Due process requires that there exist sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice" and that the defendant can "reasonably anticipate being haled into court in the forum."  *E.g.*, *Cockrell*, 363 S.C. at 491-492, 611 S.E.2d at 508 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985);  *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Atlantic Soft Drink Co. v. South Carolina Nat'l Bank*, 287 S.C. 228, 336 S.E.2d 876 (1985)).

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

"A minimum contacts analysis requires a court to find the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992). *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp.*, 444 U.S. at 296-297; *Hanson v. Denckla*, 257 U.S. 235, 251, 253 (1958). The minimum contacts analysis must focus on the defendant's own actions, not the "unilateral actions of some other entity." *Cockrell,* 363 S.C. at 492, 611 S.E.2d at 508–09 ("The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there."); *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478 ("Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state."). If the Court finds minimum contacts exist, it must further determine whether the exercise of jurisdiction is "reasonable" or "fair" by considering "(1) the duration of the activity of the nonresident within the state; (2) the character and circumstances of the commission of the nonresident's acts; (3) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the nonresident; and (4) the State's interest in exercising jurisdiction." *Id.* at 492, 611 S.E.2d at 508.

Plaintiffs have not shown, and cannot show, that Fabi USA has sufficient minimum contacts with South Carolina. The facts here, as attested in Ms. Zuppini's affidavit, are that the sole business of Fabi USA is to hold all membership in IMI Fabi, LLC. It has no business or operations, holds no other property or assets, and has never sold any product. Fabi USA has never manufactured, sold, or distributed any products in South Carolina or shipped any products

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

to South Carolina.  Simply stated, Fabi USA has <u>no</u> contacts with the State of South Carolina and has never purposefully directed <u>any</u> activities at South Carolina. Consequently, there are not sufficient minimum contacts with South Carolina to render this Court's exercise of personal jurisdiction permissible under the Due Process Clause.  Further, because Fabi USA has no contact with South Carolina, Plaintiffs' cause of action cannot arise out of or relate to any alleged contacts with South Carolina.

Because Plaintiffs have not, and cannot, show that Fabi USA has minimum contacts with South Carolina necessary for the exercise of personal jurisdiction to meet the requirements of due process, their claims against Fabi USA must be dismissed.

## II.    **Motion for Protective Order Staying Discovery**

Fabi USA has also moved the Court for a Protective Order staying discovery in this matter as to Fabi USA pursuant to Rule 26(c) of the South Carolina Rules of Civil Procedure.  Because Plaintiffs' First Amended Complaint is entirely conclusory and lacks factual support for its jurisdictional claims, the Court should grant Fabi USA's motion and stay discovery pending adjudication of Fabi USA's motion to dismiss.

Rule 26 of the South Carolina Rules of Civil Procedure provides that, upon motion by the party from whom discovery is sought, the Court may limit discovery or order that discovery not be had to protect the party from "annoyance, embarrassment, oppression, or undue burden by expense." Rule 26(c), SCRCP.  "A stay of discovery until the determination of a dispositive motion is appropriate when (1) the issue raised is strictly one of law, (2) the motion, if successful, would be dispositive of the entire action, (3) the issue is one that cannot be cured by amending the pleadings, and (4) there is no showing of any prejudice if the Court were to stay discovery." *Allen v. South*

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*Carolina Budget and Control Bd. Employee Ins. Program*, No. 2009CP1007404, 2010 WL 11579841, at *5 (S.C.Com.Pl. Oct. 12, 2010).  An order under Rule 26(c) staying discovery pending a dispositive motion is an appropriate exercise of the Court's discretion. *Id.*  Further, "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition." *Sullivan,* 397 S.C. at 151–52, 723 S.E 2d at 839–40.  When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.  *Id.*

In this case, as discussed above in Fabi USA's memorandum supporting its motion to dismiss, Plaintiffs' jurisdictional claims are conclusory and lack any factual support.  Permitting Plaintiffs to conduct discovery where it is readily apparent Fabi USA is not subject to this Court's jurisdiction in this matter would cause undue expense and serve only as a fishing expedition intended to annoy, oppress, and harass Fabi USA.  *See  Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1215 (D.S.C. 1973) ("[C]ourt[s] should not order extended discovery when jurisdiction is doubtful").

Applying the factors set forth in *Allen*, an order staying discovery is appropriate in this case because the issue of this Court's jurisdiction over Fabi USA is purely a question of law and, if successful, Fabi USA's motion would be dispositive of Plaintiffs' entire case against it.   Further, because Plaintiffs have not and cannot show any facts that would establish Fabi USA had minimum contacts with South Carolina, the issue of personal jurisdiction is one that cannot be cured by amending the pleadings.  Finally, there is no showing of any prejudice if the Court were to stay discovery; the requested stay would only apply to Fabi USA, permitting Plaintiffs to conduct discovery against other parties, and would only be in effect for a brief time while the Court addresses the threshold issue of jurisdiction.

Because Plaintiffs' jurisdictional claims are conclusory allegations without any factual support which have been directly rebutted by Ms. Zuppini's affidavit, the Court should grant Fabi USA's motion and stay discovery pending a decision on its motion to dismiss.

## CONCLUSION

Fabi USA is not subject to general jurisdiction because it cannot fairly be said to be "at home" in South Carolina at any time. Fabi USA is not subject to specific jurisdiction because Plaintiffs' claims do not satisfy S.C. Code Ann. § 36-2-803 and because Fabi USA has no minimum contacts with South Carolina that gave rise to Plaintiffs' claims. Plaintiffs have presented the Court with nothing but conclusory, speculative allegations with no supporting facts to support personal jurisdiction. Accordingly, Defendant Fabi USA is entitled to an order dismissing Plaintiffs' claims against it, and in the interim, an order staying discovery as to it until the Court enters an Order on Fabi USA's Motion to Dismiss for lack of personal jurisdiction.

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:    s/ David G. Traylor, Jr.
        David G. Traylor, Jr.
        SC Bar No. 05628
        E-Mail: david.traylor@nelsonmullins.com
        Robert O. Meriwether
        SC Bar No. 09828
        E-Mail:  robert.meriwether@nelsonmullins.com
        Michael P. Stover
        SC Bar No. 104757
        E-Mail: michael.stover@nelsonmullins.com
        1320 Main Street / 17th Floor
        Post Office Box 11070 (29211-1070)
        Columbia, SC  29201
         (803) 799-2000

Attorneys for Defendant IMI Fabi (USA) Inc.

Columbia, South Carolina

July 13, 2022

ELECTRONICALLY FILED - 2022 Jul 13 2:34 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE #2022CP4001265

# EXHIBIT A

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | | |
| SARAH J. PLANT and | ) | C/A NO. 2022-CP-40-01265 |
| PARKER PLANT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| AVON PRODUCTS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF MICHAEL BROWN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT IMI FABI (DIANA), LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, MICHAEL BROWN, declare as follows:

1. My name is Michael Brown. I am over the age of eighteen years old (18) and I am competent to give this Affidavit.

2. I am the Former General Manager of IMI Fabi (Diana) LLC and current caretaker (hereinafter referred to as "Fabi Diana"). I make the following statements based upon my own personal knowledge, and, if called as a witness, could and would testify competently to such facts under oath.

3. On November 20, 2001, IMI Fabi (Diana) LLC was organized under the laws of North Carolina as a limited liability company.

4. IMI Fabi (Diana) LLC operated until December 31, 2004, when it closed its operations.

5. Fabi Diana's principal and only place of business was located in Diana Township, New York.

6. Fabi Diana sold refined talc to the cosmetic, personal care, pharmaceutical, food industries, and industrial talc used for the manufacture of various products.

7. Fabi Diana has never been licensed to do business in South Carolina.

8. Fabi Diana has never had a registered agent in South Carolina.

9. Fabi Diana has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina.

10. Fabi Diana has never had any employees working or residing in South Carolina.

11. Fabi Diana has never recruited any South Carolina residents, directly or through an intermediary located in the State of South Carolina, for employment inside or outside of the State of South Carolina.

12. Fabi Diana has never had a mailing address, post office box, or bank account in South Carolina.

13. Fabi Diana has never owed or paid corporate taxes in South Carolina.

14. Fabi Diana has never had insurance policies, which afford coverage of any kind for specific entities located in South Carolina.

15. Fabi Diana has never paid sales tax to South Carolina.

16. Fabi Diana has never invested any dollars in business operations in South Carolina because it has never had business operations in any state other than New York.

17. Fabi Diana has never transacted any business in the State of South Carolina.

18. Fabi Diana has never contracted to supply services or goods in the State of South Carolina.

19. Fabi Diana has never marketed or advertised its products in the State of South

Carolina.

20. Fabi Diana has not received tax deductions as a result of contributions made to any organizations in the State of South Carolina.

21. Fabi Diana has never received any business incentives or tax credit from the State of South Carolina to conduct business in South Carolina.

22. Until Fabi Diana closed its facility in Diana Township, New York, all products sold by Fabi Diana were delivered F.O.B. Origin, Freight Collect, Diana Township, New York. In every instance, the Buyer made all of the arrangements for the shipment of the products off of Fabi Diana's premises. In every instance, possession of the product bought from Fabi Diana and the risk of loss in transit transferred from Fabi Diana to the Buyer at the Fabi Diana loading dock in Diana Township, New York. In every instance, the Buyer paid for and bore the freight charges. In every instance, the Buyer, not Fabi Diana, filed claims (if any) if the product was damaged, destroyed, or lost in transit.

23. Consequently, Fabi Diana has never delivered any products in the State of South Carolina.

24. Fabi Diana has never appeared in a case in South Carolina, including but not limited to, any matrimonial actions or family court proceedings.

25. Fabi Diana has never had an interest in, using or possessing real property in the State of South Carolina.

26. Fabi Diana has never owned, used, possessed, or held a mortgage or other lien on any real property in the State of South Carolina.

27. Fabi Diana has never owned, leased, or operated any real property or any offices in South Carolina.

28. Fabi Diana has never paid real estate tax to any municipality or town in South Carolina.

29. Fabi Diana has never owned a motorized vehicle registered in South Carolina and has never paid any automobile excise tax to any municipality or town located in South Carolina.

30. Fabi Diana has never owned a water vessel (boat) registered in South Carolina and has never paid any boat excise tax to any municipality or town located in South Carolina.

31. Fabi Diana has never acquired ownership, possession or control of any asset or thing of value present within the State of South Carolina.

32. Fabi Diana has had no contracts, by mail or otherwise, with a South Carolina resident to be performed in the State of South Carolina.

33. Fabi Diana has never had any affiliates, subsidiaries or corporately related companies in the State of South Carolina, or elsewhere.

34. Fabi Diana has never entered into any franchise agreements between it and any entities licensed to do business in South Carolina.

35. Fabi Diana has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold or distributed in South Carolina.

36. Fabi Diana has never mined, milled, processed, tested, screened, analyzed, blended, supplied and/or distributed talc in South Carolina.

37. Fabi Diana has never manufactured, sold, or distributed any products in the State of South Carolina.

38. Fabi Diana has never shipped any products to the State of South Carolina.

39. Fabi Diana has never operated, conducted, engaged in, or carried on a business or business venture in the State of South Carolina.

40. Fabi Diana has never had an office or agency in the State of South Carolina.

41. Fabi Diana has never committed a tortious act in whole or in part in the State of South Carolina.

42. Fabi Diana has never caused tortious injury or death to persons or property within the State of South Carolina arising out of an act or omission committed outside the State of South Carolina.

43. Fabi Diana has never engaged in solicitation or service activities within the State of South Carolina.

44. Fabi Diana has never entered into a contract or breached a contract in the State of South Carolina or that is to be performed in whole or in part in the State of South Carolina.

45. Fabi Diana has never contracted to insure any person, property or risk located within the State of South Carolina at the time of contracting.

46. Fabi Diana has never produced, manufactured, or distributed goods with the reasonable expectation that those goods are to be used or consumed in the State of Carolina, and are so used and consumed.

I declare under penalty of perjury under the laws of the State of South Carolina that the foregoing is true and correct and that this declaration was executed on June ±2, 2022 at Diana Township, New York.

_Michael Brown_

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Michael Brown

SWORN TO AND SUBSCRIBED BEFORE ME,
ON THIS THE 1ᵗʰ DAY OF JUNE, 2022.

_Megan Brotherton_
NOTARY PUBLIC

PRINT NAME: Megan Brotherton

BAR/NOTARY NUMBER: 01BR6392543

> Megan Brotherton
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01BR6392543
> Qualified in Jefferson County
> Commission Expires 05/28/2023

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.  2022-CP-40-01265 |
| | ) | |
| Sarah J. Plant and Parker Plant, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT IMI FABI, LLC'S** |
| vs. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **ITS MOTION TO DISMISS FOR** |
| Avon Products, Inc., et al., | ) | **LACK OF PERSONAL** |
| | ) | **JURISDICTION AND MOTION** |
| Defendants. | ) | **FOR PROTECTIVE ORDER TO** |
| | ) | **STAY DISCOVERY AS TO IMI** |
| | ) | **FABI, LLC** |
| | ) | |

This Memorandum and accompanying affidavit are submitted in support of Defendant IMI FABI, LLC's ("Fabi LLC") Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(2), SCRCP and Motion for Protective order staying discovery as to Fabi LLC pursuant to Rule 26(c) SCRCP.

## FACTS

Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of Tennessee and that Sarah Plant ("Ms. Plant") developed mesothelioma as the result of exposure to various asbestos-containing talc products in several states, including South Carolina.[1]

Plaintiffs do not assert that Fabi LLC is a South Carolina limited liability company or that its principal place of business was ever in South Carolina.[2]  Rather, Plaintiffs assert generally that this Court has personal jurisdiction over all Defendants because Plaintiffs' claims arise from Defendants' conduct in (a) transacting business in the State, . . . (b) contracting to supply services or things in the State; (c) commission of a tortious act in whole or in part in this State; (d) having

---

[1] Pl. First Am. Compl. at ¶¶ 1, 6, 24, 25.
[2] See Pl. First Am. Compl. at ¶ 53.

an interest in, using, or possessing real property in this State; and/or (e) entering into a contract to be performed in whole or in part by either party in this State.[3]  Further, Plaintiffs allege generally that "all" defendants "purposefully availed themselves of the privilege of doing business in this State" and engaged in "substantial and/or systematic business in South Carolina."[4]

Specifically as to Fabi LLC, Plaintiffs list it as a "Product Defendant" and allege Ms. Plant was exposed to asbestos-containing talc "mined . . . processed . . . imported . . . supplied . . . and or retailed" by Fabi LLC. Plaintiffs further allege that their claim against Fabi LLC arises out of Fabi LLC's "business activities" and Ms. Plant's exposure to Fabi LLC products in the State of South Carolina as well as other states.[5]

However, as attested to in the Affidavit of James Woods ("Mr. Woods"), attached hereto as Exhibit A, these jurisdictional allegations as to Fabi LLC are unsupported by fact.  Mr. Woods' Affidavit sets forth the following relevant facts on the issue of personal jurisdiction:

- Mr. Woods is Fabi LLC's manager. Exhibit A at ¶ 2.

- Neither Fabi LLC nor any of its predecessor entities were ever South Carolina limited liability companies or had their principal place of business in South Carolina.  *See* Exhibit A at ¶¶ 3–5; *See also* Pl.'s First Am. Compl. at ¶ 53.

- Fabi LLC sells refined talc to the cosmetic, personal care, pharmaceutical, food industry and sells industrial grade talc to be used in non-cosmetic applications. Exhibit A at ¶ 6.

- Fabi LLC has never been licensed to do business in South Carolina and has never had a registered agent in South Carolina.  Exhibit A at ¶¶ 7, 8.

---

[3] Pl.'s First Am. Compl. at ¶ 2.
[4] Pl.'s First Am. Compl. at ¶ 5.
[5] Pl.'s First Am. Compl. at ¶ 53.

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

- Fabi LLC has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina; had any employees working or residing in South Carolina; had a mailing address, post office box, or bank account in South Carolina; had an interest in, used, or possessed real property in the State of South Carolina; owned, used, possessed, or held a mortgage or other lien on any real property in South Carolina; owned leased or operated any real property or offices in South Carolina; acquired ownership, possession, or control of any asset or thing of value present in South Carolina; entered into any franchise agreements between it and any entities licensed to do business in South Carolina; operated, conducted, engaged in, or carried on a business or business venture in South Carolina; or had an office or agency in the State of South Carolina.  Exhibit A at ¶¶ 9, 10, 12, 25, 26, 27, 31, 34, 38, 39.

- Fabi LLC has never mined, milled, processed, tested, screened, analyzed, and/or blended talc in South Carolina.  Exhibit A at ¶ 36.

- Until January 2016, Fabi LLC never contracted to supply any goods or services in the State of South Carolina.  Until January 2016, Fabi LLC never marketed, advertised, sold, or delivered its industrial grade talc products in South Carolina. Since January 2016, Fabi LLC has only sold industrial grade talc products for incorporation in the manufacture of plastic and rubber products to consumers in South Carolina.  Exhibit A at ¶¶ 17, 18, 19.

- Fabi LLC has never advertised, marketed, sold or shipped cosmetic grade talc in the State of South Carolina.  Fabi LLC had no contracts to sell cosmetic grade talc, by mail or otherwise, with a South Carolina resident to be performed in the State

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of South Carolina.  Fabi LLC has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold, or distributed in South Carolina.  Fabi LLC never shipped any cosmetic grade talc products to the State of South Carolina.  Fabi LLC has never produced, manufactured, or distributed cosmetic grade talc with the reasonable expectation that those goods are to be used or consumed in the State of South Carolina, and are so used or consumed.  Exhibit A at ¶¶ 20, 32, 35, 37, 42.

- Until late 2018, all cosmetic grade talc products sold by Fabi LLC were delivered EXW or F.O.B. Origin, Freight Collect, West Virginia.  In every instance, the Buyer made all of the arrangements for the shipment of the products off of Fabi LLC's premises.  In every instance, possession of the product bought from Fabi LLC and the risk of loss in transit transferred from Fabi LLC to the Buyer at the Fabi LLC loading dock in West Virginia.  In every instance, the Buyer paid for and bore the freight charges.  In every instance, the Buyer, not Fabi LLC, filed claims (if any) if the product was damaged, destroyed, or lost in transit.  Exhibit A at ¶ 23.


## ARGUMENT

### I.    Motion to Dismiss for Lack of Personal Jurisdiction

#### i.    Legal Standard

"The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005). "The party seeking to invoke personal jurisdiction over a non-resident defendant . . . bears the burden of establishing jurisdiction." *Power Prods. & Servs.*

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*Co., Inc. v. Kozma*, 379 S.C. 423, 430, 665 S.E.2d 660, 664 (Ct. App. 2008). At the pretrial stage, plaintiffs may meet their burden of proving personal jurisdiction over a nonresident defendant by a *prima facie* showing of jurisdiction either (1) in the complaint or (2) in affidavits. *See Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508; *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012). However, a plaintiff must allege *specific facts* to establish the contacts necessary to invoke either general or specific jurisdiction. *See Power Prods. & Servs. Co., Inc.*, 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Conclusory allegations will not suffice. *Id.* at 433–35, 665 S.E.2d at 665–66. Moreover, "[w]hen a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction." *Sullivan*, 397 S.C. at 150, 723 S.E.2d at 839 (quoting *Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007)).

"Personal jurisdiction is exercised as either 'general jurisdiction' or 'specific jurisdiction.'" *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478. "General jurisdiction is the State's right to exercise personal jurisdiction over a defendant even though the suit does not arise out of or relate to the defendant's contacts with the forum . . . ; general jurisdiction is determined under S.C. Code Ann. §36-2-802…." *Id.* "Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum . . . ; specific jurisdiction is determined under S.C. Code Ann. § 36-2-803…." *Id.* The exercise of personal jurisdiction under either statute must comport with due process requirements and must not offend traditional notions of fair play and substantial justice. *Id.* Due process requires some

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state. *Id*.

Further, due process mandates that the defendant possess sufficient minimum contacts with the forum state, so that it could reasonably anticipate being haled into court there. *Cockrell*, 363, S.C. at 491-492, 611 S.E.2d at 508 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). "A minimum contacts analysis requires a court to find that the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Com. Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992). Without minimum contacts, the Court does not have the "power" to adjudicate the action. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508. Finally, the Court must also find that the exercise of jurisdiction is "reasonable" or "fair." *Id*.

The Court must assess individually each defendant's contacts with South Carolina. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508 (citing *Rush v. Savchuk*, 444 U.S. 320 (1980)). The focus of the Court's analysis must center on the contacts generated by the defendant, not on the unilateral actions of some other entity. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-509 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (holding "unilateral activity of another party or a third person is not an appropriate consideration")). The foreseeability that is critical to due process analysis is not the mere likelihood that a product could find its way into the forum state. Rather, it is that the defendant's own conduct and connections with the forum state are such that he should reasonably anticipate being haled into court there. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 509 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 297).

Here, the Court has neither general nor specific jurisdiction over Fabi LLC and, therefore, Plaintiffs' claims against Fabi LLC must be dismissed.

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ii.     **Fabi LLC is Not Subject to General Jurisdiction in South Carolina.**

Fabi LLC is not a South Carolina limited liability company, its principal place of business was never in South Carolina, and it does not have such substantial contacts that it is "at home" in South Carolina; therefore, it is not subject to general personal jurisdiction in this State.

A court may assert general jurisdiction over foreign corporations when their affiliations with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011)); *see also Coggeshall*, 376 S.C. 12, 16, 655 S.E.2d 476, 478; S.C. Code Ann. §36-2-802. Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). An example of the "exceptional case" where general jurisdiction may be exercised over a corporation that is neither incorporated in nor has its principal place of business in a state is the United States Supreme Court holding in *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 347. In *Perkins* the defendant, a foreign mining company forced to flee the Philippines during World War II, operated entirely from Ohio for several years. The company's president and principal stockholder relocated to Ohio and set up an office, where he maintained corporate files, carried on the company's correspondence, issued checks on behalf of the company, employed two corporate secretaries, maintained bank accounts, purchased company equipment, and held director's meetings for the duration of the company's exile. Under these circumstances, where Ohio became the business' *de facto* operating headquarters, the Court found general jurisdiction proper. None of these facts are present here.

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Fabi LLC is not "at home" in South Carolina. It is undisputed that Fabi LLC is not a South Carolina limited liability company and its principal place of business has never been in South Carolina. It has no "enduring" relationship with South Carolina. *See Cockrell*, 363 S.C. at 495, 611 S.E.2d at 510. Furthermore, no "exceptional" circumstances, such as those present in *Perkins*, exist that would render Fabi LLC "at home" in South Carolina, nor do Plaintiffs allege any such exceptional circumstances. Accordingly, Fabi LLC is not subject to general personal jurisdiction in this State.

### iii.     Fabi LLC is not Subject to Specific Personal Jurisdiction in South Carolina.

Fabi LLC has only sold industrial talc for incorporation in the manufacture of plastic and rubber products to industrial customers in South Carolina. These sales, which did not begin until 2016, do not subject Fabi LLC to specific jurisdiction in this case because the Plaintiffs' cause of action does not arise out of or relate to Fabi LLC's sale of industrial talc. Furthermore, Fabi LLC has never marketed, advertised, sold, or shipped cosmetic grade or refined talc in South Carolina; thus, Fabi LLC is not subject to specific jurisdiction because it does not have minimum contacts with South Carolina for its cosmetic talc.

The determination of whether a court may exercise personal jurisdiction over a non-resident defendant has traditionally involved a two-step analysis; first, the court must determine if the long-arm statute applies, and second, the court must determine whether the nonresident's contacts with this State are sufficient to satisfy due process requirements. *Power Prods. & Servs. Co., Inc.*, 379 S.C. at 431, 665 S.E.2d at 664. "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508 (citing *Moosally v. W.W. Norton & Co.*, 358 S.C. 320, 329, 594 S.E.2d 878, 883 (Ct. App. 2004));

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*See also Power Prods. & Servs. Co., Inc.*, 379 S.C. at 431, 665 S.E.2d at 664; *State v. NV Sumatra Tobacco Trading, Co.*, 379 S.C. 81, 89, 666 S.E.2d 218, 222 (2008).

Due process requires that there exist sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice" and that the defendant can "reasonably anticipate being haled into court in the forum." *E.g.*, *Cockrell*, 363 S.C. at 491-492, 611 S.E.2d at 508 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Atlantic Soft Drink Co. v. South Carolina Nat'l Bank*, 287 S.C. 228, 336 S.E.2d 876 (1985)). Establishing minimum contacts requires a showing that the defendant (1) directed its activities to a resident of South Carolina and (2) that the Plaintiffs' claims arise out of or relate to those activities. *S. Plastics Co.*, 310 S.C. at 260, 423 S.E.2d at 131; *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478 ("Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum"); *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp.*, 444 U.S. at 296-297; *Hanson v. Denckla*, 257 U.S. 235, 251, 253 (1958). The requirement that the plaintiff's cause of action arise out of the defendant's actions within the state for specific jurisdiction to exist is codified in South Carolina's long-arm statute. S.C. Code Ann. § 36-2-803(A) ("A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action *arising from the person's:* (1) transacting any business in this State…").

In *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773 (2017) the United States Supreme Court examined the requirement that plaintiff's claims

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

arise out of the defendant's contacts with the forum for personal jurisdiction to exist.  At issue in *Bristol-Myers Squibb* was whether a California state court could exercise personal jurisdiction over nearly 600 non-resident plaintiffs' state-law based tort claims against Bristol Myers Squibb Company ("BMS").  *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1777.  The Court noted BMS, a Delaware corporation with its principal place of business in New York, had a significant amount of business in California, including research and laboratory facilities employing approximately 160 people, a sales operation consisting of 250 employees, and a small advocacy office in Sacramento.  *Id.* at 1777-78.  While nearly 187 million Plavix pills (the drug plaintiffs alleged caused their harm) were sold in California, the nonresident plaintiffs did not allege they were prescribed or purchased Plavix in California or that they were injured by Plavix or treated for their injuries in California.  *Id.*  Examining whether the California courts exercise of personal jurisdiction was proper, the Court reiterated the distinction between general and specific jurisdiction:

> A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State.  But only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State.  Specific jurisdiction is very different.  In order for a state court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the *forum*.  In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.

*Id.* at 1780 (internal citations and quotations omitted) (emphasis in original).  The Court went on to note that "settled principles" mandate that where no affiliation or connection exists between the defendant's contacts with the forum and the underlying claims "specific jurisdiction is lacking

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781 (citing *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919; 931; n. 6.) ("[R]egularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").  The Supreme Court reversed the California Court's holding and specifically rejected its "sliding scale approach," holding that:

> [T]he California Supreme Court's "sliding scale approach" is difficult to square with our precedents. Under the California approach, the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims. Our cases provide no support for this approach, which resembles a loose and spurious form of general jurisdiction. For specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, "[a] corporation's 'continuous activity of some sorts within a state ... is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.

*Id.* at 1781 (citing *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 927).  The Court further stated that BMS's activities in California which were unrelated to the plaintiffs' claims, such as sales of other products and research unrelated to Plavix, were not only insufficient to establish jurisdiction, but were not even relevant to the discussion. *Id.* at 1781.

In this case, Plaintiffs have not shown that Fabi LLC has sufficient minimum contacts with South Carolina for the exercise of jurisdiction to satisfy due process because their cause of action does not arise out of or relate to Fabi LLC's sales of industrial talc in the State.  Plaintiffs allege Ms. Plant was exposed to asbestos-containing cosmetic and body talc products through her and her family's personal use and to asbestos-containing art clay from her participation in art classes.[6]  Plaintiffs go on to list multiple "powder products," "makeup products," and "ceramic products" which they claim contained asbestos and which they claim Ms. Plant used on a regular

---

[6] Pl's First Am. Compl. ¶ 6.

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

basis.[7]    Plaintiffs do not allege, however, any direct or take-home exposure since January 2016 from talc at plants that manufacture plastic or rubber products; their pleadings are devoid of any claim or allegation that Ms. Plant worked in any such plants, had family members who worked in any such plants, or set forth any other way Ms. Plant could have been exposed to Fabi LLC's industrial talc.  Simply stated, there is no connection between Fabi LLC's activity in South Carolina (sales of industrial talc since January 2016 to plants that manufacture plastic and rubber products) and Ms. Plant's claimed exposure to asbestos-containing cosmetics and clay. Consequently, none of Ms. Plant's alleged exposures "arise out of" Fabi LLC's sales of industrial talc within the State, and the exercise of personal jurisdiction over it would be improper.

Furthermore, Fabi LLC's sale of refined or "cosmetic grade" talc in West Virginia is insufficient to establish jurisdiction over it in South Carolina.  The Supreme Court of South Carolina has consistently held the focus of the minimum contacts analysis must be on each defendant's own actions, not the "unilateral actions of some other entity." *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508–09 ("The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state.  Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there"); *S. Plastics Co.*, 310 S.C. at 261, 423 S.E.2d at 131 ("[T]he defendant's activities directed to a resident of this State must be its own and not the unilateral activities of some other entity.").  Likewise, the United States Supreme Court has held the defendant's actions, not those of downstream manufacturers, are determinative in a minimum contacts analysis. *E.g.*, *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L. Ed. 2d 92 (1987) ("The substantial connection… for

---

[7] Pl's First Am. Compl. ¶¶ 7–15.

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.") (internal quotations and citations omitted) (emphasis in original).

As attested in Mr. Woods' affidavit, Fabi LLC never advertised, marketed, sold or shipped cosmetic grade talc to South Carolina. Exhibit A at ¶ 20. Fabi LLC had no contracts to sell cosmetic grade talc, by mail or otherwise, with a South Carolina resident to be performed in South Carolina. Exhibit A at ¶ 32. Fabi LLC has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold, or distributed in South Carolina. Exhibit A at ¶ 35. Fabi LLC has never shipped any cosmetic grade talc products to South Carolina. Exhibit A at ¶ 37. Fabi LLC has never produced, manufactured, or distributed cosmetic grade talc with the reasonable expectation that those goods were to be used or consumed in South Carolina, which were so used or consumed. Exhibit A at ¶ 42. Furthermore, all cosmetic talc sold by Fabi LLC until late 2018 was delivered EXW or F.O.B. Origin, Freight Collect, West Virginia. Exhibit A at ¶ 23. The buyer made all shipping arrangements, bore all shipping costs, took possession of the product, and assumed all risk of loss at Fabi LLC's loading dock in West Virginia. *Id.*

Even assuming, *arguendo*, that Fabi LLC's cosmetic talc was later used by another unrelated entity or entities as an ingredient in a final product that later was allegedly sold in South Carolina, specific jurisdiction does not exist where the unilateral actions of a third party, rather than those of Fabi LLC, caused the talc to be incorporated into a final product that may have ended up in South Carolina. *See Cockrell*, 365 S.C. at 492, 611 S.E.2d at 508-09.

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

The Supreme Court of South Carolina examined the "stream of commerce" theory of personal jurisdiction in *State v. NV Sumatra Tobacco Trading, Co.*, 379 S.C. 81, 666 S.E.2d 218 (2008). The Court held that Sumatra, a foreign tobacco company who sold its products in the United States through a distributor, had sufficient minimum contacts and was, therefore, subject to personal jurisdiction in South Carolina because it: (1) admitted to manufacturing United brand cigarettes; (2) admitted it owned the United States trademark for that brand; (3) sold 6,868,000 United brand cigarettes in South Carolina in 2001; (4) filed an ingredient report for the United brand cigarettes; (5) admitted it packaged its cigarettes in packs and cartons bearing the United States-required health warnings; and (6) the United brand packaging identified the cigarettes as an "American blend," had a Surgeon General's warning, and showed an eagle and striped packaging. *NV Sumatra Tobacco Trading, Co.*, 379 S.C. at 90, 666 S.E.2d at 223. Based on these facts, the Court held that even though Sumatra used an independent distributor it had "purposely availed itself of conducting business in all 50 states, including South Carolina" and that minimum contacts with South Carolina existed regardless of how the products arrived in the State. *Id.* The facts presented in the instant case are readily distinguished. Unlike the facts presented in *Sumatra*, Fabi LLC did not manufacture or sell a final product that was allegedly sold in South Carolina and Fabi LLC had no control over the manufacture or distribution of the final product. The final product did not allegedly arrive in South Carolina through any efforts of Fabi LLC. *See Cockrell*, 365 S.C. at 494, 611 S.E.2d at 510. In addition, the concern present in *Sumatra* that a company located outside the United States could avoid suit in every state is not applicable here because Fabi LLC would be subject to jurisdiction in West Virginia.

Subsequent to the *Sumatra* holding, the United States Supreme Court examined the stream of commerce theory and, in a plurality opinion authored by Justice Kennedy, held that "[a]

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882, 131 S. Ct. 2780, 2788, 180 L. Ed. 2d 765 (2011). Justice Bryer, in his concurring opinion, found jurisdiction lacking where there was no "regular flow or regular course of business in [the forum state]; and there is no "something more," such as a special state-related design, advertising, advice, marketing, or anything else" and the defendant had not "purposefully avail[ed] itself of the privilege of conducting activities within [the forum state], or that it delivered its goods in the stream of commerce with the expectation that they will be purchased by [forum state] users." *Id.* at 889 (Bryer, J. concurring) (internal citations and quotations omitted). The concurrence further stated disagreement with the concept that a party could be subject to jurisdiction in a products liability case "so long as it knows or reasonably should know that its products are distributed through a nationwide distribution system that *might* lead to those products being sold in any of the fifty states." *Id.* at 891 (Bryer, J. concurring) (internal citations and quotations omitted) (emphasis in original).

Applying the *J. McIntyre* Court's analysis to the facts here, it is readily apparent Fabi LLC's lacks sufficient minimum contacts with South Carolina. Fabi LLC cannot be said to have "targeted" South Carolina where it never marketed, advertised, sold, or shipped any products to the State and did not engage a distributor to do so on its behalf. Fabi LLC did not sell products with any intention or expectation that they would eventually be purchased by residents of South Carolina. Moreover, whether some other entity may have used Fabi LLC's cosmetic grade talc as an ingredient in a product that was eventually sold in South Carolina is irrelevant in determining whether Fabi LLC has minimum contacts with the State; the proper inquiry must

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

focus solely on whether Fabi LLC directed its activities to residents of South Carolina. The facts here unequivocally show it did not. Absent a specific connection between Plaintiffs' claims, Fabi LLC's alleged conduct, and the State of South Carolina, there can be no specific jurisdiction.

Because Plaintiffs have not, and cannot, show that Fabi LLC has minimum contacts with South Carolina necessary for the exercise of personal jurisdiction to meet the requirements of due process, their claims against Fabi LLC must be dismissed.

## II.   Motion for Protective Order Staying Discovery

Fabi LLC has also moved the Court for a Protective Order staying discovery in this matter as to Fabi LLC pursuant to Rule 26(c) of the South Carolina Rules of Civil Procedure. Because Plaintiffs' First Amended Complaint is entirely conclusory and lacks factual support for its jurisdictional claims, the Court should grant Fabi LLC's motion and stay discovery pending adjudication of Fabi LLC's motion to dismiss.

Rule 26 of the South Carolina Rules of Civil Procedure provides that, upon motion by the party from whom discovery is sought, the Court may limit discovery or order that discovery not be had to protect the party from "annoyance, embarrassment, oppression, or undue burden by expense." Rule 26(c), SCRCP. "A stay of discovery until the determination of a dispositive motion is appropriate when (1) the issue raised is strictly one of law, (2) the motion, if successful, would be dispositive of the entire action, (3) the issue is one that cannot be cured by amending the pleadings, and (4) there is no showing of any prejudice if the Court were to stay discovery." *Allen v. South Carolina Budget and Control Bd. Employee Ins. Program*, No. 2009CP1007404, 2010 WL 11579841, at *5 (S.C.Com.Pl. Oct. 12, 2010). An order under Rule 26(c) staying discovery pending a dispositive motion is an appropriate exercise of the Court's discretion. *Id.* Further, "[W]here a

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction if it will be a fishing expedition." *Sullivan,* 397 S.C. at 151–52, 723 S.E 2d at 839–40.  When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.  *Id.*

In this case, as discussed above in Fabi LLC's memorandum supporting its motion to dismiss, Plaintiffs' jurisdictional claims are conclusory and lack any factual support.  Permitting Plaintiffs to conduct discovery where it is readily apparent Fabi LLC is not subject to this Court's jurisdiction in this matter would cause undue expense and serve only as a fishing expedition intended to annoy, oppress, and harass Fabi LLC.  *See  Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1215 (D.S.C. 1973) ("[C]ourt[s] should not order extended discovery when jurisdiction is doubtful").

Applying the factors set forth in *Allen*, an order staying discovery is appropriate in this case because the issue of this Court's jurisdiction over Fabi LLC is purely a question of law and, if successful, Fabi LLC's motion would be dispositive of Plaintiffs' entire case against it.   Further, because Plaintiffs have not and cannot show any facts that would establish Fabi LLC had minimum contacts with South Carolina, the issue of personal jurisdiction is one that cannot be cured by amending the pleadings.  Finally, there is no showing of any prejudice if the Court were to stay discovery; the requested stay would only apply to Fabi LLC, permitting Plaintiffs to conduct discovery against other parties, and would only be in effect for a brief time while the Court addresses the threshold issue of jurisdiction.

Because Plaintiffs' jurisdictional claims are conclusory allegations without any factual support which have been directly rebutted by Mr. Wood's affidavit, the Court should grant Fabi LLC's motion and stay discovery pending a decision on its motion to dismiss.

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## **CONCLUSION**

Fabi LLC is not subject to general jurisdiction because it cannot fairly be said to be "at home" in South Carolina at any time. Fabi LLC is not subject to specific jurisdiction because Fabi LLC does not have sufficient, relevant minimum contacts with South Carolina that gave rise to Plaintiffs' claims to satisfy the requirements of due process. Plaintiffs have presented the Court with nothing but conclusory, speculative allegations with no supporting facts to support personal jurisdiction. Accordingly, Defendant Fabi LLC is entitled to an order dismissing Plaintiffs' claims against it, and in the interim, an order staying discovery as to it until the Court enters an Order on Fabi LLC's Motion to Dismiss for lack of personal jurisdiction.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:   s/ David G. Traylor, Jr.
      David G. Traylor, Jr.
      SC Bar No. 05628
      E-Mail: david.traylor@nelsonmullins.com
      Robert O. Meriwether
      SC Bar No. 09828
      E-Mail:  robert.meriwether@nelsonmullins.com
      Michael P. Stover
      SC Bar No. 104757
      E-Mail: michael.stover@nelsonmullins.com
      1320 Main Street / 17th Floor
      Post Office Box 11070 (29211-1070)
      Columbia, SC  29201
      (803) 799-2000

Attorneys for Defendant IMI Fabi, LLC

Columbia, South Carolina

July 13, 2022

# EXHIBIT A

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| SARAH J. PLANT and | ) | C/A NO. 2022-CP-40-01265 |
| PARKER PLANT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| AVON PRODUCTS, INC., et al. | ) | |
| | ) | |
| Defendants. | | |

## AFFIDAVIT OF JAMES WOODS IN SUPPORT OF SPECIALLY APPEARING DEFENDANT IMI FABI, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, James Woods, declare as follows:

1.    My name is James Woods. I am over the age of eighteen years old (18) and I am competent to give this Affidavit.

2.    I am the Manager of IMI Fabi, LLC (hereinafter referred to as "Fabi LLC"). I make the following statements based upon my own personal knowledge, and, if called as a witness, could and would testify competently to such facts under oath.

3.    On December 18, 1997, Zemex Fabi Benwood, LLC, a North Carolina limited liability company, was created.

4.    On April 4, 2001, Zemex Fabi Benwood LLC changed its name to IMI Fabi, LLC by Amendment to its Articles of Organization.

5.    On January 1, 2020, a new IMI Fabi, LLC was established in West Virginia. IMI Fabi LLC, a North Carolina limited liability company, and was merged with and into IMI Fabi, LLC, a West Virginia limited liability company.

6.    Fabi LLC sells refined talc to the cosmetic, personal care, pharmaceutical, food industry, and industrial grade talc to be used in non-cosmetic applications.

7.    Fabi LLC has never been licensed to do business in any state other than North

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Carolina and West Virginia.

8.     Fabi LLC has never had a registered agent in any state other than North Carolina and West Virginia.

9.     Fabi LLC has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina.

10.     Fabi LLC has never had any employees working or residing in South Carolina.

11.     Fabi LLC has never recruited any South Carolina residents, directly or through an intermediary located in the State of South Carolina, for employment inside or outside of the State of South Carolina.

12.     Fabi LLC has never had a mailing address, post office box, or bank account in South Carolina.

13.     Fabi LLC has never owed or paid corporate taxes in South Carolina.

14.     Fabi LLC has never had insurance policies which afford coverage of any kind for specific entities located in South Carolina.

15.     Fabi LLC has never paid sales tax to South Carolina.

16.     Fabi LLC has never invested any dollars in business operations in South Carolina.

17.     Until January 2016, Fabi LLC never contracted to supply services or goods in the State of South Carolina.

18.     Until January 2016, Fabi LLC never marketed, advertised, sold or delivered its industrial grade talc products in the State of South Carolina.

19.     Fabi LLC has sold only industrial grade talc products for incorporation in the manufacture of plastic and rubber products to customers in South Carolina.

20.     Fabi LLC has never advertised, marketed, sold nor shipped cosmetic grade talc in the State of South Carolina.

21.     Fabi LLC has not received tax deductions as a result of contributions made to any organizations in the State of South Carolina.

22.     Fabi LLC has never received any business incentives or tax credit from the State

2

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of South Carolina to conduct business in South Carolina.

23.     Until late 2018, all cosmetic grade talc products sold by Fabi LLC were delivered EXW or F.O.B. Origin, Freight Collect, West Virginia. In every instance, the Buyer made all of the arrangements for the shipment of the products off of Fabi LLC's premises. In every instance, possession of the product bought from Fabi LLC and the risk of loss in transit transferred from Fabi LLC to the Buyer at the Fabi LLC loading dock in West Virginia. In every instance, the Buyer paid for and bore the freight charges. In every instance, the Buyer, not Fabi LLC, filed claims (if any) if the product was damaged, destroyed, or lost in transit.

24.     Fabi LLC has never appeared in a case in South Carolina, including but not limited to, any matrimonial actions or family court proceedings.

25.     Fabi LLC has never had an interest in, using or possessing real property in the State of South Carolina.

26.     Fabi LLC has never owned, used, possessed, or held a mortgage or other lien on any real property in the State of South Carolina.

27.     Fabi LLC has never owned, leased, or operated any real property or any offices in South Carolina.

28.     Fabi LLC has never paid real estate tax to any municipality or town in South Carolina.

29.     Fabi LLC has never owned a motorized vehicle registered in South Carolina and has never paid any automobile excise tax to any municipality or town located in South Carolina.

30.     Fabi LLC has never owned a water vessel (boat) registered in South Carolina and has never paid any boat excise tax to any municipality or town located in South Carolina.

31.     Fabi LLC has never acquired ownership, possession or control of any asset or thing of value present within the State of South Carolina.

32.     Fabi LLC had no contracts to sell cosmetic grade talc, by mail or otherwise, with a South Carolina resident to be performed in the State of South Carolina.

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

33.     Fabi LLC has never had any subsidiaries or corporately related companies in the State of South Carolina, or elsewhere.

34.     Fabi LLC has never entered into any franchise agreements between it and any entities licensed to do business in South Carolina.

35.     Fabi LLC has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold or distributed in South Carolina.

36.     Fabi LLC has never mined, milled, processed, tested, screened, analyzed, and/or blended talc in South Carolina.

37.     Fabi LLC never shipped any cosmetic grade talc products to the State of South Carolina.

38.     Fabi LLC has never operated, conducted, engaged in, or carried on a business or business venture in the State of South Carolina.

39.     Fabi LLC has never had an office or agency in the State of South Carolina.

40.     Fabi LLC has never committed a tortious act in whole or in part in the State of South Carolina.

41.     Fabi LLC has never caused tortious injury or death to persons or property within the State of South Carolina arising out of an act or omission committed outside the State of South Carolina.

42.     Fabi LLC has never produced, manufactured, or distributed cosmetic grade talc with the reasonable expectation that those goods are to be used or consumed in the State of Carolina, and are so used or consumed.

4

I declare under penalty of perjury under the laws of the State of South Carolina that the foregoing is true and correct and that this declaration was executed on July 8, 2022 at West Virginia.

_____
James Woods, Manager of Fabi, LLC

SWORN TO AND SUBSCRIBED BEFORE ME,
ON THIS THE _8_ DAY OF JULY, 2022.

_____
NOTARY PUBLIC

PRINT NAME: _Michael Roth_

BAR/NOTARY NUMBER: _____

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MICHAEL ROTH
Johnson Boiler Works Inc.
53 Marshall Street
Benwood, West Virginia 26031
My Commission Expires Apr 07 2024

ELECTRONICALLY FILED - 2022 Jul 13 2:40 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

5

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND ) FOR THE FIFTH JUDICIAL CIRCUIT

SARAH J. PLANT and PARKER PLANT, )

Plaintiffs, )

Civil Action No. 2022 CP 40 01265

v. )

**IMI FABI (DIANA) LLC'S MOTION FOR SUMMARY JUDGMENT**

AVON PRODUCTS, INC., et al., )

Defendants. )

Defendant IMI Fabi (Diana) LLC ("Defendant"), moves for an order granting summary judgment pursuant to Rule 56 of the South Carolina Rules of Civil Procedure on the grounds that there are no genuine issues of material fact and summary judgment is appropriate as a matter of law.

Specifically, the Court lacks personal jurisdiction over Defendant.[1] Further, Plaintiffs' claims are barred by South Carolina's Door Closing Statute. In addition, Plaintiffs cannot meet the threshold requirements of actionable asbestos exposure identified in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162–63 (4th Cir. 1986), *Henderson v. Allied Signal*, 373 S.C. 179, 644 S.E.2d 724 (2007) and like cases, such that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

This motion is also made on additional alternative grounds that there is no proof supporting particular individual causes of action, as described in the Memorandum of Law filed in support of this motion. Further, choice of law issues may exist in this case and Defendant submits this Motion

---

[1] On May 13, 2022, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. On July 13, 2022, Defendant filed its Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction with supporting affidavit. Defendant incorporates its prior Motion to Dismiss, supporting memorandum and affidavit herein in support of its current Motion for Summary Judgment.

WBD (US) 60058094v1

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

without waiver of any rights to raise choice of law issues in the event that it becomes relevant. *See Rogers v. Lee,* 414 S.C. 225, 230, 777 S.E.2d 402, 405 (Ct. App. 2015); *Boone v. Boone,* 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001).  This motion is supported by the Affidavit of Michael Brown attached as Exhibit A. This motion is further supported by the pleadings that have been filed in this action, discovery conducted or to be conducted in the future, depositions taken and yet to be taken in this case, the attached Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the South Carolina Rules of Civil Procedure, arguments of counsel, and applicable common and statutory law.

Respectfully submitted this, the 13th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill (S.C. Bar No. 104013)
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Ph.: (704) 350-6310
Elizabeth.ONeill@wbd-us.com
WBD.SCAsbestos@wbd-us.com

*Counsel for Defendant IMI Fabi (Diana) LLC*

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |

| | | |
|---|---|---|
| SARAH J. PLANT and PARKER PLANT, | ) | |
| | ) | Civil Action No. 2022 CP 40 01265 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **IMI FABI (DIANA) LLC'S** |
| | ) | **MEMORANDUM OF LAW IN** |
| AVON PRODUCTS, INC., et al., | ) | **SUPPORT OF MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| Defendants. | ) | |
| | ) | |

Defendant IMI Fabi (Diana) LLC ("Defendant" or "Fabi Diana"), pursuant to Rule 56 of the South Carolina Rules of Civil Procedure, respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment.

Defendant is entitled to judgment on all claims because: 1) the Court lacks personal jurisdiction over Defendant;[1] 2) Plaintiffs' claims are barred by South Carolina's Door Closing Statute; and 3) Plaintiffs do not have evidence that Sarah Plant was exposed to any product attributable to Defendant, let alone evidence of exposure to asbestos-containing products, with the "frequency, regularity and proximity" required by the South Carolina Supreme Court in *Henderson v. Allied Signal*, 373 S.C. 179, 644 S.E.2d 724 (2007), to establish causation. Alternatively, for the reasons detailed below, Defendant is entitled to summary judgment on specific claims.

---

[1] On May 13, 2022, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. On July 13, 2022, Defendant filed its Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction with supporting affidavit. Defendant incorporates its prior Motion to Dismiss, supporting memorandum and affidavit herein in support of its current Motion for Summary Judgment.

1

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## STATEMENT OF FACTS

Plaintiffs allege that Sarah Plant was diagnosed with mesothelioma from exposure to various asbestos-containing talc products. (First Amended Complaint (FAC) ¶ 1, 6, 24, 25) Plaintiffs' causes of action against Defendant are negligence, strict liability, breach of implied warranty of merchantability, fraudulent misrepresentation, and loss of consortium.

Mr. and Ms. Plant were deposed and did not testify to exposure to any alleged asbestos-containing product attributable to Defendant. The depositions of Ms. Plant's parents, Patrice and Eric Johnson, have been taken and they did not testify to exposure to any alleged asbestos-containing product attributable to Defendant. There has been no other relevant fact witness depositions taken in this case. As such, there is no evidence that Sarah Plant was exposed to asbestos from a product allegedly attributable to Defendant at all, let alone on a regular, frequent and proximate basis.

Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of Tennessee and that Sarah Plant developed mesothelioma as the result of exposure to various asbestos-containing talc products in several states, including South Carolina. (First Amended Complaint (FAC at ¶ 1, 6, 24, 25.) Plaintiffs do not assert that Fabi Diana is a South Carolina limited liability company or that its principal place of business was ever in South Carolina. (FAC at ¶ 51.) Rather, Plaintiffs assert generally that this Court has personal jurisdiction over all Defendants because Plaintiffs' claims arise from Defendants' conduct in (a) transacting business in the State, . . . (b) contracting to supply services or things in the State; (c) commission of a tortious act in whole or in part in this State; and (d) having an interest in, using, or possessing real property in this State. Further, Plaintiffs allege generally that "all" defendants "purposefully

2

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

availed themselves of the privilege of doing business in this State" and engaged in "substantial and/or systematic business in South Carolina." (FAC at ¶ 2, 5)

Specifically as to Fabi Diana, Plaintiffs list it as a "Product Defendant" and allege Ms. Plant was exposed to asbestos-containing talc "mined . . . processed . . . imported . . . supplied ... and or retailed" by Fabi Diana. Plaintiffs further allege that their claim against Fabi Diana arises out of Fabi Diana's "business activities" and Ms. Plant's exposure to Fabi Diana products in the State of South Carolina as well as other states. (FAC at ¶ 51)

However, as attested to in the Affidavit of Michael Brown ("Mr. Brown"), attached to Defendant's Motion for Summary Judgment as Exhibit A, these jurisdictional allegations as to Fabi Diana are unsupported by fact. Mr. Brown's Affidavit sets forth the following relevant facts on the issue of personal jurisdiction:

- Mr. Brown is the former general manager and current caretaker of Fabi Diana. (Exhibit A at ¶ 2.)

- Fabi Diana is not a South Carolina limited liability company and never had its principal place of business in South Carolina. (Exhibit A at ¶¶ 3, 5; *see also* FAC at ¶ 51.)

- Fabi Diana began operations in 2001 and ceased operations on December 31, 2004. (Exhibit A at ¶¶ 3, 4.)

- Fabi Diana sold refined talc to cosmetic, personal care, pharmaceutical, and food industries and sold industrial talc for the manufacture of various products.  (Exhibit A at ¶ 6.)

- Fabi Diana has never been licensed to do business in South Carolina and has never had a registered agent in South Carolina. (Exhibit A at ¶¶ 7, 8.)

3

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

- Fabi Diana has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina; transacted business in South Carolina; contracted to supply goods or services in South Carolina; or marketed or advertised products in South Carolina. (Exhibit A at ¶¶ 9, 17-19.)

- Until Fabi Diana closed its facility in Diana Township, New York, all products sold by Fabi Diana were delivered F.O.B. Origin, Freight Collect, Diana Township, New York. In every instance, the Buyer made all arrangements for shipment of the products off of Fabi Diana's premises. In every instance, possession of the product and risk of loss in transit transferred from Fabi Diana to the Buyer at the Fabi Diana loading dock. In every instance, the Buyer paid for and bore the freight charges. In every instance, the Buyer, not Fabi Diana, filed claims (if any) if the product was damaged, destroyed, or lost in transit. Consequently, Fabi Diana has never delivered any products to South Carolina. (Exhibit A at ¶ 22, 23.)

- Fabi Diana has never had an interest in, used, or possessed real property in South Carolina. (Exhibit A at ¶ 25.)

- Fabi Diana has never committed a tortious act in whole or in part in South Carolina. (Exhibit A at ¶ 41.)

- Fabi Diana has never manufactured, sold, or distributed any products to South Carolina and has never shipped any products to South Carolina. (Exhibit A at ¶¶ 37, 38.)

- Fabi Diana has never produced, manufactured, or distributed goods with the reasonable expectation that those goods are to be used or consumed in the State of South Carolina and were so used and consumed. (Exhibit A at ¶ 46.)

4

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Accordingly, this Court lacks jurisdiction over Fabi Diana. Further, as detailed below, there is no evidence in the record to raise an issue of material fact that Sarah Plant was exposed to asbestos from any product attributable to Defendant.

## STANDARD OF REVIEW

In South Carolina, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shaw v. City of Charleston*, 351 S.C. 32, 567 S.E.2d 530 (2002). Under Rule 56(c) of the South Carolina Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn [therefrom] must be viewed in the light most favorable to the non-moving party." See *Shaw,* 351 S.C. at 38, 567, S.E.2d at 534. The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Baughman v. American Tel. & Tel Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991). An important distinction to make is that the moving party's burden is not to disprove the claims, but to instead show that the plaintiff has no evidence to support his claims. *Id*.

In order to avoid summary judgment, a non-moving party must demonstrate a genuine existence of triable issues on all essential elements of his case. See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A non-moving party must go beyond the pleadings, as "summary judgment should be granted when plain, palpable and undisputable facts exist on which reasonable minds cannot differ." *Nations Bank v. Scott Farm*, 320 S.C. 299, 302–03, 465 S.E.2d 98, 100 (1995).

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In the present case, Plaintiffs have not produced sufficient evidence to establish jurisdiction or the elements necessary to pursue and prove the claims against Defendant. Therefore, Defendant is entitled to summary judgment.

## ARGUMENT

### I.    CHOICE OF LAW.

Under South Carolina choice of law principles, the substantive law governing a tort action is determined by the state in which the injury occurred, commonly referred to as the *lex loci delicti* rule. *Rogers v. Lee*, 414 S.C. 225, 230, 777 S.E.2d 402, 405 (Ct. App. 2015); *Boone v. Boone*, 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001). South Carolina law provides that *lex loci delicti* is determined by the state in which the injury occurred, not where the results of the injury were felt or where the damages manifested themselves. *Rogers,* 414 S.C. at 231. In this case, the Court should apply the substantive law of the state where the exposure occurred. *See also, Bannister v. Hertz Corp.*, 316 S.C. 513, 450 S.E.2d 629 (Ct.App.1994)(applying North Carolina law); *Dawkins v. State*, 306 S.C. 391, 412 S.E.2d 407 (1991) (applying Georgia law); *Oshiek v. Oshiek*, 244 S.C. 249, 136 S.E.2d 303 (1964) (applying Georgia law); *Woolard v. Carrier Corp.*, No. 1:18CV410, 2020 WL 2572278, n.2 (M.D.N.C. May 21, 2020) (applying North Carolina law because the asbestos exposure occurred in North Carolina); *Cox v. AGCO Corp.*, No. 4:16-CV-00084-M, 2020 WL 3473636, at *4 (E.D.N.C. June 25, 2020) (same).

Plaintiffs allege exposure occurred in various states, although there is no evidence to date as to any exposure to a product attributable to Defendant. Plaintiffs have not put forth any evidence to show that Sarah Plant was exposed to any asbestos attributable to Defendant in South Carolina (or any other state). Accordingly, the law of other states may apply in this case and Defendant

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

submits this motion without waiver of any rights to raise choice of law issues and expressly preserves its rights regarding the same.

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT.

### A.  Legal Standard

"The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005). "The party seeking to invoke personal jurisdiction over a non-resident defendant . . . bears the burden of establishing jurisdiction." *Power Prods. & Servs. Co., Inc. v. Kozma*, 379 S.C. 423, 430, 665 S.E.2d 660, 664 (Ct. App. 2008). At the pretrial stage, plaintiffs may meet their burden of proving personal jurisdiction over a nonresident defendant by a prima facie showing of jurisdiction either (1) in the complaint or (2) in affidavits. *See Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508; *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012). However, a plaintiff must allege *specific facts* to establish the contacts necessary to invoke either general or specific jurisdiction. *See Power Prods. & Servs. Co. Inc.*, 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Conclusory allegations will not suffice. *Id*. at 433–35, 665 S.E.2d at 665–66. Moreover, "[w]hen a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction." *Sullivan*, 397 S.C. at 150, 723 S.E.2d at 839 (quoting *Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007)).

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

"Personal jurisdiction is exercised as either 'general jurisdiction' or 'specific jurisdiction.'" *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478. "General jurisdiction is the State's right to exercise personal jurisdiction over a defendant even though the suit does not arise out of or relate to the defendant's contacts with the forum . . . ; general jurisdiction is determined under S.C. Code Ann. §36-2-802…." *Id.* "Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum . . . ; specific jurisdiction is determined under S.C. Code Ann. § 36-2-803…." *Id.* The exercise of personal jurisdiction under either statute must comport with due process requirements and must not offend traditional notions of fair play and substantial justice. *Id.* Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state. *Id.*

Further, due process mandates that the defendant possess sufficient minimum contacts with the forum state, so that it could reasonably anticipate being haled into court there. *Cockrell*, 363, S.C. at 491-492, 611 S.E.2d at 508 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). Without minimum contacts, the Court does not have the "power" to adjudicate the action. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508. Finally, the Court must also find that the exercise of jurisdiction is "reasonable" or "fair." *Id.*

The Court must assess individually each defendant's contacts with South Carolina. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508 (citing *Rush v. Savchuk*, 444 U.S. 320 (1980)). The focus of the Court's analysis must center on the contacts generated by the defendant, not on the unilateral actions of some other entity. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-509 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (holding "unilateral activity of another party or a third person is not an appropriate consideration")). The foreseeability

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

that is critical to due process analysis is not the mere likelihood that a product could find its way into the forum state. Rather, it is that the defendant's own conduct and connections with the forum state are such that he should reasonably anticipate being haled into court there. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 509 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 297).

Here, the Court has neither general nor specific jurisdiction over Fabi Diana and, therefore, Fabi Diana is entitled to summary judgment.

### B. Fabi Diana is Not Subject to General Jurisdiction in South Carolina.

Fabi Diana is not a South Carolina limited liability company, its principal place of business was never in South Carolina, and it does not have such substantial contacts that it is "at home" in South Carolina; therefore, it is not subject to general personal jurisdiction in this state.

A court may assert general jurisdiction over foreign corporations when their affiliations with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011)); *see also Coggeshall*, 376 S.C. 12, 16, 655 S.E.2d 476, 478; S.C. Code Ann. §36-2-802. Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). An example of the "exceptional case" where general jurisdiction may be exercised over a corporation that is neither incorporated in nor has its principal place of business in a state is the United States Supreme Court holding in *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 347. In *Perkins* the defendant, a foreign mining company forced to flee the Philippines during World War II, operated entirely from Ohio for several years. The company's president and principal stockholder relocated to Ohio and set up an office, where he maintained corporate files, carried on the company's correspondence,

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

issued checks on behalf of the company, employed two corporate secretaries, maintained bank accounts, purchased company equipment, and held director's meetings for the duration of the company's exile. Under these circumstances, where Ohio became the business' *de facto* operating headquarters, the Court found general jurisdiction proper. None of these facts are present here.

Fabi Diana is not "at home" in South Carolina. It is undisputed that Fabi Diana is not a South Carolina limited liability company and its principal place of business has never been in South Carolina. It has no "enduring" relationship with South Carolina. *See Cockrell*, 363 S.C. at 495, 611 S.E.2d at 510. Furthermore, no "exceptional" circumstances, such as those present in *Perkins*, exist that would render Fabi Diana "at home" in South Carolina, nor do Plaintiffs allege any such exceptional circumstances. Accordingly, Fabi Diana is not subject to general personal jurisdiction in this State.

### C.  Fabi Diana is not Subject to Specific Personal Jurisdiction in South Carolina.

Fabi Diana has never conducted business activities within South Carolina or purposefully directed business activities towards South Carolina and, therefore, does not meet the requirements of South Carolina's long-arm statute or have sufficient minimum contacts with the State for the exercise of jurisdiction to satisfy due process. Moreover, because Fabi Diana has never conducted business in South Carolina or purposefully directed business activities towards South Carolina, it is impossible for Plaintiffs' claims to arise out of Fabi Diana's conduct within the State. Consequently, Fabi Diana is not subject to the exercise of specific personal jurisdiction in this case.

The determination of whether a court may exercise personal jurisdiction over a nonresident defendant has traditionally involved a two-step analysis; first, the court must determine if the long-arm statute applies, and second, the court must determine whether the nonresident's contacts with

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

this State are sufficient to satisfy due process requirements. *Power Prods. & Servs. Co., Inc*., 379 S.C. at 431, 665 S.E.2d at 664. "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508 (citing *Moosally v. W.W. Norton & Co*., 358 S.C. 320, 329, 594 S.E.2d 878, 883 (Ct. App. 2004)); *See also Power Prods. & Servs. Co., Inc*., 379 S.C. at 431, 665 S.E.2d at 664; *State v. NV Sumatra Tobacco Trading, Co*., 379 S.C. 81, 89, 666 S.E.2d 218, 222 (2008).

1.  ***Plaintiffs Have Not Demonstrated Specific Facts Necessary to Establish Personal Jurisdiction Under South Carolina's Long-Arm Statute.***

In this case, Plaintiffs have failed to demonstrate specific facts that subject Fabi Diana to jurisdiction under S.C. Code Ann. § 36-2-803(A)(1)-(8). Plaintiffs' generic, conclusory allegations are insufficient to show <u>specific actions</u> taken by Fabi Diana which would subject it to personal jurisdiction under the long-arm statute. *See Sullivan,* 397 S.C. at 150–51, 723 S.E.2d at 839 (affirming dismissal for lack of personal jurisdiction where the plaintiff merely recited the elements of the long-arm statute and failed to allege facts showing the defendant's conduct subjected it to jurisdiction). *See also Power Prods. & Servs. Co., Inc*., 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Here, the allegations in Plaintiffs' First Amended Complaint are pled in the same way that the *Sullivan* Court found to be insufficient to meet a prima facie showing of personal jurisdiction; merely alleging legal conclusions in the First Amended Complaint does not meet the fact-pleading standard required by South Carolina courts.

The facts, as attested in Mr. Brown's affidavit, are that Fabi Diana has never (1) transacted business in this State; (2) contracted to supply services or things in this State; (3) committed a

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

tortious act in whole or in part in this State; (4) regularly done or solicited business or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in this State; (5) had an interest in and has never used or possessed real property in this State; (6) contracted to insure any person, property or risk located within this State at the time of contracting; (7) entered into a contract to be performed in whole or in part by either party in this State; or (8) produced, manufactured, or distributed goods with the reasonable expectation that those goods were to be used or consumed in this State and were so used or consumed. *See* Exhibit A.

Plaintiffs' conclusory allegations, in the face of specific facts to the contrary, are insufficient to establish a *prima facie* showing of jurisdiction and, therefore, Plaintiffs have not met their burden and summary judgment is proper.

### 2. *Plaintiffs Have Not Shown Sufficient Minimum Contacts Between Fabi Diana and South Carolina Necessary to Satisfy Due Process.*

Assuming for the sake of argument that Plaintiffs' allegations meet the requirements of S.C. Code Ann. § 36-2-803, the exercise of personal jurisdiction over Fabi Diana is improper because Plaintiffs cannot show that the exercise of personal jurisdiction in this matter satisfies the requirements of due process.

Due process requires that there exist sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice" and that the defendant can "reasonably anticipate being haled into court in the forum." *E.g., Cockrell*, 363 S.C. at 491-492, 611 S.E.2d at 508 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Atlantic Soft Drink Co. v. South Carolina Nat'l Bank*, 287 S.C. 228, 336 S.E.2d 876 (1985)). The Court must further determine whether the

12

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

exercise of jurisdiction is "reasonable" or "fair" by considering (1) the duration of the activity of the nonresident within the state; (2) the character and circumstances of the commission of the nonresident's acts; (3) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the nonresident; and (4) the State's interest in exercising jurisdiction. *Id*. at 492, 611 S.E.2d at 508.

Plaintiffs have not shown, and cannot show, that Fabi Diana has sufficient minimum contacts with South Carolina. "A minimum contacts analysis requires a court to find the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992). *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp*., 444 U.S. at 296-297; *Hanson v. Denckla*, 257 U.S. 235, 251, 253 (1958). Fabi Diana has not purposefully directed <u>any</u> activities at South Carolina and, therefore, there are not sufficient minimum contacts with South Carolina to render this Court's exercise of personal jurisdiction permissible under the Due Process Clause. *See Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478 ("Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state.")

The Supreme Court of South Carolina has consistently held the focus of the minimum contacts analysis must be on each defendant's own actions, not the "unilateral actions of some other entity." *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508–09 ("The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there"); *S. Plastics Co*., 310 S.C. at 261,

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

423 S.E.2d at 131 ("[T]he defendant's activities directed to a resident of this State must be its own and not the unilateral activities of some other entity."). Likewise, the United States Supreme Court has held the defendant's actions, not those of downstream manufacturers, are determinative in a minimum contacts analysis. *E.g., Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L. Ed. 2d 92 (1987) ("The substantial connection... for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.") (internal quotations and citations omitted) (emphasis in original).

While Fabi Diana did sell refined and industrial talc, none of its sales were to South Carolina and it neither marketed nor advertised its products for sale in South Carolina. Exhibit A at ¶ 6, 17, 18, 19. Fabi Diana has also never shipped any products to South Carolina. As attested in Mr. Brown's affidavit, all products sold by Fabi Diana were delivered F.O.B. Origin, Freight Collect, Diana Township, New York. Exhibit A at ¶ 22. The buyer made all shipping arrangements, bore all shipping costs, took possession of the product, and assumed all risk of loss at Fabi Diana's loading dock in Diana Township, New York. Id. Even assuming, arguendo, that Fabi Diana's talc was later used by another unrelated entity as an ingredient in a final product that allegedly was later sold in South Carolina, specific jurisdiction does not exist where the independent, unilateral actions of a third party, rather than those of Fabi Diana, caused the talc to be incorporated into a final product that may have ended up in South Carolina. *See Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-09.

The Supreme Court of South Carolina examined the "stream of commerce" theory of personal jurisdiction in *State v. NV Sumatra Tobacco Trading, Co.*, 379 S.C. 81, 666 S.E.2d 218

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(2008). The Court held that Sumatra, a foreign tobacco company who sold its products in the United States through a distributor, had sufficient minimum contacts and was, therefore, subject to personal jurisdiction in South Carolina because it: (1) admitted to manufacturing United brand cigarettes; (2) admitted it owned the United States trademark for that brand; (3) sold 6,868,000 United brand cigarettes in South Carolina in 2001; (4) filed an ingredient report for the United brand cigarettes; (5) admitted it packaged its cigarettes in packs and cartons bearing the United States-required health warnings; and (6) the United brand packaging identified the cigarettes as an "American blend," had a Surgeon General's warning, and showed an eagle and striped packaging. *NV Sumatra Tobacco Trading, Co*., 379 S.C. at 90, 666 S.E.2d at 223. Based on these facts, the Court held that even though Sumatra used an independent distributor it had "purposely availed itself of conducting business in all 50 states, including South Carolina" and that minimum contacts with South Carolina existed regardless of how the products arrived in the State. *Id.* The facts presented in the instant case are readily distinguished. Unlike the facts presented in Sumatra, Fabi Diana did not manufacture or sell a final product that was allegedly sold in South Carolina, and Fabi Diana had no control over the manufacture or distribution of the final product. The final product did not allegedly arrive in South Carolina through any efforts of Fabi Diana. *See Cockrell*, 363 S.C. at 494, 611 S.E.2d at 510. In addition, the concern present in Sumatra that a company located outside the United States could avoid suit in every state is not applicable here because Fabi Diana would be subject to jurisdiction in both North Carolina and New York.

Subsequent to the *Sumatra* holding, the United States Supreme Court examined the stream of commerce theory and, in a plurality opinion authored by Justice Kennedy, held that "[a] defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might

15

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882, 131 S. Ct. 2780, 2788, 180 L. Ed. 2d 765 (2011). Justice Bryer, in his concurring opinion, found jurisdiction lacking where there was no "regular flow or regular course of business in [the forum state]; and there is no "something more," such as a special state-related design, advertising, advice, marketing, or anything else" and the defendant had not "purposefully avail[ed] itself of the privilege of conducting activities within [the forum state], or that it delivered its goods in the stream of commerce with the expectation that they will be purchased by [forum state] users." *Id*. at 889 (Bryer, J. concurring) (internal citations and quotations mitted). The concurrence further stated disagreement with the concept that a party could be subject to jurisdiction in a products liability case "so long as it knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states." *Id*. at 891 (Bryer, J. concurring) (internal citations and quotations omitted) (emphasis in original).

Applying the *J. McIntyre* Court's analysis to the facts here, it is readily apparent Fabi Diana lacks sufficient minimum contacts with South Carolina. Fabi Diana never marketed, sold, or shipped any products to South Carolina and did not engage a distributor to do so on its behalf and, therefore, cannot be said to have "targeted" the State. Fabi Diana did not sell any products with any intention or expectation that they would eventually be purchased by residents of South Carolina. Moreover, whether some other entity may have used Fabi Diana talc as an ingredient in a product that may have eventually been sold in South Carolina is irrelevant in determining whether Fabi Diana has minimum contacts with the State; the proper inquiry must focus solely on whether Fabi Diana directed its activities to residents of South Carolina. The facts here unequivocally show it did not. Absent a specific connection between Plaintiffs' claims, Fabi

16

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Diana's alleged conduct, and the State of South Carolina, there can be no specific jurisdiction over Fabi Diana.

Because Plaintiffs have not, and cannot, show that Fabi Diana has minimum contacts with South Carolina necessary for the exercise of personal jurisdiction to meet the requirements of due process, their claims against Fabi Diana must be dismissed.

### 3. *The exercise of jurisdiction over Fabi LLC would be neither reasonable nor fair*

When deciding whether specific jurisdiction exists, the Court must consider whether the exercise of jurisdiction over the party would be "reasonable" or "fair." *State v. NV Sumatra Tobacco Trading Co.*, 379 S.C. 81, 91 (2008) (citations omitted). Such considerations include

> (1) the duration of the activity of the nonresident within the state; (2) the character and circumstances of the commission of the nonresident's acts; (3) the inconvenience resulting to the parties by considering or refusing to confer jurisdiction over the nonresident; and (4) the State's interest in exercising jurisdiction.

*Id*. In this case, none of the fairness factors suggest it is reasonable to impose jurisdiction on Fabi LLC.

As mentioned above, Fabi Diana's has not transacted any business in South Carolina and there is not contact with South Carolina that relates to any facts of this case. In particular, Fabi Diana has never transacted business, contracted to supply services or goods or delivered any products to South Carolina. Exhibit at ¶¶ 17, 18, 23. Fabi Diana's business certainly cannot be properly characterized as having a character of circumstance that the exercise of jurisdiction would be either foreseeable, fair or reasonable in South Carolina as it has had no business contacts with the State.

In addition, the Complaint in this case indicates that Plaintiffs are not citizens or domiciled in South Carolina and Fabi Diana was likewise not domiciled in South Carolina. (FAC at ¶ 24;

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Exhibit A at ¶¶ 3-5.)  The exercise of jurisdiction over Fabi, Diana will be inconvenient as it has no operations, employees, documents or other information related to this case in South Carolina and it will be forced to defend a case in a jurisdiction where it has no presence or facts that bind it to South Carolina.  Plaintiffs share this inconvenience.  They are domiciled in Tennessee.  The suggestion that South Carolina is somehow more convenient is a dubious argument at best when they are not even residents of the State.

Lastly, South Carolina has minimal interest in the exercise of jurisdiction.  South Carolina jurors and this Court will be required to expend time and resources to resolve a conflict between residents of foreign states for activities that happened largely outside of South Carolina.  It is much more reasonable to have jurors and courts that are more centered around this litigation hear this case.

Overall, both fairness and reasonableness suggest that the exercise of jurisdiction over Fabi Diana would be inappropriate in this case.

## III.  PLAINTIFFS' CLAIMS ARE BARRED BY SOUTH CAROLINA'S DOOR CLOSING STATUTE.

All of Plaintiffs' causes of action against Defendant are barred by South Carolina's Door Closing Statute, which provides that:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
>
> (1) By any resident of this State for any cause of action; or
> (2) By a plaintiff not a resident of this State when the cause of action shall have arisen, or the subject of the action shall be situated within this State.

S.C. Code § 15-5-150.

The Door Closing Statute broadly applies to any "action" brought in a South Carolina circuit court against an out-of-state corporation and, therefore, applies to all of Plaintiffs' claims.

18

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*Id*. Summary judgment should be granted on all claims because: (1) Defendant is incorporated outside of South Carolina; (2) Plaintiffs are not residents of South Carolina, and (3) Plaintiffs have not produced any evidence that Sarah Plant was injured by any asbestos-containing product attributable to Defendant in South Carolina. Plaintiffs concede the first two points in the Complaint. (FAC ¶¶ 24, 51)

As to the third point, Subsection (2) of the Door Closing Statute provides that an out-of-state corporation may be sued in a circuit court by a non-resident plaintiff only when "the cause of action shall have arisen or the subject of the action shall be situated within the State." S.C. Code §15-5-150 (2). The South Carolina Supreme Court has explained that the statute is intended to allow resolution of wrongs connected with South Carolina "while avoiding the resolution of wrongs in which the State has little interest" and to encourage foreign corporation activity in the State "without subjecting them to actions unrelated to their activity within the State." *Murphy v. Owens-Corning Fiberglas Corp*., 356 S.C. 592, 597, 590 S.E.2d 479, 481 (2003) (quoting *Farmer v. Monsanto Corp.*, 353 S.C. 553, 558, 579 S.E.2d 325, 328 (2003)).

When analyzing subsection (2) of the Door-Closing Statute in an alleged exposure case, "the proper inquiry is whether the foreign corporation's activities that allegedly exposed the victim to the injurious substance, and the exposure itself, occurred within the State. If so, then the legal wrong was committed here." *Id*. at 598, 590 S.E.2d at 482. Summary judgment must be granted where, as here, Plaintiffs "failed to show any actionable exposure in South Carolina." *See Henderson v. Allied Signal, Inc.*, 373 S.C. 179, 185, 644 S.E.2d 724, 727 (2007). Whether there is "actionable exposure" is an inquiry that must be made for each defendant, and not on the case as a whole. *Id*. ("Due to the lack of evidence Mr. Henderson was exposed to the Respondents' asbestos containing products in South Carolina, we affirm the trial court's holding."). Thus, the

19

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

inquiry here is whether Plaintiffs have proof of exposures within South Carolina which give rise to Plaintiffs' claims against Defendant. *See id.*; *Murphy*, 356 S.C. at 598, 590 S.E.2d at 482. As discussed below, Plaintiffs cannot meet the burden of showing actionable exposure in South Carolina to satisfy the *Henderson* standard. Thus, Plaintiffs' claims against Defendant are barred by South Carolina's Door Closing Statute and summary judgment is proper.

## IV.    PLAINTIFFS CANNOT SATISFY THE "FREQUENCY, REGULARITY AND PROXIMITY" REQUIREMENT UNDER SOUTH CAROLINA LAW.

To establish liability in an asbestos case, the plaintiff must present "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann v. Pittsburg Corning, Corp.*, 782 F.2d 1156, 1162–63 (4th Cir. 1986). If the plaintiff does not present evidence showing the "frequency, regularity, and proximity" of exposure to a specific product manufactured by the defendant, summary judgment should be granted in favor of the defendant. *Henderson v. Allied Signal, Inc.,* 373 S.C. 179, 185, 644 S.E.2d 724, 727 (2007). There must be some evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to the plaintiff. *Id.* Proximate cause is determined by proving more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable. *Lohrmann,* 782 F.2d at 1163. One's mere "presence in the vicinity of static asbestos" does not constitute actionable exposure to asbestos. *Henderson*, 373 S.C. at 185, 644 S.E.2d at 727.

The basis of product liability law in this jurisdiction is that the plaintiff has the burden of proof in showing that he or she was exposed to a particular defendant's asbestos-containing product. *Ryan v. Eli Lilly & Co.*, 514 F. Supp. 1004, 1006 (D.S.C. 1981). In the present case, Plaintiffs are unable to meet that burden. As will be outlined further below, Plaintiffs simply do not have the requisite evidence to support the claims.

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**A. Plaintiffs Have Failed to Establish Defendant Proximately Caused Sarah Plant's Injury.**

Under South Carolina law, a "products liability case may be brought under several theories, including negligence, strict liability, and warranty." *Rife v. Hitachi Constr. Mach. Co.*, 363 S.C. 209, 609 S.E.2d 565, 568 (2005). Regardless of the particular theory under which the plaintiff proceeds, he must establish "(1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Holst v. KCI Konecranes Int'l Corp.*, 390 S.C. 29, 699 S.E.2d 715, 719 (2010). Plaintiffs must show more than mere speculation, but must also show that a particular product contained asbestos, that plaintiff breathed in that asbestos and that it caused disease and/or death. *See Pace v. Air & Liquid Systems Corp.*, 624 Fed. Appx. 244 (4th 2016).

Further a plaintiff's exposure to asbestos must be more than a casual or minimal exposure. Citing the *Lohrmann* decision, the Court in *Henderson* explained the standard as follows:

> To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.

*Henderson*, 373 S.C. at 185, 644 S.E.2d at 727.

Here, there is no testimony that Sarah Plant was exposed to asbestos-containing products attributable to Defendant. The case law is clear, in order for a Defendant to be held liable, plaintiff must prove exposure to a *specific* product on a *regular* basis. Plaintiffs are simply unable to do so in the present case.

Because Plaintiffs have failed to put forth any evidence to show that Sarah Plant was exposed to any product attributable to Defendant, Plaintiffs have failed to meet their burden. Here,

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

even assuming that Plaintiffs are later able to present some evidence that a product attributable to Defendant was used by Sarah Plant, and that such product contained asbestos, that evidence would not be enough to withstand summary judgment because plaintiff "must prove more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable." *Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 716 (4th Cir. 1995). Thus, in order to meet the requirements of *Lohrmann*, Plaintiffs must present evidence of significant exposures. No such evidence has been proffered by the Plaintiffs in this case against Defendant.

As of the time specified for filing summary judgment motions in this case, there is no evidence establishing that asbestos was in or released from any product attributable to Defendant and which was inhaled by Sarah Plant. For the above stated reasons, Defendant is entitled to summary judgment as a matter of law.

**B.     There Is No Evidence to Establish Sarah Plant Was Exposed to Asbestos from Any Product Attributable to Defendant.**

Under the *Lohrmann* test, "[t]o support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann*, 782 F.2d 1156, 1162–63. The Supreme Court of South Carolina has adopted a standard that in order to support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over an extended period of time in proximity to where plaintiff actually worked. *Henderson*, 373 S.C. at 185, 644 S.E.2d at 727. In order to recover against Defendant, Plaintiffs must present some evidence that Sarah Plant was substantially exposed to asbestos from an asbestos-containing product for which Defendant is legally responsible. In this case, Plaintiffs cannot.

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

The evidence in this case does not pass the *Lohrmann* test.  A complete review of the evidence submitted by Plaintiffs shows there is no evidence that would support a finding under the "frequency, regularity and proximity test."  For the above reasons, Defendant is entitled to summary judgment as a matter of law.

## V.  PLAINTIFFS' REMAINING CLAIMS FAIL AS A MATTER OF LAW.

### A.  Post-Sale Duty to Warn

While the above arguments are sufficient to warrant summary judgment for Defendant as to all of Plaintiffs' claims, alternatively, specific claims should be dismissed for independent reasons.

South Carolina does not recognize a post-sale duty to warn or retrofit.  *See Bragg, supra*; *Andrews v. CBS Corp.*, No. 2:13-CV-2055-RMG, 2015 WL 12831309, at *1 (D.S.C. June 24, 2015).  In *Bragg*, the court stated that a product must be "measured against a standard existing at the time of sale or against reasonable customer expectations held at the time of sale." *Bragg*, 462 at 331.  Even if it is assumed that Defendant sold products used by Sarah Plant, there is no evidence that any product for which Defendant is responsible, was defective at the time it left Defendant's control.  Further, Defendant would have been under no duty to retrofit or warn of any dangers that were not present at the time of shipping.  As such, any claims against Defendant based on a post-sale duty to warn must fail as a matter of law.

### B.  Implied Warranty of Merchantability

Plaintiffs seek damages based on alleged breach of implied warranty under S.C. Code Ann. § 36-2-314.  Section 36-2-314 states:

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(1)     Unless excluded or modified (§ 36-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

(2)     Goods to be merchantable must be at least such as:

(a)     pass without objection in the trade under the contract description; and

(b)     in the case of fungible goods, are of fair average quality within the description; and

(c)     are fit for the ordinary purposes for which such goods are used; and

(d)     run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e)     are adequately contained, packaged, and labeled as the agreement may require.

(3)     Unless excluded or modified (§ 36-2-316), other implied warranties may arise from course of dealing or usage of trade.

In this case, Plaintiffs have failed to put forth evidence that a product attributable to Defendant was in a defective, unreasonably dangerous condition, or that it was in the same condition at the time of the alleged injury. As a result, there is no genuine issue of material fact regarding Plaintiffs' claim for breach of implied warranty against Defendant and, as such, Defendant is entitled to summary judgment as a matter of law.

### C.  Fraudulent Misrepresentation

The Court should dismiss Plaintiffs' cause of action for false or fraudulent misrepresentation. Rule 9(b) requires Plaintiffs to plead the circumstances constituting fraud with particularity. The Fourth Circuit held that the facts required to be pled with particularity under

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999), citing, 5 Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1297, at 590 (2d ed.1990). This is especially critical when a complaint asserts claims against multiple defendants.

Rule 9(b) has four purposes: 1) it ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; 2) to protect defendants from frivolous suits; 3) to eliminate fraud actions in which all the facts are learned after discovery; and 4) to protect defendant from harm to their goodwill and reputation. *Id.*

In order to plead a proper claim for fraudulent misrepresentation in South Carolina, a plaintiff must allege *with particularity*: (1) a representation; (2) falsity of representation; (3) materiality of representation; (4) the defendant's knowledge of the falsity of the representation or reckless disregard of its truth or falsity; (5) defendant's intent that the representation should be acted upon; (6) the hearer's ignorance of the falsity; (7) hearer's reliance on the truth of the representation; (8) hearer's right to so rely; and (9) the hearer's consequent and proximate injury to plaintiff. *DeHart v. Dodge City of Spartanburg, Inc.*, 311 S.C. 135, 427 S.E.2d 720 (Ct. App. 1993); *M. B. Kahn Const. Co., Inc. v. South Carolina Nat. Bank of Charleston*, 275 S.C. 381, 271 S.E.2d 414 (1980). Failure to properly plead any of these elements with particularity is fatal to Plaintiff's fraud claim. *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993).

More importantly, when a fraud claim involves multiple defendants, the complaint must also state with particularity each defendant's role in the alleged fraud. *Mincey v. World Savings Bank, FSB*, 614 F. Supp. 2d 610, 627 (D.S.C. 2008). Plaintiffs failed to identify with particularity any facts specific to any of the numerous Defendants. Plaintiffs have not pled or put forth any

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

evidence that even begins to inform Defendant of its role in the alleged fraud, let alone allege, with particularity, any facts to support the elements required by South Carolina law.

In *Mincey,* the District Court dismissed a fraud claim under Rule 9(b), where the plaintiffs failed to allege fraud with particularity and simply "lumped all defendants together in a manner that is impermissible for purposes of Rule 9(b)." *See also*, *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 778 (7th Cir. 1994), quoting *Di Vittorio v. Equidyne Extractive Indus.,* 822 F.2d 1242, 1247 (2d Cir. 1987) ("where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud); *Goldstein v. Malcolm G. Fries & Assocs., Inc.,* 72 F. Supp. 2d 620, 627 (E.D. Va. 1999) ("A plaintiff may not group all wrongdoers together in a single set of allegations.")

Here, Plaintiffs simply lumped all Defendants together and restated the elements of a fraudulent misrepresentation claim without setting forth any particularized allegations against Defendant as required by Rule 9(b). Plaintiffs also have not produced any evidence to support this claim.

As discussed above, an action for fraudulent misrepresentation is predicated on a false statement. Plaintiffs have not produced any evidence to support this claim. Plaintiffs have no proof of what representations were allegedly made, when they occurred, how they occurred, how Defendant allegedly knew or recklessly disregarded the alleged falsity of the representations, how or when Sarah Plant relied on them, what basis she had to rely on them, or even how Defendant knew that any such representation was false. Therefore, Defendant is entitled to summary judgment on this claim.

### D. Strict Liability

A cause of action resting upon strict liability under South Carolina's strict liability statute does not exist where a product entering the stream of commerce prior to July 9, 1974, is alleged to have caused injury thereafter. *Schall v. Sturm, Ruger Co.*, 278 S.C. 646, 650, 300 S.E.2d 735, 737 (1983). South Carolina did not recognize strict liability until it adopted the strict liability statute on July 9, 1974. To bring a strict liability claim against Defendant, Plaintiffs must show that Sarah Plant was: (1) exposed to an asbestos-containing product; (2) manufactured by Defendant; and (3) that was placed in the stream of commerce after July 9, 1974. Here, Plaintiff has failed to do so. As discussed, there is no evidence in the record that Sarah Plant was exposed to any asbestos-containing product attributable to Defendant.

Without proof that Sarah Plant was exposed to asbestos from a product attributable to Defendant and said product was placed in the stream of commerce after July 9, 1974, Plaintiffs cannot establish a strict liability claim under South Carolina law. *Id.* Therefore, Defendant must be granted summary judgment on Plaintiffs' strict liability action.

## CONCLUSION

Defendant is entitled to summary judgment based on any one of three grounds: 1) the Court lacks personal jurisdiction over Defendant; 2) Plaintiffs' claims are barred by South Carolina's Door Closing Statute; and 3) Plaintiffs are unable to meet the burden to prove that Sarah Plant was exposed to asbestos from any product for which Defendant is alleged to be responsible. There is no basis to establish that Defendant breached any duty owed to Plaintiffs, or that any acts or omissions by Defendant served as a proximate cause of Sarah Plant's alleged asbestos-related disease. For these reasons, Defendant respectfully requests that this Honorable Court enter an Order granting its Motion for Summary Judgment, and that all claims be dismissed.

WBD (US) 60058156v1

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Respectfully submitted this, the 13th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill (S.C. Bar No. 104013)
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Ph.: (704) 350-6310
Elizabeth.ONeill@wbd-us.com
WBD.SCAsbestos@wbd-us.com

*Counsel for Defendant IMI Fabi (Diana) LLC*

WBD (US) 60058156v1

ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

# EXHIBIT A

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265
ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265
ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | | |
| SARAH J. PLANT and | ) | C/A NO. 2022-CP-40-01265 |
| PARKER PLANT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| AVON PRODUCTS, INC., et al. | ) | |
| | ) | |
| Defendants. | | |

### AFFIDAVIT OF MICHAEL BROWN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT IMI FABI (DIANA), LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, MICHAEL BROWN, declare as follows:

1. My name is Michael Brown. I am over the age of eighteen years old (18) and I am competent to give this Affidavit.

2. I am the Former General Manager of IMI Fabi (Diana) LLC and current caretaker (hereinafter referred to as "Fabi Diana"). I make the following statements based upon my own personal knowledge, and, if called as a witness, could and would testify competently to such facts under oath.

3. On November 20, 2001, IMI Fabi (Diana) LLC was organized under the laws of North Carolina as a limited liability company.

4. IMI Fabi (Diana) LLC operated until December 31, 2004, when it closed its operations.

5. Fabi Diana's principal and only place of business was located in Diana Township, New York.

6. Fabi Diana sold refined talc to the cosmetic, personal care, pharmaceutical, food industries, and industrial talc used for the manufacture of various products.

7. Fabi Diana has never been licensed to do business in South Carolina.

8. Fabi Diana has never had a registered agent in South Carolina.

9. Fabi Diana has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina.

10. Fabi Diana has never had any employees working or residing in South Carolina.

11. Fabi Diana has never recruited any South Carolina residents, directly or through an intermediary located in the State of South Carolina, for employment inside or outside of the State of South Carolina.

12. Fabi Diana has never had a mailing address, post office box, or bank account in South Carolina.

13. Fabi Diana has never owed or paid corporate taxes in South Carolina.

14. Fabi Diana has never had insurance policies, which afford coverage of any kind for specific entities located in South Carolina.

15. Fabi Diana has never paid sales tax to South Carolina.

16. Fabi Diana has never invested any dollars in business operations in South Carolina because it has never had business operations in any state other than New York.

17. Fabi Diana has never transacted any business in the State of South Carolina.

18. Fabi Diana has never contracted to supply services or goods in the State of South Carolina.

19. Fabi Diana has never marketed or advertised its products in the State of South

Carolina.

20. Fabi Diana has not received tax deductions as a result of contributions made to any organizations in the State of South Carolina.

21. Fabi Diana has never received any business incentives or tax credit from the State of South Carolina to conduct business in South Carolina.

22. Until Fabi Diana closed its facility in Diana Township, New York, all products sold by Fabi Diana were delivered F.O.B. Origin, Freight Collect, Diana Township, New York. In every instance, the Buyer made all of the arrangements for the shipment of the products off of Fabi Diana's premises. In every instance, possession of the product bought from Fabi Diana and the risk of loss in transit transferred from Fabi Diana to the Buyer at the Fabi Diana loading dock in Diana Township, New York. In every instance, the Buyer paid for and bore the freight charges. In every instance, the Buyer, not Fabi Diana, filed claims (if any) if the product was damaged, destroyed, or lost in transit.

23. Consequently, Fabi Diana has never delivered any products in the State of South Carolina.

24. Fabi Diana has never appeared in a case in South Carolina, including but not limited to, any matrimonial actions or family court proceedings.

25. Fabi Diana has never had an interest in, using or possessing real property in the State of South Carolina.

26. Fabi Diana has never owned, used, possessed, or held a mortgage or other lien on any real property in the State of South Carolina.

27. Fabi Diana has never owned, leased, or operated any real property or any offices in South Carolina.

28. Fabi Diana has never paid real estate tax to any municipality or town in South Carolina.

29. Fabi Diana has never owned a motorized vehicle registered in South Carolina and has never paid any automobile excise tax to any municipality or town located in South Carolina.

30. Fabi Diana has never owned a water vessel (boat) registered in South Carolina and has never paid any boat excise tax to any municipality or town located in South Carolina.

31. Fabi Diana has never acquired ownership, possession or control of any asset or thing of value present within the State of South Carolina.

32. Fabi Diana has had no contracts, by mail or otherwise, with a South Carolina resident to be performed in the State of South Carolina.

33. Fabi Diana has never had any affiliates, subsidiaries or corporately related companies in the State of South Carolina, or elsewhere.

34. Fabi Diana has never entered into any franchise agreements between it and any entities licensed to do business in South Carolina.

35. Fabi Diana has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold or distributed in South Carolina.

36. Fabi Diana has never mined, milled, processed, tested, screened, analyzed, blended, supplied and/or distributed talc in South Carolina.

37. Fabi Diana has never manufactured, sold, or distributed any products in the State of South Carolina.

38. Fabi Diana has never shipped any products to the State of South Carolina.

39. Fabi Diana has never operated, conducted, engaged in, or carried on a business or business venture in the State of South Carolina.

40. Fabi Diana has never had an office or agency in the State of South Carolina.

41. Fabi Diana has never committed a tortious act in whole or in part in the State of South Carolina.

42. Fabi Diana has never caused tortious injury or death to persons or property within the State of South Carolina arising out of an act or omission committed outside the State of South Carolina.

43. Fabi Diana has never engaged in solicitation or service activities within the State of South Carolina.

44. Fabi Diana has never entered into a contract or breached a contract in the State of South Carolina or that is to be performed in whole or in part in the State of South Carolina.

45. Fabi Diana has never contracted to insure any person, property or risk located within the State of South Carolina at the time of contracting.

46. Fabi Diana has never produced, manufactured, or distributed goods with the reasonable expectation that those goods are to be used or consumed in the State of Carolina, and are so used or consumed.

I declare under penalty of perjury under the laws of the State of South Carolina that the foregoing is true and correct and that this declaration was executed on June ±2, 2022 at Diana Township, New York.

Michael Brown

SWORN TO AND SUBSCRIBED BEFORE ME,
ON THIS THE 7th DAY OF JUNE, 2022.

_____
NOTARY PUBLIC

PRINT NAME: Megan Brotherton

BAR/NOTARY NUMBER: 01BR6392543

```
Megan Brotherton
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BR6392543
Qualified in Jefferson County
Commission Expires 05/28/2023
```

ELECTRONICALLY FILED - 2022 Jul 13 2:25 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265
ELECTRONICALLY FILED - 2023 Jan 13 2:43 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA   )    IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND      )    FOR THE FIFTH JUDICIAL CIRCUIT

|  |  |
|---|---|
| SARAH J. PLANT and PARKER PLANT,  ) | |
| ) | Civil Action No. 2022 CP 40 01265 |
| Plaintiffs,      ) | |
| ) | |
| v.      ) | **IMI FABI (USA) INC.'S MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |
| AVON PRODUCTS, INC., et al.,  ) | |
| ) | |
| Defendants.     ) | |
| ) | |

Defendant IMI Fabi (USA) Inc. ("Defendant"), moves for an order granting summary judgment pursuant to Rule 56 of the South Carolina Rules of Civil Procedure on the grounds that there are no genuine issues of material fact and summary judgment is appropriate as a matter of law.

Specifically, the Court lacks personal jurisdiction over Defendant.[1] Further, Plaintiffs' claims are barred by South Carolina's Door Closing Statute. In addition, Plaintiffs cannot meet the threshold requirements of actionable asbestos exposure identified in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162–63 (4th Cir. 1986), *Henderson v. Allied Signal*, 373 S.C. 179, 644 S.E.2d 724 (2007) and like cases, such that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

This motion is also made on additional alternative grounds that there is no proof supporting particular individual causes of action, as described in the Memorandum of Law filed in support of this motion. Further, choice of law issues may exist in this case and Defendant submits this Motion

---

[1] On May 13, 2022, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. On July 13, 2022, Defendant filed its Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction with supporting affidavit. Defendant incorporates its prior Motion to Dismiss, supporting memorandum and affidavit herein in support of its current Motion for Summary Judgment.

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

without waiver of any rights to raise choice of law issues in the event that it becomes relevant. *See Rogers v. Lee,* 414 S.C. 225, 230, 777 S.E.2d 402, 405 (Ct. App. 2015); *Boone v. Boone,* 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001).  This motion is supported by the Affidavit of Patrizia Zuppini attached as Exhibit A. This motion is further supported by the pleadings that have been filed in this action, discovery conducted or to be conducted in the future, depositions taken and yet to be taken in this case, the attached Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the South Carolina Rules of Civil Procedure, arguments of counsel, and applicable common and statutory law.

Respectfully submitted this, the 13th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill (S.C. Bar No. 104013)
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Ph.: (704) 350-6310
Elizabeth.ONeill@wbd-us.com
WBD.SCAsbestos@wbd-us.com

*Counsel for Defendant IMI Fabi (USA) Inc.*

2

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | | |
| SARAH J. PLANT and PARKER PLANT, | ) | Civil Action No. 2022 CP 40 01265 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **IMI FABI (USA) INC.'S** |
| | ) | **MEMORANDUM OF LAW IN** |
| AVON PRODUCTS, INC., et al., | ) | **SUPPORT OF MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| Defendants. | ) | |
| | ) | |

Defendant IMI Fabi (USA) Inc. ("Defendant" or "Fabi USA"), pursuant to Rule 56 of the South Carolina Rules of Civil Procedure, respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment.

Defendant is entitled to judgment on all claims because: 1) the Court lacks personal jurisdiction over Defendant;[1] 2) Plaintiffs' claims are barred by South Carolina's Door Closing Statute; and 3) Plaintiffs do not have evidence that Sarah Plant was exposed to any product attributable to Defendant, let alone evidence of exposure to asbestos-containing products, with the "frequency, regularity and proximity" required by the South Carolina Supreme Court in *Henderson v. Allied Signal*, 373 S.C. 179, 644 S.E.2d 724 (2007), to establish causation. Alternatively, for the reasons detailed below, Defendant is entitled to summary judgment on specific claims.

---

[1] On May 13, 2022, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. On July 13, 2022, Defendant filed its Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction with supporting affidavit. Defendant incorporates its prior Motion to Dismiss, supporting memorandum and affidavit herein in support of its current Motion for Summary Judgment.

1

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## STATEMENT OF FACTS

Plaintiffs allege that Sarah Plant was diagnosed with mesothelioma from exposure to various asbestos-containing talc products. (First Amended Complaint (FAC) ¶ 1, 6, 24, 25) Plaintiffs' causes of action against Defendant are negligence, strict liability, breach of implied warranty of merchantability, fraudulent misrepresentation, and loss of consortium.

Mr. and Ms. Plant were deposed and did not testify to exposure to any alleged asbestos-containing product attributable to Defendant. The depositions of Ms. Plant's parents, Patrice and Eric Johnson, have been taken and they did not testify to exposure to any alleged asbestos-containing product attributable to Defendant. There has been no other relevant fact witness depositions taken in this case. As such, there is no evidence that Sarah Plant was exposed to asbestos from a product allegedly attributable to Defendant at all, let alone on a regular, frequent and proximate basis.

Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of Tennessee and that Sarah Plant developed mesothelioma as the result of exposure to various asbestos-containing talc products in several states, including South Carolina. (First Amended Complaint (FAC at ¶ 1, 6, 24, 25.) Plaintiffs do not assert that Fabi USA is a South Carolina limited liability company or that its principal place of business was ever in South Carolina. (FAC at ¶ 52.) Rather, Plaintiffs assert generally that this Court has personal jurisdiction over all Defendants because Plaintiffs' claims arise from Defendants' conduct in (a) transacting business in the State, . . . (b) contracting to supply services or things in the State; (c) commission of a tortious act in whole or in part in this State; and (d) having an interest in, using, or possessing real property in this State. Further, Plaintiffs allege generally that "all" defendants "purposefully

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

availed themselves of the privilege of doing business in this State" and engaged in "substantial and/or systematic business in South Carolina." (FAC at ¶ 2, 5)

Specifically as to Fabi USA, Plaintiffs list it as a "Product Defendant" and allege Ms. Plant was exposed to asbestos-containing talc "mined . . . processed . . . imported . . . supplied ... and or retailed" by Fabi USA. Plaintiffs further allege that their claim against Fabi USA arises out of Fabi USA's "business activities" and Ms. Plant's exposure to Fabi USA products in the State of South Carolina as well as other states. (FAC at ¶ 51)

However, as attested to in the Affidavit of Patrizia Zuppini ("Ms. Zuppini"), attached to Defendant's Motion for Summary Judgment as Exhibit A, these jurisdictional allegations as to Fabi USA are unsupported by fact. Ms. Zuppinni's Affidavit sets forth the following relevant facts on the issue of personal jurisdiction:

- Ms. Zuppini is the Vice President of IMI Fabi (USA), Inc. (Exhibit A at ¶ 2.)

- Fabi USA is a Delaware corporation. It is not qualified to transact business in any other jurisdiction. (Exhibit A at ¶ 3, 6)

- Fabi USA's sole business is to hold all membership interest in IMI Fabi, LLC. Fabi USA has no business or operations, and it holds no other property or assets. Fabi USA has never owned or operated any manufacturing, sales, or distribution facilities in any state. It has never had a registered agent in any state other than Delaware. It has never sold any product. (Exhibit A at ¶¶ 3, 4, 5, 17.)

- Fabi USA has never had a mailing address, post office box, or bank account in South Carolina; transacted business in South Carolina; contracted to supply services or goods in South Carolina; marketed or advertised products in South Carolina; or delivered any products in South Carolina. (Exhibit A at ¶¶ 8, 12, 13, 14, 18.)

3

- Fabi USA has never had an interest in, used, or possessed real property in South Carolina; owned, used, possessed, or held a mortgage or other lien on any real property in South Carolina; or owned, leased, or operated any real property or any offices in South Carolina. (Exhibit A at ¶¶ 20, 21, 22.)

- Fabi USA has never had any contracts with a South Carolina resident to be performed in South Carolina; entered into a contract or breached a contract in South Carolina or that is to be performed in whole or in part in South Carolina; or contracted to insure a person, property, or risk located in South Carolina. (Exhibit A at ¶¶ 27, 38, 39.)

- Fabi USA has never mined, milled, processed, tested, screened, analyzed, blended, supplied, and/or distributed talc in South Carolina; manufactured, sold, or distributed any products in South Carolina; shipped any products to South Carolina; engaged in solicitation or service activities in South Carolina; produced, manufactured, or distributed goods with the reasonable expectation that those goods were to be used in South Carolina. (Exhibit A at ¶¶ 30, 31, 32, 37, 40.)

- Fabi USA has never committed a tortious act in whole or in part in South Carolina and has never caused tortious injury or death to persons or property within South Carolina arising out of an act or omission committed outside of South Carolina. (Exhibit A at ¶¶ 35, 36.)

Accordingly, this Court lacks jurisdiction over Fabi USA. Further, as detailed below, there is no evidence in the record to raise an issue of material fact that Sarah Plant was exposed to asbestos from any product attributable to Defendant.

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## STANDARD OF REVIEW

In South Carolina, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shaw v. City of Charleston*, 351 S.C. 32, 567 S.E.2d 530 (2002). Under Rule 56(c) of the South Carolina Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn [therefrom] must be viewed in the light most favorable to the non-moving party." See *Shaw,* 351 S.C. at 38, 567, S.E.2d at 534. The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Baughman v. American Tel. & Tel Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991). An important distinction to make is that the moving party's burden is not to disprove the claims, but to instead show that the plaintiff has no evidence to support his claims. *Id*.

In order to avoid summary judgment, a non-moving party must demonstrate a genuine existence of triable issues on all essential elements of his case. See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A non-moving party must go beyond the pleadings, as "summary judgment should be granted when plain, palpable and undisputable facts exist on which reasonable minds cannot differ." *Nations Bank v. Scott Farm*, 320 S.C. 299, 302–03, 465 S.E.2d 98, 100 (1995).

In the present case, Plaintiffs have not produced sufficient evidence to establish jurisdiction or the elements necessary to pursue and prove the claims against Defendant. Therefore, Defendant is entitled to summary judgment.

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## ARGUMENT

### I.     CHOICE OF LAW.

Under South Carolina choice of law principles, the substantive law governing a tort action is determined by the state in which the injury occurred, commonly referred to as the *lex loci delicti* rule. *Rogers v. Lee*, 414 S.C. 225, 230, 777 S.E.2d 402, 405 (Ct. App. 2015); *Boone v. Boone*, 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001). South Carolina law provides that *lex loci delicti* is determined by the state in which the injury occurred, not where the results of the injury were felt or where the damages manifested themselves. *Rogers,* 414 S.C. at 231. In this case, the Court should apply the substantive law of the state where the exposure occurred. *See also, Bannister v. Hertz Corp.*, 316 S.C. 513, 450 S.E.2d 629 (Ct.App.1994)(applying North Carolina law); *Dawkins v. State*, 306 S.C. 391, 412 S.E.2d 407 (1991) (applying Georgia law); *Oshiek v. Oshiek*, 244 S.C. 249, 136 S.E.2d 303 (1964) (applying Georgia law); *Woolard v. Carrier Corp.*, No. 1:18CV410, 2020 WL 2572278, n.2 (M.D.N.C. May 21, 2020) (applying North Carolina law because the asbestos exposure occurred in North Carolina); *Cox v. AGCO Corp.*, No. 4:16-CV-00084-M, 2020 WL 3473636, at *4 (E.D.N.C. June 25, 2020) (same).

Plaintiffs allege exposure occurred in various states, although there is no evidence to date as to any exposure to a product attributable to Defendant. Plaintiffs have not put forth any evidence to show that Sarah Plant was exposed to any asbestos attributable to Defendant in South Carolina (or any other state).  Accordingly, the law of other states may apply in this case and Defendant submits this motion without waiver of any rights to raise choice of law issues and expressly preserves its rights regarding the same.

6

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## II.     THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT.

This Court has neither general jurisdiction nor specific jurisdiction over Fabi USA. General jurisdiction does not exist as Fabi USA is not a South Carolina corporation, does not have a principal place of business in South Carolina and has no enduring relationship with South Carolina.  Without such facts, Fabi USA is not "at home" in South Carolina and general jurisdiction does not exist.

In addition, there is no specific jurisdiction over Fabi USA.  Fabi USA has virtually no contact with South Carolina and any contact with South Carolina has no relation to this case or Plaintiffs' causes of action.  This lack of contact is insufficient to establish the required "minimum contacts" with South Carolina to exercise personal jurisdiction.  In addition, it would be neither reasonable nor fair to exercise jurisdiction considering Fabi USA has virtually no contact with South Carolina and certainly no contact has any relation to the allegations of wrongdoing in Plaintiff's Complaint.

### A.  <u>Legal Standard</u>

"The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case." *Cockrell v. Hillerich & Bradsby Co*., 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005). "The party seeking to invoke personal jurisdiction over a non-resident defendant . . . bears the burden of establishing jurisdiction." *Power Prods. & Servs. Co., Inc. v. Kozma*, 379 S.C. 423, 430, 665 S.E.2d 660, 664 (Ct. App. 2008). At the pretrial stage, plaintiffs may meet their burden of proving personal jurisdiction over a nonresident defendant by a prima facie showing of jurisdiction either (1) in the complaint or (2) in affidavits. *See Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508; *Sullivan v. Hawker Beechcraft Corp*., 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012). However, a plaintiff must allege <u>*specific facts*</u> to establish the

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

contacts necessary to invoke either general or specific jurisdiction. *See Power Prods. & Servs. Co. Inc.*, 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Conclusory allegations will not suffice. *Id*. at 433–35, 665 S.E.2d at 665–66. Moreover, "[w]hen a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction." *Sullivan*, 397 S.C. at 150, 723 S.E.2d at 839 (quoting *Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007)).

"Personal jurisdiction is exercised as either 'general jurisdiction' or 'specific jurisdiction.'" *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478. "General jurisdiction is the State's right to exercise personal jurisdiction over a defendant even though the suit does not arise out of or relate to the defendant's contacts with the forum . . . ; general jurisdiction is determined under S.C. Code Ann. §36-2-802…." *Id*. "Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum . . . ; specific jurisdiction is determined under S.C. Code Ann. § 36-2-803…." *Id*. The exercise of personal jurisdiction under either statute must comport with due process requirements and must not offend traditional notions of fair play and substantial justice. *Id*. Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state. *Id*.

Further, due process mandates that the defendant possess sufficient minimum contacts with the forum state, so that it could reasonably anticipate being haled into court there. *Cockrell*, 363, S.C. at 491-492, 611 S.E.2d at 508 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

286 (1980)). Without minimum contacts, the Court does not have the "power" to adjudicate the action. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508. Finally, the Court must also find that the exercise of jurisdiction is "reasonable" or "fair." *Id*.

The Court must assess individually each defendant's contacts with South Carolina. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508 (citing *Rush v. Savchuk*, 444 U.S. 320 (1980)). The focus of the Court's analysis must center on the contacts generated by the defendant, not on the unilateral actions of some other entity. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-509 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (holding "unilateral activity of another party or a third person is not an appropriate consideration")). The foreseeability that is critical to due process analysis is not the mere likelihood that a product could find its way into the forum state. Rather, it is that the defendant's own conduct and connections with the forum state are such that he should reasonably anticipate being haled into court there. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 509 (citing *World-Wide Volkswagen Corp*., 444 U.S. at 297).

Here, the Court has neither general nor specific jurisdiction over Fabi USA and, therefore, Fabi USA is entitled to summary judgment.

## B.  Fabi USA is Not Subject to General Jurisdiction in South Carolina.

Fabi USA is not incorporated in South Carolina, does not maintain its principal place of business in South Carolina, and does not have such substantial contacts that it is "at home" in South Carolina; therefore, it is not subject to general personal jurisdiction in this State.

A court may assert general jurisdiction over foreign corporations when their affiliations with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915,925 (2011)); *see also Coggeshall*, 376 S.C. 12, 16,

9

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

655 S.E.2d 476, 478; S.C. Code Ann. §36-2-802. Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [ or] its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). An example of the "exceptional case" where general jurisdiction may be exercised over a corporation that is neither incorporated in nor has its principal place of business in a state is the United States Supreme Court holding in *Perkins v. Benguet Consol. Min. Co*., 342 U.S. 347. In *Perkins* the defendant, a foreign mining company forced to flee the Philippines during World War II, operated entirely from Ohio for several years. The company's president and principal stockholder relocated to Ohio and set up an office, where he maintained corporate files, carried on the company's correspondence, issued checks on behalf of the company, employed two corporate secretaries, maintained bank accounts, purchased company equipment, and held director's meetings for the duration of the company's exile. Under these circumstances, where Ohio became the business' *de facto* operating headquarters, the Court found general jurisdiction proper. None of these facts are present here.

Fabi USA is not "at home" in South Carolina. It is undisputed that Fabi USA is not incorporated in South Carolina and its principal place of business is not in South Carolina. Further, it has no "enduring" relationship with South Carolina. *See Cockrell*, 363 S.C. at 495, 611 S.E.2d at 510. Moreover, no "exceptional" circumstances, such as those present in *Perkins*, exist that would render Fabi USA "at home" in South Carolina, nor do Plaintiffs allege any such exceptional circumstances. Accordingly, Fabi USA is not subject to general personal jurisdiction in this State.

**C. Fabi USA is not Subject to Specific Personal Jurisdiction in South Carolina.**

Fabi USA has never conducted business activities within South Carolina or purposefully directed business activities towards South Carolina and, therefore, it does not meet the requirements of South Carolina's long-arm statute or have sufficient minimum contacts with the

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

State for the exercise of jurisdiction to satisfy due process. Moreover, because Fabi USA has never conducted business in South Carolina or purposefully directed business activities towards South Carolina, it is impossible for Plaintiffs' claims to arise out of Fabi USA's conduct within the State. Consequently, Fabi USA is not subject to the exercise of specific personal jurisdiction in this case.

The determination of whether a court may exercise personal jurisdiction over a non-resident defendant has traditionally involved a two-step analysis; first, the court must determine if the long-arm statute applies, and second, the court must determine whether the nonresident's contacts with this State are sufficient to satisfy due process requirements. *Power Prods. & Servs. Co., Inc.*, 379 S.C. at 431,665 S.E.2d at 664. However, "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." Cockrell, 363 S.C. at 491, 611 S.E.2d at 508 (citing *Moosally v. WW Norton & Co*., 358 S.C. 320, 329, 594 S.E.2d 878, 883 (Ct. App. 2004)); *See also Power Prods. & Servs. Co., Inc*., 379 S.C. at 431,665 S.E.2d at 664.

1.    ***Plaintiffs Have Not Alleged Specific Facts Necessary to Establish Personal Jurisdiction Under South Carolina's Long-Arm Statute.***

In this case, Plaintiffs have failed to allege specific facts that subject Fabi USA to jurisdiction under S.C. Code Ann. § 36-2-803(A)(l)-(8). Plaintiffs' First Amended Complaint makes generic, conclusory allegations as to jurisdiction which are insufficient to show <u>specific actions</u> taken by Fabi USA which would subject it to personal jurisdiction under South Carolina's long-arm statute. *See Sullivan*, 397 S.C. at 150-51, 723 S.E.2d at 839 (affirming dismissal for lack of personal jurisdiction where the plaintiff merely recited the elements of the long-arm statute and failed to allege facts showing the defendant's conduct subjected it to jurisdiction). *See also Power Prods. & Servs. Co., Inc*., 379 S.C. at 433-36, 665 S.E.2d at 665-67 (affirming trial court's

11

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

dismissal based on lack of personal jurisdiction because plaintiff did not establish facts-either through the complaint or affidavits-to confer jurisdiction). Here, the allegations in Plaintiffs' First Amended Complaint are pled in the same way that the Sullivan Court found to be insufficient to meet a *prima facie* showing of personal jurisdiction; merely making conclusory allegations couched as "fact" does not meet the fact-pleading standard required by South Carolina courts.

The facts, as attested in Ms. Zuppini's affidavit, are that the sole business of Fabi USA is to hold all membership interest in IMI Fabi, LLC. It has never (1) transacted business in this State; (2) contracted to supply services or things in this State; (3) committed a tortious act in whole or in part in this State; ( 4) regularly done or solicited business or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in this State; (5) had an interest in and has never used or possessed real property in this State; (6) contracted to insure any person, property or risk located within this State at the time of contracting; (7) entered into a contract to be performed in whole or in part by either party in this State; (8) and has never produced, manufactured, or distributed goods with the reasonable expectation that those goods were to be used or consumed in this State. *See* Exhibit A.

Plaintiffs' conclusory allegations, in the face of specific facts to the contrary, are insufficient to establish a *prima facie* showing of jurisdiction and, therefore, Plaintiffs have not met their burden and their claims must be dismissed.

### 2. *Plaintiffs Have Not Shown Sufficient Minimum Contacts Between Fabi USA and South Carolina Necessary to Satisfy Due Process.*

Assuming for the sake of argument that Plaintiffs' allegations could meet the requirements of S.C. Code Ann.§ 36-2-803, the exercise of personal jurisdiction over Fabi USA is nonetheless improper because Plaintiffs cannot show that the exercise of personal jurisdiction in this matter satisfies the requirements of due process.

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Due process requires that there exist sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice" and that the defendant can "reasonably anticipate being haled into court in the forum." *E.g., Cockrell*, 363 S.C. at 491-492, 611 S.E.2d at 508 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Atlantic Soft Drink Co. v. South Carolina Nat'l Bank*, 287 S.C. 228, 336 S.E.2d 876 (1985)).

"A minimum contacts analysis requires a court to find the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 131 (1992). *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp.*, 444 U.S. at 296-297; *Hanson v. Denckla*, 257 U.S. 235, 251, 253 (1958). The minimum contacts analysis must focus on the defendant's own actions, not the "unilateral actions of some other entity." *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-09 ("The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there."); *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478 ("Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state."). If the Court finds minimum contacts exist, it must further determine whether the exercise of jurisdiction is "reasonable" or "fair" by considering "(1) the duration of the activity of the nonresident within the state; (2) the character and circumstances of the commission of the nonresident's acts; (3) the inconvenience resulting to the parties by conferring or refusing to confer

13

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

jurisdiction over the nonresident; and ( 4) the State's interest in exercising jurisdiction." *Id*. at 492, 611 S.E.2d at 508.

Plaintiffs have not shown, and cannot show, that Fabi USA has sufficient minimum contacts with South Carolina. The facts here, as attested in Ms. Zuppini's affidavit, are that the sole business of Fabi USA is to hold all membership in IMI Fabi, LLC. It has no business or operations, holds no other property or assets, and has never sold any product. Fabi USA has never manufactured, sold, or distributed any products in South Carolina or shipped any products to South Carolina. Simply stated, Fabi USA has *no* contacts with the State of South Carolina and has never purposefully directed *any* activities at South Carolina. Consequently, there are not sufficient minimum contacts with South Carolina to render this Court's exercise of personal jurisdiction permissible under the Due Process Clause. Further, because Fabi USA has no contact with South Carolina, Plaintiffs' cause of action cannot arise out of or relate to any alleged contacts with South Carolina.

Because Plaintiffs have not, and cannot, show that Fabi USA has minimum contacts with South Carolina necessary for the exercise of personal jurisdiction to meet the requirements of due process, their claims against Fabi USA must be dismissed.

## III. PLAINTIFFS' CLAIMS ARE BARRED BY SOUTH CAROLINA'S DOOR CLOSING STATUTE.

All of Plaintiffs' causes of action against Defendant are barred by South Carolina's Door Closing Statute, which provides that:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
>
> (1) By any resident of this State for any cause of action; or
> (2) By a plaintiff not a resident of this State when the cause of action shall have arisen, or the subject of the action shall be situated within this State.

14

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

S.C. Code § 15-5-150.

The Door Closing Statute broadly applies to any "action" brought in a South Carolina circuit court against an out-of-state corporation and, therefore, applies to all of Plaintiffs' claims. *Id*. Summary judgment should be granted on all claims because: (1) Defendant is incorporated outside of South Carolina; (2) Plaintiffs are not residents of South Carolina, and (3) Plaintiffs have not produced any evidence that Sarah Plant was injured by any asbestos-containing product attributable to Defendant in South Carolina. Plaintiffs concede the first two points in the Complaint. (FAC ¶¶ 24, 52)

As to the third point, Subsection (2) of the Door Closing Statute provides that an out-of-state corporation may be sued in a circuit court by a non-resident plaintiff only when "the cause of action shall have arisen or the subject of the action shall be situated within the State." S.C. Code §15-5-150 (2). The South Carolina Supreme Court has explained that the statute is intended to allow resolution of wrongs connected with South Carolina "while avoiding the resolution of wrongs in which the State has little interest" and to encourage foreign corporation activity in the State "without subjecting them to actions unrelated to their activity within the State." *Murphy v. Owens-Corning Fiberglas Corp*., 356 S.C. 592, 597, 590 S.E.2d 479, 481 (2003) (quoting *Farmer v. Monsanto Corp.*, 353 S.C. 553, 558, 579 S.E.2d 325, 328 (2003)).

When analyzing subsection (2) of the Door-Closing Statute in an alleged exposure case, "the proper inquiry is whether the foreign corporation's activities that allegedly exposed the victim to the injurious substance, and the exposure itself, occurred within the State. If so, then the legal wrong was committed here." *Id.* at 598, 590 S.E.2d at 482. Summary judgment must be granted where, as here, Plaintiffs "failed to show any actionable exposure in South Carolina." *See Henderson v. Allied Signal, Inc.*, 373 S.C. 179, 185, 644 S.E.2d 724, 727 (2007). Whether there is

15

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

"actionable exposure" is an inquiry that must be made for each defendant, and not on the case as a whole. *Id.* ("Due to the lack of evidence Mr. Henderson was exposed to the Respondents' asbestos containing products in South Carolina, we affirm the trial court's holding."). Thus, the inquiry here is whether Plaintiffs have proof of exposures within South Carolina which give rise to Plaintiffs' claims against Defendant. *See id.*; *Murphy*, 356 S.C. at 598, 590 S.E.2d at 482. As discussed below, Plaintiffs cannot meet the burden of showing actionable exposure in South Carolina to satisfy the *Henderson* standard. Thus, Plaintiffs' claims against Defendant are barred by South Carolina's Door Closing Statute and summary judgment is proper.

## IV. PLAINTIFFS CANNOT SATISFY THE "FREQUENCY, REGULARITY AND PROXIMITY" REQUIREMENT UNDER SOUTH CAROLINA LAW.

To establish liability in an asbestos case, the plaintiff must present "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann v. Pittsburg Corning, Corp.*, 782 F.2d 1156, 1162–63 (4th Cir. 1986). If the plaintiff does not present evidence showing the "frequency, regularity, and proximity" of exposure to a specific product manufactured by the defendant, summary judgment should be granted in favor of the defendant. *Henderson v. Allied Signal, Inc.,* 373 S.C. 179, 185, 644 S.E.2d 724, 727 (2007). There must be some evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to the plaintiff. *Id.* Proximate cause is determined by proving more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable. *Lohrmann,* 782 F.2d at 1163. One's mere "presence in the vicinity of static asbestos" does not constitute actionable exposure to asbestos. *Henderson*, 373 S.C. at 185, 644 S.E.2d at 727.

The basis of product liability law in this jurisdiction is that the plaintiff has the burden of proof in showing that he or she was exposed to a particular defendant's asbestos-containing

16

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

product.  *Ryan v. Eli Lilly & Co.*, 514 F. Supp. 1004, 1006 (D.S.C. 1981).  In the present case, Plaintiffs are unable to meet that burden.  As will be outlined further below, Plaintiffs simply do not have the requisite evidence to support the claims.

A.  **Plaintiffs Have Failed to Establish Defendant Proximately Caused Sarah Plant's Injury.**

Under South Carolina law, a "products liability case may be brought under several theories, including negligence, strict liability, and warranty." *Rife v. Hitachi Constr. Mach. Co.*, 363 S.C. 209, 609 S.E.2d 565, 568 (2005).  Regardless of the particular theory under which the plaintiff proceeds, he must establish "(1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Holst v. KCI Konecranes Int'l Corp.*, 390 S.C. 29, 699 S.E.2d 715, 719 (2010).  Plaintiffs must show more than mere speculation, but must also show that a particular product contained asbestos, that plaintiff breathed in that asbestos and that it caused disease and/or death. *See Pace v. Air & Liquid Systems Corp.*, 624 Fed. Appx. 244 (4th 2016).

Further a plaintiff's exposure to asbestos must be more than a casual or minimal exposure. Citing the *Lohrmann* decision, the Court in *Henderson* explained the standard as follows:

> To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.

*Henderson*, 373 S.C. at 185, 644 S.E.2d at 727.

Here, there is no testimony that Sarah Plant was exposed to asbestos-containing products attributable to Defendant.  The case law is clear, in order for a Defendant to be held liable, plaintiff

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

must prove exposure to a *specific* product on a *regular* basis. Plaintiffs are simply unable to do so in the present case.

Because Plaintiffs have failed to put forth any evidence to show that Sarah Plant was exposed to any product attributable to Defendant, Plaintiffs have failed to meet their burden. Here, even assuming that Plaintiffs are later able to present some evidence that a product attributable to Defendant was used by Sarah Plant, and that such product contained asbestos, that evidence would not be enough to withstand summary judgment because plaintiff "must prove more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable." *Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 716 (4th Cir. 1995). Thus, in order to meet the requirements of *Lohrmann*, Plaintiffs must present evidence of significant exposures. No such evidence has been proffered by the Plaintiffs in this case against Defendant.

As of the time specified for filing summary judgment motions in this case, there is no evidence establishing that asbestos was in or released from any product attributable to Defendant and which was inhaled by Sarah Plant. For the above stated reasons, Defendant is entitled to summary judgment as a matter of law.

**B.    There Is No Evidence to Establish Sarah Plant Was Exposed to Asbestos from Any Product Attributable to Defendant.**

Under the *Lohrmann* test, "[t]o support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann*, 782 F.2d 1156, 1162–63. The Supreme Court of South Carolina has adopted a standard that in order to support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over an extended period of time in proximity to where plaintiff actually worked. *Henderson*, 373 S.C. at

18

185, 644 S.E.2d at 727. In order to recover against Defendant, Plaintiffs must present some evidence that Sarah Plant was substantially exposed to asbestos from an asbestos-containing product for which Defendant is legally responsible. In this case, Plaintiffs cannot.

The evidence in this case does not pass the *Lohrmann* test. A complete review of the evidence submitted by Plaintiffs shows there is no evidence that would support a finding under the "frequency, regularity and proximity test." For the above reasons, Defendant is entitled to summary judgment as a matter of law.

## V. PLAINTIFFS' REMAINING CLAIMS FAIL AS A MATTER OF LAW.

### A. Post-Sale Duty to Warn

While the above arguments are sufficient to warrant summary judgment for Defendant as to all of Plaintiffs' claims, alternatively, specific claims should be dismissed for independent reasons.

South Carolina does not recognize a post-sale duty to warn or retrofit. *See Bragg, supra*; *Andrews v. CBS Corp.*, No. 2:13-CV-2055-RMG, 2015 WL 12831309, at *1 (D.S.C. June 24, 2015). In *Bragg*, the court stated that a product must be "measured against a standard existing at the time of sale or against reasonable customer expectations held at the time of sale." *Bragg*, 462 at 331. Even if it is assumed that Defendant sold products used by Sarah Plant, there is no evidence that any product for which Defendant is responsible, was defective at the time it left Defendant's control. Further, Defendant would have been under no duty to retrofit or warn of any dangers that were not present at the time of shipping. As such, any claims against Defendant based on a post-sale duty to warn must fail as a matter of law.

### B. Implied Warranty of Merchantability

19

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Plaintiffs seek damages based on alleged breach of implied warranty under S.C. Code Ann. § 36-2-314.  Section 36-2-314 states:

(1)     Unless excluded or modified (§ 36-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

(2)     Goods to be merchantable must be at least such as:

(a)     pass without objection in the trade under the contract description; and

(b)     in the case of fungible goods, are of fair average quality within the description; and

(c)     are fit for the ordinary purposes for which such goods are used; and

(d)     run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e)     are adequately contained, packaged, and labeled as the agreement may require.

(3)     Unless excluded or modified (§ 36-2-316), other implied warranties may arise from course of dealing or usage of trade.

In this case, Plaintiffs have failed to put forth evidence that a product attributable to Defendant was in a defective, unreasonably dangerous condition, or that it was in the same condition at the time of the alleged injury.  As a result, there is no genuine issue of material fact regarding Plaintiffs' claim for breach of implied warranty against Defendant and, as such, Defendant is entitled to summary judgment as a matter of law.

### C. Fraudulent Misrepresentation

The Court should dismiss Plaintiffs' cause of action for false or fraudulent misrepresentation. Rule 9(b) requires Plaintiffs to plead the circumstances constituting fraud with particularity. The Fourth Circuit held that the facts required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999), citing, 5 Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1297, at 590 (2d ed.1990). This is especially critical when a complaint asserts claims against multiple defendants.

Rule 9(b) has four purposes: 1) it ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; 2) to protect defendants from frivolous suits; 3) to eliminate fraud actions in which all the facts are learned after discovery; and 4) to protect defendant from harm to their goodwill and reputation. *Id.*

In order to plead a proper claim for fraudulent misrepresentation in South Carolina, a plaintiff must allege *with particularity*: (1) a representation; (2) falsity of representation; (3) materiality of representation; (4) the defendant's knowledge of the falsity of the representation or reckless disregard of its truth or falsity; (5) defendant's intent that the representation should be acted upon; (6) the hearer's ignorance of the falsity; (7) hearer's reliance on the truth of the representation; (8) hearer's right to so rely; and (9) the hearer's consequent and proximate injury to plaintiff.  *DeHart v. Dodge City of Spartanburg, Inc.*, 311 S.C. 135, 427 S.E.2d 720 (Ct. App. 1993); *M. B. Kahn Const. Co., Inc. v. South Carolina Nat. Bank of Charleston*, 275 S.C. 381, 271

WBD (US) 60166586v1

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

S.E.2d 414 (1980). Failure to properly plead any of these elements with particularity is fatal to Plaintiff's fraud claim. *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993).

More importantly, when a fraud claim involves multiple defendants, the complaint must also state with particularity each defendant's role in the alleged fraud. *Mincey v. World Savings Bank, FSB*, 614 F. Supp. 2d 610, 627 (D.S.C. 2008). Plaintiffs failed to identify with particularity any facts specific to any of the numerous Defendants. Plaintiffs have not pled or put forth any evidence that even begins to inform Defendant of its role in the alleged fraud, let alone allege, with particularity, any facts to support the elements required by South Carolina law.

In *Mincey*, the District Court dismissed a fraud claim under Rule 9(b), where the plaintiffs failed to allege fraud with particularity and simply "lumped all defendants together in a manner that is impermissible for purposes of Rule 9(b)." *See also*, *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994), quoting *Di Vittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987) ("where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud); *Goldstein v. Malcolm G. Fries & Assocs., Inc.*, 72 F. Supp. 2d 620, 627 (E.D. Va. 1999) ("A plaintiff may not group all wrongdoers together in a single set of allegations.")

Here, Plaintiffs simply lumped all Defendants together and restated the elements of a fraudulent misrepresentation claim without setting forth any particularized allegations against Defendant as required by Rule 9(b). Plaintiffs also have not produced any evidence to support this claim.

As discussed above, an action for fraudulent misrepresentation is predicated on a false statement. Plaintiffs have not produced any evidence to support this claim. Plaintiffs have no proof of what representations were allegedly made, when they occurred, how they occurred, how

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendant allegedly knew or recklessly disregarded the alleged falsity of the representations, how or when Sarah Plant relied on them, what basis she had to rely on them, or even how Defendant knew that any such representation was false. Therefore, Defendant is entitled to summary judgment on this claim.

### D. Strict Liability

A cause of action resting upon strict liability under South Carolina's strict liability statute does not exist where a product entering the stream of commerce prior to July 9, 1974, is alleged to have caused injury thereafter. *Schall v. Sturm, Ruger Co.*, 278 S.C. 646, 650, 300 S.E.2d 735, 737 (1983). South Carolina did not recognize strict liability until it adopted the strict liability statute on July 9, 1974. To bring a strict liability claim against Defendant, Plaintiffs must show that Sarah Plant was: (1) exposed to an asbestos-containing product; (2) manufactured by Defendant; and (3) that was placed in the stream of commerce after July 9, 1974. Here, Plaintiff has failed to do so. As discussed, there is no evidence in the record that Sarah Plant was exposed to any asbestos-containing product attributable to Defendant.

Without proof that Sarah Plant was exposed to asbestos from a product attributable to Defendant and said product was placed in the stream of commerce after July 9, 1974, Plaintiffs cannot establish a strict liability claim under South Carolina law. *Id.* Therefore, Defendant must be granted summary judgment on Plaintiffs' strict liability action.

### CONCLUSION

Defendant is entitled to summary judgment based on any one of three grounds: 1) the Court lacks personal jurisdiction over Defendant; 2) Plaintiffs' claims are barred by South Carolina's Door Closing Statute; and 3) Plaintiffs are unable to meet the burden to prove that Sarah Plant was exposed to asbestos from any product for which Defendant is alleged to be responsible. There is

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

no basis to establish that Defendant breached any duty owed to Plaintiffs, or that any acts or omissions by Defendant served as a proximate cause of Sarah Plant's alleged asbestos-related disease. For these reasons, Defendant respectfully requests that this Honorable Court enter an Order granting its Motion for Summary Judgment, and that all claims be dismissed.

Respectfully submitted this, the 13th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill (S.C. Bar No. 104013)
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Ph.: (704) 350-6310
Elizabeth.ONeill@wbd-us.com
WBD.SCAsbestos@wbd-us.com

*Counsel for Defendant IMI Fabi (USA) Inc.*

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA      )    IN THE COURT OF COMMON PLEAS

                    )

COUNTY OF RICHLAND            )    FOR THE FIFTH JUDICIAL CIRCUIT

SARAH J. PLANT and           )    C/A NO. 2022-CP-40-01265

PARKER PLANT               )

                    )

        Plaintiffs,      )

v.                       )

                    )

AVON PRODUCTS, INC., et al.    )

                    )

        Defendants.

## AFFIDAVIT OF PATRIZIA ZUPPINI IN SUPPORT OF SPECIALLY APPEARING DEFENDANT IMI FABI (USA), INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Patrizia Zuppini declare as follows:

1.     My name is Patrizia Zuppini. I am over the age of eighteen years old (18) and I am competent to give this Affidavit.

2.     I am the Vice President of IMI Fabi (USA), Inc. (hereinafter referred to as "Fabi USA"). I make the following statements based upon my own personal knowledge, and, if called as a witness, could and would testify competently to such facts under oath.

3.     Fabi USA is a Delaware corporation incorporated on January 26, 1999. Fabi USA is not qualified to transact business in any other jurisdiction. The sole business of Fabi USA is to hold all membership interest in IMI Fabi, LLC. Fabi USA has no business or operations, and it holds no other property or assets.

4.     Fabi USA has never had a registered agent in any state other than Delaware.

5.     Fabi USA has never owned or operated any manufacturing, sales, or distribution facilities in any state.

6.     Fabi USA has never had any employees.

7.     Fabi USA has never recruited any South Carolina residents, directly or through an intermediary located in the State of South Carolina, for employment inside or outside of the

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

State of South Carolina.

8.      Fabi USA has never had a mailing address, post office box, or bank account in South Carolina.

9.      Fabi USA has never owed or paid corporate taxes, sales taxes, or other taxes in South Carolina.

10.     Fabi USA has never had insurance policies which afford coverage of any kind for specific entities located in any state other than Delaware.

11.     Fabi USA has never invested any dollars in business operations in South Carolina.

12.     Fabi USA has never transacted any business in South Carolina.

13.     Fabi USA has never contracted to supply services or goods in any state.

14.     Fabi USA has never marketed or advertised its products in any state.

15.     Fabi USA has not received tax deductions as a result of contributions made to any organizations in the State of South Carolina.

16.     Fabi USA has never received any business incentives or tax credit from the State of South Carolina to conduct business in South Carolina.

17.     Fabi USA has never sold any product.

18.     Consequently, Fabi USA has never delivered any products to any state.

19.     Fabi USA has never appeared in a case in South Carolina, including but not limited to, any matrimonial actions or family court proceedings.

20.     Fabi USA has never had an interest in, using or possessing real property in the State of South Carolina.

21.     Fabi USA has never owned, used, possessed, or held a mortgage or other lien on any real property in the State of South Carolina.

22.     Fabi USA has never owned, leased, or operated any real property or any offices in any state.

23.     Fabi USA has never paid real estate tax to any municipality or town in any state.

24.     Fabi USA has never owned a motorized vehicle registered in any state and has

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

never paid any automobile excise tax to any municipality or town located in any state.

25.     Fabi USA has never owned a water vessel (boat) registered in any state and has never paid any boat excise tax to any municipality or town located in any state.

26.     Fabi USA has never acquired ownership, possession or control of any asset or thing of value present within the State of South Carolina.

27.     Fabi USA has had no contracts, by mail or otherwise, with any resident to be performed in any state.

28.     Fabi USA has never had any affiliates, subsidiaries or corporately related companies in the State of South Carolina.

29.     Fabi USA has never entered into any franchise agreements between it and any entities licensed to do business in any state.

30.     Fabi USA has never mined, milled, processed, tested, screened, analyzed, blended, supplied and/or distributed talc in any state.

31.     Fabi USA has never manufactured, sold, or distributed any products in any state.

32.     Fabi USA has never shipped any products to any state.

33.     Fabi USA has never operated, conducted, engaged in, or carried on a business or business venture in any state.

34.     Fabi USA has never had an office or agency in the State of South Carolina.

35.     Fabi USA has never committed a tortious act in whole or in part in the State of South Carolina.

36.     Fabi USA has never caused tortious injury or death to persons or property within the State of South Carolina arising out of an act or omission committed outside the State of South Carolina.

37.     Fabi USA has never engaged in solicitation or service activities within any state.

38.     Fabi USA has never entered into a contract or breached a contract in South Carolina or that is to be performed in whole or in part in the State of South Carolina.

39.     Fabi USA has never contracted to insure any person, property or risk located

3

ELECTRONICALLY FILED - 2023 Jan 13 2:38 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

within the State of South Carolina at the time of contracting.

40.     Fabi USA has never produced, manufactured, or distributed goods with the reasonable expectation that those goods are to be used or consumed in any state, and are so used or consumed.

I declare under penalty of perjury under the laws of the State of South Carolina that the foregoing is true and correct and that this declaration was executed on October 2𝟪, 2022 at __11:30am__ .

Patrizia Zuppini, Vice President of
IMI Fabi (USA), Inc.

STATE OF WEST VIRGINIA

COUNTY OF MARSHALL:

The foregoing instrument was acknowledged before me this __2𝟪__ day of October, 2022 by Patrizia Zuppini, Vice President of IMI Fabi (USA), Inc., on behalf of the said corporation.

Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MICHAEL ROTH
Johnson Boiler Works Inc.
53 Marshall Street
Benwood, West Virginia 26031
My Commission Expires Apr 07 2024

My Commission Expires: April 7, 2024

4

27646881v2

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
)
COUNTY OF RICHLAND       )    FOR THE FIFTH JUDICIAL CIRCUIT

SARAH J. PLANT and PARKER PLANT,    )
)    Civil Action No. 2022 CP 40 01265
Plaintiffs,    )
)
v.    )    **IMI FABI, LLC'S MOTION FOR**
)    **SUMMARY JUDGMENT**
AVON PRODUCTS, INC., et al.,    )
)
Defendants.    )
)

    Defendant IMI Fabi, LLC ("Defendant"), moves for an order granting summary judgment pursuant to Rule 56 of the South Carolina Rules of Civil Procedure on the grounds that there are no genuine issues of material fact and summary judgment is appropriate as a matter of law.

    Specifically, the Court lacks personal jurisdiction over Defendant.[1]  Further, Plaintiffs' claims are barred by South Carolina's Door Closing Statute.  In addition, Plaintiffs cannot meet the threshold requirements of actionable asbestos exposure identified in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162–63 (4th Cir. 1986), *Henderson v. Allied Signal*, 373 S.C. 179, 644 S.E.2d 724 (2007) and like cases, such that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

    This motion is also made on additional alternative grounds that there is no proof supporting particular individual causes of action, as described in the Memorandum of Law filed in support of this motion. Further, choice of law issues may exist in this case and Defendant submits this Motion without waiver of any rights to raise choice of law issues in the event that it becomes relevant.

---

[1] On May 13, 2022, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. On July 13, 2022, Defendant filed its Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction with supporting affidavit.  Defendant incorporates its prior Motion to Dismiss, supporting memorandum and affidavit herein in support of its current Motion for Summary Judgment.

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*See Rogers v. Lee,* 414 S.C. 225, 230, 777 S.E.2d 402, 405 (Ct. App. 2015); *Boone v. Boone,* 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001).  This motion is supported by the Affidavit of James Woods attached as Exhibit A.  This motion is further supported by the pleadings that have been filed in this action, discovery conducted or to be conducted in the future, depositions taken and yet to be taken in this case, the attached Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the South Carolina Rules of Civil Procedure, arguments of counsel, and applicable common and statutory law.

Respectfully submitted this, the 13th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill (S.C. Bar No. 104013)
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Ph.: (704) 350-6310
Elizabeth.ONeill@wbd-us.com
WBD.SCAsbestos@wbd-us.com

*Counsel for Defendant IMI Fabi, LLC*

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | | |
| SARAH J. PLANT and PARKER PLANT, | ) | |
| | ) | Civil Action No. 2022 CP 40 01265 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **IMI FABI, LLC'S MEMORANDUM OF** |
| | ) | **LAW IN SUPPORT OF MOTION FOR** |
| AVON PRODUCTS, INC., et al., | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant IMI Fabi, LLC ("Defendant" or "Fabi LLC"), pursuant to Rule 56 of the South Carolina Rules of Civil Procedure, respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment.

Defendant is entitled to judgment on all claims because: 1) the Court lacks personal jurisdiction over Defendant;[1] 2) Plaintiffs' claims are barred by South Carolina's Door Closing Statute; and 3) Plaintiffs do not have evidence that Sarah Plant was exposed to any product attributable to Defendant, let alone evidence of exposure to asbestos-containing products, with the "frequency, regularity and proximity" required by the South Carolina Supreme Court in *Henderson v. Allied Signal*, 373 S.C. 179, 644 S.E.2d 724 (2007), to establish causation. Alternatively, for the reasons detailed below, Defendant is entitled to summary judgment on specific claims.

---

[1] On May 13, 2022, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. On July 13, 2022, Defendant filed its Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction with supporting affidavit. Defendant incorporates its prior Motion to Dismiss, supporting memorandum and affidavit herein in support of its current Motion for Summary Judgment.

1

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## STATEMENT OF FACTS

Plaintiffs allege that Sarah Plant was diagnosed with mesothelioma from exposure to various asbestos-containing talc products. (First Amended Complaint (FAC) ¶ 1, 6, 24, 25) Plaintiffs' brought causes of action against Defendant for negligence, strict liability, breach of implied warranty of merchantability, fraudulent misrepresentation, and loss of consortium.

Mr. and Ms. Plant were deposed and did not testify to exposure to any alleged asbestos-containing product attributable to Defendant. The depositions of Ms. Plant's parents, Patrice and Eric Johnson, have also been taken and they did not testify to exposure to any alleged asbestos-containing product attributable to Defendant. There are no other relevant fact witness depositions taken in this case.  As such, there is no evidence that Sarah Plant was exposed to asbestos from a product allegedly attributable to Defendant at all, let alone on a regular, frequent and proximate basis.

Plaintiffs' First Amended Complaint alleges that Plaintiffs are currently residents of Tennessee and that Sarah Plant developed mesothelioma as the result of exposure to various asbestos-containing talc products in several states, including South Carolina. (FAC at ¶ 1, 6, 24, 25.) Plaintiffs do not assert that Fabi LLC is a South Carolina limited liability company or that its principal place of business was ever in South Carolina. (FAC at ¶ 53.) Rather, Plaintiffs assert generally that this Court has personal jurisdiction over all Defendants because Plaintiffs' claims arise from Defendants' conduct in (a) transacting business in the State, . . . (b) contracting to supply services or things in the State; (c) commission of a tortious act in whole or in part in this State; and (d) having an interest in, using, or possessing real property in this State.  Further, Plaintiffs allege generally that "all" defendants "purposefully availed themselves of the privilege of doing business

2

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

in this State" and engaged in "substantial and/or systematic business in South Carolina." (FAC at ¶ 2, 5)

Specifically, as to Fabi LLC, Plaintiffs list it as a "Product Defendant" and allege Ms. Plant was exposed to asbestos-containing talc "mined . . . processed . . . imported . . . supplied ... and or retailed" by Fabi LLC. Plaintiffs further allege that their claim against Fabi LLC arises out of Fabi LLC's "business activities" and Ms. Plant's exposure to Fabi LLC products in the State of South Carolina as well as other states. (FAC at ¶ 53)

However, as attested to in the Affidavit of James Woods ("Mr. Woods"), attached to Defendant's Motion for Summary Judgment as Exhibit A, these jurisdictional allegations as to Fabi LLC are unsupported by fact. Mr. Wood's Affidavit sets forth the following relevant facts on the issue of personal jurisdiction:

- Mr. Woods is Fabi LLC's manager. (Exhibit A at ¶ 2.)

- Neither Fabi LLC nor any of its predecessor entities were ever South Carolina limited liability companies or had their principal place of business in South Carolina. (Exhibit A at ¶¶ 3-5; *see also* FAC at ¶ 53.)

- Fabi LLC sells refined talc to the cosmetic, personal care, pharmaceutical, and food industries and sells industrial grade talc to be used in non-cosmetic applications. (Exhibit A at ¶ 6.)

- Fabi LLC has never been licensed to do business in South Carolina and has never had a registered agent in South Carolina. (Exhibit A at ¶¶ 7, 8.)

- Fabi LLC has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina; had any employees working or residing in South Carolina; had a mailing address, post office box, or bank account in South Carolina; had an interest in, used or

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

possessed real property in South Carolina; owned, used, possessed or held a mortgage or other lien on any real property in South Carolina; owned, leased or operated any real property or offices in South Carolina; acquired ownership, possession or control of any asset or thing of value present in South Carolina; entered into any franchise agreements between it and any entities licensed to do business in South Carolina; operated, conducted, engaged in, or carried on a business or business venture in South Carolina; or had an office or agency in South Carolina. (Exhibit A at ¶¶ 9, 10, 12, 25, 26, 27, 31, 34, 38, 39.)

- Fabi LLC has never mined, milled, processed, tested, screened, analyzed, and/or blended talc in South Carolina.  (Exhibit A at ¶ 36.)

- Until January 2020, Fabi LLC never contracted to supply any goods or services in the State of South Carolina. Until January 2020, Fabi LLC never marketed, advertised, sold, or delivered its industrial grade talc products in South Carolina. In fact, Fabi LLC has only sold industrial grade talc products for incorporation in the manufacture of plastic and rubber products to consumers in South Carolina. (Exhibit A at ¶¶ 17, 18, 19, .)

- Fabi LLC has never advertised, marketed, sold or shipped cosmetic grade talc in the State of South Carolina. Fabi LLC had no contracts to sell cosmetic grade talc, by mail or otherwise, with a South Carolina resident to be performed in the State of South Carolina. Fabi LLC has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold, or distributed in South Carolina. Fabi LLC never shipped any cosmetic grade talc products to the State of South Carolina. Fabi LLC has never produced, manufactured, or distributed cosmetic grade talc with the reasonable expectation that those goods are to be used or consumed in

4

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the State of South Carolina, and are so used or consumed. (Exhibit A at ¶¶ 20, 32, 35, 37, 42.)

- Until late 2018, all cosmetic grade talc products sold by Fabi LLC were delivered EXW or F.O.B. Origin, Freight Collect, West Virginia. In every instance, the Buyer made all of the arrangements for the shipment of the products off of Fabi LLC's premises. In every instance, possession of the product bought from Fabi LLC and the risk of loss in transit transferred from Fabi LLC to the Buyer at the Fabi LLC loading dock in West Virginia. In every instance, the Buyer paid for and bore the freight charges. In every instance, the Buyer, not Fabi LLC, filed claims (if any) if the product was damaged, destroyed, or lost in transit. (Exhibit A at ¶ 23.)

Accordingly, this Court lacks jurisdiction over Fabi LLC. Further, as detailed below, there is no evidence in the record to raise an issue of material fact that Sarah Plant was exposed to asbestos from any product attributable to Defendant.

## STANDARD OF REVIEW

In South Carolina, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shaw v. City of Charleston*, 351 S.C. 32, 567 S.E.2d 530 (2002). Under Rule 56(c) of the South Carolina Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn [therefrom] must be viewed in the light most favorable to the non-moving party." See *Shaw,* 351 S.C. at 38, 567, S.E.2d at 534. The burden is on the moving party to demonstrate the absence of

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

a genuine issue of material fact. *Baughman v. American Tel. & Tel Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991). An important distinction to make is that the moving party's burden is not to disprove the claims, but to instead show that the plaintiff has no evidence to support his claims. *Id*.

In order to avoid summary judgment, a non-moving party must demonstrate a genuine existence of triable issues on all essential elements of his case. See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A non-moving party must go beyond the pleadings, as "summary judgment should be granted when plain, palpable and undisputable facts exist on which reasonable minds cannot differ." *Nations Bank v. Scott Farm*, 320 S.C. 299, 302–03, 465 S.E.2d 98, 100 (1995).

In the present case, Plaintiffs have not produced sufficient evidence to establish jurisdiction or the elements necessary to pursue and prove the claims against Defendant. Therefore, Defendant is entitled to summary judgment.

## ARGUMENT

### I.    CHOICE OF LAW

Under South Carolina choice of law principles, the substantive law governing a tort action is determined by the state in which the injury occurred, commonly referred to as the *lex loci delicti* rule. *Rogers v. Lee*, 414 S.C. 225, 230, 777 S.E.2d 402, 405 (Ct. App. 2015); *Boone v. Boone*, 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001). South Carolina law provides that *lex loci delicti* is determined by the state in which the injury occurred, not where the results of the injury were felt or where the damages manifested themselves. *Rogers,* 414 S.C. at 231. In this case, the Court should apply the substantive law of the state where the exposure occurred. *See also, Bannister v. Hertz Corp.*, 316 S.C. 513, 450 S.E.2d 629 (Ct.App.1994)(applying North Carolina law); *Dawkins v. State*, 306 S.C. 391, 412 S.E.2d 407 (1991) (applying Georgia law); *Oshiek v. Oshiek*, 244 S.C.

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

249, 136 S.E.2d 303 (1964) (applying Georgia law); *Woolard v. Carrier Corp.*, No. 1:18CV410, 2020 WL 2572278, n.2 (M.D.N.C. May 21, 2020) (applying North Carolina law because the asbestos exposure occurred in North Carolina); *Cox v. AGCO Corp.*, No. 4:16-CV-00084-M, 2020 WL 3473636, at *4 (E.D.N.C. June 25, 2020) (same).

Plaintiffs allege exposure occurred in various states, although there is no evidence to date as to any exposure to a product attributable to Defendant. Plaintiffs have not put forth any evidence to show that Sarah Plant was exposed to any asbestos attributable to Defendant in South Carolina (or any other state). Accordingly, the law of other states may apply in this case and Defendant submits this motion without waiver of any rights to raise choice of law issues and expressly preserves its rights regarding the same.

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

This Court has neither general jurisdiction nor specific jurisdiction over Fabi, LLC. General jurisdiction does not exist as Fabi LLC is not a South Carolina corporation, does not have a principal place of business in South Carolina and has no enduring relationship with South Carolina. Without such facts, Fabi LLC is not "at home" in South Carolina and general jurisdiction does not exist.

In addition, there is no specific jurisdiction over Fabi LLC. Fabi LLC has only limited contact with South Carolina and such contact has no relation to this case or Plaintiffs' causes of action. This limited and unrelated contact is insufficient to establish the required "minimum contacts" with South Carolina to exercise personal jurisdiction. In addition, it would be neither reasonable nor fair to exercise jurisdiction considering Fabi LLC's limited contact with South Carolina has no relation to the allegations of wrongdoing in Plaintiff's Complaint.

## A.  Legal Standard

"The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005). "The party seeking to invoke personal jurisdiction over a non-resident defendant . . . bears the burden of establishing jurisdiction." *Power Prods. & Servs. Co., Inc. v. Kozma*, 379 S.C. 423, 430, 665 S.E.2d 660, 664 (Ct. App. 2008). At the pretrial stage, plaintiffs may meet their burden of proving personal jurisdiction over a nonresident defendant by a prima facie showing of jurisdiction either (1) in the complaint or (2) in affidavits. *See Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508; *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 150, 723 S.E.2d 835, 839 (Ct. App. 2012). However, a plaintiff must allege _specific facts_ to establish the contacts necessary to invoke either general or specific jurisdiction. *See Power Prods. & Servs. Co. Inc.*, 379 S.C. at 433–36, 665 S.E.2d at 665–67 (affirming trial court's dismissal based on lack of personal jurisdiction because plaintiff did not establish facts—either through the complaint or affidavits—to confer jurisdiction). Conclusory allegations will not suffice. *Id.* at 433–35, 665 S.E.2d at 665–66. Moreover, "[w]hen a motion to dismiss attacks the allegations of the complaint on the issue of jurisdiction, the court is not confined to the allegations of the complaint but may resort to affidavits or other evidence to determine jurisdiction." *Sullivan*, 397 S.C. at 150, 723 S.E.2d at 839 (quoting *Coggeshall v. Reprod. Endocrine Assocs. of Charlotte*, 376 S.C. 12, 16, 655 S.E.2d 476, 478 (2007)).

"Personal jurisdiction is exercised as either 'general jurisdiction' or 'specific jurisdiction.'" *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478. "General jurisdiction is the State's right to exercise personal jurisdiction over a defendant even though the suit does not arise out of or relate to the defendant's contacts with the forum . . . ; general jurisdiction is determined under S.C. Code Ann.

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

§36-2-802….” *Id*. “Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum . . . ; specific jurisdiction is determined under S.C. Code Ann. § 36-2-803….” *Id*. The exercise of personal jurisdiction under either statute must comport with due process requirements and must not offend traditional notions of fair play and substantial justice. *Id*. Due process requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state. *Id*.

Further, due process mandates that the defendant possess sufficient minimum contacts with the forum state, so that it could reasonably anticipate being haled into court there. *Cockrell*, 363, S.C. at 491-492, 611 S.E.2d at 508 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). Without minimum contacts, the Court does not have the "power" to adjudicate the action. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508. Finally, the Court must also find that the exercise of jurisdiction is "reasonable" or "fair." *Id*.

The Court must assess individually each defendant's contacts with South Carolina. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508 (citing *Rush v. Savchuk*, 444 U.S. 320 (1980)). The focus of the Court's analysis must center on the contacts generated by the defendant, not on the unilateral actions of some other entity. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508-509 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) (holding "unilateral activity of another party or a third person is not an appropriate consideration")). The foreseeability that is critical to due process analysis is not the mere likelihood that a product could find its way into the forum state. Rather, it is that the defendant's own conduct and connections with the forum state are such that he should reasonably anticipate being haled into court there. *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 509 (citing *World-Wide Volkswagen Corp*., 444 U.S. at 297).

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Here, the Court has neither general nor specific jurisdiction over Fabi LLC and, therefore, Fabi LLC is entitled to summary judgment.

**B.  Fabi LLC is Not Subject to General Jurisdiction in South Carolina.**

Fabi LLC is not a South Carolina limited liability company, its principal place of business was never in South Carolina, it is not domiciled in South Carolina and it does not have enduring, substantial, continuous or systematic contacts with South Carolina; therefore, it is not subject to general personal jurisdiction in this state.

A court may assert general jurisdiction over foreign corporations when their affiliations with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011)); *see also Coggeshall*, 376 S.C. 12, 16, 655 S.E.2d 476, 478; S.C. Code Ann. §36-2-802. Under S.C. Code Ann. §36-2-802, generally a "court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, doing business, or maintaining his or its principal place of business in, this State as to any cause of action."[2]    There is not precise formula to determine what constitutes "doing business" in the State, but S.C. Code Ann. §36-2-802 suggests that general jurisdiction is based upon "'an enduring relationship' with the state . . . [meaning] contacts that are substantial, continuous, and systematic." *Coggeshall v. Reprod. Endocrine Assocs.*, 376 S.C. 12, 17, (2007).

The U.S. Supreme Court explained that when the party is not domiciled in the State, general jurisdiction can only be found in the exceptional cases where the contacts are "'so substantial and of such a nature as to justify suit against [the respondents] on causes of action arising from dealings entirely different from those activities.'"   BNSF Ry v. Tyrrell, 137 S. Ct. 1549, 1558 (2017);

---

[2]

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*Cockrell*, 363 S.C. 485, 495, 611 S.E.2d at 510 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)).  An example of such an "exceptional case" is the United States Supreme Court holding in *Perkins v. Benguet Consol. Min. Co*., 342 U.S. 437 (1952). In *Perkins* the defendant, a foreign mining company forced to flee the Philippines during World War II, operated entirely from Ohio for several years. The company's president and principal stockholder relocated to Ohio and set up an office, where he maintained corporate files, carried on the company's correspondence, issued checks on behalf of the company, employed two corporate secretaries, maintained bank accounts, purchased company equipment, and held director's meetings for the duration of the company's exile. Under these circumstances, where Ohio became the business' *de facto* operating headquarters, the Court found general jurisdiction proper.

    None of these facts are present here. Fabi LLC's contact with South Carolina does not suggest that general jurisdiction exists over it in South Carolina. It is undisputed that Fabi LLC is not a South Carolina limited liability company and its principal place of business has never been in South Carolina. It likewise has no "enduring" relationship with South Carolina. *See Cockrell*, 363 S.C. at 495, 611 S.E.2d at 510.  Fabi LLC's contacts with South Carolina are minimal at best as it has never had any employees or physical presence in the state, paid taxes in South Carolina, never sought a license to do  business in South Carolina. *See* Exhibit A.  Such facts show that any contact Fabi LLC had with South Carolina was minimal rather than substantial, continuous or systematic.    Accordingly, Fabi LLC is not subject to general personal jurisdiction in South Carolina.

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

### C.  Fabi LLC is not Subject to Specific Personal Jurisdiction in South Carolina.

Plaintiffs allegations in this case revolves around Sarah Plant's use of cosmetic and art clay products that contain talc.  (FAC at ¶¶ 1, 6, 24, 25).  Fabi LLC has never advertised, marketed, nor sold cosmetic grade talc in South Carolina.  Exhibit A ¶ 19.  There is likewise no evidence that Fabi LLC ever sold talc for use in art clay products.  No act by Fabi LLC in South Carolina relates to any of the allegations made by Plaintiffs in this case.  As a result, Fabi LLC is not subject to specific jurisdiction because it does not have sufficient minimum contacts with South Carolina that relate to cosmetic talc or talc used in art clay.   In addition, it would not be "fair" or "reasonable" to subject Fabi LLC to the jurisdiction of the Court in South Carolina.

The determination of whether a court may exercise personal jurisdiction over a nonresident defendant has traditionally involved a two-step analysis; first, the court must determine if the long-arm statute applies, and second, the court must determine whether the nonresident's contacts with this State are sufficient to satisfy due process requirements. *Power Prods. & Servs. Co., Inc*., 379 S.C. at 431, 665 S.E.2d at 664. "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell*, 363 S.C. at 491, 611 S.E.2d at 508 (citing *Moosally v. W.W. Norton & Co*., 358 S.C. 320, 329, 594 S.E.2d 878, 883 (Ct. App. 2004)); *See also Power Prods. & Servs. Co., Inc*., 379 S.C. at 431, 665 S.E.2d at 664; *State v. NV Sumatra Tobacco Trading, Co*., 379 S.C. 81, 89, 666 S.E.2d 218, 222 (2008).

### 1.  Fabi LLC does not have "sufficient minimum contacts" with South Carolina to establish specific jurisdiction

Due process requires that there exist sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice" and that the defendant can "reasonably anticipate being haled into court in the forum."

12

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*E.g., Cockrell*, 363 S.C. at 491-492, 611 S.E.2d at 508 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Atlantic Soft Drink Co. v. South Carolina Nat'l Bank*, 287 S.C. 228, 336 S.E.2d 876 (1985)).   Establishing minimum contacts requires a showing that the defendant (1) directed its activities to a resident of South Carolina and (2) that the Plaintiffs' claims arise out of or relate to those activities.  *S. Plastics Co*., 310 S.C. at 260, 423 S.E.2d at 131; *Coggeshall*, 376 S.C. at 16, 655 S.E.2d at 478 ("Specific jurisdiction is the State's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum"); *See also Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *World-Wide Volkswagen Corp*., 444 U.S. at 296-297; *Hanson v. Denckla*, 257 U.S. 235, 251, 253 (1958).  The requirement that the plaintiff's cause of action arise out of the defendant's actions within the state for specific jurisdiction to exist is codified in South Carolina's long-arm statute. S.C. Code Ann. § 36-2-803(A) ("A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action *arising from the person's*: (1) transacting any business in this State…").

In *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty*., 137 S. Ct. 1773 (2017) the United States Supreme Court examined the requirement that plaintiff's claims arise out of the defendant's contacts with the forum for personal jurisdiction to exist.  At issue in *Bristol-Myers Squibb* was whether a California state court could exercise personal jurisdiction over nearly 600 non-resident plaintiffs' state-law based tort claims against Bristol Myers Squibb Company ("BMS").  *Bristol-Myers Squibb Co*., 137 S. Ct. at 1777.  The Court noted BMS, a Delaware corporation with its principal place of business in New York, had a significant amount of business in California, including research and laboratory facilities employing approximately

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

160 people, a sales operation consisting of 250 employees, and a small advocacy office in Sacramento. *Id*. at 1777-78.  While nearly 187 million Plavix pills (the drug plaintiffs alleged caused their harm) were sold in California, the nonresident plaintiffs did not allege they were prescribed or purchased Plavix in California or that they were injured by Plavix or treated for their injuries in California.  *Id*.  Examining whether the California courts exercise of personal jurisdiction was proper, the Court reiterated the distinction between general and specific jurisdiction:

> A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State.  But only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State.  Specific jurisdiction is very different.  In order for a state court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the *forum*.  In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.

*Id*. at 1780 (internal citations and quotations omitted) (emphasis in original).  The Court went on to note that "settled principles" mandate that where no affiliation or connection exists between the defendant's contacts with the forum and the underlying claims "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id*. at 1781 (citing *Goodyear Dunlop Tires Operations, S.A*., 564 U.S. at 919; 931; n. 6.) ("[R]egularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").  The Supreme Court reversed the California Court's holding and specifically rejected its "sliding scale approach," holding that:

14

> [T]he California Supreme Court's "sliding scale approach" is difficult to square with our precedents. Under the California approach, the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims. Our cases provide no support for this approach, which resembles a loose and spurious form of general jurisdiction. For specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, "[a] corporation's 'continuous activity of some sorts within a state ... is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.

*Id*. at 1781 (citing *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 927). The Court further stated that BMS's activities in California which were unrelated to the plaintiffs' claims, such as sales of other products and research unrelated to Plavix, were not only insufficient to establish jurisdiction, but were not even relevant to the discussion. *Id*. at 1781.

In this case, Plaintiffs have not shown that Fabi LLC has sufficient minimum contacts with South Carolina for the exercise of jurisdiction to satisfy due process because their cause of action does not arise out of or relate to Fabi LLC's sales of industrial talc in the State. Plaintiffs allege Ms. Plant was exposed to asbestos-containing cosmetic and body talc products through her and her family's personal use and to asbestos-containing art clay from her participation in art classes. (FAC ¶ 6.) Plaintiffs go on to list multiple "powder products," "makeup products," and "ceramic products" which they claim contained asbestos and which they claim Ms. Plant used on a regular basis. (FAC ¶¶ 7-15.) Plaintiffs do not allege, however, any direct or take-home exposure since from talc at plants that manufacture plastic or rubber products; their pleadings are devoid of any claim or allegation that Ms. Plant worked in any such plants, had family members who worked in any such plants, or set forth any other way Ms. Plant could have been exposed to Fabi LLC's industrial talc. Simply stated, there is no connection between Fabi LLC's activity in South Carolina (sales of industrial talc to plants that manufacture plastic and rubber products) and Ms.

15

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Plant's claimed exposure to asbestos-containing cosmetics and clay. Consequently, none of Ms. Plant's alleged exposures "arise out of" Fabi LLC's sales of industrial talc within the State, and the exercise of personal jurisdiction over it would be improper.

### 2. Fabi LLC's sale of cosmetic talc in West Virginia has no relationship to South Carolina and does not establish specific jurisdiction

Fabi LLC's sale of refined or "cosmetic grade" talc in West Virginia is insufficient to establish jurisdiction over it in South Carolina. The Supreme Court of South Carolina has consistently held the focus of the minimum contacts analysis must be on each defendant's own actions, not the "unilateral actions of some other entity." *Cockrell*, 363 S.C. at 492, 611 S.E.2d at 508–09 ("The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there"); *S. Plastics Co*., 310 S.C. at 261, 423 S.E.2d at 131 ("[T]he defendant's activities directed to a resident of this State must be its own and not the unilateral activities of some other entity."). Likewise, the United States Supreme Court has held the defendant's actions, not those of downstream manufacturers, are determinative in a minimum contacts analysis. *E.g., Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty*., 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L. Ed. 2d 92 (1987) ("The substantial connection… for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.") (internal quotations and citations omitted) (emphasis in original).

As attested in Mr. Woods' affidavit, Fabi LLC never advertised, marketed, sold or shipped cosmetic grade talc to South Carolina. Exhibit A at ¶ 19. Fabi LLC had no contracts to sell

16

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

cosmetic grade talc, by mail or otherwise, with a South Carolina resident to be performed in South Carolina. Exhibit A at ¶ 32. Fabi LLC has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold, or distributed in South Carolina. Exhibit A at ¶ 35. Fabi LLC has never shipped any cosmetic grade talc products to South Carolina. Exhibit A at ¶ 37. Fabi LLC has never produced, manufactured, or distributed cosmetic grade talc with the reasonable expectation that those goods were to be used or consumed in South Carolina, which were so used or consumed. Exhibit A at ¶ 44. Furthermore, all cosmetic talc sold by Fabi LLC until late 2018 was delivered EXW or F.O.B. Origin, Freight Collect, West Virginia. Exhibit A at ¶ 22. The buyer made all shipping arrangements, bore all shipping costs, took possession of the product, and assumed all risk of loss at Fabi LLC's loading dock in West Virginia. *Id*.

Even assuming, *arguendo*, that Fabi LLC's cosmetic talc was later used by another unrelated entity or entities as an ingredient in a final product that later was allegedly sold in South Carolina, specific jurisdiction does not exist where the unilateral actions of a third party, rather than those of Fabi LLC, caused the talc to be incorporated into a final product that may have ended up in South Carolina. *See Cockrell*, 365 S.C. at 492, 611 S.E.2d at 508-09.

The Supreme Court of South Carolina examined the "stream of commerce" theory of personal jurisdiction in *State v. NV Sumatra Tobacco Trading, Co*., 379 S.C. 81, 666 S.E.2d 218 (2008). The Court held that Sumatra, a foreign tobacco company who sold its products in the United States through a distributor, had sufficient minimum contacts and was, therefore, subject to personal jurisdiction in South Carolina because it: (1) admitted to manufacturing United brand cigarettes; (2) admitted it owned the United States trademark for that brand; (3) sold 6,868,000 United brand cigarettes in South Carolina in 2001; (4) filed an ingredient report for the United

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

brand cigarettes; (5) admitted it packaged its cigarettes in packs and cartons bearing the United States-required health warnings; and (6) the United brand packaging identified the cigarettes as an "American blend," had a Surgeon General's warning, and showed an eagle and striped packaging. *NV Sumatra Tobacco Trading, Co*., 379 S.C. at 90, 666 S.E.2d at 223. Based on these facts, the Court held that even though Sumatra used an independent distributor it had "purposely availed itself of conducting business in all 50 states, including South Carolina" and that minimum contacts with South Carolina existed regardless of how the products arrived in the State. *Id*. The facts presented in the instant case are readily distinguished. Unlike the facts presented in *Sumatra*, Fabi LLC did not manufacture or sell a final product that was allegedly sold in South Carolina and Fabi LLC had no control over the manufacture or distribution of the final product. The final product did not allegedly arrive in South Carolina through any efforts of Fabi LLC. *See Cockrell*, 365 S.C. at 494, 611 S.E.2d at 510. In addition, the concern present in *Sumatra* that a company located outside the United States could avoid suit in every state is not applicable here because Fabi LLC would be subject to jurisdiction in West Virginia.

Subsequent to the *Sumatra* holding, the United States Supreme Court examined the stream of commerce theory and, in a plurality opinion authored by Justice Kennedy, held that "[a] defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882, 131 S. Ct. 2780, 2788, 180 L. Ed. 2d 765 (2011). Justice Bryer, in his concurring opinion, found jurisdiction lacking where there was no "regular flow or regular course of business in [the forum state]; and there is no "something more," such as a special state-related design, advertising, advice, marketing, or anything else" and the defendant had not "purposefully avail[ed]

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

itself of the privilege of conducting activities within [the forum state], or that it delivered its goods in the stream of commerce with the expectation that they will be purchased by [forum state] users." *Id*. at 889 (Bryer, J. concurring) (internal citations and quotations omitted). The concurrence further stated disagreement with the concept that a party could be subject to jurisdiction in a products liability case "so long as it knows or reasonably should know that its products are distributed through a nationwide distribution system that *might* lead to those products being sold in any of the fifty states." *Id*. at 891 (Bryer, J. concurring) (internal citations and quotations omitted) (emphasis in original).

Applying the *J. McIntyre* Court's analysis to the facts here, it is readily apparent Fabi LLC's lacks sufficient minimum contacts with South Carolina. Fabi LLC cannot be said to have "targeted" South Carolina where it never marketed, advertised, sold, or shipped any products to the State and did not engage a distributor to do so on its behalf. Fabi LLC did not sell products with any intention or expectation that they would eventually be purchased by residents of South Carolina. Moreover, whether some other entity may have used Fabi LLC's cosmetic grade talc as an ingredient in a product that was eventually sold in South Carolina is irrelevant in determining whether Fabi LLC has minimum contacts with the State; the proper inquiry must focus solely on whether Fabi LLC directed its activities to residents of South Carolina. The facts here unequivocally show it did not. Absent a specific connection between Plaintiffs' claims, Fabi LLC's alleged conduct, and the State of South Carolina, there can be no specific jurisdiction.

Because Plaintiffs have not, and cannot, show that Fabi LLC has minimum contacts with South Carolina necessary for the exercise of personal jurisdiction to meet the requirements of due process, their claims against Fabi LLC must be dismissed.

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**3.   The exercise of jurisdiction over Fabi LLC would be neither reasonable nor fair**

When deciding whether specific jurisdiction exists, the Court must consider whether the exercise of jurisdiction over the party would be "reasonable" or "fair."  *State v. NV Sumatra Tobacco Trading Co.*, 379 S.C. 81, 91 (2008) (citations omitted).  Such considerations include

> (1) the duration of the activity of the nonresident within the state; (2) the character and circumstances of the commission of the nonresident's acts; (3) the inconvenience resulting to the parties by considering or refusing to confer jurisdiction over the nonresident; and (4) the State's interest in exercising jurisdiction.

*Id*.  In this case, none of the fairness factors suggest it is reasonable to impose jurisdiction on Fabi LLC.

As mentioned above, Fabi LLC's contact with South Carolina is extremely limited and does not relate to any facts of this case.  In particular, Fabi LLC did not ever sell, advertise or market cosmetic grade talc in South Carolina and there is no indication that Fabi LLC ever sold talc for use in art clay in South Carolina.  Exhibit at ¶ 19.  Fabi LLC's contacts certainly cannot be properly characterized as having a long duration or otherwise of a character of circumstance that the exercise of jurisdiction would be either foreseeable, fair or reasonable.

In addition, the Complaint in this case indicates that Plaintiffs are not citizens or domiciled in South Carolina and Fabi LLC is likewise not domiciled in South Carolina. (FAC at ¶ 24; Exhibit A at ¶¶ 3-5.)  The exercise of jurisdiction over Fabi, LLC will be inconvenient as it has no operations, employees, documents or other information related to this case in South Carolina and it will be forced to defend a case in a jurisdiction where it has no presence or facts that bind it to South Carolina.  Plaintiffs share this inconvenience.  They are domiciled in Tennessee.  The suggestion that South Carolina is somehow more convenient is a dubious argument at best when they are not even residents of the State.

20

3:23-cv-00691-JFA     Date Filed 02/21/23     Entry Number 1-1     Page 728 of 815

Lastly, South Carolina has minimal interest in the exercise of jurisdiction. South Carolina jurors and this Court will be required to expend time and resources to resolve a conflict between residents of foreign states for activities that happened largely outside of South Carolina. It is much more reasonable to have jurors and courts that are more centered around this litigation hear this case.

Overall, both fairness and reasonableness suggest that the exercise of jurisdiction over Fabi LLC would be inappropriate in this case.

## III.  PLAINTIFFS' CLAIMS ARE BARRED BY SOUTH CAROLINA'S DOOR CLOSING STATUTE.

All of Plaintiffs' causes of action against Defendant are barred by South Carolina's Door Closing Statute, which provides that:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
>
> (1) By any resident of this State for any cause of action; or
> (2) By a plaintiff not a resident of this State when the cause of action shall have arisen, or the subject of the action shall be situated within this State.

S.C. Code § 15-5-150.

The Door Closing Statute broadly applies to any "action" brought in a South Carolina circuit court against an out-of-state corporation and, therefore, applies to all of Plaintiffs' claims. *Id*. Summary judgment should be granted on all claims because: (1) Defendant is incorporated outside of South Carolina; (2) Plaintiffs are not residents of South Carolina, and (3) Plaintiffs have not produced any evidence that Sarah Plant was injured by any asbestos-containing product attributable to Defendant in South Carolina. Plaintiffs concede the first two points in the Complaint.  (FAC ¶¶ 24, 53)

21

WBD (US) 60162628v2

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

As to the third point, Subsection (2) of the Door Closing Statute provides that an out-of-state corporation may be sued in a circuit court by a non-resident plaintiff only when "the cause of action shall have arisen or the subject of the action shall be situated within the State." S.C. Code §15-5-150 (2). The South Carolina Supreme Court has explained that the statute is intended to allow resolution of wrongs connected with South Carolina "while avoiding the resolution of wrongs in which the State has little interest" and to encourage foreign corporation activity in the State "without subjecting them to actions unrelated to their activity within the State." *Murphy v. Owens-Corning Fiberglas Corp.*, 356 S.C. 592, 597, 590 S.E.2d 479, 481 (2003) (quoting *Farmer v. Monsanto Corp.*, 353 S.C. 553, 558, 579 S.E.2d 325, 328 (2003)).

When analyzing subsection (2) of the Door-Closing Statute in an alleged exposure case, "the proper inquiry is whether the foreign corporation's activities that allegedly exposed the victim to the injurious substance, and the exposure itself, occurred within the State. If so, then the legal wrong was committed here." *Id.* at 598, 590 S.E.2d at 482. Summary judgment must be granted where, as here, Plaintiffs "failed to show any actionable exposure in South Carolina." *See Henderson v. Allied Signal, Inc.*, 373 S.C. 179, 185, 644 S.E.2d 724, 727 (2007). Whether there is "actionable exposure" is an inquiry that must be made for each defendant, and not on the case as a whole. *Id.* ("Due to the lack of evidence Mr. Henderson was exposed to the Respondents' asbestos containing products in South Carolina, we affirm the trial court's holding."). Thus, the inquiry here is whether Plaintiffs have proof of exposures within South Carolina which give rise to Plaintiffs' claims against Defendant. *See id.*; *Murphy*, 356 S.C. at 598, 590 S.E.2d at 482. As discussed below, Plaintiffs cannot meet the burden of showing actionable exposure in South Carolina to satisfy the *Henderson* standard. Thus, Plaintiffs' claims against Defendant are barred by South Carolina's Door Closing Statute and summary judgment is proper.

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## IV.    PLAINTIFFS CANNOT SATISFY THE "FREQUENCY, REGULARITY AND PROXIMITY" REQUIREMENT UNDER SOUTH CAROLINA LAW.

To establish liability in an asbestos case, the plaintiff must present "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann v. Pittsburg Corning, Corp.*, 782 F.2d 1156, 1162–63 (4th Cir. 1986). If the plaintiff does not present evidence showing the "frequency, regularity, and proximity" of exposure to a specific product manufactured by the defendant, summary judgment should be granted in favor of the defendant. *Henderson v. Allied Signal, Inc.,* 373 S.C. 179, 185, 644 S.E.2d 724, 727 (2007). There must be some evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to the plaintiff. *Id.* Proximate cause is determined by proving more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable. *Lohrmann,* 782 F.2d at 1163. One's mere "presence in the vicinity of static asbestos" does not constitute actionable exposure to asbestos. *Henderson*, 373 S.C. at 185, 644 S.E.2d at 727.

The basis of product liability law in this jurisdiction is that the plaintiff has the burden of proof in showing that he or she was exposed to a particular defendant's asbestos-containing product. *Ryan v. Eli Lilly & Co.*, 514 F. Supp. 1004, 1006 (D.S.C. 1981). In the present case, Plaintiffs are unable to meet that burden. As will be outlined further below, Plaintiffs simply do not have the requisite evidence to support the claims.

### A.  Plaintiffs Have Failed to Establish Defendant Proximately Caused Sarah Plant's Injury.

Under South Carolina law, a "products liability case may be brought under several theories, including negligence, strict liability, and warranty." *Rife v. Hitachi Constr. Mach. Co.*, 363 S.C. 209, 609 S.E.2d 565, 568 (2005). Regardless of the particular theory under which the plaintiff

23

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

proceeds, he must establish "(1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Holst v. KCI Konecranes Int'l Corp.*, 390 S.C. 29, 699 S.E.2d 715, 719 (2010). Plaintiffs must show more than mere speculation, but must also show that a particular product contained asbestos, that plaintiff breathed in that asbestos and that it caused disease and/or death. *See Pace v. Air & Liquid Systems Corp.*, 624 Fed. Appx. 244 (4th 2016).

Further a plaintiff's exposure to asbestos must be more than a casual or minimal exposure. Citing the *Lohrmann* decision, the Court in *Henderson* explained the standard as follows:

> To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.

*Henderson*, 373 S.C. at 185, 644 S.E.2d at 727.

Here, there is no testimony that Sarah Plant was exposed to asbestos-containing products attributable to Defendant. The case law is clear, in order for a Defendant to be held liable, plaintiff must prove exposure to a *specific* product on a *regular* basis. Plaintiffs are simply unable to do so in the present case.

Because Plaintiffs have failed to put forth any evidence to show that Sarah Plant was exposed to any product attributable to Defendant, Plaintiffs have failed to meet their burden. Here, even assuming that Plaintiffs are later able to present some evidence that a product attributable to Defendant was used by Sarah Plant, and that such product contained asbestos, that evidence would not be enough to withstand summary judgment because plaintiff "must prove more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable." *Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 716 (4th Cir. 1995). Thus,

24

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

in order to meet the requirements of *Lohrmann*, Plaintiffs must present evidence of significant exposures.  No such evidence has been proffered by the Plaintiffs in this case against Defendant.

As of the time specified for filing summary judgment motions in this case, there is no evidence establishing that asbestos was in or released from any product attributable to Defendant and which was inhaled by Sarah Plant. For the above stated reasons, Defendant is entitled to summary judgment as a matter of law.

**B.     There Is No Evidence to Establish Sarah Plant Was Exposed to Asbestos from Any Product Attributable to Defendant.**

Under the *Lohrmann* test, "[t]o support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann*, 782 F.2d 1156, 1162–63.  The Supreme Court of South Carolina has adopted a standard that in order to support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over an extended period of time in proximity to where plaintiff actually worked.  *Henderson*, 373 S.C. at 185, 644 S.E.2d at 727.   In order to recover against Defendant, Plaintiffs must present some evidence that Sarah Plant was substantially exposed to asbestos from an asbestos-containing product for which Defendant is legally responsible.  In this case, Plaintiffs cannot.

The evidence in this case does not pass the *Lohrmann* test.  A complete review of the evidence submitted by Plaintiffs shows there is no evidence that would support a finding under the "frequency, regularity and proximity test."   For the above reasons, Defendant is entitled to summary judgment as a matter of law.

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

## V.  PLAINTIFFS' REMAINING CLAIMS FAIL AS A MATTER OF LAW.

### A.  Post-Sale Duty to Warn

While the above arguments are sufficient to warrant summary judgment for Defendant as to all of Plaintiffs' claims, alternatively, specific claims should be dismissed for independent reasons.

South Carolina does not recognize a post-sale duty to warn or retrofit.  *See Bragg, supra*; *Andrews v. CBS Corp.*, No. 2:13-CV-2055-RMG, 2015 WL 12831309, at *1 (D.S.C. June 24, 2015).  In *Bragg*, the court stated that a product must be "measured against a standard existing at the time of sale or against reasonable customer expectations held at the time of sale." *Bragg*, 462 at 331.  Even if it is assumed that Defendant sold products used by Sarah Plant, there is no evidence that any product for which Defendant is responsible, was defective at the time it left Defendant's control.  Further, Defendant would have been under no duty to retrofit or warn of any dangers that were not present at the time of shipping.  As such, any claims against Defendant based on a post-sale duty to warn must fail as a matter of law.

### B.  Implied Warranty of Merchantability

Plaintiffs seek damages based on alleged breach of implied warranty under S.C. Code Ann. § 36-2-314.  Section 36-2-314 states:

(1)     Unless excluded or modified (§ 36-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

26

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(2)     Goods to be merchantable must be at least such as:

(a)     pass without objection in the trade under the contract description; and

(b)     in the case of fungible goods, are of fair average quality within the description; and

(c)     are fit for the ordinary purposes for which such goods are used; and

(d)     run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e)     are adequately contained, packaged, and labeled as the agreement may require.

(3)     Unless excluded or modified (§ 36-2-316), other implied warranties may arise from course of dealing or usage of trade.

In this case, Plaintiffs have failed to put forth evidence that a product attributable to Defendant was in a defective, unreasonably dangerous condition, or that it was in the same condition at the time of the alleged injury.  As a result, there is no genuine issue of material fact regarding Plaintiffs' claim for breach of implied warranty against Defendant and, as such, Defendant is entitled to summary judgment as a matter of law.

## C.  Fraudulent Misrepresentation

The Court should dismiss Plaintiffs' cause of action for false or fraudulent misrepresentation. Rule 9(b) requires Plaintiffs to plead the circumstances constituting fraud with particularity. The Fourth Circuit held that the facts required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999), citing, 5 Charles Alan Wright and Arthur

27

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1297, at 590 (2d ed.1990). This is especially critical when a complaint asserts claims against multiple defendants.

Rule 9(b) has four purposes: 1) it ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; 2) to protect defendants from frivolous suits; 3) to eliminate fraud actions in which all the facts are learned after discovery; and 4) to protect defendant from harm to their goodwill and reputation. *Id.*

In order to plead a proper claim for fraudulent misrepresentation in South Carolina, a plaintiff must allege *with particularity*: (1) a representation; (2) falsity of representation; (3) materiality of representation; (4) the defendant's knowledge of the falsity of the representation or reckless disregard of its truth or falsity; (5) defendant's intent that the representation should be acted upon; (6) the hearer's ignorance of the falsity; (7) hearer's reliance on the truth of the representation; (8) hearer's right to so rely; and (9) the hearer's consequent and proximate injury to plaintiff. *DeHart v. Dodge City of Spartanburg, Inc.*, 311 S.C. 135, 427 S.E.2d 720 (Ct. App. 1993); *M. B. Kahn Const. Co., Inc. v. South Carolina Nat. Bank of Charleston*, 275 S.C. 381, 271 S.E.2d 414 (1980). Failure to properly plead any of these elements with particularity is fatal to Plaintiff's fraud claim. *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993).

More importantly, when a fraud claim involves multiple defendants, the complaint must also state with particularity each defendant's role in the alleged fraud. *Mincey v. World Savings Bank, FSB*, 614 F. Supp. 2d 610, 627 (D.S.C. 2008). Plaintiffs failed to identify with particularity any facts specific to any of the numerous Defendants. Plaintiffs have not pled or put forth any evidence that even begins to inform Defendant of its role in the alleged fraud, let alone allege, with particularity, any facts to support the elements required by South Carolina law.

28

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In *Mincey,* the District Court dismissed a fraud claim under Rule 9(b), where the plaintiffs failed to allege fraud with particularity and simply "lumped all defendants together in a manner that is impermissible for purposes of Rule 9(b)." *See also*, *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 778 (7th Cir. 1994), quoting *Di Vittorio v. Equidyne Extractive Indus.,* 822 F.2d 1242, 1247 (2d Cir. 1987) ("where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud); *Goldstein v. Malcolm G. Fries & Assocs., Inc.,* 72 F. Supp. 2d 620, 627 (E.D. Va. 1999) ("A plaintiff may not group all wrongdoers together in a single set of allegations.")

Here, Plaintiffs simply lumped all Defendants together and restated the elements of a fraudulent misrepresentation claim without setting forth any particularized allegations against Defendant as required by Rule 9(b). Plaintiffs also have not produced any evidence to support this claim.

As discussed above, an action for fraudulent misrepresentation is predicated on a false statement. Plaintiffs have not produced any evidence to support this claim. Plaintiffs have no proof of what representations were allegedly made, when they occurred, how they occurred, how Defendant allegedly knew or recklessly disregarded the alleged falsity of the representations, how or when Sarah Plant relied on them, what basis she had to rely on them, or even how Defendant knew that any such representation was false. Therefore, Defendant is entitled to summary judgment on this claim.

### D.  Strict Liability

A cause of action resting upon strict liability under South Carolina's strict liability statute does not exist where a product entering the stream of commerce prior to July 9, 1974, is alleged to have caused injury thereafter. *Schall v. Sturm, Ruger Co.*, 278 S.C. 646, 650, 300 S.E.2d 735, 737

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(1983). South Carolina did not recognize strict liability until it adopted the strict liability statute on July 9, 1974. To bring a strict liability claim against Defendant, Plaintiffs must show that Sarah Plant was: (1) exposed to an asbestos-containing product; (2) manufactured by Defendant; and (3) that was placed in the stream of commerce after July 9, 1974. Here, Plaintiff has failed to do so. As discussed, there is no evidence in the record that Sarah Plant was exposed to any asbestos-containing product attributable to Defendant.

Without proof that Sarah Plant was exposed to asbestos from a product attributable to Defendant and said product was placed in the stream of commerce after July 9, 1974, Plaintiffs cannot establish a strict liability claim under South Carolina law. *Id.* Therefore, Defendant must be granted summary judgment on Plaintiffs' strict liability action.

## CONCLUSION

Defendant is entitled to summary judgment based on any one of three grounds: 1) the Court lacks personal jurisdiction over Defendant; 2) Plaintiffs' claims are barred by South Carolina's Door Closing Statute; and 3) Plaintiffs are unable to meet the burden to prove that Sarah Plant was exposed to asbestos from any product for which Defendant is alleged to be responsible. There is no basis to establish that Defendant breached any duty owed to Plaintiffs, or that any acts or omissions by Defendant served as a proximate cause of Sarah Plant's alleged asbestos-related disease. For these reasons, Defendant respectfully requests that this Honorable Court enter an Order granting its Motion for Summary Judgment, and that all claims be dismissed.

WBD (US) 60162628v2

Respectfully submitted this, the 13th day of January, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

s/ M. Elizabeth O'Neill
M. Elizabeth O'Neill (S.C. Bar No. 104013)
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Ph.: (704) 350-6310
Elizabeth.ONeill@wbd-us.com
WBD.SCAsbestos@wbd-us.com

*Counsel for Defendant IMI Fabi, LLC*

31

WBD (US) 60162628v2

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                           )
COUNTY OF RICHLAND         )    FOR THE FIFTH JUDICIAL CIRCUIT
                           )
SARAH J. PLANT and         )    C/A NO. 2022-CP-40-01265
PARKER PLANT               )
                           )
        Plaintiffs,        )
                           )
v.                         )
                           )
AVON PRODUCTS, INC., et al. )
                           )
        Defendants.

## AFFIDAVIT OF JAMES WOODS IN SUPPORT OF SPECIALLY APPEARING DEFENDANT IMI FABI, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, James Woods, declare as follows:

1.      My name is James Woods. I am over the age of eighteen years old (18) and I am competent to give this Affidavit.

2.      I am the Manager of IMI Fabi, LLC (hereinafter referred to as "Fabi LLC"). I make the following statements based upon my own personal knowledge, and, if called as a witness, could and would testify competently to such facts under oath.

3.      On December 18, 1997, Zemex Fabi Benwood, LLC, a North Carolina limited liability company, was created.

4.      On April 4, 2001, Zemex Fabi Benwood LLC changed its name to IMI Fabi, LLC by Amendment to its Articles of Organization.

5.      On January 1, 2020, a new IMI Fabi, LLC was established in West Virginia. IMI Fabi LLC, a North Carolina limited liability company, and was merged with and into IMI Fabi, LLC, a West Virginia limited liability company.

6.      Fabi LLC sells refined talc to the cosmetic, personal care, pharmaceutical, food industry, and industrial grade talc to be used in non-cosmetic applications.

7.      Fabi LLC has never been licensed to do business in any state other than North

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Carolina and West Virginia.

8.      Fabi LLC has never had a registered agent in any state other than North Carolina and West Virginia.

9.      Fabi LLC has never owned or operated any manufacturing, sales, or distribution facilities in South Carolina.

10.      Fabi LLC has never had any employees working or residing in South Carolina.

11.      Fabi LLC has never recruited any South Carolina residents, directly or through an intermediary located in the State of South Carolina, for employment inside or outside of the State of South Carolina.

12.      Fabi LLC has never had a mailing address, post office box, or bank account in South Carolina.

13.      Fabi LLC has never owed or paid corporate taxes in South Carolina.

14.      Fabi LLC has never had insurance policies which afford coverage of any kind for specific entities located in South Carolina.

15.      Fabi LLC has never paid sales tax to South Carolina.

16.      Fabi LLC has never invested any dollars in business operations in South Carolina.

17.      Until January 1, 2020, Fabi LLC never contracted to supply services or goods in the State of South Carolina.

18.      Until January 1, 2020, Fabi LLC never marketed or advertised its cosmetic grade talc products in the State of South Carolina.

19.      Neither before January 1, 2020 nor after January 1, 2020 has Fabi LLC advertised, marketed nor sold cosmetic grade talc in the State of South Carolina.

20.      Fabi LLC has not received tax deductions as a result of contributions made to any organizations in the State of South Carolina.

21.      Fabi LLC has never received any business incentives or tax credit from the State of South Carolina to conduct business in South Carolina.

22.      Until late 2018, all cosmetic grade talc products sold by Fabi LLC were delivered

2

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

EXW or F.O.B. Origin, Freight Collect, West Virginia. In every instance, the Buyer made all of the arrangements for the shipment of the products off of Fabi LLC's premises. In every instance, possession of the product bought from Fabi LLC and the risk of loss in transit transferred from Fabi LLC to the Buyer at the Fabi LLC loading dock in West Virginia. In every instance, the Buyer paid for and bore the freight charges. In every instance, the Buyer, not Fabi LLC, filed claims (if any) if the product was damaged, destroyed, or lost in transit.

23.      Consequently, until late 2018, Fabi LLC never delivered any cosmetic grade talc products to the State of South Carolina.

24.      Fabi LLC has never appeared in a case in South Carolina, including but not limited to, any matrimonial actions or family court proceedings.

25.      Fabi LLC has never had an interest in, using or possessing real property in the State of South Carolina.

26.      Fabi LLC has never owned, used, possessed, or held a mortgage or other lien on any real property in the State of South Carolina.

27.      Fabi LLC has never owned, leased, or operated any real property or any offices in South Carolina.

28.      Fabi LLC has never paid real estate tax to any municipality or town in South Carolina.

29.      Fabi LLC has never owned a motorized vehicle registered in South Carolina and has never paid any automobile excise tax to any municipality or town located in South Carolina.

30.      Fabi LLC has never owned a water vessel (boat) registered in South Carolina and has never paid any boat excise tax to any municipality or town located in South Carolina.

31.      Fabi LLC has never acquired ownership, possession or control of any asset or thing of value present within the State of South Carolina.

32.      Fabi LLC had no contracts to sell cosmetic grade talc, by mail or otherwise, with a South Carolina resident to be performed in the State of South Carolina.

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

33.     Fabi LLC has never had any subsidiaries or corporately related companies in the State of South Carolina, or elsewhere.

34.     Fabi LLC has never entered into any franchise agreements between it and any entities licensed to do business in South Carolina.

35.     Fabi LLC has never had actual or constructive knowledge that its products would be used in whole or in part as an ingredient in a cosmetic product manufactured, sold or distributed in South Carolina.

36.     Fabi LLC has never mined, milled, processed, tested, screened, analyzed, and/or blended talc in South Carolina.

37.     Fabi LLC has never manufactured, sold, or distributed any cosmetic grade talc products in the State of South Carolina.

38.     Fabi LLC never shipped any cosmetic grade talc products to the State of South Carolina.

39.     Fabi LLC has sold only industrial grade talc products for incorporation in the manufacture of plastic and rubber products to customers in South Carolina.

40.     Fabi LLC has never operated, conducted, engaged in, or carried on a business or business venture in the State of South Carolina.

41.     Fabi LLC has never had an office or agency in the State of South Carolina.

42.     Fabi LLC has never committed a tortious act in whole or in part in the State of South Carolina.

43.     Fabi LLC has never caused tortious injury or death to persons or property within the State of South Carolina arising out of an act or omission committed outside the State of South Carolina.

44.     Fabi LLC has never produced, manufactured, or distributed cosmetic grade talc with the reasonable expectation that those goods are to be used or consumed in the State of Carolina, and are so used or consumed.

4

I declare under penalty of perjury under the laws of the State of South Carolina that the foregoing is true and correct and that this declaration was executed on June 27, 2022 at West Virginia.

_____

James Woods, Manager of Fabi, LLC

SWORN TO AND SUBSCRIBED BEFORE ME,
ON THIS THE 27 DAY OF JUNE, 2022.

_____
NOTARY PUBLIC

PRINT NAME: _Michael Roth_

BAR/NOTARY NUMBER: _____

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MICHAEL ROTH
Johnson Boiler Works Inc.
53 Marshall Street
Benwood, West Virginia 26031
My Commission Expires Apr 07 2024

5

27492337v1

ELECTRONICALLY FILED - 2023 Jan 13 2:32 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| SARAH J. PLANT and PARKER PLANT, | ) | CASE NO. 2022CP4001265 |
| | ) | |
| Plaintiffs, | ) | **RITE AID OF SOUTH CAROLINA, INC.'S** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| v. | ) | |
| | ) | |
| AVON PRODUCTS, INC., ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

TO: COUNSEL OF RECORD

Defendant Rite Aid of South Carolina, Inc. ("Rite Aid"), by and through its undersigned counsel, hereby moves for summary judgment and dismissal with prejudice of all causes of action in the Amended Complaint asserted against Rite Aid, with prejudice, pursuant to Rule 56 of the South Carolina Rules of Civil Procedure, on the ground that there is no evidence sufficient to create a genuine issue of material fact and to prove the elements of any of the causes of action asserted against Rite Aid, and Rite Aid is entitled to judgment as a matter of law.

Rite Aid files herewith a memorandum in support of this motion.

DEFENDANT SO MOVES.

{Signature Page Follows}

Respectfully submitted,

BARNWELL WHALEY PATTERSON & HELMS, LLC

By: *s/ R. Scott Wallinger, Jr.*
    R. Scott Wallinger, Jr., Esq. (S.C. Bar No.: 64851)
    Barbara J. Wagner, Esq. (S.C. Bar No.: 76307)
    P.O. Drawer H (29402)
    211 King Street, Suite 300
    Charleston, SC 29401
    O: (843) 577-7700
    F: (843) 577-7708
    E: swallinger@barnwell-whaley.com
    E: bwagner@barnwell-whaley.com
    **COUNSEL FOR RITE AID**
    **OF SOUTH CAROLINA, INC.**

January 16, 2023

Charleston, South Carolina

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| SARAH J. PLANT and PARKER PLANT, | ) | CASE NO. 2022CP4001265 |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **RITE AID OF SOUTH CAROLINA, INC.'S** |
| v. | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| AVON PRODUCTS, INC., ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Plaintiffs' Amended Complaint alleges that approximately fifty-three Defendants, including Rite Aid of South Carolina, Inc. ("Rite Aid"), through various alleged separate and/or combined actions, exposed Plaintiff Sarah Plant to asbestos and that such exposure caused her to contract mesothelioma. Plaintiff Sarah Plant claims these exposures occurred, among other places, in South Carolina. Plaintiff Parker Plant, her spouse, asserts a claim for loss of consortium. Plaintiffs seek actual and punitive damages.

Rite Aid has denied liability. Rite Aid now moves for summary judgment and for dismissal with prejudice of the causes of action against it in the Amended Complaint, on the grounds that there is not evidence proving the requisite elements of any cause of action.

## RELEVANT FACTS

Rite Aid is a South Carolina domestic corporation, formed in 1977. *See* Exhibit A, Deposition of Susan Lowell, vol. 1, 41:20-22.[1] Rite Aid does not operate Rite Aid branded stores

---

[1] Although Plaintiffs have noticed the 30(b)(6) deposition of Rite Aid of South Carolina Inc. in the instant action, those depositions have not convened yet. Nevertheless, Susan Lowell and Jonathan Penny, as designees of Rite Aid, testified as Rite Aid's 30(b)(6) representatives in an ancillary case (Case No. 2022-CP-40-01281), in which

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

in South Carolina now.  *See id.* at 47:19-21; *see also* Exhibit B, Deposition of Jonathan Penny, vol. 2, 153:20-154:7.  Rite Aid at certain times operated "Rite Aid Pharmacy" branded stores (including pharmacies) in various places in South Carolina, which sold prescription and non-prescription retail products.  Rite Aid has never operated a store outside of South Carolina; other corporate entities would have operated any Rite Aid Pharmacy store outside South Carolina. *See* Exhibit A at 50:17-51:5. Furthermore, at times in South Carolina, companies other than Rite Aid operated Rite Aid Pharmacy stores. *See, e.g.*, *id.* at 46:9-18.  Rite Aid historically operated around 106 Rite Aid Pharmacy stores in South Carolina between 1977 and 1997.   Rite Aid sold all of those stores around 1997.

Plaintiffs have offered no physical or documentary evidence or testimony that (a) Sarah Plant purchased, or others in her family purchased, (b) a particular retail product (c) sold at any known Rite Aid-operated store, (d) containing talc, (e) containing asbestos, (f) that Sarah Plant was exposed to the asbestos and (g) such exposure caused or was a substantial cause of Sarah Plant contracting mesothelioma.

Plaintiff Sarah Plant grew up in Tennessee, and she lives there now.  She occasionally vacationed in coastal South Carolina as a child and adult.  She lived in Utah and Kentucky as a young adult and student.  After she married Parker Plant, they lived in the Spartanburg, South Carolina from 2013 to approximately 2017.

Plaintiff Sarah Plant testified in her deposition that she had no knowledge of obtaining any type of cosmetic product or powder product containing talc from a Rite Aid Pharmacy in South

---

plaintiff's counsel is the same as in the instant case.   The deposition topics noticed of Rite Aid in the instant case are very similar to those in Case No. 2022-CP-40-01281, and it is expected that Ms. Lowell and Mr. Penny as designees will testify consistently on those issues in the instant case.  If they are deposed before Rite Aid's motion is heard in this matter, Rite Aid will supplement the record with that testimony.  Rite Aid will not reference Case No. 2022-CP-40-01281, or any evidence or information in that case, at any trial of the instant case.

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Carolina. *See* Exhibit C, Deposition of Sarah Plant, vol. 3, 644:1-7. She testified similarly as for her time living in Tennessee. *See id.* at 644:12-16. She testified similarly as for her time living in Kentucky and in Utah. *See id.* at 644:17-21. She testified similarly as to any Rite Aid Pharmacy anywhere else. *See id.* at 644:22-645:10.

Plaintiff Parker Plant testified in his deposition that after he and Sarah married, they moved to Spartanburg, South Carolina, around 2013 and lived there four years. *See* Exhibit D, Deposition of Parker Plant, at 13:12-14:1. He said Sarah "probably" shopped at a Rite Aid Pharmacy, among several other retail chain stores, but Mr. Plant could recall. *See id.* at 22:20-25. He has no knowledge of any purchase by anyone of talcum powder products or cosmetic products from the Rite Aid Pharmacy in Spartanburg. *See id.* at 101:16-102:11. He does not know what products Sarah may have been purchased from a Rite Aid Pharmacy. *See id.* at 102:21-24.

Plaintiff's mother, Patrice Johnson, said their family occasionally took vacation trips, in unspecified years, to the Litchfield Beach area, and shopped at various stores nearby. Ms. Johnson could not say for sure if she ever shopped at a Rite Aid Pharmacy. *See* Exhibit E, Deposition of Patrice Johnson, at 178:22-179:1. Johnson said they would occasionally stop in Columbia, South Carolina on the way to or from the coast and stay with friends. She did not recall if they shopped at a Rite Aid Pharmacy in that area, and said she would be speculating. *See id.* at 180:11-17. She indicated if she bought any product at any Rite Aid Pharmacy, she does not know what it was. *See id.* at 181:14-24. Interestingly, during final re-direct examination, Ms. Johnson contradicted that earlier testimony and stated she recalled shopping at a Rite Aid Pharmacy down near Litchfield (*see id.* at 311:3-9.); and that it was "very likely" she had shopped at a Rite Aid Pharmacy in South Carolina for body and baby powder. *See id.* at 312:3-10.

There has been no expert testimony given relating to any product allegedly sold by Rite

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Aid as being used by Ms. Plant, or by others around Ms. Plant, or a cause of Ms. Plant's illness.

Rite Aid expects to give, as requested by Plaintiff, a 30(b)(6) deposition before this motion is ruled upon. Rite Aid asserts such deposition, as has been given in another South Carolina case with the same plaintiff's counsel, will have no effect on the Court's assessment of this motion.

DISCUSSION

Summary judgment is appropriate when there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP.

There is no evidence or testimony proving the elements of any of the causes of action asserted against Rite Aid, therefore there are no genuine issues of material fact to be decided by a jury at trial, and Rite Aid is entitled to summary judgment as a matter of law.

Here, since Plaintiff alleges that over fifty different defendants exposed Plaintiff to asbestos, and Plaintiff has offered no expert opinion on any product sold or delivered by Rite Aid having been a factor or a "substantial factor" in her development of the disease, Plaintiff cannot meet her burden against Rite Aid.   *See Edwards v. Scapa Waycross, Inc.,* 878 S.E.2d 696 (Ct. App. 2002).

In determining whether exposure is actionable, our Supreme Court has adopted the "frequency, regularity, and proximity" test set forth in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156 (4th Cir. 1986).  *See Henderson v. Allied Signal, Inc.*, 373 S.C. 179 (2007).  "To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked."  *Id.* at 185 (quoting *Lohrmann,* 782 F.2d at 1162).  To the extent the "frequency, regularity, and proximity" test applies to the claims asserted against Rite Aid, as a retailer, Rite Aid also asserts that there is no evidence to show that Rite Aid,

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

or any product if sold by it to Plaintiffs, was a substantial factor in causing any illness or damages to Plaintiffs.  There is no proof of exposure to a specific product, on a regular basis, over some extended period of time.  *See id.*; *Lohrmann*, 782 F.2d at 1162-1163.

Plaintiff Sarah Plant asserts a cause of action against Rite Aid for Product Liability: Negligence.   In order to find liability under any products liability theory, the plaintiff must show: (1) Ms. Plant was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) that the product at the time of the accident was in essentially the same condition as when it left the hands of the defendant. Under a negligence theory, the plaintiff bears the additional burden of demonstrating Rite Aid (the purported seller) failed to exercise due care in some respect, and, unlike strict liability, the focus is on the conduct of the seller or manufacturer, and liability is determined according to fault. The reasonableness of the manufacturer's conduct in view of the foreseeable risk of injury is at issue in a negligence case. *See Bragg v. Hi-Ranger, Inc.,* 319 S.C. 531, 539, 462 S.E.2d 321, 326 (S.C. Ct. App. 1995); *Branham v. Ford Motor Co.,* 390 S.C. 203, 701 S.E.2d 5 (2010).     There is no evidence or testimony sufficient to prove the elements of this cause of action.   Indeed, Plaintiff has not proven Rite Aid sold her (or anyone else related to or around her) a product, what the product was, that it was defective, or that it caused Ms. Plant injury.

Plaintiffs assert a cause of action for Strict Product Liability pursuant to S.C. Code Ann. Section 15-73-10, which provides:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if
>
> > (a) The seller is engaged in the business of selling such a product, and
> >
> > (b) It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(2) The rule stated in subsection (1) shall apply although

> (a) The seller has exercised all possible care in the preparation and sale of his product, and

> (b) The user or consumer has not bought the product from or entered into any contractual relation with the seller.

S.C. Code Ann. § 15-73-10.

The plaintiff also must show: (1) she was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) the product at the time of the accident was in essentially the same condition as when it left the hands of the defendant. *See Holland ex rel. Knox v. Morbark, Inc.,* 407 S.C. 227, 238, 754 S.E.2d 714, 720–21 (Ct. App. 2014).

Plaintiff cannot prove the elements of this cause of action. Indeed, Plaintiff has not proven Rite Aid sold her (or anyone else related to or around her) a product, what the product was, that it was defective, or that it caused Ms. Plant injury.

Plaintiff asserts a cause of action for Negligence *Per Se*. Plaintiff alleges that "Defendants violated federal and state regulations relating to asbestos exposure." Pl.'s Am. Compl. ¶ 125. In order to show that a defendant owes a plaintiff a duty of care arising from a statute, the plaintiff must show two things: (1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that the plaintiff is a member of the class of persons the statute is intended to protect. If the plaintiff makes this showing, she has proven the first element of a claim for negligence: viz., that the defendant owes her a duty of care. If she then shows that the defendant violated the statute, she has proven the second element of a negligence cause of action: viz., that the defendant, by act or omission, failed to exercise due care. This constitutes proof of negligence *per se. See Whitlaw v. Kroger Co.*, 306 S.C. 51, 53, 410

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

S.E.2d 251, 252 (1991); *Kennedy v. Griffin*, 358 S.C. 122, 595 S.E.2d 248 (Ct. App. 2004) ("'Negligence per se' is established by proof that a party violated a statute which has the essential purpose of protecting persons such as the injured party from the kind of harm suffered.").

Plaintiff would be required to show that the statute created a duty to plaintiff, and that defendant breached that duty by violating the statute. Only then would the plaintiff have established negligence *per se.* Plaintiff must then show the causal connection between defendant's negligence and plaintiff's injury before plaintiff is entitled to damages. *See Whitlaw*, 306 S.C. at 54, 410 S.E.2d at 253.    Here, there is no sufficient allegation of the alleged laws allegedly protecting Plaintiff , that the law was violated, nor that it caused injury to Plaintiff.

Plaintiff alleges a cause of action for Product Liability: Breach of Implied Warranties pursuant to S.C. Code Ann. Section 36-2-314, which provides:

(1) Unless excluded or modified (§ 36-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require.

(3) Unless excluded or modified (§ 36-2-316) other implied warranties may arise from course of dealing or usage of trade.

S.C. Code Ann. § 36-2-314.

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

A plaintiff must show that (1) a merchant sold goods; (2) the goods were not "merchantable" at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller. *See Grubbs v. Wal-Mart Stores, Inc.,* 514 F. Supp. 3d 820 (D.S.C. 2021).     Here, there is no evidence of a sale of goods by Rite Aid, what the goods were, that the goods were not merchantable, or that Plaintiff was injured from use of or exposure to the goods.

Plaintiff asserts a cause of action for Fraudulent Misrepresentation.    A claim of fraudulent misrepresentation requires establishing the following elements: (1) a representation; (2) the falsity of the representation; (3) the materiality of the representation; (4) knowledge of its falsity, or reckless disregard for its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of the falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *See First Union Mortg. Corp. v. Thomas,* 317 S.C. 63, 71, 451 S.E.2d 907, 912 (Ct. App. 1994); *Ardis v. Cox*, 314 S.C. 512, 431 S.E.2d 267 (Ct. App. 1993); *Moye v. Wilson Motors, Inc.*, 254 S.C. 471, 176 S.E.2d 147 (1970). Ordinarily, to be actionable as a fraudulent misrepresentation, a statement must relate to a present or preexisting fact, and cannot be predicated on unfulfilled promises or statements as to future events; however, where one promises to do a certain thing, having at the time no intention of keeping his agreement, it is a fraudulent misrepresentation of a fact, and actionable as such. *See Turner v. Milliman*, 392 S.C. 116, 708 S.E.2d 766 (2011). To be actionable, the representation must relate to a present or pre-existing fact and be false when made. *See id.* at 124, 708 S.E.2d at 770.; *see also Hansen v. DHL Lab'ys, Inc.*, 316 S.C. 505, 450 S.E.2d 624 (Ct. App. 1994), *cert. granted, decision aff'd,* 319 S.C. 79, 459 S.E.2d 850 (1995). An action for damages based

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

upon fraudulent misrepresentation, even constructive fraud, will not exist in the absence of damages occasioned by the fraud. *See Woods v. State*, 314 S.C. 501, 507, 431 S.E.2d 260, 264 (Ct. App. 1993). Here there is no evidence proving any of the elements of this cause of action.

Plaintiff asserts a cause of action for Fraudulent Misrepresentation and Conspiracy/Concert Action. A plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff. *See Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021), *reh'g denied* (Aug. 18, 2021). There is no evidence supporting the elements of this cause of action.

Plaintiff Parker Plant asserts a cause of action for Loss of Consortium. In order to prevail in an action for loss of consortium, a plaintiff must prove the defendant's liability for the spouse's injuries, as well as damages to the plaintiff resulting from the spouse's injury. *See Creighton v. Coligny Plaza Ltd. P'ship,* 334 S.C. 96, 512 S.E.2d 510 (Ct. App. 1998). As discussed hereinabove, Plaintiff Sarah Plant's causes of action all fail for lack of proof of the elements of each. As such Plaintiff Parker Plant's cause of action likewise fails.

CONCLUSION

For the foregoing reasons, Rite Aid of South Carolina, Inc. respectfully requests that the Court grant it summary judgment and dismiss all causes of action against it, with prejudice.

{Signature Page Follows}

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Respectfully submitted,

BARNWELL WHALEY PATTERSON & HELMS, LLC

By: *s/ R. Scott Wallinger, Jr.*
    R. Scott Wallinger, Jr., Esq. (S.C. Bar No.: 64851)
    Barbara J. Wagner, Esq. (S.C. Bar No.: 76307)
    P.O. Drawer H (29402)
    211 King Street, Suite 300
    Charleston, SC 29401
    O: (843) 577-7700
    F: (843) 577-7708
    E: swallinger@barnwell-whaley.com
    E: bwagner@barnwell-whaley.com
    **COUNSEL FOR RITE AID**
    **OF SOUTH CAROLINA, INC.**

January 16, 2023

Charleston, South Carolina

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

# EXHIBIT A

**Rite Aid of South Carolina (Susan Lowell)**
**November 01, 2022**

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

```
            IN  THE  STATE  OF  SOUTH  CAROLINA

IN  THE  COURT  OF  COMMON  PLEAS,  COUNTY  OF  RICHLAND

         FOR  THE  FIFTH  JUDICIAL  CIRCUIT

--------------------------------------------------

KELLY  PAYNE  CLARK  and  SHANNON  PAYNE  LANCASTER,
as  Co-Executors  of  the  Estate  of  SHELBY  LINVILLE
PAYNE,  Deceased

         Plaintiffs,

vs.                       C.A.  No.  2022-CP-40-01281

3M  COMPANY,  et  al.,

         Defendants.

--------------------------------------------------

                 VOLUME  I

         30(b)(6)  DEPOSITION  TESTIMONY  OF

    RITE  AID  OF  SOUTH  CAROLINA,  INCORPORATED

        TAKEN  THROUGH  ITS  REPRESENTATIVE

              SUSAN  C.  LOWELL

       ON  TUESDAY,  NOVEMBER  1,  2022

        ELIZABETHTOWN,  PENNSYLVANIA

                *    *    *
```



**GPS LLC**
**gpscalendar@gps.llc ~ 214.347.4781**

**Rite Aid of South Carolina (Susan Lowell)**
**November 01, 2022**

**Page 41**

```
1    benefit management, so it's like your, um,

2    insurance for prescriptions.

3         Q.    Um-huh.  And does that cover

4    nationally, or is that only in a -- in certain

5    geographic regions?

6         A.    They're more geographic regions.

7    It's a smaller company.  It's similar to say

8    a -- um, you know, a CVS Caremark or Express

9    Scripts, that kind of company but much smaller

10   scale.

11        Q.    Now, when did -- um, well, let me ask

12   this:  Did Rite Aid create, um, Rite Aid of

13   South Carolina, Inc.?

14        A.    Uh, in the 1970s is my recollection.

15        Q.    Do you know a specific date?

16        A.    I can look it up if you'd like me to.

17        Q.    Yeah.

18        A.    Okay.

19        Q.    What's the date of incorporation?

20        A.    So Rite Aid of South Carolina, Inc.

21   is the name of company.  It was formed November

22   4th, 1977.

23        Q.    I'm sorry.  The first part blipped

24   out.  I got '77.

25             Could you repeat the date?
```



**GPS LLC**
gpscalendar@gps.llc ~ 214.347.4781

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**Rite Aid of South Carolina (Susan Lowell)**
**November 01, 2022**

1  BY MR. HOLDER:

2      Q.    And is there -- what is the current

3  legal subsidiary of Rite Aid that would hold

4  liability for these former Brooks and Eckerd

5  drugstores that were operating under the banner

6  of Rite Aid in South Carolina after 2007?

7      A.    It would be Eckerd Corporation --

8            MR. WALLINGER:  Objection --

9            THE WITNESS:  Oh, sorry.

10 BY MR. HOLDER:

11     Q.    Go ahead.

12           MR. WALLINGER:  Sorry.  I just

13 objected to the form.

14           Please answer his question.

15           THE WITNESS:  Eckerd Corporation and

16 EDC Drugstores, Inc.

17 BY MR. HOLDER:

18     Q.    And that's still the same case today?

19     A.    Those legal entities still exist.  We

20 sold all of our South Carolina stores to

21 Walgreens in 2018.

22     Q.    Okay.  Now, um, did -- I apologize if

23 you answered this.

24           Did -- did you make any effort, um,

25 to -- okay.  I think you did answer this.


ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Rite Aid of South Carolina (Susan Lowell)
November 01, 2022

Page 50

1        A.    I didn't go and look.  I do have

2   awareness of other legal entities that operate

3   in those states.  I don't know how many stores

4   or what cities they're in, but I can generally

5   -- I have information as to what legal entities

6   operate there.

7        Q.    Do you know when Rite Aid began, um,

8   opening or operating stores in Charlotte, North

9   Carolina?

10        A.    In Charlotte?  No, I do not.

11        Q.    Okay.  Do you know that Charlotte's

12   the biggest city in North Carolina?

13             It's on the border with South

14   Carolina?

15        A.    That sounds correct.

16        Q.    Okay.  Besides, um, knowing -- well,

17   let me ask this:  What's the legal entity that

18   you know that has operated, um, Rite Aid stores

19   in North Carolina?

20        A.    What entity?

21             Is that your question?

22        Q.    You said you knew a legal -- the

23   legal entity that operated store -- Rite Aid

24   stores in North Carolina, so I'm just asking you

25   what it is.



**Rite Aid of South Carolina (Susan Lowell)**
**November 01, 2022**

Page 51

```
 1        A.    Oh.  There are a few.

 2        Q.    Okay.

 3        A.    Rite Aid of North Carolina, Inc.;

 4   Eckerd Corporation; EDC Drugstores, Inc.; I

 5   believe Genovese as well.  Um --

 6        Q.    What was that last one?

 7        A.    Hang on.  I just want to say it

 8   correctly.  It's Genovese.

 9        Q.    G-e-n-e-v-e-s?

10        A.    Give me one second.  I'm pulling it

11   up.

12        Q.    All right.

13        A.    G-e-n-o-v-e-s-e Drugstores, Inc.

14        Q.    Okay.  Do you know if Genovese

15   operates any Rite Aid drugstores or has operated

16   any Rite Aid drugstores in South Carolina?

17        A.     No.  I believe they only operate in

18   North Carolina.

19        Q.    Do you know when, um, any of these --

20   well, let me ask:  Eckerd Corp. and EDC only

21   began operating Rite Aid stores in North

22   Carolina in 2007 and beyond; is that correct?

23        A.     We acquired Eckerd, EDC, and Genovese

24   in June of 2007.  They -- those stores would

25   have been opened when we acquired them.  I don't
```



ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Rite Aid of South Carolina (Susan Lowell)
November 01, 2022

Page 46

```
1        Q.      So is there a comprehensive listing
2   of every, um, Rite Aid store that was operated
3   in South Carolina, um, that you reviewed as part
4   of this -- as part of your preparation?
5        A.      As part of my preparation, I only
6   focused on the Rite Aid of South Carolina store
7   list.  I did not look at the Eckerd and EDC
8   drugstore -- drugstores.
9        Q.      Do you consider those stores to be
10  Rite Aids, um, being operated in South Carolina?
11       A.      So their banners were changed to the
12  Rite Aid, um, logo.  We just didn't -- you know,
13  but they were still operated under the separate
14  legal entities.
15       Q.      So what did the store sign say, like,
16  from a customer's perspective?
17       A.      They were changed to Rite Aid.  They
18  included our Rite Aid banner.
19       Q.      Okay.  So if Ms. Payne was going in
20  to one of these Brooks and Eckerd drugstores in
21  South Carolina after 2017, she would think that
22  she's in a Rite Aid, correct?
23       A.      She would.
24              MR. WALLINGER:  Object to the form.
25              You can answer.
```



ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

# EXHIBIT B

**Rite Aid of South Carolina (Jonathan Penny)**
**November 01, 2022**

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

           IN THE STATE OF SOUTH CAROLINA

IN THE COURT OF COMMON PLEAS, COUNTY OF RICHLAND

        FOR THE FIFTH JUDICIAL CIRCUIT

-------------------------------------------------

KELLY PAYNE CLARK and SHANNON PAYNE LANCASTER,
as Co-Executors of the Estate of SHELBY LINVILLE
PAYNE, Deceased

        Plaintiffs,

vs.                    C.A. No. 2022-CP-40-01281

3M COMPANY, et al.,

        Defendants.

-------------------------------------------------

                  VOLUME II

        30(b)(6) DEPOSITION TESTIMONY OF

    RITE AID OF SOUTH CAROLINA, INCORPORATED

        TAKEN THROUGH ITS REPRESENTATIVE

             JONATHAN S. PENNY

       ON TUESDAY, NOVEMBER 1, 2022

         HARRISBURG, PENNSYLVANIA

                *    *    *



ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Rite Aid of South Carolina (Jonathan Penny)
November 01, 2022

Page 153

1  asbestos-containing product?

2      A.    To the best of my knowledge, we have
3  not sold any asbestos-containing product.

4      Q.    Okay.  To the best of your knowledge,
5  you were -- you were always intending -- I just
6  want to make this clear.

7           You were always intending to say you
8  haven't seen any evidence, and Rite Aid doesn't,
9  um, believe there's any evidence of any sales of
10 asbestos-containing products?

11          You were not trying to say that
12 there's no evidence of any sales of products
13 that contain talc?

14          You meant asbestos not specific to
15 talc; is that correct?

16     A.    Yes.  I would say that's correct,
17 yeah.

18     Q.    Okay.  Okay.  I thought we had agreed
19 that there was talc products.

20          Okay.  Um, how many different
21 subsidiaries of Rite Aid Corp. operate stores
22 under the Rite Aid banner, they use Rite Aid
23 signs and everything, within South Carolina?

24     A.    I'm not aware of that exact number.

25     Q.    Okay.  Well, you -- let's just count



Page 154

1  off the ones you know.  We'll do it that way.

2         Rite Aid of South Carolina, Inc., is

3  that a subsidiary that operates Rite Aid stores

4  or stores that are under the Rite Aid banner

5  within the geographic lines of South Carolina?

6     A.    At one point in time, yes, as we

7  don't operate any today.

8     Q.    Okay.  So that was one at one point

9  in time.

10        A second one would be Eckerd Corp.

11  that -- the wholly-owned subsidiary of Rite Aid

12  Corp. that operates, uh, under the Rite Aid

13  banner stores with Rite Aid signs in South

14  Carolina; is that correct?

15     A.    I can't specify to stores, uh, in

16  South Carolina without looking at the data.

17  Looking at the date that that we looked at today

18  and then you qualifying that two of those stores

19  were in, uh, North Carolina, um, those two

20  stores listed, based on their store number, uh,

21  would make me infer that those used to be Brooks

22  Eckerd stores in those -- in that --

23     Q.    Right.  Those were -- right.  Those

24  were former Eckerd Corp. stores.  They were

25  operated by Eckerd Corp., um, under the signage



**Rite Aid of South Carolina (Jonathan Penny)**
**November 01, 2022**

Page 147

1  about talc and whether talc can or does have

2  asbestos in it.

3           Um, as you sit here today, is it your

4  position, on behalf of the company, that Rite

5  Aid of South Carolina, Inc. has never sold a

6  product containing talc and containing asbestos?

7           Is that correct or not?

8     A.    To the best of my knowledge, that's

9  correct.

10     Q.    Okay.  Um, and relative to the

11  wellness data, uh, and purchases we looked at

12  that were made under Ms. Payne's account on, I

13  think, four different dates in the past, from

14  your observation of the information available,

15  can you state whether or not any of those

16  products were cosmetics containing talc or any

17  kind of body powder or any other product

18  containing talc?

19           MR. HOLDER:  Objection to form.

20           THE WITNESS:  It did not appear that

21  there were any items listed that, uh, specify

22  having talc or being in a cosmetics category,

23  uh, as well.

24  BY MR. WALLINGER:

25     Q.    Understood.



**Rite Aid of South Carolina (Jonathan Penny)**
**November 01, 2022**

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Page 148

1    We know, for example, that toasters,
2    that's -- that's not a -- that's not a body
3    powder product, right?
4        A.    Correct.
5        Q.    Um, thank you for answering my
6    question, Mr. Penny.  I don't have any more
7    questions.
8                    *    *    *
9                    EXAMINATION
10                   *    *    *
11   BY MR. HOLDER:
12       Q.    I think I just got a couple
13   follow-up.
14           Um, I feel like we had gone through
15   this, but I guess I had misunderstood you.
16           Um, you just testified, and I want to
17   make sure that this is Rite Aid's position and
18   Rite Aid of South Carolina's position.
19           You stated that Rite Aid, um, of
20   South Carolina, Inc. has never sold any product
21   that contained talc, period?
22       A.    That was not the question that, um,
23   was made.  He specified asbestos talc, uh, but
24   we --
25       Q.    Oh, no.



ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

# EXHIBIT C

**Sarah Plant**
**August 25, 2022**

```
STATE OF SOUTH CAROLINA) IN THE COURT OF COMMON
PLEAS
                       )
COUNTY OF RICHLAND     ) FOR THE FIFTH JUDICIAL
                         CIRCUIT

SARAH J. PLANT and     ) C/A NO. 2022-CP-40-1265
PARKER PLANT,          )
                       )
        Plaintiff,     ) In Re:
                       ) Asbestos Personal Injury
                       ) Litigation
      v.               ) Coordinated Docket
                       )
AVON PRODUCTS, INC.,et )
al.                    )
                       )
        Defendants.    )
_____
```

                VOLUME III OF III

                Video/videoconference Deposition of:

                SARAH J. PLANT

                Taken on behalf of the Plaintiffs
                August 25, 2022

                Commencing at 10:07 a.m.

_____

Reported by: MELISSA M. SMITH, RPR, LCR, CCR


ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**Sarah Plant**
**August 25, 2022**

**Page 644**

1 and tell me whether -- at any time, whether while

2 you lived there or visited there, you recall

3 going to a Rite Aid branded store and, in

4 particular, buying any kind of cosmetic product

5 or body powder product such as alleged in this

6 case.  Do you remember ever doing that?

7 A.    I don't know.

8 Q.    Okay.  Let's move to the state of

9 Tennessee.  I understand you lived there off and

10 on various times; is that right?

11 A.    Yes.

12 Q.    Okay.  Do you have any recollection of

13 during your life going to any particular Rite Aid

14 branded store to buy cosmetic or body powder

15 products?

16 A.    I do not.

17 Q.    All right.  How about with regard to

18 Kentucky?  Same question.

19 A.    I do not.

20 Q.    And let's move on to Utah.  Same question?

21 A.    I do not.

22 Q.    All right.  Any other states in the United

23 States that you've lived that you can remember

24 other than what we've been over?

25 A.    No, not where I've lived.


ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

**Sarah Plant**
**August 25, 2022**

**Page 645**

1  Q.    Okay.  And other than where you've lived,

2  is there any state that you've visited that you

3  have a recollection of while being there and

4  visiting it purchasing a cosmetic or body powder

5  product from a Rite Aid branded store?

6  A.    I do not.

7  Q.    All right.  Same question as to Argentina.

8  A.    I do not.

9  Q.    And anywhere in Europe?

10  A.    I do not.

11  Q.    If we go back in time to the early 2000s

12  or the 1990s or on even earlier, did you ever

13  patronize a store that was branded as an Eckerd

14  Drug in South Carolina?

15  A.    I'm not sure.

16        And I am having a little bit of trouble

17  hearing you.

18  Q.    All right.  I'll try to speak up.

19  A.    Sorry.

20  Q.    I've been fussing about not being able to

21  hear people for three days.  Now I'm the one

22  doing it.

23  A.    Sorry.

24  Q.    Same question about Eckerd for the other

25  states you've lived and visited.  Do you have any



ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

# EXHIBIT D

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF RICHLAND | ) FIFTH JUDICIAL COURT |

```
SARAH J. PLANT and          )
PARKER PLANT,               )
                            )
          Plaintiffs,       )
                            ) C.A. No. 2022-CP-40-1265
      vs.                   )
                            )
AVON PRODUCTS, INC., et al.,)
                            )
          Defendants.       )
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**CERTIFIED TRANSCRIPT**

REMOTE VIDEOTAPED DEPOSITION OF PARKER PLANT

(Taken by Plaintiffs)

AdvancedOne Videoconferencing

December 12, 2022

Reported in Stenotype by
Rebecca L. Arrison, Court Reporter
Transcript produced by computer-aided transcription



(866) 715-7770
advancedONE.com

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

1  her?

2      A.   Yeah.  So, as I stated, I knew her family,

3  and particularly her mom, before I knew her.  And her

4  mom would invite missionaries to come out that had

5  served in her home town, and I met her at a dinner at

6  her brother's house, then that's how I initially met

7  her.

8      Q.   And I won't hold you to the date you guys

9  first met but I will hold you to your anniversary.

10     A.   Yes.

11     Q.   When is that?

12     A.   So we were married on June 4th, 2013.

13     Q.   And what year did you start medical school?

14     A.   I started medical school in 2013.

15     Q.   Did you move to South Carolina for medical

16 school?

17     A.   Yes, we did.

18     Q.   Okay.  So did you move there, I guess,

19 immediately after you guys got married?

20     A.   Specifically, it was about one month or so

21 after the -- after we got married.

22     Q.   How long did you guys live in South

23 Carolina?

24     A.   We lived there for four years.

25     Q.   And you guys lived in Spartanburg?



ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

PLANT vs AVON PRODUCTS, INC., et al.                    Page 14
PARKER PLANT, 12/12/2022

1       A.    Yes.

2       Q.    **When did you guys move to Tennessee?**

3       A.    We moved to Tennessee July of 2017.

4  Correction.  Sorry.  June of 2017.

5       Q.    **And you have been there ever since, right?**

6       A.    We had one year when we were in Kentucky,

7  Louisville, Kentucky, for my fellowship.  That was

8  from, roughly, July of 2020 to July or August of

9  2021.  And then we moved back to Tennessee, to

10  Chattanooga.

11      Q.    **And that's to the current address you guys**

12  **live at now, correct?**

13      A.    Correct.

14      Q.    **You mentioned earlier your wife has**

15  **mesothelioma, right?**

16      A.    Yes.

17      Q.    **Do you know if anything causes that type of**

18  **cancer?**

19      A.    Yes, asbestos does.

20      Q.    **How do you know that?**

21      A.    My first introduction to mesothelioma was

22  when I was younger, and I would see commercials,

23  usually later at nighttime, talking about asbestos

24  causes mesothelioma.  And then we, you know, briefly

25  talked about various forms of cancer in medical



(866) 715-7770
advancedONE.com

1    A.    Yes, that's where I would have kept it.

2    Q.    **Would Sarah keep her personal hygiene**

3    **products underneath that sink in your bathroom?**

4    A.    Yes.

5    Q.    **You guys probably didn't spend too much time**

6    **getting ready around each other because of how small**

7    **that bathroom is, right?**

8    A.    Correct.  And oftentimes we were leaving at

9    different times of the day, or getting ready

10   different times of the morning, day.

11   Q.    **Is that because of your schedule as a**

12   **doctor?**

13   A.    Well, at that time, I was in --

14   Q.    **Probably med school?**

15   A.    -- medical school, yeah.

16   Q.    **Uh-huh.  While you guys were living in South**

17   **Carolina, generally, who did most of the shopping for**

18   **your personal hygiene products?**

19   A.    Sarah did.

20   Q.    **Do you recall what store she shopped at?**

21   A.    In South Carolina, there was Walmart, there

22   was BI-LO, Dollar General, Walgreen's, occasionally.

23   There was a Rite Aid.  I mean, those are stores that

24   I can think of that we probably would have shopped

25   at.  I've shopped at a few of those myself picking up



1        believe -- I'm going to look over my notes just

2        to be positive, but I thank you, Dr. Plant, and I

3        wish you guys all the best.

4                        THE WITNESS:   Thank you.

5                        EXAMINATION

6    BY MS. WAGNER:

7        Q.   Good afternoon, Dr. Plant.  Can you hear me?

8        A.   Yes, I can.

9        Q.   Hi.  My name is Barbara Wagner, and I

10    represent Rite Aid of South Carolina.

11        A.   Uh-huh.

12        Q.   And I believe earlier, in the course of your

13    testimony, you were asked about the stores in South

14    Carolina where you had stopped.

15        A.   Uh-huh.

16        Q.   And you mentioned -- well, I think you

17    talked about Walgreen's, BI-LO, Dollar General, I

18    think you just now mentioned Aldi's and maybe Sam's

19    Club, but I think you also mentioned a Rite Aid; is

20    that correct?

21        A.   Yeah, there was a -- I think on the same

22    street that Walgreen's was located on.  Again, I

23    think it's Highway 9 there going from -- there is

24    a -- there was, you know, the time that we lived

25    there they went out of business.  There was a Rite

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

1   Aid kind of further down that same main road.

2        Q.    Is that in Spartanburg?

3        A.    Yeah, just north -- yeah, Spartanburg area,

4   yes.

5        Q.    Do you recall if you had ever purchased any

6   talcum products or makeup products at that particular

7   Rite Aid?

8        A.    I don't recall.

9        Q.    Okay.  Do you recall what you did purchase

10  there?

11       A.    I don't.

12       Q.    Okay.  And I guess -- I'm assuming -- okay,

13  well, let me ask you.  You said you were in

14  Spartanburg for medical school for four years.  Was

15  that 2013 to 2017?

16       A.    Correct.

17       Q.    Okay.  So if you had purchased something at

18  that Rite Aid, it would have been in that time frame;

19  is that correct?

20       A.    Correct.

21       Q.    Do you -- I'm going to ask the same

22  questions, if you know, whether your wife, Sarah,

23  ever purchased anything at that particular Rite Aid?

24       A.    I am not sure.  I don't know.

25       Q.    Okay.  Do you know -- do you or your wife



ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

# EXHIBIT E

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

STATE OF SOUTH CAROLINA    )  IN THE COURT OF COMMON PLEAS
                           )
                           )  FOR THE FIFTH JUDICIAL CIRCUIT
                           )
COUNTY OF RICHLAND         )
                           )
                           )
                           )
SARAH J. PLANT and         )
PARKER PLANT,              )
                           )     **CERTIFIED**
           PLAINTIFFS,     )     **TRANSCRIPT**
                           )
VS.                        )  NO. C/A NO. 2022-CP-40-1265
                           )
                           )
AVON PRODUCTS, INC., et al, )
                           )
           DEFENDANTS.     )


VIDEOTAPED DEPOSITION OF PATRICE JOHNSON

OCTOBER 25, 2022

_____

PEGGY F. MCCRORY, LCR #532
Registered Professional Reporter
Knoxville, TN  37901



**(866) 715-7770**
advancedONE.com

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Page 178

1    No one. Great. We're done.
2                   MR. WALLINGER: This is Scott Wallinger.
3    I can go unless somebody else would like to.
4                   MS. BOLLINGER: So close.
5                   MR. WALLINGER: Are you good for me to
6    start now? I didn't hear you.
7                   MS. BOLLINGER: Yeah, that's fine. Go
8    ahead.
9                   MR. WALLINGER: Thank you.
10   EXAMINATION BY
11   MR. WALLINGER:
12        Q         Good afternoon. My name is Scott
13   Wallinger. I'm a lawyer in Charleston, South Carolina. And I
14   represent a company called Rite Aid of South Carolina, Inc. In
15   the course of your testimony thus far today I did not hear you
16   indicate that you had bought talc products or shopped at a Rite
17   Aid pharmacy branded store in South Carolina; is that right,
18   ma'am?
19        A         I can't say I never have because I know
20   that's one of the pharmacies down -- it's like a Walgreen's.
21   Like a CVS. It's Rite Aid. Is that correct?
22        Q         Well, my clients operated at certain times
23   in the past stores branded as Rite Aid Pharmacy. And that's my
24   question is whether in South Carolina you shopped at a Rite Aid
25   Pharmacy store.

Page 179

1         A         I can't for sure say. Because we went to
2    whatever pharmacy was closest to where we were at at Litchfield.
3    I know the name Rite Aid. I don't know if it's because I used
4    it there. I don't use it here in Tennessee.
5         Q         And continuing to focus on your time here
6    in South Carolina, did you ever shop at a store branded as an
7    Eckerd or Eckerd Drugs?
8         A         Yes. I have been to Eckerd Drugs or
9    Eckerd store.
10        Q         Do you remember approximately when you --
11   when you did that and what city or town you were in?
12        A         It would have been in Litchfield.
13        Q         Okay. And what timeframe are you
14   recollecting, ma'am?
15        A         I can't pinpoint it. Any time from 2000
16   on.
17        Q         Do you think it's been since 2000, then?
18        A         Yes.
19        Q         Has it been since 2010?
20        A         I don't know what -- I had -- I had two
21   different episodes over there at Litchfield. I had the shingles
22   once and then I had -- my son had a foot injury and we had to go
23   to pharmacies for both of those. But I don't --
24        Q         I gotcha.
25        A         -- remember the years.

Page 180

1         Q         Okay.
2         A         The shingles would have been after 2010.
3    Because it wasn't that long ago.
4         Q         From what you've described thus far, it
5    sounds like your trips to South Carolina were either to see your
6    friends -- either to see your friends in the Spartanburg area or
7    to go to the coast in the Litchfield area for vacation; is that
8    right?
9         A         Correct. We had a few times we were in
10   Columbia, South Carolina, for church activities.
11        Q         I see. Okay. And relative to those --
12   those different visits and trips that have been made, is there
13   any particular Rite Aid Pharmacy branded store that you can
14   remember ever having patronizing for any reason?
15                  MS. BOLLINGER: Objection to form.
16                  THE WITNESS: Not without speculating.
17        I'm pretty sure that's where I went. It's down by
18        Polly's Island. But, again, I don't know what I
19        purchased in there.
20   BY MR. WALLINGER:
21        Q         Okay. When I took your daughter's
22   deposition she said basically the same thing; she had no
23   recollection of going shopping at Rite Aid in South Carolina.
24   It sounds like you don't remember a specific store or buying any
25   particular product there, is that fair?

Page 181

1                   MS. BOLLINGER: Objection to form.
2                   THE WITNESS: If I -- if it is a Rite Aid,
3        I can picture where it's at if that's the one I went
4        to in Polly's Island. It's across from like the
5        Polly's beach service. But I'm not 100 percent sure
6        that it is a Rite Aid.
7    BY MR. WALLINGER:
8         Q         Okay. And, as I understand it, there is
9    not a Rite Aid pharmacy in the Tennessee area that you live and
10   work and so on; is that right?
11        A         Not that I know of.
12        Q         Okay.
13        A         We have Walgreen's and CVS.
14        Q         And, then, as you sit here today do you
15   have recollection of ever specifically purchasing a Rite Aid
16   branded cosmetic or powder product from a Rite Aid store
17   anywhere?
18                  MS. BOLLINGER: Objection to form.
19                  THE WITNESS: I have bought Rite Aid
20        because I know the brand. But I don't recall what I
21        bought. It may have either been prescriptions or --
22        I don't know. I've been in Rite Aid stores but I
23        can't sit here today and tell you what I bought at
24        them.
25   BY MR. WALLINGER:



(866) 715-7770
advancedONE.com

PLANT vs AVON PRODUCTS, INC., et al                    Pages 310..313
PATRICE JOHNSON, 10/25/2022

ELECTRONICALLY FILED - 2023 Jan 16 3:18 PM - RICHLAND - COMMON PLEAS - CASE#2022CP401265

Page 310

```
1  right?
2        A        No.  I probably would have been --
3                 DEFENSE COUNSEL:  Object to form.
4                 THE WITNESS:  -- a little more careful
5        with the foot powder.
6  BY MS. BOLLINGER:
7        Q        Okay.
8        A        Because, to me, it is -- I think Gold Bond
9  is medicated.  I'm not sure if all of them are.  And I would not
10 have wanted her getting in contact with that as much as like
11 baby powder and bath powder, I wouldn't worry about.
12       Q        Okay.  But you're not kicking her out of
13 the room when you're doing this stuff.
14       A        No.  I would just put it on quickly and
15 put my socks on.
16       Q        Okay.
17       A        I wouldn't let her play in it --
18       Q        Right.
19       A        -- for sure, like she plays with the
20 powder puff.
21       Q        So she would have been near you while you
22 were applying that Gold Bond?
23       A        Uh-huh.
24       Q        Is that a yes?
25       A        "Yes."  Sorry.
```

Page 311

```
1                 DEFENSE COUNSEL:  Object to form.
2  BY MS. BOLLINGER:
3        Q        Okay.  You talked about Rite Aid.  And I
4  think you said you associate Rite Aid with South Carolina; is
5  that right?
6        A        Yes.
7        Q        And you recall shopping at Rite Aid in
8  South Carolina; is that right?
9        A        Yes.  Down by Litchfield.
10       Q        Okay.  And you talked about buying makeup
11 and body products at Walgreen's, right?
12       A        Uh-huh.
13       Q        Do you consider Walgreen's a drug store?
14       A        Yes.
15       Q        So would you consider Rite Aid a drug
16 store as well?
17       A        Yes.  Same type store.
18       Q        And when you went to South Carolina did
19 you shop at drug stores?
20       A        Yes.  I would often run into those,
21 especially for like sunscreen products, which, again, baby
22 powder would be lumped with that because it's while we're at the
23 beach because it's a lot easier to get in and out of them
24 quicker.
25       Q        Okay.  So would you have bought body
```

Page 312

```
1  powders or baby powders at drug stores in South Carolina?
2        A        Yes.
3        Q        So based on what you've just said, how
4  likely is it that you shopped at Rite Aid in South Carolina for
5  body and baby powders?
6        A        For baby powder.
7        Q        Baby powders.
8        A        Yeah.
9        Q        Okay.  So how likely is it?
10       A        Very likely.
11                DEFENSE COUNSEL:  Object to the form.
12 BY MS. BOLLINGER:
13       Q        So you did shop at Rite Aid in South
14 Carolina for baby powder; is that right?
15       A        Yes.
16       Q        Any other store that you shopped at,
17 Walmart, Walgreen's, Rite Aid, Winn-Dixie, Food City, would you
18 have bought their store brand talcum powders while Sarah was
19 living with you?
20                DEFENSE ATTORNEY:  Object to the form.
21                THE WITNESS:  Yes.
22 BY MS. BOLLINGER:
23       Q        Okay.  And by store brand, I think we used
24 generic brand earlier.
25       A        Yeah.  Generic --
```

Page 313

```
1        Q        Okay.
2        A        -- is what I call it.
3        Q        And so when I'm saying store brand I'm
4  using that interchangeably.
5        A        Correct.
6        Q        And you understand that, right?
7        A        Yes.
8        Q        And Sarah would have used those generic
9  store brands as well; is that right?
10       A        Yes.
11       Q        The shelf you talked about -- this is
12 almost it, okay?  The shelf you talked about earlier, did your
13 whole family have access to that shelf with all the powders on
14 it?
15       A        Yeah.  It's just the height of the tub --
16       Q        Uh-huh.
17       A        -- right there.
18       Q        And would Sarah have had access to those
19 powders?
20       A        Yes.
21       Q        And would Sarah have used those powders?
22       A        Yes.
23                DEFENSE COUNSEL:  Object to the form.
24                MS. BOLLINGER:  I think -- I think I'm
25       done.
```



ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP400126

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| **SARAH J. PLANT** and **PARKER PLANT,** | ) | **C/A NO. 2022-CP-40-1265** |
| | ) | |
| | ) | *In Re:* |
| Plaintiff, | ) | Asbestos Personal Injury Litigation |
| | ) | Coordinated Docket |
| v. | ) | |
| | ) | |
| **AVON PRODUCTS, INC.,** et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT FILED BY DEFENDANTS VI-JON, LLC, WALMART, INC., TOPCO, LLC, WALGREENS CO., AND RITE AID OF SOUTH CAROLINA, INC.**

Plaintiffs Sarah J. Plant and Parker Plant, by and through the undersigned counsel, hereby file this consolidated opposition to motions for summary judgment filed by Defendant Vi-Jon, LLC ("Vi-Jon"), and the Defendants to which Vi-Jon sold its store-branded baby powder products, Walmart, Inc. ("Walmart"), Topco, LLC ("Topco"), Walgreens Co. ("Walgreens"), and Rite Aid of South Carolina, Inc. ("Rite Aid"), would respectfully show the Court that the motions should be denied.

## I.     INTRODUCTION

At thirty-five years old, Sarah Plant developed a terminal cancer, pleural mesothelioma, after, in part, repeated use and exposure to talcum-based body powders manufactured and/or distributed by Vi-Jon. As detailed below, Sarah Plant used talcum-based body powder for years, including Vi-Jon's store-branded baby powders sold by Walmart, Topco, Walgreens, and Rite Aid. Defendants seek dismissal of Plaintiffs' claims against them, alleging that Plaintiffs have failed to gather and/or produce sufficient evidence to demonstrate that these baby powders contained

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

asbestos or that Sarah Plant frequently and regularly used Vi-Jon asbestos-containing talc in Equate, TopCare, Walgreens, and Rite Aid baby powders such that Defendants can be held liable for the development of Sarah Plant's mesothelioma. In fact, Sarah Plant was exposed to asbestos from Vi-Jon Equate, Walgreens, TopCare, and Rite Aid baby powders, and that exposure was a substantial factor in causing her mesothelioma.

## II.    STATEMENT OF FACTS

**A.    <u>Sarah Plant used talcum-based body powder throughout her life, including Equate, TopCare, Walgreens, and Rite Aid baby powders.</u>**

On the date of her deposition, Sarah Plant was 35 years old.[1] She was born September 10, 1986.[2] Mrs. Plant and her husband, Parker, have been married since June of 2013 and they have three children.[3] Her children are six, four, and two.[4] Mrs. Plant testified that she had been diagnosed with pleural mesothelioma which she understands is caused by asbestos exposure.[5]

Mrs. Plant testified that she has used talcum powder throughout her life.[6] She specifically identified Equate powder as one of the brands of talcum powder that she used.[7] She explained that she "wasn't a small girl" so she used the powder in areas on her body where she would chafe, and the baby powder would help with that.[8] She stated:

> And so I would -- if I was standing when I applied it, I would bend over so I could see and I would throw it up. And then there was some times where I would lay down on a towel, since it was a messy process, and I would throw it, again, between my legs.[9]

[1] **Ex. 1**, Video/Videoconference Deposition of Sarah J. Plant, 8/23/22 ("Plant Dep. 8/23/22"), 14:6-7.
[2] **Ex. 3**, Plaintiffs' Responses to Defendants' Standard Interrogatories, at Response to Interrogatory No. 1.
[3] **Ex. 1**, Plant Dep. 8/23/22, at 17:13-17.
[4] Id. at 17:18-22.
[5] Id. at 18:1-8.
[6] Id. at 19:19-20:1.
[7] Id. at 19:19-20:1.
[8] Id. at 20:2-7.
[9] Id. at 20:8-13.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Mrs. Plant recalled that she started applying talcum powder to herself which in middle school when she started playing sports and as puberty set in and she grew, she'd used it whenever she had chafing.[10] She continued this process and continued to use talcum powder from middle school until approximately a year prior to her mesothelioma diagnosis.[11] Mrs. Plant testified that putting powder on her person was messy.[12] She explained that if she was applying the powder in the bathroom, she would have to sweep up any excess powder.[13] If she was applying the powder in the bedroom, Mrs. Plant would vacuum the excess.[14]

Mrs. Plant explained that she used talcum powder off and on, depending on the time of year.[15] She used more powder in the summertime because "it's hot" and the amount of humidity and time that she spent outside would increase the amount of chafing.[16] So, she used more talcum powder in the summer months.

Mrs. Plant testified that her family would vacation in South Carolina every year and those vacations began when Mrs. Plant was approximately eight years old.[17] Sometimes, the family would stay two weeks, but when the kids' extracurricular activities became more involved, the family would stay in South Carolina for one week.[18]

On the date that her deposition began, Mrs. Plant was wearing talc-free makeup and she no longer uses body powder.[19] She testified that she stopped using body powder shortly before she

---

[10] Id. at 20:14-19.
[11] Id. at 20:20-25.
[12] Id. at 21:2-4.
[13] Id. at 21:5-8.
[14] Id. at 21:8-12.
[15] Id. at 25:9-13.
[16] Id. at 25:14-19.
[17] Id. at 49:16-21.
[18] Id. at 50:5-16.
[19] Id. at 56:4-12.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

was diagnosed with mesothelioma.[20] Mrs. Plant could not identify a time period since she was 10 years old where she did not use powders at all.[21]

Sarah and her husband Parker lived in Boiling Springs, South Carolina for four years while Parker was in medical school, beginning in 2013.[22] The first house that the Plants rented a home in South Carolina that was built in the 1950s or 1960s, with one bathroom, two bedrooms, a very small kitchen, and a living room.[23] While living in this house, Sarah did her makeup in the bathroom or in the car.[24] She noted that while living in South Carolina, she would have shopped at Walmart and Walgreens the most.[25]

Sarah testified that she would have used Johnson & Johnson more when she was in middle school and high school playing sports and visiting the beach.[26] She switched to the Equate brand as an alternative to Johnson & Johnson when she started spending her own money.[27] The Equate bottles were white, with "Equate" being spelled with a lower case "e", and with a white cap.[28] She never saw anything on the bottle saying that the Equate powder was "talc-free."[29] She used Equate the most while living in South Carolina because that is when they had to budget the most.[30] She interchanged the use of Equate based on what was easiest to grab from the bathroom cabinet.[31] She also recalled using body powders that were in her mother and grandmother's bathrooms.[32]

---

[20] Id. at 56:13-16.
[21] Id. 56:17-21.
[22] Id. at 52:25-53:15.
[23] Id. at 53:4-10; 53:25-54:6.
[24] Id. at 54:7-11.
[25] Id. at 55:25-56:3.
[26] Id. at 58:4-11.
[27] Id. at 58:12-16.
[28] Id. at 58:19-59:1.
[29] Id. at 59:2-5.
[30] Id. at 59:6-19.
[31] Id. at 60:9-18.
[32] Id. at 60:19-23.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Those containers were circular, like "short canisters" with "tin" bottoms.[33] Those powders were applied with a powder puff.[34]

Sarah's mother, Patrice Johnson, testified that she purchased baby powder for her family more often when the children were younger, but she always had baby powder around for "chafing issues."[35] Chafing was always a problem at the beach, so they would use baby powder.[36] The body powders were kept on the shelves around the bathtub where everyone in the family could reach them.[37] Her mother also remembered the girls getting into "powder wars" after their baths, when they would get carried away powdering each other and make a big mess.[38]

She testified that her family, including Sarah, used multiple brands of baby powder, including Equate.[39] Mrs. Johnson testified that she shopped at Walmart "a good bit" and she would buy Equate body powder as Walmart's generic brand of powder.[40] According to Mrs. Johnson, she purchased four Equate brand bottle of body powder a month—one for each child.[41]

She could not recall when she first purchased Equate body powder.[42] Mrs. Johnson described the Equate container as "the same shape as the Johnson and Johnson", "kind of upright rectangular shape with the sifter top on it."[43] Mrs. Johnson testified that she had no personal knowledge that any of the generic brands that she purchased, including Equate, contained talc. She explained that she "never looked at ingredients. I didn't know that I should look at them." Id. at 160:1-12.

---

[33] Id. at 60:24-61:3.
[34] Id. at 61:4-8.
[35] Id. at 230:20-25.
[36] Id. at 22:9-14.
[37] Id. at 268:24-269:4, 313:11-17.
[38] Id. at 314:1-16.
[39] **Ex. 2**, Videotaped Deposition of Patrice Johnson, 10/25/22, at 26:10-27:4.
[40] Id. at 34:8-35:1.
[41] Id. at 35:14-23.
[42] Id. at 151:17-19.
[43] Id. at 159:21-25.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Mrs. Johnson also shopped and Walgreens and would purchase Walgreen's generic brand of body powder.[44] Mrs. Johnson testified that she could not recall the specific name of Walgreen's generic brand of powder but noted that she preferred to buy generic for the cost savings.[45] Regardless of the brand of powder, Mrs. Johnson would have used the generic brands in the same manner as she used the name brands.[46]

Mrs. Johnson also testified that she purchased TopCare baby powder from the Food City grocery store.[47] She would buy baby powder at Food City four times a year.[48] She usually bought TopCare at Food City, but she possibly bought Johnson's Baby Powder too.[49] The TopCare baby powder was in a shaker-top container that looked a lot like the Johnson's Baby Powder container.[50] She usually bought the smaller size bottles.[51]

Mrs. Johnson also testified that she knows she bought from Rite Aid because she knows the name.[52] She thought she went to a Rite Aid at Pawleys Island in South Carolina, and she remembers shopping in Rite Aid "down by Litchfield."[53] When she was in South Carolina near the beach, she would often run into drug stores like Walgreens or Rite Aid to pick up supplies like sunscreen or baby powder.[54] Based on these facts, Mrs. Johnson testified that it was very likely that she purchased baby powder at Rite Aid in South Carolina.[55] And it was Mrs. Johnson's

---

[44] Id. at 35:24-36:4.
[45] Id. at 36:2-10.
[46] Id. at 36:11-14.
[47] Id. at 231:25-232:5.
[48] Id. at 232:6-13.
[49] Id. at 233:14-19.
[50] Id. at 233:2-234:1.
[51] Id. at 234:2-4.
[52] Id. at 181:19-24.
[53] Id. at 180:24-181:6, 3-9.
[54] Id. at 311:10-312:2.
[55] Id. at 312:3-15.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

practice to purchase the store-brand talcum powders.[56] There was not a Rite Aid Pharmacy near her in Tennessee.[57]

**B.     Vi-Jon manufactured and sold Equate, Walgreens, TopCare, and Rite Aid baby powders using talc from Montana, China, and Vermont.**

Vi-Jon began supplying talcum powder products to Walmart (Equate baby powder) in August 1999, when "Perrigo Company of Tennessee ("PTN") and Perrigo entered into an Asset Purchase Agreement whereby certain assets and liabilities were sold to Cumberland Swan Holdings, Inc. ("CSH"), a predecessor entity of Vi-Jon."[58] Vi-Jon sold Equate baby powder to Walmart from August 1999 to 2016.[59] "Vi-Jon sold baby powder products to Rite Aid from 2002 to 2016."[60] Vi-Jon sold baby powder products to Walgreens between December 2002 and December 2005.[61] Vi-Jon also sold baby powder products to Topco from 2000 to 2005.[62]

Vi-Jon's talc suppliers during the relevant period were Imerys Talc America, Inc. (formerly known as Luzenac America, Inc.) from approximately 1999 to 2004 and Barretts Minerals Inc. (a division of Specialty Minerals) from approximately 2003 to 2016.[63] Barretts Minerals supplied talc from the Dillon, Montana area.[64]

---

[56] Id. at 312:16-313:10.
[57] Id. at 181:8-13.
[58] **Ex. 4**, Responses to "Plaintiff's First Set of Interrogatories to Vi-Jon, LLC," at p. 7, Response to Interrogatory No. 3.
[59] **Ex. 4**, Responses to "Plaintiff's First Set of Interrogatories to Vi-Jon, LLC," at p. 7, Response to Interrogatory No. 3.
[60] **Ex. 4**, Responses to "Plaintiff's First Set of Interrogatories to Vi-Jon, LLC," at p. 8, Response to Interrogatory No. 4.
[61] **Ex. 5**, Vi-Jon's Prefatory Statement, at p. 2, ¶ 9.
[62] **Ex. 152**, Topco's Responses to Plaintiffs' First Set of Interrogatories, at pp. 13-14, Response to Interrogatory No. 21.
[63] **Ex. 4**, Responses to "Plaintiff's First Set of Interrogatories to Vi-Jon, LLC," at p. 21, Response to Interrogatory No. 18; **Ex. 4**, Raw Material Purchases Report SAP 4.6, 12/2/98 to 5/6/09.
[64] **Ex. 6**, Letter from Barretts Minerals, Inc. to Its Customers, July 2, 2013.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Between 1993 to 2004, Vi-Jon baby powders used talc that came from China (Imperial 2000), Vermont (Steriline 320V), and Montana (Steriline 320).[65] Vi-Jon also purchased Ultratalc 2000 from China in 2004 and Microtalc BP210 (Montana) between 2011 and 2016.[66]

## C.    Vi-Jon's source talcs contain asbestos.

A 1972 Bureau of Mines survey stated that asbestos is "genetically related to talc and often accompanying it in its ores."[67] In August 1971, the FDA sponsored a conference on analytical techniques to identify asbestos in talc.[68]

### 1.    Montana talc contains asbestos.

In 1974, the U.S. EPA recognized that "the Southern counties of Beaverhead, Madison and Gallatin have extensive deposits of talc, fibrous amphibole minerals and chrysotile."[69] A published scientific paper examining the region's geology observed that tremolite at times occurs "in a fibrous form."[70] In 1990, the United States Geological Society ("USGS") identified "serpentine" as associated with talc in the region and "locally abundant."[71] It found "cross-fiber chrysotile" formed in silicate-rich marble accompanying talc formation.[72]

There have been many findings of asbestos in Montana talc.[73] Non-exclusive examples include (a) Battelle Memorial reporting to J&J that 11 of 11 samples of talc from the Stone Creek

---

[65] **Ex. 7**, Objections and Responses to Special Interrogatories, at p. 8, Response to Interrogatory 6; **Ex. 8**, Montana Talc Company Letter with Certificate of Analysis, dated Aug. 9, 1993.

[66] **Ex. 9**, Email from Carlos Raines to Jim Heyden, May 24, 2012, Re Specialty Minerals/Vijon History; **Ex. 10**, Invoices from Barretts Minerals, Inc./Specialty Minerals.

[67] **Ex. 11**, 12/27/1972 WCD (CA) Moore 0003799 (BOM Mineral Industry Surveys "Talc, Soapstone, And Pyrophyllite In 1972").

[68] **Ex. 12**, 8/3/1971 CRMC-TALC_000042 to 51 (FDA Conference Agenda).

[69] **Ex. 13**, 9/1974, EPA-650/2-74-087 at p. A-135.

[70] **Ex. 14**, 1990 Anderson "Petrogenesis and Timing of Talc Formation in the Ruby Range, Southwestern Montana," Econ. Geol. Vol. 85, 585-600, at p. 588; *see also id.* ("Serpentine, tremolite and phlogopite may be present but are almost always seen in a reaction mixture if talc is present.").

[71] **Ex. 15**, 1990 James "Precambrian Geology and Bedded Iron Deposits of Southwestern Ruby Range, Montana, USGS 1495, at pp. 12, 28.

[72] *Id.*

[73] **Ex. 16**, Summary Table of Findings of Asbestos Minerals and Asbestos in Montana Talc WCD Sold.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

(a/k/a Treasure) mine contained 2% tremolite in 1958 and 1968,[74] (b) Hazen Research finding chrysotile asbestos in two samples in 1973,[75] (c) Pfizer recognizing a "problem" with "tremolite and chrysotile mineralization" at its mine in 1988,[76] (d) R.J. Lee finding chrysotile in both the Regal and Treasure mines[77] and (e) Maxim Technologies finding chrysotile in the Regal mine.[78] E.S. Laboratories reported in June 1972 that WCD Montana talc (Talc 399 or Talc 1745) contained chrysotile.[79] In November 1973, Fullam sent WCD a report stating that it found 450,000 and 18 million fibers of chrysotile and amphibole per gram, respectively, in Pfizer's Montana talc ore that WCD distributed (and the greater concentrations of asbestos in Willow Creek, Montana talc).[80] In December 1973, a CTFA meeting included reports of talc analysis of Montana talc ore, finding tremolite and/or chrysotile asbestos fibers.[81]

Plaintiff's expert Mark Bailey has reviewed the historical and contemporary scientific literature and analytical reports and found that "Each of the mines under discussion [Regal, Treasure, Beaverhead, Willow Creek, and Yellowstone] show evidence of chrysotile and tremolite/actinolite asbestos formation within the ore body."[82] He further has stated:

> In the Treasure, Beaverhead, Regal, Willow Creek and Yellowstone mines, serpentine and tremolite/actinolite, including in both of their fibrous varieties, have

---

[74] **Ex. 17**, 8/1957 (WC&D Bulletin No. 54-1, "Talcs") at pp. T57-209 to T57-211 (showing WC&D data sheet for "No. 1736 Treasure Talc" or "Treasure State Talc" with Montana ore); *id.* at p. T57-292 (referring to talc from the "Stone Creek mines" sold as "Treasure State Talc"); **Ex. 18**, 2/29/1956 JNJS71R_000000252 to 296 (Battelle Memorial to Johnson & Johnson) at p. 282 ("A bulk samples of massive, green granular talc labeled 'Treasure State Talc', Stone Creek Mine, Montana was prepared for microscopic examination … we received … a sample labeled 'Dillon, Montana, No. 1088 … as we subsequently learned is ground Stone Creek talc."); **Ex. 19**, 5/23/1958 JNJNL61_000001341 to 1368 (Battelle report to J&J) (finding 6 of 6 samples contained 2% tremolite) at pp. 1348, 1350, 1355; **Ex. 20**, 1/24/1968 JNJNL61_000001489 to 1493 (Battelle report to J&J) (reporting 5 of 5 samples contained 2% tremolite) at pp. 1489, 1490, 1493.
[75] **Ex. 21**, 10/29/1973 MTC 000563 to 591 (Hazen Research report) at pp. 590-591.
[76] **Ex. 22**, 7/29/1988 PFI_TIPP_00003403 to 3406 (Pfizer Standard Operating Procedure) at p. 3403.
[77] **Ex. 23**, 6/30/2000 MDEQ – 000941 to 944 (R.J. Lee report to Maxim) (finding chrysotile asbestos in concentrations of 0.25% to 2.25% in four of seven samples); **Ex. 24**, 7/17/2000 MDEQ000819 to 831 (R.J. Lee report to Maxim) (finding chrysotile asbestos in two airborne samples).
[78] **Ex. 25**, 10/25/2000 (Barretts Regal Mine Non-Ore Management Plan).
[79] **Ex. 26**, 6/12/1972 Booker WCD 001038 to 1039 (E.S. Laboratories on Talc 399 or Talc 1745).
[80] **Ex. 27**, 11/20/1973 LoGiudice/WCD 0170 to 174 (Fullam Inc. report for WC&D for the CTFA round robin).
[81] **Ex. 28**, 12/10/1973 WCD 000115 to 122 (CTFA minutes regarding round robin) at pp. 116-117.
[82] **Ex. 156**, Bailey Aff. 1/11/23, at ¶ 36.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

been found. As is common in geologic deposits, the concentrations of asbestos vary both between the mines and within the mines. While the concentration of asbestos may be relatively low over wide areas, the mines are not asbestos free, as shown by extensive laboratory testing.[83]

### 2.    Chinese talc contains asbestos.

Dr. William Longo of Materials Analytical Services, LLC ("MAS") has done extensive testing on Chinese talc used in Johnson's Baby Powder and other products, as well as the source talc, and has found asbestos in 95% of the samples tested:

> Together with the Supra H Guangxi talc samples, and Johnson's Baby Powder samples manufactured with Chinese talc in the United Kingdom, to date, we have identified and reported on regulated asbestos in 77 of 81 Johnson & Johnson Chinese talcs and Chinese talc sourced products, or 95% (45/48 or 94% Johnson's Baby Powder, 1/1 or 100% Johnson & Johnson Shower to Shower, 2/3 or 67% Valeant Shower to Shower, 29/29 or 100% Guang Xi Supra H Ore).[84]

Recent testing has identified chrysotile as well as amphibole asbestos in Chinese talc.[85] J&J recalled a lot of its baby powder in 2019 when the Food & Drug Administration found asbestos fibers in its Chinese-sourced talcum powder.[86] A test of Chinese talc from 1985 showed that the sample was "asbestiform positive."[87]

### 3.    Vermont talc contains asbestos.

The scientific literature and analytic reports also show talc material derived from Vermont talc mine consistently contains fibrous asbestiform tremolite/actinolite and/or anthophyllite.[88] The 2004 seminal paper on talc-asbestos geology reported "well-developed chrysotile asbestos," "fibrous actinolite" and fibrous anthophyllite in Vermont talc.[89]

---

[83] **Ex. 156**, Bailey Aff. 1/11/23, at ¶ 42.
[84] **Ex. 137**, Declaration of Dr. William Longo ("Longo Dec."), at ¶ 6 and Exhibit B thereto.
[85] **Ex. 137**, Longo Dec., at ¶ 9.
[86] **Ex. 29**, Press Release: Johnson & Johnson Consumer Inc. to Voluntarily Recall A Single Lot of Johnson's Baby Powder in The United States, October 18, 2019; **Ex. xx**, Declaration of Dr. William Longo ("Longo Dec."), at ¶ 6 and Exhibit B thereto (talc in this lot would have been Chinese).
[87] **Ex. 30,** Analytical Request and Report, Log No. 85-171 of Chinese Talc.
[88] **Ex. 52**, Affidavit of Mark Bailey, P.G., Sept. 8, 2022 ("Bailey Aff. 9/8/22"), at ¶ 13.
[89] **Ex. 31,** Van Gosen at p. 933-934.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

In 1991, an article in the peer-reviewed scientific literature found asbestos in Vermont talc.[90] The author notified Cyrus Mines Corporation of the results[91] and confirmed her finding that "Johnson & Johnson talc products contain trace amounts of asbestos …"[92] Incidentally, Vi-Jon reversed engineered its products to match national brands like Johnson & Johnson.[93] In March 1992, Cyrus Mines Corporation itself stated that it found "visible" tremolite and actinolite, including "fibrous tremolite," in its Vermont talc deposits.[94]

In 2002, Luzenac America reported "fibrous" tremolite with "an extremely high aspect ratio" in JBP's Argonaut (Vermont) talc.[95] Studies of the Vermont mines further showed that "beneficiation techniques," which attempted to entirely remove asbestos minerals from talc ore, were ineffective.[96]

Based on his review of historical and contemporary scientific literature and analytical reports, Plaintiff's expert Mark Bailey has opined that Vermont talc "consistently contains trace amounts of fibrous asbestiform tremolite/actinolite and/or anthophyllite."[97]

## D.    The presence of asbestos in talc is well established in the medical and scientific literature.

Geological surveys conducted as early as the 1930s show that asbestos is commonly found in talc. In 1932, Dana published *A Textbook of Mineralogy* noting: "[Talc] is often associated with serpentine, talcose or chlorite schist, and dolomite, and frequently contains crystals of dolomite, breunnerite, also asbestos, actinolite, tourmaline, magnetite. It has been formed by alteration of

---

[90] **Ex. 32,** Blount, A.M., *Amphibole Content of Cosmetic and Pharmaceutical Talcs*, Environmental Health Perspectives, Vol. 94, pp. 225-230 [1991] (finding two of four Vermont ore samples contained 0.6% and 0.8% tremolite including tremolite structures with 3:1 to over 15:1 aspect ratios).

[91] **Ex. 33,** March 25, 1992 CMC interoffice memorandum.

[92] **Ex. 34,** Deposition of Dr. Blount dated April 13, 2018 at 36:2-8, 37:23-38:16.

[93] **Ex. 153,** Alethea Murry Depo Vol 1 pg. 177, 1183.

[94] **Ex. 35,** March 25, 1992 interoffice memorandum.

[95] **Ex. 36,** Luzenac America Technical Report dated May 23, 2002.

[96] **Ex. 52,** Affidavit of Mark Bailey, P.G., *McBride*, Sept. 8, 2022, at ¶ 13.

[97] **Ex. 52,** Affidavit of Mark Bailey, P.G., *McBride*, Sept. 8, 2022, at ¶ 13.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

non-aluminous magnesian silicates, like chrysolite, hypersthene, pyroxene, *amphibole*, etc."[98] In 1942, other scientific literature reported the presence of serpentine and amphibole minerals in samples of talcum powder. "The term 'talc' as used industrially generally refers to a substance which meets certain physical requirements rather than one which has as definite chemical composition…The most prominent minerals are serpentine, dolomite, and tremolite. Variations in composition of 'talcs' used in industry (in cosmetics, as fillers in paper, paints, linoleum, as a dusting agent in the rubber industry, etc.) are extreme."[99] In 1947, Millman noted pneumoconiosis in a man exposed to cosmetic talc.[100]

The presence of asbestos in talc also became well known in industry. In 1967, Pfizer issued a "Technical Report" noting that tremolite occurs naturally in talc and that talc containing tremolite should not be used for cosmetics.[101] In 1968, Dr. Cralley presented at the American Industrial Hygiene Conference and subsequently published his findings. He noted that "the authors examined 22 talcum products commonly available on retail shelves and found fiber contents ranging from 8 to 30% by count, with an average of 19%."[102]

In 1970, another case report was published of talc pneumoconiosis in a young woman due to chronic exposure from her work for the Revlon Company where she was exposed to talcum powder during her inspection of the cosmetics.[103] In 1974, Dr. Arthur Rohl of the Mount Sinai School of Medicine noted the potentially massive presence of asbestos in talc in his paper *Asbestos in Talc*. As Dr. Rohl wrote, "[s]ince the mining of talc rock almost invariably includes the mining

---

[98] **Ex. 37**, Dana, *A Textbook of Mineralogy*, at 678.
[99] **Ex. 38**, Shultz, *Commercial Talc Animal and Mineralogical Studies*, J. Indus. Hygiene & Tech. 24(4): 75-79, 75 (1942).
[100] **Ex. 39**, Millman N, *Pneumonoconiosis Due to Talc In the Cosmetic Industry*, Occup. Med. 4:391 (1947).
[101] **Ex. 40**, January 1967 Pfizer Technical Report for Ceramic Materials.
[102] **Ex. 41**, Cralley *et al.*, *Fibrous and Mineral Content of Cosmetic Talcum Products*, Am. Indus. Hygiene Ass'n J. 350-354, 350, 351, 353 (July-August 1968).
[103] **Ex. 42**, Moskowitz, R., *Talc Pneumoconiosis: A Treated Case*, Chest, Vol 58, No 1, July 1970

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of asbestos as well, the asbestos contaminant may be carried over into the consumer product and thus introduce the risk of asbestos disease. This possibility leads to an important public health question: Is asbestos present in consumer talcs, and if present, which mineral fibers and in what concentrations?"[104]

Rohl's 1974 paper further explained that testing methods with insufficient sensitivity will not detect the asbestos in the talc: "[e]ven at the lowest level of detection by x-ray diffraction, i.e., 0.25 percent, there would be about $10^9$ fibers/mg . . . very large numbers of asbestos fibers may be present in talc end products, yet they remain undetected if only optical microscopy and x-ray diffraction are used."[105] In 1976, Rohl and Langer published another peer-reviewed paper, *Consumer Talcums and Powders: Mineral and Chemical Characterization*, which tested representative consumer talcum powder products and found asbestos in half: "Mineralogical characterization of 21 consumer talcums and powders showed that 10 contained measurable concentrations of asbestiform tremolite and anthophyllite, and some also contained fragmented forms of these minerals . . . . These observations were confirmed by transmission electron microscopy. The amphibole phases present in these talcum products ranged in amounts from several tenths of a percent to over 14% by weight."[106] The testing showed that the asbestiform amphiboles in the talc had the "identical" chemistry "to those fibers encountered in the IARC Asbestos Standards (Timbrell and Rendall, 1971)."[107] Rohl and Langer's article stressed that since the asbestiform amphiboles in the consumer talcum products was asbestos, their biological potential was the same as "fibers from commercial asbestos deposits."[108] These results "indicate[]

---

[104] **Ex. 43**, Rohl, *Asbestos in Talc*, Environ. Health Perspectives, 9: 129-132, 129 (1974); **Ex. 44**, Rohl and Langer, *Identification and Quantitation of Asbestos in Talc*, Environ. Health Perspectives 9:95-109 (1974).
[105] **Ex. 43**, Rohl 1974, *supra*, at 130.
[106] **Ex. 45**, Rohl, *Consumer Talcums and Powders: Mineral and Chemical Characterization*, J. Toxicology & Environ. Health 2:255-84, 255, 276 (1976).
[107] **Ex. 45**, Rohl 1976, *supra*, p. 277.
[108] **Ex. 45**, Rohl 1976, *supra*, at 277-78.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

the need for a regulatory standard for cosmetic talc," as well as an evaluation "to determine possible health hazards associated with the use of these products."[109]

### E.    Use of cosmetic talc products causes asbestos exposures well above background levels.

Plaintiff's expert Dr. Steven Haber has opined that the use of cosmetic talcum powder products releases airborne asbestos in the range of 0.1-4 fibers/cc for most cosmetic talc use.[110] Dr. Haber explains that, based on FDA reports, "the amounts of asbestos fibers dispersed by the use of talc containing more than trace amounts of this contaminant [asbestos] exceed the standards promulgated for occupational exposure."[111]

Moreover, in 2020, a paper published in the peer-reviewed literature reported the results of measurements taken to estimate the dose of inhaled asbestos during the application of cosmetic talcum powder.[112] The authors "calculated total asbestos dose based on the four most common usages of J&J talc powder reported among the 10 cases: perineal application (10/10), upper body powdering (9/10), exposure as an adult during diapering (8/10), and exposures as an infant during diapering (7/10)."[113] The study found that, on average, adults applying cosmetic talcum powder to the inhaled asbestos at levels of 2.57 fibers per cubic centimeter (f/cc) for five minutes.[114]

Gordon 2014 confirmed through simulation testing that shaker application of talcum body powder can release of "significant concentrations" of asbestos fibers and that those fibers would be "inhaled during normal personal talcum powder application."[115] Significant levels of asbestos

---

[109] **Ex. 45**, Rohl 1976, at 277; **Ex. 46**, Paoletti, *Evaluation by Electron Microscopy Techniques of Asbestos Contamination in Industrial, Cosmetic, and Pharmaceutical Talcs*, Reg. Toxicol. & Pharm. 4: 222-235, 231 (1984).
[110] **Ex. 157**, Declaration of Dr. Steven Haber, at ¶ 91.
[111] **Ex. 157**, Declaration of Dr. Steven Haber, at ¶ 91.
[112] **Ex. 47**, Steffen, JE, et. al., *Serious ovarian cancer caused by exposure to asbestos and fibrous talc in cosmetic talc powders – A case series*, J Occup Environ Med. 62(2):e65-e77 (2020).
[113] **Ex. 47**, Steffen, *supra.*
[114] **Ex. 47**, Steffen, *supra*, at e68.
[115] **Ex. 48**, Gordon et al., *Asbestos in commercial cosmetic talcum powder as a cause of mesothelioma in women*, Int'l J. Occup. & Environ. Health 20(4)318-32, at 323, 331 (2014).

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

fibers were noted (anthophyllite, tremolite and some chrysotile) in the breathing zone of the individual applying the powder. The shaker container test showed an actual asbestos fiber measurement of 1.9 f/cc in the user's personal space. Bystander asbestos concentrations were 0.5 f/cc.[116]

**F.**    **Published scientific literature establishes that exposure to cosmetic talc products causes mesothelioma.**

In 2014, exposure to talc, including asbestos-containing talc, was identified "as a causative factor in the development of ovarian carcinomas, gynecological tumors, and mesothelioma" in women.[117] The article—*Asbestos in commercial cosmetic talcum powder as a cause of mesothelioma in women*—finds that "contaminated talcum powder released inhalable asbestos into the air."[118]

Two recent case studies have found over 100 cases of mesothelioma in which exposure to cosmetic talc played a causative role.[119] The paper published by Moline, et al., was a case series of 33 mesothelioma victims with cosmetic talc exposure.[120] In 6 cases there was a tissue digestion study to determine if there were asbestos fibers in the lungs of the patients, and in 5 of the 6 there was anthophyllite and/or tremolite asbestos in their tissue, both asbestos fibers known to be in talc.[121]

---

[116] **Ex. 48**, Gordon, *supra*, at 323, 331.
[117] **Ex. 48**, Gordon, *supra*, at 318, 321, 323-26.
[118] **Ex. 48**, Gordon, *supra*, at 330-31.
[119] **Ex. 49**, Moline, J., et. al., *Mesothelioma Associated with the Use of Cosmetic Talc*, J. Occup. Environ. Med. 62(1):11-17 (2020); **Ex. 50**, Emory, TS, et al., *Malignant Mesothelioma Following Repeated Exposures to Cosmetic Talc: A Case Series of 75 Patients*, Am. J. Ind. Med. 63(6):484-89 (June 2020).
[120] **Ex. 49**, Moline, *supra*.
[121] **Ex. 49**, Moline, *supra*.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Other scientists authored a similar published case series of 75 mesothelioma victims with cosmetic talc exposure.[122] In the 11 cases in which a tissue digestion was performed, all 11 had anthophyllite and/or tremolite asbestos in their tissue.[123]

## G.    Exposure to Vi-Jon talc in Equate, TopCare, Walgreens, and Rite Aid baby powders was a substantial factor in causing Sarah Plant's mesothelioma.

Dr. Steven Haber, Plaintiff's expert pulmonologist,[124] agrees that Sarah Plant has malignant pleural mesothelioma.[125] In addition to review medical records and other documentation, Dr. Haber spent approximately an hour and a half talking to Mrs. Plant about her symptoms and medical history, her social, family, and occupational history, and the work of her siblings.[126]

He testified that the scientific literature shows that using body powders results in exposures from 0.1 fibers per cc to 4 fibers per cc.[127] Ambient or background air does not contain measurable amounts of airborne asbestos fibers unless there is an identifiable source for those fibers. Therefore, any exposure to asbestos found in these talc powder products would be substantially above background.[128] Asbestos exposure to individuals who regularly and consistently used talcum powder products would be substantial and well above background or ambient levels.[129]

Dr. Haber considered the frequency, regularity, and proximity of Mrs. Plant's exposure to asbestos-containing the Equate, Walgreens, Rite Aid, and TopCare baby powders manufactured by Vi-Jon: "What [he] do[es] as a pulmonologist is look at the frequency, the regularity, the duration, the onset of and use and nature of the exposure.  So [he] look[s] at it from … a qualitative

---

[122] **Ex. 50**, Emory, *supra.*
[123] **Ex. 50**, Emory, *supra.*
[124] **Ex. 116**, Haber's CV (Exhibit 3 to the Deposition of Steven Haber)..
[125] **Ex. 117**, Deposition of Dr. Steven Haber, at 85:12-25.
[126] *Id.* at 86:21- 87:25, 89:3-90:8.
[127] *Id.* at 219:1-19.
[128] **Ex. 102**, Dr. William Longo affidavit, p. 36, 39.
[129] **Ex. 102**, Dr. William Longo affidavit, p. 36, 39.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

perspective."[130] Dr. Haber said that Vi-Jon's use of Montana, Chinese, and Vermont talc was concerning because of the presence of asbestos in those source mines.[131] He did not see other significant asbestos exposures for Mrs. Plant other than her exposure to talcum powder products.[132] Noting that he had reviewed the test results and literature regarding a number of talc sources, including Italian, Vermont and Montana, Dr. Haber testified in response to a hypothetical question that a exposure to these talc sources by using a product that incorporated them for more than a year, given the proper latency period, would be a substantial factor in causing an individual's mesothelioma.[133]

## H.    There have long been safer alternatives to talc for body powder products.

By at least the 1950s, non-talcum-powder-based alternatives for body and face powders were recognized.[134] Corn or rice starch has been used as a substitute for talc as a dusting powder since approximately 1954.[135] In 1983, Colgate, another Defendant in this case, filed a patent for another talcum powder alternative—ground rice hulls. According to Colgate's patent (filed with the U.S. Patent Office), "ground rice hulls which pass through a 200 mesh sieve can be effectively used as a substitute for talc in a body powder with the feel and texture of talc, but with greater capacity to absorb moisture and sweat secretions." Colgate represented to the U.S. Patent office that ground rice hulls are more favorable than talc because it "is an asbestos-free natural product."[136]

## III.    ARGUMENT and AUTHORITIES

## A.    Defendants have failed to meet their summary judgment burden.

---

[130] **Ex. 117**, Deposition of Steven Haber, at 93:15-20; *see also id.* at 148:5-149:2.
[131] *Id.* at 137:22-138:5.
[132] *Id.* at 114:15-116:19, 117:8-20.
[133] *Id.* at 226:15-228:5.
[134] **Ex. 134**, Urbach-Ross Dep., 9/2/16, p. 342:9-20.
[135] **Ex. 134**, Urbach-Ross Dep., pp. 341:14-342:13; **Ex. 135**, U.S. Pat. No. 4,407,798 (Oct. 4, 1983), p. 2.
[136] **Ex. 135**, Patent Application, p. 2.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

"Summary judgment is a drastic remedy which should be cautiously invoked so that a litigant is not improperly deprived of a trial on disputed factual issues." *Madison ex rel. Bryant v. Babcock Center, Inc*., 371 S.C. 123, 134, 638 S.E.2d 650, 655 (2006); *Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991). Under South Carolina Rule of Civil Procedure 56, summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Cafe Assocs. Ltd. v. Gerngross*, 305 S.C. 6, 9, 406 S.E.2d 162, 164 (1991). The moving party has the burden of clearly establishing the absence of a genuine issue of material fact. *Singleton v. Sherer*, 377 S.C. 185, 659 S.E.2d 196 (Ct. App. 2008). If and when the party moving for summary judgment meets its initial burden of showing an absence of evidentiary support for the plaintiff's case, only then is the plaintiff required to come forward with specific facts showing there is a genuine issue for trial. *See Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 438 (Ct. App. 2003).

In determining whether a genuine question of fact exists, the court must view the evidence and all inferences which can be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Faile v. S. C. Dep't of Juvenile Justice*, 350 S.C. 315, 324, 566 S.E.2d 536, 540 (2002). Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Baugus v. Wessinger*, 303 S.C. 412, 401 S.E.2d 169 (1991). Even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 443 S.E.2d 392 (1994). Summary judgment should be denied unless reasonable minds cannot differ on plain, palpable, and indisputable facts. *See Ellis v. Davidson*,

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct. App. 2004). Here, Defendant has failed to meet its high burden of showing the absence of a genuine issue of material fact for trial.

**B.**   **Mrs. Plant was exposed to asbestos from use of Vi-Jon talc products manufactured for and sold by Walmart, Walgreens, Rite Aid, and Topco.**

Plaintiffs have shown that Sarah Plant used baby powders throughout her life, particularly to avoid chafing. Her mother frequently purchased generic baby powders for the cost savings, and she shopped for them at Walgreens, Walmart, Rite Aid, and a grocery store that carried TopCare. Vi-Jon manufactured the Walmart Equate, Walgreens, Rite Aid, and TopCare baby powders that Mrs. Plant used. To make its baby powder, Vi-Jon used talc from Montana, Vermont, and China. Plaintiffs have shown repeated testing finding asbestos in Montana, Vermont, and Chinese talc. The evidence shows that, even if Vi-Jon's products were not designed to contain asbestos, they did so. There is evidence that Mrs. Plant was exposed to asbestos from Vi-Jon products manufactured for and sold by Walmart, Walgreens, Rite Aid, and Topco.

**C.**   **Exposure to asbestos in Vi-Jon products—specifically Walmart Equate, Walgreens, Rite Aid, and Topco TopCare baby powders—was a substantial factor in causing Mrs. Plant's mesothelioma.**

A plaintiff in an asbestos case may defeat summary judgment with evidence of "actionable exposure" to a defendant's asbestos product. *Henderson v. Allied Signal, Inc.,* 373 S.C. 179, 185, 644 S.E.2d 724, 727 (2007). To determine whether exposure is actionable, South Carolina courts apply the "frequency, regularity and proximity" factors set forth in *Lohrmann v. Pittsburgh Corning Corp.,* 782 F.2d 1156 (4th Cir. 1986). *Id.* Therefore, "'[t]o support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" *Id.* (quoting *Lohrmann,* 782 F.2d at 1162).

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

The *Lohrmann* decision described its test as "a *de minimis* rule" in that the plaintiff merely has to "prove more than a casual or minimum contact with the product." *Lohrmann*, 782 F.2d at 1162. Moreover, the disease at issue in *Lohrmann* was asbestosis, not mesothelioma. The court noted that frequency, regularity, and proximity are evaluated with regard to the disease at issue, which in that case turned on "the unusual nature of the asbestosis disease process, which can take years of exposure to produce the disease." 782 F.2d at 1162; *see also Id.* at 1163 ("The 'frequency, regularity and proximity test' used by the district court is an application of [circumstantial evidence principles] in an asbestosis setting.").

Many courts have found that the *Lohrmann* factors should be applied less strictly in mesothelioma cases given the scientific evidence that brief or low-level exposures can cause mesothelioma. *See Bobo v. Tennessee Valley Auth.*, 855 F.3d 1294, 1309 (11th Cir. 2017); *Tragarz v. Keene Corp.*, 980 F.2d 411, 420 (7th Cir. 1992); *Startley v. Welco Mfg. Co.*, 78 N.E.3d 639, 647 (Ill. App. 2017); *Georgia-Pacific Corp. v. Pranksy*, 800 A.2d 722, 725-26 (Md. App. 2002); *Purcell v. Asbestos Corp., Ltd.*, 959 P.2d 89, 94 (Or. App. 1998); *Kurak v. A.P. Green Refractories Co.*, 689 A.2d 757, 765-66 (N.J. App. 1997); *Linster v. Allied Signal*, 21 A.3d 220, 224, 228-29 (Pa. Super. 2011). For example, the Seventh Circuit has explained that the "the frequency and regularity prongs become less cumbersome when dealing with cases involving diseases, like mesothelioma, which can develop after only minor exposures to asbestos fibers." *Tragarz*, 980 F.2d at 420. A New Jersey state court has similarly explained that the "amount of evidence needed to establish the regularity and frequency of exposure will differ from case to case. . . . This case would have been easier had plaintiff been able to testify that he often found himself covered with dust. But that is not a legal requirement, at least where mesothelioma is concerned." *Kurak*, 689 A.2d at 765-66; *see also Purcel*, 959 P.2d at 94 (noting that "the jurisdictions that follow the

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

'frequency, regularity, and proximity' test apply it less rigidly when dealing with mesothelioma, because it can be caused by very minor exposures").

The *Henderson* exposure standard is met here as Plaintiffs' evidence raises a genuine issue of material fact regarding Mrs. Plant's frequent, repeated, and routine exposure to asbestos from the use of asbestos-containing Vi-Jon products—specifically Walmart's Equate, Walgreens, Rite Aid, and Topco's TopCare. Putting on baby powder was dusty. Sometimes Mrs. Plant lay down on a towel to put it on because of the mess, or she would have to sweep up or vacuum up the excess from the floor.

Patrice Johnson frequently shopped at Walmart, and she preferred generic baby powder for the cost savings, so she and her family used Equate baby powder. Mrs. Johnson recalled purchasing four bottles each month—one for each child. Sarah Plant also testified that Equate was one of the brands of baby powder she used, especially after she graduated from high school and started spending her own money.

Patrice Johnson also testified that she shopped at Walgreens and purchased its generic baby powder because she appreciated the cost savings. She sometimes ran into Walgreens when in South Carolina to pick up supplies like sunscreen and baby powder. Sarah Plant also testified that she

Rite Aid near the beach in South Carolina was also a place to pick up supplies like sunscreen and baby powder when they visited each year. Again, Mrs. Johnson liked to buy generic baby powder because of the cost savings, so she would have chosen Rite Aid baby powder.

Mrs. Johnson also testified that she purchased TopCare baby powder from the Food City grocery store. She bought baby powder at Food City four times a year, usually TopCare baby powder.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Plaintiffs have shown that the talcum powder Vi-Jon used to manufacture these products, from mines in China, Vermont, and Montana, contained asbestos. Plaintiffs have also provided evidence of the exposures that result from use of body powder like these.

Consistent with South Carolina law, Dr. Haber considered the frequency, regularity, and proximity of Mrs. Plant's exposure to these asbestos-containing baby powders: "What [he] do[es] as a pulmonologist is look at the frequency, the regularity, the duration, the onset of and use and nature of the exposure.  So [he] look[s] at it from … a qualitative perspective."[137] He did not see other significant asbestos exposures for Mrs. Plant other than her exposure to talcum powder products.

Noting that he had reviewed the test results and literature regarding a number of talc sources, including Montana, Vermont, and China, Dr. Haber testified in response to a hypothetical question that an exposure to these talc sources by using a product that incorporated them for more than a year, given the proper latency period, would be a substantial factor in causing an individual's mesothelioma.[138] Plaintiffs have raised a fact issue concerning causation as to Walmart's Equate, Walgreens, Rite Aid, and Topco's Top Case, all manufactured by Vi-Jon.

**D.**    **South Carolina law applies.**

Walmart alone seeks to apply the law of another state—specifically, the Tennessee Products Liability Act. Importantly, no other defendant has sought the application of another state's law. In fact, there is no reason to perform a choice of law analysis because, by its terms, T.C.A. § 29-28-106, by which Walmart seeks to evade liability, would not apply to Walmart even under Tennessee law. Under the statute, a seller is not protected from suit if "[t]he seller exercised substantial control over that aspect of the design, testing, manufacture, ***packaging or labeling of***

---

[137] **Ex. 117**, Deposition of Steven Haber, at 93:15-20; *see also id.* at 148:5-149:2.
[138] **Ex. 117,** Deposition of Dr. Steven Haber (rough draft), at 218:10-220:2.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

*the product* that caused the alleged harm for which recovery of damages is sought." T.C.A. § 29-28-106(1) (emphasis added). Walmart asserts that there is no evidence it controlled the design, manufacture or testing of the Equate talcum powder, but it ignores the fact that it controlled the packaging and labeling of the product. Equate was a Walmart-branded baby powder. It's packaging and labeling were necessarily chosen by Walmart—not by Vi-Jon, which had no interest in the packaging of Walmart's store-brand products. Vi-Jon has stated in discovery that "Walmart [was] responsible for the branding of [its] own baby and body powder products."[139]

Walmart offers no other information on Tennessee law, and without a demonstration that the laws of the two states are meaningfully different, no choice-of-law analysis is necessary:

> The threshold question in determining the application of choice -of-law rules is whether there is a true conflict, a false conflict, or no conflict. A "true conflict" exists where two or more states have a legitimate interest in a particular set of facts in litigation and the laws of those states differ or would produce a different result. In deciding whether there is a true conflict under a choice-of-law analysis, a court must determine whether there is a conflict between the substance of the laws of each respective potential forum. ***An apparent conflict of laws may be treated as false when the laws of the two states are the same or would produce the same result…***

16 Am. Jur. 2d Conflict of Laws § 4 (emphasis added). "The purpose of the false conflict doctrine is to avoid complicated choice-of-law questions when the answer to those questions would not make a difference." *Id.* In this case, since the statute asserted by Walmart would not produce a different result, only a false conflict has been shown between Tennessee and South Carolina law, and the Court need not perform a choice of law analysis.

### E.     The Door Closing Statute does not bar Plaintiffs' claims.

Defendants Walmart and Topco contend that Plaintiffs' claims against them should be dismissed pursuant to South Carolina's Door Closing Statute. This argument, however, is without

---

[139] **Ex. 5**, Vi-Jon Prefatory Statement, at p. 1, ¶ 3.

merit. The South Carolina Door Closing Statute states that an action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:

(1)     By any resident of this State for any cause of action; or

(2)     By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

S.C. Code Ann. § 15-5-150. In *Murphy v. Owens-Corning Fiberglas Corp.,* 346 S.C. 37, 550 S.E.2d 589 (Ct. App. 2001)*,* the Court of Appeals held: "In applying the Door Closing Statute, the manifestation of injury through diagnosis, while relevant, is not dispositive in every case for the purpose of determining whether a cause of action shall have arisen in South Carolina." *Murphy,* 346 S.C. at 48, 550 S.E.2d at 594–95. On subsequent appeal to the Supreme Court of South Carolina, the Court affirmed *Murphy* and held: "[T]he proper inquiry is whether the foreign corporation's activities that allegedly exposed the victim to the injurious substance, and the exposure itself, occurred within the State. If so, then the legal wrong was committed here." 356 S.C. 592, 598, 590 S.E.2d 479, 482 (2003).

The Door Closing Statute does not mandate dismissal of Plaintiffs' claims against Walmart and Topco. Plaintiff Sarah Plant testified plainly that she used all the same brands in South Carolina that she used in Tennessee.[140] Specifically, the family always had baby powder at the beach in South Carolina because chafing was a problem when they were at the beach.[141] That fact alone is sufficient to defeat dismissal under the Door Closing Statute. Moreover, Sarah Plant lived for four years in South Carolina beginning in 2013.[142] She testified that she used Equate baby powder as an adult because it was less expensive, and she shopped at Walmart.[143] The evidence is

---

[140] **Ex. 1**, Plant Dep., at 103:5-9.
[141] **Ex. 2**, Johnson Dep., at 22:9-14.
[142] **Ex. 1**, Plant Dep., at 52:25-53:5.
[143] *Id.* at 54:12-16, 58:12-16.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

more than sufficient to show some exposure to Defendants' products in South Carolina, making the Door Closing Statute inapplicable.

## F.    **Walmart breached the standard of care.**

Walmart asserts that Plaintiffs cannot show that it breached the standard of care, arguing that its actions must be viewed from the time of sale. Plaintiff Sarah Plant was exposed to Walmart's Equate talcum powder from the 1990s until the 2010s. As shown above, the scientific community had reported the presence of asbestos in talc for almost a hundred years before Mrs. Plant's first exposure to Equate. Corn and rice starch were being used as a substitute for talc 40 years before Mrs. Plant's first exposure to Equate. Talc Colgate, another Defendant in this case, applied for a patent to use ground rice hulls, a natural asbestos-free alternative, in 1983—more than a decade before Sarah Plant was exposed to Equate. Walmart breached its duty of reasonable care to Sarah Plant by exposing her to its asbestos-containing talc product, and the product was unreasonably dangerous at the time it was manufactured and sold.

## G.    **Plaintiffs' strict liability claim is viable.**

Defendants have differing arguments against Plaintiffs' strict liability claim, and all of them fail. For the most part, Defendants argue that they cannot be strictly liable because, they allege, there is no evidence of exposure to an asbestos-containing product attributable to them. Plaintiffs have shown that there is a fact issue on exposure and causation, so this argument fails. Topco also points out that the strict liability statute does not apply if the product entered the stream of commerce prior to July 9, 1974; but Sarah Plant was not born until 1986. There is no reasonable possibility that *any* of the talc products to which she was exposed entered the stream of commerce in 1974. And Rite Aid simply lists that elements and asserts that Plaintiffs cannot satisfy them; thus, Rite Aid does not carry its summary judgment burden. *See*, *infra*, Section III.H. Defendants'

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

motions for summary judgment on Plaintiffs' strict liability claim should be denied.

**H.      Defendants' breach of warranty, fraudulent misrepresentation, and conspiracy arguments are insufficient to obtain summary judgment.**

Defendants Walmart, Rite Aid, Walgreens, and Topco[144] recite the elements of the causes of action and allege that Plaintiff cannot prove any elements of a claim of misrepresentation. This does not satisfy Defendants' summary judgment burden. As the Court of Appeals has stated "[t]he party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact." *Shirley's Iron Works, Inc. v. City of Union*, 387 S.C. 389, 397–98, 693 S.E.2d 1, 5 (Ct. App.), *opinion withdrawn and superseded on other grounds*, 397 S.C. 584, 726 S.E.2d 208 (Ct. App. 2010), *aff'd in part, rev'd in part*, 403 S.C. 560, 743 S.E.2d 778 (2013). Only if movant meets this "initial burden of showing the absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings." *Id.* Defendants have not met their initial summary judgment burden. Consequently, Defendants have not demonstrated that it is entitled to judgment as a matter of law, and Plaintiffs respectfully request the Court deny summary judgment as to their fraudulent misrepresentation and conspiracy claims.

**I.      Plaintiff Parker Plant's loss of consortium claim survives.**

Defendants assert that Parker Plant's loss of consortium claim fails as a matter of law because his wife's claims fail as a matter of law. Because Sarah Plant's claims do not fail, however, Defendants are wrong that the loss of consortium claim is not viable. Summary judgment should be denied on Plaintiffs' loss of consortium claim.

**J.      South Carolina law provides for a post-sale duty to warn.**

---

[144] Topco also asserts that Plaintiffs' fraudulent misrepresentation claim has not been pleaded with sufficient particularity, and that argument is addressed in Plaintiffs' response to Topco's motion to dismiss.

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

Defendant Topco argues that there is no "post-sale duty to warn" in South Carolina. This is incorrect. A manufacturer's or seller's continuing duty to warn has been recognized in prior South Carolina asbestos cases. For example, in 2009 the Honorable Larry R. Patterson instructed the jury that it should consider a defendant's continuing duty to warn in determining negligence:

> Now, a duty to warn arises when a reasonable manufacturer or seller knows or should know of the need for it, as I've explained that to you. It may exist at the time of sale. It may also arise after its manufacture or sale because the duty to warn is a continuous one. Therefore if information is received after the sale of the product by the seller or manufacturer which would put a reasonable person on notice of a duty to warn as I've instructed you, then there is a continuing duty to warn which must be fulfilled in a reasonable manner.
>
> Now, in this case a defendant had a continuance duty to warn when it knew or reasonably could have known through state of the art evidence that a product was or was likely to be unreasonably dangerous to persons working with it, or others working in the vicinity at the time the plaintiff's deceased husband was exposed to a defendant's product. If the duty to warn did not arise until after plaintiff's exposure to any of the defendant's products containing asbestos, then of course a defendant is not liable. If the exposure occurred after -- if the duty to warn arose after the plaintiff stopped working, then they had no liability under this theory of negligence.[145]

Similarly, in *Jolly v. General Electric Co.,* No. 2016-CP-42-1592 (S.C. Com. Pl. 2017), this Court instructed the jury that the manufacturer is only relieved of a post-sale duty to warn if the product was not defective at the time of the original sale.[146] Specifically, "[i]f the product was nondefective under standards existing at the time of manufacture, the manufacturer does not have a post-sale duty to warn."[147]

Topco's argument is based upon an over-generalized reading of *Bragg v. Hi-Ranger*, 319 S.C.531,462S.E.2d 321 (1995). *Bragg* addressed the post-sale duty in the context of design defect. It does not preclude consideration of a post-sale duty in the context of negligence or warning

---

[145] **Ex. 154**, *Lenz v. Allis Chalmers Corp. Prod. Liab. Trust*, No. 08- CP-9194 (S.C. Com. Pl. May 18, 2009), at 1851-52.
[146] **Ex. 155**, *Jolly* Trial Tr., 8/3/17, p. 2143.
[147] *Id.*

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

defect. And it does not preclude the use of post-sale evidence to show, *inter alia*, causation, malice, and adequacy of a warning. *See, e.g., Curcio v. Caterpillar, Inc*. 355 S.C. 316, 585 S.E.2d 272 (S.C. 2003), *rehearing denied* (the adequacy of a warning in a products liability case is generally a jury question). Similarly, the case of *Branham v. Ford Motor Company*, 390 S.C. 203, 227, 701 S.E.2d 5, 17 (2010) limited post-sale evidence only for design defect claims. The Court recognized that a manufacturer may have a duty to warn after the sale if it learns of facts that were reasonably attainable at the time of distribution. *Id*. at 227 n.17. A manufacturer may not "turn a blind eye to reasonably available information regarding the safety or danger of its product." *Id*.

The policy behind the exclusion of post-sale evidence in a design defect case is to "encourage manufacturers to continue to improve their products in terms of utility and safety free from prior design decisions judged through the lens of hindsight." *Branham*, 390 S.C. at 230, 701 S.E.2d at 19. With a failure to warn claim, there is no commensurate concern of stymying product improvement, as the liability is not established by examining whether the product was defective in the past at the time of sale, but rather the liability is based on examining the manufacturer's actions (or inactions) post-sale.  For these reasons, Topco's motion for summary judgment on the post-sale duty to warn should be denied.

Respectfully submitted,
**DEAN OMAR BRANHAM SHIRLEY, LLP**

s/ David C. Humen
David C. Humen (SC Bar No. 104536)
Jordan L. Bollinger (Admitted *Pro Hac Vice*)
302 N. Market Street, Suite 300
Dallas, Texas 75202
dhumen@dobslegal.com
jbollinger@dobslegal.com
Other email: mjojola@dobslegal.com

**KASSEL MCVEY, ATTORNEYS AT LAW**
Theile B. McVey (SC Bar No. 16682)
Jamie D. Rutkoski (SC Bar No. 103270)
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
803-256-4242
803-256-1952 (Facsimile)
tmcvey@kassellaw.com
jrutkoski@kassellaw.com
Other email:  emoultrie@kassellaw.com
**ATTORNEYS FOR PLAINTIFF**

February 4, 2023
Dallas, Texas

ELECTRONICALLY FILED - 2023 Feb 03 9:55 PM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

ELECTRONICALLY FILED - 2023 Feb 03 11:44 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| **KELLY PAYNE CLARK** and **SHANNON PAYNE LANCASTER**, as Co-Executors of the Estate of **SHELBY LINVILLE PAYNE**, Deceased, | ) ) ) ) | **C/A NO. 2022-CP-40-01281** *In Re:* Asbestos Personal Injury Litigation Coordinated Docket |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **3M COMPANY,** et al. | ) | |
| | ) | |
| Defendants. | ) | |

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| | ) | |
| **SARAH J. PLANT** and **PARKER PLANT**, | ) ) | **C/A NO. 2022-CP-40-01265** |
| | ) | *In Re:* |
| Plaintiffs, | ) | Asbestos Personal Injury Litigation |
| | ) | Coordinated Docket |
| v. | ) | |
| | ) | |
| **AVON PRODUCTS, INC.,** et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO CONSOLIDATE TRIALS

### Introduction

Pursuant to South Carolina Rule of Civil Procedure 42, Plaintiffs Kelly Payne Clark and Shannon Payne Lancaster as co-executors of the Estate of Shelby Lynne Payne and Sarah J. Plant and Parker Plant, respectfully request this Court consolidate their respective actions for trial, both of which are currently scheduled to commence on this Court's February 21, 2023 trial docket. Both

ELECTRONICALLY FILED - 2023 Feb 03 11:44 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

cases share a common Defendants, the same disease (mesothelioma), overlapping years of exposure, similar allegations, and defenses, many of the same witnesses and exhibits, and related questions of law.

Courts have recognized consolidating cases "is clearly superior to the alternative of repeating, hundreds of times over, the litigation of the state-of-the-art issues with, days of the same witnesses, exhibits and issues from trial to trial." *Cent. Wesleyan Coll. v. W.R. Grace & Co.,* 143 F.R.D. 628, 631 (D.S.C.1992), aff'd, 6 F.3d 177 (4th Cir. 1993)(quoting U.S. District Judge Robert Parker from *Jenkins v.Raymark Industries, Inc.,* 782 F.2d 468 (5th Cir.1986), *reh'g denied,* 785 F.2d 1034 (5th Cir.1986), which certified a class of more than 800 asbestos injury claims).

Plaintiffs request consolidation of only two cases, and the jury will be more than capable of differentiating between them when differentiation is needed. Both cases arise out of asbestos personal injury claims involving the same disease, common defendants, and share common claims and defenses. Although there are factual differences between the cases, those differences can be presented in a way that is comprehensible to the jury.

The primary question in both cases is whether asbestos attributable to Defendants caused Shelby Payne and Sarah Plant to develop asbestos-induced mesothelioma. They will involve a clash of experts who are, by and large, very well-known to this court and seen time after time in asbestos cases.[1] They will require the same corporate representatives from commons defendants. The same or similar exhibits will be introduced in both cases.

Consolidating the cases will be a step toward judicial economy, giving both plaintiffs and defendants their day in court on a basis that can be accelerated as quickly as possible. Time is particularly

---

[1] Only one expert is wholly new to asbestos litigation. Dr. David Howitt, an "expert" for Mary Kay, who holds the opinions that water containing asbestos fibers exposed the Plaintiffs to asbestos fibers while Mary Kay's dry asbestos containing powder did not, among other "opinions" is the only expert witness to never have testified in asbestos litigation before. Plaintiffs will be filing a motion to exclude Dr. Howitt in short order.

ELECTRONICALLY FILED - 2023 Feb 03 11:44 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001265

of the essence for the Ms. Plant as she is currently alive, but diagnosed with mesothelioma.  For these reasons, as more fully set forth, Plaintiffs respectfully move this court to consolidate these two cases for trial.

## CONCLUSION

This Court is tasked with ensuring asbestos cases are resolved in an efficient and fair manner. Granting this motion would conserve the limited resources of this Court, ensure a just, speedy, and less expensive determination of both matters, and respect the time of South Carolina jurors while at the same time resolving two connected cases before it in a single trial.

WHEREFORE, the Plaintiffs in the above captioned cases request the Court consolidate their cases for trial pursuant to Rules Civ. Proc. 42(A).

Respectfully submitted,

/s/ David C. Humen
David C. Humen (SC Bar No. 104536)
Rachel A. Gross (Admitted *Pro Hac Vice*)
Jordan L. Bollinger (Admitted *Pro Hac Vice*)
**Dean Omar Branham Shirley, LLP**
302 N. Market Street, Suite 302
Dallas, TX 75202
rgross@dobslegal.com
jbollinger@dobslegal.com
dhumen@dobslegal.com
Other email: tgilliland@dobslegal.com
                mjojola@dobslegal.com

Theile B. McVey (SC Bar No. 16682)
**KASSEL MCVEY ATTORNEYS AT LAW**
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
tmcvey@kassellaw.com
Other email:  emoultrie@kassellaw.com
**ATTORNEYS FOR PLAINTIFFS**

February 3, 2023
Dallas, Texas.